UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

MDL No. 15-2599
Master File No. 15-02599-CIV-Moreno
S.D. Fla. Case No. _____

IN RE:

**TAKATA AIRBAG PRODUCTS
LIABILITY LITIGATION,**
_____

THIS DOCUMENT RELATES TO ALL
CASES
_____/

## ORDER REGARDING REPRESENTATION AND ORGANIZATION

The Court conducted a hearing on Friday, February 20, 2015 to discuss with invited counsel the many cases assigned by the Multidistrict Panel that have been filed in numerous federal districts, including the Southern District of Florida. The complaints allege that automobile airbags were manufactured defectively, causing some plaintiffs physical injury and resulting in economic damages to many other plaintiffs who have not been physically injured. Therefore, the Court will establish two tracks of cases. The first track will be composed of those complaints involving physical injury. The second track will be limited to those complaints alleging economic damages without personal injury.

Discovery related to the product in question will be consolidated on both tracks. However, the discovery on the individual personal injury cases may proceed separately. Because under *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), this Court has the authority to try all of the cases filed in the Southern District of Florida, they will be set for trial before a jury expeditiously. Other personal injury cases filed in other districts will be promptly transferred back to the original districts after the Court disposes of all pretrial motions.

The trials of these cases in the Southern District of Florida may serve as bellwether trials for other personal injury cases.

A Case Management Order will be entered within 30 days for both tracks. The objectives of the Order will be to eliminate duplicative discovery, avoid conflicts of schedule, and reduce litigation costs. The Court will consider the appointment of a Special Master to resolve discovery disputes and establish deposition guidelines.

At the status hearing, counsel for some of the plaintiffs made suggestions to the Court about the process of selecting lead counsel, including the number and criteria for selection. The Court will not delegate the task of selecting lead counsel, but instead will insist on a competitive process and require individual application. Accordingly, the Court will accept direct nominations from those attorneys who seek to be appointed lead counsel by March 6, 2015. Counsel who wish to be appointed lead counsel may file a request for such appointment directly to this Court. That request must state the reasons why counsel feels capable of being lead counsel and which of the two tracks he is representing. The application should include a description of counsel's legal experience and financial resources to undertake the representation. The request is to be filed no later than March 6, 2015, and shall include a one page letter, a resume no longer than two pages, and may include an attachment indicating the names of other counsel in transferred cases who join the applicant's request to be appointed as lead counsel.

The Court recognizes the efficiency of appointing a small number of lead counsel. However, due to the financial requirements in undertaking this representation, and the goal of achieving some geographic diversity among lead counsel, the Court may appoint five lead counsel and two liaison counsel. One of the five lead counsel will be tasked with matters related to the personal injury cases. Liaison counsel will have, among other duties, the duty of reporting

on the status of the related state cases that cannot be transferred to this Court.  The other liaison counsel shall be the communicator with any federal government agency in charge of regulatory automobile motor safety, including, but not limited to, the National Highway Traffic Safety Administration.

The Court, in a separate order, shall state the specific duties of lead counsel, which will include the appointment of members of a Plaintiffs Steering Committee.  The Court will review the membership of the Plaintiffs Steering Committee proposed by local counsel and decide whether it will approve that list.

The Court encourages all defendants to form their own Defense Leadership Team to designate a certain number of attorneys to appear in court on short notice when required and to communicate with plaintiffs' lead counsel.  Defendants shall submit the names and contact information of those attorneys by March 23, 2015

DONE AND ORDERED in Chambers at Miami, Florida, this 24 day of February, 2015February, 2015.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record