UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| IN RE: TAKATA AIRBAG PRODUCTS LIABILITY LITIGATION ) ) ) ) THIS DOCUMENT RELATES TO ALL ACTIONS ) ) | MDL No. 15-2599<br><br>Master File No. 15-2599-MD-MORENO |

**FCA US LLC'S OBJECTION TO
APPOINTMENT OF PAUL C. HUCK, JR. AS SPECIAL MEDIATOR**

FCA US LLC respectfully objects to the appointment of Paul C. Huck, Jr. as Special Mediator on the grounds that a conflict exists in Mr. Huck's service in such a role. By way of background, and as the basis for its objection, FCA US states as follows:

1. On March 31, 2015, this Court entered its "Order Appointing Mediator" naming Paul C. Huck, Jr. of the Jones Day law firm as Special Mediator to direct and facilitate settlement negotiations and mediation efforts in this matter. *See* Docket No. 470 ("Order"). Under this Court's Order, the Special Mediator is vested with authority to "direct and facilitate" settlement negotiations, to schedule mediation sessions and inter-party communications, and to compel attendance of counsel and parties as necessary to the settlement process.

2. FCA US does not dispute Mr. Huck's qualifications or abilities to competently and skillfully handle the Special Mediator appointment. However, Mr. Huck is a member of the law firm of Jones Day, which has represented, and continues to represent, Old Carco LLC, k/n/a Old Carco Liquidation Trust ("Old Carco"), an entity that is presently in the midst of bankruptcy proceedings. And, there is a direct conflict of interest between Old Carco and FCA US with respect to the claims at issue in this case.

3.      Specifically, in Old Carco's bankruptcy proceedings, FCA US purchased certain assets of Old Carco pursuant to the terms of a Sale Order entered by the bankruptcy court. *See In re Old Carco LLC (f/k/a Chrysler LLC)*, Case No. 09-50002, Docket No. 3232 ("Sale Order").[1] Except for certain expressly assumed liabilities (none of which apply here),[2] the Sale Order enjoins claims against FCA US for liabilities arising out of Old Carco's manufacture and sale of motor vehicles.

4.      The claims pleaded against FCA US in this litigation are based entirely on motor vehicles manufactured and sold by Old Carco. FCA US will defend itself by, *inter alia*, asserting that the claims made against it are barred by the bankruptcy court's Sale Order, and that, accordingly, the liability for these claims lies solely with Old Carco, a client of the Jones Day firm.

5.      Conflicts arising out of a law firm's representation of a client are imputed to each individual attorney in that firm. *See, e.g., U.S. v. Campbell*, 491 F.3d 1306, 1311 (11th Cir. 2007) ("[I]f one attorney in a firm has an actual conflict of interest, we impute that conflict to all the attorneys in the firm, subjecting the entire firm to disqualification" (citations omitted)). And, a lawyer acting as a mediator is subject to the rules governing conflicts of interest. *See, e.g.,*

---

[1] The Sale Order was formally titled: "Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith and Related Procedures and (III) Granting Related Relief."

[2] FCA US assumed only three civil liabilities arising out of vehicles manufactured by Old Carco: (1) "Lemon Law" claims defined to include express warranty claims and Magnuson-Moss express warranty claims for vehicles manufactured in the 5 years prior to the closing date of the asset purchase (*i.e.,* in the 5 years prior to June 10, 2009); (2) repairs under warranty; and (3) claims based on post-sale accidents resulting in personal injury. *See generally*, Sale Order, and documents incorporated therein.

Rule 10.340, Fla. Rules for Certified and Court-Appointed Mediators Rule[3] (indicating that "[a] mediator shall not mediate a matter that presents a clear … conflict of interest" and that such a conflict exists "when any relationship between the mediator and the mediation participants … appears to compromise the mediator's impartiality"); *see also* ABA Model Standards of Conduct for Mediators, §II.B ("A mediator shall conduct a mediation in an impartial manner and avoid conduct that gives the appearance of partiality.").

6. The appearance of partiality would arise if Mr. Huck were to consult on and coordinate potential resolutions through settlement where one of the party's primary defenses is that a client of Mr. Huck's law firm is the entity actually liable for the claims made against it.

7. Accordingly, FCA US respectfully (and regretfully) objects to the appointment of Mr. Huck as Special Mediator.

WHEREFORE, for the reasons set forth herein, FCA US LLC requests that this Court reconsider its Order Appointing Mediator, entered on March 31, 2015, and withdraw its appointment of Paul C. Huck, Jr. as Special Mediator.

---

[3] This District and other district courts within this state have looked to Florida's Rules for Certified and Court-Appointed Mediators ("Rules") for guidance. *See, e.g., Rodriguez v. Hiday & Ricke, P.A.*, 2015 WL 1470513, No. 14–CV–61509, at *3 (S.D. Fla. Mar. 31, 2015) (referring to a state court decision applying the Rules in the determination of misconduct and grounds for setting aside a mediated settlement); *Devoux v. Wise*, 2014 WL 1457520, No. 3:12–cv–540–J–34JBT, at *7 (M.D. Fla. Apr. 14, 2014) (same); *Menaged v. City of Jacksonville Beach, Fla.*, 2013 WL 461999, No. 3:11–cv–586–J–12JBT, at *2 (M.D. Fla. Jan. 14, 2013) (same).

Dated:  April 10, 2015                    Respectfully submitted,

/s/ Armando G. Hernandez
SCOTT M. SARASON
Florida Bar No. 0394718
Email: ssarason@rumberger.com (primary)
Email: docketingmiami@rumberger.com and
ssarasonsecy@rumberger.com (secondary)
ARMANDO G. HERNANDEZ
Florida Bar No. 85042
Email: ahernandez@rumberger.com (primary)
Email: docketingmiami@rumberger.com and
ahernandezsecy@rumberger.com (secondary)
RUMBERGER, KIRK & CALDWELL, P.A.
Brickell Bayview Centre, Suite 3000
80 S.W. 8th Street (33130-3037)
Miami, Florida  33101
Telephone:  (305) 358-5577
Telecopier:  (305) 371-7580

JOHN W. ROGERS
(*pro hac vice pending*)
jrogers@thompsoncoburn.com
THOMPSON COBURN LLP
One U.S. Bank Plaza
St. Louis, Missouri 63101
Tel: (314) 552.6000
Fax: (314) 552.7000

*Attorneys for Defendant FCA US LLC (formerly known as Chrysler Group LLC)*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 10, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify the foregoing document is being served this day on all counsel of record in this case via transmission of Notice of Electronic Filing generated by CM/ECF.

/s/ *Armando G. Hernandez*
Armando G. Hernandez