**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

MDL No. 2599
Master File No. 15-2599-MD-MORENO

IN RE: TAKATA AIRBAG PRODUCTS
LIABILITY LITIGATION

THIS DOCUMENT RELATES TO
ECONOMIC DAMAGES TRACK CASES

**AUTOMOTIVE DEFENDANTS' MOTION TO DISMISS**
**AUTOMOTIVE RECYCLERS ASSOCIATION'S CLAIMS**
**AND INCORPORATED MEMORANDUM OF LAW**

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ii

PRELIMINARY STATEMENT ........................................................................................ 1

ALLEGATIONS OF THE COMPLAINT........................................................................ 2

PLEADING STANDARDS................................................................................................ 3

ARGUMENT ...................................................................................................................... 4

I.    **ARA Fails To State a Claim for Fraudulent Misrepresentation and Fraudulent Concealment**........................................................................... 4

      A.    In Lumping the Automotive Defendants Together, ARA's Claim Fails To Satisfy Rule 8 ......................................................................... 5

      B.    ARA Has Not Pled Any Specific Misrepresentations or Omissions .................... 6

      C.    ARA Has Not Pled that the Assignors Relied on any Alleged Misrepresentation or Omission .................................................................. 7

      D.    ARA Has Not Adequately Alleged an Injury Caused by Each Automotive Defendant ............................................................................. 9

II.   **ARA Fails To State a Claim Under FDUTPA** ........................................... 9

      A.    ARA Has Not Pled with Particularity Any Allegedly Deceptive Acts................ 10

      B.    ARA Has Not Adequately Pled Causation and Damages.................................... 11

III.  **ARA Should Not Be Permitted To Invoke the State Deceptive Trade Practices Statutes of Other States** .............................................................. 11

      A.    There Is No Basis To Apply the Laws of the Listed States ................................. 13

      B.    Rule 9(b) Requires Dismissal for Failure To Plead with Particularity ................ 14

IV.   **ARA's Claims Should Be Dismissed with Prejudice** ............................... 15

V.    **ARA's Claims Should Also Be Dismissed Because ARA Has Not Adequately Alleged a Basis for Standing** .................................................. 16

CONCLUSION.................................................................................................................. 17

i

**<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**CASES**

*Am. Dental Ass'n* v. *Cigna Corp.*,
  605 F.3d 1283 (11th Cir. 2010) ...................................................................4, 6, 7, 9

*Aprigliano* v. *Am. Honda Motor Co.*,
  979 F. Supp. 2d 1331 (S.D. Fla. 2013) ........................................................................7

*Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) ...........................................................9, 11

*Begualg Inv. Mgmt. Inc.* v. *Four Seasons Hotel Ltd.*,
  No. 10-22153-CIV, 2011 WL 4434891 (S.D. Fla. Sept. 23, 2011)......................................9, 10

*Bell Atl. Corp.* v. *Twombly*,
  550 U.S. 544 (2007)...................................................................................3, 6, 7, 12

*Blair* v. *Wachovia Mortgage Corp.*,
  No. 5:11-CV-566-OC-37, 2012 WL 868878 (M.D. Fla. Mar. 14, 2012) .............................10

*Brooks* v. *Blue Cross & Blue Shield of Fla., Inc.*,
  116 F.3d 1364 (11th Cir. 1997) ...................................................................4, 6, 10

*Bruce* v. *Teleflora, LLC*,
  No. 2:13-CV-3279, 2013 WL 5310623 (C.D. Cal. Sept. 19, 2013) .......................................13

*Bruhl* v. *PricewaterhouseCoopers Int'l*,
  No. 03-23044-CIV, 2007 WL 997362 (S.D. Fla. Mar. 27, 2007) ...................................4, 6, 7

*Cannon Technologies, Inc.* v. *Sensus Metering Sys., Inc.*,
  734 F. Supp. 2d 753 (D. Minn. 2010)...................................................................13

*Clear Marine Ventures, Ltd.* v. *Brunswick Corp.*,
  No. 08-22418-CIV, 2010 WL 528477 (S.D. Fla. Feb. 11, 2010)..............................................9

*Coe* v. *Philips Oral Healthcare, Inc.*,
  No. C13–518, 2014 WL 722501 (W.D. Wash. Feb. 24, 2014) .............................................15

*In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*,
  943 F. Supp. 2d 1035 (C.D. Cal. 2013) ...................................................................17

*In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*,
  No. 2:11-ML-02265-MRP, 2014 WL 3529677 (C.D. Cal. July 14, 2014) ...........................17

*Crichton* v. *Golden Rule Ins. Co.*,
  576 F.3d 392 (7th Cir. 2009) ...................................................................14

*Dapeer* v. *Neutrogena Corp.*,
  No. 14-22113-CIV, 2015 WL 1395253 (S.D. Fla. Mar. 25, 2015) ........................................16

*E. Point Sys., Inc.* v. *Maxim*,
  No. 3:13-CV-00215, 2014 WL 523632 (D. Conn. Feb. 7, 2014)............................................14

*E-Shops Corp.* v. *U.S. Bank Nat. Ass'n*,
  678 F.3d 659 (8th Cir. 2012) ................................................................................................15

*Echols* v. *RJ Reynolds Tobacco Co.*,
  No. 2:13-CV-14215, 2014 WL 5305633 (S.D. Fla. Oct. 15, 2014) ........................................8

*Fellner* v. *Cameron*,
  No. 2:10-CV-155-FTM-99, 2012 WL 5387696 (M.D. Fla. Oct. 5, 2012),
  *report and recommendation adopted*, 2012 WL 5387981
  (M.D. Fla. Nov. 2, 2012) ......................................................................................................14

*In re Florida Cement & Concrete Antitrust Litig.*,
  746 F. Supp. 2d 1291 (S.D. Fla. 2010) ..............................................................................9, 11

*Fortaleza* v. *PNC Fin. Servs. Grp., Inc.*,
  642 F. Supp. 2d 1012 (N.D. Cal. 2009) ..................................................................................5

*Greenberg* v. *Miami Children's Hospital Research Institute, Inc.*,
  264 F. Supp. 2d 1064 (S.D. Fla. 2003) ......................................................................4, 5, 7, 15

*Griffin* v. *Dugger*,
  823 F.2d 1476 (11th Cir. 1987) ............................................................................................16

*Grills* v. *Philip Morris USA, Inc.*,
  645 F. Supp. 2d 1107 (M.D. Fla. 2009)......................................................................6, 7, 8, 15

*Grismore* v. *Capital One F.S.B.*,
  No. CV 05–2460, 2007 WL 841513 (D. Ariz. Mar. 16, 2007)..............................................14

*Hackel* v. *Nat'l Feeds, Inc.*,
  986 F. Supp. 2d 963 (W.D. Wis. 2013) ................................................................................15

*Harnish* v. *Widener Univ. Sch. of Law*,
  931 F. Supp. 2d 641 (D.N.J. 2013) ......................................................................................15

*Haskin* v. *R.J. Reynolds Tobacco Co.*,
  995 F. Supp. 1437 (M.D. Fla. 1998)..................................................................................7, 8

*Juarez* v. *Select Portfolio Servicing, Inc.*,
  708 F.3d 269 (1st Cir. 2013)................................................................................................15

*Kia Motors Am. Corp.* v. *Butler*,
    985 So. 2d 1133 (Fla. Dist. Ct. App. 2008) ...........................................................................11

*Llado-Carreno* v. *Guidant Corp.*,
    No. 09-20971-CIV, 2011 WL 705403 (S.D. Fla. Feb. 22, 2011) ...........................................10

*Lydia Sec. Monitoring, Inc.* v. *Alarm One, Inc.*,
    No. 07-80145 CIV, 2007 WL 2446889 (S.D. Fla. Aug. 23, 2007) .........................................11

*Martinez* v. *Bank of Am. Corp.*,
    No. 14-21467-CIV, 2014 WL 2735668 (S.D. Fla. June 16, 2014)..............................4, 7, 10

*Medina* v. *Bauer*,
    No. 02 CIV. 8837, 2004 WL 136636 (S.D.N.Y. Jan. 27, 2004)...............................................6

*Mouzon* v. *Radiancy, Inc.*,
    No. CV 14-722, 2015 WL 1423834 (D.D.C. Mar. 30, 2015)...............................12, 13, 14, 15

*N. Am. Clearing, Inc.* v. *Brokerage Computer Sys., Inc.*,
    No. 607-CV-1503, 2009 WL 1513389 (M.D. Fla. May 27, 2009).........................................10

*Nova Info. Sys. Inc.* v. *Greenwich Ins. Co.*,
    365 F.3d 996 (11th Cir. 2004) ..............................................................................................13

*Patel* v. *Holiday Hospitality Franchising Inc.*,
    172 F. Supp. 2d 821 (N.D. Tex. 2001) ...................................................................................15

*Patrick* v. *E. Specialty Fin., Inc.*,
    Civ. No. 13-1770, 2015 WL 834141 (D. Del. Feb. 24, 2015) ...............................................14

*Perret* v. *Wyndham Vacation Resorts, Inc.*,
    889 F. Supp. 2d 1333 (S.D. Fla. 2012) .............................................................................10, 15

*Peter Kiewet Sons', Inc.* v. *Wall St. Equity Grp., Inc.*,
    No. 8:10–CV–365, 2014 WL 4843674 (D. Neb. Sept. 29, 2014) ..........................................14

*PPG Indus., Inc.* v. *JMB/Houston Centers Partners Ltd. P'ship*,
    146 S.W.3d 79 (Tex. 2004).............................................................................................13, 17

*Precourt* v. *Fairbank Reconstr. Corp.*,
    856 F. Supp. 2d 327 (D.N.H. 2012).......................................................................................14

*Speier-Roche* v. *Volkswagen Grp. of Am. Inc.*,
    No. 14-20107-CIV, 2014 WL 1745050 (S.D. Fla. Apr. 30, 2014).......................................3, 6

*Thompson* v. *Jiffy Lube Int'l, Inc.*,
    505 F. Supp. 2d 907 (D. Kan. 2007)......................................................................................14

*Vallejo* v. *Amgen, Inc.*,
    No. 8:14CV50, 2014 WL 4922901 (D. Neb. Sept. 29, 2014) .................................................13

*Weber* v. *Sanborn*,
    502 F. Supp. 2d 197 (D. Mass. 2007) ......................................................................................14

*Yazdianpour* v. *Safeblood Technologies, Inc.*,
    779 F.3d 530 (8th Cir. 2015) ...................................................................................................12

## OTHER AUTHORITIES

Fed. R. Civ. P. 8 ...........................................................................................................1, 4, 5, 10, 11

Fed. R. Civ. P. 9(b) ......................................................................................................... *passim*

Fed. R. Civ. P. 12(b)(1)..........................................................................................................16, 17

Fed. R. Civ. P. 12(b)(6)...................................................................................................................3

## PRELIMINARY STATEMENT

The three claims brought by Plaintiff Automotive Recyclers Association should be dismissed for failing to allege any specific facts about any specific conduct by any specific defendants.

Counts 104 to 106 of the Second Amended Consolidated Class Action Complaint are brought by ARA against the Automotive Defendants[1] allegedly on the basis of an assignment from three Florida automotive recyclers and putatively on behalf of one or more classes of automotive recyclers. All three rest on the same theory: that the Automotive Defendants tricked the automotive recyclers into overpaying for salvage vehicles containing undeployed airbags that they had planned to resell, but now cannot. On that premise, ARA asserts claims for fraudulent misrepresentation and concealment (Count 104), a violation of FDUTPA (Count 106), and a violation of the combined state deceptive trade practice statutes of 28 states (Count 105). As all three claims sound in fraud, all three claims must explain the "who, what, when, where, and how" of that alleged fraud.

ARA's allegations fall far short of the standard. Indeed, ARA's claims are so devoid of content – failing even to identify a single salvage vehicle actually purchased by one of three Florida-based salvage yards who assigned their claims to ARA – that they cannot satisfy Rule 8's notice pleading standard, much less the heightened pleading standard of Rule 9(b). Aside from the names of the three Florida assignors, we know nothing about them – not what vehicles they purchased, when they purchased them, why they purchased them, what specific representations or omissions they relied on in making those decisions, or the harm they have allegedly suffered as a result. Significantly, ARA's claims fail entirely to differentiate between any of the Automotive Defendants, even though fraud cannot be alleged collectively, but must instead be pled with specificity as to each defendant, separately. Because ARA's claims thus fail to inform the Automotive Defendants of the nature of the fraud that each is alleged to have committed, they should be dismissed for failure to satisfy Rule 9(b).

---

[1] The moving Automotive Defendants are Defendants American Honda Motor Co., Inc., BMW of North America, LLC, Ford Motor Company, Mazda Motor of America, Inc., Nissan North America, Inc., Subaru of America, Inc., Toyota Motor Sales, U.S.A., Inc. and Toyota Motor Engineering & Manufacturing North America, Inc.

ARA's failure to provide any details regarding its alleged claims provides a second basis to dismiss ARA's claims:  that ARA has not adequately alleged a basis for standing. ARA itself purchased no cars, and it has not alleged that the Florida assignors purchased any particular cars.  Nor has ARA alleged the details of the alleged assignment of claims that provides the basis for its status as a plaintiff.  Without these details, this Court cannot assess whether ARA has met its burden to demonstrate that it has standing to sue each of the Automotive Defendants.

Finally, with respect to ARA's omnibus Count 105 – which attempts to assert the laws of 28 states as a single count – ARA provides no basis for a single plaintiff proceeding on an assignment of claims from three Florida companies to seek relief under the laws of other states.  California, for example, has no interest in regulating the purchase of salvage vehicles by Florida recyclers in Florida, and, in the absence of any further allegations establishing a basis to apply the laws of California and the other enumerated states, this count should be dismissed.

In sum, ARA's claims against the Automotive Defendants should be dismissed.

## <u>ALLEGATIONS OF THE COMPLAINT</u>

Plaintiff Automotive Dismantlers and Recyclers Association, Inc. d/b/a Automotive Recyclers Association, or "ARA," is "an international trade association of businesses dedicated to the efficient removal and reuse of automotive parts, and the safe disposal of inoperable motor vehicles."  (Second Amended Consolidated Class Action Complaint ("SAC") at ¶ 189.)[2]  Based in Virginia and incorporated in New York (*id.*), ARA itself owns no cars, and has made no purchases that are at issue in this lawsuit.  Instead, "ARA proceeds with this litigation pursuant to an assignment of claims by Rigsby's Auto Parts & Sales, Inc., M&K Used Auto Parts, Inc., and Quarno's Auto Salvage (collectively the 'Assignors')."  (SAC ¶ 190.) Each of the Assignors are alleged to have "purchased Recalled Vehicles, as defined below, which contained Takata airbags, prior to the recalls set forth herein." (*Id.* at ¶¶ 191-93.)  ARA alleges that with respect to each of the Assignors, had it "known of the Inflator Defect, it would not have purchased the Recalled Vehicles or it would not have paid as much for them as it did." (*Id.*)  There are no other allegations regarding which cars in particular the Assignors purchased;

---

[2]   The allegations of the complaint are accepted as true solely for purposes of this motion to dismiss.

what they paid for those cars; the condition of the cars or their airbags at the time of purchase; the information they relied on in purchasing those cars; their efforts to sell recycled parts taken from those cars; or any other details of their alleged injuries.  ARA asserts three claims:

- Count 104, "Fraudulent Misrepresentation & Fraudulent Concealment" (SAC ¶¶ 1900-10);

- Count 105, "Violations of State Deceptive Trade Practices Statutes" (SAC ¶¶ 1911-17); and

- Count 106, "Violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, et seq." (SAC ¶¶ 1918-30).

Although ARA is the sole plaintiff on these claims, it purports to bring these claims on behalf of three putative classes: a nationwide class of all automotive recyclers, a "State Deceptive Trade Practices Statute" class of automotive recyclers in enumerated states, and a Florida class of automotive recyclers in this state.

Though ARA alleges that the Assignors purchased "Recalled Vehicles," elsewhere listed as "Class Vehicles" (SAC ¶ 334), defined as "all vehicles purchased or leased in the United States that have Defective Airbags" (SAC ¶ 196), ARA does not identify a single specific automobile purchased by one of the Assignors.  ARA's claims are nevertheless brought against all eight "Vehicle Manufacturer Defendants," a term that ARA defines to include all defendants other than Takata. (SAC ¶ 3), including the moving Automotive Defendants.

## PLEADING STANDARDS

The pleading standards applicable to this motion to dismiss are familiar:  Under Rule 12(b)(6), ARA's claims should be dismissed if, accepting the allegations in the complaint as true for purposes of this motion and viewing them in a light most favorable to ARA, ARA fails to state a claim.  *See* Fed. R. Civ. P. 12(b)(6); *Speier-Roche* v. *Volkswagen Grp. of Am. Inc.*, No. 14-20107-CIV, 2014 WL 1745050, at *1 (S.D. Fla. Apr. 30, 2014).  Legal conclusions do not suffice, nor do "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action.'"  *Speier-Roche*, 2014 WL 1745050, at *1 (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007)).

In addition, fraud-based allegations "must comply not only with the plausibility criteria articulated in *Twombly* and *Iqbal* but also with Fed. R. Civ. P. 9(b)'s heightened pleading standard, which requires that '[i]n alleging fraud or mistake, a party must state with particularity

the circumstances constituting fraud or mistake.'" *Am. Dental Ass'n* v. *Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010).  The Eleventh Circuit has explained that this requires that plaintiff allege: "'(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiff[]; and (4) what the defendants gained by the alleged fraud.'" *Id.* (quoting *Brooks* v. *Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997)).  Or, in other words, a plaintiff must include "the 'who, what, when, where, and how' of the alleged fraud." *Greenberg* v. *Miami Children's Hospital Research Institute, Inc.*, 264 F. Supp. 2d 1064, 1073 (S.D. Fla. 2003).

   Where, as here, the plaintiff names multiple defendants, specificity is required as to <u>each</u> defendant's alleged conduct, as "'Rule 9(b) does not allow a complaint to merely "lump" multiple defendants together.'" *Martinez* v. *Bank of Am. Corp.*, No. 14-21467-CIV, 2014 WL 2735668, at *5 (S.D. Fla. June 16, 2014) (quoting *Bruhl* v. *PricewaterhouseCoopers Int'l*, No. 03-23044-CIV, 2007 WL 997362, at *3 (S.D. Fla. Mar. 27, 2007)).  Instead, "the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Brooks*, 116 F.3d at 1381 (quotation marks omitted).  "The purpose of the particularity rule is to alert defendants to their precise misconduct and protect them against baseless charges of fraudulent behavior." *Martinez*, 2014 WL 2735668, at *5.  Indeed, such "lumping" together of defendants fails to satisfy even Rule 8, which requires, "at a minimum, that a complaint give <u>each</u> defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Bruhl*, 2007 WL 997362, at *4 n.3 (emphasis added).

## <u>ARGUMENT</u>

### I.

### ARA Fails To State a Claim for Fraudulent<br><u>Misrepresentation and Fraudulent Concealment</u>

   ARA's first claim, for "fraudulent misrepresentation and fraudulent concealment" (Count 104) should be dismissed, as ARA does not adequately allege a claim for fraud, whether founded on alleged misrepresentation or an omission.

   To state a cause of action for fraudulent misrepresentation or concealment, a plaintiff must allege:

> (1) a misrepresentation of material fact or suppression of the truth;
> (2) [a] knowledge of the representor of the misrepresentation, or
> [b] representations made by the representor without knowledge as
> to either the truth or falsity, or [c] representations made under
> circumstances in which the representor ought to have known, if he
> did not know, of the falsity thereof; (3) an intention that the
> representor induce another to act on it; and (4) resulting injury to
> the party acting in justifiable reliance on the representation.

*Greenberg*, 264 F. Supp. 2d at 1073.[3]  And, because the claim is for fraud, the heightened standards of Rule 9(b) apply.  *See Greenberg*, 264 F. Supp. 2d at 1073.

ARA's pleading – devoid of the "who, what, when, where, and how" of an alleged fraud committed against the Assignors – falls far short.

**A.    In Lumping the Automotive Defendants Together, ARA's
Claim Fails To Satisfy Rule 8**

As an initial matter, even before the application of Rule 9(b)'s heightened pleading standard, ARA's fraud claim fails under Rule 8 and *Iqbal/Twombly*.  ARA is proceeding in this case on an alleged assignment of claims by three Florida automotive recyclers: Rigsby's Auto Parts & Sales, Inc., M&K Used Auto Parts, Inc., and Quarno's Auto Salvage.  (SAC ¶ 190.)  Yet the complaint identifies not a single specific automobile purchased by one of the Assignors, pleading only that each of the Assignors "purchased Recalled Vehicles."  (SAC ¶¶ 191-93.)  "This is an impermissible attempt to sweep multiple defendants into the lawsuit without making specific allegations as to any."  *Fortaleza* v. *PNC Fin. Servs. Grp., Inc.*, 642 F. Supp. 2d 1012, 1019-20 (N.D. Cal. 2009).  And by "lumping all the defendants together and failing to distinguish their conduct," ARA fails "to give adequate notice to defendants of what

---

3    ARA alleges that "the law across all states and territories is uniform and does not contain any true conflicts" with respect to its claim for fraudulent concealment, or, "[i]n the alternative," that "the law of each Defendant's home (headquarters) state may be applied nationwide to Plaintiffs' claims for . . . fraudulent concealment."  (SAC ¶ 340.)  While the Automotive Defendants do not agree that the law of fraudulent concealment is uniform across all states, nor that the choice-of-law analysis would point to each defendant's home state, they agree that the law of fraudulent concealment is uniform in requiring, under Rule 9(b), a degree of particularity that is lacking in ARA's claims.  Accordingly, because ARA's claims can be dismissed without a choice-of-law analysis, the Automotive Defendants rely in this motion primarily on the law of this District, for convenience.

they did wrong."  *Bruhl*, 2007 WL 997362, at *4 n.3 (discussing *Medina* v. *Bauer*, No. 02 CIV. 8837, 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004)); *see also Twombly*, 550 U.S. at 555.

**B.      ARA Has Not Pled Any Specific Misrepresentations or Omissions**

ARA's vague allegations also fail to make out the most basic element of its claim for fraud – an allegedly fraudulent statement by a defendant.  Under Rule 9(b), ARA was required to identify "the precise statements, documents, or misrepresentations made" by <u>each</u> defendant, and "the time, place, and person responsible for the statement."  *Am. Dental Ass'n*, 605 F.3d at 1291 (quotation marks omitted).  Yet in the 438 pages and 1,930 paragraphs that comprise the SAC, ARA points to not a single statement alleged to have been made to (or viewed or heard by) the Assignors that could thus serve as the predicate for a fraud claim. Instead, ARA relies on vague advertisements such as those referring generically to safety features (*see, e.g.*, SAC ¶ 310(d)) that are not alleged to have been viewed by the Assignors, not tied to specific vehicles, much less specific salvage vehicles ready to be sold for parts, nor even alleged to be false.  Other statements identified in the complaint date to "2015," and thus may post-date the alleged purchases by the Assignors on which ARA's claims are based, in which case they would "lack the requisite causation to be relevant." *Grills* v. *Philip Morris USA, Inc.*, 645 F. Supp. 2d 1107, 1124 (M.D. Fla. 2009).  As a result, ARA's claim necessarily fails, for "[i]f the specific misrepresentations do not exist, it follows that the complaint has not alleged a right to relief that is 'plausible on its face.'" *Am. Dental Ass'n*, 605 F.3d at 1292 (quoting *Twombly*, 550 U.S. at 570).

The analysis does not change because ARA purports to bring its claim based in part on allegedly fraudulent omissions.  "In this Circuit, allegations of fraud by omission must set forth, with particularity," among other things, "'precisely . . . what omissions were made.'" *Speier-Roche*, 2014 WL 1745050, at *6 (quoting *Brooks*, 116 F.3d at 1371); *see also, e.g.*, *Grills*, 645 F. Supp. 2d at 1121.  And just as ARA has identified no allegedly false misrepresentations, so, too, has ARA failed to meet its burden to identify with specificity the allegedly fraudulent omissions.  At best, the complaint contains a number of broad allegations regarding what the Automotive Defendants did or did not do, but that cannot suffice, as "Rule 9(b) does not allow a complaint to merely 'lump' multiple defendants together." *Bruhl*, 2007 WL 997362, at *3.  Such allegations amount to nothing more than impermissible "boundless, amorphous general allegations of 'fraud,'" which do "nothing to apprise the respective defendants of which

6

allegations might not apply to them," and do not "provide each defendant with the notice required by Rule 9(b)."  *Haskin* v. *R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439-40 (M.D. Fla. 1998); *see also Grills*, 645 F. Supp. 2d at 1124 (finding insufficient plaintiff's "general statements regarding actions by the 'Cigarette Companies'").

Moreover, any such allegations would in any event still be insufficient, as "[a]llegations of fraudulent concealment by silence must be accompanied by allegations of a special relationship that gives rise to a duty to speak."  *Greenberg*, 264 F. Supp. 2d at 1073.  The complaint's bare and general assertion – that "Defendants had a duty to disclose" (SAC ¶ 1904) – is precisely the type of legal conclusion that is entitled to no deference under *Twombly*, 550 U.S. at 555, particularly as a manufacturer has "no duty to warn a purchaser" of the potential for an economic loss of the type that ARA alleges.  *Aprigliano* v. *Am. Honda Motor Co.*, 979 F. Supp. 2d 1331, 1339 (S.D. Fla. 2013) (dismissing negligent failure to warn claim as barred by the economic loss rule); *see also* Nissan North America, Inc.'s Motion To Dismiss, at Section VII.C.

ARA was required to identify particular statements or omissions by each – or any specific – defendant that are alleged to be false.  It has not done so.  For this reason alone, ARA's fraud claim should be dismissed.

## C.    ARA Has Not Pled that the Assignors Relied on any Alleged Misrepresentation or Omission

ARA's claim for fraudulent misrepresentation and concealment is also deficient for failure to plead, with the required particularity, the element of reliance – that is, "the content and manner in which these statements misled the Plaintiff."  *Am. Dental Ass'n*, 605 F.3d at 1291; *see also id.* at 1292.  ARA merely parrots the legal requirement, not any facts to show it:  that "[i]n purchasing the Class Vehicles, Automotive Recyclers relied upon Defendants' representations and/or their failure to disclose the Inflator Defect."  (SAC ¶ 1908; *see also id.* ¶¶ 337-38.)

Such a conclusory catch-all is not sufficient.  Again, "'Rule 9(b) does not allow a complaint to merely "lump" multiple defendants together.'"  *Martinez*, 2014 WL 2735668, at *5 (quoting *Bruhl*, 2007 WL 997362, at *3)).  In order to survive a motion to dismiss, ARA must therefore explain how each of the Assignors relied on and was misled by specific statements or omissions made by each of the Automotive Defendants.  ARA has not done so.  As described

above, ARA does not allege that the Assignors purchased any specific salvage vehicles, only that they "purchased Recalled Vehicles."  (SAC ¶¶ 191-93.)  Having failed to plead which cars were actually purchased, ARA has also necessarily failed to allege that any given car purchased by an Assignor – which would be a heavily used or totaled car, intended to be sold for parts – was purchased by that Assignor in justified reliance on a statement or omission by the automotive defendant in question.  Indeed, there is no allegation to support the notion that ARA or its Assignors ever had any interaction with any automotive defendant.  And given ARA's "failure to differentiate between defendants," the complaint's "numerosity actually hinders clarity." *Haskin*, 995 F. Supp. at 1440.

These allegations are thus similar to those held insufficient in *Echols* v. *RJ Reynolds Tobacco Co.*, in which the court dismissed plaintiff's fraud claim for failure to tie his "reliance on each Defendant's statements to his purchase of each Defendant's products."  *Echols*, No. 2:13-CV-14215, 2014 WL 5305633, at *5 (S.D. Fla. Oct. 15, 2014).  For while the complaint alleged that the plaintiff purchased a variety of different cigarettes produced by the different tobacco company defendants, the complaint failed "to identify with any specificity the years during which Mr. Echols smoked the Defendants' brands, making it impossible for Defendants to properly respond to the Complaint."  *Id.* at *2.  Similarly, in *Grills*, the court found that the plaintiff's allegations – concerning alleged fraud on the part of several different tobacco companies – failed to satisfy Rule 9(b)'s requirements both because Grills failed to identify particular misstatements and because even as to an identified specific statement, Grills failed to explain the manner in which he was misled by it:  "Grills does not, however, explain how this statement 'misled' him in any way nor does he describe to the court what effect at all, if any, this omission had upon him in his decision to begin smoking Defendants' products."  645 F. Supp. 2d at 1124.

The same failure to differentiate among the different manufacturers pervades ARA's complaint here.  Indeed, ARA's complaint is even more deficient than those in *Echols* and *Grills*, as it is simply not plausible that the three Florida automotive recyclers relied on statements by each of the Automotive Defendants in purchasing salvaged cars, much less at least one recalled vehicle of each brand.  ARA's failure to provide such linkage is fatal to its claim.

**D.      ARA Has Not Adequately Alleged an Injury Caused by Each Automotive Defendant**

As the complaint fails to identify any particular misstatements or omissions attributable to each individual Automotive Defendant, and fails to identify the manner in which the Assignors relied on such statements or omissions, it is unsurprising that the complaint also fails to allege with particularity how the purported misrepresentations and omissions caused injury to the Assignors, or what each defendant "gained by the alleged fraud." *Am. Dental Ass'n*, 605 F.3d at 1291.  Again, the complaint offers only legal conclusions:  Count 104 of the SAC alleges that the putative Nationwide Automotive Recyclers Class "would not have purchased the Recalled Vehicles at the same price, or would not have bought the Class Vehicles at all."  (SAC ¶ 1905.)  It says nothing at all about what each Automotive Defendant allegedly "gained by the alleged fraud."

"These allegations amount to 'unadorned, the defendant-unlawfully-harmed-me allegation[s],' which contain no 'factual content that allows the court to draw the reasonable inference'" that each Automotive Defendant caused any injury to the Assignors.  *In re Florida Cement & Concrete Antitrust Litig.*, 746 F. Supp. 2d 1291, 1322 (S.D. Fla. 2010) (quoting *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009)) (addressing FDUTPA claim).  And beyond the bare legal conclusion, "there is absolutely no information given as to fair market value, attempts to sell, offers, or appraisals on value."  *Clear Marine Ventures, Ltd.* v. *Brunswick Corp.*, No. 08-22418-CIV, 2010 WL 528477, at *4 (S.D. Fla. Feb. 11, 2010) (addressing FDUTPA claim).  Such allegations do not suffice.  *See id.*

ARA has failed to plead the "who, what, when, where, and how" of an alleged fraud.  Accordingly, ARA's claim for fraudulent misrepresentation and concealment should be dismissed.

## II.

## ARA Fails To State a Claim Under FDUTPA

ARA also cannot state a claim for a violation of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA).  To plead a claim for a violation of FDUTPA, a plaintiff must allege: "1) a deceptive act or unfair practice; 2) causation; and 3) actual damages."  *Begualg Inv. Mgmt. Inc.* v. *Four Seasons Hotel Ltd.*, No. 10-22153-CIV, 2011 WL 4434891, at *5 (S.D. Fla. Sept. 23, 2011).  Because ARA's FDUTPA claim sounds in fraud (*see* SAC ¶ 1920), the

heightened pleading standards of Rule 9(b) apply.  *See, e.g.*, *Martinez*, 2014 WL 2735668, at *5; *Blair* v. *Wachovia Mortgage Corp.*, No. 5:11-CV-566-OC-37, 2012 WL 868878, at *2 (M.D. Fla. Mar. 14, 2012); *Begualg Inv. Mgmt. Inc.*, 2011 WL 4434891, at *5; *Llado-Carreno* v. *Guidant Corp.*, No. 09-20971-CIV, 2011 WL 705403, at *5 (S.D. Fla. Feb. 22, 2011).

ARA's FDUTPA claim mirrors its fraudulent misrepresentation and concealment claim.  ARA thus alleges that Defendants "engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, concealment, suppression or omission of any material fact with intent that others rely upon such concealment, and suppression or omission, in connection with the sale of the Class Vehicles."  (SAC ¶ 1920.)  But with no new or additional facts – only new legal labels – ARA's FDUTPA claim does not even satisfy Rule 8, both because it again impermissibly lumps together the Automotive Defendants, *see supra* Section I.A., and because it requires the Automotive Defendants and the Court "to sift through the prior . . . paragraphs and speculate as to which facts" ARA refers.  *N. Am. Clearing, Inc.* v. *Brokerage Computer Sys., Inc.*, No. 607-CV-1503, 2009 WL 1513389, at *14 (M.D. Fla. May 27, 2009).  And under the heightened pleading standard of Rule 9(b), the claim fails for the same lack of particularity that dooms ARA's fraud claim.

## A.     **ARA Has Not Pled with Particularity Any Allegedly Deceptive Acts**

As with its claim for fraud, ARA was required to detail the "who, what, where, when, how of the allegedly false and misleading" statements made by the Automotive Defendants, *Begualg Inv. Mgmt. Inc.*, 2011 WL 4434891, at *5, including "'precisely what statements were made.'"  *Blair*, 2012 WL 868878, at *4 (quoting *Brooks*, 116 F.3d at 1381).  Again, ARA may not merely "'lump' multiple defendants together," *Martinez*, 2014 WL 2735668, at *5, but must instead "specify each Defendant's participation in the alleged fraud." *Beguagl Inv. Mgmt. Inc.*, 2011 WL 4434891, at *5.

ARA fails to meet this standard, as shown above.  *See supra* Section I.  As a result, the FDUTPA claim should be dismissed – a common result where the FDUTPA claim does no more than recycle deficient fraud allegations.  *See, e.g.*, *Martinez*, 2014 WL 2735668, at *5 (dismissing both fraud and FDUTPA claims); *Perret* v. *Wyndham Vacation Resorts, Inc.*, 889 F. Supp. 2d 1333, 1342 (S.D. Fla. 2012) (same).

**B.**     **ARA Has Not Adequately Pled Causation and Damages**

The second and third elements of ARA's FDUTPA claim – causation and damages – also have not been adequately alleged.  "[I]n order to state a FDUTPA claim for damages 'a plaintiff must show not only that the conduct complained of was unfair, unconscionable, or deceptive, but also that it has suffered actual damages proximately caused by the unlawful conduct.'"  *In re Florida Cement & Concrete Antitrust Litig.*, 746 F. Supp. 2d at 1321 (quoting *Hanson Hams, Inc.* v. *HBH Franchise Co., LLC*, No. 03-61198CIV, 2004 WL 5470401, at *4 (S.D. Fla. Dec. 21, 2004)).  But as was true in *In re Florida Cement*, out of hundreds of paragraphs of allegations, only a few describe the parties allegedly damaged, and then, using only "'unadorned, the defendant-unlawfully-harmed-me allegation[s],' which contain no 'factual content that allows the court to draw the reasonable inference'" that each Automotive Defendant's conduct "caused any injury to these" parties.  746 F. Supp. 2d at 1322 (quoting *Iqbal*, 556 U.S. at 678).  These allegations are not sufficient.  *See id.*; *see also Lydia Sec. Monitoring, Inc.* v. *Alarm One, Inc.*, No. 07-80145 CIV, 2007 WL 2446889, at *5 (S.D. Fla. Aug. 23, 2007) ("Merely stating 'as a result' does not provide sufficient allegations to show causation in an FDUTPA claim."); *supra* Section I.D.

Moreover, Florida law precludes recovery under FDUTPA where the alleged product defect has not manifested.  *See Kia Motors Am. Corp.* v. *Butler*, 985 So. 2d 1133, 1139 (Fla. Dist. Ct. App. 2008).  Because ARA does not allege that any vehicles purchased by the Assignors have manifested the Inflator Defect, ARA cannot recover damages, and its FDUTPA claim thus fails on this ground as well.  *See also* Defendant Mazda Motor of America, Inc.'s Motion To Dismiss, at Section C.

### III.

### ARA Should Not Be Permitted To Invoke the State
### Deceptive Trade Practices Statutes of Other States

ARA's final claim, Count 105, provides no more detail than does ARA's FDUTPA claim, but instead makes those same allegations under the "state deceptive trade practices statutes" of 28 states, including another claim under FDUTPA.  (SAC ¶ 1912.)  This claim, too, should be dismissed.

As an initial matter, in pleading the application of the laws of 28 states as a single count – with no distinctions made among any of them – ARA has failed to comply with Rule 8,

as the count therefore does not put each Automotive Defendant on notice of the claims against it. *See generally Twombly*, 550 U.S. at 555.  On this basis alone, Count 105 could be dismissed. But here, there is more, as the count also fails for ARA's failure to invoke the laws of the listed states, and for the same lack of particularity that dooms ARA's FDUTPA claim.

The facts of this case are similar to those in *Mouzon* v. *Radiancy, Inc.*, No. CV 14-722, 2015 WL 1423834 (D.D.C. Mar. 30, 2015), a putative class action relating to the no!no! hair removal device.  As is the case here, plaintiffs there provided "remarkably few details about the transactions at stake."  *Id.* at *8.  And as here, plaintiffs sued under a number of state deceptive practices statutes.  *Id.* at *8-9.  One such state was New York, but no named plaintiff resided there, nor did the complaint "identify any deceptive transaction that occurred in New York."  *Id.* at *8.  As a result, the court dismissed the New York claim, explaining that "the application of this New York statute to claims by residents of other states based on their purchase of a device sold by a New York company – when there is no indication that the sales occurred in New York or that those residents saw advertising of the product while in New York – would tread on the ability of other states to regulate their own markets."  *Id.* at *9.  As to claims under the state consumer protection laws of the named plaintiffs' states – California, D.C., Florida, Illinois, Maryland, Virginia, West Virginia, Colorado, and Pennsylvania – the court held that these claims must also be dismissed, for lack of particularity under Rule 9(b).  *Id.* at *11.  In disposing of the claims in one sweeping step, the court explained that "the allegations in the Complaint associated with specific state-law claims – as opposed to those global allegations incorporated in each claim – contain no references to the experiences of the individual plaintiffs," such that "no additional analysis of the allegations specific to each individual claim is necessary in order for the Court to conclude that each of these state-specific claims must be dismissed."  *Id.* at *11 n.13.

The same result should be reached here, both because ARA's claims arise solely out of the purchases made by the three Florida Assignors – with no indication that the laws of any other state apply to ARA's claims – and because, as with ARA's FDUTPA claim, ARA has not pled its cause of action with particularity.[4]

---

[4]   Even if properly pleaded, claims under many states' individual laws would fail for other reasons.  For example, Arkansas's ADTPA does not allow for a claim for the recovery of diminution in value of a product.  *See Yazdianpour* v. *Safeblood Technologies, Inc.*, 779 F.3d

## A.        There Is No Basis To Apply the Laws of the Listed States

Unlike the claims brought by the consumer plaintiffs – which, as a general matter, are brought state-by-state based on the location of each named plaintiff – the auto recycler claims pursued by ARA are not divided by named plaintiff.  Nor could they be:  ARA is the only named plaintiff, and it is proceeding not on the basis of associational standing, but on the basis of an alleged assignment of claims by three Florida recyclers.  (SAC ¶ 190.)  Florida law thus applies to ARA's claims, which derive from claims of three purported Assignor salvage yards,[5] two of which are alleged to be Florida corporations, and all three of which have their principal places of business in Florida, allegedly purchased unidentified "Recalled Vehicles," presumably in Florida, and sustained alleged economic injuries in Florida.  (SAC ¶¶ 191-93.)

On these facts, there is no basis to apply the laws of the 28 states listed in Count 105, with the exception of Florida – the location of the Assignors – which fails for other reasons. *See supra* Section II.  To do otherwise "would tread on the ability of other states to regulate their own markets," *Mouzon*, 2015 WL 1423834, at *9, particularly as many of the cited state laws have explicitly been held not to have extraterritorial reach.  For instance, in *Bruce* v. *Teleflora, LLC*, the court dismissed claims brought under California's Consumers Legal Remedies Act and Unfair Competition Law because the Texas and Kansas plaintiffs had alleged neither "any injury or interaction in California."  *Bruce*, No. 2:13-CV-3279, 2013 WL 5310623, at *3 (C.D. Cal. Sept. 19, 2013).  The court noted that "[t]hough it is possible for non-residents to bring a claim under CLRA or UCL for injury occurring outside California based on conduct within California, a plaintiff must allege sufficient facts" confirming the California conduct, and in the absence of

---

530, 537-38 (8th Cir. 2015).  Neither Nebraska nor Minnesota permits a claim for damages under its deceptive trade practices acts.  *See Vallejo* v. *Amgen, Inc.*, No. 8:14CV50, 2014 WL 4922901, at *5 (D. Neb. Sept. 29, 2014); *Cannon Technologies, Inc.* v. *Sensus Metering Sys., Inc.*, 734 F. Supp. 2d 753, 772 (D. Minn. 2010).  A claim under Texas's DTPA cannot be assigned.  *See PPG Indus., Inc.* v. *JMB/Houston Centers Partners Ltd. P'ship*, 146 S.W.3d 79, 87 (Tex. 2004); *see also infra* Section V.  And these are only some of the many problems ARA faces, should the claims be considered separately.  Because, however, the entirety of Count 105 can and should be dismissed as a whole, the Court need not reach these issues.

[5]     As a purported assignee, any rights of ARA are derived exclusively from its Florida-based Assignors.  *Nova Info. Sys. Inc.* v. *Greenwich Ins. Co.*, 365 F.3d 996, 1004 (11th Cir. 2004).  As such, ARA's state of incorporation and principal office are not relevant to any choice of law analysis.

any such allegations, the claim should be dismissed.  *Id.* at *4.  Other courts have held the same with respect to Illinois, Massachusetts, Nebraska, New Hampshire, and New York.[6]  Absent even a hint in the complaint as to why the laws of these or any other states apply to ARA's claim, that claim should be dismissed.

**B.**     **Rule 9(b) Requires Dismissal for Failure To Plead with Particularity**

Count 105 should be dismissed for another reason as well – it is not pled with the required level of particularity.

The analysis here is the same as with respect to ARA's other claims.  Because this claim, too, sounds in fraud, it is subject to the heightened pleading standards of Rule 9(b), for while "a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity is a federally imposed rule."  *Mouzon*, 2015 WL 1423834, at *10 (quotation marks omitted).  Unsurprisingly then, "'[m]ost courts construing claims alleging violations of the Federal Deceptive Unfair Trade Practices Act <u>or its state counterparts</u> have required the heightened pleading standard requirements of Rule 9(b).'"  *Fellner* v. *Cameron*, No. 2:10-CV-155-FTM-99, 2012 WL 5387696, at *6 (M.D. Fla. Oct. 5, 2012) (quoting *Stires* v. *Carnival Corp.*, 243 F. Supp. 2d 1313, 1322 (M.D. Fla. 2002)), *report and recommendation adopted*, 2012 WL 5387981 (M.D. Fla. Nov. 2, 2012).  The court in *Mouzon* itself found Rule 9(b) applicable to the deceptive trade practices statutes of California, the District of Columbia, Florida, Illinois, Maryland, Virginia, Colorado, West Virginia, and Pennsylvania.  *See Mouzon*, 2015 WL 1423834, at *10.  Other courts have reached the same result with respect to Arizona, Connecticut, Delaware, Kansas, Massachusetts, Michigan, Minnesota, New Jersey, Texas, Washington, and Wisconsin.[7]  And having pled the laws of 28

---

[6]     *See, e.g.*, *Crichton* v. *Golden Rule Ins. Co.*, 576 F.3d 392, 397 (7th Cir. 2009) (Illinois); *Weber* v. *Sanborn*, 502 F. Supp. 2d 197, 199-200 (D. Mass. 2007); *Peter Kiewet Sons', Inc.* v. *Wall St. Equity Grp., Inc.*, No. 8:10–CV–365, 2014 WL 4843674, at *8 (D. Neb. Sept. 29, 2014); *Precourt* v. *Fairbank Reconstr. Corp.*, 856 F. Supp. 2d 327, 343-44 (D.N.H. 2012); *Mouzon*, 2015 WL 1423834, at *8 (New York).

[7]     *See, e.g.*, *Grismore* v. *Capital One F.S.B.*, No. CV 05–2460, 2007 WL 841513, at *6 (D. Ariz. Mar. 16, 2007); *E. Point Sys., Inc.* v. *Maxim*, No. 3:13-CV-00215, 2014 WL 523632, at *9 (D. Conn. Feb. 7, 2014); *Patrick* v. *E. Specialty Fin., Inc.*, Civ. No. 13-1770, 2015 WL 834141, at *2 (D. Del. Feb. 24, 2015); *Thompson* v. *Jiffy Lube Int'l, Inc.*, 505 F. Supp. 2d

states together as a single count, ARA cannot object to the uniform application of Rule 9(b) to that count.

ARA's allegations do not meet the heightened pleading standard of Rule 9(b).  As explained above, ARA fails entirely to identify the "who, what, where, when, and how" of each Automotive Defendant's allegedly deceptive practices.  Thus, for all the reasons that Counts 104 and 106 fail, so, too, does Count 105.  Not a single allegation of this count is unique; all allegations other than the citations to the laws of the various states are identical to ARA's FDUTPA claim.  And because "the allegations in the Complaint associated with specific state-law claims" contain no new detail, "no additional analysis of the allegations specific to each individual claim is necessary in order for the Court to conclude that each of these state-specific claims must be dismissed."  *Mouzon*, 2015 WL 1423834, at *11 n.13.

## IV.

### ARA's Claims Should Be Dismissed with Prejudice

Dismissal with prejudice – that is, without leave to amend – is appropriate "where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed," or where amendment would be futile or unduly prejudicial. *Grills*, 645 F. Supp. 2d at 1129 (quoting *Bryant* v. *Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)); *see also, e.g.*, *Greenberg*, 264 F. Supp. 2d at 1077; *Perret*, 889 F. Supp. 2d at 1347.

Under this test, dismissal with prejudice is appropriate here.  Each of the First and Second Amended Consolidated Class Action Complaints was the product of weeks, if not months, of deliberation by a committee of attorneys.  Yet throughout that process, ARA failed to allege <u>any</u> information concerning specific purchases by the assignors, specific statements that they heard, and the specific ways in which they relied on them.  These are all facts within ARA's knowledge – or the Assignors' knowledge – and there is no reason why ARA could not have included such basic information in any one of its first three pleadings.  *Cf. Perret*, 889 F. Supp.

---

907, 930 (D. Kan. 2007); *Juarez* v. *Select Portfolio Servicing, Inc.*, 708 F.3d 269, 280 (1st Cir. 2013) (Massachusetts); *E-Shops Corp.* v. *U.S. Bank Nat. Ass'n*, 678 F.3d 659, 665 (8th Cir. 2012) (Minnesota); *Harnish* v. *Widener Univ. Sch. of Law*, 931 F. Supp. 2d 641, 647 (D.N.J. 2013); *Patel* v. *Holiday Hospitality Franchising Inc.*, 172 F. Supp. 2d 821, 824 (N.D. Tex. 2001); *Coe* v. *Philips Oral Healthcare, Inc.*, No. C13–518, 2014 WL 722501, at *9 (W.D. Wash. Feb. 24, 2014); *Hackel* v. *Nat'l Feeds, Inc.*, 986 F. Supp. 2d 963, 978 (W.D. Wis. 2013).

2d at 1347.  A Third Amended Complaint would serve only to delay the resolution of this matter, to the prejudice of the Automotive Defendants, and so should not be permitted.

**V.**

**ARA's Claims Should Also Be Dismissed**
**Because ARA Has Not Adequately Alleged a Basis for Standing**

This Court should also dismiss ARA's claims under Rule 12(b)(1) because ARA has not adequately alleged a basis for standing.

Each of the Automotive Recycler claims is brought by a single named plaintiff: ARA.  According to the complaint, ARA "is an international trade association" for the automotive recycling industry, and is incorporated in New York.  (SAC ¶ 189.)  But ARA does not allege that it is bringing its claims on behalf of its members – that is, ARA is <u>not</u> bringing its claims on an associational standing theory – nor does ARA allege that it bought any Recalled Vehicles itself.  Instead, "ARA proceeds with this litigation pursuant to an assignment of claims by Rigsby's Auto Parts & Sales, Inc., M&K Used Auto Parts, Inc., and Quarno's Auto Salvage (collectively the 'Assignors')."  (SAC ¶ 190.)  No other details of the assignment are alleged.  Nor, as discussed above, are there any allegations as to which Recalled Vehicles the Assignors allegedly purchased, and, axiomatically, there are no allegations that any Assignor purchased a recalled vehicle from each Automotive Defendant containing an undeployed and resaleable Takata airbag.

These allegations do not suffice to establish that ARA has standing to pursue claims against each Automotive Defendant.  That is because "a plaintiff cannot include class action allegations in a complaint and expect to be relieved of personally meeting the requirements of constitutional standing, even if the persons described in the class definition would have standing themselves to sue."  *Griffin* v. *Dugger*, 823 F.2d 1476, 1483 (11th Cir. 1987) (quotation marks omitted).  Thus, a "named plaintiff in a class action who cannot establish the requisite case or controversy between himself and the defendants simply cannot seek relief for anyone – not for himself, and not for any other member of the class."  *Id.*  Or, stated differently, "at least one named plaintiff must establish Article III standing for each class subclaim."  *Dapeer* v. *Neutrogena Corp.*, No. 14-22113-CIV, 2015 WL 1395253, at *3 (S.D. Fla. Mar. 25, 2015).  Because the complaint does not allege that the Assignors purchased a car made by each Automotive Defendant, ARA has no standing to bring a claim against all (or any)

Automotive Defendants, as it "cannot conceivably allege any injuries from products that [the Assignors] never purchased or used." *Id.* at *4.

And there is more.  As the plaintiff, ARA bears the burden of establishing standing.  *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 943 F. Supp. 2d 1035, 1047 (C.D. Cal. 2013).  And because ARA itself has not been injured, ARA's standing depends upon the alleged assignment, particularly where, as here, the asserted claims are fraud-based. "Standing in this context requires [ARA] to plausibly allege that it owns the fraud claims, whether by assignment or otherwise, asserted in this litigation." *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, No. 2:11-ML-02265-MRP, 2014 WL 3529677, at *2 (C.D. Cal. July 14, 2014).  But ARA "nowhere alleges an express written assignment of fraud claims," which is required if the assignments are governed by the law of ARA's home jurisdiction of New York.  *Id.* at *3.  Other claims that ARA purports to bring on the basis of assignment, such as the portion of Count 105 that pleads a violation of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code § 17.41 *et seq.* (*see* SAC ¶ 1912(z)), are not assignable at all.  *See PPG Indus., Inc.* v. *JMB/Houston Centers Partners Ltd. P'ship*, 146 S.W.3d 79, 82 (Tex. 2004).  That ARA has alleged unassignable claims and failed even to provide detail sufficient to determine the location of assignment confirms that it has not plausibly alleged a valid assignment.  Although the Court may "'require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing,'" *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 2014 WL 3529677, at *1 (quoting *Maya* v. *Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011)), in this case, ARA has already had two bites at the apple, and its claims should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of standing.

## CONCLUSION

For the foregoing reasons, ARA's claims contained in the Second Amended Consolidated Class Action Complaint should be dismissed.


Dated: July 17, 2015

Respectfully submitted,

By: */s/ Mitchell Widom*
　　　**Michael L. Mallow** (*admitted pro hac vice*)

mmallow@sidley.com
**SIDLEY AUSTIN LLP**
555 West Fifth Street
Los Angeles, CA 90013
T: 213 896-6000
F: 213 896-6600

**Eric S. Mattson** (*admitted pro hac vice*)
emattson@sidley.com
**Michael C. Andolina** (*admitted pro hac vice*)
mandolina@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
T: 312 853-7000
F: 312 853-7036

**Mitchell Widom**
mwidom@bilzin.com
**BILZIN SUMBERG BAENA
PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, FL 33131
T: 305 374-7580
F: 305 374-7593

*Counsel for American Honda Motor Co., Inc.*

| | |
|---|---|
| */s/ Jesse H. Diner* | */s/ E. Colin Thompson* |
| **Rosemary J. Bruno** | **Joel A. Dewey** |
| rosmary.bruno@bipc.com | joel.dewey@dlapiper.com |
| (*admitted pro hac vice*) | **Jeffrey M. Yeatman** |
| **Christopher Dalton** | jeffrey.yeatman@dlapiper.com |
| christopher.dalton@bipc.com | **DLA PIPER LLP (US)** |
| (*admitted pro hac vice*) | The Marbury Building |
| **Jesse H. Diner** | 6225 Smith Avenue |
| jesse.diner@bipc.com | Baltimore, MD 21209 |
| **BUCHANAN INGERSOLL &** | T: 410 580-3000 |
| **ROONEY, PC** | F: 410 580-3001 |
| 550 Broad Street, Suite 810 | (*pro hac vice forthcoming*) |
| Newark, NJ 07102 | **E. Colin Thompson** |
| T: 973 273-9800 | Florida Bar No. 684929 |
| **BUCHANAN INGERSOLL &** | colin.thompson@dlapiper.com |
| **ROONEY, PC** | **J. Trumon Phillips** |
| 1200 East Las Olas Blvd., Suite 500 | Florida Bar No. 0084568 |

| | |
|---|---|
| Fort Lauderdale, FL 33301<br>T: 954-703-3900<br><br>**Eric Y. Kizirian**<br>Eric.kizirian@lewisbrisbois.com<br>(*admitted pro hac vice*)<br>**LEWIS BRISBOIS BISGAARD &**<br>**SMITH LLP**<br>633 W. 5th Street, Suite 4000<br>Los Angeles, CA 90071<br>(213) 580-3981<br><br><br><br>***Lead Counsel for BMW of North***<br>***America, LLC*** | trumon.phillips@dlapiper.com<br>**DLA PIPER LLP (US)**<br>100 North Tampa Street, Suite 2200<br>Tampa, FL 33602<br>T: 813 229-2111<br>F: 813 229-1447<br><br>***Counsel for Ford Motor Company*** |
| /s/ Michael Tein<br>**Cari K. Dawson**<br>cari.dawson@alston.com<br>**Scott A. Elder**<br>scott.elder@alston.com<br>**Daniel C. Norris**<br>daniel.norris@alston.com<br>**ALSTON & BIRD LLP**<br>One Atlantic Center<br>1201 West Peachtree Street<br>Atlanta, GA 30309<br>T: 404 881-7000<br>F: 404 881-7777<br>(*pro hac vice forthcoming*)<br>**Michael R. Tein**<br>mtein@lewistein.com<br>**Guy A. Lewis**<br>glewis@lewistein.com<br>**LEWIS TEIN PL**<br>3059 Grand Ave., Suite 340<br>Coconut Grove, FL 33133<br>T: 305 442-1101<br><br>***Counsel for Mazda Motor of America,***<br>***Inc.*** | /s/ Kimberly A. Cook<br>**E. Paul Cauley, Jr.**<br>paul.cauley@sedgwicklaw.com<br>**SEDGWICK LLP**<br>1717 Main Street<br>Suite 5400<br>Dallas, TX 75201-7367<br>T: 469 227-8200<br>F: 469 227-8004<br>(*pro hac vice forthcoming*)<br>**Kimberly A. Cook**<br>kimberly.cook@sedgwicklaw.com<br>**SEDGWICK LLP**<br>One Biscayne Tower, Suite 1500<br>Two South Biscayne Boulevard<br>Miami, FL 33131<br>T: 305 670-4777<br>F: 305 670-7007<br><br><br><br>***Counsel for Nissan North America, Inc.*** |
| /s/ Stanley H. Wakshlag<br>**Jeffrey L. Chase**<br>jchase@herzfeld-rubin.com | /s/ John C. Seipp, Jr.<br>**Terri S. Reiskin**<br>treiskin@dykema.com |

19

| | |
|---|---|
| **Michael Gallub**<br>mgallub@herzfeld-rubin.com<br>**HERZFELD & RUBIN, P.C.**<br>125 Broad Street<br>New York, NY 10004<br>T: 212 471-8500<br>F: 212 344-3333<br>(*pro hac vice forthcoming*)<br>**Stanley H. Wakshlag**<br>shw@knpa.com<br>**Robert D.W. Landon III**<br>rdl@knpa.com<br>**KENNY NACHWALTER, P.A.**<br>1100 Miami Center<br>201 South Biscayne Boulevard<br>Miami, FL 33131<br>T: 305 373-1000<br>F: 305 372-1861<br><br>*Counsel for Subaru of America, Inc.* | **DYKEMA GOSSETT PLLC**<br>1300 I Street, N.W., Suite 300 West<br>Washington, D.C. 20005<br>T: 202 906-8600<br>F: 855 216-7884<br>(*admitted pro hac vice*)<br>**John C. Seipp, Jr.**<br>jseipp@seippflick.com<br>**Donald A. Blackwell**<br>dblackwell@seippflick.com<br>**SEIPP FLICK & HOSLEY**<br>Two Alhambra Plaza, Suite 800<br>Miami, FL 33134<br>T: 305 995-5600<br>F: 305 995-6100<br><br><br><br>*Counsel for Toyota Motor Sales, U.S.A., Inc.*<br>*and Toyota Motor Engineering &*<br>*Manufacturing North America, Inc.* |

## <u>ATTESTATION REGARDING SIGNATURES</u>

Pursuant to the CM/ECF Administrative Procedures for the United States District Court, Southern District of Florida, I, Mitchell E. Widom, counsel for Defendant American Honda Motor Co., Inc., hereby attests that American Honda Motor Co., Inc., along with BMW of North America, LLC, Ford Motor Company, Mazda Motor of America, Inc., Nissan North America, Inc., Subaru of America, Inc., Toyota Motor Sales, U.S.A., Inc. and Toyota Motor Engineering & Manufacturing North America, Inc., on whose behalf this filing is submitted, concur in the content and have authorized the filing of the AUTOMOTIVE DEFENDANTS' MOTION TO DISMISS AUTOMOTIVE RECYCLERS ASSOCIATION'S CLAIMS AND INCORPORATED MEMORANDUM OF LAW.

Dated: July 17, 2015

Respectfully submitted,

By: */s/ Mitchell E. Widom*
  **Mitchell E. Widom**
  mwidom@bilzin.com
  **BILZIN SUMBERG BAENA**
  **PRICE & AXELROD LLP**
  1450 Brickell Avenue, Suite 2300
  Miami, FL 33131
  T: 305 374-7580
  F: 305 374-7593

  *Counsel for American Honda Motor Co., Inc.*