**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

MDL No. 2599
MASTER CASE NO.: 1:15-md-02599-FAM

| |
|---|
| **IN RE:** |
| **TAKATA AIRBAG PRODUCTS LIABILITY LITIGATION** |
| **THIS DOCUMENT RELATES TO ALL CASES** |

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Local Rule 5.4 and

Section 5A of the CM/ECF Administrative Procedures and with the consent of the parties in the

above-captioned litigation ("the Litigation"), IT IS HEREBY ORDERED that:

1.       "Party" shall mean all named Parties to any action in this Litigation, including any

named Party added or joined to this Litigation. This Order governs the handling of documents,

depositions, deposition exhibits, interrogatory responses, responses to requests for admissions,

responses to requests for production of Documents, and all other discovery obtained in this

Litigation (hereinafter "Discovery Material") to the extent they contain CONFIDENTIAL or

HIGHLY CONFIDENTIAL information as defined in this ORDER. "Producing Party" shall

refer to the Party that gives testimony or produces Discovery Material; the "Designating Party" is

the Party who designates information under this Order (who can be the Producing Party or

another Party or Third Party); and "Receiving Party" shall refer to the Parties that receive the

Discovery Material. This Order shall also apply to production of Discovery Material from Third

Parties, if so elected by the Third Parties as provided in Paragraph 10 and to the extent documents produced by Third Parties include COVERED INFORMATION of any Party hereto.

<u>**CATEGORIES OF PROTECTED MATERIAL**</u>

2.      **Designation of Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL:** Any Producing Party may designate its Discovery Material (or its confidential information contained in another party's Discovery Material) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if the Producing Party in good faith believes it contains COVERED INFORMATION as defined below.

3.      **"CONFIDENTIAL Material"** means any Discovery Material that contains confidential or sensitive non-public information, including business, commercial, technical, marketing, planning, personal, research, or financial information of any Party or Third Party, and which has been designated CONFIDENTIAL for purposes of this Litigation.

4.      **"HIGHLY CONFIDENTIAL Material"** means any Discovery Material that a Party or Third Party reasonably believes to be economically or competitively sensitive and that warrants the extra layer of protection described below. By way of example, and not limitation, "HIGHLY CONFIDENTIAL Material" includes strategic planning information; negotiation strategies; proprietary software or systems; proprietary edits or customizations to software; pricing information; non-public product design or testing information or extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information, the disclosure of which would create a substantial risk of competitive or business injury to the Designating Party.

5.      "CONFIDENTIAL Material" and "HIGHLY CONFIDENTIAL Material" shall not include information that has been intentionally publicly disclosed by the Designating Party.

6.      "CONFIDENTIAL Material" and "HIGHLY CONFIDENTIAL Material" are collectively defined as "COVERED INFORMATION."

### GENERAL PROVISIONS

7.      A Party or Third Party may designate Discovery Material as COVERED INFORMATION in the following manner:

a)  **TIFF Documents**: In the case of documents or other materials (apart from depositions or other pre-trial testimony), by affixing the appropriate legend to each page of the document.

b)  **Native Documents**: With respect to documents produced in native format, by including the designation in the file name.

c)  **Depositions**: In the case of depositions or other pre-trial testimony, by designating the portion of the transcript on the record during the deposition or by written notice served on counsel of record in this Litigation within thirty days after the receipt of the transcript ("transcript" does not include an ASCII or rough transcript). Before the thirty day period expires, the testimony shall be treated as HIGHLY CONFIDENTIAL Material.

d)  **Non-Written Materials.** In the case of non-text COVERED INFORMATION (*e.g.*, videotape, audio tape, computer disk), by labeling the outside of the material with the designation.

8.      **Production of COVERED INFORMATION Without Designations:** The failure to designate Discovery Material as CONFIDENTIAL Material or HIGHLY

3

CONFIDENTIAL Material does not constitute a waiver and may be remedied by prompt written notice upon discovery of the failure.

9. **Counter Designations of COVERED INFORMATION:** Any Party may designate, or counter-designate with a higher designation, Discovery Material produced by any Party or Third Party if the materials contain or are derived from that Party's own COVERED INFORMATION. If a Party counter-designates, the Party shall notify the Producing Party in writing of the counter-designation, and the Producing Party will then re-produce the COVERED INFORMATION with the requested confidentiality designation to all Parties who received the original production.

10. **Notice to Non-Parties:** Any Party issuing a subpoena to a non-party shall enclose a copy of this Protective Order with a request that, within fourteen (14) days of receipt, the non-party either agree to the terms of this Protective Order or notify the issuing party that the non-party does not seek the protection of this Protective Order.

11. **Objections to Designation or Treatment of COVERED INFORMATION:** Any Party may, in good faith, object to the designation of any Discovery Material as COVERED INFORMATION at any time. The objecting Party must state its objection in writing, specifying (by Bates numbers if possible) the Discovery Material challenged and explaining the basis for each objection. The objecting Party shall make a good faith effort to resolve the dispute with the Designating Party and shall provide the Designating Party the opportunity to revise its designation before raising the issue with the Court. If the Parties cannot reach agreement as to the designation, the objecting Party may move the Court for an order determining whether the document is COVERED INFORMATION. Pending a final ruling by the Court on the motion, the initial designation and the terms of this Order remain in effect.

## AUTHORIZED DISCLOSURES OF COVERED INFORMATION

12.   **Persons Authorized to Receive CONFIDENTIAL Material:** Discovery Material designated under Paragraph 3, above, may be disclosed only to the following persons:

a)   the Parties, including members of the in-house legal departments for the Parties or their parents or affiliates, including their paralegals, investigative, technical, secretarial, and clerical personnel assisting them in the Litigation;

b)   the Parties' outside counsel (including foreign outside counsel assisting with the Litigation), including their partners, members, associates, attorneys, paralegals, investigative, technical, secretarial and clerical personnel assisting them in the Litigation;

c)   Outside Counsel, including their partners, members, associates, attorneys, paralegals, investigative, technical, secretarial and clerical personnel assisting them, involved in personal injury or wrongful death actions not a part of this MDL Litigation and pending in the United States against any Defendant in this Litigation wherein it is alleged that a rupture, aggressive deployment or non-deployment of a Takata driver's or passenger's front airbag inflator was involved, causing injury or death to a vehicle occupant ("Non-Party Outside Counsel"), provided that: (i) the disclosure is limited to COVERED INFORMATION of any Party that is a named defendant in the personal injury or wrongful death action that has been properly served; (ii) no disclosure shall be made to any expert or consultant in any such actions who is employed by a competitor of the Producing Party; (iii) the Non-Party Outside Counsel, including their partners, members, associates, attorneys, paralegals, investigative, technical, secretarial and clerical

5

personnel assisting them, have signed the "Acknowledgment of Stipulated Protective Order" attached as Exhibit A; and (iv) ten days written notice be provided to any Party whose Covered Information will be disclosed to a Non-Party Counsel in advance of such disclosure in order that the Party has an opportunity to object to the disclosure.

d) the Court and all persons assisting the Court, including court reporters, translators, and clerical personnel, and the Court-appointed Special Master and Mediator, and staff assisting them;

e) Any individual expert, consultant, or expert consulting firm retained by a Party or counsel of record of a Party in connection with this Litigation to the extent necessary for the individual expert, consultant, or expert consulting firm to prepare a written opinion, to prepare to testify, to assist counsel of record in the prosecution or defense of the Litigation, or to assist in root cause investigations, provided, however, that: (a) the recipients use the information solely in connection with this Litigation or to assist in root cause investigations; (b) the recipient signs the written assurance attached as Exhibit A; (c) excluding any retention for this Litigation, the recipient is neither a current nor former (within the past year from the date of this Order) employee of any Party or any entity which directly competes with any of the Defendants; and (d) provided that the terms of Paragraphs 14, 16 and 18 of this Order are met;

f) Persons providing litigation support services to counsel for any Party, including translators, photocopying, document storage, data processing, document review, graphic production, jury research or trial preparation services employed by the

Parties or their counsel to assist in this Litigation, including contract attorneys and paralegals retained to assist in this Litigation, provided that the requirements of Paragraph 19 of this Order is met and who has signed the "Acknowledgment of Stipulated Protective Order" attached as Exhibit A;

g) Any person who (1) authored, is listed as a recipient of, or is mentioned, discussed or referred to in the COVERED INFORMATION; (2) is or was a custodian of the Discovery Material; (3) is an employee of the party producing or corporate recipient the COVERED INFORMATION; (4) was an employee of the producing party or corporate recipient of the COVERED INFORMATION and who has signed the "Acknowledgment of Stipulated Protective Order" attached as Exhibit A,; or (5) who counsel in good faith believes has knowledge of the matters contained in the COVERED INFORMATION, but only as to the subject matters to which such person is reasonably thought to have specific knowledge and any information reasonably related thereto, and who has signed the "Acknowledgment of Stipulated Protective Order" attached as Exhibit A;

h) any person who is likely to testify in the Litigation, for the purpose of assisting in the preparation or examination of the witness but only as to the subject matters to which such person is reasonably thought to have specific knowledge and any information reasonably related thereto, and who has signed the "Acknowledgment of Stipulated Protective Order" attached as Exhibit A;

i) The Independent Testing Coalition (ITC) for use in its root cause investigation provided that any such ITC person has signed the "Acknowledgment of Stipulated Protective Order" attached as Exhibit A;

7

j) Governmental entities with an interest in the public safety hazards involving Takata made driver's side front airbag inflators or passenger's side front airbag inflators in vehicles sold in the United States, including specifically, the Department of Transportation (DOT), the National Highway Safety Traffic Administration (NHTSA), and the Department of Justice (DOJ), upon receipt by any Party hereto of an administrative subpoena, subpoena, civil investigative demand, or special order, except that plaintiffs may, after providing 10 days written notice to the Designating Party, share with NHTSA COVERED INFORMATION that was previously produced to NHTSA or that Plaintiffs' Lead Counsel in good faith believes implicates public safety; and

k) Any other person upon order of the Court or upon stipulation of the Designating Party, provided such person has signed the "Acknowledgment of Stipulated Protective Order" attached as Exhibit A.

13.   **Persons Authorized to Receive HIGHLY CONFIDENTIAL Material:** HIGHLY CONFIDENTIAL Material or their contents may be disclosed only to the persons described in paragraph 12(b)-(f), (i)-(k) and:

i) Members of the in-house legal departments for the parties or their parents or affiliates, including their paralegals, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in this Litigation; and

ii) Any person who (1) authored, is listed as a recipient of, or is mentioned, discussed or referred to in the COVERED INFORMATION sought to be disclosed to that person; or (2) is or was a custodian of the document or material; and (3) who has

8

signed the "Acknowledgment of Stipulated Protective Order" attached as Exhibit A.

Notwithstanding the foregoing counsel may disclose Highly Confidential Material while on the record in a deposition taken in the MDL Action to a witness provided: (i) counsel in good faith believes the witness has knowledge of the matters contained in the Highly Confidential Material (but only as to the subject matter to which the witness is reasonably believed to have knowledge); and (ii) counsel in good faith deems it necessary for the prosecution or defense of the MDL Action to show the Covered Information to the witness. The witness shall sign the "Acknowledgment of Stipulated Protective Order" attached as Exhibit A before the material is disclosed. If a dispute arises regarding whether it is necessary for the prosecution or defense of the MDL Action to show Highly Confidential Material to the witness, counsel for the parties present at the deposition shall meet and confer during the deposition in an attempt to resolve the dispute. If the parties are unable to resolve the dispute, the Highly Confidential Material shall not be disclosed to the witness until such time that the Special Master can resolve the dispute.

14.      **Acknowledgement:** Copies of the executed Acknowledgements shall be retained by counsel for the Party or Parties who disclosed the COVERED INFORMATION. Upon request, copies of all Acknowledgements executed pursuant to this Paragraph shall be disclosed to the Party or Third Party who produced or supplied the COVERED INFORMATION on good cause shown.

15.      **Business Records:** A Party's use for any purpose of its own documents and information which it produces or discloses in this Litigation shall not be a violation of this Order.

## USE OF COVERED INFORMATION IN THESE PROCEEDINGS

16.     **Use of Discovery Material:** COVERED INFORMATION shall be used solely for purposes of the Litigation, including any appeal. CONFIDENTIAL Material may also be used for root cause investigations conducted by any Party or its outside experts and consultants. Any person in possession of Discovery Material designated COVERED INFORMATION shall maintain those materials in accordance with Paragraph 18 below.

17.     **Exclusion of Individuals from Depositions:** Counsel shall have the right to exclude any person who is not authorized by this Order to receive documents or information designated as COVERED INFORMATION from any deposition where testimony regarding COVERED INFORMATION or the use of COVERED INFORMATION is likely to arise.

18.     **Security of COVERED INFORMATION:** Any person in possession of another Party's COVERED INFORMATION shall exercise the same care with regard to the storage, custody, or use of COVERED INFORMATION as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect COVERED INFORMATION from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to:

    a)  COVERED INFORMATION in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons entitled to access COVERED INFORMATION under this Order;

    b)  An audit trail of use and access to litigation support site(s) shall be maintained while this Litigation, including any appeals, is pending;

c)   Any COVERED INFORMATION downloaded from the litigation support site(s) in electronic format shall be stored only on devise(s) (e.g. laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected and/or encrypted with access limited to persons entitled to access COVERED INFORMATION under this Order.  If the user is unable to password protect and/or encrypt the device, then the COVERED INFORMATION shall be password protected and/or encrypted at the file level.

d)   COVERED INFORMATION in paper format is to be maintained in a secure location with access limited to persons entitled to access COVERED INFORMATION under this Order; and

e)   Summaries of COVERED INFORMATION, including any lists, memorandum, indices or compilations prepared or based on an examination of COVERED INFORMATION, that quote from or paraphrase COVERED INFORMATION in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying COVERED INFORMATION.

If the Receiving Party discovers a breach of security[1] relating to the COVERED INFORMATION of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within 48 hours of the Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide the Producing Party with assurance reasonably satisfactory to the Receiving Party that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size

---

[1]     Breach is defined to include, but is not limited to, the confirmed or suspected: (i) disclosure or use of COVERED INFORMATION by or to an unauthorized person; and/or (ii) the loss, theft or hacking of a device containing COVERED INFORMATION.

and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident

19.     **Filing of COVERED INFORMATION**: Without written permission from the Producing Party or a Court Order, a Party may not file in the public record in this Litigation any COVERED INFORMATION. The Parties shall comply with Local Rule 5.4 and the CM/ECF Administrative Procedures of the United States District Court for the Southern District of Florida when seeking to file COVERED INFORMATION under seal.

20.     **No Loss of COVERED INFORMATION Status by Use In Court Proceeding or Appeal:** If COVERED INFORMATION is used in any proceeding in this Litigation it shall not lose its designated status through such use. Notwithstanding any other provision of this Order, the Parties agree to meet and confer and to exert their best efforts to develop an appropriate procedure to prevent the disclosure of CONFIDENTIAL Material or HIGHLY CONFIDENTIAL Material before COVERED INFORMATION may be used at any hearing, mediation, or other proceeding in accordance with the other provisions of this order. Absent agreement, the Producing or Designating Party shall ask the Court to issue an order governing the use of Confidential Material and Highly Confidential Material at any hearing, mediation or other proceeding.

21.     **Covered Information at Trial.** This Protective Order shall not apply to Covered Information that is properly disclosed at the trial of any of the MDL Actions. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the parties at the threshold of the trial consistent with the applicable Case Management Order.

Notwithstanding the foregoing, this Order shall continue to apply after trial to all COVERED INFORMATION not disclosed during the trial of any MDL Action.

22.     **Third Party Request or Demand for Disclosure:** Should any person bound by this Order receive a subpoena, civil investigative demand, or other process from a third party seeking the disclosure of COVERED INFORMATION, that person shall give notice immediately to the Parties or Third Parties who produced or designated the COVERED INFORMATION so that the Party or Third Party may seek appropriate relief, unless the third party making the request is a governmental entity that requires that the request not be disclosed. No person bound by this Order who receives a subpoena, civil investigative demand, or other process seeking COVERED INFORMATION shall produce such documents or information unless (a) ordered by a court having competent jurisdiction, or (b) such production or disclosure is consented to by the Party or Third Party that produced or designated the COVERED INFORMATION, as the case may be.

23.     **Protective Order Remains In Force:** This Protective Order shall remain in force until modified, superseded, or terminated by consent of the Parties or by order of the Court. This Protective Order shall survive the termination of this Litigation. The Court retains jurisdiction after termination of this Litigation to enforce and modify this Protective Order.

24.     **Violations of this Order:** If any person violates this Order, the aggrieved Producing or Designating Party should apply to the Court for relief. The Parties and any other person subject to this Order agree that the Court shall retain jurisdiction over them for the purpose of enforcing this Order

## COMPLETION OF LITIGATION

25.      Within ninety days after the final resolution of this Action (including resolution of all appellate proceedings), all Discovery Material and copies of them (other than exhibits of record) produced by a Party or Third Party which contain COVERED INFORMATION shall be either returned to the Party or Third Party who produced the COVERED INFORMATION, or destroyed. Upon request of the Party or Third Party who produced or supplied the COVERED INFORMATION, all counsel of record who received such documents shall certify compliance herewith and shall deliver the same to counsel for the Party or Third Party who produced or supplied the COVERED INFORMATION not more than ninety (90) days after the final resolution of this action. Outside counsel of record for the Parties shall be entitled to retain court papers, depositions, trial transcripts and attorney work product.

a) Within 120 days of receiving notice of the entry of an order, judgment or decree ending their participation in this litigation or finally disposing of this Litigation, including any appeals, all persons having received COVERED INFORMATION shall provide to Producing Party their protocol for the removal and disposal of any electronically stored COVERED INFORMATION including from all computer systems, servers, backup systems and devices, including copies which may be on any external or other internal storage systems and devices.

## PROTECTED DATA

26.      This Order does not address the treatment of information subject to federal, state or foreign data protection laws or other privacy obligations ("Protected Data"). The Parties are attempting to reach a separate proposed order for the treatment of such Protected Data.

## **PRIOR PROTECTIVE ORDERS**

27.     This Stipulated Protective Order supersedes and replaces any confidentiality

orders previously entered pursuant to Fed. R. Civ. P. 26(c) by any transferor courts in this

multidistrict litigation.

DONE AND ORDERED in Chambers, Miami, Florida, this 25ᵗʰ day of August, 2015.


_____

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE