UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MDL No. 2599

Master File No. 15-2599-MD-Moreno

S.D.Fla. Case No. 14-24009-CV-MORENO (Economic Loss Track)
S.D.Fla. Case No. 15-20664-CV-MORENO (Personal Injury Track)

IN RE:

TAKATA AIRBAG PRODUCTS
LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:
ECONOMIC LOSS TRACK CASES

**PLAINTIFFS' RESPONSE TO
AUTOMOTIVE DEFENDANTS' NOTICE OF REGULATORY ACTION**

On November 6, 2015, the Automotive Defendants filed a Notice of Regulatory Action concerning the Consent Order into which NHTSA and Defendant TK Holdings, Inc. ("Takata") recently entered and a NHTSA "Fact Sheet" summarizing the Consent Order. [Dkt. 843.] Absolutely nothing in the Consent Order or Fact Sheet, however, supports the Automotive Defendants' motions to dismiss. Instead, the evidence described by NHTSA and the central provisions of the Consent Order—which require Takata to phase-out ammonium nitrate inflators—only confirm Plaintiffs' core allegation that the use of ammonium nitrate as a propellant in inflators installed in Defendants' vehicles constitutes a common, uniform defect.

The suggestion, advanced by the Automotive Defendants without any explanation, that NHTSA's investigation somehow demonstrates an inadequacy in Plaintiffs' allegations regarding the Automotive Defendants' knowledge has no merit. NHTSA's report that "on a number of [unspecified] occasions, Takata supplied its customers with selective, incomplete or inaccurate data" does not come close to indicating that the Automotive Defendants were unaware that Takata's inflators used ammonium nitrate or that ammonium nitrate is an unstable compound inappropriate for use in airbags.[1]

---

[1] Indeed, it is not even clear from the NHTSA report whether "customers" refers to Plaintiffs, the end-users of Takata's airbags, or the Automotive Defendants. And, of course, the NHTSA

While the Automotive Defendants may want this Court to believe that they are the victims of Takata's misconduct, Plaintiffs have alleged and Congressional testimony from Takata's representative has confirmed that the Automotive Defendants were actually knowing participants in Takata's fraudulent scheme to conceal the common, uniform defect present in Takata's inflators [Dkt. 579, ¶¶ 9, 205-11], all of which must be accepted as true at this stage of the litigation.  In addition, in its post-hearing submission, Defendant Ford even concedes that it cannot claim that "it was unaware of Takata's general airbag designs or that Takata's inflators contained phase stabilized ammonium nitrate." [Dkt. 832 at 3.]

In light of Plaintiffs' allegations that Takata's publicly-available patent documents also warned that an ammonium nitrate propellant "might even blow up," consistent with the industry-wide knowledge that ammonium nitrate is unstable and better suited for demolitions than airbags [Dkt. 579, ¶¶ 205-10], it would be completely unreasonable to conclude—particularly at this stage of the litigation—that the sophisticated engineers employed by the Automotive Defendants were unaware of the serious risks that Takata's inflators posed to the public.  These allegations, in addition to those more fully described in Plaintiffs' omnibus response to Defendants' motions to dismiss and Plaintiffs' response to Ford's post-hearing submission, plead much more than "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [Defendants' misconduct]," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007), and thus easily satisfy the plausibility pleading requirement of the Federal Rules.  Because Plaintiffs have adequately alleged that all Automotive Defendants were well aware of the common, uniform defect present in Takata's inflators prior to installing those inflators in their vehicles, all Automotive Defendants are in the same position as to liability; any differences between them only pertain to damages.  The NHTSA Consent Order and Fact Sheet only support this conclusion.[2]

---

investigation at issue aimed to determine the existence of a motor vehicle defect, *see* 49 U.S.C. § 30l66, not whether the Automotive Defendants were aware of the defect when they manufactured and sold vehicles to class members.

[2] If anything, the Consent Order demonstrates that this Court made the right decision in denying the motion to stay filed by several Automotive Defendants [Dkt. 737], for the pendency of this action clearly has not interfered with NHTSA's investigation.

Dated: November 10, 2015                     Respectfully submitted,

**PODHURST ORSECK, P.A.**

/s/ Peter Prieto
Peter Prieto (FBN 501492)
Aaron S. Podhurst (FBN 63606)
Stephen F. Rosenthal (FBN 131458)
John Gravante, III (FBN 617113)
Matthew P. Weinshall (FBN 84783)
Alissa Del Riego (FBN 99742)
25 West Flagler Street, Suite 800
Miami, Florida 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com
apodhurst@podhurst.com
srosenthal@podhurst.com
jgravante@podhurst.com
mweinshall@podhurst.com
adelriego@podhurst.com

*Chair Lead Counsel for Plaintiffs*

| **COLSON HICKS EIDSON**<br>Lewis S. "Mike" Eidson<br>mike@colson.com<br>Curtis Bradley Miner<br>curt@colson.com<br>255 Alhambra Circle, PH<br>Coral Gables, FL 33134<br>T: 305-476-7400<br><br>By: /s/ Curtis Bradley Miner<br><br>*Plaintiffs' Personal Injury Track Lead Counsel* | **POWER ROGERS & SMITH, P.C.**<br>Todd A. Smith<br>tsmith@prslaw.com<br>70 West Madison St., 55th Floor<br>Chicago, IL 60602<br>T: 312-236-9381<br><br>By: /s/ Todd A. Smith<br><br>*Plaintiffs' Economic Damages Track Co-Lead Counsel* |
|---|---|

| **BOIES, SCHILLER & FLEXNER LLP** <br> David Boies, Esq. <br> Motty Shuhnan, Esq. (FBN 175056) <br> 333 Main Street <br> Armonk, NY 10504 <br> Tel: (914) 749-8200 <br> Fax: (914) 749-8300 <br> dboies@bsfllp.com <br> mshulman@bsfllp.com <br><br> Stephen N. Zack, Esq. (FBN 145215) <br> Mark J. Heise, Esq. (FBN 771090) <br> 100 Southeast 2nd Street, Suite 2800 <br> Miami, FL 33131 <br> Tel: (305) 539-8400 <br> Fax: (305) 539-1307 <br> szack@bsfllp.com <br> mheise@bsfllp.com <br><br> Richard B. Drubel, Esq. <br> Jonathan R. Voegele, Esq. <br> 26 South Main Street <br> Hanover, NH 03755 <br> Tel: (603) 643-9090 <br> Fax: (603) 643-9010 <br> rdrubel@bsfllp.com <br> jvoegele@bsfllp.com <br><br> By: /s/ David Boies, Esq. <br><br> *Plaintiffs' Economic Damages Track Co-Lead Counsel* | **LIEFF CABRASER HEIMANN AND BERNSTEIN LLP** <br> Elizabeth Cabraser <br> ecabraser@lchb.com <br> Phong-Chau Gia Nguyen <br> pgnguyen@lchb.com <br> Todd Walburg <br> twalburg@lchb.com <br> 275 Battery St., Suite 3000 <br> San Francisco, CA 94111-3339 <br> T: 415-956-1000 <br><br> David Stellings <br> 250 Hudson Street, 8th Floor <br> NY, NY 10012 <br> 212-355-9500 <br> dstellings@lchb.com <br><br> By: /s/ Elizabeth Cabraser <br><br> *Plaintiffs' Steering Committee* |

| | |
|---|---|
| **CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO, PC**<br>James E. Cecchi<br>jcecchi@carellabyrne.com<br>5 Becker Farm Road<br>Roseland, NJ  07068-1739<br>T: 973 994-1700<br>f: 973 994-1744<br><br>By: /s/ James E. Cecchi<br><br>*Plaintiffs' Steering Committee* | **BARON & BUDD, PC**<br>Roland Tellis<br>rtellis@baronbudd.com<br>David Fernandes<br>dfernandes@bardonbudd.com<br>Mark Pifko<br>mpifko@baronbudd.com<br>15910 Ventura Blvd., Suite 1600<br>Encino, CA 91436<br>T: 818-839-2333<br><br>J.Burton LeBlanc<br>9015 Bluebonnet Blvd.<br>Baton Rouge, LA 70810<br>T: 225-761-6463<br><br>By: /s/ Roland Tellis<br><br>*Plaintiffs' Steering Committee* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on November 10, 2015, with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmissions of Notices of Electronic Filing generated by CM/ECF.

By: /s/Peter Prieto
Peter Prieto