UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Master File No. 15-2599
MDL No. 15-2599

IN RE: TAKATA AIRBAG PRODUCTS   )
LIABILITY LITIGATION            )
_____

THIS DOCUMENT RELATES TO ALL    )
ACTIONS                         )

**SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING
DISPUTED PROVISION OF PROPOSED STIPULATED ORDER
REGARDING THE PROTOCOL GOVERNING PRODUCTION OF DOCUMENT
AND ELECTRONICALLY STORED INFORMATION**

This matter came before the Special Master to address a dispute regarding Section X of the parties' proposed Stipulated Order Regarding the Protocol Governing Production of Documents and Electronically Stored Information ("ESI Protocol"). Following extensive negotiations and conferences with the Special Master, the parties have reached an agreement as to a number of issues. One issue, however, remains in dispute, and the undersigned issues the following report and recommendation, recommending entry of the proposed ESI Protocol attached as Exhibit A.

Background

Pursuant to Rule 53 of the Federal Rules of Civil Procedure, the Court appointed the undersigned to serve as Special Master to attempt, among other things, to resolve informally any discovery disputes. [ECF No. 453] The Court instructed that if unable to resolve an issue, the Special Master is to issue a report and recommendation to the Court on any pending discovery dispute.

1

On September 30, 2015, the Plaintiffs moved for entry of an ESI production protocol. The motion addressed a number of issues, including: identifying potentially relevant electronic data that is inaccessible or incapable of being processed for production, providing attachment information for scanned hard-copy documents, meeting and conferring regarding production of embedded data "pulled" from other sources, and extensively redacting non-responsive or irrelevant information. The Defendants responded on October 13, 2015. The parties appeared at a telephonic hearing with the Special Master on October 21, 2015 to address remaining issues. The parties argued their respective positions and the undersigned made suggestions about the proposals advanced and how the parties might overcome their disagreement on provisions through a further meet and confer session.

Following the hearing, on November 9, 2015, the parties submitted to the undersigned revised positions and both provided amended proposals. (Plaintiffs' submission is attached as Exhibit B, and Defendants' response is attached as Exhibit C.) The parties stated that they had reached agreement as to all disputed issues, with the exception of Section X, dealing with production and redaction of irrelevant documents and irrelevant information. The parties indicated they were unable to reach agreement on this section and requested assistance of the undersigned.

<u>Disputed Provisions of Section X</u>

As reflected in their November 9th submissions, Plaintiffs' proposed Section X provides:

> Irrelevant attachments to responsive parent documents may be withheld from production provided that the responsive families are Bates numbered prior to production and a list of the removed irrelevant Bates-numbered documents, or a slip sheet for the removed irrelevant document indicating in substance "irrelevant attachment omitted," is provided and indicated in the metadata load file.
>
> In addition, a producing party may redact competitively sensitive irrelevant information from otherwise responsive documents, provided

that the redacted document is stamped in substance "irrelevant competitively sensitive material redacted" and the category/type of competitively sensitive irrelevant information being redacted is indicated within the redaction stamp, or provided in a list accompanying the production, or included in the metadata load file. Only categories/types of competitively sensitive irrelevant information that are agreed to by the parties in advance may be redacted from otherwise responsive documents under this protocol.

Defendants, on the other hand, propose the following:

Irrelevant documents in an otherwise responsive document family may be withheld from production provided that the responsive families are Bates numbered prior to production and a list of the removed irrelevant Bates-numbered documents, or a slip sheet for the removed non-responsive document indicating in substance "irrelevant attachment omitted," is provided and indicated in the metadata load file.

In addition, a producing party may redact the following categories of irrelevant information (i.e., information unrelated to Takata airbag inflators) from within otherwise responsive documents, provided that the redacted document is stamped in substance "irrelevant material redacted" and the category/type of irrelevant (i.e., non Takata airbag inflator) information being redacted is indicated within the redaction stamp, or provided in a list accompanying the production, or included in the metadata load file:

    a) Pricing, profits, non-public financial information;
    b) Parts, suppliers, or costs;
    c) Design, development, and engineering;
    d) Marketing and business strategy;
    e) Other makes and models;
    f) Non-US products; and
    g) Service and quality issues.

Thus, the parties agree that irrelevant *attachments* may be withheld from production provided the responsive families are Bates numbered prior to production and a list of the removed irrelevant Bates-numbered documents, or a slip sheet for the removed non-responsive or irrelevant document indicating in substance "irrelevant attachment omitted," is provided and indicated in the metadata load file. They also agree that certain categories of competitively sensitive irrelevant information may be redacted from otherwise responsive documents,

3

regardless of whether that information appears in an attachment or a parent document (provided the document is stamped, and the category or type of competitively sensitive irrelevant information is indicated). The main points of contention between the two proposals are limited, namely (1) whether redactions of irrelevant material should be limited to competitively sensitive information only or should be permitted to include material falling within the categories identified by Defendants as well; and (2) whether irrelevant documents in an otherwise responsive document family (other than attachments) should be withheld from production to the same degree as attachments.

As to the former issue regarding redactions, Plaintiffs state that although they view irrelevance redactions as inappropriate, "as a compromise only," they agree to permit redactions for agreed upon categories or types of competitively sensitive irrelevant information. They do not, however, specify what those categories of information should be and instead provide only that the categories must be "agreed to by the parties in advance." As set forth above, Defendants propose specific categories and contend that the parties have been unable to reach agreement on the categories of irrelevant information that may be redacted.

Regarding the latter issue, Plaintiffs argue that withholding irrelevant parent documents of otherwise responsive documents could hamper their ability to understand the responsive information because the parent document provides "the context in which the responsive attachment was created and provides information regarding why and to whom it was sent, among other things." Defendants, on the other hand, argue that irrelevant information that is not necessarily competitively sensitive should be subject to redaction, stating that "[u]sing the ESI protocol as a proxy to permit overly broad discovery that is really just a fishing expedition involving uninvolved vehicles, airbag supplies, and issues should not be permitted."

Recommendation

1.   Redaction of irrelevant information

Although irrelevance redactions, which have not gained universal acceptance in courts, may lead to a host of issues down the road as the litigation progresses, the undersigned is not going to disturb the agreement between the parties that was obviously the work of conscientious negotiations. The parties have created a framework permitting the redaction of irrelevant information from documents and the exclusion from production of irrelevant attachments.

The disagreement as to this issue involves the categories of irrelevant information that may be redacted. Plaintiffs argue the redactions should be limited to competitively sensitive information that falls into certain unidentified categories that the parties must agree on at some point in the future. Defendants, on the other hand, have proposed a list of specific categories, the majority of which appear to involve competitively sensitive information. Plaintiffs' objection to many of Defendants' proposed categories is not fully apparent. To the undersigned, therefore, the dispute appears to boil down to the issue of whether a producing party should be permitted to redact information that is irrelevant, not otherwise "competitively sensitive," and that pertains to either makes and models not at issue in this litigation or non-US products also not at issue in this litigation (categories (e) and (f)).[1]

Since the parties are willing to allow redaction of irrelevant information, redaction of information pertaining to makes and models not at issue in this litigation and non-U.S. products appears reasonable and unlikely to pose a hardship on the non-producing parties. Plaintiffs' failure to propose an alternative list of topics or to articulate why they would need information

---

[1] Although Plaintiffs have not specifically articulated which categories contain irrelevant information that is something other than that which would qualify as "competitively sensitive" information, Plaintiffs' objection remains as does the resulting analysis by the undersigned.

5

that is by definition irrelevant and deals with makes and models not at issues in the litigation and non-U.S. products leaves the undersigned choosing between an indefinite, potentially amorphous standard and a specific set of categories that appear to be well-tailored to the issues. As the parties have been unable to reach agreement on the approved categories, the undersigned therefore will recommend to the Court the adoption of Defendants' proposed second paragraph.

2. <u>Withholding irrelevant documents from otherwise responsive document family</u>

The parties have agreed to the withholding of irrelevant attachments (otherwise known as "child documents"), presumably because neither party sees the need to expand what will likely be an enormous production of relevant documents.

The issue of whether only irrelevant attachments may be withheld from production, or whether it is permissible to withhold irrelevant parent documents or documents with a family relationship other than a child or attachment is largely rendered moot in light of the above recommendation concerning redactions, at least as to Defendants' proposed categories. Neither party suggested that redactions of irrelevant information should be limited to attachments. Thus, under the redaction approach recommended above, the parties may redact irrelevant information from any document, including parent documents. To the extent there is disagreement about redacting vs. withholding parent documents, the undersigned finds that withholding is permissible with the following qualification. To satisfy the Plaintiffs' concern regarding the context of responsive attachments, the undersigned recommends that the producing party be required to disclose certain basic information from withheld parent documents, that is, information concerning the type of document (e.g., email, memorandum, fax, etc.), the date, the sender / author, recipient, and subject line or category of Defendants' proposed paragraph X into

which the document falls. Responsive parent documents that do not fall within one of the categories for permissible redaction must be produced.

3.  Recommended Section X

Having reviewed the parties' submissions and having heard and considered the parties' positions, the Special Master recommends that the Court adopt the following language for the disputed Section X:

> X.  **Irrelevant Documents and Information**
>
> Irrelevant attachments to responsive parent documents may be withheld from production provided that the responsive families are Bates numbered prior to production and a list of the removed irrelevant Bates-numbered documents, or a slip sheet for the removed irrelevant document indicating in substance "irrelevant attachment omitted," is provided and indicated in the metadata load file.
>
> A producing party may withhold from production irrelevant documents in an otherwise responsive document family if the irrelevant documents fall within one of the categories of irrelevant information listed below, provided that the responsive families are Bates numbered prior to production and a list of the removed irrelevant Bates-numbered documents, or a slip sheet for the removed non-responsive document indicating in substance "irrelevant document omitted" and the category/type of irrelevant (i.e., non Takata airbag inflator) information being withheld is provided and indicated in the metadata load file. For irrelevant documents withheld from production under this paragraph, the producing party must additionally disclose the type of document withheld (e.g., email, memorandum, fax, etc.), the sender(s), recipient(s), and subject line.
>
> In addition, a producing party may redact the following categories of irrelevant information (i.e., information unrelated to Takata airbag inflators) from within otherwise responsive documents, provided that the redacted document is stamped in substance "irrelevant material redacted" and the category/type of irrelevant (i.e., non Takata airbag inflator) information being redacted is indicated within the redaction stamp, or provided in a list accompanying the production, or included in the metadata load file:
>
>> a)  Pricing, profits, non-public financial information;
>> b)  Parts, suppliers, or costs;
>> c)  Design, development, and engineering;

    d) Marketing and business strategy;
    e) Other makes and models;
    f) Non-US products; and
    g) Service and quality issues.

The Special Master believes that this approach balances the parties' respective approaches. For the foregoing reasons, the Special Master recommends entry of the proposed ESI Protocol with the above-proposed Section X, attached as Exhibit A.

PURSUANT TO THE COURT'S ORDER OF APPOINTMENT OF SPECIAL MASTER [ECF NO. 453], OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION MUST BE FILED WITHIN 5 DAYS OF THE FILING OF THE REPORT, WITH A RESPONSE DUE BY OPPOSING COUNSEL WITHIN 5 DAYS OF THE FILING OF THE OBJECTIONS.

                Respectfully submitted,

                /s/ John Delionado
                John J. Delionado, Esq.
                Special Master
                Florida Bar No. 0499900
                *jdelionado@hunton.com*
                HUNTON & WILLIAMS LLP
                1111 Brickell Avenue
                Suite 2500
                Miami, FL 33131
                Tel: (305)536-2752
                Fax: (305) 810-1678

Copies provided:
Counsel of record