**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**MDL No. 2599**
**Master File No. 15-2599-MD-MORENO**
**15-20664-CV-MORENO**

IN RE:

TAKATA AIRBAG PRODUCTS
LIABILITY LITIGATION

_____

THIS DOCUMENT RELATES TO:

*PERSONAL INJURY TRACK CASES*

_____

### DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED PERSONAL INJURY TRACK COMPLAINT

In response to Plaintiffs' Second Amended Consolidated Personal Injury Track Complaint ("Second Amended Complaint") (ECF No. 578), the Defendant, American Honda Motor Co., Inc. ("AHM"), denies each matter alleged against AHM in the Second Amended Complaint except those matters specifically admitted or qualifiedly answered below.

### NATURE OF CLAIMS

1.     AHM admits that all Honda entities are deeply committed to the safety of the driving public.  AHM denies that it is an airbag supplier, an airbag manufacturer, or an automobile manufacturer.  AHM is the exclusive distributor of Honda products within the United States, Puerto Rico, and the U.S. Virgin Islands.  AHM distributes Honda products through networks of independent dealers throughout the United States.  Honda Motor Co., Ltd. ("HMC") denies that it is  an airbag supplier or an airbag manufacturer.  HMC manufactures, fabricates, and assembles Honda products, some of

which are imported by AHM. Defendant Honda of America Mfg., Inc. ("HAM") denies that it is   an airbag supplier or an airbag manufacturer. HAM manufactures and assembles certain Honda automobiles, some of which are distributed by AHM.  Defendant Honda R&D Co., Ltd. ("HRD") denies that it is  an airbag supplier, an airbag manufacturer, or an automobile manufacturer.  HRD designs and conducts development testing of products manufactured by HMC.  AHM admits that under certain crash conditions the supplemental restraint systems in Honda vehicles are activated in order to protect vehicle occupants.  AHM denies all remaining allegations in paragraph 1 of the Second Amended Complaint.

2.     AHM denies that it is an airbag supplier.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.  AHM denies all remaining allegations in paragraph 2 of the Second Amended Complaint.

3.      AHM admits that this purports to be an action pertaining, in part, to certain Honda vehicles equipped with airbag systems that are designed, manufactured, and/or assembled by one or more of the Takata entities.  AHM denies liability for the matters alleged in the Second Amended Complaint that pertain to Honda vehicles, and denies that the airbags at issue in this litigation share a common, uniform defect.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.  AHM denies all remaining allegations in paragraph 3 of the Second Amended Complaint.

4.     AHM denies that the airbags at issue in this litigation share a common, uniform defect.  AHM admits that the airbag module assembly is composed of various

components, including the bag and the inflator which in turn includes propellant wafers or pellets and booster material; that the purpose of the inflator is to inflate an airbag cushion in the interior of the vehicle upon receipt of an activation signal; that the inflator works by receiving the specified ignition current from the airbag system, thereby causing the airbag to deploy; that upon application of the electronic pulse(s), the inflator ignites the booster propellant which ignites the auto-ignition material which in turn ignites primary propellant; and that the gas produced from the propellant exhaust exits the inflator and inflates the bag.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.  AHM denies all remaining allegations in paragraph 4 of the Second Amended Complaint.

5.      AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Second Amended Complaint.

6.      AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Second Amended Complaint.

7.      AHM denies that the airbags at issue in this litigation share a common, uniform defect.  AHM admits that certain Takata inflators in airbag modules that were designed, manufactured, and/or assembled by one or more of the Takata entities have ruptured in certain incidents involving Honda vehicles and that certain occupants of those vehicles have sustained personal injuries.  AHM denies all remaining allegations in paragraph 7 of the Second Amended Complaint.

8.      AHM denies the allegations in paragraph 8 of the Second Amended Complaint.

9.      AHM admits, on information and belief, that the primary propellant in Takata inflators is a proprietary chemical formulation developed by Takata and is primarily composed of phase stabilized ammonium nitrate.  AHM also admits that it is aware of historical quality control issues at certain Takata plants.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.  AHM denies all remaining allegations in paragraph 9 of the Second Amended Complaint.

10.     AHM denies the allegations in paragraph 10 of the Second Amended Complaint that are directed at AHM.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.  AHM denies all remaining allegations in paragraph 10 of the Second Amended Complaint.

11.     AHM admits that AHM is aware of a May 2, 2004, incident involving a 2002 Honda Accord that occurred in Alabama in which a Takata inflator in a driver airbag inflator ruptured; admits that Takata was notified of the May 2, 2004, incident; admits that Takata reported back and characterized the May 2, 2004, incident as an anomaly; admits that AHM informed the National Highway Traffic Safety Administration ("NHTSA") of the May 2, 2004, incident in compliance with the Early Warning Reporting ("EWR") requirements of the TREAD Act; and admits that the May 2, 2004, incident was the first known rupture of a Programmable Smokeless Drivers Inflator ("PSDI") in a Honda vehicle.  AHM denies all remaining allegations in paragraph 11 of the Second Amended Complaint.

12.     AHM admits that it filed a Part 573 Defect and Noncompliance Report for

Recall 08V-593 on November 11, 2008.  AHM also admits that when Recall 08V-593 was initiated, AHM was aware of incidents involving ruptures of Takata inflators in Honda vehicles that occurred on May 2, 2004; February 9, 2007; May 12, 2007; May 29, 2007; and June 22, 2008.  AHM denies all remaining allegations in paragraph 12 of the Second Amended Complaint.

13.     AHM admits, on present information and belief, that in 2008 Honda of America Mfg., Inc. ("HAM") collected inflators that HAM provided to Takata for testing. AHM denies the other allegations of paragraph 13 of the Second Amended Complaint that are directed at AHM.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.  AHM denies all remaining allegations in paragraph 13 of the Second Amended Complaint.

14.     AHM admits that AHM initiated recalls in 2009, 2010, and 2011, but denies plaintiffs' characterization of these recalls.  AHM denies all remaining allegations in paragraph 14 of the Second Amended Complaint.

15.     AHM admits that in 2013, AHM initiated recalls relating to certain vehicles equipped with Takata inflators.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.  AHM denies all remaining allegations in paragraph 15 of the Second Amended Complaint.

16.     AHM denies the matters alleged in paragraph 16 of the Second Amended Complaint that are directed at AHM.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as

to the truth of such allegations.

17.     AHM admits, on present information and belief, that it is aware of a letter from NHTSA to TK Holdings Inc., dated November 26, 2014, Re: PE14-016 – Air bag Inflators, Recall Request Letter and admits, on present information and belief, that Takata representatives have testified at Congressional hearings, and refers the Court to the transcripts of that testimony.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.  AHM denies all remaining allegations in paragraph 17 of the Second Amended Complaint.

18.     AHM admits that in 2014, AHM initiated recalls relating to certain vehicles equipped with Takata inflators.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.  AHM denies all remaining allegations in paragraph 18 of the Second Amended Complaint.

19.     AHM denies the allegations in paragraph 19 of the Second Amended Complaint that are directed at AHM.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.

20.     AHM admits, on present information and belief, that Takata submitted four Defect Information Reports dated May 18, 2015 to NHTSA pertaining to certain driver and passenger airbag inflators, and refers the Court to the contents of those reports. AHM also admits, on present information and belief, that on May 18, 2015, Takata entered into a Consent Order with NHTSA in In re EA15-001 Air Bag Inflator Rupture,

and refers the Court to the contents of that order.  AHM admits, on present information and belief, that Takata representatives testified at Congressional hearings, and refers the Court to the transcripts of that testimony.  AHM denies the allegation of paragraph 20 to the extent it quotes or characterizes the cited documents incompletely, inaccurately, or out of context.  AHM denies all remaining allegations in paragraph 20 of the Second Amended Complaint.

21.    AHM admits, on present information and belief, that Takata submitted to NHTSA four Defect Information Reports pertaining to certain driver and passenger airbag inflators, dated May 18, 2015, and refers the Court to the contents of those reports.  AHM denies all remaining allegations in paragraph 21 of the Second Amended Complaint.

22.    AHM admits that AHM utilizes information provided by Takata to identify which Honda vehicles are subject to the Takata inflator recalls. AHM admits, on present information and belief, that Takata does not know exactly which Honda vehicles are equipped with Takata inflators that are subject to recalls.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.  AHM denies all remaining allegations in paragraph 22 of the Second Amended Complaint.

23.    AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Second Amended Complaint.

24.    AHM denies the matters alleged in paragraph 24 of the Second Amended Complaint that are directed at AHM.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as

to the truth of such allegations.

25.     AHM denies the matters alleged in paragraph 25 of the Second Amended Complaint that are directed at AHM.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.

26.     AHM admits, on present information and belief, that on February 20, 2015, NHTSA issued a press release entitled U.S. Transportation Secretary Foxx Calls on Congress to Authorize New Enforcement Tools for NHTSA and Levies Fine on Takata, and refers the Court to the contents of the press release.  AHM denies all remaining allegations in paragraph 26 of the Second Amended Complaint.

27.     AHM denies the matters alleged in paragraph 27 of the Second Amended Complaint that are directed at AHM.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.

28.     AHM denies the matters alleged in paragraph 28 of the Second Amended Complaint that are directed at AHM.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.

## PURPOSE AND FUNCTION OF THIS COMPLAINT

29.     AHM admits that this Court issued an Order Appointing Plaintiffs' Counsel and Setting Schedule (ECF No. 393), dated March 17, 2015, and admits that plaintiffs filed their Second Amended Consolidated Personal Injury Track Complaint (ECF No. 578, on June 15, 2015, and refers the Court to the contents of that Complaint.  AHM

denies liability for the matters alleged against it in the Second Amended Complaint.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations. AHM denies all remaining allegations in paragraph 29 of the Second Amended Complaint.

30.     AHM admits that this Court issued an Order Appointing Plaintiffs' Counsel and Setting Schedule (ECF No. 393), dated March 17, 2015, and refers the Court to the contents of that order.  AHM denies all remaining allegations in paragraph 30 of the Second Amended Complaint.

31.     AHM admits that plaintiffs filed their Second Amended Consolidated Personal Injury Track Complaint (ECF No. 578), on June 15, 2015, and refers the Court to the contents of that Complaint.  AHM denies all remaining allegations in paragraph 31 of the Second Amended Complaint.

32.     The allegations in paragraph 32 of the Second Amended Complaint constitute conclusions of law to which no response is required.   To the extent a response is required, AHM denies the matters alleged in paragraph 32 of the Second Amended Complaint.

33.     Paragraph 33 of the Second Amended Complaint does not appear to contain any allegations against AHM, and AHM lacks knowledge or information sufficient to form a belief as to the truth of those allegations.   To the extent that paragraph 33 of the Second Amended Complaint are intended to direct any allegations against AHM, they are denied.

## JURISDICTION AND VENUE

34.     AHM admits, on present information and belief, that the United States District Court for the Southern District of Florida currently has jurisdiction over the subject matter of this action.  However, AHM reserves all defenses and the right to challenge this Court's subject matter jurisdiction if it discovers information that would deprive this Court of subject matter jurisdiction.  AHM denies all remaining allegations in paragraph 34 of the Second Amended Complaint.

35.     AHM admits that the Judicial Panel on Multidistrict Litigation entered a Transfer Order (ECF No. 305) dated February 5, 2015, and refers the Court to the contents of that order.  AHM reserves all defenses that venue is improper or inconvenient in the Southern District of Florida.  AHM denies all remaining allegations in paragraph 35 of the Second Amended Complaint.

36.     The allegations in paragraph 36 are directed at other defendants.  AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Second Amended Complaint.

37.     AHM denies the matters alleged in paragraph 37 of the Second Amended Complaint.  AHM denies it committed tortious acts and denies any liability for damages or other relief sought in this action.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.   AHM denies all remaining allegations in paragraph 37 of the Second Amended Complaint.

## THE PARTIES

### A.     PERSONAL INJURY TRACK PLAINTIFFS

38.     AHM denies that the table embedded in paragraph 38 is an accurate

listing of the Personal Injury Track Plaintiffs; and refers the Court to its December 17, 2015, Orders.  (ECF Nos. 884, 886 – 887)

B.     **TAKATA DEFENDANTS**

39.     The allegations in paragraph 39 are directed at other defendants.  AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.

40.     The allegations in paragraph 40 are directed at other defendants.  AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.

41.     AHM admits that the Second Amended Complaint purports to collectively refer to Defendants Takata Corporation and TK Holdings Inc. as "Takata" or "the Takata Defendants."  AHM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 of the Second Amended Complaint.

C.     **VEHICLE MANUFACTURER DEFENDANTS**

42.     AHM admits that Honda Motor Co., Ltd. ("HMC") is a Japanese company organized under the laws of Japan with its principal place of business in Tokyo, Japan. AHM admits that HMC manufactures, fabricates and assembles Honda products some of which are imported by AHM which in turn distributes them to independently owned authorized dealers in the United States.   AHM denies all remaining allegations in paragraph 42 of the Second Amended Complaint.

43.     AHM denies that it can be characterized as a "Vehicle Manufacturer Defendant" because AHM is not a vehicle manufacturer, and incorporates by reference

its answer to paragraph 1.  AHM admits that AHM is a California corporation with its principal place of business in Torrance, California, and admits that AHM is a wholly owned subsidiary of HMC.  AHM admits that HMC manufactures, fabricates, and assembles Honda products which AHM imports and distributes to independently owned authorized dealers in the United States; and admits that AHM is the exclusive distributor of Honda products in the United States.  AHM denies the remaining allegations in paragraph 43 of the Second Amended Complaint.

44.    AHM admits that Honda of America Mfg., Inc. ("HAM") is an Ohio corporation with its principal place of business in Marysville, Ohio; admits that HAM manufactures and assembles certain Honda automobiles; and admits that HAM is jointly owned by HMC and AHM.  AHM denies the remaining allegations in paragraph 44 of the Second Amended Complaint.

45.    AHM admits that Honda R&D Co., Ltd. ("HRD") is a Japanese corporation organized under the laws of Japan with its principal place of business in Wako City, Japan.  AHM denies that HRD can be characterized as a "Vehicle Manufacturer Defendant" because HRD is not a vehicle manufacturer.  AHM further admits that HRD is a wholly owned subsidiary of HMC and that HRD designs and conducts development testing of products manufactured by HMC.  AHM denies all remaining allegations in paragraph 45 of the Second Amended Complaint.

46.    AHM admits that Takata and/or one of its affiliated entities was responsible for  the design, manufacture, assembly, and testing of the frontal airbag system including validation of the entire airbag module assembly incorporated in certain Honda vehicles, including all component parts developed, designed, manufactured

and/or tested by its sub-suppliers.  AHM denies that HMC, HRD, HAM, AHM, or their business activities are collectively or jointly engaged in the matters alleged in the Second Amended Complaint and denies these entities can properly be referred to "collectively" for any purpose in the Second Amended Complaint.  AHM denies all remaining allegations in paragraph 46 of the Second Amended Complaint.

47.    The allegations in paragraph 47 are directed at other defendants.  AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.

48.    The allegations in paragraph 48 are directed at other defendants.  AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.

49.    The allegations in paragraph 49 are directed at other defendants.  AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.

50.    The allegations in paragraph 50 are directed at other defendants.  AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.

51.    The allegations in paragraph 51 are directed at other defendants.  AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.

52.    The allegations in paragraph 52 are directed at other defendants.  AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.

53.     AHM denies that HMC, HRD, HAM, AHM, and/or any other named defendant or their business activities are collectively or jointly engaged in the matters alleged in the Second Amended Complaint and denies these entities can properly be referred to "collectively" for any purpose in the Second Amended Complaint.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.

D.      **DEFENDANTS NAMED IN CERTAIN COMPLAINTS**

54.     The allegations in paragraph 54 are directed at other defendants.  AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.

**GENERAL FACTUAL ALLEGATIONS**

55.     AHM admits that this purports to be an action for personal injury or wrongful death.  However, AHM denies any liability for damages or other relief sought in this action.   AHM denies all remaining allegations in paragraph 55 of the Second Amended Complaint.

56.     AHM denies the matters alleged in paragraph 56 of the Second Amended Complaint that are directed at AHM.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.

57.     AHM admits that AHM initiated recalls relating to certain vehicles equipped with Takata inflators but denies AHM's recalls are "partial, misleading, and ultimately ineffective."  AHM admits, on present information and belief, that Takata and other auto manufacturers have initiated recalls relating to certain vehicles equipped with

Takata inflators.  AHM admits that embedded in paragraph 57 is a table allegedly identifying "recalled vehicles by manufacturer, and which the front airbags were included in the recall for each vehicle (driver or passenger)."  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.  AHM denies all remaining allegations in paragraph 57 of the Second Amended Complaint.

58.    AHM admits that Takata and/or one of its affiliated entities develops, designs, manufactures, and sells driver and passenger frontal airbag module systems. AHM denies all remaining allegations in paragraph 58 of the Second Amended Complaint.

59.    AHM admits that Takata and/or one of its affiliated entities develops, designs, manufactures, and sells driver and passenger frontal airbag module systems that are equipped in certain Honda vehicles and, on present information and belief, equipped in certain vehicles manufactured by other manufacturers.  AHM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 59 of the Second Amended Complaint.

60.    AHM admits that the airbag module assembly is composed of various components, including the bag and the inflator, which in turn includes propellant wafers or tablets and booster material, and that the driver side airbag module assembly fits in the steering wheel housing of the vehicle whereas the passenger side airbag module assembly fits within the vehicle's dashboard area; admits that the purpose of the inflator is to inflate an airbag cushion in the interior of the vehicle upon receipt of an activation signal; admits that the inflator works by receiving the specified ignition current from the

airbag system, causing the airbag to deploy; that upon application of the electronic pulse(s), the inflator ignites the booster propellant, which ignites the auto-ignition material, which in turn ignites primary propellant; and admits that the gases produced from the propellant wafer exhaust exits the inflator and inflates the bag.  AHM denies all remaining allegations in paragraph 60 of the Second Amended Complaint.

61.    AHM admits that the purpose of the inflator is to inflate an airbag cushion in the interior of the vehicle upon receipt of an activation signal; admits that the inflator works by receiving the specified ignition current from the airbag system, causing the airbag to deploy; admits that upon application of the electronic pulse(s), the inflator ignites the booster propellant, which ignites the auto-ignition material, which in turn ignites the primary propellant; and admits that the gases produced from the propellant wafer exhaust exits the inflator and inflates the bag.   AHM denies all remaining allegations in paragraph 61 of the Second Amended Complaint.

62.    AHM admits that the airbag inflator is a metal canister, which includes propellant wafers or tablets and booster material; admits that the purpose of the inflator is to inflate an airbag cushion in the interior of the vehicle upon receipt of an activation signal; that the inflator works by receiving the specified ignition current from the airbag system, causing the airbag to deploy; admits that upon application of the electronic pulse(s), the inflator ignites the booster propellant, which ignites the auto-ignition material which in turn ignites the primary propellant; and admits that the gases produced from the propellant wafer exhaust exits the inflator and inflates the bag.  AHM denies all remaining allegations in paragraph 62 of the Second Amended Complaint.

63.    AHM admits that embedded in paragraph 63 of the Second Amended

Complaint is an illustration allegedly depicting a driver side "Takata's airbag module." AHM denies all remaining allegations in paragraph 63 of the Second Amended Complaint.

64.     AHM admits that under certain crash conditions the supplemental restraint systems in Honda vehicles are activated in order to protect vehicle occupants.  AHM denies all remaining allegations in paragraph 64 of the Second Amended Complaint.

65.     AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Second Amended Complaint.

66.     AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Second Amended Complaint.

67.     AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Second Amended Complaint.

68.     AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Second Amended Complaint.

69.     AHM denies the allegations in paragraph 69 of the Second Amended Complaint.

70.     AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Second Amended Complaint.

71.     AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Second Amended Complaint.

72.     AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Second Amended Complaint.

73.     AHM admits, on present information and belief, that Takata

representatives have testified at Congressional hearings, and refers the Court to the contents of the transcripts of that testimony.  AHM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 73 of the Second Amended Complaint.

74.     AHM admits that on November 19, 2014, the *New York Times* published an article by Hiroko Tabuchi titled "Takata's Switch to Cheaper Airbag Propellant Is at Center of Crisis", and refers the Court to the contents of that article. AHM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 74 of the Second Amended Complaint. AHM denies the allegations of paragraph 74 to the extent that they quote or characterize the article incompletely, inaccurately, or out of context.  AHM denies all remaining allegations in paragraph 74 of the Second Amended Complaint.

75.     AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Second Amended Complaint.

76.     AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Second Amended Complaint.

77.     AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Second Amended Complaint.

78.     AHM admits that Takata manufactured propellant for inflators to be placed in certain of its airbag module assemblies at its plant located in Moses Lake, Washington; admits that Takata manufactured and assembled inflators for certain of its airbag module assemblies in its plant in LaGrange, Georgia until March 31, 2005, when that facility closed; and admits that Takata manufactured and assembled inflators and

modules for certain airbag module assemblies in its plant in Monclova, Mexico.  AHM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 78 of the Second Amended Complaint.

79.    AHM admits that Honda North America, Inc.'s Executive Vice President Rick Schostek and Takata's representative Hiroshi Shimizu testified at a December 3, 2014, Congressional hearing and directs the Court to the transcripts of that testimony. AHM denies all remaining allegations in paragraph 79 of the Second Amended Complaint.

80.    AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Second Amended Complaint.

81.    AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Second Amended Complaint.

82.    AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Second Amended Complaint.

83.    AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Second Amended Complaint.

84.    AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Second Amended Complaint.

85.     AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Second Amended Complaint.

86.    AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Second Amended Complaint.

87.    AHM is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 87 of the Second Amended Complaint.

88.    AHM admits that General Motors filed a Part 573 Defect and Noncompliance Report for Recall 14V-372 and refers the Court to the contents of that report; and admits that Takata filed a Defect Information Report for Recall 15E-040 and refers the Court to the contents of that report.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.  AHM denies all remaining allegations in paragraph 88 of the Second Amended Complaint.

89.    AHM admits that the first dual stage passenger airbag module assemblies were introduced in certain Honda vehicles in 1998 and that some of these airbag module assemblies were manufactured by Takata.  AHM denies that the airbags at issue in this litigation share a common, uniform defect.  AHM denies all remaining allegations in paragraph 89 of the Second Amended Complaint.

90.    AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Second Amended Complaint.

91.    AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Second Amended Complaint.

92.    AHM admits that it is aware of a May 2, 2004, incident involving a 2002 Honda Accord that occurred in Alabama in which a Takata inflator in a driver airbag inflator ruptured; ; admits that Takata characterized the May 2, 2004, as an anomaly; admits that AHM informed NHTSA of the May 2, 2004, incident in compliance with the EWR requirements of the TREAD Act; and admits that the May 2, 2004, incident was the first known rupture of a PSDI inflator in a Honda vehicle.  AHM denies all remaining

allegations in paragraph 92 of the Second Amended Complaint.

93.     AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Second Amended Complaint.

94.     AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Second Amended Complaint,.

95.     AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the Second Amended Complaint.

96.     AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the Second Amended Complaint.

97.     AHM denies the matters alleged in paragraph 97 of the Second Amended Complaint that are directed at AHM.  To the extent any of the remaining allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.

98.     AHM admits that in 2007, AHM became aware of three incidents that occurred on February 9, 2007, May 12, 2007, and May 29, 2007; and admits that Takata was notified of these incidents.   AHM denies all remaining allegations in paragraph 98 of the Second Amended Complaint.

99.     AHM admits that after the 2007 incidents, Takata, with HAM's support and cooperation, began an investigation to determine the root cause of Takata airbag inflator ruptures, including analysis of inflators collected by Takata from salvage yards, and healthy and suspect inflators collected by HAM.   AHM denies all remaining allegations in paragraph 99 of the Second Amended Complaint.

100.    AHM admits that beginning in July 2007, Takata began an investigation

into the cause of Takata airbag inflator ruptures.  AHM denies all remaining allegations in paragraph 100 of the Second Amended Complaint.

101.   AHM admits that AHM is aware of incidents that occurred on May 2, 2004, February 9, 2007, May 12, 2007, and May 29, 2007, and admits that confidential settlements were reached in connection with these incidents.  AHM denies all remaining allegations in paragraph 101, including subparts (a)-(b), of the Second Amended Complaint.

a.      AHM admits, on present information and belief, that AHM received a customer relations complaint on July 25, 2008 relating to an incident that occurred on June 22, 2008.

b.      AHM is without knowledge or information sufficient to form a belief about the truth of thse matters alleged in paragraph 101(b) because paragraph 101(b) does not specifically describe the alleged September 11, 2008, complaint.  AHM denies the allegations in paragraph 101(b) to the extent that they quote or characterize the complaint incompletely, inaccurately, or out of context.   AHM denies all remaining allegations in paragraph 101(b) of the Second Amended Complaint.

102.   AHM admits that AHM is aware of an October 2, 2008, presentation by Takata entitled Presentation to Honda American Manufacturing, and refers the Court to the contents of the presentation.  AHM denies all remaining allegations in paragraph 102 of the Second Amended Complaint.

103.   AHM admits that AHM filed a Part 573 Defect and Noncompliance Report for Recall 08V-593 on November 11, 2008, and refers to the Court to the contents of the report.  AHM denies all remaining allegations in paragraph 103 of the Second Amended

Complaint.

104. AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Second Amended Complaint.

105. AHM denies all allegations in paragraph 105, including subparts (a)-(d), of the Second Amended Complaint, except as AHM responds further as follows:

(a) AHM admits, on present information and belief, that AHM is aware of an April 27, 2009, incident involving a 2001 Honda Civic that occurred in Florida and in which the driver sustained injuries; admits, on present information and belief, that the 2001 Honda Civic was not included in Recall 08V-593; and admits that notice of the April 27, 2009, incident was received in July 2009.

(b) AHM admits, on present information and belief, that AHM is aware of a May 27, 2009 incident involving a 2001 Honda Accord that occurred in Oklahoma and the driver, Ms. Parham, sustained fatal injuries; and admits, on present information and belief, that the 2001 Honda Accord was not included in Recall 08V-593.

(c) AHM admits, on present information and belief, that AHM is aware of a December 24, 2009, incident involving a 2001 Honda Accord that occurred in Virginia and the driver sustained fatal injuries; and admits a settlement was reached with respect to the December 24, 2009, incident.

(d) AHM admits that by letter dated September 16, 2009, AHM responded to NHTSA's request for additional information regarding Recall 09V-259; and refers the Court to the contents of that letter.

106. AHM admits that, as stated in the Closing Resume for NHTSA Investigation RQ 09-004, that Takata "discovered, upon review of inflators returned from

the 08V-593 recall campaign, some of which fell outside the manufacturing range when Takata suspected the propellant was exposed to elevated moisture, that the source of the defect was more likely due to problems with a specific compression press (Stokes press) used to form the inflator's propellant.   Specifically, the propellant tablets produced by the press were found to be less dense, and therefore more susceptible to overly aggressive combustion during air bag deployment.   Takata identified the manufacturing time frame over which the tablets were shown to have less dense properties as the end of calendar year 2000.  Takata informed Honda of its discovery on or about June 12, 2009."  AHM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 106 of the Second Amended Complaint.

107.   AHM incorporates its response to paragraph 106 of the Second Amended Complaint for its response to paragraph 107 of the Second Amended Complaint.

108.   AHM incorporates its response to paragraph 106 of the Second Amended Complaint for its response to paragraph 108 of the Second Amended Complaint .

109.   AHM admits that it filed a Part 573 Defect and Noncompliance Report for Recall 09V-259 on June 30, 2009, and refers to the Court to the contents of that report. AHM admits, on present information and belief, that Ms. Parham's 2001 Honda Accord was subject to Recall 09V-259; and admits that Ms. Parham died on May 27, 2009. AHM denies all remaining allegations in paragraph 109 of the Second Amended Complaint.

110.   AHM admits that on August 19, 2009, NHTSA sent AHM a request for additional information regarding Recall 09V-259, and refers the Court to the contents of

that request.  AHM denies the allegations of paragraph 110 to the extent that they quote or characterize NHTSA's request incompletely, inaccurately, or out of context; and denies all remaining allegations in paragraph 110 of the Second Amended Complaint.

111.   AHM admits that on August 19, 2009, NHTSA sent AHM a request for additional information regarding Recall 09V-259, and refers the Court to the contents of that request.  AHM denies the allegations of paragraph to the extent that they quote or characterize NHTSA's request 111 incompletely, inaccurately, or out of context; and denies all remaining allegations in paragraph 111 of the Second Amended Complaint.

112.   AHM admits that on August 19, 2009, NHTSA sent AHM a request for additional information regarding Recall 09V-259, and refers the Court to the contents of that request.  AHM denies the allegations of paragraph 112 to the extent that they quote or characterize NHTSA's request incompletely, inaccurately, or out of context; and denies all remaining allegations in paragraph 112 of the Second Amended Complaint.

113.   AHM admits that on September 16, 2009, AHM responded to NHTSA's request for additional information regarding Recall 09V-259, and refers the Court to the contents of that response.  AHM denies the allegations of paragraph 113 to the extent that quote or characterize the response incompletely, inaccurately, or out of context; and denies all remaining allegations in paragraph 113 of the Second Amended Complaint.

114.   AHM admits that on September 16, 2009, AHM responded to NHTSA's request for additional information regarding Recall 09V-259, and refers the Court to the contents of the response.  AHM denies the allegations of paragraph 114 to the extent that they quote or characterize the response incompletely, inaccurately, or out of

context; and denies all remaining allegations in paragraph 114 of the Second Amended Complaint.

115.    AHM admits that on September 16, 2009, AHM responded to NHTSA's request for additional information regarding Recall 09V-259, and refers the Court to the contents of that response.  AHM denies the allegations of paragraph 115 to the extent that they quote or characterize the response incompletely, inaccurately, or out of context; and denies all remaining allegations in paragraph 115 of the Second Amended Complaint.

116.    AHM admits, on present information and belief, that on December 23, 2009, Takata provided a "partial response" to NHTSA's November 20, 2009, request for information and provided a "comprehensive response" on February 19, 2010, and refers the Court to the contents of those responses.  AHM denies all remaining allegations in paragraph 116 of the Second Amended Complaint.

117.    AHM admits, on present information and belief, that on December 23, 2009, Takata provided a "partial response" to NHTSA's November 20, 2009, request for information and provided a "comprehensive response" on February 19, 2010, and refers the Court to the contents of those responses.  AHM denies all remaining allegations in paragraph 117 of the Second Amended Complaint.

118.    AHM admits, on present information and belief, that on December 23, 2009, Takata provided a "partial response" to NHTSA's November 20, 2009, request for information and provided a "comprehensive response" on February 19, 2010, and refers the Court to the contents of those responses.  AHM denies all remaining allegations in paragraph 118 of the Second Amended Complaint.

119.    AHM admits, on present information and belief, that on February 19, 2010, Takata provided a "comprehensive response" to NHTSA's November 20, 2009, request for information, and refers the Court to the contents of that response.  AHM denies the allegations of paragraph 119 to the extent that that quote or characterize that response or request incompletely, inaccurately, or out of context; and denies all remaining allegations in paragraph 119 of the Second Amended Complaint.

120.    AHM admits, on present information and belief, that on February 19, 2010, Takata provided a "comprehensive response" to NHTSA's November 20, 2009, request for information, and refers the Court to the contents of that response.  AHM denies the allegations of paragraph 120 to the extent that they quote or characterize that response incompletely, inaccurately, or out of context; and denies all remaining allegations in paragraph 120 of the Second Amended Complaint.

121.    AHM admits, on present information and belief, that on December 23, 2009, Takata provided a "partial response" to NHTSA's November 20, 2009, request for information and provided a "comprehensive response" on February 19, 2010, and refers the Court to the contents of those documents.  AHM denies the allegations of paragraph 121 to the extent that they quote or characterize the documents incompletely, inaccurately, or out of context; and denies all remaining allegations in paragraph 121 of the Second Amended Complaint.

122.    AHM denies that AHM misrepresented or omitted information to NHTSA in regards to Investigation Number RQ09004.  AHM admits, on present information and belief, that NHTSA closed Investigation Number RQ09004 on May 6, 2010.  To the extent any of the allegations in paragraph 122 are directed at other defendants, AHM is

without knowledge or information sufficient to form a belief as to the truth of such allegations.  AHM denies all remaining allegations in paragraph 122 of the Second Amended Complaint.

123.    AHM admits, on present information and belief, that in 2012, Takata stated that in September of 2001, Takata installed an "auto-reject" function on certain press machines to prevent the production of inadequately compacted propellant wafers and that Takata added a locking mechanism in September 2002 that prevented workers from turning off the "auto-reject" function.  AHM denies all remaining allegations in paragraph 123 of the Second Amended Complaint.

124.    AHM admits that on October 1, 2014, the *Wall Street Journal* published an article by Colum Murphy and Eric Pfanner with the headline "Takata Faces Rocky Road After Recalls," and refers the Court to the contents of the article.  AHM denies the allegations of paragraph 124 to the extent that they quote or characterize the article incompletely, inaccurately, or out of context.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.  AHM denies all remaining allegations in paragraph 124 of the Second Amended Complaint.

125.    AHM admits that AHM is aware of a December 24, 2009, incident involving a 2001 Honda Accord that occurred in Virginia; and admits that the driver sustained fatal injuries.  AHM denies all remaining allegations in paragraph 125 of the Second Amended Complaint.

126.    AHM admits that AHM filed a Part 573 Defect and Noncompliance Report for  Recall 10V-041 on February 9, 2010.  AHM denies all remaining allegations in

paragraph 126 of the Second Amended Complaint.

127.    AHM admits that AHM sent a letter to NHTSA regarding Campaign Number 10V-041, dated February 9, 2010, and refers the Court to the contents of the letter.  AHM denies all remaining allegations in paragraph 127 of the Second Amended Complaint.

128.    Except as expressly admitted, AHM denies any and all allegations in paragraph 128, including subparts (a)-(b), in the Second Amended Complaint and responds further as follows:

(a)    AHM admits that it is aware of an April 2, 2010 incident involving a 2001 Honda Civic that occurred in Georgia; and admits that the driver sustained personal injuries.  AHM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 128(a) of the Second Amended Complaint.

(b)    AHM admits that it is aware of a November 8, 2010 incident involving a 2002 Honda Civic that occurred in the U.S. Virgin Islands; and admits that the driver sustained personal injuries.   AHM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 128(b) of the Second Amended Complaint.

129.    AHM admits that AHM filed a Part 573 Defect and Noncompliance Report for Recall 11V-260, dated April 27, 2011, and refers the Court to the contents of that report.  AHM denies all remaining allegations in paragraph 129 of the Second Amended Complaint.

130.    AHM admits that AHM filed a Part 573 Defect and Noncompliance Report

for Recall 11V-260, dated December 1, 2011, and refers the Court to the contents of that report.  AHM denies all remaining allegations in paragraph 130 of the Second Amended Complaint.

131.  AHM admits that AHM filed a Part 573 Defect and Noncompliance Report for Recall 11V-260, dated December 1, 2011, and refers the Court to the contents of that report.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.  AHM denies all remaining allegations in paragraph 131 of the Second Amended Complaint.

132.  AHM admits that AHM it filed a Part 573 Defect and Noncompliance Report for Recall 11V-260, dated December 1, 2011, and refers the Court to the contents of that report.  AHM also admits that on December 14, 2011, AHM voluntarily provided NHTSA with information about airbag-related field incidents that contained confidential information.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.  AHM denies all remaining allegations in paragraph 132 of the Second Amended Complaint.

133.  AHM admits that, after confirming the rupture of a passenger airbag inflator in a 2001 Civic that allegedly occurred on October 20, 2011, in Puerto Rico, AHM proposed to NHTSA the collection of healthy passenger airbag modules so the condition could be studied.  By November 21, 2012, the investigation of healthy parts indicated abnormal combustion was possible, though the cause could not be determined at that time.   AHM admits that AHM filed a Part 573 Defect and

Noncompliance Report for Recall 13V-132 related to this investigation, and refers the Court to the contents of that report.  AHM denies all remaining allegations in paragraph 133 of the Second Amended Complaint.

134.   AHM admits that AHM provided NHTSA with a Report on Audit of Certain Aspects of TREAD Act Reporting dated November 24, 2014, and refers the Court to the contents of that report; and further admits that AHM and its parent and subsidiary companies entered into a Consent Order with NHTSA in In re AQ14-004, dated December 29, 2014, and refers the Court to the contents of the order.  AHM denies all remaining allegations in paragraph 134 of the Second Amended Complaint.

135.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 of the Second Amended Complaint.

136.   Except as expressly admitted, AHM denies any and all allegations in paragraph 136, including subparts (a)-(g), of the Second Amended Complaint and responds further as follows:

(a)   AHM admits, on present information and belief, that it is aware of an April 23, 2011 incident involving a 2001 Honda Civic that occurred in Puerto Rico.  AHM is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 136(a) of the Second Amended Complaint.

(b)   AHM admits, on present information and belief, that it is aware of an alleged September 30, 2011, incident involving a 2002 Honda Civic that occurred in Puerto Rico.  AHM denies the remaining allegations in paragraph 136(b) of the Second Amended Complaint.

(c)   AHM admits, on present information and belief, that it is aware of

an alleged October 20, 2011, incident involving a 2001 Civic that occurred in Puerto Rico; and admits that on February 3, 2012, HAM received the 2001 Civic involved in the alleged October 20, 2011 incident for analysis.

(d)     AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136(d) of the Second Amended Complaint.

(e)     AHM admits, on present information and belief, that it is aware of a March 2, 2012, incident involving a 2001 Honda Civic that occurred in South Carolina; admits that the driver sustained personal injuries; and admits that the Takata driver airbag inflator ruptured.

(f)     AHM admits, on present information and belief, that it is aware of a March 8, 2012, incident involving a 2001 Honda Accord that occurred in Florida; admits that the driver sustained personal injuries; and admits that a settlement was reached in regards to the March 8, 2012, incident.

(g)     AHM admits, on present information and belief, that it is aware of a September 2, 2012, incident involving a 2001 Honda Civic that occurred in Florida and that the driver sustained personal injuries.

137.   AHM denies the matters alleged in paragraph 137 of the Second Amended Complaint that are directed at AHM.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.

138.   AHM admits that representatives from HMC, AHM, and HRD met with representatives of NHTSA on February 8, 2013, to discuss the ongoing investigation of

the rupture of a passenger airbag inflator in a 2001 Civic that occurred on October 20, 2011 in Puerto Rico; AHM also admits that on April 10, 2013, AHM filed a Part 573 Defect and Noncompliance Report for Recall 13V-132 which contains a chronology of events, and refers the Court to the contents of that report. AHM denies the allegations of paragraph 138 to the extent that they quote or characterize the report incompletely, inaccurately, or out of context; and AHM denies all remaining allegations in paragraph 138 of the Second Amended Complaint.

139.   AHM admits that AHM filed a Part 573 Defect and Noncompliance Report for Recall 13V-132, dated April 10, 2013, which contains chronology of events, and refers the Court to the contents of that report. AHM denies the allegations of paragraph 139 to the extent that they quote or characterize the report incompletely, inaccurately, or out of context. To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations. AHM denies all remaining allegations in paragraph 139 of the Second Amended Complaint.

140.   AHM admits that AHM filed a Part 573 Defect and Noncompliance Report for Recall 13V-132 on April 10, 2013, and refers the Court to the contents of that report. AHM denies the allegations of paragraph 140 to the extent that they quote or characterize the report incompletely, inaccurately, or out of context; and denies any and all the remaining allegations in paragraph 140 of the Second Amended Complaint.

141.   AHM admits, on present information and belief, that Takata sent a Defect Information Report to NHTSA, dated April 11, 2013, and refers the Court to the contents of that report. AHM denies the allegations of paragraph 141 to the extent that they

quote or characterize the report incompletely, inaccurately, or out of context; and denies all remaining allegations in paragraph 141 of the Second Amended Complaint.

142.    AHM admits, on present information and belief, that Takata sent a Defect Information Report to NHTSA, dated April 11, 2013, and refers the Court to the contents of that report.  AHM denies all remaining allegations in paragraph 142 of the Second Amended Complaint.

143.    AHM admits that AHM filed a Part 573 Defect and Noncompliance Report for Recall 13V-132 on April 10, 2013.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.  AHM denies all remaining allegations in paragraph 143 of the Second Amended Complaint.

144.    Except as expressly admitted, AHM denies all allegations in paragraph 144, including subparts (a)-(d), of the Second Amended Complaint and responds further as follows:

(a)    AHM admits, on present information and belief, that AHM is aware of an August 6, 2013, incident involving a 2005 Honda Civic that occurred in Florida in which the driver sustained injuries.

(b)    AHM admits, on present information and belief, that AHM is aware of a September 1, 2013, incident involving a 2002 Honda Civic that occurred in Florida in which the driver sustained personal injuries; admits that a lawsuit was filed; and admits that a settlement was reached with respect to the September 1, 2013, incident.

(c)    AHM admits, on present information and belief, that AHM is aware of a September 3, 2013, incident involving a 2002 Acura TL that occurred in California

and that the driver sustained fatal injuries.  AHM admits that on October 20, 2014, the *New York Times* published an article by Hiroko Tabuchi and Christopher Jensen with the headline "It Looked Like a Stabbing, but Takata Airbag was the Killer," and refers the Court to the contents of the article.  AHM denies the allegations of paragraph 144(c) to the extent that they quote or characterize the article incompletely, inaccurately, or out of context.

(d)     AHM is without knowledge or information sufficient to form a belief about the truth of those matters alleged in paragraph 144(d) of the Second Amended Complaint.

145.   AHM is without knowledge or information sufficient to form a belief about the truth of those matters alleged in paragraph 145, except that AHM admits, on present information and belief, that AHM is aware of a May 29, 2014, incident involving a 2001 Honda Civic that occurred in Florida in which the driver sustained personal injuries; AHM admits, on present information and belief, that AHM is aware of a May 31, 2014, incident involving a 2005 Honda Accord that occurred in California; and AHM admits that the Takata driver airbag inflator in the California incident ruptured.

146. AHM admits, on present information and belief, that Takata representatives met with NHTSA officials on May 20, 2014.  AHM denies the allegations of paragraph 146 to the extent that they quote or characterize the meeting incompletely, inaccurately, or out of context; and denies all remaining allegations in paragraph 146 of the Second Amended Complaint.

147. AHM admits, on present information and belief, that NHTSA opened Action Number PE14-016 on June 11, 2014, and refers the Court to the contents of that

matter.  AHM denies those matters which paragraph 147 to the extent that they quote or characterize the matter incompletely, inaccurately, or out of context; and denies all remaining allegations in paragraph 147 of the Second Amended Complaint.

148.   AHM admits, on present information and belief, that Takata sent NHTSA a letter dated June 11, 2014, and refers the Court to the contents of the letter.  AHM denies the allegations of paragraph 148 to the extent that they quote or characterize the letter incompletely, inaccurately, or out of context; and denies all remaining allegations in paragraph 148 of the Second Amended Complaint.

149.   AHM admits that on June 19, 2014, AHM filed a Part 573 Defect and Noncompliance Report for Passenger Airbag Inflator Recall Expansion of Recall 14V-349; and admits that AHM filed a letter with NHTSA initiating Airbag Inflator Safety Improvement Campaign Numbers 14V-351 (Driver) and 14V-353 (Passenger) on June 19, 2014, and refers the Court to the contents of those documents.  AHM denies all remaining allegations in paragraph 149 of the Second Amended Complaint.

150.   AHM denies any allegation that AHM failed to conduct a timely recall of Takata airbag modules.  AHM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 150 of the Second Amended Complaint.

151.   AHM admits that by letter dated July 2, 2014, AHM notified NHTSA of its amendment of Safety Improvement Campaign Number 14V-351, and refers the Court to the contents of that letter.  AHM admits, on present information and belief, that on July 8, 2014, the *New York Times* published an article by Christopher Jensen with the headline "Honda Expands Takata Air Bag Inflator Recall," and refers the Court to the

contents of the letter and article.  AHM denies the allegations of paragraph 151 to the extent that they quote or characterize the letter or article incompletely, inaccurately, or out of context; and denies all remaining allegations in paragraph 151 of the Second Amended Complaint.

152.   AHM admits, on present information and belief, that on August 18, 2014, the *New York Times* published an article by Christopher Jensen with the headline "N.H.T.S.A. Deepens Investigation of Honda Accord Air Bags", and refers the Court to the contents of the article.  AHM denies the allegations of  paragraph 152 to the extent that they quote or characterize the article incompletely, inaccurately, or out of context; and denies all remaining allegations in paragraph 152 of the Second Amended Complaint.

153.   AHM admits that by letter dated August 20, 2014, AHM updated the VIN range and total number of potentially affected vehicles of Safety Improvement Campaign Number 14V-351.  AHM denies the allegations of paragraph 153 to the extent that they quote or characterize the letter incompletely, inaccurately, or out of context; and denies all remaining allegations in paragraph 153 of the Second Amended Complaint.

154.   Except as expressly admitted, AHM denies all allegations in paragraph 154, including subparts (a)-(c), of the Second Amended Complaint and responds further as follows:

(a)     AHM admits, on present information and belief, that AHM is aware of a July 7, 2014, incident involving a 2001 Honda Civic that occurred in Florida in which the driver sustained personal injuries.

(b)     AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154(b) of the Second Amended Complaint.

(c)     AHM admits, on present information and belief, that AHM is aware of a September 29, 2014, incident involving a 2001 Honda Accord that occurred in Florida and that the driver died on October 2, 2014; and admits, on present information and belief, that recall letters were sent to the driver/owner of the 2001 Honda Accord, and refers the Court to the contents of those letters. AHM denies the allegations of paragraph 154(c) to the extent that they quote or characterize the letters incompletely, inaccurately, or out of context.

155.    AHM admits, on present information and belief, that on October 22, 2014, NHTSA issued a statement entitled "Consumer Advisory: Vehicle Owners with Defective Airbags Urged to Take Immediate Action," and refers the Court to the contents of the advisory. AHM denies the allegations of paragraph 155 to the extent that they quote or characterize the advisory incompletely, inaccurately, or out of context; and denies all remaining allegations in paragraph 155 of the Second Amended Complaint.

156.    AHM admits that it is aware of a NHTSA letter to AHM regarding "Takata Inflator Recalls" dated October 29, 2014, and refers the Court to the contents of the letter. To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations. AHM denies the allegation sof paragraph 156 to the extent that they quote or characterize the letter incompletely, inaccurately, or out of context. AHM denies all remaining allegations in paragraph 156 of the Second Amended Complaint.

157.    AHM admits, on present information and belief, that NHTSA sent a Special Order Directed to TK Holdings, Inc. Re: PE14-016 Air Bag Inflator Rupture, dated October 30, 2014, and refers the Court to the contents of that order.  AHM denies all remaining allegations in paragraph 157 of the Second Amended Complaint.

158.    AHM admits, on present information and belief, that NHTSA initiated ODI Resume AQ 14-004 on October 30, 2014, and refers the Court to the contents of that resume.  AHM denies the allegations of paragraph 158 to the extent that they quote or characterize the resume incompletely, inaccurately, or out of context; and denies all remaining allegations in paragraph 158 of the Second Amended Complaint.

159.    AHM admits that on November 3, 2014, NHTSA sent a Special Order Directed to American Honda Motor Co., Inc., and refers the Court to the contents of that order.  AHM denies all remaining allegations in paragraph 159 of the Second Amended Complaint.

160.    AHM denies that the United States District Court for the Southern District of New York issued a federal grand jury subpoena to any Honda entity on November 13, 2014.  AHM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 160 of the Second Amended Complaint.

161.    AHM admits, on present information and belief, that NHTSA issued a Second Special Order Directed to TK Holdings, Inc. In Re: PE14-016 Air Bag Inflator Rupture, dated November 18, 2014, and refers the Court to the contents of that order. AHM also admits, on present information and belief, that NHTSA issued Press Release Number 45-14 entitled: USDOT Calls for National Recall of Defective Takata Driver Side Air Bags, dated November 18, 2014, and refers the Court to the contents of the

press release. AHM admits, on present information and belief, that a Takata representative testified at a Senate Commerce Committee hearing on November 20, 2014, and refers the Court to the transcripts of the testimony.  AHM denies all remaining allegations in paragraph 161 of the Second Amended Complaint.

162.  AHM admits, on present information and belief, that a Takata representative and NHTSA Administrator David Friedman testified at a Congressional hearing on December 3, 2014, and refers the Court to the transcripts of the testimony. AHM further admits that NHTSA issued a Second Special Order to TK Holdings, Inc. in In re: PE14-016 Air Bag Inflator Rupture, dated November 18, 2014, and refers the Court to the contents of that order.  AHM denies all remaining allegations in paragraph 162 of the Second Amended Complaint.

163.  AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 163 of the Second Amended Complaint.  AHM admits, on present information and belief, that a Takata representative and NHTSA Administrator David Friedman testified at a Congressional hearing on December 3, 2014, and refers the Court to the transcripts of the testimony. AHM denies the allegations of paragraph 163 to the extent that they quote or characterize the hearing incompletely, inaccurately, or out of context; and AHM denies all remaining allegations in paragraph 163 of the Second Amended Complaint.

164.  AHM admits that on December 8, 2014, AHM announced that AHM would voluntarily expand Safety Improvement Campaign Number 14V-351 into a national Safety Improvement Campaign affecting certain Honda and Acura vehicles to replace the driver frontal airbag inflator, and refers the Court to the contents of the

announcement.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.  AHM denies all remaining allegations in paragraph 164 of the Second Amended Complaint.

165.   AHM admits that on December 11, 2014, representatives from certain companies including AHM met regarding issues relating to Takata airbags; admits that on March 12, 2015, AHM issued a press release titled "New Honda Advertising Campaign Urges Owners to Take Immediate Action To Check For Open Recalls To Replace Takata Airbag Inflators," and refers the Court to the contents of the press release; and admits that AHM filed a Part 573 Defect and Noncompliance Report for Recall 15V-153 on March 16, 2015, and refers the Court to the contents of the report. AHM denies the allegations of paragraph 165 to the extent that they quote or characterize the referenced documents incompletely, inaccurately, or out of context; and denies all remaining allegations in paragraph 165 of the Second Amended Complaint.

166.   AHM admits that AHM is aware of a NHTSA Press Release entitled "U.S. Transportation Secretary Foxx Calls on Congress to Authorize New Enforcement Tools for NHTSA and Levies Fine on Takata," dated February 20, 2015, and refers the Court to the contents of the press release.  AHM further admits that AHM is aware of a NHTSA Press Release entitled "U.S. Transportation Secretary Foxx Announces Order to Preserve Defective Takata Air Bag Inflators for Ongoing Federal Investigation," dated February 25, 2015, and refers the Court to the contents of the press release.  AHM denies all remaining allegations in paragraph 166 of the Second Amended Complaint.

167.   AHM denies the matters alleged in paragraph 167 of the Second Amended Complaint that are directed at AHM.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.

168.   AHM admits, on present information and belief, that Takata submitted four Defect Information Reports dated May 18, 2015 to NHTSA pertaining to certain driver airbag inflators, and refers the Court to the contents of those reports.  AHM also admits, on present information and belief, that a Takata representative testified at a Congressional hearing on June 2, 2015.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.  AHM denies the allegations in paragraph 168 to the extent that they quote or characterize the reports incompletely, inaccurately, or out of context.  AHM denies all remaining allegations in paragraph 168 of the Second Amended Complaint.

169.   AHM denies the allegations in paragraph 169 of the Second Amended Complaint.

170.   AHM admits, on present information and belief, that Takata submitted four Defect Information Reports dated May 18, 2015 to NHTSA pertaining to certain Takata driver airbag inflators, and refers the Court to the contents of those reports.  AHM denies all remaining allegations in paragraph 170 of the Second Amended Complaint.

171.   AHM is without knowledge or information sufficient to form a belief about the truth of those matters alleged in paragraph 171 pertaining to the alleged "additional 17 million vehicles [that] must be recalled in the United States" and the "total number of

recalled vehicles nationwide."  AHM denies the existence of a common, uniform defect. AHM admits that Honda utilizes information provided by Takata to identify which Honda vehicles are subject to the Takata inflator recalls; and admits, on present information and belief, that Takata does not know precisely which Honda vehicles are equipped with Takata inflators that are subject to recalls.  AHM admits, on present information and belief, that Takata submitted four Defect Information Reports dated May 18, 2015 to NHTSA pertaining to certain Takata driver airbag inflators, and refers the Court to the contents of those reports.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.  AHM denies all remaining allegations in paragraph 171 of the Second Amended Complaint.

172.    Except as expressly admitted, AHM denies all remaining allegations in paragraph 172, including subparts (a)-(h), of the Second Amended Complaint, and responds further as follows:

a.    AHM admits, on present information and belief, that AHM is aware of a June 15, 2014, incident involving a 2001 Honda Civic that occurred in Florida; and admits that the driver sustained personal injuries.

b.    AHM admits that AHM is aware of a July 22, 2014, incident involving a 2001 Honda Civic that occurred in Kentucky; admits that the driver sustained personal injuries; and admits that the Takata driver airbag inflator ruptured.

c.    AHM denies the allegations in paragraph 172(c) of the Second Amended Complaint.

d.    AHM is without knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraph 172(d) of the Second Amended Complaint.

e.    AHM admits, on present information and belief, that AHM is aware of a November 9, 2014, incident involving a 2004 Odyssey that occurred in Texas; and admits that the driver sustained personal injuries.   AHM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 172(e) of the Second Amended Complaint.

f.    AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172(f) of the Second Amended Complaint.

g.    AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172(g) of the Second Amended Complaint.

h.    AHM admits, on present information and belief, that AHM is aware of a January 18, 2015, incident involving a 2002 Honda Accord that occurred in Texas; admits that the driver sustained fatal injuries; and admits that the Takata driver airbag inflator ruptured.

173.    AHM denies the existence of a common, uniform alleged defect in Takata airbag module inflators.  To the extent the allegations in the first and second sentences of paragraph 173 of the Second Amended Complaint apply to AHM, AHM has responded individually to each of the alleged incidents in the Second Amended Complaint.  To the extent the allegations in the last sentence of paragraph 173 of the Second Amended Complaint apply to AHM, AHM denies such allegations.  To the extent any of the allegations are directed at other defendants, AHM is without

knowledge or information sufficient to form a belief as to the truth of such allegations. AHM denies all remaining allegations in paragraph 173 of the Second Amended Complaint.

174.   AHM denies the allegations in paragraph 174, including subparts (a)-(b), of the Second Amended Complaint that are directed at AHM.  To the extent any of the allegations are directed at other defendants, AHM is without knowledge or information sufficient to form a belief as to the truth of such allegations.  denies all remaining. AHM responds further as follows:

a.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174(a) of the Second Amended Complaint.

b.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174(b) of the Second Amended Complaint.

## ALLEGATIONS RELATING TO UNDERLYING ACCIDENTS

175.   AHM denies that the following underlying incidents are currently the Personal Injury Track Plaintiffs.  (ECF Nos. 884, 886 – 887).]

176.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176 of the Second Amended Complaint.

177.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177 of the Second Amended Complaint.

### Plaintiff Jerry Adler

178.   AHM admits, on present information and belief, that AHM is aware of a

December 3, 2011 incident involving a 2005 Honda Accord, VIN 1HGCM56745A152465, that occurred in Florida.  AHM denies all remaining allegations in paragraph 178 of the Second Amended Complaint.

179.   AHM denies the allegations in paragraph 179 of the Second Amended Complaint.

180.   AHM admits, on present information and belief, that the 2005 Honda Accord, VIN 1HGCM56745A152465, was included in Safety Improvement Campaign Number 14V-351, dated June 19, 2014, relating to driver's side Takata airbag inflator. AHM denies liability for the matters alleged in paragraph 180; and denies all remaining allegations in paragraph 180 of the Second Amended Complaint.

**Plaintiff Sara Baker**

181.   AHM admits, on present information and belief, that AHM is aware of a January 22, 2015 incident involving a 2002 Honda Accord, VIN 1HGCG16562A027803, that occurred in Florida.  AHM denies all remaining allegations in paragraph 181 of the Second Amended Complaint.

182.   AHM denies the allegations in paragraph 182 of the Second Amended Complaint.

183.   AHM admits, on present information and belief, that the 2002 Honda Accord, VIN 1HGCG16562A027803, was subject to Recall Number 10V-041, dated February 9, 2010, and Safety Campaign Number 14V-351, dated June 19, 2014.  AHM denies liability for the matters alleged in paragraph 183; and denies all remaining allegations in paragraph 183 of the Second Amended Complaint.

**Plaintiff Jack Bowen**

184.    AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184 of the Second Amended Complaint.

185.    AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 185 of the Second Amended Complaint.

186.    AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 186 of the Second Amended Complaint.

187.    AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 187 of the Second Amended Complaint.

**Plaintiff Jasmine Briant**

188.    AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188 of the Second Amended Complaint.

189.    AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189 of the Second Amended Complaint.

**Plaintiff Joel Brightbill**

190.    AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 190 of the Second Amended Complaint.

191.    AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191 of the Second Amended Complaint.

192.    AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192 of the Second Amended Complaint.

193.    AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193 of the Second Amended Complaint.

**Plaintiff Michael Byrne**

194.   AHM admits, on present information and belief, that AHM is aware of a June 25, 2013 incident involving a 2004 Honda Civic, VIN 1HGEM22971L085468, that occurred in New York.   AHM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 194 of the Second Amended Complaint.

195.   AHM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 195 of the Second Amended Complaint.

196.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 196 of the Second Amended Complaint.

197.   AHM admits, on present information and belief, that the 2004 Honda Civic, VIN 1HGEM22971L085468, was included in Safety Improvement Campaign Number 14V-351, dated June 19, 2014.   AHM denies liability for the matters alleged in paragraph 197; and denies all remaining allegations in paragraph 197 of the Second Amended Complaint.

### **Plaintiffs Marna S. Chapman and Clyde K. Chapman**

198.   AHM denies that Marna S. Chapman and Clyde K. Chapman are Personal Injury Track Plaintiffs (ECF No. 887) and therefore denies the allegations in paragraph 198 of the Second Amended Complaint.

199.   AHM denies that Marna S. Chapman and Clyde K. Chapman are Personal Injury Track Plaintiffs  (ECF No. 887) and therefore denies the allegations in paragraph 199 of the Second Amended Complaint.

200.   AHM denies that Marna S. Chapman and Clyde K. Chapman are Personal

Injury Track Plaintiffs (ECF No. 887) and therefore denies the allegations in paragraph 200 of the Second Amended Complaint.

201.    AHM denies that Marna S. Chapman and Clyde K. Chapman are Personal Injury Track Plaintiffs (ECF No. 887) and therefore denies the allegations in paragraph 201 of the Second Amended Complaint.

202.    AHM denies that Clyde K. Chapman is a Personal Injury Track Plaintiff (ECF No. 887) and therefore denies the allegations in paragraph 202 of the Second Amended Complaint.

**Plaintiff Law Ngee Chiong, as the Personal Representative of the Estate of Law Suk Leh and the Estate of Elsa Mia Law Caido**

203.    AHM denies that Law Ngee Chiong, as the Personal Representative of the Estate of Law Suk Leh and the Estate of Elsa Mia Law Caido, is a Personal Injury Track Plaintiff (ECF No. 884) and therefore denies the allegations in paragraph 203 of the Second Amended Complaint.

204.    AHM denies that Law Ngee Chiong, as the Personal Representative of the Estate of Law Suk Leh and the Estate of Elsa Mia Law Caido, is a Personal Injury Track Plaintiff (ECF No. 884) and therefore denies the allegations in paragraph 204 of the Second Amended Complaint.

205.    AHM denies that Law Ngee Chiong, as the Personal Representative of the Estate of Law Suk Leh and the Estate of Elsa Mia Law Caido, is a Personal Injury Track Plaintiff (ECF No. 884) and therefore denies the allegations in paragraph 205 of the Second Amended Complaint.

206.    AHM denies that Law Ngee Chiong, as the Personal Representative of the Estate of Law Suk Leh and the Estate of Elsa Mia Law Caido, is a Personal Injury Track

Plaintiff (ECF No. 884) and therefore denies the allegations in paragraph 206 of the Second Amended Complaint.

207.    AHM denies that Law Ngee Chiong, as the Personal Representative of the Estate of Law Suk Leh and the Estate of Elsa Mia Law Caido, is a Personal Injury Track Plaintiff (ECF No. 884) and therefore denies the allegations in paragraph 207 of the Second Amended Complaint.

208.    AHM denies that Law Ngee Chiong, as the Personal Representative of the Estate of Law Suk Leh and the Estate of Elsa Mia Law Caido, is a Personal Injury Track Plaintiff (ECF No. 884) and therefore denies the allegations in paragraph 208 of the Second Amended Complaint.

**Plaintiffs America Diaz Vega, Milton Diaz Soto, Isabel N. Diaz and Juan E. Diaz Diaz**

209.    AHM denies that America Diaz Vega, Milton Diaz Soto, Isabel N. Diaz, and Juan E. Diaz Diaz are Personal Injury Track Plaintiffs (ECF No. 887) and therefore denies the allegations in paragraph 209 of the Second Amended Complaint.

210.    AHM denies that America Diaz Vega, Milton Diaz Soto, Isabel N. Diaz, and Juan E. Diaz Diaz are Personal Injury Track Plaintiffs (ECF No. 887) and therefore denies the allegations in paragraph 210 of the Second Amended Complaint.

211.    AHM denies that America Diaz Vega, Milton Diaz Soto, Isabel N. Diaz, and Juan E. Diaz Diaz are Personal Injury Track Plaintiffs (ECF No. 887) and therefore denies the allegations in paragraph 211 of the Second Amended Complaint.

212.    AHM denies that America Diaz Vega, Milton Diaz Soto, Isabel N. Diaz, and Juan E. Diaz Diaz are Personal Injury Track Plaintiffs (ECF No. 887) and therefore denies the allegations in paragraph 212 of the Second Amended Complaint.

213.   AHM denies that America Diaz Vega, Milton Diaz Soto, Isabel N. Diaz, and Juan E. Diaz Diaz are Personal Injury Track Plaintiffs (ECF No. 887) and therefore denies the allegations in paragraph 213 of the Second Amended Complaint.

214.   AHM denies that America Diaz Vega, Milton Diaz Soto, Isabel N. Diaz, and Juan E. Diaz Diaz are Personal Injury Track Plaintiffs (ECF No. 887) and therefore denies the allegations in paragraph 214 of the Second Amended Complaint.

215.   AHM denies that America Diaz Vega, Milton Diaz Soto, Isabel N. Diaz, and Juan E. Diaz Diaz are Personal Injury Track Plaintiffs (ECF No. 887) and therefore denies the allegations in paragraph 215 of the Second Amended Complaint.

216.   AHM denies that America Diaz Vega, Milton Diaz Soto, Isabel N. Diaz, and Juan E. Diaz Diaz are Personal Injury Track Plaintiffs (ECF No. 887) and therefore denies the allegations in paragraph 216 of the Second Amended Complaint.

217.   AHM denies that America Diaz Vega, Milton Diaz Soto, Isabel N. Diaz, and Juan E. Diaz Diaz are Personal Injury Track Plaintiffs (ECF No. 887) and therefore denies the allegations in paragraph 217 of the Second Amended Complaint.

218.   AHM denies that America Diaz Vega, Milton Diaz Soto, Isabel N. Diaz, and Juan E. Diaz Diaz are Personal Injury Track Plaintiffs (ECF No. 887) and therefore denies the allegations in paragraph 218 of the Second Amended Complaint.

**Plaintiff Nicole Fisch**

219.   AHM admits, on present information and belief, that AHM is aware of a March 23, 2013 incident involving a 2003 Honda Accord, VIN JHMCM56723C086979, that occurred in California.  AHM denies all remaining allegations in paragraph 219 of the Second Amended Complaint.

220.   AHM denies the allegations in paragraph 220 of the Second Amended Complaint.

221.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 221 of the Second Amended Complaint.

222.   AHM admits, on present information and belief, that the 2003 Honda Accord, VIN JHMCM56723C086979, was included in Safety Improvement Campaign Numbers 14V-351 dated June 19, 2014, relating to the driver's side Takata airbag inflator.   AHM denies all remaining allegations in paragraph 222 of the Second Amended Complaint.

**Plaintiff Raquel Hudson**

223.   AHM denies that Raquel Hudson is a Personal Injury Track Plaintiff (ECF No. 886) and therefore denies the allegations in paragraph 223 of the Second Amended Complaint.

224.   AHM denies that Raquel Hudson is a Personal Injury Track Plaintiff (ECF No. 886) and therefore denies the allegations in paragraph 224 of the Second Amended Complaint.

225.   AHM denies that Raquel Hudson is a Personal Injury Track Plaintiff (ECF No. 886) and therefore denies the allegations in paragraph 225 of the Second Amended Complaint.

**Plaintiff Gina Johnson**

226.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 226 of the Second Amended Complaint.

227.   AHM is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 227 of the Second Amended Complaint.

228.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 228 of the Second Amended Complaint.

229.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 229 of the Second Amended Complaint.

**Plaintiff Andrew J. Kampuries (pro se)**

230.   AHM denies that Andrew J. Kampuries is a Personal Injury Track Plaintiff (ECF No. 884) and therefore denies the allegations in paragraph 230 of the Second Amended Complaint.

231.   AHM denies that Andrew J. Kampuries is a Personal Injury Track Plaintiff (ECF No. 884) and therefore denies the allegations in paragraph 231 of the Second Amended Complaint.

**Plaintiff Lesley Klein**

232.   AHM admits, on present information and belief, that AHM is aware of a June 26, 2013 incident involving a 2004 Honda Element, VIN 5J6YH18584L013448, that occurred in Florida.  AHM denies all remaining allegations in paragraph 232 of the Second Amended Complaint.

233.   .AHM denies the allegations in paragraph 233 of the Second Amended Complaint.

**Plaintiff Estate of Mary Lyon Wolfe**

234.   AHM admits, on present information and belief, that AHM is aware of a February 15, 2008 incident involving a 2002 Honda Accord, VIN 1HGCG66882A115601, that occurred in South Carolina.  AHM denies all remaining

allegations in paragraph 234 of the Second Amended Complaint.

235.    AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 235 of the Second Amended Complaint.

236.    AHM denies the allegations in paragraph 236 of the Second Amended Complaint.

237.    AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 237 of the Second Amended Complaint.  AHM denies liability for the matters alleged in paragraph 237 of the Second Amended Complaint.

238.    AHM admits, on present information and belief, that it is aware of a February 15, 2008 incident involving a 2002 Honda Accord, VIN 1HGCG66882A115601, that occurred in South Carolina; and admits, on present information and belief, that Ms. Wolfe died on March 3, 2008.  AHM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 238 of the Second Amended Complaint.  AHM denies liability for the matters alleged in paragraph 238 of the Second Amended Complaint.

239.    AHM admits, on present information and belief, that AHM is aware of Orangeburg County Coroner's Office Report pertaining to Ms. Wolfe's injuries and death, dated March 4, 2008, and refers the Court to the contents of the report.  AHM denies the allegations of paragraph 239 to the extent that they quote or characterize the report incompletely, inaccurately, or out of context.  AHM denies liability for the matters alleged in paragraph 239 and denies all remaining allegations in paragraph 239 of the Second Amended Complaint.

240.   AHM admits, on present information and belief, that Robert E. Lyon has been appointed the Personal Representative for Ms. Wolfe's estate.   AHM denies liability for the matters alleged in paragraph 240; and denies all remaining allegations in paragraph 240 of the Second Amended Complaint.

241.   AHM admits, on present information and belief, that the 2002 Honda Accord, VIN 1HGCG66882A115601, was subject to Recall 11V-260, initiated on April 27, 2011, and Safety Improvement Campaign Number 14V-351, dated June 19, 2014, both of which related to the driver's side Takata airbag inflator.   AHM denies liability for the matters alleged in paragraph 241; and denies all remaining allegations in paragraph 241 of the Second Amended Complaint.

**Plaintiff Dianne L. Moulton**

242.   AHM denies that Dianne L. Moulton is a Personal Injury Track Plaintiff (ECF No. 887) and therefore denies the allegations in paragraph 242 of the Second Amended Complaint.

243.   AHM denies that Dianne L. Moulton is a Personal Injury Track Plaintiff (ECF No. 887) and therefore denies the allegations in paragraph 243 of the Second Amended Complaint.

244.   AHM denies that Dianne L. Moulton is a Personal Injury Track Plaintiff (ECF No. 887) and therefore denies the allegations in paragraph 244 of the Second Amended Complaint. .

245.   AHM denies that Dianne L. Moulton is a Personal Injury Track Plaintiff (ECF No. 887) and therefore denies the allegations in paragraph 245 of the Second Amended Complaint.

**Plaintiff Amy C. Patterson**

246.    AHM denies that Amy C. Patterson is a Personal Injury Track Plaintiff (ECF No. 887) and therefore denies the allegations in paragraph 246 of the Second Amended Complaint.

247.    AHM denies that Amy C. Patterson is a Personal Injury Track Plaintiff (ECF No. 887) and therefore denies the allegations in paragraph 247 of the Second Amended Complaint.

248.    AHM denies that Amy C. Patterson is a Personal Injury Track Plaintiff (ECF No. 887) and therefore denies the allegations in paragraph 248 of the Second Amended Complaint.

249.    AHM denies that Amy C. Patterson is a Personal Injury Track Plaintiff (ECF No. 887) and therefore denies the allegations in paragraph 249 of the Second Amended Complaint.

**Plaintiff Miranda Perez**

250.    AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 250 of the Second Amended Complaint.

251.    AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 251 of the Second Amended Complaint.

252.    AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 252 of the Second Amended Complaint.

**Plaintiff Miguel A. Morales Ramos**

253.    AHM denies that Miguel A. Morales Ramos is a Personal Injury Track Plaintiff (ECF No. 887) and therefore denies the allegations in paragraph 253 of the

Second Amended Complaint.

254.   AHM denies that Miguel A. Morales Ramos is a Personal Injury Track Plaintiff (ECF No. 887) and therefore denies the allegations in paragraph 254 of the Second Amended Complaint.

255.   AHM denies that Miguel A. Morales Ramos is a Personal Injury Track Plaintiff (ECF No. 887) and therefore denies the allegations in paragraph 255 of the Second Amended Complaint.

256.   AHM denies that Miguel A. Morales Ramos is a Personal Injury Track Plaintiff (ECF No. 887) and therefore denies the allegations in paragraph 256 of the Second Amended Complaint.

257.   AHM denies that Miguel A. Morales Ramos is a Personal Injury Track Plaintiff (ECF No. 887) and therefore denies the allegations in paragraph 257 of the Second Amended Complaint.

**Plaintiff Denise Raposo**

258.   AHM admits, on present information and belief, that AHM is aware of a May 3, 2013 incident involving a 2003 Acura CL, VIN 19UYA42683A009859, that occurred in Miami.  AHM denies all remaining allegations in paragraph 258 of the Second Amended Complaint.

259.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 259 of the Second Amended Complaint.

260.   AHM denies the allegations in paragraph 260 of the Second Amended Complaint.

261.   AHM admits, on present information and belief, that the 2003 Acura CL,

VIN 19UYA42683A009859, was subject to Recall 11V-260 initiated on April 27, 2011, and Safety Improvement Campaign Number 14V-351, initiated on June 19, 2014, both of which related to driver's side Takata airbag inflator.   AHM denies all remaining allegations in paragraph 261 of the Second Amended Complaint.

**Plaintiff Devon Rideout**

262.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 262 of the Second Amended Complaint.

263.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 263 of the Second Amended Complaint.

264.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 264 of the Second Amended Complaint.

265.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 265 of the Second Amended Complaint.

266.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 266 of the Second Amended Complaint.

267.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 267 of the Second Amended Complaint.

**Plaintiff Angelina C. Sujata**

268.   AHM admits, on present information and belief, that AHM is aware of a March 2, 2012 incident involving a 2001 Honda Civic, VIN 1HGEM21551L020195, that occurred in Chapin, South Carolina.  AHM denies all remaining allegations in paragraph 268 of the Second Amended Complaint.

269.   AHM admits, on present information and belief, that it is aware of a March

2, 2012 incident involving a 2001 Honda Civic, VIN 1HGEM21551L020195, that occurred in Chapin, South Carolina; and admits that the Takata driver airbag inflator ruptured.  AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Ms. Sujata's alleged injuries in paragraph 269 of the Second Amended Complaint.  AHM denies liability for the matters alleged in paragraph 269 of the Second Amended Complaint.

270.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 270 of the Second Amended Complaint.  AHM denies liability for the matters alleged in paragraph 270.

271.   AHM admits, on present information and belief, that the 2001 Honda Civic, VIN 1HGEM21551L020195, was subject to Recall 11V-260 initiated on April 27, 2011, and Safety Improvement Campaign Number 14V-351, dated June 19, 2014, both of which related to the driver's side Takata airbag inflator.  AHM denies all remaining allegations in paragraph 271 of the Second Amended Complaint.

**Plaintiff Cindy Tiemeyer**

272.   AHM denies that Cindy Tiemeyer is a Personal Injury Track Plaintiff (ECF No. 884) and therefore denies the allegations in paragraph 272 of the Second Amended Complaint.

273.   AHM denies that Cindy Tiemeyer is a Personal Injury Track Plaintiff (ECF No. 884) and therefore denies the allegations in paragraph 273 of the Second Amended Complaint.

274.   AHM denies that Cindy Tiemeyer is a Personal Injury Track Plaintiff (ECF No. 884) and therefore denies the allegations in paragraph 274 of the Second Amended

Complaint.

**Plaintiff David G. Thomas**

275.   AHM admits, on present information and belief, that AHM is aware of an October 27, 2014 incident involving a 2003 Honda Civic, VIN 1HGEM21513L074841, that occurred in Florida.  AHM denies all remaining allegations in paragraph 275 of the Second Amended Complaint.

276.   AHM admits, on present information and belief, that AHM is aware of an October 27, 2014 incident involving a 2003 Honda Civic, VIN 1HGEM21513L074841, that occurred in Florida; and admits that the Takata driver airbag inflator ruptured.  AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Mr. Thomas' alleged injuries in paragraph 276 of the Second Amended Complaint.  AHM denies liability for the matters alleged in paragraph 276 of the Second Amended Complaint.

**Plaintiff Tina Tran, as the Personal Representative of the Estate of Hien Thi Tran**

277.   AHM admits, on present information and belief, that AHM is aware of a September 29, 2014 incident involving a 2001 Honda Accord, VIN 1HGCG165X1A005057, that occurred in Florida.  AHM denies all remaining allegations in paragraph 277 of the Second Amended Complaint.

278.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 278 of the Second Amended Complaint.

279.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 279 of the Second Amended Complaint.  AHM

denies liability for the matters alleged in paragraph 279 of the Second Amended Complaint.

280.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 280 of the Second Amended Complaint.  AHM denies liability for the matters alleged in paragraph 280 of the Second Amended Complaint.

281.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 281 of the Second Amended Complaint.

282.   AHM admits that AHM is aware of a September 29, 2014 incident involving a 2001 Honda Accord, VIN 1HGCG165X1A005057, that occurred in Florida; admits that the Takata driver airbag inflator ruptured; and admits that, on present information and belief, Hien Thi Tran died on October 2, 2014.  AHM denies liability for the matters alleged in paragraph 282 of the Second Amended Complaint.  AHM denies all remaining allegations in paragraph 282 of the Second Amended Complaint.

283.   AHM admits, on present information and belief, that AHM is aware of a September 29, 2014, incident involving a 2001 Honda Accord, VIN 1HGCG165X1A005057, that occurred in Florida; admits that the Takata driver airbag inflator ruptured; and admits that the driver sustained fatal injuries.  AHM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 283 of the Second Amended Complaint.

284.   AHM admits, on present information and belief, that AHM is aware of a September 29, 2014 incident involving a 2001 Honda Accord, VIN 1HGCG165X1A005057, that occurred in Florida; and admits that the Takata driver

airbag inflator ruptured.  AHM denies liability for the matters alleged in paragraph 284; and denies all remaining allegations in paragraph 284 of the Second Amended Complaint.

285.    AHM admits, on present information and belief, that Letters of Administration were issued appointing Tina Tran Dang as the Personal Representative of the Estate of Hien Thi Tran.  AHM denies all remaining allegations in paragraph 285 of the Second Amended Complaint.

**Plaintiff Daree Sutton**

286.    AHM admits, on present information and belief, that AHM is aware of a November 20, 2014 incident involving a 2004 Honda Accord, VIN 1HGCM56864A096679, that occurred in Florida.  AHM denies all remaining allegations in paragraph 286 of the Second Amended Complaint.

287.    AHM denies the allegations in paragraph 287 of the Second Amended Complaint.

288.    AHM denies the allegations in paragraph 288 of the Second Amended Complaint.

**Plaintiff Cedric Walton**

289.    AHM denies that Cedric Walton is a Personal Injury Track Plaintiff (ECF No. 887) and therefore denies the allegations in paragraph 289 of the Second Amended Complaint.

290.    AHM denies that Cedric Walton is a Personal Injury Track Plaintiff (ECF No. 887) and therefore denies the allegations in paragraph 290 of the Second Amended Complaint.

291.   AHM denies that Cedric Walton is a Personal Injury Track Plaintiff (ECF No. 887) and therefore denies the allegations in paragraph 291 of the Second Amended Complaint.

292.   AHM denies that Cedric Walton is a Personal Injury Track Plaintiff (ECF No. 887) and therefore denies the allegations in paragraph 292 of the Second Amended Complaint.

293.   AHM denies that Cedric Walton is a Personal Injury Track Plaintiff (ECF No. 887) and therefore denies the allegations in paragraph 293 of the Second Amended Complaint.

**Plaintiff Beverly Whiddon**

294.   AHM admits, on present information and belief, that AHM is aware of an April 19, 2014 incident involving a 2004 Honda Civic, VIN 2HGES16534H505199, that occurred in Florida; and admits that the 2004 Honda Civic was not equipped with a driver side Takata airbag system.  AHM denies all remaining allegations in paragraph 294 of the Second Amended Complaint.

295.   AHM denies the allegations in paragraph 295 of the Second Amended Complaint.

296.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 296 of the Second Amended Complaint.  AHM denies liability for the matters alleged in paragraph 296 of the Second Amended Complaint.  AHM denies all remaining allegations in paragraph 296 of the Second Amended Complaint.

297.   AHM denies the allegations in paragraph 297 of the Second Amended

Complaint and states that the 2004 Honda Civic, VIN 2HGES16534H505199, was not equipped with a driver side Takata airbag system.

**Plaintiffs Sabra M. Wilson and William R. Wilson**

298.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 298 of the Second Amended Complaint.

299.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 299 of the Second Amended Complaint.

300.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 300 of the Second Amended Complaint.

301.   AHM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 301 of the Second Amended Complaint.

## CONDITIONS PRECEDENT

302.   The allegations in paragraph 302 of Second Amended Complaint state a legal conclusion for which no response is required.  To the extent a response is required, AHM denies the matters alleged in paragraph 302 of the Second Amended Complaint.

## TOLLING OF THE STATUTE OF LIMITATIONS

303.   AHM denies the matters alleged in paragraph 303 of the Second Amended Complaint.

304.   AHM denies the matters alleged in paragraph 304 of the Second Amended Complaint.

305.   AHM denies the matters alleged in paragraph 305 of the Second Amended Complaint.

**Estoppel**

306.   AHM denies the matters alleged in paragraph 306 of the Second Amended Complaint..

**Discovery Rule**

307.   AHM denies the matters alleged in paragraph 307 of the Second Amended Complaint.

## RE-ALLEGATION AND INCORPORATION BY REFERENCE

308.   AHM incorporates by reference all of its responses to paragraphs 1 through 307.

## CLAIMS FOR RELIEF

### Count 1

### (NEGLIGENCE – TAKATA DEFENDANTS)

309.   Paragraph 309 under Count 1 of the Second Amended Complaint is directed at the "Takata Defendants."  To the extent that paragraph 309 of the Second Amended Complaint contains any allegations against AHM, they are denied.

310.   Paragraph 310 under Count 1 of the Second Amended Complaint is directed at the "Takata Defendants."  To the extent that paragraph 310 of the Second Amended Complaint contains any allegations against AHM, they are denied.

311.   Paragraph 311, including subparts (a)-(o), under Count 1 of the Second Amended Complaint is directed at the "Takata Defendants."  To the extent that paragraph 311, including subparts (a)-(o), of the Second Amended Complaint contains any allegations against AHM, they are denied.

312.   Paragraph 312 under Count 1 of the Second Amended Complaint is

directed at the "Takata Defendants."  To the extent that paragraph 312 of the Second Amended Complaint contains any allegations against AHM, they are denied.

313.   Paragraph 313 under Count 1 of the Second Amended Complaint is directed at the "Takata Defendants."  To the extent that paragraph 313 of the Second Amended Complaint contains any allegations against AHM, they are denied.

314.   Paragraph 314 under Count 1 of the Second Amended Complaint is directed at the "Takata Defendants."  To the extent that paragraph 314 of the Second Amended Complaint contains any allegations against AHM, they are denied.

## Count 2

### (STRICT LIABILITY – TAKATA DEFENDANTS)

315.   Paragraph 315 under Count 2 of the Second Amended Complaint is directed at the "Takata Defendants."  To the extent that paragraph 315 of the Second Amended Complaint contains any allegations against AHM, they are denied.

316.   Paragraph 316 under Count 2 of the Second Amended Complaint is directed at the "Takata Defendants."  To the extent that paragraph 316 of the Second Amended Complaint contains any allegations against AHM, they are denied.

317.   Paragraph 317, including subparts (a) - (m), under Count 2 of the Second Amended Complaint is directed at the "Takata Defendants."  To the extent that paragraph 317, including subparts (a) - (m), of the Second Amended Complaint contains any allegations against AHM, they are denied.

318.   Paragraph 318 under Count 2 of the Second Amended Complaint is directed at the "Takata Defendants."  To the extent that paragraph 318 of the Second Amended Complaint contains any allegations against AHM, they are denied.

319.   Paragraph 319 under Count 2 of the Second Amended Complaint is directed at the "Takata Defendants."  To the extent that paragraph 319 of the Second Amended Complaint contains any allegations against AHM, they are denied.

320.   Paragraph 320 under Count 2 of the Second Amended Complaint is directed at the "Takata Defendants."  To the extent that paragraph 320 of the Second Amended Complaint contains any allegations against AHM, they are denied.

321.   Paragraph 321 under Count 2 of the Second Amended Complaint is directed at the "Takata Defendants."  To the extent that paragraph 321 of the Second Amended Complaint contains any allegations against AHM, they are denied.

## Count 3

### (NEGLIGENCE – HONDA DEFENDANTS)

322.   AHM denies the matters alleged in paragraph 322 of the Second Amended Complaint.

323.   AHM denies any duty to plaintiffs except those duties imposed by law and denies any liability for breach of any duty alleged or implied in paragraph 323 of the Second Amended Complaint.  AHM denies all remaining allegations in paragraph 323 of the Second Amended Complaint.

324.   AHM denies the matters alleged in paragraph 324, including subparts (a) - (m), of the Second Amended Complaint.

325.   AHM denies the matters alleged in paragraph 325 of the Second Amended Complaint.

326.   AHM denies the matters alleged in paragraph 326 of the Second Amended Complaint.

327.   AHM denies the matters alleged in paragraph 327 of the Second Amended Complaint; and although not set forth in a separately numbered paragraph, also denies plaintiffs' demand for judgment against it.

## Count 4

### (STRICT LIABILITY – HONDA DEFENDANTS)

328.   AHM denies the matters alleged in paragraph 328 of the Second Amended Complaint.

329.   AHM admits that certain Honda and Acura vehicles are equipped with Takata airbag systems.  AHM denies all remaining allegations in paragraph 329 of the Second Amended Complaint.

330.   AHM denies the matters alleged in paragraph 330, including subparts (a) - (k), of the Second Amended Complaint.

331.   AHM denies the matters alleged in paragraph 331 of the Second Amended Complaint.

332.   AHM denies the matters alleged in paragraph 332 of the Second Amended Complaint.

333.    AHM denies the matters alleged in paragraph 333 of the Second Amended Complaint.

334.   AHM denies the matters alleged in paragraph 334 of the Second Amended Complaint; and although not set forth in a separately numbered paragraph, also denies plaintiffs' demand for judgment against it.

## Count 5

### (NEGLIGENCE – BMW DEFENDANTS)

335.    Paragraph 335 under Count 5 of the Second Amended Complaint is directed at the "BMW Defendants."  To the extent that paragraph 335 of the Second Amended Complaint contains any allegations against AHM, they are denied.

336.    Paragraph 336 under Count 5 of the Second Amended Complaint is directed at the "BMW Defendants."  To the extent that paragraph 336 of the Second Amended Complaint contains any allegations against AHM, they are denied.

337.    Paragraph 337, including subparts (a) - (m), under Count 5 of the Second Amended Complaint is directed at the "BMW Defendants."  To the extent that paragraph 337, including subparts (a) - (m), of the Second Amended Complaint contains any allegations against AHM, they are denied.

338.    Paragraph 338 under Count 5 of the Second Amended Complaint is directed at the "BMW Defendants."  To the extent that paragraph 338 of the Second Amended Complaint contains any allegations against AHM, they are denied.

339.    Paragraph 339 under Count 5 of the Second Amended Complaint is directed at the "BMW Defendants."  To the extent that paragraph 339 of the Second Amended Complaint contains any allegations against AHM, they are denied.

340.    Paragraph 340 under Count 5 of the Second Amended Complaint is directed at the "BMW Defendants."  To the extent that paragraph 340 of the Second Amended Complaint contains any allegations against AHM, they are denied.

## Count 6

### (STRICT LIABILITY – BMW DEFENDANTS)

341.    Paragraph 341 under Count 6 of Second Amended Complaint is directed at the "BMW Defendants."  To the extent that paragraph 341 of the Second Amended

Complaint contains any allegations against AHM, they are denied.

342.    Paragraph 342 under Count 6 of the Second Amended Complaint is directed at the "BMW Defendants."  To the extent that paragraph 342 of the Second Amended Complaint contains any allegations against AHM, they are denied.

343.    Paragraph 343, including subparts (a)-(k), under Count 6 of the Second Amended Complaint is directed at the "BMW Defendants."  To the extent that paragraph 343, including subparts (a)-(k), of the Second Amended Complaint contains any allegations against AHM, they are denied.

344.    Paragraph 344 under Count 6 of the Second Amended Complaint is directed at the "BMW Defendants."  To the extent that paragraph 344 of the Second Amended Complaint contains any allegations against AHM, they are denied.

345.    Paragraph 345 under Count 6 of the Second Amended Complaint is directed at the "BMW Defendants."  To the extent that paragraph 345 of the Second Amended Complaint contains any allegations against AHM, they are denied.

346.     Paragraph 346 under Count 6 of the Second Amended Complaint is directed at the "BMW Defendants."  To the extent that paragraph 346 of the Second Amended Complaint contains any allegations against AHM, they are denied.

347.    Paragraph 347 under Count 6 of the Second Amended Complaint is directed at the "BMW Defendants."  To the extent that paragraph 347 of the Second Amended Complaint contains any allegations against AHM, they are denied.

## Count 7

### (NEGLIGENCE – NISSAN DEFENDANTS)

348.    Paragraph 348 under Count 7 of the Second Amended Complaint is

directed at the "Nissan Defendants."  To the extent that paragraph 348 of the Second Amended Complaint contains any allegations against AHM, they are denied.

349.   Paragraph 349 under Count 7 of the Second Amended Complaint is directed at the "Nissan Defendants."  To the extent that paragraph 349 of the Second Amended Complaint contains any allegations against AHM, they are denied.

350.   Paragraph 350, including subparts (a)-(m), under Count 7 of the Second Amended Complaint is directed at the "Nissan Defendants."  To the extent that paragraph 350, including subparts (a)-(m), of the Second Amended Complaint contains any allegations against AHM, they are denied.

351.   Paragraph 351 under Count 7 of the Second Amended Complaint is directed at the "Nissan Defendants."  To the extent that paragraph 351 of the Second Amended Complaint contains any allegations against AHM, they are denied.

352.   Paragraph 352 under Count 7 of the Second Amended Complaint is directed at the "Nissan Defendants."  To the extent that paragraph 352 of the Second Amended Complaint contains any allegations against AHM, they are denied.

353.   Paragraph 353 under Count 7 of the Second Amended Complaint is directed at the "Nissan Defendants."  To the extent that paragraph 353 of the Second Amended Complaint contains any allegations against AHM, they are denied.

## Count 8

### (STRICT LIABILITY – NISSAN DEFENDANTS)

354.   Paragraph 354 under Count 8 of the Second Amended Complaint is directed at the "Nissan Defendants."  To the extent that paragraph 354 of the Second Amended Complaint contains any allegations against AHM, they are denied.

355.   Paragraph 355 under Count 8 of the Second Amended Complaint is directed at the "Nissan Defendants."  To the extent that paragraph 355 of the Second Amended Complaint contains any allegations against AHM, they are denied.

356.   Paragraph 356, including subparts (a) - (k), under Count 8 of the Second Amended Complaint is directed at the "Nissan Defendants."  To the extent that paragraph 356, including subparts (a) - (k), of the Second Amended Complaint contains any allegations against AHM, they are denied.

357.   Paragraph 357 under Count 8 of the Second Amended Complaint is directed at the "Nissan Defendants."  To the extent that paragraph 357 of the Second Amended Complaint contains any allegations against AHM, they are denied.

358.   Paragraph 358 under Count 8 of the Second Amended Complaint is directed at the "Nissan Defendants."  To the extent that paragraph 358 of the Second Amended Complaint contains any allegations against AHM, they are denied.

359.    Paragraph 359 under Count 8 of the Second Amended Complaint is directed at the "Nissan Defendants."  To the extent that paragraph 359 of the Second Amended Complaint contains any allegations against AHM, they are denied.

360.   Paragraph 360 under Count 8 of the Second Amended Complaint is directed at the "Nissan Defendants."  To the extent that paragraph 360 of the Second Amended Complaint contains any allegations against AHM, they are denied.

## Count 9

### (WRONGFUL DEATH – TAKATA DEFENDANTS & HONDA DEFENDANTS)

361.   AHM denies the matters alleged in paragraph 361 of the Second Amended Complaint that are directed at AHM.   To the extent the allegations are

directed at the "Takata Defendants," no response is required from AHM.  In the event a response is required, those allegations are denied.

362.   AHM denies liability for the matters alleged in paragraph 362 of the Second Amended Complaint.  AHM denies all remaining allegations in paragraph 362 of the Second Amended Complaint.

363.   AHM denies the matters alleged in paragraph 363 of the Second Amended Complaint that are directed at AHM.  To the extent the allegations are directed at the "Takata Defendants," no response is required from AHM.  In the event a response is required, those allegations are denied.

364.   AHM denies liability for the matters alleged in paragraph 364 of the Second Amended Complaint that are directed at AHM.  To the extent the allegations are directed at the "Takata Defendants," no response is required from AHM.  In the event a response is required, those allegations are denied.

365.   AHM denies the matters alleged in paragraph 365 of the Second Amended Complaint that are directed at AHM.  To the extent the allegations are directed at the "Takata Defendants," no response is required from AHM.  In the event a response is required, those allegations are denied.

366.   AHM denies the matters alleged in paragraph 366 of the Second Amended Complaint that are directed at AHM.  To the extent the allegations are directed at the "Takata Defendants," no response is required from AHM.  In the event a response is required, those allegations are denied; and although not set forth in a separately numbered paragraph, AHM denies plaintiffs' demand for judgment against it.

**Count 10**

**(SURVIVAL ACTION – TAKATA DEFENDANTS & HONDA DEFENDANTS)**

367.   AHM denies the matters alleged in paragraph 367 of the Second Amended Complaint that are directed at AHM.   To the extent the allegations are directed at the "Takata Defendants," no response is required from AHM.  In the event a response is required, those allegations are denied.

368.   AHM denies liability for the matters alleged in paragraph 368 of the Second Amended Complaint.  AHM denies all remaining allegations in paragraph 368 of the Second Amended Complaint.

369.   AHM denies the matters alleged in paragraph 369 of the Second Amended Complaint that are directed at AHM.   To the extent the allegations are directed at the "Takata Defendants," no response is required from AHM.  In the event a response is required, those allegations are denied.

370.   AHM denies the matters alleged in paragraph 370 of the Second Amended Complaint that are directed at AHM.   To the extent the allegations are directed at the "Takata Defendants," no response is required from AHM.  In the event a response is required, those allegations are denied.

371.   AHM denies the matters alleged in paragraph 371 of the Second Amended Complaint that are directed at AHM.   To the extent the allegations are directed at the "Takata Defendants," no response is required from AHM.  In the event a response is required, those allegations are denied; and although not set forth in a separately numbered paragraph, AHM denies plaintiffs' demand for judgment against it.

**Count 11**

**(LOSS OF CONSORTIUM)**

372.   AHM denies the matters alleged in paragraph 372 of Second Amended Complaint.   To the extent the allegations are directed at the other defendants, no response is required from AHM.  In the event a response is required, those allegations are denied.

373.   AHM denies liability for the matters alleged in paragraph 373 of Second Amended Complaint.  To the extent the allegations are directed at the other defendants, no response is required from AHM.   In the event a response is required, those allegations are denied.  AHM denies all remaining allegations in paragraph 373 of the Second Amended Complaint.

374.   AHM denies liability for the matters alleged in paragraph 374 of Second Amended Complaint.  To the extent the allegations are directed at the other defendants, no response is required from AHM.   In the event a response is required, those allegations are denied.  AHM denies all remaining allegations in paragraph 374 of the Second Amended Complaint; and although not set forth in a separately numbered paragraph, AHM denies plaintiffs' demand for judgment against it.

## Count 12

### (STRICT LIABILITY – DEALERSHIP DEFENDANTS)

375.   Paragraph 375 under Count 12 of the Second Amended Complaint is directed at the "Dealership Defendants."   To the extent that paragraph 375 of the Second Amended Complaint contains any allegations against AHM, they are denied.

376.   Paragraph 376 under Count 12 of the Second Amended Complaint is directed at the "Dealership Defendants."   To the extent that paragraph 376 of the Second Amended Complaint contains any allegations against AHM, they are denied.

377.   Paragraph 377 under Count 12 of the Second Amended Complaint is directed at the "Dealership Defendants."  To the extent that paragraph 377 of the Second Amended Complaint contains any allegations against AHM, they are denied.

378.   Paragraph 378 under Count 12 of the Second Amended Complaint is directed at the "Dealership Defendants."  To the extent that paragraph 378 of the Second Amended Complaint contains any allegations against AHM, they are denied.

379.   Paragraph 379 under Count 12 of the Second Amended Complaint is directed at the "Dealership Defendants."  To the extent that paragraph 379 of the Second Amended Complaint contains any allegations against AHM, they are denied.

380.   Paragraph 380 under Count 12 of the Second Amended Complaint is directed at the "Dealership Defendants."  To the extent that paragraph 380 of the Second Amended Complaint contains any allegations against AHM, they are denied.

381.   Paragraph 381 under Count 12 of the Second Amended Complaint is directed at the "Dealership Defendants."  To the extent that paragraph 381 of the Second Amended Complaint contains any allegations against AHM, they are denied.

## Count 13

### (STRICT LIABILITY – DEALERSHIP DEFENDANTS)

382.   Paragraph 382 under Count 13 of the Second Amended Complaint is directed at the "Dealership Defendants."  To the extent that paragraph 382 of the Second Amended Complaint contains any allegations against AHM, they are denied.

383.   Paragraph 383 under Count 13 of the Second Amended Complaint is directed at the "Dealership Defendants."  To the extent that paragraph 383 of the Second Amended Complaint contains any allegations against AHM, they are denied.

384.    Paragraph 384 under Count 13 of the Second Amended Complaint is directed at the "Dealership Defendants."  To the extent that paragraph 384 of the Second Amended Complaint contains any allegations against AHM, they are denied.

385.    Paragraph 385, including subparts (a) - (k), under Count 13 of the Second Amended Complaint is directed at the "Dealership Defendants."  To the extent that paragraph 385, including subparts (a) - (k), of the Second Amended Complaint contains any allegations against, AHM, they are denied.

386.    Paragraph 386 under Count 13 of the Second Amended Complaint is directed at the "Dealership Defendants."  To the extent that paragraph 386 of the Second Amended Complaint contains any allegations against AHM, they are denied.

387.    Paragraph 387 under Count 13 of the Second Amended Complaint is directed at the "Dealership Defendants."  To the extent that paragraph 387 of the Second Amended Complaint contains any allegations against AHM, they are denied.

## AFFIRMATIVE AND OTHER DEFENSES

1.    AHM is informed and believes and on that basis alleges that plaintiffs' claims and causes of action may be barred in whole or in part by the applicable statute of repose.

2.    AHM alleges that plaintiffs' alleged damages, if any, were caused, in whole or in part, by plaintiffs' own negligent acts or omissions and, therefore, plaintiffs are barred from recovery or, alternatively, plaintiffs are barred from full recovery.

3.    AHM alleges that plaintiffs' alleged damages, if any, were caused or contributed to by the negligence or fault of other persons, firms, corporations, or entities over whom AHM has and had no control or right of control and for whom it is not

responsible, including but not limited to plaintiffs who received but failed to comply with recall notices for their vehicles.

4.      AHM alleges that if it is established that AHM was in any manner legally responsible for the plaintiffs' alleged damages, then such damages were proximately caused or contributed to by one or more co-defendants, fictitious defendants, or other persons or entities not yet parties to this action, and AHM is therefore entitled to equitable or implied indemnity or contribution from each of those defendants, persons, or entities in an amount in direct proportion to the culpable conduct of each such defendant, person, or entity.

5.      AHM alleges that the plaintiffs' alleged damages, if any, were caused or contributed to by the plaintiffs' assumption of the risk.

6.      AHM alleges that plaintiffs' alleged damages, if any, were caused, in whole or in part, by one or more intervening or superseding causes and, therefore, the plaintiffs are barred from recovery or, alternatively, plaintiffs are barred from full recovery.

7.      AHM alleges that the subject incidents and the resulting Complaints are governed by all applicable provisions of the Florida Tort Reform Act and AHM affirmatively pleads all of the defenses and rights available to it under said Act.

8.      AHM alleges that the products in question were manufactured in a reasonably safe manner in full compliance with all applicable laws, statutes, and regulations and, therefore, the plaintiffs are barred from recovery.

9.      AHM alleges that the products in question were designed and manufactured in accordance with the technical knowledge and published scientific

literature available at the time of design and manufacture; the products in question conformed to the existing state of the art and industry standard at the time they were designed and manufactured.

10.    AHM alleges that it is entitled to a set-off for all settlements and compensation that the plaintiffs have received, or may receive, as a result of the subject incidents.

11.    AHM alleges that plaintiffs are barred from recovering all damages or medical expenses paid or payable from collateral sources.

12.    AHM alleges that plaintiffs' claims are preempted by federal law.

13.    AHM alleges that the sales contracts pursuant to which some or all Plaintiffs purchased or leased their vehicles from a dealer in the Honda network of independent dealers contain arbitration clauses that may require some or all of the claims asserted herein to be resolved through arbitration and/or other informal dispute resolution procedures.

14.    AHM alleges that the subject products complied with the applicable federal and state statutes or regulations in effect at the time the product was delivered and, therefore, AHM is entitled to a rebuttable presumption that the product in question was not defective.

15.    AHM alleges that the subject products have a reasonably safe design as measured by the Risk Utility Analysis set forth in the Restatement (3d) of Torts and as measured by other tests, depending on the jurisdiction, such as the consumer expectation test and the risk benefit test.

16.    AHM alleges that choice-of-law principles dictate the application of the

laws of states, other than Florida, to multiple claims and issues pleaded in the Second Amended Consolidated Complaint.

17.     AHM alleges that the claims of certain plaintiffs may be barred due to spoliation of evidence.

18.     AHM is informed and believes and on that basis alleges that plaintiffs' claims and causes of action may be barred in whole or in part by the applicable statutes of limitation.

19.     AHM alleges that the Second Amended Consolidated Complaint fails to state its claims sounding in fraud or equitable estoppel with the particularity as required by Federal Rule of Civil Procedure 9(b).

20.     AHM alleges that the claims in the Second Amended Consolidated Complaint may be barred in whole or in part by a prior settlement or release.

21.     AHM states that plaintiffs may have failed to mitigate their damages, if any.

22.     AHM states that plaintiffs may have failed to join necessary or indispensable parties.

23.     AHM states that the claims in the Second Amended Consolidated Complaint may be barred in whole or in part by the doctrines of waiver, estoppel, or laches.

24.     AHM alleges that plaintiffs' Second Amended Consolidated Complaint fails to state a claim for punitive damages as a matter of law.

25.     AHM states that plaintiffs' claims for punitive damages, including any award of punitive damages against AHM as requested by the plaintiffs, violate AHM's

rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and similar provisions of applicable state constitutions, statutes, and case law for the following reasons:

a. The plaintiffs' claims for punitive damages, including any award of punitive damages against AHM as requested by the plaintiffs, violate the Due Process and Equal Protection clauses of the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions of applicable state constitutions because the guidelines, standards, procedures, and instructions for the imposition of punitive damages are ambiguous, uncertain, conflicting, purely subjective, and fundamentally unfair.

b. The plaintiffs' claims for punitive damages, including any award of punitive damages against AHM as requested by the plaintiffs, violate the Due Process and Equal Protection clauses of the Fifth and Fourteenth Amendments and the Excessive Fines clause of the Eighth Amendment to the United States Constitution and similar provisions of applicable state constitutions because the jury or fact-finder has total discretionary power to award punitive damages, and adequate objective legal standards do not exist to guide and limit the jury's or fact-finder's discretion, thus allowing an award of punitive damages to be irrational, arbitrary, capricious, unrelated to applicable principles of deterrence and punishment, and based on vague, unpredictable, conflicting, and purely subjective standards.

c. The plaintiffs' claims for punitive damages, including any award of punitive damages against AHM as requested by the plaintiffs, violate the Fifth and

Fourteenth Amendments to the United States Constitution and similar provisions of applicable state constitutions because vague and inconsistent legal standards for the imposition of punitive damages deprive AHM of sufficient notice of the type of conduct and mental state required for the imposition of a punitive damages award and of the punishment that may be imposed.

d.  The plaintiffs' claims for punitive damages, including any award of punitive damages against AHM as requested by the plaintiffs, violate the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions of applicable state constitutions because there are no established, objective, or pre-determined limits, such as a maximum multiple of compensatory damages or a maximum total, concerning the amount or severity of the punitive damages award.

e.  The plaintiffs' claims for punitive damages, including any award of punitive damages against AHM as requested by the plaintiffs, violate the Due Process and Equal Protection clauses of the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions of applicable state constitutions because they carry a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred.

f.  The plaintiffs' claims for punitive damages, including any award of punitive damages against AHM as requested by the plaintiffs, violate the Due Process and Equal Protection clauses of the Fifth and Fourteenth Amendments, the

Sixth Amendment, and the Eighth Amendment to the United States Constitution and similar provisions of applicable state constitutions because punitive damages constitute penal damages and amount to an unconstitutional criminal and excessive fine or punishment in a civil proceeding.

g.  The plaintiffs' claims for punitive damages, including any award of punitive damages against AHM as requested by the plaintiffs, violate the Fifth and Sixth Amendments to the United States Constitution and similar provisions of applicable state constitutions because AHM cannot exercise all of the constitutional and statutory rights that must be accorded to a party who is subject to the imposition of a criminal penalty in the form of punitive damages.

h.  The plaintiffs' claims for punitive damages, including any award of punitive damages against AHM as requested by the plaintiffs, violate the Due Process and Equal Protection clauses of the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions of applicable state constitutions to the extent they are based on anything other than AHM's conduct in connection with the incidents that are the subject of this lawsuit. An award of punitive damages on any other basis would fail to protect AHM against impermissible multiple punishments for the same conduct and against punishment for extra-territorial conduct, especially conduct that is lawful in other states. Such an award would further violate principles of comity under applicable state law.

i.  The plaintiffs' claims for punitive damages, including any award of punitive

damages against AHM as requested by the plaintiffs, violate the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions of applicable state constitutions because the imposition of punitive damages discriminates against AHM on the basis of wealth in that greater amounts of punitive damages for identical conduct may be awarded against some defendants who have more wealth than other defendants.

j.   The plaintiffs' claims for punitive damages, including any award of punitive damages against AHM as requested by the plaintiffs, violate the Due Process and Equal Protection clauses of the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions of applicable state constitutions to the extent that both the liability for and appropriate amount of punitive damages are not established by clear and convincing evidence.

k.   The plaintiffs' claims for punitive damages, including any award of punitive damages against AHM as requested by the plaintiffs, violate AHM's constitutional rights because the applicable state procedural and substantive laws on punitive damages may conflict with the procedural and substantive standards set forth in *Pacific Life Insurance Co. v. Haslip*, 499 U.S. 1306 (1991), *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

l.   The plaintiffs' claims for punitive damages, including any award of punitive damages against AHM as requested by the plaintiffs, violate the procedural and substantive standards set forth in *Pacific Life Insurance Co. v. Haslip*, 499 U.S. 1306 (1991), *BMW of North America, Inc. v. Gore*, 517 U.S. 559

(1996), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), because punitive damages can be awarded against AHM that are disproportionate and have no reasonable relationship to the actual or compensatory damages award, the injury and expenses in connection with which they are awarded, AHM's conduct, AHM's mental state, or the degree of reprehensibility of AHM's conduct. Such punitive damages may further be impermissibly disproportionate to the civil penalties, if any, authorized or imposed in similar cases.

m. The plaintiffs' claims for punitive damages, including any award of punitive damages against AHM as requested by the plaintiffs, violate the procedural and substantive standards set forth in *Pacific Life Insurance Co. v. Haslip*, 499 U.S. 1306 (1991), *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), because there are no adequate and objective procedures and standards or instructions that guide trial and appellate courts concerning the purposes of punitive damages and the reasons for such damages; similarly, there are no adequate standards and procedures to guide the trial and appellate courts in reviewing an excessive award of punitive damages. Punitive damages awards are therefore not subject to adequate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards.

n. The plaintiffs' claims for punitive damages, including any award of punitive damages against AHM as requested by the plaintiffs, violate the procedural

and substantive standards set forth in *Pacific Life Insurance Co. v. Haslip*, 499 U.S. 1306 (1991), *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), to the extent the jury or fact-finder is permitted to consider AHM's net worth or other invidiously discriminatory characteristics, such as AHM's residence or corporate status, in determining the amount of a punitive-damages award.

o. The plaintiffs' claims for punitive damages violate the procedural and substantive standards set forth in *Pacific Life Insurance Co. v. Haslip*, 499 U.S. 1306 (1991), *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), because the jury or fact-finder is permitted to consider AHM's conduct outside of the states in which the plaintiffs' claims arose and earnings received from conduct outside the states in which the plaintiffs' claims arose in determining the amount of a punitive-damages award.AHM alleges that, after appropriate discovery, the following affirmative defenses may be applicable: lack of subject matter jurisdiction, statute of limitations, failure to join a necessary and proper party, abatement, unclean hands, estoppel, waiver, release, payment, res judicata, violation of a statute, violation of a public policy, spoliation, and failure to comply with a statutory requirement. The extent to which plaintiff's claims may be barred by one or more of the foregoing affirmative defenses cannot be determined until AHM has had an opportunity to complete discovery.

26.     As a further affirmative defense, AHM states that plaintiffs' claims for punitive damages, including any award of punitive damages against AHM as requested by the plaintiffs, is barred or otherwise limited by applicable state law, including but not limited to Fla. Stat. § 768.73 (2015).

27.     AHM alleges that it has, or may have, additional affirmative defenses which are not yet known to AHM, but which may become known through discovery. AHM reserves the right to amend or supplement this answer to plead any additional affirmative defenses as they may arise during the course of the litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, AHM prays as follows:

(1)     Plaintiffs take nothing by the Second Amended Complaint;

(2)     For judgment in favor of AHM;

(3)     For an award of costs incurred by AHM in this action; and

(4)     For any other relief the Court deems proper.

## **DEMAND FOR TRIAL BY JURY**

AHM demands a trial by jury on all issues.


DATED:  January 19, 2016          **BILZIN SUMBERG BAENA PRICE & AXELROD LLP**

By: */s/ Mitchell E. Widom*

**Marty Steinberg**
marty.steinberg@hoganlovells.com
**HOGAN LOVELLS LLP**
600 Brickell Avenue, Suite 2700
Miami, FL 33131
T: 305 459-6629
F: 305 459-6550

- 87 -

**Mitchell Widom**
mwidom@bilzin.com
**BILZIN SUMBERG BAENA
PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, FL 33131
T: 305 374-7580
F: 305 374-7593

**Joel H. Smith** (*admitted pro hac vice*)
joel.smith@bowmanandbrooke.com
**Courtney C. Shytle** (PHV to be submitted)
courtney.shytle@bowmanandbrooke.com
**Matthew Brooks Miller**
brooks.miller@bowmanandbrooke.com
**BOWMAN AND BROOKE, LLP**
1441 Main Street, Suite 1200
Columbia, SC 29201
T: 803 726-7420
F: 803 726-7421

**Michael L. Mallow** (*admitted pro hac vice*)
mmallow@sidley.com
**SIDLEY AUSTIN LLP**
555 West Fifth Street
Los Angeles, CA 90013
T: 213 896-6000
F: 213 896-6600

**Eric S. Mattson** (*admitted pro hac vice*)
emattson@sidley.com
**Michael C. Andolina** (*admitted pro hac vice*)
mandolina@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
T: 312 853-7000
F: 312 853-7036

***Counsel for American Honda Motor Co.,
Inc., Honda Motor Co., Ltd., Honda of
America Mfg., Inc., and Honda R&D Co.,
Ltd.***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 19, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.


By: /s/ *Mitchell E. Widom*_____
   Mitchell E. Widom