UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

MDL No. 2599
Master File No. 15-cv-02599-MD-MORENO
Econ. Loss File No. 14-cv-24009-MORENO

IN RE:

**TAKATA AIRBAG PRODUCTS
LIABILITY LITIGATION**

_____/

THIS DOCUMENT RELATES TO
ECONOMIC LOSS TRACK CASES

_____/

## ORDER OF INDICATIVE RULING
## UNDER FEDERAL RULE OF CIVIL PROCEDURE 62.1

THIS CAUSE came before the Court upon the Joint Motion for a Hearing and Indicative Ruling Approving Agreements with the Objectors to the Ford Class Settlement **(D.E. 3550)**. The motion requests an indicative ruling that the Court would approve a $1,906,000 payment directly from attorneys' fees awarded to Class Counsel under the Ford class settlement, to the Objectors and their counsel, so that the Objectors dismiss their appeal in the Eleventh Circuit. After conducting a hearing as required by Federal Rule of Civil Procedure 23(e)(5)(B), it is

**ADJUDGED** that the Joint Motion for an Indicative Ruling is **GRANTED**. The Court submits this indicative ruling and respectfully requests that the Eleventh Circuit relinquish jurisdiction so that the Court can approve the proposed payment from Class Counsel to the Objectors and their counsel.

## DISCUSSION

When class members who object to a proposed class action settlement later appeal a district court's judgment approving that proposed class action settlement, these "objectors" cannot receive payment or other consideration in exchange for dismissing their appeal of the

judgment unless the payment is approved by the district court after a hearing. *See* Fed. R. Civ. P. 23(e)(5)(B)(ii). If the district court does not approve the payment before the appeal is docketed, the district court must then follow the indicative ruling procedure in Rule 62.1. *See* Fed. R. Civ. P. 23(e)(5)(C). Because the proposed payment agreement was reached after the Objectors docketed their appeal in the Eleventh Circuit, the Court must follow the indicative ruling procedure.

Under Rule 62.1, the Court can issue an indicative ruling stating that it will grant a motion if the court of appeals remands the case for that specific purpose. *See* Fed. R. Civ. P. 62.1(a)(3); *see also* 11th Cir. R. 12.1-1. Here, the Court is asked to approve a $1,906,000 payment directly from attorneys' fees awarded to Class Counsel under the Ford class settlement, to the Objectors and their counsel, so that the Objectors dismiss their appeal in the Eleventh Circuit. (*See* D.E. 3550 at 1, 4–5.) Once the appeal is dismissed, the Ford class settlement will become effective and then class members will begin receiving settlement benefits. *Id.* at 1.

As an aside, the Court briefly notes that the negotiations between Class Counsel and the Objectors led to another agreement—one beneficial to the entire class. This agreement, which need not be approved by the Court under Rule 23, provides that Class Counsel and Ford will "jointly recommend to the Settlement Special Administrator that at least $5 million of the amount budgeted for the Outreach Program be dedicated to a sweepstakes program tied to the Takata Recalls, which will incentivize Class Members to have the Recall Remedy performed on their vehicles through substantial prizes awarded through a sweepstakes contest." *Id.* at 4. Importantly, the benefits of the sweepstakes program would flow directly to the class members, and, if the sweepstakes model is implemented by the Settlement Special Administrator and ultimately proves effective, "it may be expanded beyond the $5 million initial budget."

*Id.* at 4, 6.

Through the Joint Motion and representations during the hearing, the Objectors represent to the Court that the payment agreement and the sweepstakes agreement collectively resolve the concerns that underlie their appeal of the Ford class settlement.

Turning back to the payment agreement, the $1,906,000 will be paid to the "twelve Objectors and twelve different firms representing them" and come directly "from fees awarded to Class Counsel" as part of the Ford settlement. *Id.* at 5. The payment amount reflects the efforts of the Objectors and their counsel in drafting objections to the proposed class settlement, traveling and appearing for the fairness hearing, researching and proposing a mass media campaign for the Outreach Program, identifying missing information on Ford's recall-related website, and proposing the above referenced sweepstakes program. Most importantly, not a single penny of the proposed payment will be taken from the funds available to all class members. *See id.* at 4–5.

Taken together, the Court finds that the contribution of the Objectors and their counsel to the Ford class settlement is sufficient for the Court to approve the proposed payment. Accordingly, it is

**ADJUDGED** that the Joint Motion for an Indicative Ruling is **GRANTED**. If the Eleventh Circuit relinquishes jurisdiction, the Court will effectuate this indicative ruling and approve the proposed payment from Class Counsel to the Objectors and their counsel.

**DONE AND ORDERED** in Chambers at Miami, Florida this 24th day of January 2020.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
United States Court of Appeals for the Eleventh Circuit
Counsel of Record

- 3 -