**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

IN RE:                                          MDL No. 2599
                                                **Master File No. 15-2599-MD-MORENO**
**TAKATA AIRBAG PRODUCTS**          **14-24009-CV-MORENO**
**LIABILITY LITIGATION**              **15-20664-CV-MORENO**

_____

**THIS DOCUMENT RELATES TO**
**ECONOMIC LOSS TRACK CASES**

_____

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFFS' FOURTH**
**AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

1.      In response to Paragraph 1, Ford admits that airbags are intended to provide supplemental protection to motor vehicle occupants in the event of certain collisions.  Ford is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 1, and therefore denies them.

2.      The allegations in Paragraph 2 contain a legal conclusion and therefore no response is required.  To the extent a response is required, Ford states that it takes steps to ensure that its vehicles function as designed and intended.  Further answering, Ford states that safety is an important consideration when making sourcing decisions.  Except as expressly admitted, Ford denies the allegations in Paragraph 2.

3.      In response to Paragraph 3, Ford admits that some of the vehicles it manufactured during the relevant time period were equipped with Takata airbag systems.  Except as expressly admitted, Ford denies the allegations in Paragraph 3 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 3, and therefore denies them.

4.      Ford admits that an inflator in an airbag inflates the airbag during certain impact conditions.  Ford further admits that ignition of a propellant that produces a gas causes the airbag to expand and deploy.  Except as expressly admitted, Ford denies the allegations of Paragraph 4.

5.      Ford admits that embedded in Paragraph 5 is an illustration allegedly depicting a "Takata airbag module."  Except as expressly admitted, Ford denies the allegations in Paragraph 5.

6.      Ford denies the allegations in Paragraph 6 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 6, and therefore denies them.

7.      Ford denies the allegations in Paragraph 7 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 7, and therefore denies them.

8.      Ford denies the allegations in Paragraph 8 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 8, and therefore denies them.

9.      Ford admits that it was aware that the inflators in Takata's airbag modules utilized phase-stabilized ammonium nitrate propellant.  Ford states that the contents of any Takata patent documents speak for themselves.  Ford denies the remaining allegations in Paragraph 9 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 9, and therefore denies them.

10.     Ford denies the allegations in Paragraph 10 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 10, and therefore denies them.

11.     Ford denies the allegations in Paragraph 11.

12.     In response to Paragraph 12, Ford states that a certain Takata inflator design—which never went into production or into Ford vehicles—failed validation testing.  Ford denies the remaining allegations in Paragraph 12.

13.     Ford admits that in or about December 2008 Ford learned that Honda issued a recall of certain PSDI inflators, which were never supplied to Ford, due to a manufacturing issue not applicable to the inflators provided to Ford.  Except as expressly admitted, Ford denies the allegations in Paragraph 13 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 13, and therefore denies them.

14.     Ford denies the allegations in Paragraph 14 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 14, and therefore denies them.

15.     Ford denies the allegations in Paragraph 15 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 15, and therefore denies them.

16.     Ford denies the allegations in Paragraph 16 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 16, and therefore denies them.

17.     Ford denies the allegations in Paragraph 17 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 17, and therefore denies them.

18.     Ford admits upon information and belief that Takata submitted four Defect Information Reports dated May 18, 2015 to NHTSA, the contents of which speak for themselves.

Ford also admits upon information and belief that Takata entered into a Consent Order with NHTSA, the contents of which speak for themselves.  Except as expressly admitted, Ford denies the allegations in Paragraph 18 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 18, and therefore denies them.

19.     Ford admits upon information and belief that Takata submitted Defect Information Reports to NHTSA, the contents of which speak for themselves.  Except as expressly admitted, Ford denies the allegations in Paragraph 19.

20.     Ford admits that it has utilized information provided by Takata to identify which Ford vehicles are subject to the Takata inflator recalls.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 20, and therefore denies them.

21.     Ford denies the allegations in Paragraph 21.

22.     Ford denies the allegations in Paragraph 22 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 22, and therefore denies them.

23.     Ford denies the allegations in Paragraph 23 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 23, and therefore denies them.

24.     Ford denies the allegations in Paragraph 24 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 24, and therefore denies them.

25.     Ford denies the allegations in Paragraph 25.

26.     Ford denies the allegations in Paragraph 26.

27.     On December 20, 2021, the Court approved the settlement of the Consumer Class Action against Ford and dismissed the Action with prejudice. (D.E. 3183).  Accordingly, no response is required to these allegations to the extent they are made on behalf of the Consumer Class.  To the extent this paragraph applies to the Recycler Class, Ford denies the allegations in Paragraph 27 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 27, and therefore denies them.

28.     On December 20, 2021, the Court approved the settlement of the Consumer Class Action against Ford and dismissed the Action with prejudice. (D.E. 3183).  Accordingly, no response is required to these allegations to the extent they are made on behalf of the Consumer Class.  To the extent this paragraph applies to the Recycler Class, Ford denies the allegations in Paragraph 28.

29.     On December 20, 2021, the Court approved the settlement of the Consumer Class Action against Ford and dismissed the Action with prejudice. (D.E. 3183).  Accordingly, no response is required to these allegations to the extent they are made on behalf of the Consumer Class.  To the extent this paragraph applies to the Recycler Class, Paragraph 29 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 29.

30.     On December 20, 2021, the Court approved the settlement of the Consumer Class Action against Ford and dismissed the Action with prejudice. (D.E. 3183).  Accordingly, no response is required to these allegations to the extent they are made on behalf of the Consumer Class.  To the extent this paragraph applies to the Recycler Class, Paragraph 30 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 30.

31.     On December 20, 2021, the Court approved the settlement of the Consumer Class Action against Ford and dismissed the Action with prejudice. (D.E. 3183).   Accordingly, no response is required to these allegations to the extent they are made on behalf of the Consumer Class.   To the extent this paragraph applies to the Recycler Class, Paragraph 31 contains a legal conclusion to which no response is required.   To the extent a response is required, Ford denies the allegations in Paragraph 31.

32.     On December 20, 2021, the Court approved the settlement of the Consumer Class Action against Ford and dismissed the Action with prejudice. (D.E. 3183).   Accordingly, no response is required to these allegations to the extent they are made on behalf of the Consumer Class.   To the extent this paragraph applies to the Recycler Class, Paragraph 32 contains a legal conclusion to which no response is required.   To the extent a response is required, Ford denies the allegations in Paragraph 32.

33.     Ford denies the allegations in Paragraph 33.

34.     Paragraph 34 contains a legal conclusion to which no response is required.   To the extent a response is required, Ford denies the allegations in Paragraph 34.

35.     Paragraph 35 contains a legal conclusion to which no response is required.   To the extent a response is required, Ford denies the allegations in Paragraph 35 as they pertain to Ford. Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 35, and therefore denies them.

36.     Paragraph 36 contains a legal conclusion to which no response is required.   To the extent a response is required, Ford denies the allegations in Paragraph 36.

37.     Paragraph 37 contains a legal conclusion to which no response is required.   To the extent a response is required, Ford denies the allegations in Paragraph 37.

38.     Paragraph 38 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 38.

39.     Paragraph 39 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford admits that it is headquartered in Michigan and denies the remaining allegations in Paragraph 39.

40.     Paragraph 40 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 40.

41.     Ford admits that it is headquartered in Dearborn, Michigan and that some of its vehicles during the relevant time period contained Takata airbag systems.  Ford also admits that it develops, manufactures, distributes, and services vehicles in the United States.  Except as expressly admitted, Ford denies the allegations in Paragraph 41.

42.–76.  On December 20, 2021, the Court approved the settlement of the Consumer Class Action against Ford and dismissed the Action with prejudice. (D.E. 3183).  Accordingly, no response is required to these allegations.

77.     Ford denies the allegations in Paragraph 77 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 77, and therefore denies them.

78.     Ford denies the allegations in Paragraph 78 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 78, and therefore denies them.

79.     Ford denies the allegations in Paragraph 79 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 79, and therefore denies them.

80.    Ford denies the allegations in Paragraph 80 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 80, and therefore denies them.

81.    Ford denies the allegations in Paragraph 81 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 81, and therefore denies them.

82.    Pursuant to the Court's March 9, 2020 Order, all claims asserted on behalf of Knox have been dismissed, (D.E. 3965), accordingly, no response is required to these allegations to the extent it concerns Knox.  To the extent any response is required, Ford denies the allegations in Paragraph 82 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 82, and therefore denies them.

83.    Ford denies the allegations in Paragraph 83, including subparagraphs (a)-(c), as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 83, and therefore denies them.

84.    Ford denies the allegations in Paragraph 84 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 84, and therefore denies them.

85.    Ford admits that Plaintiffs purport to refer to Butler, Cunningham,  Midway, Snyder's, Weaver, ARA, and Young's as "Automotive Recycler Plaintiffs."  Ford denies the allegations in Paragraph 85 as they pertain to Ford.  However, pursuant to the Court's March 9, 2020 Order, all claims asserted on behalf of Knox have been dismissed, (D.E. 3965).  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 85, and therefore denies them.

86.     Ford admits that this purports to be an action for economic losses.  Ford denies the remainder of the allegations in Paragraph 86.

87.     Paragraph 87 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 87 as they pertain to Ford. Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 87, and therefore denies them.

88.     Ford denies the allegations in Paragraph 88.

89.     Ford admits that it initiated recalls, some of which are listed in the table in Paragraph 89, relating to certain vehicles equipped with Takata inflators.  Ford denies, however, that those recalls were "partial, misleading, and ultimately ineffective."  Except as expressly admitted, Ford denies the allegations in Paragraph 89 as they pertain to Ford.  Ford admits, upon information and belief, that other vehicle manufacturers also initiated recalls relating to certain vehicles equipped with Takata inflators.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 89, and therefore denies them.

90.     Ford denies the allegations in Paragraph 90 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 90, and therefore denies them.

91.     Ford admits that Takata supplied frontal airbags for certain Ford vehicles beginning with the 2004 MY Ford Ranger.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 91, and therefore denies them.

92.     Ford denies the allegations in Paragraph 92 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 92, and therefore denies them.

93.     In response to Paragraph 93, Ford admits that generally an airbag inflator is a metal canister that contains a propellant, which can take the form of wafers or tablets, and an ignitor, that upon ignition of the primary propellant gases are produced that inflate and deploy the airbag. Except as expressly admitted, Ford denies the allegations in Paragraph 93.

94.     Ford admits that embedded in Paragraph 94 is an illustration allegedly depicting a "Takata airbag module."  Except as expressly admitted, Ford denies the allegations in Paragraph 94.

95.     Ford is without sufficient knowledge or information to admit or deny the allegations in Paragraph 95, and therefore denies them.

96.     Ford denies the allegations in Paragraph 96 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 96, and therefore denies them.

97.     Paragraph 97 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 97.

98.     Ford denies the allegations in Paragraph 98 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 98, and therefore denies them.

99.     Ford denies the allegations in Paragraph 99 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 99, and therefore denies them.

100.     Ford denies the allegations in Paragraph 100 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 100, and therefore denies them.

101.    Ford denies the allegations in Paragraph 101 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 101, and therefore denies them.

102.    Ford denies the allegations in Paragraph 102 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 102, and therefore denies them.

103.    Ford denies the allegations in Paragraph 103 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 103, and therefore denies them.

104.    Ford denies the allegations in Paragraph 104 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 104, and therefore denies them.

105.    Ford denies the allegations in Paragraph 105 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 105, and therefore denies them.

106.    Ford denies the allegations in Paragraph 106 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 106, and therefore denies them.

107.    Ford denies the allegations in Paragraph 107.

108.    Ford denies the allegations in Paragraph 108.

109.    Ford denies the allegations in Paragraph 109 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 109, and therefore denies them.

110.   Ford denies the allegations in Paragraph 110 as they pertain to Ford.  Ford admits, upon information and belief, that Takata had manufacturing facilities in Moses Lake, Washington, LaGrange, Georgia, and Monclova, Mexico.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 110, and therefore denies them.

111.   Ford is without sufficient knowledge or information to admit or deny the allegations in Paragraph 111, and therefore denies them.

112.   Ford admits that it was made aware of an explosion at a plant in Monclova, Mexico, in or around March 2006.  Ford denies the remaining allegations in Paragraph 112 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 112, and therefore denies them.

113.   Ford denies the allegations in Paragraph 113 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 113, and therefore denies them.

114.   Ford denies the allegations in Paragraph 114 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 114, and therefore denies them.

115.   Ford denies the allegations in Paragraph 115 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 115, and therefore denies them.

116.   Ford denies the allegations in Paragraph 116 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 116, and therefore denies them.

117.    In response to Paragraph 117, Ford states that it utilizes certain specifications for inflators and airbag modules that suppliers are required to meet subject to approved deviations. Except as expressly admitted, Ford denies the allegations in Paragraph 117.

118.    In response to Paragraph 118, Ford states that it participated with certain other U.S. automakers in the development of United States Council for Automotive Research ("USCAR") specifications that pertained to the performance and validation of inflator assemblies used in airbag modules.  Except as expressly admitted, Ford denies the allegations in Paragraph 118 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 118, and therefore denies them.

119.    In response to Paragraph 119, Ford states that the contents of the USCAR specifications speak for themselves and Ford denies any allegations inconsistent therewith.  Except as expressly admitted, Ford denies the allegations in Paragraph 119 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 119, and therefore denies them.

120.    In response to Paragraph 120, Ford states that it utilizes a bookshelving process whereby Ford validates certain technologies at a concept level.  Ford admits that it knew during the bookshelving process that Takata inflators utilized phase-stabilized ammonium nitrate propellant.  Except as expressly admitted, Ford denies the allegations in Paragraph 120.

121.    In response to Paragraph 121, Ford states that it first purchased Takata airbag inflators for use in the 2004 MY Ford Ranger.  Ford further states that Ford required such inflators to undergo design validation and production validation testing before Ford purchased such inflators from Takata.  Except as expressly admitted, Ford denies the allegations in Paragraph 121.

122.     In response to Paragraph 122, Ford states that it participated in the development of USCAR specifications that pertained to the performance and validation of inflator assemblies used in airbag modules.  The USCAR specifications were the most stringent specifications in the automotive industry, such that no supplier could meet all of the specifications without approved deviations.  Ford engaged in discussions with its suppliers regarding deviations. Except as expressly admitted, Ford denies the allegations in Paragraph 122 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 122, and therefore denies them.

123.     Ford states that the contents of the fax referenced in Paragraph 123 speak for themselves.  Except as expressly admitted, Ford denies the allegations in Paragraph 123.

124.     In response to Paragraph 124, Ford states that it participated in the development of USCAR specifications that pertained to the performance and validation of inflator assemblies used in airbag modules.  The USCAR specifications were the most stringent specifications in the automotive industry, such that no supplier could meet all of the specifications without approved deviations. Except as expressly admitted, Ford denies the allegations in Paragraph 124.

125.     In response to Paragraph 125, Ford states that it participated in the development of USCAR specifications that pertained to the performance and validation of inflator assemblies used in airbag modules.  The USCAR specifications were the most stringent specifications in the automotive industry, such that no supplier could meet all of the specifications without approved deviations.  Ford required its suppliers to show that they could bring their inflators into full compliance with the specifications.  Except as expressly admitted, Ford denies the allegations in Paragraph 125 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 125, and therefore denies them.

126.     In response to Paragraph 126, Ford states that the contents of the email referenced in Paragraph 126 speaks for itself and denies any allegations inconsistent therewith.  Except as expressly admitted, Ford denies the allegations in Paragraph 126.

127.     Ford denies the allegations in Paragraph 127.

128.     Ford denies the allegations in Paragraph 128.

129.     In response to Paragraph 129, Ford states that the USCAR specifications were the most stringent specifications in the automotive industry, such that no supplier, including Takata, could meet all of the specifications without approved deviations.  One of the deviations that Takata and other suppliers required related to ballistic variability.  Ford denies that any of the deviations pertained to any rupture phenomenon or to the recall of any Ford vehicles.  Except as expressly admitted, Ford denies the allegations in Paragraph 129.

130.     In response to Paragraph 130, Ford states that in or around 2007 Ford engaged in discussions with Takata regarding deviations from USCAR specifications.  Ford further states that the contents of the purported document referenced in Paragraph 130 speaks for itself and denies any allegations inconsistent therewith.  Except as expressly admitted, Ford denies the allegations in Paragraph 130.

131.     Ford denies the allegations of Paragraph 131.

132.     In response to Paragraph 132, Ford states that it was aware that a particular design of the PSDI-5 inflator experienced structural compromise during the design and production validation process.  Ford denies that inflators with that design ever went into production or into any Ford vehicles.  Except as expressly admitted, Ford denies the allegations of Paragraph 132.

133.     In response to Paragraph 133, Ford states that it required the Takata PSDI-5 inflator to undergo design validation and production validation testing prior to Ford's purchase of such inflators from Takata.  Except as expressly admitted, Ford denies the allegations in Paragraph 133.

134.     In response to Paragraph 134, Ford states that, in November 2004, Takata informed Ford that a particular design of the PSDI-5 inflator experienced structural compromise during design validation and production validation testing.  Ford denies that inflators with that design ever went into production or into any Ford vehicles.  Further answering, Ford states that the Global 8D Report speaks for itself and denies any allegations inconsistent therewith.  Except as expressly admitted, Ford denies the allegations in Paragraph 134 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 134, and therefore denies them.

135.     Ford is without sufficient knowledge or information to admit or deny the allegations in Paragraph 135, and therefore denies them.

136.     Ford denies the allegations in Paragraph 136.

137.     In response to Paragraph 137, Ford states that, after the PSDI5 validation failures, one of Ford's engineers raised the possibility of adding a moisture-absorbing material to the PSDI-5 inflator.  Takata subsequently implemented several countermeasures, one of which was the addition of desiccant.  Ford denies the remaining allegations of Paragraph 137.

138.     In response to Paragraph 138, Ford states that non-desiccated airbag inflators were installed in certain of its vehicles in 2014.  Ford further states that it has recalled Ford vehicles with non-desiccated Takata inflators.  Except as expressly admitted, Ford denies the allegations in Paragraph 138.

139.    In response to Paragraph 139, Ford states that it monitored and was aware of certain incidents and recalls involving Takata airbags in other OEMs' vehicles and that Takata repeatedly assured Ford that those issues were due to manufacturing defects that did not affect the airbags in Ford vehicles.  Except as expressly admitted, Ford denies the allegations in Paragraph 139.

140.    Ford denies the allegations in Paragraph 140 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 140, and therefore denies them.

141.    Ford denies the allegations in Paragraph 141 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 141, and therefore denies them.

142.    Ford denies the allegations in Paragraph 142 as they pertain to Ford.  As to the remaining allegations in Paragraph 142, Ford is without sufficient knowledge or information to admit or deny the allegations, and therefore denies them.

143.    Ford denies the allegations in Paragraph 143 as they pertain to Ford.  As to the remaining allegations in Paragraph 143, Ford is without sufficient knowledge or information to admit or deny the allegations, and therefore denies them.

144.    In response to Paragraph 144, Ford states that Ford engineers were aware in late 2008 and early 2009 that Honda had recalled certain vehicles due to manufacturing issues inapplicable to Ford.  Except as expressly admitted, Ford denies the allegations in Paragraph 144.

145.    Ford denies the allegations in Paragraph 145.

146.    Ford denies the allegations in Paragraph 146 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 146, and therefore denies them.

147.     Ford denies the allegations in Paragraph 147 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 147, and therefore denies them.

148.     Ford states that the contents of the purported presentation referenced in Paragraph 148 speak for themselves and denies any allegations inconsistent therewith.  Except as expressly admitted, Ford denies the allegations in Paragraph 148 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 148, and therefore denies them.

149.     Ford states that the contents of the document referenced in Paragraph 149 speaks for itself and denies any allegations inconsistent therewith.  Except as expressly admitted, Ford denies the allegations in Paragraph 149 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 149, and therefore denies them.

150.     Ford denies the allegations in Paragraph 150.

151.     Ford states that it was aware that certain other OEMs had issued recalls of Takata inflators specifically designed and manufactured for those OEMs vehicles.  Takata repeatedly assured Ford that those recalls related to manufacturing issues not applicable to the inflators in Ford vehicles.  Ford denies the remaining allegations in Paragraph 151.

152.     Ford denies the allegations in Paragraph 152 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 152, and therefore denies them.

153.     Ford states that, in 2014, at NHTSA's request, it voluntarily conducted a field service action regarding 2005-2008 Ford Mustangs, 2005-2006 Ford GTs, and 2004-2005 Ford

Rangers in Florida, Hawaii, Puerto Rico, and the U.S. Virgin Islands, to collect inflators for further evaluation as part of an engineering study.   Except as expressly admitted, Ford denies the allegations in Paragraph 153.

154.    Ford denies the allegations in Paragraph 154 as they pertain to Ford.   Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 154, and therefore denies them.

155.    In response to Paragraph 155, Ford states that NHTSA's Special Order to Takata and NHTSA's General Order Directed to Manufacturers referenced in Paragraph 155 speak for themselves.  By way of further answer, Ford denies the allegations in Paragraph 155 as they pertain to Ford.   Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 155, and therefore denies them.

156.    Ford denies the allegations in Paragraph 156 as they pertain to Ford.   Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 156, and therefore denies them.

157.    Ford admits, upon information and belief, that Takata submitted four Defect Information Reports dated May 18, 2015 to NHTSA, the contents of which speak for themselves. Ford also admits, upon information and belief, that Takata entered into a Consent Order with NHTSA, the contents of which speak for themselves.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 157, and therefore denies them.

158.    Ford denies the allegations in Paragraph 158 as they pertain to Ford.  To the extent a further response is required, Ford admits, upon information and belief, that Takata has issued

additional DIRs after May 18, 2015.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 158, and therefore denies them.

159.    Ford is without sufficient knowledge or information to admit or deny the allegations in Paragraph 159, and therefore denies them.

160.    Ford states that, in June 2014, in response to an inquiry from NHTSA, Ford stated that a search of its records did not reveal any inflator ruptures involving Ford vehicles in the field. Except as expressly admitted, Ford denies the allegations in Paragraph 160.

161.    Ford admits that, in December 2015, the field service action relating to 2005-2008 Ford Mustangs expanded to encompass areas outside of the High Absolute Humidity Zone.  Except as expressly admitted, Ford denies the allegations in Paragraph 161 as they pertain to Ford.

162.    Ford denies the allegations in Paragraph 162.

163.    Ford admits, upon information and belief, that Joel Knight was fatally injured in an accident that occurred in South Carolina involving a 2006 Ford Ranger.  Ford further admits that the driver side inflator in Mr. Knight's vehicle ruptured.  Except as expressly admitted, Ford denies the allegations in Paragraph 163 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 163, and therefore denies them.

164.    Ford admits that, in January 2016, Ford issued a national safety recall of SDI inflators in 2004-2006 MY Ford Rangers.  Except as expressly admitted, Ford denies the allegations in Paragraph 164.

165.    Ford denies the allegations in Paragraph 165 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 165, and therefore denies them.

166.     Ford denies the allegations in Paragraph 166 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 166, and therefore denies them.

167.     Ford denies the allegations in Paragraph 167.

168.     The allegations in Paragraph 168 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 168 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 168, and therefore denies them.

169.     Ford denies that the "examples" of representations made by Ford referenced in Paragraph 169 are actionable representations or are in anyway inaccurate or misleading.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 169, and therefore denies them.

170.     Ford denies the allegations in Paragraph 170 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 170, and therefore denies them.

171.     Ford is without sufficient knowledge or information to admit or deny the allegations in Paragraph 171, and therefore denies them.

172.     Ford is without sufficient knowledge or information to admit or deny the allegations in Paragraph 172, and therefore denies them.

173.     Ford denies the allegations in Paragraph 173 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 173, and therefore denies them.

174.     Ford denies the allegations in Paragraph 174 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 174, and therefore denies them.

175.     Ford denies the allegations in Paragraph 175 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 175, and therefore denies them.

176.     Ford denies the allegations in Paragraph 176 as they pertain to Ford.  Ford further states that the contents of the purported letter from Senators Blumenthal and Markey speak for themselves.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 176, and therefore denies them.

177.     Ford denies the allegations in Paragraph 177 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 177, and therefore denies them.

178.     Ford denies the allegations in Paragraph 178.

179.     Ford denies the allegations in Paragraph 179 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 179, and therefore denies them.

180.     Ford denies the allegations in Paragraph 180.

181.     In response to Paragraph 181, Ford states that certain 2013-14 MY Ford vehicles with Takata inflators are subject to recall.  Except as expressly admitted, Ford denies the allegations in Paragraph 181 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 181, and therefore denies them.

182.    Ford denies the allegations in Paragraph 182 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 182, and therefore denies them.

183.    Ford denies the allegations in Paragraph 183 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 183, and therefore denies them.

184.    Ford is without sufficient knowledge or information to admit or deny the allegations in Paragraph 184, and therefore denies them.

185.    Ford is without sufficient knowledge or information to admit or deny the allegations in Paragraph 185, and therefore denies them.

186.    Ford is without sufficient knowledge or information to admit or deny the allegations in Paragraph 186, and therefore denies them.

187.    Ford is without sufficient knowledge or information to admit or deny the allegations in Paragraph 187, and therefore denies them.

188.    Pursuant to the Court's March 9, 2020 Order, all claims asserted on behalf of Knox have been dismissed, (D.E. 3965), accordingly, no response is required to this Paragraph 188(c). Ford denies the allegations in Paragraph 188, including subparagraphs (a)-(h), as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 188, and therefore denies them.

189.    Ford is without sufficient knowledge or information to admit or deny the allegations in Paragraph 189, and therefore denies them.

190.     Ford denies the allegations in Paragraph 190 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 190, and therefore denies them.

191.     The allegations in Paragraph 191 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 191 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 191, and therefore denies them.

192.     Ford denies the allegations in Paragraph 192.

193.     Ford denies the allegations in Paragraph 193 as they pertain to Ford and Ford denies that Plaintiffs are entitled to any relief from Ford in this matter.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 193, and therefore denies them.

194.     Ford denies the allegations in Paragraph 194 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 194, and therefore denies them.

195.     Ford denies the allegations in Paragraph 195.

196.     The allegations in Paragraph 196 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 196.

197.     The allegations in Paragraph 197 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 197.

198.     The allegations in Paragraph 198 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 198.

199.    The allegations in Paragraph 199 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 199 as they pertain to Ford.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 199, and therefore denies them.

200.    The allegations in Paragraph 200 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 200.

201.    The allegations in Paragraph 201 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 201.

202.    The allegations in Paragraph 202 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 202 as they pertain to Ford and Ford denies that Plaintiffs have satisfied the requirements of Federal Rule of Civil Procedure 23 for class certification.  Ford is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 202, and therefore denies them.

203.    On December 20, 2021, the Court approved the settlement of the Consumer Class Action against Ford and dismissed the Action with prejudice. (D.E. 3183).  Accordingly, no response is required to these allegations.  Further, the allegations in Paragraph 203 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 203 as they pertain to Ford and Ford denies that Plaintiffs have satisfied the requirements of Federal Rule of Civil Procedure 23 for class certification.

204.    On December 20, 2021, the Court approved the settlement of the Consumer Class Action against Ford and dismissed the Action with prejudice. (D.E. 3183).  Accordingly, no response is required to this allegation.  Further, the allegations in Paragraph 204 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies

the allegations in Paragraph 204 as they pertain to Ford and Ford denies that Plaintiffs have satisfied the requirements of Federal Rule of Civil Procedure 23 for class certification.

205.    The allegations in Paragraph 205 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 205 as they pertain to Ford and Ford denies that Plaintiffs have satisfied the requirements of Federal Rule of Civil Procedure 23 for class certification.

206.    Pursuant to the Court's March 9, 2020 Order, all claims asserted on behalf of Knox have been dismissed, (D.E. 3965), accordingly, no response is required to the extent the allegations concern Knox or Tennessee law.   Further, the allegations in Paragraph 206 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 206 as they pertain to Ford and Ford denies that Plaintiffs have satisfied the requirements of Federal Rule of Civil Procedure 23 for class certification.

207.    The allegations in Paragraph 207 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 207 as they pertain to Ford and Ford denies that Plaintiffs have satisfied the requirements of Federal Rule of Civil Procedure 23 for class certification.

208.    The allegations in Paragraph 208 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 208 as they pertain to Ford and Ford denies that Plaintiffs have satisfied the requirements of Federal Rule of Civil Procedure 23 for class certification.

209.    On December 20, 2021, the Court approved the settlement of the Consumer Class Action against Ford and dismissed the Action with prejudice. (D.E. 3183).  Accordingly, no response is required to these allegations to the extent they concern the Consumer Class Action.

The allegations in Paragraph 209 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 209 as they pertain to Ford and Ford denies that Plaintiffs have satisfied the requirements of Federal Rule of Civil Procedure 23 for class certification.

210.    The allegations in Paragraph 210 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 210 as they pertain to Ford.

211.    The allegations in Paragraph 211 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 211 as they pertain to Ford and Ford denies that Plaintiffs have satisfied the requirements of Federal Rule of Civil Procedure 23 for class certification.

212.    On December 20, 2021, the Court approved the settlement of the Consumer Class Action against Ford and dismissed the Action with prejudice. (D.E. 3183).  Accordingly, no response is required to these allegations to the extent they concern the Consumer Class Action. The allegations in Paragraph 212 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 212 as they pertain to Ford and Ford denies that Plaintiffs have satisfied the requirements of Federal Rule of Civil Procedure 23 for class certification.

213.    On December 20, 2021, the Court approved the settlement of the Consumer Class Action against Ford and dismissed the Action with prejudice. (D.E. 3183).  Accordingly, no response is required to these allegations to the extent they concern the Consumer Class Action. The allegations in Paragraph 213, including subparagraphs (a)-(u), contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in

Paragraph 213 as they pertain to Ford and Ford denies that Plaintiffs have satisfied the requirements of Federal Rule of Civil Procedure 23 for class certification.

214.    On December 20, 2021, the Court approved the settlement of the Consumer Class Action against Ford and dismissed the Action with prejudice. (D.E. 3183).  Accordingly, no response is required to these allegations to the extent they concern the Consumer Class Action. The allegations in Paragraph 214 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 214 as they pertain to Ford and Ford denies that Plaintiffs have satisfied the requirements of Federal Rule of Civil Procedure 23 for class certification.

215.    On December 20, 2021, the Court approved the settlement of the Consumer Class Action against Ford and dismissed the Action with prejudice. (D.E. 3183).  Accordingly, no response is required to these allegations to the extent they concern the Consumer Class Action. The allegations in Paragraph 215 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 215 as they pertain to Ford and Ford denies that Plaintiffs have satisfied the requirements of Federal Rule of Civil Procedure 23 for class certification.

216.    The allegations in Paragraph 216 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 216 as they pertain to Ford and Ford denies that Plaintiffs have satisfied the requirements of Federal Rule of Civil Procedure 23 for class certification.

217.    On December 20, 2021, the Court approved the settlement of the Consumer Class Action against Ford and dismissed the Action with prejudice. (D.E. 3183).  Accordingly, no response is required to these allegations to the extent they concern the Consumer Class Action.

The allegations in Paragraph 217 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 217 as they pertain to Ford and Ford denies that Plaintiffs have satisfied the requirements of Federal Rule of Civil Procedure 23 for class certification.

218.    The allegations in Paragraph 218 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 218 as they pertain to Ford and Ford denies that Plaintiffs have satisfied the requirements of Federal Rule of Civil Procedure 23 for class certification.

219.    The allegations in Paragraph 219 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 219 as they pertain to Ford and Ford denies that Plaintiffs have satisfied the requirements of Federal Rule of Civil Procedure 23 for class certification.

220.    The allegations in Paragraph 220 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 220 as they pertain to Ford and Ford denies that Plaintiffs have satisfied the requirements of Federal Rule of Civil Procedure 23 for class certification.

221.    The allegations in Paragraph 221 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 221 as they pertain to Ford and Ford denies that Plaintiffs have satisfied the requirements of Federal Rule of Civil Procedure 23 for class certification.

222.    On December 20, 2021, the Court approved the settlement of the Consumer Class Action against Ford and dismissed the Action with prejudice. (D.E. 3183).  Accordingly, no response is required to these allegations to the extent they concern the Consumer Class Action.

The allegations in Paragraph 222 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 222 as they pertain to Ford and Ford denies that Plaintiffs have satisfied the requirements of Federal Rule of Civil Procedure 23 for class certification.

223.    Ford incorporates by reference its responses above as if fully set forth herein.

## COUNT 1

224–245. The Court has dismissed the claims asserted against Ford in Count 1 by all Plaintiffs and all proposed classes of Plaintiffs.  (D.E. 3183, 3965).  Accordingly, no response is required to any of the allegations set forth in Paragraphs 224 through 245.

## COUNT 2

246–257.  The Court has dismissed the claims asserted against Ford in Count 2 by all Plaintiffs and all proposed classes of Plaintiffs.  (D.E. 3183, 3965).  Accordingly, no response is required to any of the allegations set forth in Paragraphs 246 through 257.

## COUNTS 3–34

258–747.  The Court has dismissed the claims asserted against Ford in Count 3 by all Plaintiffs and all proposed classes of Plaintiffs.  (D.E. 3183; D.E. 3965, at p. 3 n.4).  Accordingly, no response is required to any of the allegations set forth in Paragraphs 258 through 747.

## COUNT 35

748.    Paragraph 748 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 748 that are directed at Ford.

749.    Paragraph 749 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford is without sufficient knowledge or information to admit or deny the allegations in Paragraph 749, and therefore denies them.

750.     Paragraph 750 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 750.

751.     Paragraph 751 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford states that the text of Fla. Stat. § 501.204 speaks for itself and denies any allegations that are inconsistent with the text of the statute.  By way of further response, Ford denies the allegations in Paragraph 751 that pertain to Ford.

752.     Ford denies the allegations in Paragraph 752.

753.     Ford denies the allegations in Paragraph 753.

754.     Ford denies the allegations in Paragraph 754.

755.     Ford denies the allegations in Paragraph 755.

756.     Ford denies the allegations in Paragraph 756.

757.     Ford denies the allegations in Paragraph 757.

758.     Ford denies the allegations in Paragraph 758.

759.     Ford denies the allegations in Paragraph 759.

760.     Paragraph 760 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 760.

761.     Ford denies the allegations in Paragraph 761.

762.     The allegations in Paragraph 762, including subparagraphs (a)-(c), contain a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 762, including subparagraphs (a)-(c).

763.     Ford denies the allegations in Paragraph 763.

764.     Paragraph 764 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 764.

765.    Ford denies the allegations in Paragraph 765.

766.    Ford denies the allegations in Paragraph 766.

767.    Ford denies the allegations in Paragraph 767 and Ford denies that Plaintiffs are entitled to any relief in this matter as to Ford.

768.    Ford denies the allegations in Paragraph 768 and Ford denies that Plaintiffs are entitled to any relief in this matter as to Ford.

769.    Ford denies the allegations in Paragraph 769 and Ford denies that Plaintiffs are entitled to any relief in this matter as to Ford.

**COUNT 36**

770–793.  The Court has dismissed the claims asserted against Ford in Count 36.  (D.E. 3965). Accordingly, no response is required to any of the allegations set forth in Paragraphs 770 through 793.

**COUNT 37**

794.    Paragraph 794 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 794 that are directed at Ford.

795.    Paragraph 795 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 795.

796.    Ford states that N.C. Gen. Stat. § 75-1.1(a) speaks for itself and Ford denies any allegations that are inconsistent with its terms.  Ford denies the remaining allegations in Paragraph 796.

797.    Ford denies the allegations in Paragraph 797.

798.    Ford denies the allegations in Paragraph 798.

799.    Ford denies the allegations in Paragraph 799.

800.    Ford denies the allegations in Paragraph 800.

801.    Ford denies the allegations in Paragraph 801.

802.    Ford denies the allegations in Paragraph 802.

803.    Ford denies the allegations in Paragraph 803.

804.    Ford denies the allegations in Paragraph 804.

805.    Paragraph 805 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 805.

806.    Ford denies the allegations in Paragraph 806.

807.    The allegations in Paragraph 807, including subparagraphs (a)-(c), contain a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 807, including subparagraphs (a)-(c).

808.    Ford denies the allegations in Paragraph 808.

809.    Paragraph 809 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 809.

810.    Ford denies the allegations in Paragraph 810.

811.    Ford denies the allegations in Paragraph 811.

812.    Ford denies the allegations in Paragraph 812 and Ford denies that Plaintiffs are entitled to any relief in this matter as to Ford.

813.    Ford denies the allegations in Paragraph 813 and Ford denies that Plaintiffs are entitled to any relief in this matter as to Ford.

814.    Ford denies the allegations in Paragraph 814 and Ford denies that Plaintiffs are entitled to any relief in this matter as to Ford.

815.    Ford denies the allegations in Paragraph 815 and Ford denies that Plaintiffs are entitled to any relief in this matter as to Ford.

## COUNT 38

816–837.  The Court has dismissed the claims asserted against Ford in Count 38.  (D.E. 3965).  Accordingly, no response is required to any of the allegations set forth in Paragraphs 816 through 837.

## COUNT 39

838.    Paragraph 838 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 838 that are directed at Ford.

839.    Paragraph 839 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford is without sufficient knowledge or information to admit or deny the allegations in Paragraph 839, and therefore denies them, and further denies any wrongdoing.

840.    Ford states that Tex. Bus. & Com. Code §§ 17.46(a), 17.45(5), and 15.50(a)(3) speak for themselves and Ford denies any allegations inconsistent with their terms Ford denies the remaining allegations in Paragraph 840.

841.    Ford denies the allegations in Paragraph 841.

842.    Ford denies the allegations in Paragraph 842.

843.    Ford denies the allegations in Paragraph 843.

844.    Ford denies the allegations in Paragraph 844.

845.    Ford denies the allegations in Paragraph 845.

846.    Ford denies the allegations in Paragraph 846.

847.    Ford denies the allegations in Paragraph 847.

848.    Ford denies the allegations in Paragraph 848.

849.    Ford denies the allegations in Paragraph 849.

850.    Paragraph 850 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 850.

851.　　Ford denies the allegations in Paragraph 851.

852.　　The allegations in Paragraph 852, including subparagraphs (a)-(c), contain a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 852, including subparagraphs (a)-(c).

853.　　Ford denies the allegations in Paragraph 853.

854.　　Paragraph 854 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 854.

855.　　Ford denies the allegations in Paragraph 855.

856.　　Ford denies the allegations in Paragraph 856.

857.　　Ford denies the allegations in Paragraph 857 and Ford denies that Plaintiffs are entitled to any relief in this matter as to Ford.

858.　　Ford denies the allegations in Paragraph 858 and Ford denies that Plaintiffs are entitled to any relief in this matter as to Ford.

859.　　Ford denies the allegations in Paragraph 859 and Ford denies that Plaintiffs are entitled to any relief in this matter as to Ford.

860.　　Ford denies the allegations in Paragraph 860 and Ford denies that Plaintiffs are entitled to any relief in this matter as to Ford.

861.　　Paragraph 861 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 861.

## COUNT 40

862–879.　　The Court has dismissed the claims asserted against Ford in Count 40.  (D.E. 3965). Accordingly, no response is required to any of the allegations set forth in Paragraphs 862 through 879.

## COUNT 41

880.    Paragraph 880 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 880 that are directed at Ford.[1]

881.    Ford denies the allegations in Paragraph 881.

882.    Ford denies the allegations in Paragraph 882.

883.    Ford denies the allegations in Paragraph 883.

884.    Ford denies the allegations in Paragraph 884.

885.    Ford denies the allegations in Paragraph 885, including subparagraphs (a)-(c).

886.    Paragraph 886 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 886.

887.    Ford denies the allegations in Paragraph 887.

888.    Ford denies the allegations in Paragraph 888.

889.    Paragraph 889 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 889 as they pertain to Ford. Ford lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 889, and therefore denies them, and further denies any wrongdoing.

890.    Paragraph 890 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 890.

891.    Paragraph 891 contains a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 891.

892.    Ford denies the allegations in Paragraph 892.

---

[1] The Court dismissed Count 41 to the extent Tennessee or North Carolina law applies to those claims.  (D.E. 3965)

893.    Ford denies the allegations in Paragraph 893 and Ford denies that Plaintiffs are entitled to any relief in this matter as to Ford.

894.    Ford denies the allegations in Paragraph 894 and Ford denies that Plaintiffs are entitled to any relief in this matter as to Ford.

895.    Ford denies all allegations not expressly admitted herein.  Without limiting the foregoing, Ford specifically denies any allegations in the headings of the Fourth Amended Consolidated Class Action Complaint to the extent a response thereto is deemed required.

## PRAYER FOR RELIEF

Ford denies that Plaintiffs are entitled to the relief they seek in the Prayer for Relief.  To the extent a further response is required, Ford denies any remaining allegations that pertain to Ford.

## ADDITIONAL DEFENSES

Ford asserts the following defenses without assuming the burden of proof where such burden is otherwise on Plaintiffs as a matter of applicable substantive or procedural law:

## FIRST DEFENSE

The Court lacks personal jurisdiction over Ford.

## SECOND DEFENSE

Ford asserts that it is not "at home" in this jurisdiction for personal jurisdiction purposes and that many Plaintiffs' claims do not arise out of any activities of Ford in this forum related to such claims and, therefore, that Ford is not subject to general or specific personal jurisdiction in this state as to such claims.

## THIRD DEFENSE

The claims of certain Plaintiffs are barred, in whole or in part, because they lack standing to bring their claims.

### FOURTH DEFENSE

The allegations in the Complaint fail to state a claim upon which relief may be granted.

### FIFTH DEFENSE

Plaintiffs are not entitled to pursue this action as a class action under Federal Rule of Civil Procedure 23 and Plaintiffs' claims or the claims of some or all putative class members may be barred, in whole or in part, because the applicable statutes prohibit class actions.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Ford owed no legal duty to Plaintiffs as alleged in the Complaint.

### SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of the lack of privity with Ford.

### EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations or statutes of repose.

### NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

### TENTH DEFENSE

Plaintiffs' claims are preempted by federal law.

### ELEVENTH DEFENSE

Plaintiffs' claims are barred because the alleged defect in the subject vehicles never manifested itself.

### TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered legally cognizable damages.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not rely on any representation or omission by Ford.

## FOURTEENTH DEFENSE

To the extent that Ford made any representation that was untrue, which is expressly denied, Plaintiffs' claims are barred, in whole or in part, because Ford lacked knowledge, intent, or willfulness.

## FIFTEENTH DEFENSE

To the extent that Ford made any representation that was untrue, which is expressly denied, Plaintiffs' claims are barred, in whole or in part, because such representation was not material.

## SIXTEENTH DEFENSE

The claims of certain Plaintiffs are barred, in whole or in part, because they did not timely provide pre-suit notice.

## SEVENTEENTH DEFENSE

The claims of certain Plaintiffs are barred, in whole or in part, by virtue of the existence of an express limited warranty with respect to the subject vehicle.

## EIGHTEENTH DEFENSE

The claims of certain Plaintiffs are barred, in whole or in part, because there is no liability for incidental or consequential damages under the applicable law and by the terms of the limited warranty for the subject vehicles.

## NINETEENTH DEFENSE

The claims of certain Plaintiffs are barred, in whole or in part, due to the expiration of an express limited warranty with respect to the subject vehicle.

## TWENTIETH DEFENSE

The claims of certain Plaintiffs are barred, in whole or in part, because the limited warranties for the subject vehicles limit their remedies to repair, replacement, or adjustment only.

## TWENTY-FIRST DEFENSE

Plaintiffs' alleged damages, if any, were caused or contributed to by the negligence or fault or other persons, firms, corporations, or entities over whom Ford has and had no control or right of control and for whom it is not responsible.

## TWENTY-SECOND DEFENSE

The claims of certain Plaintiffs may be barred due to spoliation of evidence.

## TWENTY-THIRD DEFENSE

Plaintiffs' recovery should be reduced to the extent they have failed to mitigate their damages, if any.

## TWENTY-FOURTH DEFENSE

The Fourth Amended Consolidated Complaint fails to state a claim for punitive damages as a matter of law.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims for punitive damages are barred because Ford did not engage in any conduct that would support an award of punitive damages.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims for punitive damages would violate Ford's rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and similar provisions of applicable state constitutions, statutes, and case law.

## TWENTY-SEVENTH DEFENSE

To the extent that Plaintiffs receive or have received compensation for all or part of their injuries and damages alleged in the Complaint, the amount of any damages that may be recovered against Ford must be diminished as required by law.

## TWENTY-EIGHTH DEFENSE

Ford is entitled to a set-off for all settlements and compensation that Plaintiffs have received, or may receive, in connection with their claims.

## TWENTY-NINTH DEFENSE

The vehicles in question were manufactured in a reasonably safe manner in full compliance with all applicable laws, statutes, and regulations and, therefore, Plaintiffs are barred from recovery.

## THIRTIETH DEFENSE

The vehicles in questions conformed to the existing state of the art and industry standard at the time they were designed and manufactured.

## THIRTY-FIRST DEFENSE

The vehicles in question were fit for their intended purposes.

## THIRTY-SECOND DEFENSE

The claims of certain Plaintiffs may be barred, in whole or in part, because the defect alleged is the result of a modification to the vehicle, abuse or neglect of the vehicle, failure to properly maintain the vehicle, and/or foreign objects and/or damage due to an accident that occurred after the vehicle was purchased.

## THIRTY-THIRD DEFENSE

The claims of certain Plaintiffs may be barred, in whole or in part, because the subject vehicles were used in a manner other than intended.

### THIRTY-FOURTH DEFENSE

The claims of certain Plaintiffs may be barred, in whole or in part, by the doctrines of waiver, estoppel or laches.

### THIRTY-FIFTH DEFENSE

Plaintiffs' claims for equitable relief are barred, in whole or in part, by the existence of an adequate remedy at law.

### THIRTY-SIXTH DEFENSE

Any damages that Plaintiffs might have sustained were unforeseeable.

### THIRTY-SEVENTH DEFENSE

No act, omission, or conduct of Ford bore a causal relationship to any injury or damages allegedly suffered by Plaintiffs.

### THIRTY-EIGHTH DEFENSE

No act, omission, or conduct of Ford was the proximate cause of any alleged injury or damages allegedly suffered by Plaintiffs.

### THIRTY-NINTH DEFENSE

The claims of Tennessee Plaintiffs are barred by the Tennessee Products Liability Act.

### FORTIETH DEFENSE

Certain statutory claims are barred because Ford did not participate in any consumer transaction with Plaintiffs.

### FORTY-FIRST DEFENSE

Ford reserves the right to amend or supplement additional defenses based on information learned during the course of this litigation.

WHEREFORE, Ford prays as follows:

1.      Plaintiffs take nothing by the Fourth Amended Consolidated Class Action Complaint;

2.      For judgment in favor of Ford;

3.      For an award of costs incurred by Ford in this action; and

4.      For any other relief this Court deems proper.

### <u>JURY DEMAND</u>

Ford demands a trial by jury on all issues so triable.

Dated:          April 9, 2021                   Respectfully submitted,

/s/ Henry Salas
**Henry Salas**
Florida Bar No. 815268
henry.salas@csklegal.com
**Sean Hernandez**
Florida Bar No. 123834
sean.hernandez@csklegal.com
**COLE, SCOTT & KISSANE, P.A.**
9150 So. Dadeland Blvd., Suite 1400
Miami, Florida 33156
T: 786-268-6419
F: 305-373-2294

**R. Kent Warren** (*admitted pro hac vice*)
kwarren@mcguirewoods.com
**Jill C. Griset** (*admitted pro hac vice*)
jgriset@mcguirewoods.com
**T. Richmond McPherson III** (*admitted pro hac vice*)
rmcpherson@mcguirewoods.com
**Abigail A. Golden** (*admitted pro hac vice*)
agolden@mcguirewoods.com
McGuireWoods, LLP
201 N Tryon Street, Suite 3000
Charlotte, NC  28202
T:  (704) 343-2193
F:  (704) 444-8734

**Perry W. Miles, IV** (*admitted pro hac vice*)
pmiles@mcguirewoods.com

43

**Jonathan T. Tan** *(admitted pro hac vice)*
jtan@mcguirewoods.com
McGuireWoods, LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
T:  (804) 775-1039
F:  (804) 698-2122

***Counsel for Ford Motor Company***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 9, 2021, I electronically filed the foregoing document with the Court via CM/ECF, which will automatically send notice and a copy of same to counsel of record via electronic mail.

/s/ Henry Salas                      
Henry Salas
