# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

| | |
|---|---|
| **IN RE: TAKATA AIRBAG PRODUCT LIABILITY LITIGATION** | MDL No. 2599 |
| This Document Relates to All Economic Loss Class Actions and: | Master File No. 15-MD-2599-FAM |
| | S.D. Fla. Case No. 1:14-cv-24009-FAM |
| STEPHANIE PUHALLA, *et al.*, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| vs. | |
| VOLKSWAGEN GROUP OF AMERICA, INC., *et al.*, | |
| Defendants. | |

**VOLKSWAGEN GROUP OF AMERICA, INC.'S AND AUDI OF AMERICA, LLC'S MOTION TO DISMISS THE *BUTLER* SECOND AMENDED COMPLAINT AND PARTIAL MOTION TO DISMISS THE *PUHALLA* SECOND AMENDED COMPLAINT**

## TABLE OF CONTENTS

*Page*

PRELIMINARY STATEMENT ..................................................................................1

ARGUMENT ...........................................................................................................5

I.     THE COURT SHOULD DISMISS ALL DIRECT-FILE CLAIMS FOR
LACK OF PERSONAL JURISDICTION...................................................................5

    A.   Direct-File Plaintiffs Still Do *Not* Allege Personal Jurisdiction Under the
Florida Long-Arm Statute or Constitutional Due Process Analysis.............................5

         1.   Plaintiffs Again Improperly Group Plead Their Jurisdictional
Allegations Against VWGoA and Audi America.............................................6

         2.   The Consumer and Recycler Direct-File Plaintiffs Again Fail To Allege
Personal Jurisdiction Under the Florida Long-Arm Statute .............................6

         3.   The Consumer and Recycler Direct-File Plaintiffs Again Fail To Allege
That Exercising Personal Jurisdiction Over Defendants Would Satisfy
Due Process.....................................................................................................8

    B.   This Court Cannot Exercise Pendent Personal Jurisdiction Over Non-Florida Direct-
File Plaintiffs..................................................................................................10

II.    BECAUSE PLAINTIFFS ENGAGE IN IMPERMISSIBLE GROUP
PLEADING, THE SECOND AMENDED COMPLAINT'S FRAUD-BASED
CLAIMS MUST BE DISMISSED FOR FAILURE TO SATISFY RULE 9(b) ........12

III.   THE COURT SHOULD DISMISS VARIOUS OF THE CONSUMER
PLAINTIFFS' LEGALLY FLAWED CLAIMS .......................................................14

    A.   Plaintiffs' Claims on Behalf of 13 Putative State Subclasses Fail for Lack
of Article III Standing......................................................................................14

    B.   Plaintiffs Fail To Allege the Required "Direct Relationship" To Sustain a
Claim for Unjust Enrichment Under New Jersey Law ..................................................15

    C.   The Economic Loss Doctrine Bars Plaintiffs' Claims for Fraudulent Concealment
Under South Carolina Law ..............................................................................16

    D.   Plaintiffs' Claims Under New York's Implied Warranty Law Fail for
Lack of Privity ................................................................................................16

    E.   Plaintiffs' Claims Under the California Unfair Competition Law Are Limited to
Injunctive Relief, Not Damages.......................................................................17

F.      The Court Should Also Dismiss Plaintiffs' Claims Under the California
        Consumer Legal Remedies Act Because Plaintiffs Failed to File the
        Required Affidavit ..................................................................................................17

G.      Because Plaintiff Ignacio's Vehicle Did Not Contain a Takata Airbag, He
        Should Be Dismissed For Lack of Standing .................................................................18

**CONCLUSION** ....................................................................................................................19

## TABLE OF AUTHORITIES

*Page(s)*

### Cases

*Aetna Life & Cas. Co.* v. *Therm–O–Disc, Inc.*,
    511 So.2d 992 (Fla. 1987)...................................................................................7

*Ambrosia Coal & Const. Co.* v. *Pages Morales*,
    482 F.3d 1309 (11th Cir. 2007) ........................................................................13

*Bloom* v. *A.H. Pond Co., Inc.*,
    519 F. Supp. 1162 (S.D. Fla. 1981) ...................................................................8

*Borislow* v. *Canaccord Genuity Grp. Inc.*,
    2014 WL 12580259 (S.D. Fla. June 27, 2014) ..................................................6

*Brooks* v. *Blue Cross & Blue Shield of Fla., Inc.*,
    116 F.3d 1364 (11th Cir. 1997) ........................................................................13

*Carter* v. *Ford Motor Co.*,
    2021 WL 1165248 (S. D. Fla. Mar. 26, 2021)..........................................2, 10, 11

*Circuitronix, LLC* v. *Shenzen Kinwong Elec. Co.*,
    2018 WL 7287192 (S.D. Fla. Jan. 31, 2018) ....................................................13

*Courboin* v. *Scott*,
    596 F. App'x 729 (11th Cir. 2014) .....................................................................7

*DaimlerChrysler Corp.* v. *Cuno*,
    547 U.S. 332 (2006)..........................................................................................18

*Ford Motor Co. v. Montana Eighth Judicial Dist.*,
    141 S. Ct. 1017 (2021)............................................................................. *passim*

*Garfield* v. *NDC Health Corp.*,
    466 F.3d 1255 (11th Cir. 2006) ........................................................................12

*Grayson* v. *Warden, Comm'r, Alabama Doc*,
    869 F.3d 1204 (11th Cir. 2017) ........................................................................18

*Gross* v. *Medaphis Corp.*,
    977 F. Supp. 1463 (N.D. Ga. 1997) ..................................................................12

*Grupo Televisa, S.A.* v. *Telemundo Commc'ns Grp., Inc.*,
    485 F.3d 1233 (11th Cir. 2007) ........................................................................16

*Hinkle* v. *Cont'l Motors, Inc.*,
    268 F. Supp. 3d 1312 (M.D. Fla. 2017)..............................................................8

*Hubbard* v. *BankAtlantic Bancorp, Inc.*,
    625 F. Supp. 2d 1267 (S.D. Fla. 2008) ...................................................................19

*Kolle* v. *Mainship Corp.*,
    2006 WL 1085067 (E.D.N.Y. Apr. 20, 2006) .........................................................16

*Lujan* v. *Defs. of Wildlife*,
    504 U.S. 555 (1992)...........................................................................................5, 14, 18

*McElmurray* v. *Consol. Gov't of Augusta-Richmond Cty.*,
    501 F.3d 1244 (11th Cir. 2007) ...............................................................................18

*Melgarejo* v. *Pycsa Panama, S.A.*,
    537 F. App'x 852 (11th Cir. 2013) .............................................................................5

*In re Nexus 6P Prods. Liab. Litig.*,
    293 F. Supp. 3d 888 (N.D. Cal. 2018) ..................................................................4, 17

*Peruyero* v. *Airbus S.A.S.*,
    83 F. Supp. 3d 1283 (S.D. Fla. 2014) .........................................................................5

*Prime Healthcare Centinela, LLC* v. *Kimberly-Clark Corp.*,
    2016 WL 7177532 (C.D. Cal. May 26, 2016) .........................................................12

*Sapp* v. *Ford Motor Co.*,
    687 S.E.2d 47 (S.C. 2009) .......................................................................................16

*Simon* v. *Eastern Ky. Welfare Rights Org.*,
    426 U.S. 26 (1976)...................................................................................................14

*Sprint Sols., Inc.* v. *Fils-Amie*,
    44 F. Supp. 3d 1224 (S.D. Fla. 2014) ...................................................................3, 13

*Story* v. *Heartland Payment Sys., LLC*,
    461 F. Supp. 3d 1216 (M.D. Fla. 2020)...................................................................11

*Stalley ex. rel. U.S.* v. *Orlando Reg'l Healthcare Sys., Inc.*,
    524 F.3d 1229 (11th Cir. 2008) ...............................................................................18

*Verizon Trademark Servs., LLC* v. *Producers, Inc.*,
    810 F. Supp. 2d 1321 (M.D. Fla. 2011).....................................................................6

*Volkswagen AG* v. *Jones*,
    227 So.3d 150 (Fla. 2d Dist. Ct. App. 2017) .............................................................8

*W. Coast Roofing & Waterproofing, Inc.* v. *Johns Manville, Inc.*,
    287 F. App'x 81 (11th Cir. 2008) ............................................................................13

## Statutes

Cal. Civ. Code §§ 1750, *et seq.*.........................................................................................4, 17, 20

Cal. Civ. Code § 1780(d) ...............................................................................................4, 17

Cal. Bus. & Prof. Code §§ 17200, *et. seq.* .................................................................17, 20

Fla. Stat. § 48.193(1)(a) ............................................................................................7

N.Y. U.C.C. Law §§ 2-315 and 2-A-213, *et seq.* ...............................................16, 17

## Other Authorities

FED. R. EVID. 201(b) ...............................................................................................19

FED. R. CIV. P. 8 ................................................................................................. *passim*

FED. R. CIV. P. 9(b) ............................................................................................. *passim*

FED. R. CIV. P. 12(b)(1) ....................................................................................... *passim*

FED. R. CIV. P. 12(b)(2) ....................................................................................... *passim*

FED. R. CIV. P. 12(b)(6) ....................................................................................... *passim*

U.S. CONST. AMEND. XIV ...........................................................................................5

Pursuant to Rules 8, 9(b), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Volkswagen Group of America, Inc. ("VWGoA") and Audi of America, LLC ("Audi America") (together, "Defendants") hereby move to dismiss with prejudice the Automotive Recyclers' Second Amended Consolidated Class Action Complaint, filed April 24, 2021 (ECF No. 4027 ("Recycler Complaint," or "RSAC")). Pursuant to Federal Rules of Civil Procedure 8, 9(b), 12(b)(1), 12(b)(2) and 12(b)(6), Defendants further move to dismiss with prejudice all Direct-File claims,[1] all fraud-based claims, and certain additional claims in the Consumers' Second Amended Consolidated Class Action Complaint, filed April 23, 2021 (ECF No. 4026 ("Consumer Complaint," or "CSAC")) (collectively, the "Complaints" or "SACs").

## PRELIMINARY STATEMENT

In its June 21, 2019 Order, this Court correctly dismissed Direct-File Consumer Plaintiffs' claims because their "generalized and conclusory allegations" failed to meet their burden under the Florida long-arm statute to "plead a *prima facie* showing of personal jurisdiction." (ECF No. 3406 ("June 2019 Order") at 43-49.) On March 9, 2021, the Court correctly dismissed the Recycler Plaintiffs' claims against Defendants for the same reason. (ECF No. 3965 at 9.) Although this Court has granted Plaintiffs one more chance to try to plead "new, detailed jurisdictional allegations," they have not done so. (ECF No. 4039 at 3.) The Direct-File claims should be dismissed in their entirety for the reasons set forth in the joint motion filed by FCA USA LLC, Mercedes-Benz USA, LLC, and the General Motors defendants (ECF No. 4042 ("Joint Motion")), which Defendants incorporate herein.

---

[1] The "Direct-File" claims are those asserted by Efrain Ferrer, Bladimir Busto, Charles Sakolsky, Jacqueline Carrillo, Ramoncito Ignacio, Stephanie Puhalla, Steven Levin, Sylvia Gil, Linda Dean, Pattie Byrd, Angela Cook, Angela Dickie, Antonia Dowling, Chloe Wallace, Latecia Jackson, and Butler Auto Recycling, Inc. (RSAC).

Because Plaintiffs engage in impermissible group pleading by lumping VWGoA, Audi America and non-party entities together without identifying which specific Defendant (or nonparty) is responsible for the alleged conduct, the Court should dismiss the Direct-File claims for failure to plead personal jurisdiction.  (*See* June 2019 Order at 82 ("The problem with the overall lack of specificity in Plaintiffs' allegations is further compounded by the fact that Plaintiffs imprecisely lump together each of the Defendants' corporate families.").)

For this reason, and as shown in the Joint Motion, the Direct-File Plaintiffs' allegations fail to establish a *prima facie* case for personal jurisdiction under the Florida long-arm statute for the same reasons their prior allegations did:  their new allegations remain vague and conclusory, describe conduct not directed toward Florida consumers, address the activities of nonparty entities such as dealerships, and describe aftermarket activities that are not sufficiently connected to the Plaintiffs' claims.  The Direct-File Plaintiffs' allegations similarly fail under the Supreme Court's due process analysis in *Ford Motor Co.* v. *Montana Eighth Judicial District Court* because they fail to allege that Defendants "systematically served" a market in Florida for the specific vehicle models at issue.  141 S. Ct. 1017 (2021).

Even if Plaintiffs had sufficiently alleged that the Court should exercise specific personal jurisdiction over Defendants as to the Florida Direct-File claims (they have not), Plaintiffs have entirely failed to allege any jurisdiction over claims brought by non-Florida Direct-File Plaintiffs, whose claims have no ties to Florida whatsoever.  Plaintiffs ask this Court to exercise pendent ***party*** personal jurisdiction over such claims, but other courts in this Circuit have rejected this approach, including in a case in a strikingly similar to this one.  *See Carter* v. *Ford Motor Co.*, 2021 WL 1165248 (S. D. Fla. Mar. 26, 2021).

Moreover, even if the Court holds that Direct-File Plaintiffs have sufficiently alleged jurisdiction (it should not), the Court should dismiss certain of Plaintiffs' claims against Defendants on independent, substantive grounds.  In its March 27, 2021 Order granting Plaintiffs leave to refile their complaints, this Court expressly stated:  "Plaintiffs should not re-allege claims that were dismissed on substantive grounds or add new claims.  The amended complaints should only address the jurisdictional issues raised by the Supreme Court in *Ford Motor Co*." (ECF No. 3983 at 2.)   But Plaintiffs ignored the Court's clear instruction.  Even worse, the Consumer Complaint compounds pleading deficiencies that the Court's prior Orders identified and re-alleges some of the same claims that the Court has previously held to be insufficient as a matter of law.

*First*, the Court should dismiss all of Plaintiffs' fraud-based claims against VWGoA and Audi America pursuant to Federal Rules of Civil Procedure 8 and 9(b).[2]  The Complaints engage in improper group pleading by combining VWGoA, Audi America, and (at times unspecified) **nonparty entities** into a single defined term and impermissibly make the same factual allegations about all such entities.  As this Court has previously held, such "unspecific allegations 'run[] afoul' of Rule 9(b) pleading standards."  (June 2019 Order at 83 (quoting *Sprint Sols., Inc.* v. *Fils-Amie*, 44 F. Supp. 3d 1224, 1227 (S.D. Fla. 2014)).)  Because all claims against Defendants in the Recycler Complaint are fraud-based claims, this fatal flaw requires dismissal of their entire Complaint.

---

[2]      The fraud-based claims include all claims in the Recycler Complaint, and claims for fraudulent concealment and violations of state statutory consumer protection claims in the Consumer Complaint.  (ECF No. 3834 ("May 2020 Order") at 11 (the "common-law fraudulent concealment and statutory consumer protection claims" are "accurately describe[d]" as "'fraud-based' claims").)

*Second*, this Court should dismiss various of the Consumer Plaintiffs' claims against the Defendants pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for the reasons expressly stated in the Court's prior Orders.  Specifically:

- All claims on behalf of 13 putative state sub-classes should again be dismissed for lack of standing because the class representative for each of these sub-classes purchased only an Audi vehicle, but not a Volkswagen vehicle, or vice versa.  As this Court held, in light of this pleading deficiency, "the Audi sub-classes lack Article III standing to bring claims against Volkswagen, and vice versa."  (*See* June 2019 Order at 20.)

- Plaintiffs' New Jersey unjust enrichment claims should again be dismissed because, as this Court previously held, such claims fail as a matter of law where, as here, Plaintiff fails to "allege a sufficiently direct relationship" between the dealership where Plaintiff purchased her vehicle and VWGoA.  (*See* May 2020 Order at 36-37 (quoting ECF No. 2988-1 at 77).)

- Consistent with this Court's prior ruling, Plaintiffs' South Carolina fraudulent concealment claims must be dismissed pursuant to the economic loss doctrine, which bars recovery for fraudulent concealment under South Carolina law where, as here, Plaintiffs allege only economic loss.  (*See* ECF No. 3839 at 20.)

- Plaintiffs' New York implied warranty claims, which this Court previously held require privity, must be dismissed for lack of privity between Plaintiffs and VWGoA or Audi America.  (*See id.* at 40.)

*Third*, Plaintiffs' claims under the California Consumers Legal Remedies Act ("CLRA") should be dismissed for noncompliance with California Civil Code § 1780(d), which requires Plaintiffs to file an "affidavit stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action."  Cal. Civ. Code § 1780(d); *see In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 928-29 (N.D. Cal. 2018).

*Finally*, the Court should dismiss Plaintiff Ignacio's claims for lack of standing, because his vehicle did not contain a Takata airbag and was not subject to a recall.  He has thus failed to plead an injury in fact.  *See Lujan* v. *Defs. of Wildlife*, 504 U.S. 555, 563 (1992).

## ARGUMENT

### I.     THE COURT SHOULD DISMISS ALL DIRECT-FILE CLAIMS FOR LACK OF PERSONAL JURISDICTION.

Under Rule 12(b)(2), "[t]o withstand a motion to dismiss, a plaintiff must plead sufficient facts to establish a *prima facie* case of jurisdiction over the non-resident defendant." *Peruyero* v. *Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1286 (S.D. Fla. 2014).  "To determine whether personal jurisdiction exists over an out-of-state defendant," the Court first "determine[s] whether, pursuant to state law, the applicable state long-arm statute is satisfied[,]" and "[s]econd, if the state long-arm statute is satisfied, the court must consider 'whether the exercise of jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.'"  *Id.* at 1287 (quoting *Melgarejo* v. *Pycsa Panama, S.A.*, 537 F. App'x 852, 858-89 (11th Cir. 2013)).  Because Plaintiffs have failed to establish their *prima facie* case of personal jurisdiction, the Court should dismiss their claims against VWGoA and Audi America—this time with prejudice.

#### A.     Direct-File Plaintiffs Still Do *Not* Allege Personal Jurisdiction Under the Florida Long-Arm Statute or Constitutional Due Process Analysis.

The jurisdictional allegations in the Consumer and Recycler Complaints remain legally insufficient to establish a *prima facie* case for personal jurisdiction under either the Florida long-arm statute or the due process analysis as set forth in *Ford*.  141 S. Ct. 1017.

1. **Plaintiffs Again Improperly Group Plead Their Jurisdictional Allegations Against VWGoA and Audi America.**

The vagueness of Plaintiffs' allegations as to VWGoA and Audi America "is further compounded by the fact that Plaintiffs imprecisely lump together" VWGoA, Audi America, *and nonparty entities* throughout both the Consumer and Recycler Complaints. (June 2019 Order at 82; *see* CSAC ¶ 37 ("Volkswagen" defined to include "VW America and Audi America, and their related entities"); RSAC at ¶ 76 ("Volkswagen" defined to include "VW AG, VW America, Audi AG, and Audi America").) In each Complaint, the only allegations specific to VWGoA or Audi America describe each one's headquarters and parent-subsidiary relationships with foreign entities. (CSAC ¶¶ 35-36; RSAC ¶¶ 74-75.) Every other allegation is directed at "Volkswagen" or the "Volkswagen Defendants," without identifying which specific Defendant—or nonparty entity included in those definitions—did the thing described.

Because the "Complaint merely makes accusations about what [one affiliate] did or does do, without detailing what actions were allegedly taken by [the other affiliate]" or nonparty entities, the allegations fail to meet Plaintiffs' burden to establish a *prima facie* case of personal jurisdiction over either VWGoA or Audi America. *Borislow* v. *Canaccord Genuity Grp. Inc.*, 2014 WL 12580259, at *5 (S.D. Fla. June 27, 2014); *see also Verizon Trademark Servs., LLC* v. *Producers, Inc.*, 810 F. Supp. 2d 1321, 1332 (M.D. Fla. 2011) (rejecting "attempt to lump all of the Defendants together in an effort to establish that the acts of one corporate defendant constitute the acts of another corporate defendant" because "in this jurisdictional analysis, the Court must assess the actions of each defendant separately").

2. **The Consumer and Recycler Direct-File Plaintiffs Again Fail To Allege Personal Jurisdiction Under the Florida Long-Arm Statute.**

Direct-File Plaintiffs invoke two subsections of the Florida long-arm statute, claiming that Defendants were "carrying on a business" in Florida under Section 48.193(1)(a)(1),

or that they committed a "tortious act" in the state under Section 48.193(1)(a)(2). (CSAC ¶ 28; RSAC ¶ 38.)[3] Plaintiffs fail to allege facts sufficient to make out either prong. As detailed in the Joint Motion, the SACs do not allege "*specific* facts to fit within" the Florida long-arm statute as required by the Court's June 2019 Order. (June 2019 Order at 47 (emphasis added).)

Rather, Plaintiffs continue to proffer vague and conclusory allegations, such as: Defendants have "engaged in substantial business" (CSAC ¶ 40; RSAC ¶ 133); and Defendants "encourage[] a resale market" (CSAC ¶ 40; RSAC ¶ 134). Plaintiffs also continue to focus on conduct directed to the United States as a whole—such as revenue generated in the United States, trademark litigation and registration, and compliance with Federal Motor Vehicle Safety Standards—rather than conduct "directed toward Florida citizens." (June 2019 Order at 46; *e.g.*, CSAC ¶¶ 39, 48 ("the United States is a key sales market for Volkswagen"), 49-51, 61-66; RSAC ¶¶ 132, 141-44, 154-59.) The lip service that Plaintiffs purport to pay to pleading Florida connections—*e.g.*, alleging that Volkswagen and Audi vehicles "are available for sale, whether new or used, throughout the Transferor Jurisdictions and Florida" (CSAC ¶ 43; RSAC ¶ 138)— fall clearly short of the instructions in the Court's June 2019 Order calling for specific information like "the number of Florida clients served," or the "the percentage of overall revenue gleaned from Florida clients." (June 2019 Order at 45.)

The Complaints' new allegations concerning the activities of dealerships, such as "maintenance and repair services" (CSAC ¶ 45; RSAC ¶ 138), are likewise legally insufficient

---

[3]     Plaintiffs also nominally invoke Fla. Stat. § 48.193(1)(a)(6) (*e.g.* RSAC ¶ 38), but "Florida's Supreme Court has held that economic injury, unaccompanied by physical injury or property damage, is insufficient to subject a non-resident defendant to personal jurisdiction under § 48.193(1)(a)(6)." *Courboin* v. *Scott*, 596 F. App'x 729, 734 (11th Cir. 2014) (citing *Aetna Life & Cas. Co.* v. *Therm–O–Disc, Inc.*, 511 So.2d 992, 994 (Fla. 1987). In prior motion to dismiss briefing, Plaintiffs conceded the issue by asserting personal jurisdiction only under subsections (a)(1) and (a)(2) of the long-arm statute. (*See* ECF No. 3034 at 23.)

because the dealerships are not adequately alleged to be agents of the Defendants.  (*See* June 2019 Order at 46-47.)  None of Plaintiffs' new allegations—including that Defendants "licens[e] their trademarks to dealerships," "authoriz[e] dealerships to sell their vehicles," and "financ[e] . . . authorized dealerships" (CSAC ¶¶ 51, 53; RSAC ¶¶ 144, 146)—establish that Defendants had "day-to-day control of the internal affairs or basic operations" of the dealerships, as required by the Court's June 2019 Order.[4]  (*See* June 2019 Order at 47.)

Plaintiffs have also added allegations about a variety of aftermarket activities, which are not sufficiently connected to Plaintiffs' claims to establish jurisdiction.  For instance, Plaintiffs allege that Defendants operate a parts distribution center in Jacksonville, Florida.  (CSAC ¶ 31.)   But Plaintiffs fail to plead the required "nexus between the alleged causes of action" and this distribution center.  *Hinkle* v. *Cont'l Motors, Inc.*, 268 F. Supp. 3d 1312, 1323 (M.D. Fla. 2017) (citing *Bloom* v. *A.H. Pond Co., Inc.*, 519 F. Supp. 1162, 1168 (S.D. Fla. 1981)).  In fact, Florida's Second District Court of Appeal expressly rejected the same "parts distribution center" allegations as a basis for long-arm jurisdiction because that plaintiff failed to "establish[] how this 'parts distribution center' is related to the conduct giving rise to this action."  *Volkswagen AG* v. *Jones*, 227 So.3d 150, 159 (Fla. 2d Dist. Ct. App. 2017).  The same is true here.

### 3. The Consumer and Recycler Direct-File Plaintiffs Again Fail To Allege That Exercising Personal Jurisdiction Over Defendants Would Satisfy Due Process.

As to due process, unlike in *Ford*, the Consumer Complaint does not contain detailed allegations concerning how Defendants "advertised, sold, and serviced" the "very

---

[4]     Plaintiffs also allege that three Plaintiffs leased or purchased their Volkswagen or Audi vehicles in Florida, but these allegations are substantively identical to the previous allegations that the Court found insufficient.  (*Compare* ECF No. 2762 ¶¶ 47, 73, 81, *with* CSAC ¶¶ 54, 57.)

vehicles" at issue. *Ford*, 141 S. Ct. at 1028. Tellingly, the Consumer Complaint is completely silent as to any VWGoA or Audi America advertising, sales or service relating to four of the seven Florida Direct-File Plaintiffs and their vehicles. With respect to the remaining three Plaintiffs, the Consumer Complaint offers only sparse and conclusory allegations that do not come close to passing muster under *Ford*:

- **Advertising.** Direct-File Consumer Plaintiffs Busto, Ignacio, and Puhalla merely allege that they "viewed" and/or "heard commercials" about "Volkswagen's long record" of safety, durability, and dependability prior to purchase or lease. (CSAC ¶¶ 107, 132, 156.) But neither Plaintiff Puhalla nor Plaintiff Ignacio allege that the commercials they purportedly saw concerned the types of vehicles they purchased (*id.* ¶¶ 132, 156), and none assert that the commercials reached them in Florida (*id.* ¶¶ 107, 132, 156).

- **Sales.** The only specific sales Direct-File Consumer Plaintiffs allege that VWGoA, Audi America, or their related entities (without specifying which) were involved in were the shipments of two vehicles—Plaintiff Busto's 2014 Volkswagen CC and Plaintiff Gil's 2014 Volkswagen Passat—to nonparty dealerships that are neither controlled nor owned by either VWGoA or Audi America, from which Plaintiffs then leased their vehicles. (CSAC ¶ 54.)

- **Service.** Direct-File Consumer Plaintiffs' allegations relate, at most, to service by nonparty dealerships. (*See, e.g.* CSAC ¶ 45.) But these nonparty dealerships were not agents of either VWGoA or Audi America, *see supra* at 8, and their activities do not establish personal jurisdiction over either Defendant.

In sum, these isolated and conclusory allegations do not plead that either VWGoA or Audi America "systematically served" the market for the vehicles at issue in Florida. *Ford*, 141 S. Ct. at 1028; (*see also* June 2019 Order at 47-48, 59-60 (collecting cases where such "generalized and conclusory allegations" have "repeatedly" been rejected by this Court and others in this Circuit).)

The Recycler Plaintiffs' jurisdictional allegations are even more legally deficient. The single Recycler Plaintiff bringing claims against any Defendant (RSAC ¶¶ 605, 621) fails to allege that it purchased any vehicle, viewed any advertisement, or received any service from any Defendant, or that any Defendant directed any of their activities toward the Recycler Plaintiffs. According to the Recyclers Plaintiffs, Defendants must have "reasonably anticipate[d]" that by marketing a vehicle to retail consumers in Florida, a junkyard would years later somehow rely on those representations to purchase a totaled vehicle at an insurance auction and strip it for parts. *Ford*, 141 S. Ct. at 1027; (*see* RSAC ¶ 561).  That meritless argument ignores that Defendants had warned that "[a]ftermarket, salvage, or remanufactured" parts may "put the vehicle occupants at risk" and are thus "not an acceptable method of repair."  (ECF No. 2977-10.)

### B.    This Court Cannot Exercise Pendent Personal Jurisdiction Over Non-Florida Direct-File Plaintiffs.

Even if the Court were to conclude that it has specific personal jurisdiction over claims brought by Direct-File Plaintiffs who are residents of, and purchased their vehicles in, Florida—and it should not—claims by Direct-File Plaintiffs who do not reside in, and did not purchase in, Florida still must be dismissed.[5]  This Court does not have "pendent [*sic*] or supplemental personal jurisdiction" over the claims of non-Florida Direct-File Plaintiffs.  (CSAC ¶ 28.)  Judge Altman recently examined this precise legal question in *Carter* v. *Ford Motor Co.*, 2021 WL 1165248 (S. D. Fla. Mar. 26, 2021).  In *Carter*, as in this case, Florida plaintiffs, as well as plaintiffs from other states (there, Virginia, California, and Illinois) brought putative class actions in the Southern District of Florida claiming that certain Ford automobiles were defective.

---

[5]    The non-Florida Plaintiffs bringing Direct-File claims against Volkswagen include Pattie Byrd, Angela Cook, Linda Dean, Angela Dickie, Antonia Dowling, Efrain Ferrer, Latecia Jackson, and Chloe Wallace.

*Id.* at *2.  Like Plaintiffs here, the *Carter* plaintiffs argued that the court had specific personal jurisdiction over the claims brought by the Florida plaintiffs, and could exercise pendent jurisdiction over the claims brought by the non-Florida plaintiffs.  *Id.* at *7-8.

As Judge Altman explained:  "[P]endent *personal* jurisdiction . . . encompasses two distinct scenarios:  pendent-*claim* personal jurisdiction and pendent-*party* personal jurisdiction."  *Id.* at *9.  ***Pendent-claim*** personal jurisdiction arises when "Plaintiff A brings Claim 1 (over which the Court may exercise personal jurisdiction) and Claim 2 (over which the Court has no independent basis to assert personal jurisdiction) against Defendant Z.  If both claims arise from the same common nucleus of operative facts, Claim 1's jurisdictional anchor allows the court to exercise jurisdiction over Claim 2."  *Id.*  Although federal courts generally hold that pendent claim personal jurisdiction is proper, the *Carter* plaintiffs, like Plaintiffs here, were asking the court to apply ***pendent-party*** personal jurisdiction, which occurs where "Plaintiff A asserts Claim 1 (over which the Court can exercise personal jurisdiction) against Defendant Z.  Then, Plaintiff B advances Claim 2 (over which, though it arises from the same common nucleus of operative facts as Claim 1, the court has *no* personal jurisdiction) against Defendant Z."  *Id.*

As Judge Altman recognized:  "[N]o federal circuit court of appeals has adopted this pendent-*party* variety of personal jurisdiction."  *Id.*  Nor has any court in this Circuit adopted this approach, and instead several courts within this Circuit have rejected it.  *Id.* at *10 (citing *Story* v. *Heartland Payment Sys., LLC*, 461 F. Supp. 3d 1216, 1229 (M.D. Fla. 2020) (rejecting pendent party personal jurisdiction)).  Indeed, "federal courts generally decline to apply pendent-*party* jurisdiction to 'situations like the one here where [p]laintiffs seek to piggyback personal jurisdiction over one set of plaintiffs' claims (the non-[Florida] plaintiffs) onto claims by a different set of plaintiffs (the [Florida] plaintiffs) notwithstanding that the former do not arise

from or relate to Defendants' contacts in the forum state.'"  *Id.* (quoting *Prime Healthcare Centinela, LLC* v. *Kimberly-Clark Corp.*, 2016 WL 7177532, at \*2 (C.D. Cal. May 26, 2016)).

Because Plaintiffs' theory of pendent jurisdiction here is indistinguishable from the one Judge Altman rejected in *Carter*, and fails for the same reasons, this Court should dismiss the claims of all non-Florida Direct-File Plaintiffs with prejudice.

## II.  BECAUSE PLAINTIFFS ENGAGE IN IMPERMISSIBLE GROUP PLEADING, THE SECOND AMENDED COMPLAINT'S FRAUD-BASED CLAIMS MUST BE DISMISSED FOR FAILURE TO SATISFY RULE 9(b).

Plaintiffs' fraudulent concealment, fraudulent misrepresentation, and state consumer protection act claims are subject to Rule 9(b)'s heightened pleading standard, which requires the Complaints to allege specifically the "who, what, when, where, and how" of each claim.  *Garfield* v. *NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006) (quoting *Gross* v. *Medaphis Corp.*, 977 F. Supp. 1463, 1470 (N.D. Ga. 1997)).  As shown *supra* § I.A.1, Plaintiffs improperly conflate VWGoA, Audi America, and nonparty entities throughout both Complaints by using defined terms.  These pleading deficiencies are similarly pervasive throughout the factual allegations.  Because Plaintiffs have not pled any facts *specifically* against Audi America or VWGoA, their fraud-based claims must be dismissed.  For example:

- "As a result of the extensive literature detailing the problems with using ammonium nitrate, ***Volkswagen's*** intimate involvement in developing specifications and testing standards for the problematic ammonium-nitrate inflators and a variety of adverse incidents, ***Volkswagen*** has long been aware of the safety problems associated with using ammonium nitrate in Takata airbags." (CSAC ¶ 195 (emphasis added); RSAC ¶ 538 (same).)

- "At all relevant times, ***Volkswagen*** exercised close control over suppliers, including airbag and airbag inflator suppliers.  ***Volkswagen*** prepared and maintained design specification for both the airbag and the inflator, which

suppliers—like Takata—were, and are, required to meet."   (CSAC ¶ 196
(emphasis added); RSAC ¶ 539 (same).)

- "*Volkswagen* approved Takata's ammonium-nitrate inflators and installed them in
  Volkswagen and Audi models sold in the United States, beginning with model
  year 2004 vehicles for Audi, and 2006 for Volkswagen."  (CSAC ¶ 200 (emphasis
  added); RSAC ¶ 543 (same).)

As this Court has already held in dismissing Plaintiffs' RICO claims, such
"unspecific allegations 'run[] afoul' of Rule 9(b) pleading standards in part because the
allegations fail to give the individual Defendants sufficient notice of the fraud they are alleged to
have committed."  (June 2019 Order at 83 (quoting *Sprint Sols., Inc.*, 44 F. Supp. 3d at 1227).)
Here, the Complaints' allegations are even more vague, because they do not distinguish *between
Defendants and nonparties*.  (*See* CSAC ¶ 37 (defined term includes "related entities"); RSAC
¶ 76 (defined term includes Volkswagen AG and Audi AG).)  Because the Complaints "lump[]
Defendants together with respect to each and every allegation," "the Complaint[s] fall[] short of
Rule 9(b)'s requirements."   *Circuitronix, LLC* v. *Shenzen Kinwong Elec. Co.*, 2018 WL
7287192, at *7 (S.D. Fla. Jan. 31, 2018) (citing *Brooks* v. *Blue Cross & Blue Shield of Fla., Inc.*,
116 F.3d 1364, 1381 (11th Cir. 1997) (when the "Complaint is devoid of specific allegations
with respect to the separate Defendants," it is subject to dismissal "for failure to plead fraud with
the requisite specificity as to each of the Defendants under Rule 9(b)")); *see also W. Coast
Roofing & Waterproofing, Inc.* v. *Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) ("In
a case with multiple defendants, the complaint should contain specific allegations with respect to
each defendant; generalized allegations 'lumping' multiple defendants together are insufficient."
(quoting *Ambrosia Coal & Const. Co.* v. *Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007)).
The entire Recycler Complaint (which all sounds in fraud), and Counts 6, 13, 15, 17-20, 22, 24,

32, 35, 37-39, 51, 52, and 55 of the Consumer Complaint as against VWGoA and Audi America should therefore be dismissed.

## III.  THE COURT SHOULD DISMISS VARIOUS OF THE CONSUMER PLAINTIFFS' LEGALLY FLAWED CLAIMS.

### A.  Plaintiffs' Claims on Behalf of 13 Putative State Subclasses Fail for Lack of Article III Standing.

For a plaintiff to have Article III standing, his or her "injury [must be] be fairly traceable to the challenged action of the defendant." *Lujan*, 504 U.S. at 560 (quoting *Simon* v. *Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976)).  As this Court previously held, "the consensus of authority in the Eleventh Circuit" is "that a named plaintiff in a consumer class action cannot raise claims relating to products that he or she did not purchase."  (June 2019 Order at 21.)  On this basis, the Court correctly held that a plaintiff who purchased or leased a Volkswagen vehicle may only bring claims against VWGoA, not Audi America, and vice versa. (*Id.*)

Here, 13 of the purported Consumer Sub-Classes are represented by purchasers of only one type of vehicle—a Volkswagen or an Audi—but not both.  Under the Court's June 19, 2019 Order, "claims brought by the purported Audi sub-classes against Volkswagen, and the claims brought by the purported Volkswagen sub-classes against Audi" must be dismissed pursuant to Rule 12(b)(1).[6]  (*Id.*)  Claims on behalf of the following state sub-classes must

---

[6]      Plaintiffs purport to plead all of their common law claims against both VWGoA and Audi America, even where their only putative class representative purchased a vehicle from one entity or the other.  (*See* CSAC ¶¶ 309, 325, 332.)  Although attempting to plead certain of their statutory claims against the proper entity (*see, e.g.*, CSAC ¶ 386), Plaintiffs continue to assert other statutory claims against both VWGoA and Audi America despite lacking an appropriate putative class representative (*see, e.g.*, CSAC ¶ 735).  Plaintiffs even purport to bring certain claims against "VW AG," even though this Court has repeatedly dismissed Volkswagen AG from the case.  (*See* CSAC ¶¶ 2, n.1, 386, 408, 416, 437, 452, 486, 501, 592, 598, 817, 926.)

therefore be dismissed against VWGoA:  Michigan, New York, North Carolina, and Virginia. (*See* CSAC ¶¶ 166, 309, 332.)  Claims on behalf of the following state sub-classes must be dismissed against Audi America:  Arizona, Arkansas, California, Connecticut, Indiana, Kentucky, Ohio, South Carolina, and Wisconsin.  (*Id.*)[7]

### B. Plaintiffs Fail To Allege the Required "Direct Relationship" To Sustain a Claim for Unjust Enrichment Under New Jersey Law.

In the Consumer Complaint, Plaintiff Byrd purports to bring a claim for unjust enrichment on behalf of a putative state sub-class of New Jersey purchasers of Volkswagen vehicles based on her alleged purchase of her vehicle from "Hamilton Volkswagen," an "authorized Volkswagen dealership."  (CSAC ¶¶ 109, 332.)  But this Court has already held that such an allegation fails as a matter of law.  In its May 27, 2020 Order, this Court dismissed Plaintiffs' unjust enrichment claims under New Jersey law because Plaintiffs did not purchase their vehicles "directly from" Audi America or VWGoA, nor did Plaintiffs "offer . . . additional allegations from which the Court could infer that [the dealerships from which they purchased] are directly owned or operated by Defendants."  (May 2020 Order at 37.)  Because Plaintiffs have failed to allege "a sufficiently direct relationship with the defendant to support" a claim for unjust enrichment under New Jersey law (*id.* at 36), the Court should dismiss Plaintiff Byrd's claim for unjust enrichment with prejudice.  (*See id.* at 37.)

---

[7]     If the Court dismisses the claims of the Direct-File Plaintiffs (as it should, *see supra* § I), the only named Plaintiff from Florida will own only a Volkswagen vehicle.  (CSAC ¶ 152.)  The Court should thus similarly dismiss claims on behalf of the putative Florida state sub-class against Audi America.

### C.    The Economic Loss Doctrine Bars Plaintiffs' Claims for Fraudulent Concealment Under South Carolina Law.

Plaintiffs Dickie's and Dowling's claims for fraudulent concealment under South Carolina law (CSAC ¶ 309) are barred by the economic loss doctrine and should be dismissed. Both Plaintiffs allege purely economic damages.  And because they both purchased their vehicles in South Carolina (CSAC ¶¶ 119, 122), South Carolina law applies.[8]  As this Court held in its June 1, 2020 Order, under South Carolina law, fraudulent concealment claims are not viable where Plaintiffs allege only economic loss (*i.e.*, when Plaintiffs do not allege damages based on "personal injury or other property damage"), and "South Carolina does not recognize a fraud exception to the economic loss rule."  (ECF No. 3839 at 20 (citing *Sapp* v. *Ford Motor Co.*, 687 S.E.2d 47, 49 (S.C. 2009)).  Plaintiffs' claims for fraudulent concealment must therefore be dismissed.

### D.    Plaintiffs' Claims Under New York's Implied Warranty Law Fail for Lack of Privity.

Plaintiff Montanaro purports to bring claims on behalf of a New York Consumer Sub-Class for alleged violations of New York's Implied Warranty of Merchantability.  (CSAC ¶¶ 735-42 (Count 36).)  "New York law requires privity in order for Plaintiff to assert a breach of an implied warranty claim."  *Kolle* v. *Mainship Corp.*, 2006 WL 1085067, at *5 (E.D.N.Y. Apr. 20, 2006).  Plaintiff Montanaro—the only Plaintiff who purports to assert claims under New York law against either VWGoA or Audi America (CSAC ¶ 166)—alleges that she purchased

---

[8]    Because Plaintiffs commenced this action directly in the MDL Court, Florida's choice of law rules apply.  (*See* ECF No. 1099 at 7.)  Florida's choice of law rules require the application of the "'most significant relationship' test outlined in the Restatement (Second) of Conflict of Laws."  (*Id.* (quoting *Grupo Televisa, S.A.* v. *Telemundo Commc'ns Grp., Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007).)  As this Court has previously held, that test requires the application of the substantive law of the state where each named Plaintiff purchased his or her vehicle.  (*See, e.g.*, *id.* at 9.)

her vehicle from "Schmitt's Audi Volkswagen," not from VWGoA or Audi America.  (CSAC ¶ 146.)  The Court previously dismissed identical claims against FCA for "lack of privity."  (ECF No. 3839 at 40; *see also* ECF No. 3034 at 148 n.77 (Plaintiffs "agree to dismiss" the "implied warranty claims brought under New York law").)  Plaintiff Montanaro's claims must likewise be dismissed.

### E.   Plaintiffs' Claims Under the California Unfair Competition Law Are Limited to Injunctive Relief, Not Damages.

Plaintiff Ferrer purports to seek damages under the California Unfair Competition Law.  (CSAC ¶¶ 452-67 ("Count 17").)  But, as this Court has previously held, only injunctive relief is available under the same Act.  (ECF No. 3839 at 24-25.)  Thus, Plaintiff Ferrer's claim should be dismissed "to the extent it seeks damages," whether compensatory or punitive, attorneys' fees, or costs.  (*Id.*)

### F.   The Court Should Also Dismiss Plaintiffs' Claims Under the California Consumer Legal Remedies Act Because Plaintiffs Failed to File the Required Affidavit.

Plaintiff Ferrer's CLRA claim must be dismissed for noncompliance with California Civil Code § 1780(d), which provides that to recover under the CLRA, "concurrently with the filing of the complaint, the plaintiff shall file an affidavit stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action."  Cal. Civ. Code § 1780(d).  Plaintiffs have not filed the required affidavit, mandating dismissal.  *See In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d at 929 ("[T]his Court and multiple other California district courts have required submission of the CLRA affidavit." (collecting cases)).

### G.   Because Plaintiff Ignacio's Vehicle Did Not Contain a Takata Airbag, He Should Be Dismissed For Lack of Standing.

Plaintiff Ignacio's claims must be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of standing because the vehicle he once owned, a 2010 Volkswagen GTI, has *never* been subject to a Takata airbag inflator recall that is the subject of this lawsuit. (CSAC ¶ 132.)   As a result, Plaintiff Ignacio lacks the "personal injury fairly traceable to [VWGoA or Audi America's] allegedly unlawful conduct . . . ." required to establish Article III standing.  (June 2019 Order at 8 (quoting *DaimlerChrysler Corp.* v. *Cuno*, 547 U.S. 332, 342 (2006))); *see also Lujan*, 504 U.S. at 563 ("[T]he 'injury in fact' test requires more than an injury to a cognizable interest.  It requires that the party seeking review be himself among the injured.").  Because "[s]tanding is jurisdictional, . . . a motion to dismiss for lack of standing is treated as a motion for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."  (June 2019 Order at 7.)

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction" with a "factual attack," which "challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Stalley ex. rel. U.S.* v. *Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008) (citing *McElmurray* v. *Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007)).  Here, the Court can take judicial notice of the fact that the National Highway Traffic Safety Administration's public records show that no recall has ever been noticed regarding a Takata airbag inflator installed in the 2010 Volkswagen GTI.[9]  (*See* Declaration of

---

[9]      "A district court may take judicial notice of an adjudicative fact that is both . . . 'not subject to reasonable dispute' and . . . 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'"  *Grayson* v. *Warden, Comm'r, Alabama Doc*, 869 F.3d 1204, 1224-25 (11th Cir. 2017) (quoting Fed. R. Evid. 201(b)).  Recall notices

Suhana S. Han, at Exhibit 1.)  Accordingly, Plaintiff Ignacio's claims against VWGoA and Audi America should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Recycler Complaint in its entirety pursuant to Rules 8, 9(b), 12(b)(2), and 12(b)(6) with prejudice.  The Court should further dismiss the claims of Direct-File Consumer Plaintiffs (Efrain Ferrer, Bladimir Busto, Charles Sakolsky, Jacqueline Carrillo, Ramoncito Ignacio, Stephanie Puhalla, Steven Levin, Sylvia Gil, Linda Dean, Pattie Byrd, Angela Cook, Angela Dickie, Antonia Dowling, Chloe Wallace, and Latecia Jackson) pursuant to Rule 12(b)(2) with prejudice.  The Court should also dismiss the claims of Plaintiff Ignacio with prejudice pursuant to Rule 12(b)(1).  The following Counts in the Consumer Complaint should be dismissed with prejudice as well:

- **Counts 6, 13, 15, 17-20, 22, 24, 32, 35, 37-39, 51, 52, and 55 (Fraud-Based Claims):** Pursuant to Rules 8, 9(b) and 12(b)(6), these claims should be dismissed with prejudice.

- **Count 6 (Fraudulent Concealment):**  Pursuant to Rule 12(b)(6), Plaintiffs' claims under South Carolina law should be dismissed in their entirety with prejudice.  Pursuant to Rule 12(b)(1), Plaintiffs' claims under Michigan, New York, North Carolina, and Virginia law should be dismissed with prejudice as against VWGoA, and Plaintiffs' claims under Arizona, Arkansas, Connecticut, Indiana, Kentucky, Ohio, South Carolina, and Wisconsin law should be dismissed with prejudice as against Audi America.

- **Count 7 (Negligence):**  Pursuant to Rule 12(b)(1), Plaintiffs' claims should be dismissed with prejudice as against Audi America.

- **Count 8 (Unjust Enrichment):**  Pursuant to Rule 12(b)(6), Plaintiffs' claims under New Jersey law should be dismissed with prejudice.  Pursuant to Rule 12(b)(1), Plaintiffs'

---

"legally required by, and publicly filed with" federal agencies like NHTSA—or the lack thereof—can be judicially noticed.  *Hubbard* v. *BankAtlantic Bancorp, Inc.*, 625 F. Supp. 2d 1267, 1279 (S.D. Fla. 2008).

claims under New York and North Carolina law should be dismissed with prejudice as against VWGoA, and Plaintiffs' claims under Arizona, Arkansas, California, Connecticut, Florida, South Carolina, and Wisconsin law should be dismissed with prejudice as against Audi America.

- **Count 17 (California Unfair Competition Law):**  Pursuant to Rule 12(b)(6), Plaintiffs' claims under California's Unfair Competition Law should be dismissed with prejudice to the extent Plaintiffs seek damages.

- **Count 18 (California's Consumers Legal Remedies Act):**  Pursuant to Rule 12(b)(6), Count 18 should be dismissed with prejudice.

- **Count 20 (Florida Deceptive and Unfair Trade Practices Act):**  Pursuant to Rule 12(b)(1), Count 20 should be dismissed with prejudice as against Audi America.

- **Count 36 (New York Implied Warranty):**  Pursuant to Rule 12(b)(6), Count 36 should be dismissed with prejudice.  Alternatively, pursuant to Rule 12(b)(1), Count 36 should be dismissed with prejudice as against VWGoA.

- **Counts 37 and 38 (New York General Business Law §§ 349–50):**  Pursuant to Rule 12(b)(1), Counts 37 and 38 should be dismissed with prejudice as against VWGoA.

Dated:  May 7, 2021                              Respectfully submitted,


                                     /s/ Gerald E. Greenberg
                                    _____
                                    Gerald E. Greenberg (Florida Bar No.: 440094)
                                    ggreenberg@gsgpa.com
                                    Adam M. Schachter (Florida Bar No.: 647101)
                                    aschachter@gsgpa.com
                                    GELBER SCHACHTER &
                                    GREENBERG, P.A.
                                    SunTrust International Center
                                    One Southwest Third Avenue
                                    Suite 2600
                                    Miami, Florida 33131-1715
                                    Telephone: +1 305 728 0950
                                    E-service: efilings@gsgpa.com


                                    Robert J. Giuffra Jr. (*admitted pro hac vice*)
                                    giuffrar@sullcrom.com
                                    Suhana S. Han (*admitted pro hac vice*)
                                    hans@sullcrom.com
                                    Christopher J. Dunne (*admitted pro hac vice*)
                                    dunnec@sullcrom.com
                                    SULLIVAN & CROMWELL LLP
                                    125 Broad Street
                                    New York, NY 10004
                                    Telephone +1 212 558 4000

                                    *Attorneys for Defendants Volkswagen AG, Audi
                                    AG, Volkswagen Group of America, Inc., and
                                    Audi of America, LLC*