**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| **IN RE: TAKATA AIRBAG PRODUCT LIABILITY LITIGATION** | MDL No. 2599 |
| This Document Relates to All Economic Loss Class Actions and: | Master File No.15-MD 2599-FAM |
| | S.D. Fla. Case No. 1:14-cv-24009-FAM |
| STEPHANIE PUHALLA, *et al.*, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| VOLKSWAGEN GROUP OF AMERICA, INC., *et al.* | |
| Defendants. | |

**DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S**
**REPLY IN SUPPORT OF ITS MOTION FOR CLARIFICATION**
**OF THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART**
**PLAINTIFFS' MOTION TO COMPEL DOCUMENTS OF FOREIGN AFFILIATES**

Plaintiffs' Opposition confirms that Plaintiffs seek to end-run this Court's repeated orders dismissing Volkswagen AG ("VWAG") from this case by trying to obtain documents located abroad from foreign nonparties VWAG and Volkswagen de México S.A. de C.V. ("VW Mexico") (collectively, the "Foreign Affiliates"). In accusing VWGoA of "delay" (Opp. at 1), Plaintiffs ignore their own failure—for three years—to pursue discovery of the Foreign Affiliates through the proper means (the Hague Convention). Remarkably, Plaintiffs did not even serve the at-issue requests for production until *after* fact discovery was scheduled to close in the fall of 2020. In fact, Plaintiffs did not seek relief from this Court until March 2021, *more than a year and a half* after VWGoA made clear to Plaintiffs that it could not produce documents of foreign affiliates. (ECF No. 4014 at 1–2.) To the extent that VWGoA has access to, or copies of, responsive, non-privileged documents from the Foreign Affiliates, VWGoA will produce them. Respectfully, the Court should clarify that its May 10, 2021 Order did not require VWGoA to embark on wide-ranging and expensive discovery in two foreign countries—with all of the attendant logistical and legal difficulties—on the eve of the close of fact discovery.

## I.     *VWGoA Does Not Have the Legal Right To Obtain Documents from the Foreign Affiliates.*

Despite having years to take discovery, Plaintiffs have not provided any evidence showing that VWGoA has the legal right to obtain documents from the Foreign Affiliates. Plaintiffs' reliance on *Sergeeva* v. *Tripleton Int'l Ltd.*, 834 F.3d 1194 (11th Cir. 2016), is misplaced. There, a domestic affiliate of the foreign defendant argued that it had no legal right to obtain documents from the defendant and produced "only twenty-three pages of documents from its office" in response to the plaintiff's requests. *Id.* at 1197. The court found that the evidence contradicted the subpoenaed entity's claims because the subpoenaed entity "could not possibly perform [its] intended functions" without "the ability to obtain information

and documents" from the defendant.  *Id.* at 1201.  Here, the clarification that VWGoA seeks is consistent with the Eleventh Circuit's reasoning in *Sergeeva*.  Unlike in *Sergeeva*, VWGoA has already produced over ***2.4 million pages of documents***, including documents related to the 2012-2015 Passats, has agreed to still further discovery, and will produce further responsive documents of VWAG and VW Mexico to which it has access.  Unlike in *Sergeeva*, there is no suggestion that VWGoA could not "perform [its] intended function[]" (to assemble the 2012-2015 Passats) using only the documents it will produce—those in its possession or to which it has access.

> **II.    *Discovery Shows That VWGoA Can Produce Relevant Documents.***  Plaintiffs appended a number of documents to their Opposition purportedly to demonstrate that VWGoA should be required to "collect and produce documents located abroad," but in fact, the documents illustrate only that VWAG and VW Mexico have already provided the relevant information—which is limited to documents that are both responsive to the Fourth Requests for Production and related to the 2012–2015 Passats—to VWGoA, and VWGoA can now produce those documents to Plaintiffs.  (May 10 Order at 3; Opp. at 1–3.)  For instance, VWGoA can produce to Plaintiffs the "design criteria ***supplied [to VWGoA]*** by VW AG."   (Opp. at 3 (emphasis added).) Likewise, VWGoA will produce any documents reflecting how VWGoA "coordinated with VW AG to purchase vehicle components."   (Opp. at 3.)   Finally, in claiming that VWGoA coordinated with the Foreign Affiliates to conduct audits of part suppliers and manufacturing plants as a matter of geographic convenience, Plaintiffs themselves allege that the Foreign Affiliates "supplied the information to VWGoA."   (Opp. at 3; *see also* ECF No. 4067-3 at 174:12–14 ("the supplier group that assesses the supplier under consideration would be the one that is closest to the supplier"); *id.* at 176:3–5 ("the quality group closest to the manufacturing

plant will provide the manufacturing quality audit").)   VWGoA will produce any VWAG documents in its possession reflecting such audits.

The documents Plaintiffs attach do not show, as Plaintiffs claim, that VWGoA and VWAG "worked together on nominating, procuring, and requesting quotes from Takata" such that VWAG would have responsive documents that VWGoA does not possess.  (Opp. at 3.) Rather, the responses and objections that Plaintiffs rely on for that premise show that VWGoA and VWAG each separately sourced Takata airbags for *different vehicles*, and the VWAG interrogatory responses do not discuss the relevant Passats.  (ECF No. 4067-1 at 16–18 (VWGoA sourced airbags for the **2012** Volkswagen Passat); ECF No. 4067-2 at 17–19 (VWAG sourced Takata airbags for the **2006** Volkswagen Passat and the **2006** Volkswagen Passat Wagon).) Indeed, the interrogatory responses describe different sourcing processes that the different entities engaged in at different times.

The other documents that Plaintiffs attach to their Opposition have nothing to do with the 2012–2015 Passats, and expose Plaintiffs' objective of obtaining back-door discovery from the now-dismissed Foreign Affiliates.  (*See, e.g.*, Opp. at 4–5 (describing the "corporate structure," "overlap as to employment," "frequent and normal communication," and "safety decisions in general," without any reference to the 2012–2015 Passats).)  In trying to evade this Court's dismissal of claims against VWAG, Plaintiffs make the conclusory assertion that VWGoA has widespread "control" over the documents of the Foreign Affiliates.  But this Court has already held that Plaintiffs' arguments are "insufficient to convince the Court that VWGoA has a legal right to obtain those documents from its affiliates."  (May 10 Order at 3–4.)  For example, Plaintiffs have submitted evidence showing that VWGoA is a wholly-owned subsidiary of VWAG, but the corporate structure has never been in dispute, and does not alone establish

that VWGoA has the legal right to obtain documents from its foreign parent or affiliate. *See In re Zantac (Ranitidine) Prod. Liab. Litig.*, 2021 WL 1522449, at *7 (S.D. Fla. Apr. 16, 2021) ("[T]here is no *per se* rule that a subsidiary has control over materials in the possession of its parent" and, similarly, no rule "that two subsidiaries . . . somehow have control over each other by virtue of having a common parent."); *Nature's Prods., Inc.* v. *Natrol, Inc.*, 2013 WL 12065562, at *5 (S.D. Fla. Feb. 5, 2013) ("[M]ore indicia of control (such as an agency or alter-ego relationship) may be necessary for a subsidiary to reach up the corporate ladder and demand documents in its parent's possession."). Similarly, Plaintiffs again cite the existence of foreign service employees who worked at VWGoA for a period of time before leaving to work overseas. (Opp. at 4.) But Plaintiffs have not alleged any connection between those employees and the 2012–2015 Passats, let alone that they brought some unique information overseas with them. *See, e.g.*, *In re Zantac (Ranitidine) Prod. Liab. Litig.*, 2021 WL 1522449, at *7 ("[T]he mere fact that the two entities share(d) a CEO is not by itself sufficient."). Finally, Plaintiffs again highlight that VWGoA communicates with VWAG for the purpose of effecting recalls (Opp. at 5), which is insufficient to establish control and unrelated to the assembly of the 2012–2015 Passats. (May 10 Order at 3; ECF No. 1389 at 7–8.)

In short, as Plaintiffs' Opposition confirms, VWGoA "received from VW AG and VW Mexico . . . documents and information needed to purchase Takata inflators" and other documents necessary to assemble the 2012–2015 Passats (Opp. at 5). Pursuant to the Court's Order, VWGoA will produce those documents of Foreign Affiliates that VWGoA received or had access to in connection with that assembly. The Court should reject Plaintiffs' attempt to compel VWGoA to produce other documents located in Germany and Mexico, which VWGoA has no legal right to obtain.

-4-

**CONCLUSION**

For the reasons set forth in VWGoA's motion and demonstrated above, the Court should clarify its May 10 Order and confirm that it is not directing VWGoA to attempt to collect and produce documents located abroad from VWAG or VW Mexico relating to 2012–2015 Passats to the extent that VWGoA does not have access to or the legal right to obtain those documents.

Dated: June 3, 2021

Respectfully submitted,

*/s/ Gerald E. Greenberg*
Gerald E. Greenberg
Florida Bar No.: 440094
ggreenberg@gsgpa.com
Adam M. Schachter
Florida Bar No.: 647101
aschachter@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
SunTrust International Center
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131-1715
Telephone: 305-728-0950
E-service: efilings@gsgpa.com

Robert J. Giuffra Jr. (*admitted pro hac vice*)
giuffrar@sullcrom.com
Suhana S. Han (*admitted pro hac vice*)
hans@sullcrom.com
Christopher J. Dunne (*admitted pro hac vice*)
dunnec@sullcrom.com
Tasha N. Thompson (*admitted pro hac vice*)
thompsontas@sullcrom.com
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone: 1-212-558-4000

*Attorneys for Defendant Volkswagen Group of America, Inc.*