UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

MDL No. 2599
Master File No.: 15-MD-02599-MORENO
S.D. Fla. Case No.: 1:14-cv-24009-MORENO

| | |
|---|---|
| IN RE: TAKATA AIRBAG PRODUCT LIABILITY LITIGATION | |
| THIS DOCUMENT RELATES TO: <br><br> ECONOMIC LOSS TRACK CASES AGAINST VOLKSWAGEN GROUP OF AMERICA, INC. AND AUDI OF AMERICA, LLC | **Hearing Required Per Fed. R. Civ. P. 23(e)(5)** |

**UNOPPOSED MOTION FOR A HEARING AND RULING UNDER RULE 23
APPROVING AGREEMENTS WITH OBJECTORS TO
THE VOLKSWAGEN CLASS SETTLEMENT**

Plaintiffs and six Objectors[1] to the Court-approved Class Settlement with Volkswagen have reached agreements (collectively, the "agreement") that both will improve the Settlement and has resulted in the dismissal of all pending appeals of the Court's order approving the Settlement, thereby allowing the Settlement to achieve its Effective Date and Class Members to begin receiving much of the Settlement's benefits. Federal Rule of Civil Procedure 23(e)(5) requires that the Court, *after a hearing*, approve this agreement with Objectors before it can be implemented. Plaintiffs and Objectors, therefore, respectfully request a hearing and ruling from this Court, as required under Rules 23(e)(5), approving the collective agreement with Objectors, and in support assert as follows:

---

[1] The Objectors James E. Pentz; Alexander Miron; Colleen C. Murphy filed objections to the Settlement and have dismissed appeals before the Eleventh Circuit. Additionally, Objectors Carl Adams; Margaret Duda; and Steve Jones filed objections to the Settlement and appeared, by counsel, at the fairness hearing.

1. The Court granted final approval to Plaintiffs' Class Settlement with Volkswagen on April 4, 2022. (ECF No. 4214.)[2]

2. Objectors, of which there are six individuals represented by at least four different law firms, objected to various aspects of the Settlement, and then three of the Objectors appealed the Court's final approval order to the Eleventh Circuit. The pendency of the appeals, as provided in the Settlement Agreement, prevented the Settlement from reaching its Effective Date, which could not occur until all appeals were resolved or dismissed. Achievement of the Effective Date is, in turn, a prerequisite to the Settlement Class receiving most of the benefits of the Settlement, including years two through four of the Outreach Program, reimbursement of eligible out-of-pocket expenses, and Residual Distribution payments.

3. Class Counsel engaged in negotiations with Objectors, in an effort to address their concerns and resolve their appeals without additional time-consuming and costly litigation. Ultimately, after extensive arms-length negotiations, the parties reached an agreement, giving rise to this motion.

4. This Court's approval of the agreement with Objectors, following a hearing, is a requirement of Rule 23. Rule 23(e)(5)(B) provides that

> Unless approved by the court after a hearing, no payment or other consideration may be provided in connection with
> (i) forgoing or withdrawing an objection, or
> (ii) forgoing, dismissing, or abandoning an appeal from a judgment approving the proposal [for settlement].

---

[2] Capitalized terms not defined herein shall have the same definitions and meanings ascribed to them in the Settlement (ECF No. 4105-1).

Fed. R. Civ. P. 23(e)(5)(B). Accordingly, under Rule 23(e)(5)(B), the parties seek a ruling from this Court, following a hearing, that approves the agreement reached with Objectors, which would then permit the agreement to be implemented.

5. The agreement with Objectors has two primary components: the development and implementation of an enhancement to the Outreach Program, and a payment from Class Counsel of a portion of its own fees to Objectors and their counsel for expenses and attorneys' fees. The parties respectfully submit that the agreement, as explained in more detail below, is fair and in the best interest of the Class and should be approved.

6. The first component of the agreement addresses one of the primary issues raised by Objectors when they contested approval of the Settlement. Objectors challenged the amount of funds placed in the Outreach Program and argued that the funds could be utilized more effectively with guidance from a behavioral psychologist. The agreement calls for Class Counsel to recommend to the Settlement Special Administrator that a behavioral psychologist be retained to consult and advise on aspects of the Outreach Program, to increase its effectiveness.[3]

7. The second primary component of the agreement compensates Objectors' counsel for their extensive and valuable efforts in connection with the Settlement, *without any reduction of the funds available to Class Members*. Class Counsel will pay the entirety of such compensation to Objectors' counsel from fees awarded to Class Counsel in this Settlement. In total, the proposed

---

[3] This beneficial enhancement of the Outreach Program does not require an additional round of notice to the Class, because it is entirely consistent with the terms of the Settlement, which expressly provide the parties and the Settlement Special Administrator discretion to direct funds in the Outreach Program to innovative, unprecedented programs. (ECF No. 4105-1, § III.B.) In addition, even if the enhancement could be construed as a change to the Settlement, it would not require an additional notice to the Class because "[t]he terms for class members have only improved since the notice was sent," and "[a]n additional opt-out period is not required with every shift in the marginal attractiveness of the settlement." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 271 (2d Cir. 2006).

agreement with Objectors calls for Class Counsel to pay the four different firms representing Objectors $216,000 in expenses, and attorneys' fees.[4]

8.  The parties agree that this total amount is supported by the efforts of Objectors' counsel in connection with the Settlement. Objectors' counsel spent a substantial amount of time drafting objections to the Settlement, and counsel for several Objectors traveled to Florida to argue in person at the Fairness Hearing. Although the Court properly overruled these Objections in granting final approval to the Settlement, the Objectors' efforts still added value in supplying adversity to the proceedings, as the otherwise adverse parties—Plaintiffs and Defendants—had agreed that the Settlement should be approved. Courts have recognized that objectors add value to the proceedings in this manner, sharpening the Court's review of settlements, even when the objections are overruled. *See In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Injury Litig.*, 332 F.R.D. 202, 229 (N.D. Ill. 2019) (approving incentive award for objector who "offered critiques of the Settlement Agreement that meaningfully assisted the Court in its analysis"); *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 358 (N.D. Ga. 1993) ("If objectors' appearance sharpens the issues and debate on the fairness of the settlement, their performance of the role of devil's advocate warrants a fee award.").

9.  Rule 23(e)(5)(B) does not expressly provide a standard for approving agreements with objectors, but the Advisory Committee's notes to the new provision, as well as prior cases addressing fee awards to objectors, provide helpful guidance and support for approving the

---

[4] To facilitate reaching an agreement and prevent Objectors and their counsel from pitting themselves against each other, Class Counsel negotiated compensation amounts with each group of Objectors and their counsel separately and confidentially. If the Court wishes to review the proposed allocation among the various Objectors and their counsel, Class Counsel respectfully proposes, and Objectors and their counsel agree, that such information should be presented to the Court *in camera*, to avoid upsetting the balance with Objectors and their counsel and potentially fostering disputes where none presently exist.

agreement here.  In adding the approval requirement, now found in Rule 23(e)(5)(B), the Advisory Committee explained that it sought to discourage objectors who "may be seeking only personal gain[] and using objections to obtain benefits for themselves rather than assisting in the settlement-review process."  Advisory Committee's 2018 note on Fed. R. Civ. P. 23(e).  At the same time, the Committee recognized that "[g]ood-faith objections can assist the court in evaluating a proposal under Rule 23(e)(2)," and that "[i]t is legitimate for an objector to seek payment for providing such assistance under Rule 23(h)."  *Id.*  Objectors here fall into the latter category, having not only advanced "good-faith objections" to assist the Court in evaluating the Settlement, but also added value to the Settlement, most significantly through enhancement to the Outreach Program.  Approval of the agreement with Objectors also finds support in numerous cases awarding fees to objectors and their counsel for "transform[ing] the fairness hearing into a 'truly adversarial proceeding.'" *Park v. Thomson Corp.*, 633 F. Supp. 2d 8, 11 (S.D.N.Y. 2009) (quoting *In re AOL Time Warner ERISA Litig.*, No. 02 CV. 8853 (SWK), 2007 WL 4225486, at *2 (S.D.N.Y. Nov. 28, 2007)); *see In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. at 358. Given these authorities and the good-faith contributions of Objectors and their counsel to the adversarial nature of the approval proceedings, there can be little dispute that an agreement that does not merely compensate Objectors' counsel for their efforts but also directly benefits the Class should be approved under Rule 23(e)(5).

10. This is especially so because compensating Objectors' counsel will not diminish the funds or benefits available to the Class *at all*, but instead will be funded exclusively from fees already awarded to Class Counsel.  As Class Counsel bears the entire burden of the agreement but nonetheless supports its approval to advance the interests of the Class, there should be no doubt that the agreement warrants approval under Rule 23(e)(5).

5

WHEREFORE, Class Counsel and Objectors respectfully request that the Court schedule a hearing to address and approve the proposed agreement with Objectors, as required under Rules 23(e).

### Certificate of Compliance with Local Rule 7.1(a)(3)

In accordance with Local Rule 7.1(a)(3), Class Counsel has conferred with Volkswagen, which has indicated that it does not oppose the relief requested in this motion.

Dated: August 5, 2022                                        Respectfully submitted,

**PODHURST ORSECK, P.A.**

*/s/ Peter Prieto*
Peter Prieto (FBN 501492)
Aaron S. Podhurst (FBN 63606)
Stephen F. Rosenthal (FBN 131458)
John Gravante (FBN 617113)
Matthew P. Weinshall (FBN 84783)
Alissa Del Riego (FBN 99742)
SunTrust International Center
One S.E. Third Ave., Suite 2300
Miami, Florida 33131
Phone: (305) 358-2800
Fax: (305) 358-2382
Email: pprieto@podhurst.com
           apodhurst@podhurst.com
           srosenthal@podhurst.com
           jgravante@podhurst.com
           mweinshall@podhurst.com
           adelriego@podhurst.com

*Chair Lead Counsel for Plaintiffs*

| | |
|---|---|
| **COLSON HICKS EIDSON**<br>Lewis S. "Mike" Eidson<br>mike@colson.com<br>Curtis Bradley Miner<br>curt@colson.com<br>255 Alhambra Circle, PH<br>Coral Gables, FL 33134<br>T: 305-476-7400<br><br>*Plaintiffs' Personal Injury Track Lead Counsel* | **POWER ROGERS & SMITH, P.C.**<br>Todd A. Smith<br>tsmith@prslaw.com<br>70 West Madison St., 55th Floor<br>Chicago, IL 60602<br>T: (312) 236-9381<br><br>*Plaintiffs' Economic Damages Track Co-Lead Counsel* |
| **BOIES, SCHILLER & FLEXNER LLP**<br>David Boies, Esq.<br>Motty Shulman (Fla Bar. No. 175056)<br>333 Main Street<br>Armonk, NY 10504<br>Tel:   (914) 749-8200<br>Fax:   (914) 749-8300<br>Email: dboies@bsfllp.com<br>          mshulman@bsfllp.com<br><br>Stephen N. Zack (Fla. Bar No. 145215)<br>Mark J. Heise (Fla. Bar No. 771090)<br>100 Southeast 2nd Street, Suite 2800<br>Miami, FL 33131<br>Tel:   (305) 539-8400<br>Fax:   (305) 539-1307<br>Email: szack@bsfllp.com<br>          mheise@bsfllp.com<br><br>Richard B. Drubel<br>Jonathan R. Voegele<br>26 South Main Street<br>Hanover, NH 03755<br>Tel:   (603) 643-9090<br>Fax:   (603) 643-9010<br>Email: rdrubel@bsfllp.com<br>          jvoegele@bsfllp.com<br><br>*Plaintiffs' Economic Damages Track Co-Lead Counsel* | **LIEFF CABRASER HEIMANN & BERNSTEIN LLP**<br>Elizabeth Cabraser<br>ecabraser@lchb.com<br>Phong-Chau Gia Nguyen<br>pgnguyen@lchb.com<br>275 Battery St., Suite 3000<br>San Francisco, CA 94111-3339<br>T:      415-956-1000<br><br>David Stellings<br>250 Hudson Street, 8th Floor<br>New York, NY 10012<br>212-355-9500<br>dstellings@lchb.com<br><br>*Plaintiffs' Steering Committee* |

7

| | |
|---|---|
| **CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO, PC**<br>James E. Cecchi<br>jcecchi@carellabyrne.com<br>5 Becker Farm Road<br>Roseland, NJ 07068-1739<br>T: 973 994-1700<br>f: 973 994-1744<br><br>*Plaintiffs' Steering Committee* | **BARON & BUDD, PC**<br>Roland Tellis<br>rtellis@baronbudd.com<br>David Fernandes<br>dfernandes@bardonbudd.com<br>Mark Pifko<br>mpifko@baronbudd.com<br>15910 Ventura Blvd., Suite 1600<br>Encino, CA 91436<br>T: 818-839-2333<br><br>J. Burton LeBlanc<br>9015 Bluebonnet Blvd.<br>Baton Rouge, LA 70810<br>T: 225-761-6463<br><br>*Plaintiffs' Steering Committee* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on August 5, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

By: */s/ Peter Prieto*
Peter Prieto