**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**
**MDL No. 2599**
**Master File No.: 15-MD-02599-MORENO**
**S.D. Fla. Case No. 1:14-cv-24009-MORENO**

| |
|---|
| **IN RE: TAKATA AIRBAG PRODUCT LIABILITY LITIGATION** |
| **THIS DOCUMENT RELATES TO**: <br><br> **ECONOMIC LOSS TRACK CASES AGAINST <u>FCA US, LLC</u>** |

**PLAINTIFFS' MOTION TO NARROW THE CERTIFIED CLASS BASED ON**
**INTERVENING ELEVENTH CIRCUIT AUTHORITY**

On Friday, July 7, 2023, the Eleventh Circuit issued *Tershakovec v. Ford Motor Co., Inc.*, No. 22-10575, ---F. 4th---, 2023 WL 4377585 (11th Cir. July 7, 2023) (attached as **Exhibit A**), which affirmed the certification of several claims, reversed the certification of certain claims, and remanded others for additional consideration. Based on this intervening clarification of the law, Plaintiffs respectfully move to narrow the class certified against Defendant FCA US, LLC in this action (ECF No. 4659), to ensure adherence with the Eleventh Circuit's recent decision. This narrowing of the class, if the Court approves it, would result in a class from only seven, and not twelve, states being certified.

In *Tershakovec*, the Eleventh Circuit clarified that state law claims for common-law fraud and violation of consumer-protection statutes can satisfy the predominance requirement of Rule 23(b)(3) when, under applicable state law, reliance either is not required at all, or can be established with a class-wide presumption or inference. *Id.* at *4 ("Bottom line: To assess Rule 23(b)(3)'s predominance requirement, we must consider whether each cause of action at issue here requires proof of reliance and, if so, whether and under what circumstances a presumption of reliance is

appropriate."); *id.* at *9 ("The third category includes causes of action that require proof of reliance but allow it to be presumed in certain circumstances. Class certification may be appropriate with respect to plaintiffs pursuing claims in this category—but only if the circumstances support the presumption's application."). The *Tershacovec* court held, for example, that a claim for common-law fraud under California law fit into this category and could satisfy the predominance requirement, *id.* at *9, based on a California decision establishing that "when the same material misrepresentations have actually been communicated to each member of a class, an inference of reliance arises as to the entire class." *Mirkin v. Wasserman*, 858 P.2d 568, 575 (Cal. 1993); *see Tershakovec*, 2023 WL 4377585, at *9 (quoting *Mirkin*). On the other hand, the court held that a claim for fraud under Tennessee law could not satisfy the predominance requirement, because decisions applying Tennessee law established that reliance was required, and the element of reliance "turn[ed] on individualized facts about the plaintiff," which made "class treatment inappropriate." *Tershakovec*, 2023 WL 4377585, at *9 (citing *Boynton v. Headwaters, Inc.*, 737 F. Supp. 2d 925, 931 (W.D. Tenn. 2010)).

In light of the Eleventh Circuit's clarification of the law in *Tershakovec*, we acknowledge and respectfully suggest that it is necessary for this Court to narrow the class that was certified against FCA US, LLC in several respects. Based on the court's holding that a claim for fraud under Tennessee law cannot satisfy the predominance requirement, *id.* at *9, Tennessee purchasers must be excluded from the class. In addition, because courts applying Alabama, Delaware, District of Columbia, and Rhode Island law have not clearly endorsed, or have prohibited, the use of class-wide presumptions or inferences to establish reliance, purchasers in Alabama, Delaware, the District of Columbia, and Rhode Island should be excluded from the class as well to ensure adherence with *Tershakovec*.

The other states included in the certified class, however, should remain the same, based on the Eleventh Circuit's guidance in *Tershakovec*. Each of the remaining states—Georgia, North Carolina, Colorado, Utah, West Virginia, and Wisconsin—permit the use of a class-wide presumption or inference of reliance when a defendant's fraudulent conduct is uniform with respect to the class. *See Fortis Ins. Co. v. Kahn*, 683 S.E.2d 4, 8 (Ga. Ct. App. 2009) (holding that "the reliance element may sometimes be presumed" and that "a jury could reasonably infer that the class members' continued renewal of their policies after receiving the uniform, standard documents from appellants constitutes proof of reliance that is common to all class members") (internal quotation marks and emphasis omitted); *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 518 (6th Cir. 2015) (holding that "classwide proof—that the alleged misrepresentation is material and was made in a generally uniform manner to all class members—would also suffice in North Carolina to show actual reliance such that individual issues would not predominate") (citing *Pitts v. Am. Sec. Ins. Co.*, 550 S.E.2d 179, 189 (N.C. Ct. App. 2001)); *Garcia v. Medved Chevrolet, Inc.*, 263 P.3d 92, 98 (Colo. 2011) ("Reliance may be inferred from circumstantial evidence common to a class."); *Roberts v. C.R. England, Inc.*, 318 F.R.D. 457, 514 (D. Utah 2017) (applying a class-wide inference of reliance and causation and finding predominance satisfied where "members of the class had been exposed, through a variety of mediums, to generally uniform representations that may have been inaccurate"); *State ex rel. U-Haul Co. of W. Virginia v. Tabit*, No. 17-1052, 2018 WL 2304282, at *9 (W. Va. May 21, 2018) (affirming class certification of a fraud claim and holding that an omission claim "only requires proof that an objective 'reasonable consumer' would not have suffered the loss absent the omission"); *Cuene v. Hilliard*, 754 N.W.2d 509, 513 (Wis. Ct. App. 2008) (holding that "reliance may be presumed in an omissions case").

It is appropriate, and entirely consistent with *Tershakovec*, to use such a class-wide

inference or presumption here.  As this Court previously found, there is abundant evidence in the record establishing the uniformity of FCA's material omission of the Inflator Defect, after it uniformly marketed its vehicles as possessing safety-enhancing airbags.  *See* ECF No. 4659 at 18 ("FCA's alleged conduct was uniform with respect to all class members in at least one important way—it never disclosed the Inflator Defect to consumers prior to the sale of the Class Vehicles."). And as this Court observed, the clear importance of this information to consumers was further confirmed by the vehicle buyer conjoint survey that Dr. Dubé conducted.  *Id.*  Thus, as this Court reasoned, "there exists sufficient class-wide evidence to support the proposition that safety and working airbags were material factors for class members' purchasing decisions, and classwide proof of reliance on FCA's uniform misrepresentation and omission can be inferred by a reasonably jury."  *Id.*  The Eleventh Circuit's *Tershakovec* decision reinforces this Court's reasoning, given the state law authorities cited above approving the use of a class-wide presumption or inference to establish reliance under the laws of Georgia, North Carolina, Colorado, Utah, West Virginia, and Wisconsin.

Accordingly, to comply with the Eleventh Circuit's recent *Tershakovec* decision, Plaintiffs respectfully request that the Court narrow the certified class to remove purchasers in Alabama, Delaware, Washington, D.C., Rhode Island, and Tennessee.  This narrowing, as noted previously, would result in a class from only seven, and not twelve, states being certified.

Dated: July 10, 2023

Respectfully submitted,

**PODHURST ORSECK, P.A.**

*/s/ Peter Prieto*
Peter Prieto (FBN 501492)
Aaron S. Podhurst (FBN 63606)
Stephen F. Rosenthal (FBN 131458)
John Gravante (FBN 617113)
Matthew P. Weinshall (FBN 84783)
SunTrust International Center
One S.E. Third Ave., Suite 2300
Miami, Florida 33131
Phone: (305) 358-2800
Fax: (305) 358-2382
Email: pprieto@podhurst.com
apodhurst@podhurst.com
srosenthal@podhurst.com
jgravante@podhurst.com
mweinshall@podhurst.com

*Chair Lead Counsel for Plaintiffs*

| | |
|---|---|
| **COLSON HICKS EIDSON**<br>Lewis S. "Mike" Eidson<br>mike@colson.com<br>Curtis Bradley Miner<br>curt@colson.com<br>255 Alhambra Circle, PH<br>Coral Gables, FL 33134<br>T: 305-476-7400<br><br>*Plaintiffs' Personal Injury Track Lead Counsel* | **SMITH LACIEN LLP**<br>Todd A. Smith<br>tsmith@smithlacien.com<br>70 W Madison St Suite 5770,<br>Chicago, IL 60602<br>(312) 509-8900<br><br>*Plaintiffs' Economic Damages Track Co-Lead Counsel* |
| **BOIES, SCHILLER & FLEXNER LLP**<br>David Boies, Esq.<br>Motty Shulman (Fla Bar. No. 175056)<br>333 Main Street<br>Armonk, NY 10504<br>Tel:  (914) 749-8200<br>Fax:  (914) 749-8300<br>Email: dboies@bsfllp.com<br>         mshulman@bsfllp.com<br><br>Stephen N. Zack (Fla. Bar No. 145215)<br>100 Southeast 2nd Street, Suite 2800<br>Miami, FL 33131<br>Tel:  (305) 539-8400<br>Fax:  (305) 539-1307<br>Email: szack@bsfllp.com<br>         mheise@bsfllp.com<br><br>*Plaintiffs' Economic Damages Track Co-Lead Counsel* | **LIEFF CABRASER HEIMANN & BERNSTEIN LLP**<br>Elizabeth Cabraser<br>ecabraser@lchb.com<br>275 Battery St., Suite 3000<br>San Francisco, CA 94111-3339<br>T:    415-956-1000<br><br>David Stellings<br>250 Hudson Street, 8th Floor<br>New York, NY 10012<br>212-355-9500<br>dstellings@lchb.com<br><br>*Plaintiffs' Steering Committee* |

| | |
|---|---|
| **CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO, PC**<br>James E. Cecchi<br>jcecchi@carellabyrne.com<br>5 Becker Farm Road<br>Roseland, NJ 07068-1739<br>T: 973 994-1700<br>f: 973 994-1744<br><br>*Plaintiffs' Steering Committee* | **BARON & BUDD, PC**<br>Roland Tellis<br>rtellis@baronbudd.com<br>David Fernandes<br>dfernandes@bardonbudd.com<br>Mark Pifko<br>mpifko@baronbudd.com<br>15910 Ventura Blvd.,<br>Suite 1600<br>Encino, CA 91436<br>T: 818-839-2333<br><br>J. Burton LeBlanc<br>9015 Bluebonnet Blvd.<br>Baton Rouge, LA 70810<br>T: 225-761-6463<br><br>*Plaintiffs' Steering Committee* |
| **MADERAL BYRNE & FURST, PLLC**<br>Rachel Furst<br>Rachel@maderalbyrne.com<br>2800 Ponce De Leon, #1100<br>Coral Gables, FL 33134<br>T: (786) 882-2445<br><br>*Class Counsel* | |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on July 10, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

By: */s/ Peter Prieto*
      Peter Prieto