**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| **IN RE: TAKATA AIRBAG PRODUCT LIABILITY LITIGATION** | MDL No. 2599 |
| | Master File No. 15-MD-2599-FAM |
| This Document Relates to All Economic Loss Class Actions and: | S.D. Fla. Case No. 1:14-cv-24009-FAM |
| STEPHANIE PUHALLA, et al., individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| VOLKSWAGEN GROUP OF AMERICA, AUDI OF AMERICA, LLC, and MERCEDES-BENZ USA, LLC | |
| Defendants. | |

**MERCEDES-BENZ, USA LLC'S BRIEF IN RESPONSE TO THE COURT'S
ORDER OF JULY 13, 2023 RE: *TERSHAKOVEC V. FORD MOTOR CO.*,
NO. 22-10575, 2023 WL 4377585 (11TH CIR. JULY 7, 2023)**

Raoul G. Cantero
Jamie A. Bianchi
WHITE & CASE LLP
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

Troy M. Yoshino
Eric J. Knapp
WINSTON & STRAWN LLP
101 California Street, Suite 3500
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Attorneys for Defendant*
*Mercedes-Benz USA, LLC*

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ........................................................................................................... 1

ARGUMENT .................................................................................................................. 3

  1.  GEORGIA LAW DOES NOT RECOGNIZE A CLASSWIDE PRESUMPTION OF RELIANCE. ............................................................................................................. 3

  2.  IN NO EVENT WOULD GEORGIA LAW PERMIT A PRESUMPTION OF RELIANCE IN THE CIRCUMSTANCES OF THIS CASE ............................................ 5

    A.  Plaintiffs have not shown uniform, written misrepresentations made to all class members. ................................................................................................................. 6

    B.  Plaintiffs have not shown any continued action by class members supporting reliance, and car purchases are inherently individualized and multifactored. ....................................... 8

    C.  Plaintiffs did not proffer any evidence supporting a presumption of reliance. ............... 9

    D.  Calhoun's Georgia fraud claim fails in any event. .......................................................... 10

  3.  NOTHING REMAINS OF PLAINTIFFS' CASE. .......................................................... 10

    A.  Each of the named plaintiffs' claims require individualized proof that requires denial of certification. .......................................................................................................................... 11

    B.  The fraudulent concealment claims tied to the Georgia, North Carolina, and Rhode Island plaintiffs each require proof of actual reliance and do not permit a presumption. .... 16

    C.  The consumer protection claims tied to the Rhode Island plaintiff each require individualized proof that warrants exclusion. ......................................................................... 18

    D.  Plaintiffs' failure to "clearly articulate" a trial plan requires denial of their class certification motion as to MBUSA. ........................................................................................ 19

CONCLUSION .................................................................................................................. 20

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ace Tree Surgery, Inc. v. Terex S.D., Inc.*,
  332 F.R.D. 402 (N.D. Ga. Sept. 23, 2019)................................................................................3

*Adrian Trucking, Inc. v. Navistar, Inc.*,
  609 F. Supp. 3d 728 (N.D. Iowa 2022)................................................................................14

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997)................................................................................................11, 16

*Arnesen v. Rivers Edge Golf Club & Plantation, Inc.*,
  781 S.E.2d 1 (N.C. 2015)................................................................................................12

*In re Atlas Roofing Corp.*,
  2017 WL 2501756 (N.D. Ga. June 9, 2017)..............................................................................7

*Barfield v. Hall Realty, Inc.*,
  232 P.3d 286 (Colo. App. 2010)..........................................................................................17

*Brown v. Electrolux Home Prods., Inc.*,
  817 F.3d 1225 (11th Cir. 2016) ........................................................................................1, 9

*Brown v. Louisiana-Pac. Corp*,
  820 F.3d 339 (8th Cir. 2016) ..........................................................................................12, 14

*In re Camp Lejeune N.C. Water Contamination Litig.*,
  263 F. Supp. 3d 1318 (N.D. Ga. Dec. 5, 2016)............................................................................4

*Cervantes v. CRST Int'l, Inc.*,
  2022 WL 2130811 (N.D. Iowa June 14, 2022)..........................................................................19

*City of McGregor v. Janett*,
  546 N.W.2d 616 (Iowa 1996) ............................................................................................12

*In re Clexa & Lexapro Mktg. & Sales Pracs. Litig.*,
  325 F.R.D. 529 (D. Mass. Aug. 15, 2017)................................................................................13

*Cohn v. Knowledge Connections, Inc.*,
  585 S.E.2d 578 (Va. 2003)................................................................................................18

*Converse v. Vizio, Inc.*,
  2020 WL 729804 (W.D. Wash. Feb. 13, 2020)..........................................................................15

*Corder v. Ford Motor Co.*,
  283 F.R.D. 337 (W.D. Ky. 2012)........................................................................................16

ii

*Cormier v. Carrier Corp.*,
   2019 WL 1398903 (C.D. Cal. Mar. 25, 2019) ........................................................................4

*Diallo v. Am. Intercont'l Univ., Inc.*,
   301 Ga. App. 299 (2009) ...................................................................................................5, 9

*Drake v. Allergan, Inc.*,
   63 F. Supp. 3d 382 (D. Vt. 2014).........................................................................................19

*Engelman v. Kessler*,
   340 Ga. App. 239 (2017) .......................................................................................................3

*In re Ford Motor Co. Vehicle Paint Litig.*,
   182 F.R.D. 214 (E.D. La. 1998)......................................................................................4, 17

*Fortis Insurance Company v. Kahn*,
   683 S.E.2d 4 (Ga. App. 2009).......................................................................................*passim*

*Franze v. Equitable Assur.*,
   296 F.3d 1250 (11th Cir. 2002) ...........................................................................................10

*Freebirds LLC v. Coca-Cola Co.*,
   366 Ga. App. 443 (Jan. 18, 2023) ..........................................................................................4

*Garcia v. Medved Chevrolet, Inc.*,
   240 P.3d 371 (Colo. App. 2009), *aff'd*, 263 P.3d 92 (Colo. 2011)...................................17, 18

*Harris v. Bradley Mem. Hosp. & Health Ctr., Inc.*,
   994 A.2d 153 (Conn. 2010) ..................................................................................................18

*Henderson v. Henderson*,
   495 S.E.2d 496 (Va. 1998)....................................................................................................17

*Holmes v. Grubman*,
   286 Ga. 636 (2010) .................................................................................................................2

*In re Hydrogen Peroxide Antitrust Litig.*,
   552 F.3d 305 (3d Cir. 2008)..................................................................................................19

*James v. GMAC Mortg. LLC*,
   772 F. Supp. 2d 307 (D. Me. 2011) ......................................................................................18

*Jarman v. United Indus. Corp.*,
   98 F. Supp. 2d 757 (S.D. Miss. 2000)...................................................................................16

*Jennings v. Farmers Mut. Ins. Co.*,
   687 S.E.2d 574 (W. Va. 2009)...............................................................................................17

*Johnson v. Hankook Tire Mfg. Co.*,
    2012 WL 12929510 (N.D. Miss. March 14, 2012)................................................16

*Kanne v. Visa U.S.A. Inc.*,
    723 N.W.2d 293 (Neb. 2006)..............................................................................18

*Klay v. Humana*,
    382 F.3d 1241 (11th Cir. 2004) .......................................................................4, 15

*Larsen v. Vizio, Inc.*,
    2017 WL 3084273 (C.D. Cal. June 26, 2017) ......................................................19

*Lee Cnty. Mental Health Ctr., Inc. v. Lee Cnty. Bd. of Sup'rs*,
    2000 WL 1288873 (Iowa App. Sept. 13, 2000)....................................................12

*Lee v. Gen. Motors Corp.*,
    950 F. Supp. 170 (S.D. Miss. 1996).....................................................................16

*Liberty Lending Servs. v. Canada*,
    668 S.E.2d 3 (Ga. App. 2008)............................................................................4, 5

*Life Ins. Co. v. Meeks*,
    274 Ga. App. 212 (2005) .................................................................................7, 8

*Lima v. Deutsche Bank Nat'l Trust Co.*,
    2021 WL 4722949 (D. Haw. Oct. 8, 2021) ..........................................................18

*Mabus v. St. James Episcopal Church*,
    13 So. 3d 260 (Miss. 2009)................................................................................12

*McCabe v. Daimler AG*,
    160 F. Supp. 3d 1337 (N.D. Ga. 2015) ................................................................10

*Metrocall of Delaware, Inc. v. Cont'l Cellular Corp.*,
    437 S.E.2d 189 (Va. 1993).................................................................................17

*Mulligan v. Choice Mortg. Corp. USA*,
    1998 WL 544431 at *11 (D.N.H. Aug. 11, 1998) ................................................18

*In re MyFord Touch Consumer Litig.*,
    2016 WL 7734558 (N.D. Cal. Sept. 14, 2016) ....................................................13

*Ollerman v. O'Rourke Co.*,
    94 Wis. 2d 17, 288 N.W.2d 95 (1980)................................................................17

*Patterson v. Beall*,
    19 P.3d 839 (Okla. 2000)..................................................................................18

*Paul v. Providence Health-System Or.*,
   351 Or. 587 (Or. 2012) ...................................................................................19

*Pearson v. Philip Morris, Inc.*,
   358 Or. 88 (2015)...................................................................................12, 15

*Peck v. Lanier Golf Club*,
   304 Ga. App. 868 (2010) ...............................................................................5, 7

*Pitts v. Am. Sec. Ins. Co.*,
   550 S.E.2d 179 (N.C. App. 2001)...................................................................14

*Porter v. Braskem Am., Inc.*,
   2020 WL 1942310 (S.D. W. Va. Apr. 22, 2020)...........................................17

*Shahriary v. Teledesic LLC*,
   60 F. App'x 157 (9th Cir. 2003) ....................................................................13

*Shelter Ins. Co. v. Ford Motor Co.*,
   2006 WL 318821, at *6 (N.D. Miss. Feb. 9, 2006) .......................................16

*Skinner v. USAble Life*,
   200 F. Supp. 2d 636 (S.D. Miss. 2001)..........................................................14

*Strawn v. Farmers Ins. Co.*,
   350 Or. 336 (2011).........................................................................................15

*Taylor v. Gasor, Inc.*,
   607 P.2d 293 (Utah 1980) ..............................................................................17

*Territorial Sav. & Loan Ass'n v. Baird*,
   781 P.2d 452 (Utah App. 1989) ......................................................................17

*Tershakovec v. Ford Motor Co.*,
   2023 WL 4377585 (11th Cir. July 7, 2023)........................................ *passim*

*Tietsworth v. Harley-Davidson, Inc.*,
   270 Wis.2d 146 (2004) ...................................................................................18

*Wells v. HBO & Co.*,
   813 F. Supp. 1561 (N.D. Ga. 1992) ..................................................................3

*White v. BDO Seidman*,
   249 Ga. App. 668 (2001) ..................................................................................2

*White v. Wyeth*,
   227 W. Va. 131 (2010) ...................................................................................19

*Yazd v. Woodside Homes Corp.*,
    143 P.3d 283 (Utah 2006) ............................................................................18

*Yeti Enters. v. Tang*,
    2017 WL 3478484 (D. Or. Aug. 14, 2017) ...................................................12

*Young v. Toyota Motor Sales, U.S.A.*,
    472 P.3d 990 (Wash. 2020) ..........................................................................13

*Zinser v. Accufix Research Inst., Inc.*,
    253 F.3d 1180 (9th Cir. 2001) ......................................................................19

**Statutes and Court Rules**

Fed. R. Civ. P. 23 ......................................................................................... *passim*

Iowa Consumer Protection Act .......................................................................12, 14

North Carolina Unfair and Deceptive Trade Practices Act .............................12, 14

Oregon Unlawful Trade Practices Act ...................................................................12

R.I. Gen. Laws, § 6-13.1-5.2(a) .............................................................................16

Washington Consumer Protection Act ....................................................................13

This Court ordered supplemental briefing from all parties in light of *Tershakovec v. Ford Motor Company*, --- F.4th ---, 2023 WL 4377585 (11th Cir. July 7, 2023), and plaintiffs' resulting motion to narrow the Court's class certification order as to FCA US, LLC (the "Motion to Narrow"). *See* D.E. 4665 & 4667 (together, the "Order"). The Court asked: (1) whether Georgia law permits the use of a class-wide presumption or inference of reliance; (2) if so, under what circumstances reliance may be presumed; and (3) if Georgia requires individualized reliance, what "remains of the case." This brief responds to those questions.

## **INTRODUCTION**

*Tershakovec* reiterates that, before certifying a Rule 23(b)(3) class, district courts must ensure—and plaintiffs must *prove*—that "the substance and quantity of evidence necessary to prove the class claims won't vary significantly from one plaintiff to another." 2023 WL 4377585, at *4 (citing *Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1234 (11th Cir. 2016) (warning that a plaintiff has a burden of *proof*, not only of pleading)).[1] This includes "carefully examining the particular state laws on which plaintiffs' claims . . . are based." *Tershakovec*, 2023 WL 4377585, at *4. Plaintiffs benefit from a presumption of reliance, for example, only if "the relevant state's [law] allows for that presumption." *Id.* Moreover, district courts must "seriously investigate[] whether and under what circumstances each of the various state-law claims at issue permit the presumption." *Id.*; *cf. id.* at *10 (remanding for the district court to consider state-law issues on implied warranty claims, such as whether the state requires pre-suit notice, opportunity to cure, or manifestation of a defect).

---

[1] *Tershakovec* remanded some issues for fact-finding. But in this case, two rounds of briefing have already been completed. The proper result is to deny plaintiffs' class certification motion for failure of proof.

Plaintiffs' Motion to Narrow concedes that a presumption of reliance is not recognized—and certification is thus inappropriate—for plaintiffs' Alabama, Delaware, Washington, D.C., Rhode Island, and Tennessee fraud claims.  D.E. 4663.[2]  But plaintiffs undercount—by more than a few—the states without a reliance presumption, and they interpret *Tershakovec* too narrowly, misreading parts of its holding and ignoring others.

As to Georgia, the law does not support a classwide presumption of reliance.  The Georgia Supreme Court has never endorsed such a presumption, and it has indicated in a related context (negligent misrepresentation) that it would not adopt such a presumption.  *See Holmes v. Grubman*, 286 Ga. 636, 641 (2010) (citing *White v. BDO Seidman*, 249 Ga. App. 668, 670 (2001) for the proposition that Georgia law requires "actual reliance for a common-law negligent misrepresentation claim and reject[s] presumed reliance and fraud-on-the-the market theories")).  In analogous circumstances, several courts have held that no such presumption is available under Georgia law.

The handful of decisions to apply a presumption did so only in narrow and inapplicable circumstances, requiring not only uniform written misrepresentations provided to all class members, but also circumstantial evidence of *class members'* conduct—showing their reliance—as well as misrepresentations going to the heart of the relevant transactions embedded in related contracts.  None of those circumstances are present in a typical "consumer purchase," and particularly not—as *Tershakovec* expressly noted—in a *car* purchase.  2023 WL 4377585, at *4.  In sum, under Georgia law, "reliance is a very individualized inquiry, the kind that would predominate over other common questions in a class action."  *Id.* at *4.  This requires denial of certification as to plaintiffs' Georgia claims.

---

[2] Plaintiffs have not yet withdrawn their motion to certify Alabama, Delaware, Washington, D.C., Rhode Island, and Tennessee classes as to MBUSA.  Presumably they do not contend that the relevant state law differs for the various defendants.

As to "what remains" of this case after *Tershakovec*—in short, nothing but individual claims that should be dismissed for the reasons provided in MBUSA's pending motions to dismiss and for summary judgment (and their supplements).  Plaintiffs' remaining state-law claims against MBUSA either do not allow for a presumption of reliance, permit a presumption only with prerequisite showings plaintiffs have not made here, or otherwise present individualized issues.

In addition, *Tershakovec* confirms that, to prove manageability, plaintiffs must "clearly articulate a [trial] plan." *Id.* at *11.  They have not done so.  *Tershakovec* requires denial of certification on that basis as well.

## ARGUMENT

**1.     GEORGIA LAW DOES NOT RECOGNIZE A CLASSWIDE PRESUMPTION OF RELIANCE.**

The first question this Court asked the parties to answer is whether Georgia law permits the use of a class-wide presumption or inference of reliance.  D.E. 4665 at 2.  The short answer is no.

The sole Georgia claim plaintiffs seek to certify is a common-law fraud claim.  D.E. 4610 at 13.  That claim requires proof of "justifiable reliance by [a] plaintiff."  *Engelman v. Kessler*, 340 Ga. App. 239, 246 (2017).  The Georgia Supreme Court has never endorsed a presumption of reliance in any context.  And, as this Court recognizes, several cases hold that Georgia does not recognize such a presumption for class members—reliance must be "assessed individually." *E.g.*, *Ace Tree Surgery, Inc. v. Terex S.D., Inc.*, 332 F.R.D. 402, 411 (N.D. Ga. Sept. 23, 2019).

The Court's Order cites several cases denying class certification of fraud-based claims under Georgia law because they "require[] a 'showing of actual reliance as to *each* class member.'" D.E. 4665 at 2 (quoting *Oddo v. Arcoaire Air Conditioning & Heating*, 2019 WL 1460627, at *10 (C.D. Cal. Mar. 22, 2019)) (emphasis added); *see also, e.g.*, *Wells v. HBO & Co.*, 813 F. Supp.

1561, 1569 (N.D. Ga. 1992) ("Georgia courts have always required proof of actual reliance, and have not adopted a fraud on the market theory that would allow a court to presume reliance."). Other cases concur. *In re Ford Motor Co. Vehicle Paint Litig.*, 182 F.R.D. 214, 221 (E.D. La. 1998) (denying certification of Georgia fraud claim because Georgia has not adopted a presumption of reliance for common law fraud); *Freebirds LLC v. Coca-Cola Co.*, 366 Ga. App. 443, 445 (2023) (noting that reliance is an "essential element" of a fraud claim under Georgia law); *Cormier v. Carrier Corp.*, 2019 WL 1398903, at *14 (C.D. Cal. Mar. 25, 2019) (noting that Georgia requires a "showing of actual reliance as to each individual class member, and thus a classwide inference of reliance is not available to plaintiffs").

Plaintiffs' reliance on *Fortis Insurance Company v. Kahn*, 683 S.E.2d 4 (Ga. App. 2009) is unjustified—particularly after *Tershakovec*. *Fortis* expressly relied on *Klay v. Humana*, 382 F.3d 1241 (11th Cir. 2004), as did the only other case to apply *Fortis* to affirm class certification. 684 S.E.2d at 8 & n.9; *Liberty Lending Servs. v. Canada*, 668 S.E.2d 3, 12 (Ga. App. 2008) (citing *Klay*). But as *Tershakovec* notes, *Klay*'s analysis was specific to contractual payment terms forming the "heart of the[] agreements" between physicians and HMOs, which did not implicate "the same type or degree of personal idiosyncratic choice as does a consumer purchase." *Tershakovec*, 2023 WL 4377585, at *5 n.6. *Tershakovec* explained that *Klay*'s reasoning would **not** apply to car purchases, because car buyers "may choose to rely on any of a number of marketing and branding representations." *Id. Tershakovec* nullifies any contrary interpretation of *Klay*. *See, e.g.*, *In re Camp Lejeune N.C. Water Contamination Litig.*, 263 F. Supp. 3d 1318, 1329 (N.D. Ga. Dec. 5, 2016) ("This Court has no authority or desire to reconsider an opinion of the Eleventh Circuit").

2.      **IN NO EVENT WOULD GEORGIA LAW PERMIT A PRESUMPTION OF RELIANCE IN THE CIRCUMSTANCES OF THIS CASE.**

The second question this Court asked the parties to answer is whether, *if* Georgia law permits the use of a class-wide presumption or inference of reliance, under what circumstances reliance may be presumed.  D.E. 4665 at 2.  As explained above, the Georgia Supreme Court has never applied a classwide presumption of reliance in any circumstance.  And considering the number of cases holding that no presumption is available, it appears unlikely it would do so.  But even if *Fortis* and *Liberty Lending* permitted a presumption of reliance in *some* circumstances, plaintiffs have not proven (and cannot prove) that such circumstances are present here.

*Fortis* accepted an inference of reliance only because the defendant, an insurance company: (1) made "uniform written misrepresentations that the policy [they sold to class members] was group coverage;" and (2) "a jury could reasonably infer that class members' continued renewal of their policies after receiving the uniform, standard documents from appellants constitutes proof of reliance that is common to all class members."  299 Ga. App. at 323.  Thus, *Fortis* required **both** (1) that the alleged "misrepresentations were made in writing on [] standardized, uniform documents sent to all class members," **and** (2) "common circumstantial evidence" of actual reliance by all class members (there, continued renewal of class members' policies).  *See id.*

Georgia courts have repeatedly rejected a presumption of reliance where either requirement is not met.  Thus, in *Peck v. Lanier Golf Club*, the court affirmed that individualized reliance inquiries were required where the sales at issue may have involved different "materials, plat, and representations."  304 Ga. App. 868, 872–73 & n.3 (2010).  And in *Diallo v. Am. Intercont'l Univ., Inc.*, the court affirmed the trial court's refusal to presume reliance—even where the plaintiffs alleged that defendants uniformly included fraudulent employment data in handbooks "provided to all students before tuition was paid," because "numerous variables" affected class members' individual

decisions to enroll.  301 Ga. App. 299, 305 (2009).

Plaintiffs here cite ***no evidence*** to support their argument that a presumption of reliance is appropriate.  *See* D.E. 4610 at 24–27.  Instead, they quote the now-vacated district court opinion in *Tershakovec* and make the following claim: "Under such circumstances [*i.e.*, 'when an omission or misrepresentation is material'] the law 'does not require an individualized showing of reliance.' *Tershakovec*[,] 546 F. Supp. 3d at 1380."  *Id.* at 25.  But as discussed above, plaintiffs have the burden of proof at class certification.  And as we explain below, (a) plaintiffs have not proven that MBUSA made misrepresentations "in writing on [] standardized, uniform documents sent to all class members," *Fortis*, 299 Ga. App. at 323; (b) plaintiffs ***overlook the second requirement altogether*** and offer no proof that class members acted the same way for the same reasons "after receiving" such "uniform, standard" representations, *id.*; (c) plaintiffs did not proffer any evidence supporting a presumption of reliance; and (d) Calhoun's Georgia fraud claim fails in any event.

### A.  Plaintiffs have not shown uniform, written misrepresentations made to all class members.

As shown in MBUSA's opposition to plaintiffs' motion for class certification, plaintiffs have not proven that they were all exposed to the same uniform misrepresentation—such as a misleading ad.  *See* D.E. 4635 at 23, 27–31.  They point to a hodgepodge of ads, third-party websites, and other materials, but they neither show that the materials are uniform across the class nor prove that class members were uniformly (or even typically) exposed to them.  *See id.* at 30–31.  The lone Georgia plaintiff (Calhoun) purchased both of her class vehicles from private, third-party sellers; she recalled that the two sellers provided different oral representations, she reviewed different third-party materials (Auto Trader and perhaps the Kelley Blue Book), and she testified that one seller, but not the other, had a copy of the Monroney label (window sticker) for the vehicle.  *See* Tab 1 (Calhoun Dep. at 60–63, 66–71, 105, 111–13, 116).  A presumption of reliance is inappropriate where, as here,

there is no proof that other class members relied on the same materials as Calhoun.  *See, e.g.*, *In re Atlas Roofing Corp.*, 2017 WL 2501756, at *12 (N.D. Ga. June 9, 2017) (reliance precluded class certification where there were differing written sources of alleged misrepresentations because "each class member would need to establish what particular marketing material or industry standard he or she observed and relied upon"); *Peck*, 304 Ga. App. at 872–73 & n.3 (presumed reliance inappropriate where class members are exposed to differing materials from different realtors).

Plaintiffs may cite this Court's class certification order as to FCA to argue that MBUSA's representations were "uniform" in that they "never disclosed" the alleged defect.  *See* D.E. 4659 at 18.  But both Georgia law and *Tershakovec* reject that argument.

First, the Eleventh Circuit declined to treat *Tershakovec* as an omissions case because the plaintiffs alleged "at most, a mix of misrepresentations and corollary omissions."  2023 WL 4377585, at *5.  For example, the panel noted that the plaintiffs repeatedly referred to the defendant's "marketing communications" and "advertising," and thus alleged that they were misled "not as a result of [the defendant's] mere silence," but by the statements (and alleged omissions) in their *affirmative* communications.  *Id.*  The same is true here.  Plaintiffs' complaint and motion for class certification, for example, rely on verbal representations by salespeople, [3] press releases, advertisements, marketing materials and online videos, window stickers, brochures, and other alleged affirmative statements.  *E.g.*, D.E. 4026 ¶¶ 105, 120, 135, 148, 154, 264; D.E. 4610 at 7-10.  In fact, plaintiffs themselves have not only conceded, but have affirmatively ***argued***, that their case alleges "both" misstatements and omissions.  D.E. 4318 at 20 n.7 (asserting that "MBUSA's ubiquitous marketing campaign . . . was both a misstatement and omission.").  Thus, just as in *Tershakovec*, this

---

[3] Plaintiffs' reliance on oral representations is particularly damning, as Georgia courts have held that "claims of fraud based upon oral misrepresentations *are not appropriate* for class treatment." *Life Ins. Co. v. Meeks*, 274 Ga. App. 212, 217 (2005) (emphasis added).

Court cannot focus on the "uniformity" of supposed omissions.

Second, even if this were a pure omissions case, no Georgia court has presumed reliance based on allegedly uniform ***omissions***.  *Fortis* requires "misrepresentations [] made in writing on [] standardized, uniform documents sent to all class members."  288 Ga. App. at 323.  Plaintiffs have shown no such thing, and they can point to no Georgia case permitting a presumption of reliance based on "uniform omissions."  As *Tershakovec* noted, absent an indication in state law that such a "presumption is permissible," this Court may not "expand state law to include one."  2023 WL 4377585, at *8.

**B.  Plaintiffs have not shown any continued action by class members supporting reliance, and car purchases are inherently individualized and multifactored.**

Even if plaintiffs had shown that MBUSA's alleged misrepresentations were embodied in "standardized, uniform documents sent to all class members," that showing would *not* permit a presumption of reliance.  As shown, *Fortis* also would require proof that class members engaged in "continued" affirmative action that provides circumstantial evidence that they relied on "uniform, standard documents" from a defendant.  228 Ga. App. at 323; *id.* at 322 (requiring "common circumstantial evidence" of class members' reliance, not merely uniform conduct by the defendant).  In fact, one of the cases *Fortis* relied on, *Life Ins. Co. of Ga. v. Meeks*, 274 Ga. App. 212, 217 (2005), ***rejected*** a presumption of reliance because of various class members' individualized circumstances.

In other words, there is a ***class member-focused*** requirement for the presumption as well.  And here, plaintiffs have not proven that class members acted the same (e.g., purchased class vehicles) "after receiving . . . uniform, standard" documents from MBUSA.  *See* D.E. 4635 at 29–31.  Indeed, plaintiffs offer only conflicting allegations (not proof) on how class members may have reacted to knowledge of the supposed defect.  *Id.* (citing D.E. 4610 at 14–15).

Moreover, *Tershakovec* recognized that car purchases involve "personal idiosyncratic

choice" and "a purchaser of a car may choose to rely on any of a number of marketing and branding representations."  2023 WL 4377585, at *5 n.6 (quoting *McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 225 n.7 (2d Cir. 2008)); *see also Diallo*, 301 Ga. App. at 305 (rejecting a presumption of reliance because "numerous variables" affected individual class members' decisions to enroll in the defendant's school).  Thus, even if there were a presumption of reliance available in some circumstances under Georgia law, it is not available under the circumstances present here.

### C.  Plaintiffs did not proffer any evidence supporting a presumption of reliance.

Plaintiffs' motion for class certification cites **no evidence** to support their argument that applying a presumption of reliance is appropriate.  *See* D.E. 4610 at 24–27.  This failure of proof is fatal.  *Electrolux*, 817 F.3d 1225, which held that a plaintiff must show that the substance and quantity of evidence necessary to prove class claims will not vary significantly from one plaintiff to another, was decided *seven years* ago.  Plaintiffs had ample notice that they needed to *prove* the prerequisites for any reliance presumption.

To the extent *Fortis* speculated about what common proof plaintiffs *might* later proffer, that was inconsistent with Eleventh Circuit law.  *Fortis*, 299 Ga. App. at 323; *see also id.* at 321.  Again, the Eleventh Circuit requires "proof" that plaintiffs can establish their claims with common evidence.  *See Electrolux*, 817 F.3d at 1233–34 ("[T]he presumption is against class certification" and a court "that has doubts about whether 'the requirements of Rule 23 have been met should refuse certification until they have been met.'").  This cannot be squared with *Fortis*'s grant of certification by speculating about what "a jury could reasonably infer" based on evidence that *might* be forthcoming.  299 Ga. App. at 323.

Plaintiffs here offered no evidence whatsoever in support of their argument that a presumption should apply.  The proper result is to deny plaintiffs' motion as to MBUSA.

### D. Calhoun's Georgia fraud claim fails in any event.

Finally, even if a presumption of reliance were somehow available under Georgia law, it cannot be applied here because the sole Georgia plaintiff (Calhoun) lacks any cognizable claim against MBUSA.  This is true for all the reasons set forth in MBUSA's pending summary-judgment motion, but most notably here (since she seeks to rely on supposedly uniform statements by MBUSA), Calhoun bought her vehicles from third parties and had no relationship with MBUSA.  D.E. 4496 ¶ 10.  Thus, Calhoun has no cognizable Georgia-law claim.  *See, e.g.*, *McCabe v. Daimler AG*, 160 F. Supp. 3d 1337, 1351 (N.D. Ga. 2015) (Georgia law requires "at least some relationship between the parties" for fraud-based claims, so such claims cannot proceed where MBUSA "had no apparent relationship with plaintiffs").  And without an adequate representative, "a court may not certify a class."  *Franze v. Equitable Assur.*, 296 F.3d 1250, 1255 (11th Cir. 2002).

### 3.   NOTHING REMAINS OF PLAINTIFFS' CASE.

This Court's third and final question was, "if the Court agrees that Georgia law requires individualized reliance, what remains of the case?"  D.E. 4665 at 2.  As set forth in MBUSA's pending motions for summary judgment and to dismiss the supplemental Second Amended Complaint, *all* plaintiffs' claims fail as a matter of law—regardless of Georgia law.  *See* D.E. 4179–80, 4495, 4545–47.  Deciding those motions would dispose of plaintiffs' individual claims and moot class certification issues, leaving nothing remaining.  The most efficient path forward is thus for the Court to decide those motions before addressing class certification.

To the extent the Court's question relates to what remaining claims could be certified given *Tershakovec*, the answer is "none."  Plaintiffs have conceded that the Tennessee, Alabama, Delaware, District of Columbia, and Rhode Island classes cannot be certified because they require individual proof of reliance and thus cannot meet Rule 23(b)(3)'s predominance requirement.  D.E.

4663 at 2.  For similar reasons, *none* of plaintiffs' other proposed classes can be certified.

First, each of the remaining named plaintiffs (located in North Carolina, Iowa, Mississippi, Oregon, Rhode Island, and Washington) asserts a combination of fraudulent concealment, consumer protection, and implied warranty claims on behalf of purchasers from their states and others.  *See generally* D.E. 4610.  But each of those states' laws requires individualized proof of reliance, permits a presumption of reliance only in circumstances not present here, or presents other individualized issues that defeat predominance.  Second, because Radican's (RI), Calhoun's (GA), and Bridges's (NC) own fraudulent concealment claims cannot be certified, they cannot serve as class representatives for fraudulent concealment claims under Colorado, Utah, Virginia, West Virginia, and Wisconsin law.  *See, e.g.*, *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 594 (1997) (to be adequate, "[r]epresentatives must be part of the class").  In any event, reliance issues would preclude class certification of all these fraudulent concealment claims.   Third, the statutory claims for Connecticut, Hawaii, Maine, Nebraska, Oklahoma, Vermont, and West Virginia that Radican seeks to certify require unique preconditions or individualized determination that doom class certification.  Fourth, plaintiffs' failure to articulate a viable trial plan warrants denial of certification under *Tershakovec*.

We address each of these points in turn.

### A.  Each of the named plaintiffs' claims require individualized proof that requires denial of certification.

The remaining named plaintiffs assert a combination of fraudulent concealment, consumer protection, and (for Mississippi alone) implied warranty claims.  *See generally* D.E. 4610.  None of those claims should be certified, as shown in MBUSA's oppositions to certification.  D.E. 4635, 4560, 4241.  Relevant to *Tershakovec* in particular, each of these claims requires individualized proof of reliance, permits a presumption of reliance only in circumstances not present here, and/or

presents other individualized issues that preclude a finding of predominance under Rule 23(b)(3).

The following claims all require proof of reliance, either as an element of liability, to prove causation, or both:

| Named Plaintiffs' Claims Requiring Reliance or Reliance-Like Showing for Causation | |
|---|---|
| Claim | Authority |
| North Carolina Fraudulent Concealment | *Arnesen v. Rivers Edge Golf Club & Plantation, Inc.*, 781 S.E.2d 1, 7 (N.C. 2015) ("[R]easonable reliance must be shown to make a case for actionable fraud.") (citing *Myers v. Chapman, Inc. v. Thomas G. Evans, Inc.*, 374 S.E.2d 385, 391–93 (N.C. 1988)). |
| North Carolina Unfair and Deceptive Trade Practices Act | *Arnesen*, 781 S.E.2d at 7, 10 (It is "well established that 'the plaintiff must show actual reliance on the alleged misrepresentation in order to establish proximate cause'"; N.C. thus "requir[es] actual reliance to establish [the] proximate cause element of an unfair and deceptive trade practice claim.") (quoting *Fazzari v. Infinity Partners, LLC*, 762 S.E.2d 237, 243-45 (N.C. App. 2014)) (citing *Bumpers v. Comm. Bank of N. Va.*, 747 S.E.2d 220, 226 (N.C. 2013) ("[A] claim under [NCUDTPA] stemming from an alleged misrepresentation does indeed require a plaintiff to demonstrate reliance on the misrepresentations to show the necessary proximate cause."). |
| Iowa Fraudulent Concealment | *City of McGregor v. Janett*, 546 N.W.2d 616, 619 (Iowa 1996) (fraud requires proof of reliance); *Lee Cnty. Mental Health Ctr., Inc. v. Lee Cnty. Bd. of Sup'rs*, 2000 WL 1288873, at *5 (Iowa App. Sept. 13, 2000) (affirming dismissal of fraudulent nondisclosure claim where plaintiff did not establish reliance). |
| Iowa Consumer Protection Act | *Brown v. Louisiana-Pac. Corp*, 820 F.3d 339, 349 (8th Cir. 2016) (Iowa statute's "but-for" causation requirement requires reliance; plaintiff must show that "but-for [defendant's] purported misrepresentation, he would not have elected to purchase" the product at issue). |
| Mississippi Fraudulent Concealment | *Mabus v. St. James Episcopal Church*, 13 So. 3d 260, 264 (Miss. 2009) (for fraudulent concealment, "plaintiff must prove . . . reliance"). |
| Oregon Fraudulent Concealment | *Yeti Enters. v. Tang*, 2017 WL 3478484, at *5 (D. Or. Aug. 14, 2017) ("To establish a claim for fraud in Oregon, a party must prove . . . that the acting party in fact justifiably relied on the material misrepresentation."). |
| Oregon Unlawful Trade Practices Act | *Pearson v. Philip Morris, Inc.*, 358 Or. 88, 126 (2015) ("[I]f the purchaser did not care whether the product had a character or quality as represented (or was not aware of the representation) and bought it for other reasons, then the purchaser's expectations |

| Named Plaintiffs' Claims Requiring Reliance or Reliance-Like Showing for Causation | |
|---|---|
| Claim | Authority |
| | have not been frustrated. In that circumstance, the misrepresentation cannot be said to have 'caused' the purchaser to suffer a loss in the form of the purchase price. As a function of logic, not statutory text, when the claimed loss is the purchase price, and when that loss must be 'as a result' of a misrepresentation, reliance is what 'connects the dots' to provide the key causal link between the misrepresentation and the loss."). |
| Washington Fraudulent Concealment | *Shahriary v. Teledesic LLC*, 60 F. App'x 157, 159 (9th Cir. 2003) ("[A] plaintiff must establish the following nine elements by clear, cogent, and convincing evidence: . . . (7) plaintiff's reliance on the truth of the representation . . . ."). |
| Washington Consumer Protection Act | *Young v. Toyota Motor Sales, U.S.A.*, 472 P.3d 990, 996 (Wash. 2020) (proof of reliance is required when plaintiffs allege reliance on alleged misrepresentations in making vehicle purchase); *In re Clexa & Lexapro Mktg. & Sales Pracs. Litig.*, 325 F.R.D. 529, 542 (D. Mass. Aug. 15, 2017) (although reliance is not a required element *per se*, "proximate cause is required to show causation under the WCPA" and thus plaintiffs must show "that but for the defendant's unfair or deceptive act or practice the plaintiff's injury would not have occurred," and this is an "individual issu[e]." (quoting *Indoor Billboard/Washington, Inc. v. Integra Telecom of Wash., Inc.*, 162 Wash.2d 59, 78 (2007) (en banc) ("A plaintiff must establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury."). |

Most of these states do not permit a classwide presumption or inference of reliance or causation under any circumstances.

| States That Have Not Recognized a Classwide Presumption or Inference of Reliance | |
|---|---|
| Claim | Authority |
| North Carolina Fraudulent Concealment | No state law recognizing availability of classwide presumption or inference of reliance.  *E.g.*, *In re MyFord Touch Consumer Litig.*, 2016 WL 7734558, at *23 (N.D. Cal. Sept. 14, 2016) ("Even though the determination of whether reliance is 'reasonable' is an objective inquiry, it cannot readily be determined on a classwide basis, where, as here, reasonable reliance turns on e.g., exposure (or not) to misleading |

| States That Have Not Recognized a Classwide Presumption or Inference of Reliance | |
|---|---|
| Claim | Authority |
| | advertising and to media disclosing the problems/defects to the public—factors which vary amongst class members. Certification would thus be inappropriate even if the Court presumed classwide exposure."). |
| North Carolina Unfair and Deceptive Trade Practices Act | No state law recognizing availability of classwide presumption or inference of reliance.  *E.g.*, *Pitts v. Am. Sec. Ins. Co.*, 550 S.E.2d 179, 189 (N.C. App. 2001) (reliance is an "individual issue"). |
| Iowa Fraudulent Concealment | No state law recognizing availability of classwide presumption or inference of reliance. *E.g.*, *Adrian Trucking, Inc. v. Navistar, Inc.*, 609 F. Supp. 3d 728, 749 (N.D. Iowa 2022) (under Iowa law, reliance "depends on the qualities and characteristics of the *particular* plaintiff and the *specific* surrounding circumstances." (quoting *Spreitzer v. Hawkeye State Bank*, 779 N.W.2d 726, 736 (Iowa Oct. 30, 2009))). |
| Iowa Consumer Protection Act | No state law recognizing availability of classwide presumption or inference of reliance.  *E.g.*, *Brown*, 820 F.3d at 348 & n.5 (inference of causation not supported by Iowa law). |
| Mississippi Fraudulent Concealment | No state law recognizing availability of classwide presumption or inference of reliance. *E.g.*, *Skinner v. USAble Life*, 200 F. Supp. 2d 636, 641 (S.D. Miss. 2001) ("[P]laintiffs must demonstrate that reliance on the putative misrepresentations was reasonable or justifiable."). |
| Washington Fraudulent Concealment | *Tershakovec v. Ford Motor Co.*, 2023 WL 4377585, *8 (11th Cir. July 7, 2023) (no Washington case "expressly authorizes" a presumption of reliance, so "Washington common-law fraud claims are not appropriate for class treatment."). |

Even for those states that may allow a presumption of reliance in some circumstances, the "serious investigation" required by *Teshakovec* shows that those circumstances are absent here.[4] 2023 WL 4377585, at *4.  For example, plaintiffs concede that Iowa has a "widely disseminated" requirement, but they did not prove such dissemination (and could not, given the widely disparate

---

[4] Plaintiffs' Motion to Narrow invites this Court to make the same error that caused vacatur in *Tershakovec*; they urge application of the presumption of reliance wherever "a defendant's fraudulent conduct is uniform . . . ."  D.E. 4663 at 3.  This is the ***same*** contention *Tershakovec* rejected.  2023 WL 4377585, at *4 (holding that it was error to apply a presumption of reliance based solely on finding that "representations to the entire class were uniform").

sources of alleged misrepresentations they cite).  D.E. 4610 at 27.  *Tershakovec* vacated certification of a California class because of California's similar "pervasively disseminated" requirement.  2023 WL 4377585, at *9.

Likewise, the Oregon Supreme Court has rejected any presumption of reliance when the class members may have bought a product for "a variety of reasons"—the exact situation *Tershakovec* attributes to car purchases.  *Pearson*, 358 Or. at 135–36; *Tershakovec*, 2023 WL 4377585, at *5 n.6; *Strawn v. Farmers Ins. Co.*, 350 Or. 336, 359 (2011) (citing *Klay* and explaining that a presumption of reliance arises only when "the same misrepresentation [was made] without material variation to the members of the class" and was of such a nature that class members "would have relied on it to the same degree and in the same way").  Washington has also rejected a presumption of reliance or causation when, as here, there are "variations among the purchase experiences, knowledge, and motivations of class members," or where the case alleges, as here, a mix of alleged affirmative misstatements and omissions.  *Converse v. Vizio, Inc.*, 2020 WL 729804, at *9–10 (W.D. Wash. Feb. 13, 2020) (quoting *Blough v. Shea Homes, Inc.*, 2014 WL 3694231, at *14 (W.D. Wash. July 23, 2014).[5]

Finally, several of the named plaintiffs' claims present other individualized issues that preclude reliance.  For example, the Rhode Island statutory claim requires individual proof that purchases were made for personal, family, or household purposes—a subjective inquiry that, like

---

[5] The *Tershakovec* majority did not address the Washington statutory claim because the parties focused "solely on reliance" and that statutory claim did not require reliance as a standalone element. 2023 WL 4377585, at *3 & n.4 ("Because the parties focus solely on the reliance element, so do we."). Here, though, plaintiffs must offer common proof of *all* elements of their claims—including causation. As Judge Tjoflat recognized, the Washington statutory claim "fails the predominance requirement" because of the causation element. *Id.* at *28 (Tjoflat, J., concurring in part and dissenting in part).

reliance, would predominate.[6]  Likewise, plaintiffs' Mississippi implied warranty claims present individualized issues of whether class members' vehicles were merchantable[7] and whether the alleged defect manifested.[8]

**B. The fraudulent concealment claims tied to the Georgia, North Carolina, and Rhode Island plaintiffs each require proof of actual reliance and do not permit a presumption.**

Aside from claims under their own states' laws, plaintiffs seek certification of fraudulent concealment claims for five remaining states[9] with representatives from Georgia (Calhoun), North Carolina (Bridges), and Rhode Island (Radican).  Since classes cannot be certified (for the reasons explained above) for the Georgia, North Carolina, and Rhode Island fraudulent concealment claims, Calhoun, Bridges, and Radican cannot be adequate representatives for these "headless" claims either.  *Amchem*, 521 U.S. at 594 ("Representatives must be part of the class.").  And

---

[6] R.I. Gen. Laws Ann. § 6-13.1-5.2(a); *Corder v. Ford Motor Co.*, 283 F.R.D. 337, 344 (W.D. Ky. 2012) ("[B]efore Ford may be deemed liable to any prospective class member . . . it must be established that the person's primary reason for purchasing a truck was for personal, family, or household use.  That requires an individualized inquiry [which] would quickly subsume any trial in this matter.").

[7] *Lee v. Gen. Motors Corp.*, 950 F. Supp. 170, 174 (S.D. Miss. 1996) (implied warranty claim failed, even for "potentially life-threatening" defect, because the vehicle performed as expected for a reasonable period) (collecting cases); *Shelter Ins. Co. v. Ford Motor Co.*, 2006 WL 318821, at *6 (N.D. Miss. Feb. 9, 2006) (same); *Johnson v. Hankook Tire Mfg. Co.*, 2012 WL 12929510, at *6 (N.D. Miss. March 14, 2012) (same).  This issue is not and cannot be addressed by the Court's conclusion in the FCA class certification order that the jury could find that the defect manifested at the time of purchase because of an "unreasonable and imminent *risk* of injury."  D.E. 4659 (emphasis added).  The same could be said of all the defects alleged in the cases cited above, but all held there is no implied warranty claim if the *individual plaintiffs' vehicle* in fact performed as expected for a reasonable period.

[8] *Jarman v. United Indus. Corp.*, 98 F. Supp. 2d 757, 768 (S.D. Miss. 2000) ("Unless there is actually a failure in product performance, there is no basis at all for claiming that the plaintiff has been damaged in any way."); D.E. 4635 at 33–35 (collecting authorities); *Tershakovec*, 2023 WL 4377585, at *4 (requiring consideration of state law requirements for implied warranty claims).

[9] The Court has excluded the other states plaintiffs previously asserted (Alabama, Delaware, District of Columbia, and Tennessee) based on *Tershakovec*.  D.E. 4666.

besides that, all these states require a showing of reliance and do not permit a presumption.  Thus, as *Tershakovec* teaches, they too, must be excluded from any proposed class:

| The States Without In-State Representatives Require Reliance to Establish Fraud | | |
|---|---|---|
| State | Reliance Required | Presumption of Reliance Prohibited |
| Colorado | *Barfield v. Hall Realty, Inc.*, 232 P.3d 286, 290 (Colo. App. 2010) (justifiable reliance is an element of fraud). | *Garcia v. Medved Chevrolet, Inc.*, 240 P.3d 371, 381 (Colo. App. 2009), *aff'd*, 263 P.3d 92 (Colo. 2011) (summarizing cases and noting that the court "reject[s] the notion that there is any Colorado precedent for a theory of presumed reliance"). |
| Utah | *Taylor v. Gasor, Inc.*, 607 P.2d 293, 294 (Utah 1980) ("A finding of fraud must be based on the existence of all its essential elements, i.e., . . . actual, justifiable reliance"). | *Territorial Sav. & Loan Ass'n v. Baird*, 781 P.2d 452, 462 (Utah App. 1989) (reliance cannot be presumed on a class-wide basis in Utah). |
| Virginia | *Metrocall of Delaware, Inc. v. Cont'l Cellular Corp.*, 437 S.E.2d 189, 194 (Va. 1993) (finding that justifiable reliance is "essential" to establishing fraud). | *Henderson v. Henderson*, 495 S.E.2d 496, 499 (Va. 1998) (finding of fraud requires proof of reliance). |
| West Virginia | *Jennings v. Farmers Mut. Ins. Co.*, 687 S.E.2d 574, 579 (W. Va. 2009) (justifiable reliance is an element of fraud). | *Porter v. Braskem Am., Inc.*, 2020 WL 1942310, at *5 (S.D. W. Va. Apr. 22, 2020) (West Virginia law requires a showing of "how" a plaintiff relied on the alleged fraud). |
| Wisconsin | *Ollerman v. O'Rourke Co.*, 94 Wis. 2d 17, 43 (1980) (requiring proof of justifiable reliance). | *In re Ford Motor Co. Vehicle Paint Litig.*, 182 F.R.D. 214, 221–22 (E.D. La. 1998) (denying certification of multistate class because Delaware, Georgia, and Wisconsin reject presumption of reliance for common law fraud cases). |

Each state likewise has other elements and preconditions justifying exclusion from the class.  For example, Colorado, Utah, and Virginia all require individualized proof of a special

relationship to establish a duty to disclose,[10] and Wisconsin requires evidence of "manifestation" of the alleged defect, that is, a showing that the product at issue "actually malfunctioned."[11]

For these reasons, the Court should deny certification of plaintiffs' fraudulent concealment claims under Colorado, Utah, Virginia, West Virginia, and Wisconsin law.

### C. The consumer protection claims tied to the Rhode Island plaintiff each require individualized proof that warrants exclusion.

Finally, under *Tershakovec*, plaintiffs cannot certify consumer protection claims for Connecticut, Hawaii, Maine, Nebraska, Oklahoma, Vermont, and West Virginia, through the Rhode Island class representative, Theresa Radican. Each of these states (including Rhode Island, *see supra* section 3.B) requires some kind of individualized proof that cannot be shown on a classwide basis. *Tershakovec* makes clear that its holdings apply to more than just the presumption-of-reliance issue. 2023 WL 4377585, at *10. Each of these individualized proof preconditions requires denial of certification of the consumer protection claims tied to the Rhode Island named plaintiff.

In Connecticut, Hawaii, Maine, Nebraska, and Vermont, for example, causation and injury are additional, essential elements of plaintiffs' statutory consumer-protection claims.[12] In at least

---

[10] **CO**: *Garcia v. Medved Chevrolet, Inc.*, 240 P.3d 371, 380 (Colo. App. 2009), *aff'd*, 263 P.3d 92 (Colo. 2011); **UT**: *Yazd v. Woodside Homes Corp.*, 143 P.3d 283, 287 (Utah 2006); **VA**: *Cohn v. Knowledge Connections, Inc.*, 585 S.E.2d 578, 581 n.2 (Va. 2003).

[11] *Tietsworth v. Harley-Davidson, Inc.*, 270 Wis.2d 146, 160 (Wis. 2004); *id.* at 155 ("An allegation that a product is diminished in value because the product line has demonstrated a propensity for premature failure such that the product might or will at some point in the future fail prematurely is too uncertain and speculative to constitute a legally cognizable tort injury and is therefore insufficient to state damages in a tort claim for fraud.").

[12] **CT**: *Harris v. Bradley Mem. Hosp. & Health Ctr., Inc.*, 994 A.2d 153, 173 (Conn. 2010). **HI**: *Lima v. Deutsche Bank Nat'l Tr. Co.*, 2021 WL 4722949, at *3 (D. Haw. Oct. 8, 2021). **ME**: *James v. GMAC Mortg. LLC*, 772 F. Supp. 2d 307, 322 (D. Me. 2011). **NE**: *Kanne v. Visa U.S.A. Inc.*, 723 N.W.2d 293, 301 (Neb. 2006). **NH**: *Mulligan v. Choice Mortg. Corp. USA*, 1998 WL 544431, at *11 (D.N.H. Aug. 11, 1998). **OK**: *Patterson v. Beall*, 19 P.3d 839, 846 (Okla. 2000).

Oklahoma and West Virginia, causation requires individualized proof.[13]  And at least Maine and Vermont require individualized proof of reliance.[14]

Moreover, while these individualized issues are sufficient to show that classes may not be certified for these states, they also show that Rhode Island's named plaintiff is not a proper representative, because there exist too many differences between Rhode Island's consumer-protection statute and those in Connecticut, Hawaii, Maine, Nebraska, Oklahoma, Vermont, and West Virginia.  As MBUSA's opposition to plaintiffs' motion for class certification explains in greater detail, the states also differ in the scope of prohibited conduct (D.E. 4635 at 37–38), public-interest requirements (D.E. 4635 at 38–39), pre-suit notice requirements (D.E. 4635 at 39), state-residency requirements (D.E. 4635 at 39), statutes of limitations (D.E. 4635 at 39–40), applicable statutory exemptions (D.E. 4635 at 40-41), and other issues (D.E. 4635 at 41–42).

### D.  Plaintiffs' failure to "clearly articulate" a trial plan requires denial of their class certification motion as to MBUSA.

*Tershakovec* warns that, to prove manageability, plaintiffs must "clearly articulate a [trial] plan." 2023 WL 4377585, at *11.  Such a requirement is consistent with class-action requirements in other circuits.  *See, e.g.*, *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 319 (3d Cir. 2008) ("[A] party requesting class certification [must] present a 'trial plan' that describes the issues likely to be presented at trial and tests whether they are susceptible of class-wide proof."); *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001) ("[A] court cannot rely merely

---

**OR**: *Paul v. Providence Health-System Or.*, 351 Or. 587, 591–92 (Or. 2012).  **VT**: *Drake v. Allergan, Inc.*, 63 F. Supp. 3d 382, 393 (D. Vt. 2014).

[13] **OK**: *Cervantes v. CRST Int'l, Inc.*, 2022 WL 2130811, at *29 (N.D. Iowa June 14, 2022) (citing *Huddleston v. John Christner Trucking, LLC*, 2020 WL 489181, at *17 (N.D. Okla. Jan. 30, 2020)).  **WV**: *White v. Wyeth*, 227 W. Va. 131, 140 (2010).

[14] **ME**: *Larsen v. Vizio, Inc.*, 2017 WL 3084273, at *4 (C.D. Cal. June 26, 2017).  **VT**: *Drake v. Allergan, Inc.*, 63 F. Supp. 3d 382, 393 (D. Vt. 2014).

on assurances of counsel that any problems with predominance or superiority can be overcome."). Plaintiffs failed to present the required trial plan with either their original motion or their supplemental class certification motion—which seeks to greatly expand the claims for trial—and (as shown above) confirms that class members cannot offer common proof as to numerous state-law elements.  *See, e.g.*, DE 4546.

## CONCLUSION

Georgia law does not permit a presumption of reliance, and *all* plaintiffs' claims raise individualized issues that preclude a finding of predominance.  Thus, even if those claims survive MBUSA's pending motions to dismiss and for summary judgment (and they should not), they cannot be certified consistent with *Tershakovec*.

Dated: July 25, 2023                    Respectfully submitted,

                                        */s/ Raoul G. Cantero*
                                        Raoul G. Cantero (Florida Bar No. 552356)
                                        Jaime A. Bianchi (Florida Bar No. 908533)
                                        jbianchi@whitecase.com
                                        **WHITE & CASE LLP**
                                        200 South Biscayne Boulevard, Suite 4900
                                        Miami, FL 33131
                                        Telephone: (305) 371-2700
                                        Facsimile: (305) 358-5744

                                        Troy M. Yoshino (*admitted pro hac vice*)
                                        TYoshino@winston.com
                                        Eric J. Knapp (*admitted pro hac vice*)
                                        **WINSTON & STRAWN LLP**
                                        101 California Street, Suite 3500
                                        San Francisco, CA 94111-5840
                                        Telephone: (415) 591-1000
                                        Facsimile: (415) 591-1400

                                        *Attorneys for Defendant*
                                        *Mercedes-Benz USA, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 25, 2023, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By: *<u>/s/ Raoul G. Cantero</u>*

Raoul G. Cantero