**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| **IN RE: TAKATA AIRBAG PRODUCT LIABILITY LITIGATION** | MDL No. 2599 |
| This Document Relates to All Economic Loss Class Actions and: | Master File No. 15-MD-2599-FAM |
| | S.D. Fla. Case No. 1:14-cv-24009-FAM |
| STEPHANIE PUHALLA, et al., individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| vs. | |
| MERCEDES-BENZ USA, LLC | |
| Defendant. | |

**MERCEDES-BENZ, USA LLC'S RESPONSE TO PLAINTIFFS' "SUPPLEMENTAL BRIEF REGARDING CLASS CERTIFICATION AND PREDOMINANCE"**

Raoul G. Cantero
Jaime A. Bianchi
WHITE & CASE LLP
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

Troy M. Yoshino
Eric J. Knapp
WINSTON & STRAWN LLP
101 California Street, Suite 3500
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Attorneys for Defendant*
*Mercedes-Benz USA, LLC*

**T**ABLE OF **C**ONTENTS

Table of Contents..................................................................................................................... i

Table of Authorities ............................................................................................................... ii

Introduction............................................................................................................................ 1

Argument ............................................................................................................................... 3

    1.   Georgia law does not recognize a classwide presumption of reliance................................ 3

    2.   Plaintiffs have not shown that the circumstances of this case permit a classwide presumption of reliance........................................................................................................... 6

        a.   *Tershakovec* renders Plaintiffs' reliance on *Klay* baseless. ............................................ 6

        b.   Plaintiffs have not shown the required misrepresentations "made in writing on standardized uniform documents sent to all class members." ................................................ 7

        c.   Plaintiffs have not shown the required "common circumstantial evidence" that all class members relied on the alleged misrepresentations. ............................................................... 8

    3.   Plaintiffs do not show that their other state-law claims meet predominance requirements. 9

    4.   Plaintiffs' belated request for an issues class is without evidentiary or legal support....... 11

Conclusion ........................................................................................................................... 14

T<small>ABLE OF</small> A<small>UTHORITIES</small>

**Page(s)**

**Cases**

*Adkins v. Morgan Stanley*,
656 F. App'x 555 (2d Cir. 2016) ..........................................................................13

*Appletree Square I, Ltd. P'ship v. W.R. Grace & Co.*,
29 F.3d 1283 (8th Cir. 1994) ................................................................................5

*Ardis v. Fairhaven Funeral Home & Crematory, Inc.*,
312 Ga. App. 482 (2011) .......................................................................................9

*Arnesen v. Rivers Edge Golf Club & Plantation, Inc.*,
781 S.E.2d 1 (N.C. 2015)......................................................................................10

*Bowens v. Allied Warehousing Servs., Inc.*,
729 S.E.2d 845 (W. Va. 2012)..............................................................................11

*BP Am. Prod. Co. v. Patterson*,
263 P.3d 103 (Colo. 2011)....................................................................................10

*Brown v. Courier Herald Pub. Co.*,
700 F. Supp. 534 (S.D. Ga. 1988).........................................................................4

*Brown v. Electrolux Home Prods., Inc.*,
817 F.3d 1225 (11th Cir. 2016) ...........................................................................13

*In re Camp Lejeune N.C. Water Contamination Litig.*,
263 F. Supp. 3d 1318 (N.D. Ga. Dec. 5, 2016)....................................................3

*Castano v. Am. Tobacco Co.*,
84 F.3d 734 (5th Cir. 1996) .................................................................................13

*CGC Holding Co., LLC v. Broad and Cassel*,
773 F.3d 1076 (10th Cir. 2014) ............................................................................5

*Conigliaro v. Norwegian Cruise Line Ltd.*,
2006 WL 7346844 (S.D. Fla. Sept. 1, 2006) .......................................................12

*In re Cook*,
2017 WL 532286 (Bankr. M.D.N.C. Feb. 9, 2017).............................................10

*Diallo v. American Continental University, Inc.*,
301 Ga. App. 299 (2009) ...................................................................................2, 9

*Engelman v. Kessler*,
  340 Ga. App. 239 (2017) ...................................................................................................3

*England v. MG Invs., Inc.*,
  93 F. Supp. 2d 718 (S.D.W. Va. 2000) ...........................................................................11

*Fisher v. Ciba Specialty Chems. Corp.*,
  238 F.R.D. 273 (S.D. Ala. 2006) ....................................................................................12

*Fortis Insurance Company v. Kahn*,
  683 S.E.2d 4 (Ga. App. 2009).................................................................................. *passim*

*Garcia v. Medved Chevrolet, Inc.*,
  240 P.3d 371 (Colo. App. 2009), *aff'd*, 263 P.3d 92 (Colo. 2011) .................................10

*Goldman Sachs Grp., Inc. v. Ark. Teacher Retirement Sys.*,
  141 S. Ct. 1951 (2021) .......................................................................................................4

*Harris v. Nortek Glob. HVAC LLC*,
  2016 WL 4543108 (S.D. Fla. Jan. 29, 2016) ...............................................................2, 12

*Holmes v. Grubman*,
  286 Ga. 636 (2010) ............................................................................................................4

*Jennings v. Farmers Mut. Ins. Co.*,
  687 S.E.2d 574 (W. Va. 2009)..........................................................................................11

*Kemp v. Metabolife Int'l, Inc.*,
  2002 WL 113894 (E.D. La. Jan. 25, 2002)......................................................................13

*Klay v. Humana, Inc.*,
  382 F.3d 1241 (11th Cir. 2004) ...............................................................................1, 3, 5, 6

*Life Ins. Co. v. Meeks*,
  274 Ga. App. 212 (2005) ...................................................................................................8

*Local 703, I.B. of T. Grocery & Food Employees Welfare Fund v. Regions Fin.
  Corp.*,
  762 F.3d 1248 (11th Cir. 2014) .........................................................................................4

*Marko v. Benjamin & Bros., LLC*,
  2018 WL 3650117 (M.D. Fla. May 11, 2018)..................................................................12

*McLaughlin v. Am. Tobacco Co.*,
  522 F.3d 215 (2d Cir. 2008), *abrogated on other grounds by Bridge v.
  Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008) .......................................................5, 7

*Mendez v. Wal-Mart Stores E., LP*,
    67 F.4th 1354 (11th Cir. 2023) ................................................................3

*Noel v. MHC Heritage Plantation, LLC*,
    2023 WL 2633328 (S.D. Fla. Feb. 24, 2023), *report and recommendation*
    *adopted,* 2023 WL 2631524 (S.D. Fla. Mar. 23, 2023) ....................................12

*O'Neill v. The Home Depot U.S.A., Inc.*,
    243 F.R.D. 469 (S.D. Fla. 2006) ............................................................12

*Oddo v. Arcoaire Air Conditioning & Heating*,
    2019 WL 1460627 (C.D. Cal. Mar. 22, 2019) ............................................5

*Peck v. Lanier Golf Club*,
    304 Ga. App. 868 (2010) ....................................................................7

*Peeler v. KVH Indus., Inc.*,
    13 F. Supp. 3d 1241 (M.D. Fla. 2014) ....................................................3

*Pitts v. Am. Sec. Ins. Co.*,
    550 S.E.2d 179 (N.C. Ct. App. 2001) ....................................................10

*Porter v. Braskem Am., Inc.*,
    2020 WL 1942310 (S.D. W. Va. Apr. 22, 2020) ......................................11

*Poulos v. Caesars World, Inc.*,
    379 F.3d 654 (9th Cir. 2004) ................................................................5

*Randolph v. J.M. Smucker Co.*,
    303 F.R.D. 679 (S.D. Fla. 2014) ............................................................12

*Ray v. Jud. Correction Servs., Inc.*,
    333 F.R.D. 552 (N.D. Ala. 2019) ..........................................................13

*Richardson v. Progressive Am. Ins. Co.*,
    2022 WL 154426 (M.D. Fla. Jan. 18, 2022) ............................................12

*Rikos v. Procter & Gamble Co.*,
    799 F.3d 497 (6th Cir. 2015) ................................................................10

*Roberts v. C.R. England, Inc.*,
    318 F.R.D. 457 (D. Utah 2017) ............................................................10

*Sikes v. Teleline, Inc.*,
    281 F.3d 1350 (11th Cir. 2002), *abrogated on other grounds by Bridge v.*
    *Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008) ....................................4, 8

*Speerly v. General Motors*,
    343 F.R.D. 493 (E.D. Mich. 2023) ......................................................................11

*Suchanek v. Sturm Foods, Inc.*,
    2018 WL 6617106 (S.D. Ill. July 3, 2018) ...........................................................10

*Teggerdine v. Speedway, LLC*,
    2018 WL 2451248 (M.D. Fla. May 31, 2018).......................................................12

*Tershakovec v. Ford Motor Company*,
    --- F.4th ---, 2023 WL 4377585 (July 7, 2023)............................................. *passim*

*Tilhance Creek Invs., LLC v. BCBank, Inc.*,
    2013 WL 1286130 (W. Va. Mar. 29, 2013)...........................................................11

*Weidman v. Ford Motor Co.*,
    2022 WL 1071289 (E.D. Mich. Apr. 8, 2022)........................................................5

*Wells v. HBO & Co.*,
    813 F. Supp. 1561 (N.D. Ga. 1992) .......................................................................5

*Yazd v. Woodside Homes Corp.*,
    143 P.3d 283 (Utah 2006).....................................................................................10

**Court Rules**

Fed. R. Civ. P. 23 ...................................................................................2, 10, 11, 12, 13

Fed. R. Evid. 301 ..............................................................................................................4

This brief addresses plaintiffs' "Supplemental Brief Regarding Class Certification and Predominance" (D.E. 4674 ("Plaintiffs' Brief")) filed in response to the Court's July 13th Order (D.E. 4665), which the Court, in turn, issued in response to the Eleventh Circuit's decision in *Tershakovec v. Ford Motor Company*, --- F.4th ---, 2023 WL 4377585 (July 7, 2023), and plaintiffs' motion to narrow the Court's class certification order as to FCA US, LLC (D.E. 4663).

<u>**INTRODUCTION**</u>

Plaintiffs' Brief wrongly claims that Georgia law permits a classwide presumption of reliance. The ultimate arbiter of Georgia law—the Georgia Supreme Court—has never adopted a presumption of reliance in any circumstance and has rejected such a presumption in the securities-fraud context. There is thus good reason to conclude that Georgia law would not recognize such a presumption under any circumstance, as numerous district courts have concluded.

In any event, plaintiffs' argument that *Fortis Insurance Company v. Kahn*, 683 S.E.2d 4 (Ga. App. 2009), would permit a presumption of reliance in the circumstances of *this case* is flawed in several respects. First, as plaintiffs acknowledge, *Fortis* relied on *Klay v. Humana, Inc.*, 382 F.3d 1241, 1258 (11th Cir. 2004). Pls. Br. at 2. But *Tershakovec* explicitly states that *Klay*'s reasoning does *not* apply to car purchases. 2023 WL 4377585, at *5 n.6. Plaintiffs' only response (hidden in a footnote) is that this Court can ignore *Tershakovec*'s guidance in cases alleging "safety defects." That argument finds no support in Georgia law and contradicts *Tershakovec*'s reasoning.

Second, plaintiffs' assertion that the alleged misrepresentations here are sufficiently "uniform" to permit a presumption because they "never disclosed" the alleged inflator defect cannot withstand scrutiny. *Fortis* required not some high-level consistency in messaging or omissions, but uniform misrepresentations made "in writing on [] *standardized, uniform*

*documents* sent to *all* class members." 288 Ga. App. at 323 (emphasis added).  Plaintiffs do not

argue, and cannot show, that all class members here were exposed to standardized, uniform

documents.  To the contrary, they point to different types of advertising—several of which are not

written, and none of which they show were uniform.  Pls. Br. at 6 (referring to "television, print,

radio, digital advertising, banner and targeted social advertisements, and online videos").

　　　Third, plaintiffs have not shown the "common circumstantial evidence" of class

members' actual reliance that *Fortis* requires.  Plaintiffs argue that airbags are material, but that

is not the relevant inquiry.  Thus, in *Diallo v. American Continental University, Inc.* (which

plaintiffs ignore), the Georgia Court of Appeals rejected a presumption of reliance under *Fortis*

where the defendant school allegedly misrepresented prior graduates' employment data to

prospective students—not because employment outcomes were immaterial, but because there

were a "variety of reasons" for students' enrollment decisions.  301 Ga. App. 299, 305 (2009).

The same is true here.

　　　As to other states, plaintiffs either misstate those states' laws on reliance presumptions or

fail to address other important individualized issues those states' laws present.

　　　And finally, tacitly recognizing the weakness of their position, plaintiffs close by moving

the goalposts—asking this Court to certify an "issues class" on the existence of a defect,

knowledge, and materiality (Pls. Br. 10–11).  But plaintiffs' motion for class certification does

not *ask* for such a class, and so does not even attempt the necessary evidentiary showing to

support it.  In any event (and as plaintiffs concede in a footnote), courts in this Circuit (including

many in this district) have "emphatically rejected" attempts to use Rule 23(c)(4) as an "end run

around the (b)(3) predominance requirement."  *See, e.g.*, *Harris v. Nortek Glob. HVAC LLC*,

2016 WL 4543108, at *17 (S.D. Fla. Jan. 29, 2016).

For all these reasons, the claims brought against MBUSA are not appropriate for class certification.

<u>ARGUMENT</u>

**1.     Georgia law does not recognize a classwide presumption of reliance.**

Plaintiffs' Brief does not show that Georgia permits a classwide presumption of reliance. Plaintiffs' sole Georgia claim as to MBUSA is for common-law fraud (D.E. 4610), which requires proof of "justifiable reliance." *Engelman v. Kessler*, 340 Ga. App. 239, 246 (2017). Plaintiffs incorrectly claim that *Fortis* shows Georgia law permits a classwide presumption of reliance. But *Fortis* explicitly relied on *Klay*, 382 F.3d 1241, and *Tershakovec* explained that *Klay*'s reasoning does ***not*** apply to car purchases. 2023 WL 4377585, at *5 n.6. *Tershakovec* nullifies any contrary interpretation of *Klay*. *See, e.g.*, *In re Camp Lejeune N.C. Water Contamination Litig.*, 263 F. Supp. 3d 1318, 1329 (N.D. Ga. Dec. 5, 2016) ("This Court has no authority or desire to reconsider an opinion of the Eleventh Circuit").

Plaintiffs urge the Court to ignore authority from courts in this Circuit (and from the Eleventh Circuit itself), and instead focus on a handful of Georgia state-court decisions—even while continuing to argue that *Klay* controls. Pls. Br. 2–5. But plaintiffs present nothing from the Georgia Supreme Court adopting a presumption of reliance in *any* context. *See Mendez v. Wal-Mart Stores E., LP*, 67 F.4th 1354, 1359 (11th Cir. 2023) (noting that a state's highest court is the "final arbiter" of state law) (cleaned up). In the absence of on-point authority from the Georgia Supreme Court, this Court must "determine the issues of state law as [it] believes the [state] Supreme Court would." *Peeler v. KVH Indus., Inc.*, 13 F. Supp. 3d 1241, 1257 (M.D. Fla. 2014) (quoting *CSX Transp., Inc. v. Trism Specialized Carriers, Inc.*, 182 F.3d 788, 790 (11th Cir.1999)). In doing so, it can consider all available persuasive authority, including decisions of

other federal courts.  *See Brown v. Courier Herald Pub. Co.*, 700 F. Supp. 534, 536 (S.D. Ga. 1988).

Here, the Georgia Supreme Court has strongly indicated that it would reject a presumption of reliance.  *See Holmes v. Grubman*, 286 Ga. 636, 641 (2010) (a securities cases alleging negligent misrepresentations, citing *White v. BDO Seidman*, 249 Ga. App. 668, 670 (2001) for the proposition that Georgia law requires "actual reliance for a common-law negligent misrepresentation claim and reject[s] presumed reliance and fraud-on-the-the market theories"). There is a reasonable argument that securities markets rapidly price in all available information—securities thus present a far *better* candidate for a presumption of reliance than consumer products.  *See, e.g.*, *Local 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*, 762 F.3d 1248, 1253–54 (11th Cir. 2014) (presumption of reliance in securities cases is based on theory that "market prices of shares traded on well-developed markets reflects all publicly available information" and requires proof the securities "traded in an efficient market") (quoting *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 811 (2011));[1] *Sikes v. Teleline, Inc.*, 281 F.3d 1350, 1363 (11th Cir. 2002) (securities is a "wholly different context than a consumer fraud case, and neither this circuit nor the Supreme Court has extended a presumption of reliance outside the context of securities cases"), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008).[2]  Other circuits have

---

[1] *See also Goldman Sachs Grp., Inc. v. Ark. Teacher Ret. Sys.*, 141 S. Ct. 1951, 1957 (2021) ("[The] presumption [of reliance] is premised on the theory that investors rely on the market price of a company's security, which in an efficient market incorporates all of the company's public misrepresentations.").

[2] *Sikes* explained that a presumption of reliance is improper in consumer cases because "class treatment may not serve to lessen plaintiff's burden of proof," and because it violates Federal Rule of Evidence 301.  281 F.3d at 1362, 1365.

likewise declined to extend presumptions of reliance outside the securities context. *See, e.g.*, *Appletree Square I, Ltd. P'ship v. W.R. Grace & Co.*, 29 F.3d 1283, 1287 (8th Cir. 1994) ("Courts have generally limited the use of the fraud-on-the-market theory to securities fraud cases."); *CGC Holding Co., LLC v. Broad and Cassel*, 773 F.3d 1076, 1095 (10th Cir. 2014) ("[T]he presumption is uniquely applicable in the securities context and it has not gained traction in other fields of law.").[3]  The Georgia Supreme Court's rejection of reliance presumption even in the securities context thus strongly suggests it would not embrace a presumption outside that context.

Moreover, as discussed in MBUSA's opening brief, numerous federal courts have concluded that Georgia does not permit a presumption of reliance.  Plaintiffs quibble with *Wells v. HBO & Co.*, 813 F. Supp. 1561 (N.D. Ga. 1992) because it predates *Fortis* and *Klay* (Pls. Br. 2–3), but that is irrelevant given *Tershakovec's* guidance.  They argue the Court should ignore *Oddo v. Arcoaire Air Conditioning & Heating*, 2019 WL 1460627 (C.D. Cal. Mar. 22, 2019) because it does not cite Georgia *state court* decisions (Pls. Br. 3–4), but that is not required and, in any event, Georgia state-court decisions do not support a presumption of reliance in this case (as shown below).  And they argue that *Weidman v. Ford Motor Co.*, 2022 WL 1071289 (E.D. Mich. Apr. 8, 2022) does not apply because, while it concludes that reliance is an element of fraud and courts around the country "typically require[] individualized inquiries," it was not a class action.  Pls. Br.

---

[3] *See also Poulos v. Caesars World, Inc.*, 379 F.3d 654, 666 (9th Cir. 2004) ("The shortcut of a presumption of reliance typically has been applied in cases involving securities fraud and, even then, the presumption applies only in cases primarily involving 'a failure to disclose'—that is, cases based on omissions as opposed to affirmative misrepresentations."); *McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 224 (2d Cir. 2008), *abrogated on other grounds by Bridge*, 553 U.S. 639 ("*Basic* involved an efficient market—the market in securities traded on the New York Stock Exchange—capable of rapidly assimilating public information into stock prices; the market for consumer goods, however, is anything but efficient.") (internal citation omitted).

5

4–5.  None of these arguments disputes the relevant point—the Georgia Supreme Court has never adopted a reliance presumption, and district courts within this Circuit and elsewhere have made clear that individualized determinations of reliance are necessary.

2.    **Plaintiffs have not shown that the circumstances of this case permit a classwide presumption of reliance.**

a.   <u>*Tershakovec* renders Plaintiffs' reliance on *Klay* baseless.</u>

Plaintiffs assert that *Fortis* shows Georgia law allows a presumption of reliance as "set forth in *Klay*."  Pls. Br. at 2.  But *Klay* dealt with agreements by physicians to "provide[] services in exchange for a payment," so physicians necessarily relied on the payment terms—they were "the very consideration" at the "heart" of the relevant agreements.  *Tershakovec*, 2023 WL 4377585, at *5 n.6; *Klay*, 382 F.3d at 1258.  *Tershakovec* explained this reasoning does not apply to a "consumer purchase"—and especially not a car purchase—where a buyer "may choose to rely on any of a number of marketing and branding representations."  *Id.*  If Georgia law follows *Klay*, that ***precludes*** a reliance presumption here.

Plaintiffs' only response is buried in a footnote.  Asking this Court to deviate from *Tershakovec*'s ruling that *Klay* does not apply to car purchases, they argue for an (unauthorized) exception for "vehicle safety" because of the "importance" of that issue to buyers.  Pls. Br. 8 n.3. But nothing in *Tershakovec* suggests that alleged safety defects are treated differently—the panel said *Klay*'s reasoning does not apply to a "purchaser of a car," full stop.  2023 WL 4377585, at *5 n.6.  Nor have plaintiffs pointed to any such "safety exception" in Georgia case law.  *See generally* Pls. Br.  *Tershakovec* warns that federal courts cannot "expand state law" to recognize a presumption where the state itself has not done so.  2023 WL 4377585, at *8.

In any event, vehicle safety is not relevant to *Tershakovec*'s reasoning.  The panel's point was not that track-readiness is not "important" to buyers of the high-powered sports cars at

issue—it was that no evidence showed buyers "relie[d] *only*" on such representations.  2023 WL 4377585, at *5 n.6 ("While one who provides services in exchange for a payment relies **only** on the payment guarantee, a purchaser of a car may choose to rely on any of a number of marketing and branding representations.") (emphasis added).[4]  The same is true here, as plaintiffs must admit.  *See* Pls. Br. 7 (contending "airbag safety is **one of** the most important features for car buyers," and referring to several other, non-safety-related "buying motives") (emphasis added).

b.  Plaintiffs have not shown the required misrepresentations "made in writing on standardized uniform documents sent to all class members."

Plaintiffs also do not prove that they meet *Fortis*'s requirement of uniform *written* misrepresentations on "*standardized, uniform documents* sent to *all* class members."  288 Ga. App. at 323 (emphases added).  They argue briefly that FCA—*not* MBUSA—had "uniform messaging and omissions" that were "ubiquitous."  Pls. Br. 6–7.  But they cite no *evidence* that those differing representations in differing media were uniform.  In fact, the only evidence they cite (which does not even include most of the representations at issue) illustrates *dis*uniformity— differing brochures and manuals for different vehicles, with different language in different locations.  *Id.* (citing D.E. 4198).  And as MBUSA's opening brief showed, the alleged misrepresentations as to MBUSA were neither uniform nor even uniformly written—they include a hodgepodge of ads, third-party websites, brochures, websites, and oral representations.  *See* D.E. 4635 at 23, 27–31; D.E. 4673 at 6–8.  Georgia courts reject a presumption of reliance under such circumstances.  *Peck v. Lanier Golf Club*, 304 Ga. App. 868, 872–73 & n.3 (2010) (rejecting

---

[4] A "safety" exception also conflicts with *Tershakovec*'s reliance on the Second Circuit's opinion in *McLaughlin*.  *See Tershakovec*, 2023 WL 4377585, at *5 n.6 (citing *McLaughlin*, 522 F.3d at 225 n.7).  *McLaughlin* was about alleged safety misrepresentations—the defendants allegedly marketed and advertised their light cigarettes as "safer."  522 F.3d at 219.  Yet the Second Circuit held it was *not* appropriate to presume consumers' reliance.

presumption where there were different salespeople who used different "materials, plat, and representations"); *Life Ins. Co. v. Meeks*, 274 Ga. App. 212, 217 (2005) (rejecting presumption where plaintiffs alleged differing oral representations).[5]

Plaintiffs' claim that MBUSA's statements were "uniform" in that they "never disclosed the Inflator Defect to consumers" cannot justify a reliance presumption. As MBUSA's opening brief showed, *Tershakovec* held that a case based in part on alleged affirmative misrepresentations (like this one) cannot be treated as a pure omissions case. D.E. 4673 at 7–8. Moreover, plaintiffs cannot point to any Georgia law permitting a presumption of reliance based on alleged uniform *omissions*. *Id.* Again, *Fortis* required "misrepresentations [] made in writing on [] standardized, uniform documents sent to all class members." 288 Ga. App. at 323.

c.   Plaintiffs have not shown the required "common circumstantial evidence" that all class members relied on the alleged misrepresentations.

Plaintiffs also have not submitted the required "common circumstantial evidence" that all class members relied on the alleged misrepresentations. *See Fortis*, 228 Ga. App. at 323. Plaintiffs point to self-serving deposition testimony from the FCA class representatives (again, they cite nothing as to MBUSA) that they would not have purchased their vehicles or would have paid less had they known about the alleged defect. Pls. Br. at 7. But that is not "common" evidence of anything—it is individualized testimony. And even as to those individuals, it is not evidence of *reliance* on the misrepresentations at issue. To the contrary, FCA's opening brief

---

[5] *See also Sikes*, 281 F.3d at 1364 (rejecting a presumption of reliance in a RICO case where the plaintiff alleged dozens of different misleading written and television advertising because "each plaintiff w[ould] have to provide evidence of the particular advertisement(s) that he heard or saw").

showed that class representatives gave many differing reasons for their vehicle purchases.[6]  D.E. 4671 at 8; *see also* D.E. 4672 at 10–12 (showing GM plaintiffs were exposed to differing representations and gave differing reasons for purchase decisions); D.E. 4673 at 6–7 (sole Georgia plaintiff as to MBUSA was exposed to differing types of representations for differing purchases, and was not exposed at all to many of the alleged misrepresentations).

Plaintiffs' argument that a reliance presumption is available "regardless of whether class members factored other considerations into their buying decisions" (Pls. Br. 8) cannot be squared with Georgia law.  *Diallo* (which plaintiffs conveniently ignore) rejected a presumption of reliance precisely because there were a "variety of reasons" for the putative class members' decisions to enroll.  301 Ga. App. at 305.  Likewise, *Ardis v. Fairhaven Funeral Home & Crematory, Inc.*, 312 Ga. App. 482, 485 (2011) (which, again, plaintiffs ignore), held that a presumption of reliance was not permitted because of individualized questions of how class members would have responded to the information at issue.  *Tershakovec* is clear, and the record confirms—car purchases involve "personal idiosyncratic choice" in which consumers may "rely on any of a number of marketing and branding representations."  2023 WL 4377585, at *5 n.6. That precludes a presumption of reliance.

3.    **Plaintiffs do not show that their other state-law claims meet predominance requirements.**

Plaintiffs incorrectly argue that state fraud claims for Colorado, North Carolina, Utah, West Virginia, and Wisconsin law, and a consumer protection claim for North Carolina, were properly

---

[6] Likewise, Plaintiffs' expert purports only to opine that safety is one of several important features to buyers, not that class members *uniformly* made purchase decisions based on safety considerations, much less that they did so in reliance on any of the specific alleged misrepresentations at issue.  *See* Pls. Br. at 7 (asserting that their expert shows "airbag safety is *one of* the most important features for buyers") (emphasis added).

certified against FCA despite *Tershakovec*.[7]  But as shown below, these states require an

individualized inquiry for reliance, thus prohibiting class certification.

- **Colorado**: Plaintiffs' case law is not about a classwide *presumption* of reliance but instead holds that reliance can *sometimes* be proven via *an inference* from *uniform* circumstantial evidence.  *See Garcia v. Medved Chevrolet, Inc.*, 240 P.3d 371, 380 (Colo. App. 2009), *aff'd*, 263 P.3d 92 (Colo. 2011) ("There is a distinction between proving reliance by circumstantial evidence and presuming reliance on a classwide basis . . . .");  *BP Am. Prod. Co. v. Patterson*, 263 P.3d 103, 111 (Colo. 2011) ("Whether or not the inference applies depends on the facts and circumstances of each case.  The trial court must therefore rigorously analyze the evidence presented to determine whether there is evidence common to the class to support such an inference.").  As discussed in the context of Georgia law, above, plaintiffs do not have any common circumstantial evidence of reliance, and *Tershakovec* rejects the premise that the circumstances of a car purchase would support such a presumption.

- **North Carolina**: Plaintiffs' case law misinterprets North Carolina law.  *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 518 (6th Cir. 2015) and *Suchanek v. Sturm Foods, Inc.*, 2018 WL 6617106, at *12 (S.D. Ill. July 3, 2018) incorrectly conclude that *Pitts v. Am. Sec. Ins. Co.*, 550 S.E.2d 179, 189 (N.C. Ct. App. 2001) (cited in MBUSA's opening brief, D.E. 4673) allowed a presumption of reliance.  But *Pitts* explicitly does ***not***.  *See Pitts*, 550 S.E.2d at 189 (noting that reliance is an "individual issue").  Instead, *Pitts* held that other common issues could predominate over individualized reliance, which is not the same thing.[8]  *Tershakovec* makes clear that, in the Eleventh Circuit, and following federal Rule 23(b)(3), if individualized reliance must be proven, that "would predominate over common questions."  2023 WL 4377585, at *4.

- **Utah**: Plaintiffs' reliance on *Roberts v. C.R. England, Inc.*, is misplaced.  That case discusses the availability of inference of reliance through uniform circumstantial evidence, which can only happen when there has been a uniform misrepresentation and "it is reasonable to infer that a rational economic actor would not have" entered

---

[7] Plaintiffs do not address the other states applicable to MBUSA but not to FCA (the only defendant for which this Court has issued an order on class certification).  For discussion of the other states relevant to MBUSA, please see MBUSA's opening brief.  D.E. 4673.

[8] Moreover, North Carolina requires evidence of a duty to disclose and subjective materiality, neither of which plaintiffs have shown.  *Arnesen v. Rivers Edge Golf Club & Plantation, Inc.*, 781 S.E.2d 1, 7 (N.C. 2015) ("BB&T could not have violated the MLA by acting in bad faith when it did not disclose information it did not have, was not asked to provide, or was not contractually obligated to produce.");  *In re Cook*, 2017 WL 532286, at *5 (Bankr. M.D.N.C. Feb. 9, 2017).

into the transaction but for the misrepresentation.  318 F.R.D. 457, 514 (D. Utah 2017).[9]

- **West Virginia**: Plaintiffs' cases do not expressly address a presumption of reliance.  But other case law in West Virginia is clear that a presumption of reliance is not permitted.  *See, e.g.*, *Porter v. Braskem Am., Inc.*, 2020 WL 1942310, at *5 (S.D. W. Va. Apr. 22, 2020); *see also Tilhance Creek Invs., LLC v. BCBank, Inc.*, 2013 WL 1286130, at *6 (W. Va. Mar. 29, 2013); *Jennings v. Farmers Mut. Ins. Co.*, 687 S.E.2d 574, 579 (W. Va. 2009).[10]

- **Wisconsin**: Plaintiffs cite nothing showing that any court has recognized a presumption of reliance for a Wisconsin common-law fraud claim.  *Speerly v. General Motors*, 343 F.R.D. 493, 520 (E.D. Mich. 2023) (cited by Pls. Br. at 9 n.4) used the shorthand "fraud claims" to describe the plaintiffs' claims.  But the only Wisconsin claim at issue was a statutory claim that *Speerly* concluded did *not* require proof of reliance, by presumption or otherwise.  *Id.* at 551–52 ("Predominance is . . . satisfied in states that *do not require reliance* in a prima facie [statutory] consumer fraud claim." (emphasis added) (quoting plaintiffs' only other authority, *In re Dollar Gen. Corp. Motor Oil Mktg. & Sales Pracs. Litig.*, 2019 WL 1418292, at *26, *30 (W.D. Mo. Mar. 21, 2019), which also did not address a Wisconsin fraud claim)).  Plaintiffs' Wisconsin fraud claims require reliance and do not permit a presumption, as MBUSA has previously shown.  *See, e.g.*, D.E. 4673 at 17.

None of plaintiffs' case law overcomes the fact that each of these states requires reliance as an element of fraud and does not permit a presumption.  For these reasons (and the others set forth in MBUSA's opposition and supplemental opposition briefs), class certification is inappropriate.

**4.     Plaintiffs' belated request for an issues class is without evidentiary or legal support.**

Apparently recognizing that the law and the record undermine their lead position, plaintiffs close their brief by briefly urging the Court to certify an issues class under Rule 23(c)(4).  Plaintiffs have the burden of proof, and they do not ***prove*** any of the 23(c)(4) requirements are met.  They do not even suggest how such a class would be defined or which

---

[9] Utah likewise requires individualized proof of a special relationship in order to impose a duty to disclose.  *See Yazd v. Woodside Homes Corp.*, 143 P.3d 283, 287 (Utah 2006).

[10] West Virginia likewise requires proof of fraud by clear and convincing evidence.  *See Bowens v. Allied Warehousing Servs., Inc.*, 729 S.E.2d 845, 851 (W. Va. 2012); *England v. MG Invs., Inc.*, 93 F. Supp. 2d 718, 721–22 (S.D.W. Va. 2000).

states it would include.  They only make a non-specific suggestion that it could address the existence of a defect, pre-sale knowledge, and materiality.  Pls. Br. 10–11.

As district courts within the Eleventh Circuit have repeatedly held (including many cases in this district), Plaintiffs cannot sidestep Rule 23(b)(3)'s predominance requirement with an issue class.  *See, e.g.*, *Harris*, 2016 WL 4543108, at *17 ("[C]ourts 'have emphatically rejected attempts to use the (c)(4) process for certifying individual issues as a means for achieving an end run around the (b)(3) predominance requirement.'  As the Court finds that predominance has not been demonstrated, certification of an issue class is also inappropriate.") (quoting *City of St. Petersburg v. Total Containment, Inc.*, 265 F.R.D. 630 (S.D. Fla. 2010)); *Noel v. MHC Heritage Plantation, LLC*, 2023 WL 2633328, at *15 (S.D. Fla. Feb. 24, 2023), *report and recommendation adopted*, 2023 WL 2631524 (S.D. Fla. Mar. 23, 2023) (same); *Conigliaro v. Norwegian Cruise Line Ltd.*, 2006 WL 7346844, at *10 n.8 (S.D. Fla. Sept. 1, 2006) ("'To read the rule [23(c)(4)] . . . as allowing a court to pare issues repeatedly until predominance is achieved, would obliterate Rule 23(b)(3)'s predominance requirement, resulting in automatic certification in every case in which any common issue exists, a result the drafters of the rule could not have intended.'") (quoting *Smith v. Texaco, Inc.*, 263 F.3d 394, 409 (5th Cir. 2001)).[11]

---

[11] *See also*, *e.g.*, *Richardson v. Progressive Am. Ins. Co.*, 2022 WL 154426, at *23 (M.D. Fla. Jan. 18, 2022) ("As the Court finds that predominance has not been demonstrated, certification of an issue class is also inappropriate."); *Teggerdine v. Speedway, LLC*, 2018 WL 2451248, at *8 (M.D. Fla. May 31, 2018) ("Plaintiff has not satisfied the predominance requirement of Rule 23(b)(3) and therefore Rule 23(c)(4) is not available to her.  Her alternative motion to certify particular issues under Rule 23(c)(4) will be denied."); *Marko v. Benjamin & Bros., LLC*, 2018 WL 3650117, at *9 (M.D. Fla. May 11, 2018) (similar); *Randolph v. J.M. Smucker Co.*, 303 F.R.D. 679, 700 (S.D. Fla. 2014); *O'Neill v. The Home Depot U.S.A., Inc.*, 243 F.R.D. 469, 481 (S.D. Fla. 2006) ("Nor may the Court certify a single issue when the case as a whole fails to meet the requirements of Rule 23."); *Fisher v. Ciba Specialty Chems. Corp.*, 238 F.R.D. 273, 316 (S.D. Ala. 2006) ("[C]ourts have emphatically rejected attempts to use the (c)(4) process for certifying individual issues as a means for achieving an end run around the (b)(3) predominance

Using issue certification as plaintiffs suggest—to postpone consideration of individualized issues that still must be decided before any plaintiff could recover—is not only inconsistent with these precedents, it undercuts the efficiency class proceedings are supposed to foster. *See, e.g.*, *Ray v. Jud. Corr. Servs., Inc.*, 333 F.R.D. 552, 580 (N.D. Ala. 2019) ("Certification of a common issues class will not dispose of a single case or eliminate the need for a single trial" and thus "would not be a superior method of addressing Plaintiffs' claims.").

In any event, plaintiffs' motion for class certification does not even *seek* an issues class. D.E. 4610.  They thus present no evidence that the requirements for such a class were met and cannot possibly have met their burden to *prove* that such certification is appropriate. *See Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1234 (11th Cir. 2016) (plaintiffs have burden of proof, not of pleading, at the class-certification stage).  For that reason too, the Court should reject their belated suggestion of an issues class.[12]

---

requirement."); *Kemp v. Metabolife Int'l, Inc.*, 2002 WL 113894, at *4 (E.D. La. Jan. 25, 2002) ("The predominance requirement cannot be satisfied by seeking to repeatedly split the claims pursuant to Rule 23(c)(4)."); *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 745 n.21 (5th Cir. 1996) ("The proper interpretation of the interaction between subdivisions (b)(3) and (c)(4) is that a cause of action, as a whole, must satisfy the predominance requirement of (b)(3) and that (c)(4) is a housekeeping rule that allows courts to sever the common issues for a class trial.  Reading rule 23(c)(4) as allowing a court to sever issues until the remaining common issue predominates over the remaining individual issues would eviscerate the predominance requirement of rule 23(b)(3); the result would be automatic certification in every case where there is a common issue, a result that could not have been intended.").

[12] It would also be unjust and prejudicial to permit plaintiffs to seek a different class at this late juncture—after multiple rounds of fulsome briefing on their motions to certify. *See Adkins v. Morgan Stanley*, 656 F. App'x 555, 557 (2d Cir. 2016) ("[T]he plaintiffs did not move for certification of issue classes and did not propose an alternative class until oral argument before the district court . . . . The district court ruled that permitting the plaintiffs to change their theory at a late stage would 'unfairly prejudice' the defendants.  We agree." (quoting *Adkins v. Morgan Stanley*, 307 F.R.D. 119, 147–48 (S.D.N.Y. 2015)).

## CONCLUSION

Georgia law does not permit a presumption of reliance. And even if it did, Plaintiffs' Brief only further illustrates that it would not be available under these circumstances. Plaintiffs' other claims also raise individualized issues. Plaintiffs' desperate, last-minute request for an issues class is improper and, in any event, the law in this district is clear that an issues class cannot be used to bypass predominance issues. Thus, to the extent that any of plaintiffs' claims survive MBUSA's pending motions to dismiss and for summary judgment, they cannot be certified.

Dated: July 28, 2023                    Respectfully submitted,

                                        */s/ Raoul G. Cantero*
                                        Raoul G. Cantero (Florida Bar No. 552356)
                                        raoul.cantero@whitecase.com
                                        Jaime A. Bianchi (Florida Bar No. 908533)
                                        jbianchi@whitecase.com
                                        **WHITE & CASE LLP**
                                        200 South Biscayne Boulevard, Suite 4900
                                        Miami, FL 33131
                                        Telephone: (305) 371-2700
                                        Facsimile: (305) 358-5744

                                        Troy M. Yoshino (*admitted pro hac vice*)
                                        TYoshino@winston.com
                                        Eric J. Knapp (*admitted pro hac vice*)
                                        **WINSTON & STRAWN LLP**
                                        101 California Street, Suite 3500
                                        San Francisco, CA 94111-5840
                                        Telephone: (415) 591-1000
                                        Facsimile: (415) 591-1400

                                        *Attorneys for Defendant*
                                        *Mercedes-Benz USA, LLC*

15

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2023, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By: _/s/ Raoul G. Cantero_

Raoul G. Cantero

16