# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| **IN RE: TAKATA AIRBAG PRODUCT LIABILITY LITIGATION** | MDL No. 2599 |
| | Master File No. 15-MD-2599-FAM |
| This Document Relates to All Economic Loss Class Actions and: | S.D. Fla. Case No. 1:14-cv-24009-FAM |
| STEPHANIE PUHALLA, et al., individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| MERCEDES-BENZ USA, LLC, | |
| Defendant. | |

## MERCEDES-BENZ USA, LLC'S OBJECTIONS TO PLAINTIFFS' EXHIBITS A–D SUBMITTED WITH ECF NO. 4779

Raoul G. Cantero
Jaime A. Bianchi
WHITE & CASE LLP
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

Troy M. Yoshino
Eric J. Knapp
WINSTON & STRAWN LLP
101 California Street, Suite 3500
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Attorneys for Defendant*
*Mercedes-Benz USA, LLC*

Mercedes-Benz USA, LLC ("MBUSA") objects to Exhibits A–D submitted with plaintiffs' further supplemental brief on class certification issues (ECF No. 4779). The Court should exclude all these exhibits under Federal Rules of Evidence 104(b), 401, and 403, and also because they are improper new evidence introduced for the first time well after plaintiffs filed their class certification motion.

Exhibits A–D all address the activities of Mercedes-Benz U.S. International ("MBUSI"), which is not a defendant in this case (*see* ECF No. 2762, Amended Consolidated Class Action Complaint) and is a distinct entity from MBUSA. *See* ECF No. 4779-1, 4779-2, 4779-3, 4779-4. As the Supreme Court of Alabama explained, "MBUSI is an automobile-manufacturing company that manufactures certain Mercedes-Benz vehicles at its facility in Tuscaloosa County." *Ex parte Mercedes-Benz U.S. Int'l, Inc.*, 290 So. 3d 402, 403 (Ala. 2019). MBUSI manufactures vehicles, and then MBUSA—a wholly separate entity—purchases them for distribution. *Id.* at 407 ("[A]ll the vehicles manufactured by MBUSI are sold to Mercedes-Benz USA, LLC ('MBUSA'), a separate legal entity with its principal place of business in Atlanta, Georgia."); *accord Orbital Australia Pty Ltd v. Daimler AG*, 2015 WL 4042178, at *1 (E.D. Va. July 1, 2015) (distinguishing MBUSA, which "distributes and markets Mercedes-Benz vehicles throughout the United States" from MBUSI, which "manufactures [certain] Mercedes-Benz vehicles in the United States").

Certainly, plaintiffs have not proven that MBUSI and MBUSA are the same, so at a minimum, Exhibits A-D must be excluded under Federal Rule of Evidence 104(b). However, the Court also should exclude Exhibits A–D because they are irrelevant, serve only to confuse the issues, and unduly prejudice MBUSA.

Plaintiffs ignore the distinction between MBUSI and MBUSA by asserting that "MBUSA's self-congratulatory statements on its own website confirm that it is more than a mere

1

distributor, as it boasts of its long record of manufacturing Class Vehicles in Alabama." ECF No. 4779 at 3.  But, contrary to plaintiffs' assertion, Exhibits A and B both discuss the manufacturing activities of MBUSI, not MBUSA.  ECF No. 4779-1 at 1–2; ECF No. 4779-2 at 1–6.  The articles were merely posted on MBUSA's website because MBUSA "markets Mercedes-Benz vehicles." *Orbital Australia*, 2015 WL 4042178, at *1.  Indeed, Exhibit B recognizes MBUSA's marketing role: "[MBUSA] is responsible for the sales, marketing and service of all Mercedes-Benz and Maybach products in the United States."  ECF No. 4779-1 at 6.  In short, Exhibits A and B do not speak to any manufacturing activity by MBUSA.

Similarly, plaintiffs rely on Exhibits C and D to claim that "American employees from these manufacturing facilities—alongside Daimler employees—visited Takata airbag facilities to perform audits."  ECF No. 4779 at 3.  Here, plaintiffs concede that the employee at issue, Steven Wood, is an employee of MBUS**I**, but they again improperly conflate the two legally distinct entities.  *Id.*; *see also* ECF No. 4779-3; ECF No. 477-4.  As established above, MBUS**I** manufactures vehicles and is not a party to this case, while MBUS**A** distributes and markets vehicles and is the defendant plaintiffs sued.  *Ex parte Mercedes-Benz U.S. Int'l, Inc.*, 290 So. 3d at 403; *Orbital Australia*, 2015 WL 4042178, at *1; ECF No. 2762.

Because Exhibits A–D deal with MBUSI's activities, they are irrelevant to proving the alleged knowledge of MBUSA.  The Court therefore should exclude them under Federal Rules of Evidence 104(b) and 401.  Moreover, allowing plaintiffs to use Exhibits A–D would unfairly prejudice MBUSA and confuse the issues by conflating two legally distinct entities.  The Court therefore should also exclude the exhibits under Rule 403.

Dated: May 21, 2024                             Respectfully submitted,

*/s/ Raoul G. Cantero*
Raoul G. Cantero (Florida Bar No. 552356)
rcantero@whitecase.com
Jaime A. Bianchi (Florida Bar No. 908533)
jbianchi@whitecase.com
**WHITE & CASE LLP**
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

Troy M. Yoshino (*admitted pro hac vice*)
TYoshino@winston.com
Eric J. Knapp (*admitted pro hac vice*)
eknapp@winston.com
**WINSTON & STRAWN LLP**
101 California Street, Suite 3500
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Attorneys for Defendant*
*Mercedes-Benz USA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2024, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By: */s/ Raoul G. Cantero*
Raoul G. Cantero