# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 21, 2024

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

FILED BY ___JG___ D.C.
May 21, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number: 23-11402-GG
Case Style: Michael Kaufman, et al v. FCA US LLC, et al
District Court Docket No: 1:15-md-02599-FAM
Secondary Case Number: 1:14-cv-24009-FAM

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

MDT-1 Letter Issuing Mandate

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 23-11402

_____

IN RE: TAKATA AIRBAG PRODUCTS LIABILITY LITIGATION
_____

MICHAEL C. KAUFMAN,
MARY JACKSON ROBINSON,
DIANA MYERS,
CHERYL BUTLER-ADAMS,
DEBRAH HENRY, et al.,

                                                Plaintiffs-Appellants,

*versus*

FCA US LLC,
GENERAL MOTORS, LLC,
DAIMLER AG,
MERCEDES-BENZ USA, LLC,
GENERAL MOTORS HOLDING LLC, et al.,

Case 1:15-md-02599-FAM   Document 4781   Entered on FLSD Docket 05/22/2024   Page 3 of 12
USCA11 Case: 23-11402   Document: 60-2   Date Filed: 05/21/2024   Page: 2 of 2

2                                                                           23-11402

Defendants-Appellees,

INFLATION SYSTEMS INC, et al.,

Defendants.

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:15-md-02599-FAM

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: April 22, 2024

For the Court: DAVID J. SMITH, Clerk of Court

ISSUED AS MANDATE: May 21, 2024

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 23-11402

Non-Argument Calendar

_____

IN RE: TAKATA AIRBAG PRODUCTS LIABILITY LITIGATION
_____

MICHAEL C. KAUFMAN,
MARY JACKSON ROBINSON,
DIANA MYERS,
CHERYL BUTLER-ADAMS,
DEBRAH HENRY, et al.,

                              Plaintiffs-Appellants,

*versus*

FCA US LLC,
GENERAL MOTORS, LLC,
DAIMLER AG,

Case 1:15-md-02599-FAM   Document 4781   Entered on FLSD Docket 05/22/2024   Page 5 of 12
USCA11 Case: 23-11402   Document: 58-1   Date Filed: 04/22/2024   Page: 2 of 7

2                Opinion of the Court                23-11402

MERCEDES-BENZ USA, LLC,
GENERAL MOTORS HOLDING LLC, et al.,

                                                   Defendants-Appellees,

INFLATION SYSTEMS INC, et al.,

                                                   Defendants.

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:15-md-02599-FAM

_____

Before WILSON, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

This appeal from multi-district litigation proceedings arises from four notices of appeal filed after the district court certified the dismissal of certain claims as an immediately appealable judgment under Fed. R. Civ. P. 54(b). The notices of appeal were filed by four groups of plaintiffs who are a subset of the plaintiffs who filed three consolidated class action complaints in March 2018 in the multi-district litigation proceedings, which we refer to as the "Whitaker," "Boyd," and "Puhalla" complaints. The Whitaker

Case 1:15-md-02599-FAM   Document 4781   Entered on FLSD Docket 05/22/2024   Page 6 of 12
USCA11 Case: 23-11402   Document: 58-1   Date Filed: 04/22/2024   Page: 3 of 7

23-11402                Opinion of the Court                    3

complaint was filed against General Motors LLC, General Motors Company, and General Motors Holdings LLC (collectively, "the GM Defendants"). The Boyd complaint was filed against FCA US LLC ("FCA," and also referred to as "New Chrysler"). The Puhalla complaint was filed against Daimler Aktiengesellschaft ("Daimler," and also referred to as "Daimler AG"), Mercedes Benz USA ("MBUSA"), and several other defendants not parties to this appeal. Each complaint generally alleged that the named plaintiffs, and various nationwide and state classes they represented or sought to represent, suffered economic injury, under the laws of about 30 different states, because the defendant car manufacturers knowingly sold them vehicles with defective airbags.

The four notices of appeal collectively seek review of four district court orders: (1) a June 21, 2019, order that, in relevant part, dismissed all claims against Daimler for lack of personal jurisdiction; (2) a May 6, 2021, order that denied a motion for clarification in which the Puhalla plaintiffs had sought to amend their personal jurisdiction allegations concerning Daimler; (3) a November 10, 2022, order that partially granted defendants' motions for summary judgment and dismissed all claims brought under the laws of 14 specific states; and (4) the March 30, 2023, order that granted plaintiffs' motion for entry of judgment under Rule 54(b) and entered a partial final judgment in favor of Daimler on all claims against it and in favor of the other appellees on all claims under the same 14 states' laws.

Case 1:15-md-02599-FAM   Document 4781   Entered on FLSD Docket 05/22/2024   Page 7 of 12
USCA11 Case: 23-11402   Document: 58-1   Date Filed: 04/22/2024   Page: 4 of 7

4                           Opinion of the Court                      23-11402

On appeal, we issued a jurisdictional question asking the parties to address whether the district court properly certified an immediately appealable judgment under Rule 54(b). Upon review of the record and the parties' responses, we conclude that the Rule 54(b) certification was improper, and therefore we lack jurisdiction over the appeal.

We generally only have jurisdiction to review district court orders or judgments that constitute "final decisions." 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000). But an exception to the finality requirement arises under Rule 54(b), which permits a district court to certify as "final," and therefore immediately appealable, a judgment resolving fewer than all the claims in an action. *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012).

However, the district court may only issue that certification if it "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see also Lex Tex Ltd. v. Unifi, Inc. (In re Yarn Processing Pat. Validity Litig.)*, 680 F.2d 1338, 1338-40 (11th Cir. 1982) (stating that Rule 54(b) requires both an express determination of no just reason for delay and an express direction for entry of judgment, and dismissing appeals from district court orders dismissing third-party complaints where the district court entered judgment but made no determination about delay). A district court may expressly determine there is no just reason for delay by granting a Rule 54(b) motion that represents that there is no just reason for delay. *See Denson v. United States*, 574 F.3d 1318, 1335 n.52 (11th

Case 1:15-md-02599-FAM   Document 4781   Entered on FLSD Docket 05/22/2024   Page 8 of 12
USCA11 Case: 23-11402   Document: 58-1   Date Filed: 04/22/2024   Page: 5 of 7

23-11402              Opinion of the Court              5

Cir. 2009) (rejecting argument that district court failed to make express determination of no just reason for delay because the Rule 54(b) motion asserted there was no just cause for delay and "the court accepted [that] representation in granting the motion as framed," notwithstanding that the court's order "failed to contain the magic words, 'no just reason for delay'").

If a district court makes a Rule 54(b) certification, we must consider whether the certification "fit[s] within the scope of the rule," for only a proper certification can provide this Court with jurisdiction. *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007). Thus, we are obligated to review the propriety of Rule 54(b) certifications *sua sponte* when there is no other basis for appellate jurisdiction. *See Scott v. Advanced Pharm. Consultants, Inc.*, 84 F.4th 952, 958, 962 (11th Cir. 2023).

A district court "must follow a two-step analysis" in certifying a partial final judgment under Rule 54(b). *Lloyd Noland Found., Inc.*, 483 F.3d at 777. First, it must conclude that the "final judgment" it is entering is both "final" and a "judgment." *Id.* Second, it must determine that there is no just reason for delay. *Id.* We can dismiss an appeal because the district court failed to satisfy one of Rule 54(b)'s requirements without addressing the other requirement. *Peden v. Stephens*, 50 F.4th 972, 978 (11th Cir. 2022).

We ordinarily will review for abuse of discretion the district court's determination that there is no just reason for delay in certifying a partial final judgment. *Scott*, 84 F.4th at 959. But this standard of review requires that the district court "clearly and cogently

| 6 | Opinion of the Court | 23-11402 |

articulate[d] its reasoning." *Id.* (quotation marks and brackets omitted). When the district court fails to explain its "no just reason for delay" determination, we do not defer to the determination and instead will dismiss the appeal unless it presents the rare circumstance where obvious reasons warranted the Rule 54(b) certification. *Id.* at 959, 962.

Here, the district court made a determination that there was no just reason for delay by granting the plaintiffs' motion, but it provided no explanation of its reasoning to which we can defer. *See id.; Denson*, 574 F.3d at 1335 n.52. And no obvious reasons warrant Rule 54(b) certification here. The below proceedings have substantially progressed: discovery is complete, and a relatively small number of the total claims remain pending. *See Peden*, 50 F.4th at 978-79 (explaining that special circumstances that can warrant Rule 54(b) certification may be present where the proceedings are at an early stage). Given the later stage of the proceedings, an immediate appeal is unlikely to meaningfully streamline the district court proceedings. *See id.* (explaining that Rule 54(b) certification is more likely to be warranted where an immediate appeal makes the remaining litigation substantially more efficient). Furthermore, an interlocutory appeal could require multiple panels of this Court to review the immense district court docket, including two separate reviews of factually similar claims. *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 167 (11th Cir. 1997) (providing that adjudicating claims based on the same, or overlapping, operative facts in separate appeals is wasteful of judicial resources).

Moreover, the appellants have not identified a pressing need for an immediate appeal. For instance, their argument that an immediate appeal could facilitate settlement appears speculative. And their argument that an immediate appeal could avoid inefficiency by allowing for appellate review before the separate actions in the below proceedings may be transferred to their originating district courts in other circuits can be said of most multidistrict litigation cases. Given the procedural posture of this case and the lack of a pressing need for an immediate appeal, we conclude that there are no "obvious reasons" supporting the district court's determination that there was no just reason for delay. Thus, the Rule 54(b) certification was improper, and because the appeal is not otherwise taken from a final or appealable order, it must be dismissed.

Accordingly, this appeal is DISMISSED for lack of jurisdiction.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 22, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 23-11402-GG
Case Style: Michael Kaufman, et al v. FCA US LLC, et al
District Court Docket No: 1:15-md-02599-FAM
Secondary Case Number: 1:14-cv-24009-FAM

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing is timely only if received in the clerk's office within the time specified in the rules. **A petition for rehearing must include a Certificate of Interested Persons and a copy of the opinion sought to be reheard.** See 11th Cir. R. 35-5(k) and 40-1.

Costs
Costs are taxed against Appellant(s) / Petitioner(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion