# EXHIBIT A

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 23-11402

Non-Argument Calendar

_____

IN RE: TAKATA AIRBAG PRODUCTS LIABILITY LITIGATION
_____

MICHAEL C. KAUFMAN,
MARY JACKSON ROBINSON,
DIANA MYERS,
CHERYL BUTLER-ADAMS,
DEBRAH HENRY, et al.,

                                                                                             Plaintiffs-Appellants,

*versus*

FCA US LLC,
GENERAL MOTORS, LLC,
DAIMLER AG,

2                   Opinion of the Court                   23-11402

MERCEDES-BENZ USA, LLC,
GENERAL MOTORS HOLDING LLC, et al.,

                                              Defendants-Appellees,

INFLATION SYSTEMS INC, et al.,

                                              Defendants.

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:15-md-02599-FAM

_____

Before WILSON, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

This appeal from multi-district litigation proceedings arises from four notices of appeal filed after the district court certified the dismissal of certain claims as an immediately appealable judgment under Fed. R. Civ. P. 54(b). The notices of appeal were filed by four groups of plaintiffs who are a subset of the plaintiffs who filed three consolidated class action complaints in March 2018 in the multi-district litigation proceedings, which we refer to as the "Whitaker," "Boyd," and "Puhalla" complaints. The Whitaker

Case 1:15-md-02599-FAM   Document 4782-1   Entered on FLSD Docket 05/22/2024   Page 4 of 8
USCA11 Case: 23-11402     Document: 58-1     Date Filed: 04/22/2024     Page: 3 of 7

23-11402                Opinion of the Court                3

complaint was filed against General Motors LLC, General Motors Company, and General Motors Holdings LLC (collectively, "the GM Defendants"). The Boyd complaint was filed against FCA US LLC ("FCA," and also referred to as "New Chrysler"). The Puhalla complaint was filed against Daimler Aktiengesellschaft ("Daimler," and also referred to as "Daimler AG"), Mercedes Benz USA ("MBUSA"), and several other defendants not parties to this appeal. Each complaint generally alleged that the named plaintiffs, and various nationwide and state classes they represented or sought to represent, suffered economic injury, under the laws of about 30 different states, because the defendant car manufacturers knowingly sold them vehicles with defective airbags.

The four notices of appeal collectively seek review of four district court orders: (1) a June 21, 2019, order that, in relevant part, dismissed all claims against Daimler for lack of personal jurisdiction; (2) a May 6, 2021, order that denied a motion for clarification in which the Puhalla plaintiffs had sought to amend their personal jurisdiction allegations concerning Daimler; (3) a November 10, 2022, order that partially granted defendants' motions for summary judgment and dismissed all claims brought under the laws of 14 specific states; and (4) the March 30, 2023, order that granted plaintiffs' motion for entry of judgment under Rule 54(b) and entered a partial final judgment in favor of Daimler on all claims against it and in favor of the other appellees on all claims under the same 14 states' laws.

Case 1:15-md-02599-FAM   Document 4782-1   Entered on FLSD Docket 05/22/2024   Page 5 of 8
USCA11 Case: 23-11402    Document: 58-1    Date Filed: 04/22/2024    Page: 4 of 7

4                        Opinion of the Court                    23-11402

On appeal, we issued a jurisdictional question asking the parties to address whether the district court properly certified an immediately appealable judgment under Rule 54(b). Upon review of the record and the parties' responses, we conclude that the Rule 54(b) certification was improper, and therefore we lack jurisdiction over the appeal.

We generally only have jurisdiction to review district court orders or judgments that constitute "final decisions." 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000). But an exception to the finality requirement arises under Rule 54(b), which permits a district court to certify as "final," and therefore immediately appealable, a judgment resolving fewer than all the claims in an action. *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012).

However, the district court may only issue that certification if it "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see also Lex Tex Ltd. v. Unifi, Inc. (In re Yarn Processing Pat. Validity Litig.)*, 680 F.2d 1338, 1338-40 (11th Cir. 1982) (stating that Rule 54(b) requires both an express determination of no just reason for delay and an express direction for entry of judgment, and dismissing appeals from district court orders dismissing third-party complaints where the district court entered judgment but made no determination about delay). A district court may expressly determine there is no just reason for delay by granting a Rule 54(b) motion that represents that there is no just reason for delay. *See Denson v. United States*, 574 F.3d 1318, 1335 n.52 (11th

Case 1:15-md-02599-FAM   Document 4782-1   Entered on FLSD Docket 05/22/2024   Page 6 of 8
USCA11 Case: 23-11402    Document: 58-1    Date Filed: 04/22/2024    Page: 5 of 7

23-11402               Opinion of the Court                5

Cir. 2009) (rejecting argument that district court failed to make express determination of no just reason for delay because the Rule 54(b) motion asserted there was no just cause for delay and "the court accepted [that] representation in granting the motion as framed," notwithstanding that the court's order "failed to contain the magic words, 'no just reason for delay'").

If a district court makes a Rule 54(b) certification, we must consider whether the certification "fit[s] within the scope of the rule," for only a proper certification can provide this Court with jurisdiction. *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007). Thus, we are obligated to review the propriety of Rule 54(b) certifications *sua sponte* when there is no other basis for appellate jurisdiction. *See Scott v. Advanced Pharm. Consultants, Inc.*, 84 F.4th 952, 958, 962 (11th Cir. 2023).

A district court "must follow a two-step analysis" in certifying a partial final judgment under Rule 54(b). *Lloyd Noland Found., Inc.*, 483 F.3d at 777. First, it must conclude that the "final judgment" it is entering is both "final" and a "judgment." *Id.* Second, it must determine that there is no just reason for delay. *Id.* We can dismiss an appeal because the district court failed to satisfy one of Rule 54(b)'s requirements without addressing the other requirement. *Peden v. Stephens*, 50 F.4th 972, 978 (11th Cir. 2022).

We ordinarily will review for abuse of discretion the district court's determination that there is no just reason for delay in certifying a partial final judgment. *Scott*, 84 F.4th at 959. But this standard of review requires that the district court "clearly and cogently

| 6 | Opinion of the Court | 23-11402 |
|---|---|---|

articulate[d] its reasoning." *Id.* (quotation marks and brackets omitted). When the district court fails to explain its "no just reason for delay" determination, we do not defer to the determination and instead will dismiss the appeal unless it presents the rare circumstance where obvious reasons warranted the Rule 54(b) certification. *Id.* at 959, 962.

Here, the district court made a determination that there was no just reason for delay by granting the plaintiffs' motion, but it provided no explanation of its reasoning to which we can defer. *See id.; Denson*, 574 F.3d at 1335 n.52. And no obvious reasons warrant Rule 54(b) certification here. The below proceedings have substantially progressed: discovery is complete, and a relatively small number of the total claims remain pending. *See Peden*, 50 F.4th at 978-79 (explaining that special circumstances that can warrant Rule 54(b) certification may be present where the proceedings are at an early stage). Given the later stage of the proceedings, an immediate appeal is unlikely to meaningfully streamline the district court proceedings. *See id.* (explaining that Rule 54(b) certification is more likely to be warranted where an immediate appeal makes the remaining litigation substantially more efficient). Furthermore, an interlocutory appeal could require multiple panels of this Court to review the immense district court docket, including two separate reviews of factually similar claims. *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 167 (11th Cir. 1997) (providing that adjudicating claims based on the same, or overlapping, operative facts in separate appeals is wasteful of judicial resources).

Case 1:15-md-02599-FAM Document 4782-1 Entered on FLSD Docket 05/22/2024 Page 8 of 8
USCA11 Case: 23-11402 Document: 58-1 Date Filed: 04/22/2024 Page: 7 of 7

23-11402          Opinion of the Court              7

Moreover, the appellants have not identified a pressing need for an immediate appeal. For instance, their argument that an immediate appeal could facilitate settlement appears speculative. And their argument that an immediate appeal could avoid inefficiency by allowing for appellate review before the separate actions in the below proceedings may be transferred to their originating district courts in other circuits can be said of most multidistrict litigation cases. Given the procedural posture of this case and the lack of a pressing need for an immediate appeal, we conclude that there are no "obvious reasons" supporting the district court's determination that there was no just reason for delay. Thus, the Rule 54(b) certification was improper, and because the appeal is not otherwise taken from a final or appealable order, it must be dismissed.

Accordingly, this appeal is DISMISSED for lack of jurisdiction.