UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
MDL No. 2599
Master File No.: 15-MD-02599-MORENO

| | |
|---|---|
| IN RE: TAKATA AIRBAG PRODUCT LIABILITY LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>ECONOMIC LOSS TRACK CASES AGAINST <u>MERCEDES-BENZ USA, LLC</u> | |

### PLAINTIFFS' RESPONSE TO MERCEDES-BENZ USA, LLC'S NEW ARGUMENTS REGARDING CLASS CERTIFICATION

This Court previously directed Defendant Mercedes-Benz USA, LLC ("MBUSA") and Plaintiffs to brief whether class certification against MBUSA should be resolved in line with the Court's prior rulings and scheduled a hearing on the issue for May 29, 2024. (ECF No. 4764.) At the hearing, MBUSA raised several new arguments that it did not make in its brief. Although MBUSA's new arguments may be addressed in more detail in the parties' forthcoming submissions on summary judgment, the Court permitted Plaintiffs to file this short supplemental brief responding to MBUSA's new arguments. (ECF No. 4785.) Contrary to MBUSA's suggestion at the hearing, Plaintiff Radican's claim under Rhode Island law is not time-barred, and both Plaintiff Radican and Plaintiff Bridges were exposed to marketing materials from MBUSA, undercutting MBUSA's opposition to class certification.[1]

The timeliness of Plaintiff Radican's claims was briefly addressed in the parties' prior

---

[1] At the hearing, MBUSA's counsel also discussed issues that both parties addressed in their briefing, such as the availability of a class-wide presumption or inference of reliance under the law of various states. Since Plaintiffs' arguments on those issues are set forth in Plaintiffs' prior submission (ECF No. 4779), Plaintiffs will not repeat them here.

submissions on summary judgment. In response to MBUSA's mistaken contention that the statute of limitations for Plaintiff Radican's claim under the Rhode Island Deceptive Trade Practices Act expired within four years of her vehicle purchase (ECF No. 4495 at 18), Plaintiffs cited binding authority from the Rhode Island Supreme Court clarifying that the limitations period for Plaintiff Radican's claim is 10 years (ECF No. 4519 at 19 (citing *Bourdon's, Inc. v. Ecin Indus., Inc.*, 704 A.2d 747, 753 (R.I. 1997) ("[T]he general ten-year period of § 9–1–13(a) applies to actions for fraud or deceit.")). And even then, the limitations period does not begin to run until the cause of action "accrue[s]," R.I. Gen. Laws § 9-1-13(a),[2] which only occurs, per Rhode Island's discovery rule, when "in the exercise of reasonable diligence, the plaintiff should have discovered the injury or some injury-causing wrongful conduct." *Martin v. Howard*, 784 A.2d 291, 299 (R.I. 2001); *accord Franks v. Coopersurgical, Inc.*, --- F. Supp. 3d. ---, No. CV 22-046 WES, 2024 WL 1109055, at *16 (D.R.I. Mar. 14, 2024) (citing *Martin* and applying discovery rule to Rhode Island consumer protection claims); *Carney v. Kardinal Land, Inc.*, 813 A.2d 50, 53 (R.I. 2003) ("The statute of limitations begins to run when a party becomes aware of fraudulent conduct, or, in situations in which a reasonable person would not have discovered the legal acti[o]n prior to the time of injury, the statute begins to run at the time the injury manifests itself.") (quotation marks omitted); *Jones v. Moretti*, 711 A.2d 1156, 1157 (R.I. 1998) (same).

Under these well-established principles of Rhode Island law, as explained in Plaintiffs' prior briefing (ECF No. 4519 at 19–20), Plaintiff Radican's claim is clearly timely. Although Plaintiff Radican purchased her Class Vehicle new in 2007, she did not receive a recall notice identifying the defect in her vehicle until July 2016, well less than ten years before she filed suit

---

[2] The statute of repose found in subsection (b) of the provision was struck down as unconstitutional under Rhode Island's constitution by *Kennedy v. Cumberland Engineering Co., Inc.*, 471 A.2d 195 (R.I. 1984).

in March 2018. (ECF No. 4336-40 at 101–02.) MBUSA pointed to no evidence, in contrast, suggesting that Plaintiff Radican could have discovered MBUSA's deceptive trade practices any earlier than July 2016. MBUSA's limitations defense against Plaintiff Radican, therefore, is a non-starter and cannot justify departing from this Court's prior rulings on class certification.

Likewise, MBUSA's attack on the adequacy of Plaintiff Radican and Plaintiff Bridges, on the grounds that, according to MBUSA, they were not exposed to misleading marketing materials, is inconsistent with the evidence. At the hearing, MBUSA's counsel unequivocally represented that Plaintiffs "Radican and Bridges admitted that they did not view any MBUSA materials in connection with their purchases." Ex. 2 (Hr'g Tr.) at 43:7–9; *id.* at 48:7–8 ("Radican admitted that she did not review any advertisements or marketing materials before[.]"). But Plaintiff Radican stated that she viewed commercials through radio, television, and the internet that touted the safety and dependability of the MBUSA vehicle model she purchased. (ECF No. 4251 at ¶ 247.) Similarly, Plaintiff Bridges attested that she reviewed documents provided by the authorized MBUSA dealer, viewed and heard commercials touting the safety and dependability of MBUSA's vehicles, and recalled that the sales representative of the authorized MBUSA dealer emphasized the superior and safety features of the Class Vehicle. (Ex. 1 (Bridges Interrog. Resp.) at No. 2.) The record simply does not support MBUSA's new claim that Plaintiff Radican and Plaintiff Bridges were not exposed to any MBUSA marketing materials.

In short, the new arguments that MBUSA raised at the May 29, 2024 hearing do not warrant a departure from the Court's prior rulings on class certification.

Dated: June 14, 2024

Respectfully submitted,

**PODHURST ORSECK, P.A.**

*/s/ Peter Prieto*
Peter Prieto (FBN 501492)
Aaron S. Podhurst (FBN 63606)
Stephen F. Rosenthal (FBN 131458)
Matthew P. Weinshall (FBN 84783)
SunTrust International Center
One S.E. Third Ave., Suite 2300
Miami, Florida 33131
Phone: (305) 358-2800
Fax: (305) 358-2382
Email: pprieto@podhurst.com
           apodhurst@podhurst.com
           srosenthal@podhurst.com
           mweinshall@podhurst.com

*Chair Lead Counsel for Plaintiffs*

| **COLSON HICKS EIDSON**<br>Lewis S. "Mike" Eidson<br>mike@colson.com<br>Curtis Bradley Miner<br>curt@colson.com<br>255 Alhambra Circle, PH<br>Coral Gables, FL 33134<br>T: 305-476-7400<br><br>*Plaintiffs' Personal Injury Track Lead Counsel* | **SMITH LACIEN LLP**<br>Todd A. Smith<br>tsmith@smithlacien.com<br>70 W Madison St Suite 5770,<br>Chicago, IL 60602<br>(312) 509-8900<br><br><br><br>*Plaintiffs' Economic Damages Track Co-Lead Counsel* |
|---|---|
| **BOIES, SCHILLER & FLEXNER LLP**<br>David Boies, Esq.<br>Motty Shulman (Fla Bar. No. 175056)<br>333 Main Street<br>Armonk, NY 10504<br>Tel:  (914) 749-8200<br>Fax:  (914) 749-8300<br>Email: dboies@bsfllp.com<br>           mshulman@bsfllp.com<br><br>Stephen N. Zack (Fla. Bar No. 145215)<br>100 Southeast 2nd Street, Suite 2800<br>Miami, FL 33131<br>Tel:  (305) 539-8400<br>Fax:  (305) 539-1307<br>Email: szack@bsfllp.com<br>           mheise@bsfllp.com<br><br>*Plaintiffs' Economic Damages Track Co-Lead Counsel* | **LIEFF CABRASER HEIMANN & BERNSTEIN LLP**<br>Elizabeth Cabraser<br>ecabraser@lchb.com<br>275 Battery St., Suite 3000<br>San Francisco, CA 94111-3339<br>T:    415-956-1000<br><br>David Stellings<br>250 Hudson Street, 8th Floor<br>New York, NY 10012<br>212-355-9500<br>dstellings@lchb.com<br><br>*Plaintiffs' Steering Committee* |

| **CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO, PC** <br> James E. Cecchi <br> jcecchi@carellabyrne.com <br> 5 Becker Farm Road <br> Roseland, NJ 07068-1739 <br> T: 973 994-1700 <br> f: 973 994-1744 <br><br> *Plaintiffs' Steering Committee* | **BARON & BUDD, PC** <br> Roland Tellis <br> rtellis@baronbudd.com <br> David Fernandes <br> dfernandes@bardonbudd.com <br> Mark Pifko <br> mpifko@baronbudd.com <br> 15910 Ventura Blvd., <br> Suite 1600 <br> Encino, CA 91436 <br> T: 818-839-2333 <br><br> J. Burton LeBlanc <br> 9015 Bluebonnet Blvd. <br> Baton Rouge, LA 70810 <br> T: 225-761-6463 <br><br> *Plaintiffs' Steering Committee* |
|---|---|

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on June 14, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

By: */s/ Peter Prieto*
    Peter Prieto