# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| **IN RE: TAKATA AIRBAG**<br>**PRODUCT LIABILITY LITIGATION**<br><br>This Document Relates to All Economic Loss Class Actions and:<br><br>STEPHANIE PUHALLA, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>Defendant. | MDL No. 2599<br><br>Master File No. 15-MD-2599-FAM<br><br>S.D. Fla. Case No. 1:14-cv-24009-FAM |

## DEFENDANT MERCEDES-BENZ USA, LLC'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING CLASS CERTIFICATION

Raoul G. Cantero
Jaime A. Bianchi
WHITE & CASE LLP
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

Troy M. Yoshino
Eric J. Knapp
WINSTON & STRAWN LLP
101 California Street, Suite 3500
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Attorneys for Defendant*
*Mercedes-Benz USA, LLC*

Plaintiffs incorrectly claim that Mercedes-Benz USA, LLC ("MBUSA") raised new arguments at the May 29, 2024 hearing not found in the parties' class certification briefing. D.E. 4789, Ex. 2 (Hrg Tr.) at 64:18-65:7. MBUSA's arguments are not new. It raised the timeliness of Radican's claims and the lack of individual (or common) proof of reliance in its opposition to class certification. D.E. 4635 at 11, 28-30. Plaintiffs failed to respond with proof of typicality, adequacy, or commonality, as required. *See* D.E. 4648 at 5-6, 15-17; *Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1234 (11th Cir. 2016) (plaintiffs bear the "burden of *proof*, not . . . pleading" all Rule 23 requirements). Indeed, plaintiffs' reply failed to mention "Radican" or "Bridges" even once. *See* D.E. 4648. Plaintiffs now submit new evidence into the record (D.E. 4789, Ex. 1), improperly seeking another bite at the class-certification apple.

The timeliness of Radican's claims is not solely a merits issue; it also underscores Radican's atypicality. Because Radican filed suit over *ten years* after buying her vehicle, her claim fails unless she can prove that tolling is appropriate. *See Martin v. Howard*, 784 A.2d 291, 299-300 (R.I. 2001) (*plaintiff* may use discovery rule to toll statute of limitations, which generally begin to run "at the time of the injury"). Plaintiffs say Radican will rely on the discovery rule for that purpose, but that rule applies only to "narrowly circumscribed factual situations" when the plaintiff can prove her lack of knowledge and exercise of "reasonable diligence." *See id.* at 299; *Franks v. Coopersurgical, Inc.*, 2024 WL 1109055, at *17 (D.R.I. Mar. 14, 2024). And as plaintiffs' own authority recognizes, it also requires that the plaintiff "reasonably relied" on some "affirmative deception by the defendant." *Carney v. Kardinal Land, Inc.*, 813 A.2d 50, 53-54 (R.I. 2003) (declining to exercise discovery rule because the plaintiff "failed to satisfy this requirement of reasonable reliance"). Plaintiffs cite no evidence of diligence or reliance. *See* D.E. 4789 at 2-3; D.E. 4519 at 19-20. For similar reasons, they cannot establish tolling under a fraudulent

concealment theory. *See Boudreau v. Auto. Temp. Ctrls., Inc.*, 212 A.3d 594, 601-02 (R.I. 2019) (noting that fraudulent concealment requires proof of "an express representation" or other affirmative conduct beyond "mere silence or inaction"); *Houllahan v. Gelineau*, 296 A.3d 710, 724 (R.I. 2023) (warning that tolling requires evidence that the plaintiff "did in fact so rely" on the defendant's misrepresentations). This sets Radican meaningfully apart from putative class members who need not establish tolling and thus would not need to address their post-sale knowledge or diligence. Because Radican has not addressed any of these elements, her claims are time-barred, and she cannot adequately represent *any* putative class members.[1] *See Piazza v. Ebsco Inds., Inc.*, 273 F.3d 1341, 1347 (11th Cir. 2001) ("It is by now clear that a class representative whose claim is time-barred cannot assert the claim on behalf of the class.").

Moreover, the statute of limitations is not, as plaintiffs suggest, the only significant issue created by the time gap between Radican's purchase and the filing of this case. Radican's early purchase date also creates uniquely strong defenses as to MBUSA's lack of knowledge of the alleged defect (beyond the knowledge defenses applicable to other members of the putative class). As MBUSA has shown, there is no evidence that MBUSA was aware of the alleged defect until very shortly before the recall on certain Mercedes-Benz models in *January 2016*.[2] D.E. 4495 at 10; D.E. 4635 at 3-4. Even *plaintiffs* do not argue that MBUSA would have known of the alleged defect in 2007 when Radican bought her car. *See* D.E. 4779 at 3 (citing evidence of a recall by *a different manufacturer* based on a potential *manufacturing defect*—not the alleged design defect here—to

---

[1] Even if Radican's individual claim were not time barred in Rhode Island (and it is), it would be time-barred in other states she purports to represent, rendering her an inadequate class representative. *See, e.g.*, *Heejoon Chung v. U.S. Bank, N.A.*, 250 F. Supp. 3d 658, 671 (D. Haw. 2017) (Hawaii UDAP claims accrue at time of injury, and the discovery rule does not apply).

[2] This provides an independent basis for rejecting Radican's attempt to assert tolling under a fraudulent concealment theory—MBUSA cannot have fraudulently concealed facts of which it lacked knowledge.

2

baselessly suggest that MBUSA first had knowledge in 2008). Thus, even taking plaintiffs' meritless arguments at face value, Radican bought her car *before* MBUSA could have known about, or had any duty to disclose, the alleged defect—much less fraudulently concealed it. Radican thus not only has no basis to toll the statute of limitations; her claim is also subject to a unique defense that is "central to the litigation" and specific to the facts of her claims—making her an atypical and inadequate class representative. *See Hively v. Northlake Foods*, 191 F.R.D. 661, 668, 669 (M.D. Fla. 2000) (finding that plaintiffs were not typical or adequate due to "factual differences" from other class members and availability of "unique defenses"); *Parker v. Byrne*, 996 A.2d 627, 634-35 (R.I. 2010) (affirming summary judgment for defendants because plaintiffs failed to establish defendants' state of mind "at the time" of the transaction).[3]

Plaintiffs' reliance arguments fare no better. The interrogatory responses plaintiffs cite only illustrate Radican and Bridges' atypicality. *See* D.E. 4251 ¶ 247 (citing Ex. 39); D.E. 4789, Ex. 1. When asked to identify advertisements and marketing materials she relied on when buying her vehicle, Bridges said she "d[id] not recall" any documents from the dealership; nor did she recall seeing or hearing any specific commercials. D.E. 4789, Ex. 1, at No. 2; *see* D.E. 4184, Ex. 79 (Bridges Dep.) at 48:15-49:13 (confirming lack of recall). Radican also "d[id] not recall" any documents from the dealership or any specific commercials. D.E. 4251, Ex. 39, at No. 2. In fact, Radican testified that she reviewed *no* marketing materials or advertisements before purchase. Ex. 1 (Radican Dep.) at 61:24-62:2.

Radican and Bridges's claim—unsupported by any specific recollection of any MBUSA materials—that they were "exposed to" MBUSA marketing materials (D.E. 4789 at 3) falls short

---

[3] The FCA or GM classes do not cover consumers who purchased as early as Radican. *See* D.E. 4659 at 3 (limiting FCA classes to purchases after June 10, 2009); D.E. 4689 at 3-4 (GM class limited to purchases after July 10, 2009).

3

under Rhode Island and North Carolina law.[4] This presents significant, individualized issues for their claims, rendering Radican and Bridges atypical and inadequate representatives of putative class members who *do* recall statements they may have relied on. *See O'Neill v. Home Depot USA*, 243 F.R.D. 469, 471, 478-79 (S.D. Fla. 2006) (finding that a class representative who was subject to "unique defenses," such as failure to read an agreement, was not typical for claims alleging concealment and duty to disclose); *Luczak v. Nat'l Bev. Corp.*, 548 F. Supp. 3d 1256, 1268 (S.D. Fla. 2021) (finding a class representative not typical where "the difference in Plaintiffs' factual position" would create "distinct defenses"); *see, e.g.*, Ex. 2 (Hudson Dep.) at 55:20-56:1 (former plaintiff reviewed MBUSA marketing pamphlet before purchase and still had pamphlet in his possession). For these reasons and those set forth in MBUSA's opposition to class certification, Radican and Bridges cannot meet typicality or adequacy requirements.

Moreover, Radican and Bridges' lack of adequacy and typicality are independent of whether their claims can survive summary judgment (and as MBUSA will show in its forthcoming motion for summary judgment, they should not). That is, even if their individual claims could survive summary judgment, Radican and Bridges' unique factual circumstances will still detract from the trial of other class-member claims. For example, Radican and Bridges' inability to recall any MBUSA marketing or advertising material will still require a fact-intensive inquiry into their reliance and causation. Likewise, Radican will still face a limitations defense, while many other putative class members will not. Thus, regardless of the Court's summary-judgment ruling,

---

[4] *See Coccoli v. Town of Scituate Town Council*, 184 A.3d 1113, 1120-21 (R.I. 2018) (holding that fraud requires "sufficient proof that the [plaintiff] detrimentally relied upon the fraudulent representation"); *Long v. Dell, Inc.*, 93 A.3d 988, 1003 (R.I. 2014) (holding that the consumer-protection act requires "a representation, omission, or practice"); *Value Health Sols., Inc. v. Pharm. Rsch. Assocs., Inc.*, 891 S.E.2d 100, 119-20 (N.C. 2023) (holding that fraud requires "evidence of a misrepresentation"); *id.* at 120-21 (holding that the consumer-protection act requires an "action" proximately causing the plaintiff's injury).

Radican and Bridges will remain atypical and inadequate class representatives. *See Vision Power, LLC v. Midnight Express Power Boats, Inc.*, 2020 WL 808284, at *5-6 (S.D. Fla. Feb. 18, 2020) (finding that unique defenses "preoccupy [the trial] to the detriment of the interests of absent class members") (alteration in original); *Melton v. Century Arms, Inc.*, 2018 WL 6980715, at *9-10 (S.D. Fla. Nov. 28, 2018) (noting that where a plaintiff "fail[s] to show, by a preponderance of the evidence," that facts relating to essential elements of his claims are typical of class members, "he cannot serve as a class representative"); *see also Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1275-76 (11th Cir. 2009) (holding that class certification requires an affirmative finding of typicality).

For these reasons, and all those set forth in MBUSA's prior briefing, the Court should deny plaintiffs' motion for class certification.

Dated: June 28, 2024                           Respectfully submitted,

*/s/ Raoul G. Cantero*
Raoul G. Cantero (Florida Bar No. 552356)
raoul.cantero@whitecase.com
Jaime A. Bianchi (Florida Bar No. 908533)
jbianchi@whitecase.com
**WHITE & CASE LLP**
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

Troy M. Yoshino (*admitted pro hac vice*)
TYoshino@winston.com
Eric J. Knapp (*admitted pro hac vice*)
EKnapp@winston.com
**WINSTON & STRAWN LLP**
101 California Street, Suite 3500
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Attorneys for Defendant*
*Mercedes-Benz USA, LLC*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2024, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By: /s/ Raoul G. Cantero
Raoul G. Cantero