# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

IN RE:

TAKATA AIRBAG PRODUCTS
LIABILITY LITIGATION

THIS DOCUMENT RELATES TO
ECONOMIC LOSS TRACK CASES:

| | |
|---|---|
| BRIDGET BOYD, *et. al.*, individually and on behalf of all others similarly situated,<br>    *Plaintiffs,*<br>v.<br>FCA US LLC,<br>    *Defendant*. | MDL No. 2599<br><br>Master File No.: 1:15-md-2599-FAM<br><br>S.D. Fla. Case No. 1:14-cv-24009-FAM |

**DEFENDANT FCA US LLC'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AGAINST ALL ECONOMIC LOSS PLAINTIFFS IN GEORGIA AND NORTH CAROLINA AND UNDER THE LAWS OF COLORADO, UTAH, WEST VIRGINIA, AND WISCONSIN <u>PURSUANT TO LOCAL RULE 56.1</u>**

Dated July 12, 2024

Scott M. Sarason
Florida Bar No. 0394718
ssarason@rumberger.com
RUMBERGER KIRK & CALDWELL
Brickell City Tower, Suite 3000
80 Southwest 8th Street
Miami, Florida 33130
Tel: (305) 995-5422
Fax: (786) 536-3446

Daniel T. Graham (*pro hac vice*)
dgraham@clarkhill.com
Michael P. Croghan (*pro hac vice*)
mcroghan@clarkhill.com
Jeffrey M. Sniadanko (*pro hac vice*)
jsniadanko@clarkhill.com
Paul C. Do (*pro hac vice*)
pdo@clarkhill.com
CLARK HILL PLC
130 E. Randolph Street, Suite 3900
Chicago, Illinois 60601
Tel: (312) 985-5945
Fax: (312) 985-5954

*Attorneys for FCA US LLC*

19454174

Pursuant to the Court's Order (D.E. 4785) and Local Rule 56.1(a), Defendant FCA US LLC ("FCA") respectfully submits the following statement of material facts to which there is no genuine dispute. The Court directed FCA to limit its motion for summary judgment to the Remaining Plaintiffs in Georgia and North Carolina, whose claims remain at issue in this litigation, and under the laws of the New States: Colorado, Utah, West Virginia, and Wisconsin.

In the interest of efficiency and brevity, FCA does not repeat but instead incorporates by reference Paragraphs 1 through 70 and 72 of its prior Statement of Material Facts (D.E. 4188 and D.E. 4490) as previously filed, along with the exhibits referenced therein, as if stated fully herein. For clarity of the record, FCA provides the material facts for the three named Plaintiffs whose claims remain at issue in this litigation: Remaining Plaintiffs Michelle Gibson and Debra Johnson (Georgia) and Laquintha O'Neal (North Carolina).

71. FCA is not aware of any inflator rupture in a Takata air bag recall replacement inflator in any Chrysler or FCA vehicle. (Exhibit ("Ex.") 1; 7/10/2024 Declaration of Chris Freeman at ¶ 5.)

…

73. To date, FCA's completion rate is **93.0%** for the Takata airbag recalls of the total population of 10,984,858 inflators in FCA vehicles. (Ex. 1; 7/10/2024 Declaration of Chris Freeman at ¶ 6.)

**Georgia Plaintiffs**

74. **Michelle Gibson** owned a used 2010 Dodge Charger, VIN: 2B3CA3CV7AH187304, subject to Recall Nos. 15v313 and 16v352. (Second Amended Complaint, D.E. 4024 ("SAC") ¶ 69; D.E. 4490-2, 08/21/2019 Gibson Ans. to FCA First Set of Int. at #3; D.E. 4490-3, 11/11/2020 Gibson Dep. Tr. at 23:9-16.)

75. Gibson purchased the 2010 Dodge Charger from U.S. Auto Sales in Snellville, Georgia on August 29, 2014. (D.E. 4490-2, 08/21/2019 Gibson Ans. to FCA First Set of Int. at #3; D.E. 4490-3, 11/11/2020 Gibson Dep. Tr. at 114:23-115:4.)

76. Gibson purchased the 2010 Dodge Charger used and she is not the original owner of the vehicle. (D.E. 4490-2, 08/21/2019 Gibson Ans. to FCA First Set of Int. at #3.)

77. U.S Auto Sales is an independent dealership unaffiliated with Chrysler or FCA. (D.E. 4490-4, 07/01/2021 Gibson Resp. to FCA Second Set of RFA at #36; D.E. 4490-3, 11/11/2020 Gibson Dep. Tr. at 179:22-25.)

78. Gibson recalls viewing and hearing commercials through the radio, television, and internet that touted the safety and dependability of FCA's vehicles in general, but she does not recall the specific commercials or on which specific dates the commercials aired. (D.E. 4490-2, 08/21/2019 Gibson Ans. to FCA First Set of Int. at #1.) Gibson cannot recall a specific TV ad for Dodge that mentioned safety. (D.E. 4490-3, 11/11/2020 Gibson Dep. Tr. at 52:8-11.)

79. Ms. Gibson admits that FCA did not make any false statements to her aside from the process of getting her airbag replaced after the recall started. (*Id*. at 32:7-10; 32:17-21.)

80. Gibson never discussed the vehicle's safety features with the person from whom she purchased the vehicle. (D.E. 4490-5, 08/21/2019 Gibson Resp. to FCA First Set of RFA at #9.)

81. Gibson lived at 6959 Rogers Pt., Lithonia, GA 30058 from 2011 until 2020. (D.E. 4490-3, 11/11/2020 Gibson Dep. Tr. at 15:17-24.) A mailer was sent to Gibson at 6959 Rogers Pt., Lithonia, GA 30058 from FCA on or about July 2, 2015 advising her of the recall of her driver's side airbag. (D.E. 4490-6, 03/16/2022 Declaration of Chris Freeman at ¶ 11, Exhibit B.)

82. Gibson received 64 communications from FCA advising her of the recall on her driver's side airbag. These communications included direct mailings, emails, and automated telephone calls. (D.E. 4490-1, 12/15/2022 Declaration of Chris Freeman at ¶ 5.)

83. Gibson lacks evidence that she or any other Georgia consumer provided written notice to FCA identifying themselves as a claimant at least 30 days prior to filing a claim under the Georgia Fair Business Practices Act. Fed R. Civ. P. 56(c)(1)(B).

84. Gibson never had the airbag in her 2010 Dodge Charger replaced. (D.E. 4490-3, 11/11/2020 Gibson Dep. Tr. at 181:6-8.) Gibson recalls receiving at least one notice of the recall related to the airbag in her vehicle but ripped up the other notices because she "got frustrated...because no one was responding to [her] calls to get [her] vehicle repaired." (*Id*. at 195:2-9.)

85. Gibson admitted that if the airbag in her 2010 Dodge Charger was replaced with a defect-free airbag, there would no longer be any defect in the airbag of the vehicle. (D.E. 4490-5, 08/21/2019 Gibson Resp. to FCA First Set of RFA at #22.)

86. The airbags in Gibson's 2010 Dodge Charger never deployed while she owned the vehicle. (D.E. 4490-4, 07/01/2021 Gibson Resp. to FCA Second Set of RFA at #60.)

87. Gibson no longer owns her 2010 Dodge Charger. (D.E. 4490-2, 08/21/2019 Gibson Answers to FCA First Set of Interrogatories at #4.) On April 24, 2018, Gibson was driving her 2010 Dodge Charger to work when a second driver drove into the driver's side of Gibson's vehicle. (*Id*.) Gibson's 2010 Dodge Charge was totaled. (*Id*.)

88. As of August 21, 2019, Gibson could not identify any out-of-pocket costs, such as those associated with taking time off from work, paying for rental cars or other transportation arrangements, and childcare, or loss-of use-expenses relating to the airbag recall repair, and/or loss-of-use expenses incurred. (D.E. 4490-2, 08/21/2019 Gibson Ans. to FCA First Set of Int. at #11.)

89. **Debra Johnson** owns a 2014 Dodge Charger, VIN: 2C3CDXBG7EH210106, subject to Recall No. 19v018. (SAC ¶ 72; D.E. 4490-7, 08/21/2019 Johnson Ans. to FCA First Set of Int. at #3.)

90. Johnson purchased the 2014 Dodge Charger new from Landmark Dodge Chrysler Jeep in Morrow, Georgia on July 31, 2014. (*Id*.) Johnson received a manufacturer's warranty with the purchase of her 2014 Dodge Charger. (D.E. 4490-8, 09/30/2020 Johnson Dep. Tr. at 134:11-15.)

91. Johnson does not recall viewing or hearing commercials through the radio, television, and internet that touted the safety and dependability of FCA's vehicles prior to purchasing her new 2014 Dodge Charger. (*Id*. at 133:5-14.) Other than reading reviews of other customers, Johnson did not rely on any statements about the 2014 Dodge Charger made by other people or in any written materials when she purchased her vehicle. (*Id*. at 129:12-21.)

92. Johnson never discussed the safety features in the 2014 Dodge Charger with the person from whom she purchased the vehicle. (D.E. 4490-9, 08/21/2019 Johnson Resp. to FCA First Set of RFA at #9.) Johnson never discussed the airbags in the 2014 Dodge Charger with the person from whom she purchased the vehicle. (*Id*. at #10.)

93. The airbags in Johnson's 2014 Dodge Charger never deployed while she owned the vehicle. (D.E. 4490-10, 07/01/2021 Johnson Resp. to FCA Second Set of RFA at #60.)

94. The passenger side airbag inflator in Johnson's 2014 Dodge Charger was repaired and replaced pursuant to recall on July 22, 2019 at no cost. (D.E. 4490-8, 09/30/2020 Johnson Dep. Tr. 215:22-216:2, 219:22-23; D.E. 4490-10, 07/01/2021 Johnson Resp. to FCA Second Set of RFA at #63.)

95. Johnson lacks evidence that she or any other Georgia consumer provided written notice to FCA identifying themselves as a claimant at least 30 days prior to filing a claim under the Georgia Fair Business Practices Act. Fed R. Civ. P. 56(c)(1)(B).

96. Johnson admitted that after the airbag in her 2014 Dodge Charger was replaced, she was not aware of any defect in the airbag of the vehicle. (D.E. 4490-9, 08/21/2019 Johnson Resp. to FCA First Set of RFA at #23.)

97. As of August 21, 2019, Johnson was unable to identify any out-of-pocket costs, such as those associated with taking time off from work, paying for rental cars or other transportation arrangements, and childcare, or loss-of use-expenses relating to the airbag recall repair. (D.E. 4490-7, 08/21/2019 Johnson Ans. to FCA First Set of Int. at #11.)

**North Carolina Plaintiff.**

98. **Laquintha O'Neal** owns a 2012 Dodge Charger, VIN: 2C3CDXBG6CH297767, subject to Recall #19v018. (SAC ¶ 81; D.E. 4490-11, 08/21/2019 O'Neal Ans. to FCA First Set of Int. at #3.)

99. O'Neal purchased a used 2012 Dodge Charger on March 8, 2015 from CarMax Auto Superstores, Inc. in Charlotte, North Carolina. (D.E. 4490-12, 09/03/2020 O'Neal Dep. Tr. at 101:16-20, O'Neal Deposition Ex. 4, O'NEAL_000004.) CarMax Auto Superstores, Inc. is not a Chrysler- or FCA-affiliated dealership. (D.E. 4490-13, 07/02/2021 O'Neal Resp. to FCA Second Set of RFA at #36.)

100. O'Neal purchased the 2012 Dodge Charger used and she is not the original owner of the vehicle. (D.E. 4490-11, 08/21/2019 O'Neal Ans. to FCA First Set of Int. at #3.)

101. O'Neal recalls viewing and hearing commercials through the radio, television, and internet about FCA's vehicles, but she does not recall which specific commercials. (*Id*. at #1.) O'Neal does not recall the dates or media on which she saw or heard those advertisements. (D.E. 4490-13, 07/02/2021 O'Neal Resp. to FCA Second Set of RFA at #33.) O'Neal did not hear about safety on these commercials. (D.E. 4490-12, 09/03/2020 O'Neal Dep. Tr. at 123:16-124:4.) O'Neal never saw a commercial about the 2012 Dodge Charger. (*Id*. at 124:24-125:3.) O'Neal has never seen a commercial about the 2012 Dodge Charger. (*Id*. at 124:21-125:3.) O'Neal did not rely on these commercials when she bought the 2012 Dodger Charger. (*Id*. at 125:13-15.)

102. O'Neal never discussed the safety features of the 2012 Dodge Charger with the sales representative at CarMax Auto Superstores, Inc. who assisted with her with the purchase.

(D.E. 4490-14, 08/21/2019 O'Neal Resp. to FCA First Set of RFA at #9.) O'Neal never discussed the airbags in the 2012 Dodge Charger with the sales representative at CarMax Auto Superstores, Inc. who assisted with her with the purchase. (D.E. 4490-12, 09/03/2020 O'Neal Dep. Tr. at 131:9-14; D.E. 4490-14, 08/21/2019 O'Neal Resp. to FCA First Set of RFA at #10.) The sales representative who assisted O'Neal was not a Chrysler or FCA employee or affiliated with Chrysler or FCA in any way. (D.E. 4490-13, 07/02/2021 O'Neal Resp. to FCA Second Set of RFA at #39.)

103. Prior to the purchase of the 2012 Dodge Charger, O'Neal reviewed a Car Max window sticker that was provided CarMax Auto Superstores, Inc. (D.E. 4490-12, 09/03/2020 O'Neal Dep. Tr. at 130:14-18 and O'Neal Deposition Ex 6, O'NEAL_000016.) The Car Max window sticker O'Neal reviewed does not mention FCA. (*Id*. at O'Neal Deposition Ex. 6, O'NEAL_000016.) The window sticker provided by CarMax to O'Neal mentions overhead and side airbags but does not mention frontal or passenger airbags. (*Id*. at 130:14-131:8.)

104. O'Neal had the passenger-side airbag replaced in her 2012 Dodge Charger on August 31, 2019 at no cost. (D.E. 4490-12, 09/03/2020 O'Neal Dep. Tr. at 181:10-182:5 and at O'Neal Deposition Exhibit13: O'NEAL_000047; D.E. 4490-13, 07/02/2021 O'Neal Resp. to FCA Second Set of RFA at #63.)

105. The airbags in O'Neal's 2012 Dodge Charger never deployed while she owned the vehicle. (D.E. 4490-13, 07/02/2021 O'Neal Resp. to FCA Second Set of RFA at #60.)

106. As of August 21, 2019, O'Neal was unable to identify any out-of-pocket costs, such as those associated with taking time off from work, paying for rental cars or other transportation arrangements, and childcare, or loss-of use-expenses relating to the airbag recall repair. (D.E. 4490-11, 08/21/2019 O'Neal Ans. to FCA First Set of Int. at #11.)

**FCA in Georgia**

107. Since at least 2015, FCA owns real property located at 1149 Citizens Parkway, Morrow, Georgia 30260 and operates a parts distribution facility at this location. (D.E. 4490-15, 2022 Clayton County Tax Commissioner Summary-FCA, also available at https://publicaccess.claytoncountyga.gov/Datalets/Datalet.aspx?sIndex=2&idx=1Clayton County Tax Assessor Value History-1149 CITIZENS PKWY, also available at

https://publicaccess.claytoncountyga.gov/datalets/datalet.aspx?mode=value_history_main&sIndex=2&idx=1&LMparent=20.)

Dated: July 12, 2024

Respectfully submitted,

By: */s/ Scott M. Sarason*
Scott M. Sarason
Florida Bar No. 0394718
ssarason@rumberger.com
RUMBERGER KIRK & CALDWELL
Brickell City Tower, Suite 3000
80 Southwest 8th Street
Miami, Florida 33130
Tel: (305) 995-5422
Fax: (786) 536-3446


By: */s/ Daniel T. Graham*
Daniel T. Graham (*pro hac vice*)
dgraham@clarkhill.com
Michael P. Croghan (*pro hac vice*)
mcroghan@clarkhill.com
Jeffrey M. Sniadanko (*pro hac vice*)
jsniadanko@clarkhill.com
Paul C. Do (*pro hac vice*)
pdo@clarkhill.com
CLARK HILL PLC
130 E. Randolph Street, Suite 3900
Chicago, Illinois 60601
Tel: (312) 985-5945 (Graham)
Fax: (312) 985-5954 (Graham)

*Attorneys for FCA US LLC*

7

19454174

## CERTIFICATE OF SERVICE

      I hereby certify that on July 12, 2024, a true and correct copy of the foregoing was filed via CM/ECF and served on all counsel of record via electronic notices generated by CM/ECF on July 12, 2024.

                                                    By: */s/ Scott M. Sarason*

19454174