# Exhibit A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| **IN RE: TAKATA AIRBAG PRODUCT LIABILITY LITIGATION** | MDL No. 2599 |
| This Document Relates to All Economic Loss Class Actions and: | Master File No. 15-MD-2599-FAM |
| | S.D. Fla. Case No. 1:14-cv-24009-FAM |
| STEPHANIE PUHALLA, et al., individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| MERCEDES-BENZ USA, LLC, | |
| Defendant. | |

# MERCEDES-BENZ USA, LLC'S PROPOSED
# VERDICT FORMS

Raoul G. Cantero
Jaime A. Bianchi
WHITE & CASE LLP
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

Troy M. Yoshino
Eric J. Knapp
WINSTON & STRAWN LLP
101 California Street, Suite 3500
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Attorneys for Defendant*
*Mercedes-Benz USA, LLC*

# TABLE OF CONTENTS

VERDICT FORM ON LIABILITY FOR COLORADO .................................................................. 2

VERDICT FORM ON DAMAGES FOR COLORADO .................................................................. 6

VERDICT FORM ON LIABILITY FOR CONNECTICUT ............................................................ 9

VERDICT FORM ON DAMAGES FOR CONNECTICUT .......................................................... 13

VERDICT FORM ON LIABILITY FOR GEORGIA ................................................................... 16

VERDICT FORM ON DAMAGES FOR GEORGIA ................................................................... 20

VERDICT FORM ON LIABILITY FOR HAWAII ...................................................................... 22

VERDICT FORM ON DAMAGES FOR HAWAII ...................................................................... 25

VERDICT FORM ON LIABILITY FOR IOWA .......................................................................... 27

VERDICT FORM ON DAMAGES FOR IOWA .......................................................................... 35

VERDICT FORM ON LIABILITY FOR MAINE ....................................................................... 38

VERDICT FORM ON DAMAGES FOR MAINE ....................................................................... 41

VERDICT FORM ON LIABILITY FOR MISSISSIPPI .............................................................. 43

VERDICT FORM ON DAMAGES FOR MISSISSIPPI .............................................................. 49

VERDICT FORM ON LIABILITY FOR NEBRASKA ............................................................... 52

VERDICT FORM ON DAMAGES FOR NEBRASKA ............................................................... 55

VERDICT FORM ON LIABILITY FOR NORTH CAROLINA ................................................... 57

VERDICT FORM ON DAMAGES FOR NORTH CAROLINA ................................................... 66

VERDICT FORM ON LIABILITY FOR OKLAHOMA ............................................................. 69

VERDICT FORM ON DAMAGES FOR OKLAHOMA ............................................................. 72

VERDICT FORM ON LIABILITY FOR OREGON .................................................................... 75

VERDICT FORM ON DAMAGES FOR OREGON .................................................................... 83

VERDICT FORM ON LIABILITY FOR RHODE ISLAND ........................................................ 86

VERDICT FORM ON DAMAGES FOR RHODE ISLAND ........................................................ 92

VERDICT FORM ON LIABILITY FOR UTAH ........................................................................ 95

VERDICT FORM ON DAMAGES FOR UTAH ........................................................................ 98

VERDICT FORM ON LIABILITY FOR VERMONT ............................................................... 101

VERDICT FORM ON DAMAGES FOR VERMONT ............................................................... 106

VERDICT FORM ON LIABILITY FOR VIRGINIA ................................................................ 109

VERDICT FORM ON DAMAGES FOR VIRGINIA ................................................................ 113

VERDICT FORM ON LIABILITY FOR WASHINGTON ......................................................... 115

VERDICT FORM ON DAMAGES FOR WASHINGTON ......................................................... 119

VERDICT FORM ON LIABILITY FOR WEST VIRGINIA ...................................................... 122

VERDICT FORM ON DAMAGES FOR WEST VIRGINIA .................................................... 128

VERDICT FORM ON LIABILITY FOR WISCONSIN ........................................................... 133

VERDICT FORM ON DAMAGES FOR WISCONSIN ......................................................... 136

At the hearing on May 29, 2024, the Court suggested that the parties submit proposed verdict forms for all remaining claims in the action; among other reasons, to illuminate what plaintiffs will need to prove at trial.  D.E. 4792 at 27:10–25.  As shown in its July 12, 2024, motion for summary judgment, MBUSA believes it is entitled to summary judgment all remaining claims.  Without waiving these positions or the arguments in its pending motion to dismiss (D.E. 4545) and opposition to class certification (D.E. 4635; D.E. 4673; D.E. 4678; D.E. 4765), the following verdict forms assume this case will be tried on the present record.

Among other things, as the Court noted in its January 31, 2023, order denying plaintiffs' motion for partial reconsideration of its summary judgment order, plaintiffs have disclaimed all other compensatory damages besides their benefit-of-the-bargain damages as calculated by Professor Dubé.  D.E. 4538 at 10.[1]  MBUSA reserves the right to alter, amend, or modify the proposed verdict forms, including in response to further developments relating to the pending motions, during trial, or any further orders or directives from the Court.

---

[1] *See also* D.E. 4482, 10/21/2022 Hr'g Tr., at 55:8–20, 57:8–12 (plaintiffs' counsel conceding that Dr. Dubé's benefit-of-the-bargain calculation is the only damages sought and that if Dubé does not testify, plaintiffs lose: "THE COURT: If Dr. Dubé doesn't get to testify, you lose. MR. WEINSHALL: If he does not get to testify - - THE COURT: That's also an all or nothing thing. MR. WEINSHALL: That is all or nothing, Your Honor."); *id.* at 55:15–20 (plaintiffs' counsel stating that loss of use and out-of-pocket damages are "not what we're seeking to recover in this case"); D.E. 4249 at 22 n.6–7 (plaintiffs conceding they "are not seeking post-repair diminution in value" damages or "stigma" damages).

## **VERDICT FORM ON LIABILITY FOR COLORADO**

**Claim for Fraudulent Concealment**

1. Do you find by a preponderance of the evidence that Bridges is a resident of Colorado?

   Answer:     **Yes** _____ **No** _____

2. Do you find by a preponderance of the evidence that Bridges was injured in Colorado?

   Answer:     **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 1 or 2, proceed to Question 3.  If you answered "No" to Questions 1 and 2, please do not answer any other questions in this section.]*

3. Do you find by a preponderance of the evidence that MBUSA knew of a defect[2] in Takata airbag inflators included in Bridges' vehicle prior to Bridges' purchase of her vehicle on April 4, 2014?

   Answer:     **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, please do not answer any other questions in this section.]*

4. Do you find by a preponderance of the evidence that MBUSA owed Bridges a duty to disclose material facts?

   Answer:     **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 4, proceed to Question 5.  If you answered "No" to Question 4, proceed to Question 8.]*

5. Do you find by a preponderance of the evidence that, in its representations to Bridges, MBUSA failed to disclose material facts to Bridges regarding a defect in Takata airbag inflators?

   Answer:     **Yes** _____ **No** _____

   If yes, what were the specific representations?  _____

   _____

   _____

---

[2] "Defect" refers to the use of ammonium nitrate as propellant.  *See* D.E. 4026, 2d Am. Consol. Compl., ¶ 4 (defining "Inflator Defect").

*[If you answered "Yes" to Question 5, proceed to Question 6.  If you answered "No" to Question 5, proceed to Question 8.]*

6.  Do you find by a preponderance of the evidence that, in purchasing her vehicle, Bridges justifiably relied on the representations that you identified in Question 5?

   Answer:   **Yes** _____   **No** _____

   *[If you answered "Yes" to Question 6, proceed to Question 7.  If you answered "No" to Question 6, proceed to Question 8.]*

7.  Do you find by a preponderance of the evidence that Bridges was damaged as a result of her reliance on the representations that you identified in Question 5?

   Answer:   **Yes** _____   **No** _____

8.  Do you find by a preponderance of the evidence that, in its representations to Bridges, MBUSA made an affirmative misrepresentation regarding a defect in Takata airbag inflators in her vehicle?

   Answer:   **Yes** _____   **No** _____

   If yes, what were the specific representations?  _____

   _____

   _____

   *[If you answered "Yes" to Question 8, proceed to Question 9.  If you answered "No" to Question 8 but answered "Yes" to Question 7, proceed to Question 11.  If you answered "No" to Question 8 and either answered "No" to Question 7 or did not answer Question 7, please do not answer any other questions in this section.]*

9.  Do you find by a preponderance of the evidence that, in purchasing her vehicle, Bridges justifiably relied on MBUSA's affirmative misrepresentation that you identified in Question 8?

   Answer:   **Yes** _____   **No** _____

   *[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 9 but answered "Yes" to Question 7, proceed to Question 11.  If you answered "No" to Question 9 and either answered "No" to Question 7 or did not answer Question 7, please do not answer any other questions in this section.]*

10.  Do you find by a preponderance of the evidence that Bridges was damaged as a result of her reliance on MBUSA's affirmative misrepresentation that you identified in Question 8?

   Answer:   **Yes** _____   **No** _____

3

*[If you answered "Yes" to Question 10, proceed to Question 11. If you answered "No" to Question 10 but answered "Yes" to Question 7, proceed to Question 11. If you answered "No" to Question 10 and either answered "No" to Question 7 or did not answer Question 7, please do not answer any other questions in this section.]*

11. Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators included in class vehicles prior to the sale of **any** class vehicles, which started to be sold as early as 2004?

   Answer:     **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 11, proceed to Question 12. If you answered "No" to Question 11, please do not answer any other questions in this section.]*

12. Do you find by a preponderance of the evidence that MBUSA owed **every** class member a duty to disclose material facts?

   Answer:     **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 12, proceed to Question 13. If you answered "No" to Question 13, proceed to Question 16.]*

13. Do you find by a preponderance of the evidence that in its representations to **all** class members, MBUSA failed to disclose material facts to **all** class members regarding a defect in Takata airbag inflators?

   Answer:     **Yes** _____ **No** _____

   If yes, what were the specific representations? _____

   _____

   _____

   *[If you answered "Yes" to Question 13, proceed to Question 14. If you answered "No" to Question 13, proceed to Question 16.]*

14. Do you find by a preponderance of the evidence that **every** class member justifiably relied on the representations that you identified in Question 13?

   Answer:     **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 14, proceed to Question 15. If you answered "No" to Question 14, proceed to Question 16.]*

15. Do you find by a preponderance of the evidence that **all** class members were damaged as a result of their reliance on the representations that you identified in Question 13?

4

Answer:  **Yes** _____  **No** _____

16. Do you find by a preponderance of the evidence that, in its representations to **all** class members, MBUSA made an affirmative misrepresentation regarding a defect in Takata airbag inflators in the class vehicles?

Answer:  **Yes** _____  **No** _____

If yes, what were the specific representations? _____

_____

_____

*[If you answered "Yes" to Question 16, proceed to Question 17.  If you answered "No" to Question 16, please do not answer any other questions in this section.]*

17. Do you find by a preponderance of the evidence that **every** class member justifiably relied on MBUSA's affirmative misrepresentation that you identified in Question 16?

Answer:  **Yes** _____  **No** _____

*[If you answered "Yes" to Question 17, proceed to Question 18.  If you answered "No" to Question 17, please do not answer any other questions in this section.]*

18. Do you find by a preponderance of the evidence that evidence that **all** class members were damaged as a result of their reliance on MBUSA's affirmative misrepresentation that you identified in Question 16?

Answer:  **Yes** _____  **No** _____

## <u>VERDICT FORM ON DAMAGES FOR COLORADO</u>

*[Answer the following questions only if you answered "Yes" to Question 7, Question 10, Question 15, or Question 18 in the section "Verdict Form on Liability for Colorado." Otherwise, answer no questions in this section and proceed to the section "Verdict Form on Liability for Connecticut."]*

### <u>Compensatory Damages</u>

1.  Do you find, by clear and convincing evidence, that Bridges' vehicle would have cost less at the point of sale a result of the defect?

    Answer:      **Yes _____ No _____**

    *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, proceed to Question 7.]*

2.  What amount do you find (if any), by clear and convincing evidence, to be the amount by which Bridges' vehicle would have cost less at the point of sale as a result of the defect?

    Answer:      **$ _____**

3.  Do you find, by clear and convincing evidence, that MBUSA offered to replace the airbag inflators in Bridges' vehicle for free?

    Answer:      **Yes _____ No _____**

    *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 1, proceed to Question 5.]*

4.  Given MBUSA's offer to replace the airbag inflators in Bridges' vehicle for free, what amount do you find, by clear and convincing evidence, to be the cost to Bridges to repair the defect?

    Answer:      **$ _____**

5.  Do you find, by clear and convincing evidence, that Bridges failed to exercise ordinary care and could have minimized or avoided damages?

    Answer:      **Yes _____ No _____**

    *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, proceed to Question 6.]*

6.  What amount do you find (if any), by clear and convincing evidence, to be the amount by which Bridges could have minimized or avoided damages?

    Answer**:**      **$ _____**

7. Do you find, by clear and convincing evidence, that **all** class vehicles would have cost less at the point of sale as a result of the defect?

   Answer:      **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8. What amount do you find (if any), by clear and convincing evidence, to be the amount by which **all** class vehicles would cost less at the point of sale as a result of the defect?

   Answer:      **$** _____

9. Do you find, by clear and convincing evidence, that MBUSA offered to replace the airbag inflators in the class vehicles for free?

   Answer:      **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 1, proceed to Question 11.]*

10. Given MBUSA's offer to replace the airbag inflators in the class vehicles for free, what amount do you find, by clear and convincing evidence, to be the cost to the class members to repair the defect?

    Answer:      **$** _____

11. Do you find, by clear and convincing evidence, that **all** class members failed to exercise ordinary care and could have minimized or avoided damages?

    Answer:      **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 8, proceed to Question 9. If you answered "No" to Question 8, proceed to Question 11.]*

12. What amount do you find (if any), by clear and convincing evidence, to be the amount by which the class members could have minimized or avoided damages?

    Answer**:**      **$** _____

13. Do you find by clear and convincing evidence that nonparties Takata Corporation and its related entities, including TK Holdings, Inc. were negligent?

    Answer:      **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 11, proceed to Question 12.  If you answered "No" to Question 11, please do not answer any other questions in this section.]*

14. Do you find by clear and convincing evidence that the negligence of nonparties Takata Corporation and its related entities was a cause of any of the damages claimed by the class members?

Answer:        **Yes** _____ **No** _____

*[If you answered "Yes" to Question 12, proceed to Question 13.  If you answered "No" to Question 12, please do not answer any other questions in this section.]*

15. By what percentage do you find that the negligence of nonparties Takata Corporation and its related entities caused any of the damages claimed by the class members?

Answer**:**        _____%

## Punitive Damages

1. Do you find, beyond a reasonable doubt, that MBUSA's conduct constituted fraud, malice, or willful and wanton conduct?

Answer:        **Yes** _____ **No** _____

*[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, please do not answer any other questions in this section.]*

2. What amount do you find (if any), beyond a reasonable doubt, to be punitive damages required to deter MBUSA's conduct?

Answer:        **Punitive Damages: $** _____

## VERDICT FORM ON LIABILITY FOR CONNECTICUT

**Claim for Violation of the Connecticut Unfair Trade Practices Act**

1. Do you find by a preponderance of the evidence that Radican is a resident of Connecticut?

   Answer:   **Yes** _____ **No** _____

2. Do you find by a preponderance of the evidence that Radican was injured in Connecticut?

   Answer:   **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 1 or 2, proceed to Question 3.  If you answered "No" to Questions 1 and 2, please do not answer any other questions in this section.]*

3. Do you find by a preponderance of the evidence that Radican filed her claim within three years of her purchase of the vehicle on October 8, 2007?

   Answer:   **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, please do not answer any other questions in this section.]*

4. Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators included in Radican's vehicle prior to Radican's purchase of her vehicle on October 8, 2007?

   Answer:   **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 4, proceed to Question 5.  If you answered "No" to Question 4, please do not answer any other questions in this section.]*

5. Do you find by a preponderance of the evidence that, in its representations to Radican, MBUSA failed to disclose material facts to Radican regarding a defect in Takata airbag inflators?

   Answer:   **Yes** _____ **No** _____

   If yes, what were the specific representations?  _____

   _____

   _____

6. Do you find by a preponderance of the evidence that, in its representations to Radican, MBUSA made an affirmative misrepresentation regarding a defect in Takata airbag inflators in her vehicle?

Answer:      **Yes** _____ **No** _____

If yes, what were the specific representations? _____

_____

_____

*[If you answered "Yes" to either Question 5 or Question 6, proceed to Question 7. If you answered "No" to both Question 5 and Question 6, please do not answer any other questions in this section.]*

7.  Do you find by a preponderance of the evidence that the representations you identified in Question 6 or Question 7 were likely to mislead Radican?

Answer:      **Yes** _____ **No** _____

*[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8.  Do you find by a preponderance of the evidence that Radican reasonably interpreted the representations that you identified in Question 6 or Question 7?

Answer:      **Yes** _____ **No** _____

*[If you answered "Yes" to Question 8, proceed to Question 9.  If you answered "No" to Question 8, please do not answer any other questions in this section.]*

9.  Do you find by a preponderance of the evidence that the representations you identified in Question 6 or Question 7 occurred in the course of MBUSA's trade or commerce?

Answer:      **Yes** _____ **No** _____

*[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 9, please do not answer any other questions in this section.]*

10. Do you find by a preponderance of the evidence that the representations you identified in Question 6 or Question 7 were material in affecting Radican's decisions or conduct?

Answer:      **Yes** _____ **No** _____

*[If you answered "Yes" to Question 10, proceed to Question 11.  If you answered "No" to Question 10, please do not answer any other questions in this section.]*

11. Do you by a preponderance of the evidence that Radican suffered an ascertainable loss of money or property on account of the representations that you identified in Question 6 or Question 7?

Answer:      **Yes** _____ **No** _____

*[If you answered "Yes" to Question 11, proceed to Question 12. If you answered "No" to Question 11, please do not answer any other questions in this section.]*

12. Do you find by a preponderance of the evidence that Radican's damages were proximately caused by an alteration or modification to the Takata airbag inflators by someone other than MBUSA after her vehicle left MBUSA's control?

   Answer: **Yes** _____ **No** _____

13. Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators included in the class vehicles prior to the sale of **<u>any</u>** class vehicles, which started to be sold as early as 2004?

   Answer: **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 13, proceed to Question 14. If you answered "No" to Question 13, please do not answer any other questions in this section.]*

14. Do you find by a preponderance of the evidence that in its representations to **<u>all</u>** class members, MBUSA failed to disclose material facts to **<u>all</u>** class members regarding a defect in Takata airbag inflators?

   Answer: **Yes** _____ **No** _____

   If yes, what were the specific representations? _____

   _____

   _____

15. Do you find by a preponderance of the evidence that, in its representations to **<u>all</u>** class members, MBUSA made an affirmative misrepresentation regarding a defect in Takata airbag inflators in the class vehicles?

   Answer: **Yes** _____ **No** _____

   If yes, what were the specific representations? _____

   _____

   _____

   *[If you answered "Yes" to either Question 14 or Question 15, proceed to Question 16. If you answered "No" to both Question 14 and Question 15, please do not answer any other questions in this section.]*

16. Do you find by a preponderance of the evidence that the representations you identified in Question 14 or Question 15 were likely to mislead **<u>every</u>** class member?

Answer:    **Yes** _____    **No** _____

*[If you answered "Yes" to Question 16, proceed to Question 17.  If you answered "No" to Question 16, please do not answer any other questions in this section.]*

17. Do you find by a preponderance of the evidence that **every** class reasonably interpreted the representations that you identified in Question 14 or Question 15??

Answer:    **Yes** _____    **No** _____

*[If you answered "Yes" to Question 17, proceed to Question 18.  If you answered "No" to Question 17, please do not answer any other questions in this section.]*

18. Do you find by a preponderance of the evidence that the representations you identified in Question 14 or Question 15 occurred in the course of its trade or commerce?

Answer:    **Yes** _____    **No** _____

*[If you answered "Yes" to Question 18, proceed to Question 19.  If you answered "No" to Question 18, please do not answer any other questions in this section.]*

19. Do you find by a preponderance of the evidence that the representations you identified in Question 14 or Question 15 were material in affecting **all** class members' decisions or conduct?

Answer:    **Yes** _____    **No** _____

*[If you answered "Yes" to Question 19, proceed to Question 20.  If you answered "No" to Question 19, please do not answer any other questions in this section.]*

20. Do you find by a preponderance of the evidence that **all** class members suffered an ascertainable loss of money or property on account of MBUSA's misleading statement and/or omission?

Answer:    **Yes** _____    **No** _____

*[If you answered "Yes" to Question 20, proceed to Question 21.  If you answered "No" to Question 20, please do not answer any other questions in this section.]*

21. Do you find by a preponderance of the evidence that the class members' damages were proximately caused by an alteration or modification to the Takata airbag inflators by someone other than MBUSA after the vehicles left MBUSA's control?

Answer:    **Yes** _____    **No** _____

## **VERDICT FORM ON DAMAGES FOR CONNECTICUT**

*[Answer the following questions only if you answered "No" to Question 12 or Question 21 in the section "Verdict Form on Liability for Connecticut." Otherwise, answer no questions in this section and proceed to the section "Verdict Form on Liability for Georgia."]*

### **Compensatory Damages**

1. Do you find, by a preponderance of the evidence, that Radican's vehicle has would have cost less at the point of sale as a result of the defect?

     Answer:     **Yes** _____ **No** _____

     *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, proceed to Question 7.]*

2. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which Radican's vehicle would have cost less at the point of sale as a result of the defect?

     Answer:     **$** _____

3. Do you find, by a preponderance of evidence, that MBUSA offered to replace the airbag inflators in Bridges' vehicle for free?

     Answer:     **Yes** _____ **No** _____

     *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, proceed to Question 5.]*

4. Given MBUSA's offer to replace the airbag inflators in Bridges' vehicle for free, what amount do you find, by a preponderance of evidence, to be the cost to Bridges to repair the defect?

     Answer:     **$** _____

5. Do you find, by a preponderance of the evidence, that Radican failed to exercise ordinary care and could have minimized or avoided damages?

     Answer:     **Yes** _____ **No** _____

     *[If you answered "Yes" to Question 5, proceed to Question 6. If you answered "No" to Question 5, proceed to Question 7.]*

6. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which Radican could have minimized or avoided damages?

     Answer**:**     **$** _____

13

7. Do you find, by a preponderance of the evidence, that **all** class vehicles would have cost less at the point of sale as a result of the defect?

    Answer:      **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which **all** class vehicles would have cost less at the point of sale as a result of the defect?

    Answer:      **$** _____

9. Do you find, by a preponderance of evidence, that MBUSA offered to replace the airbag inflators in the class vehicles for free?

    Answer:      **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 1, proceed to Question 11.]*

10. Given MBUSA's offer to replace the airbag inflators in the class vehicles for free, what amount do you find, by a preponderance of evidence, to be the cost to the class members to repair the defect?

    Answer:      **$** _____

11. Do you find, by a preponderance of the evidence, that **all** class members failed to exercise ordinary care and could have minimized or avoided damages?

    Answer:      **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 11, proceed to Question 12. If you answered "No" to Question 11, proceed to Question 13.]*

12. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which the class members could have minimized or avoided damages?

    Answer**:**      **$** _____

13. Do you find by a preponderance of the evidence that nonparties Takata Corporation and its related entities, including TK Holdings, Inc. were negligent?

    Answer:      **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 13, proceed to Question 14.  If you answered "No" to Question 13, please do not answer any other questions in this section.]*

14. Do you find by a preponderance of the evidence that the negligence of nonparties Takata Corporation and its related entities was a cause of any of the damages claimed by the class members?

      Answer:       **Yes** _____ **No** _____

*[If you answered "Yes" to Question 14, proceed to Question 15. If you answered "No" to Question 14, please do not answer any other questions in this section.]*

15. By what percentage do you find that the negligence of nonparties Takata Corporation and its related entities caused any of the damages claimed by the class members?

      Answer**:**       _____%

## Punitive Damages

1. Do you find, by clear and convincing evidence, that MBUSA's conduct constituted willful and wanton disregard for the rights or safety of another?

      Answer:       **Yes** _____ **No** _____

*[If you answered "Yes" to Question 1, proceed to Question 2. If you answered "No" to Question 1, please do not answer any other questions in this section.]*

2. What amount do you find (if any), by clear and convincing evidence, to be punitive damages reasonably related to MBUSA's conduct?

      Answer:       **Punitive Damages: $** _____

## <u>VERDICT FORM ON LIABILITY FOR GEORGIA</u>

**<u>Claim for Violation of the Georgia Fair Business Practices Act</u>**

1. Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators included in Calhoun's vehicle prior to Calhoun's purchase of her vehicle on September 22, 2015?

    Answer:      **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, please do not answer any other questions in this section.]*

2. Do you find by a preponderance of the evidence that, in its representations to Calhoun, MBUSA made an affirmative misrepresentation regarding a defect in Takata airbag inflators in Calhoun's vehicle?

    Answer:      **Yes** _____ **No** _____

    If yes, what were the specific representations? _____

    _____

    _____

3. Do you find by a preponderance of the evidence that, in its representations to Calhoun, MBUSA concealed material facts regarding a defect in Takata airbag inflators in Calhoun's vehicle?

    Answer:      **Yes** _____ **No** _____

    If yes, what were the specific representations? _____

    _____

    _____

4. Do you find by a preponderance of the evidence that MBUSA owed Calhoun a duty to disclose material facts?

    Answer:      **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 4, proceed to Question 5.  If you answered "No" to Question 4, proceed to Question 6.]*

5. Do you find by a preponderance of the evidence that, in its representations to Calhoun, MBUSA failed to disclose material facts regarding a defect in Takata airbag inflators in Calhoun's vehicle?

Answer:      **Yes** _____     **No** _____

If yes, what were the specific representations?  _____

_____

_____

6.  Do you find by a preponderance of the evidence that the representations you identified in Question 2, 3, or 5 occurred in the course of MBUSA's trade or commerce?

Answer:      **Yes** _____     **No** _____

*[If you answered "Yes" to Question 6, proceed to Question 7.  If you answered "No" to Question 6, please do not answer any other questions in this section.]*

7.  Do you find by a preponderance of the evidence that Calhoun justifiably relied on the representations that you identified in Questions 2, 3, or 5?

Answer:      **Yes** _____     **No** _____

*[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8.  Do you find by a preponderance of the evidence that Calhoun was damaged as a result of her reliance on the representations that you identified in Questions 2, 3, or 5?

Answer:      **Yes** _____     **No** _____

**Claim for Fraudulent Concealment**

1.  Do you find by a preponderance of the evidence that Calhoun filed her claim within two years of her purchase of the vehicle on September 22, 2015?

Answer:      **Yes** _____     **No** _____

*[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, please do not answer any other questions in this section.]*

2.  Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators included in Calhoun's vehicle prior to Calhoun's purchase of her vehicle on September 22, 2015?

Answer:      **Yes** _____     **No** _____

*[If you answered "Yes" to Question 2, proceed to Question 3.  If you answered "No" to Question 2, please do not answer any other questions in this section.]*

17

3. Do you find by a preponderance of the evidence that, in its representations to Calhoun, MBUSA made an affirmative misrepresentation regarding a defect in Takata airbag inflators in Calhoun's vehicle?

Answer:     **Yes** _____ **No** _____

If yes, what were the specific representations? _____

_____

_____

4. Do you find by a preponderance of the evidence that, in its representations to Calhoun, MBUSA concealed material facts regarding a defect in Takata airbag inflators in Calhoun's vehicle?

Answer:     **Yes** _____ **No** _____

If yes, what were the specific representations? _____

_____

_____

5. Do you find by a preponderance of the evidence that MBUSA had a confidential or special relationship with Calhoun?

Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 5, proceed to Question 6.  If you answered "No" to Question 5, proceed to Question 7.]*

6. Do you find by a preponderance of the evidence that, in its representations to Calhoun, MBUSA failed to disclose material facts regarding a defect in Takata airbag inflators in Calhoun's vehicle?

Answer:     **Yes** _____ **No** _____

If yes, what were the specific representations? _____

_____

_____

7. Do you find by a preponderance of the evidence that Calhoun justifiably relied on the representations that you identified in Questions 3, 4, or 6?

Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8.  Do you find by a preponderance of the evidence that Calhoun was damaged as a result of her reliance on the representations that you identified in Questions 3, 4, or 6?

Answer:     **Yes** _____ **No** _____

## VERDICT FORM ON DAMAGES FOR GEORGIA

*[Answer the following questions only if you answered "Yes" to Question 8 in the section "Verdict Form on Liability for Georgia: Claim for Violation of the Georgia Fair Business Practices Act" or Question 8 in the section "Verdict Form on Liability for Georgia: Claim for Fraudulent Concealment."  Otherwise, answer no questions in this section and proceed to the section "Verdict Form on Liability for Hawaii."]*

### Compensatory Damages

1.  Do you find, by a preponderance of the evidence, that Calhoun's vehicle would have cost less at the point of sale as a result of the defect?

    Answer:  **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, please proceed to Question 7.]*

2.  What do you find, by a preponderance of the evidence, to be the amount (if any) by which Calhoun's vehicle would have cost less at the point of sale as a result of the defect?

    Answer:  **$** _____

3.  Do you find, by a preponderance of the evidence, that MBUSA offered to replace the airbag inflators in Calhoun's vehicle for free?

    Answer:  **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, proceed to Question 5.]*

4.  Given MBUSA's offer to replace the airbag inflators in Calhoun's vehicle for free, what amount do you find, by a preponderance of the evidence, to be the cost to Calhoun to repair the defect?

    Answer:  **$** _____

5.  Do you find, by a preponderance of the evidence, that Calhoun failed to exercise ordinary care and could have minimized or avoided damages?

    Answer:  **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 5, proceed to Question 6. If you answered "No" to Question 5, proceed to Question 7.]*

6.  What amount do you find (if any), by a preponderance of the evidence, to be the amount by which Calhoun could have minimized or avoided damages?

Answer**:**        $ _____

7. Do you find, by a preponderance of the evidence, that nonparties Takata Corporation and its related entities, including TK Holdings, Inc. were negligent?

Answer:        **Yes _____ No _____**

*[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8. Do you find, by a preponderance of the evidence, that the negligence of nonparties Takata Corporation and its related entities was a cause of any of the damages claimed by Calhoun?

Answer:        **Yes _____ No _____**

*[If you answered "Yes" to Question 8, proceed to Question 9.  If you answered "No" to Question 8, please do not answer any other questions in this section.]*

9. By what percentage do you find that the negligence of nonparties Takata Corporation and its related entities caused any of the damages claimed by the class members?

Answer**:**        _____%

## Punitive Damages

1. Do you find, by clear and convincing evidence, that MBUSA's conduct showed willful misconduct, malice, fraud, wantonness, oppression, or entire want of care?

Answer:        **Yes _____ No _____**

*[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, please do not answer any other questions in this section.]*

2. What amount do you find (if any), by clear and convincing evidence, to be punitive damages required to deter MBUSA's conduct?

Answer:        **Punitive Damages: $ _____**

## VERDICT FORM ON LIABILITY FOR HAWAII

**Claim for Violation of the Hawaii Unfair and Deceptive Acts or Trade Practices Act**

1. Do you find by a preponderance of the evidence that Radican is a resident of Hawaii?

   Answer:     **Yes** _____ **No** _____

2. Do you find by a preponderance of the evidence that Radican was injured in Hawaii?

   Answer:     **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 1 or 2, proceed to Question 3.  If you answered "No" to Questions 1 and 2, please do not answer any other questions in this section.]*

3. Do you find by a preponderance of the evidence that Radican filed her claim within three years of her purchase of the vehicle on October 8, 2007?

   Answer:     **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, please do not answer any other questions in this section.]*

4. Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators included in Radican's vehicle prior to Radican's purchase of her vehicle on October 8, 2007?

   Answer:     **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 4, proceed to Question 5.  If you answered "No" to Question 4, please do not answer any other questions in this section.]*

5. Do you find by a preponderance of the evidence that Radican purchased her vehicle primarily for personal, family, or household purposes?

   Answer:     **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 5, proceed to Question 6.  If you answered "No" to Question 5, please do not answer any other questions in this section.]*

6. Do you find by a preponderance of the evidence that MBUSA engaged in an act or practice that was unfair or deceptive related to the Takata airbag inflators in Radican's vehicle?

   Answer:     **Yes** _____ **No** _____

   If yes, what was the unfair or deceptive act or practice? _____

   _____

_____

*[If you answered "Yes" to Question 6, proceed to Question 7.  If you answered "No" to Question 6, please do not answer any other questions in this section.]*

7.  Do you find by a preponderance of the evidence that the unfair or deceptive act or practice that you identified in Question 6 occurred in the course of MBUSA's trade or commerce?

        Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8.  Do you find by a preponderance of the evidence that Radican was damaged as a result of the unfair or deceptive act or practice that you identified in Question 6?

        Answer:     **Yes** _____ **No** _____

9.  Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators included in class vehicles prior to the sale of **<u>any</u>** class vehicles, which started to be sold as early as 2004?

        Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 9, please do not answer any other questions in this section.]*

10. Do you find by a preponderance of the evidence that **<u>every</u>** class plaintiff purchased their vehicle primarily for personal, family, or household purposes?

        Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 10, proceed to Question 11.  If you answered "No" to Question 10, please do not answer any other questions in this section.]*

11. Do you find by a preponderance of the evidence that MBUSA engaged in an act or practice that was unfair or deceptive related to the Takata airbag inflators in **<u>every</u>** class member's vehicle?

        Answer:     **Yes** _____ **No** _____

        If yes, what was the unfair or deceptive act or practice? _____

_____

_____

*[If you answered "Yes" to Question 11, proceed to Question 12.  If you answered "No" to Question 11, please do not answer any other questions in this section.]*

12. Do you find by a preponderance of the evidence that the unfair or deceptive act or practice that you identified in Question 11 occurred in the course of MBUSA's trade or commerce?

      Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 12, proceed to Question 13. If you answered "No" to Question 12, please do not answer any other questions in this section.]*

13. Do you find by a preponderance of the evidence that **<u>every</u>** class member was damaged as a result of the unfair or deceptive act or practice that you identified in Question 11?

      Answer:     **Yes** _____ **No** _____

## **VERDICT FORM ON DAMAGES FOR HAWAII**

*[Answer the following questions only if you answered "Yes" to Question 8 or Question 13 in the section "Verdict Form on Liability for Hawaii."  Otherwise, answer no questions in this section and proceed to the section "Verdict Form on Liability for Iowa."]*

### **Compensatory Damages**

1.  Do you find, by a preponderance of the evidence, that Radican's vehicle would have cost less at the point of sale as a result of the defect?

    Answer:      **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, proceed to Question 7.]*

2.  What do you find, by a preponderance of the evidence, to be the amount (if any) by which Radican's vehicle would have cost less at the point of sale as a result of the defect?

    Answer:      **$** _____

3.  Do you find, by a preponderance of the evidence, that MBUSA offered to replace the airbag inflators in Radican's vehicle for free?

    Answer:      **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, proceed to Question 5.]*

4.  Given MBUSA's offer to replace the airbag inflators in Radican's vehicle for free, what amount do you find, by a preponderance of the evidence, to be the cost to Radican to repair the defect?

    Answer:      **$** _____

5.  Do you find, by a preponderance of the evidence, that Radican failed to exercise ordinary care and could have minimized or avoided damages?

    Answer:      **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 5, proceed to Question 6. If you answered "No" to Question 5, proceed to Question 7.]*

6.  What amount do you find (if any), by a preponderance of the evidence, to be the amount by which Radican could have minimized or avoided damages?

    Answer**:**      **$** _____

7. Do you find, by a preponderance of the evidence, that **all** class vehicles would have cost less at the point of sale as a result of the defect?

        Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8. What do you find (if any), by a preponderance of the evidence, to be the amount (if any) by which Radican's vehicle would have cost less at the point of sale as a result of MBUSA's actions?

        Answer:    **$** _____

9. Do you find, by a preponderance of the evidence, that MBUSA offered to replace the airbag inflators in the class vehicles for free?

        Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 9, proceed to Question 11.]*

10. Given MBUSA's offer to replace the airbag inflators in the class vehicles for free, what amount do you find, by a preponderance of the evidence, to be the cost to the class members to repair the defect?

        Answer:    **$** _____

11. Do you find, by a preponderance of the evidence, that **all** class members failed to exercise ordinary care and could have minimized or avoided damages?

        Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 11, proceed to Question 12. If you answered "No" to Question 11, please do not answer any other questions in this section.]*

12. What do you find, by a preponderance of the evidence, to be the amount (if any) by which the class members could have minimized or avoided damages?

        Answer**:**    **$** _____

## <u>VERDICT FORM ON LIABILITY FOR IOWA</u>

**<u>Claim for Fraudulent Concealment</u>**

1. Do you find by a preponderance of the evidence that MBUSA knew of a defect in the Takata airbag inflators in Knapp's vehicle prior to Knapp's purchase of her vehicle on May 27, 2011?

    Answer:    **Yes** _____    **No** _____

    *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, please do not answer any other questions in this section.]*

2. Do you find by a preponderance of the evidence that MBUSA owed Knapp a duty to disclose material facts?

    Answer:    **Yes** _____    **No** _____

3. Do you find by a preponderance of the evidence that, in its representations to Knapp, MBUSA concealed or failed to disclose material facts to Knapp regarding a defect in Takata airbag inflators in her vehicle?

    Answer:    **Yes** _____    **No** _____

    If yes, what were the specific representations?  _____

    _____

    _____

4. Do you find by a preponderance of the evidence that MBUSA made a false representation to Knapp regarding a defect in Takata airbag inflators in her vehicle?

    Answer:    **Yes** _____    **No** _____

    If yes, what were the specific representations?  _____

    _____

    _____

    *[If you answered "Yes" to Question 4, proceed to Question 5.  If you answered "No" to Question 4 but answered "Yes" to Question 3, proceed to Question 6.  If you answered "No" to both Question 3 and Question 4, please do not answer any other questions in this section.]*

5. Do you find by a preponderance of the evidence that when MBUSA made the representation that you identified in Question 4, MBUSA knew that the representation was false?

Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 5, proceed to Question 6.  If you answered "No" to Question 5 but answered "Yes" to Question 3, proceed to Question 6.  If you answered "No" to both Question 3 and Question 5, please do not answer any other questions in this section.]*

6.  Do you find by a preponderance of the evidence that MBUSA's representation that you identified in Question 3 or Question 4 was material?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 6, proceed to Question 7.  If you answered "No" to Question 6, please do not answer any other questions in this section.]*

7.  Do you find by a preponderance of evidence that MBUSA made the representation that you identified in Question 3 or Question 4 with the intent to deceive Knapp?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8.  Do you find by a preponderance of evidence that Knapp relied on MBUSA's representation that you identified in Question 3 or Question 4 and, if so, that such reliance was justified?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 8, proceed to Question 9.  If you answered "No" to Question 8, please do not answer any other questions in this section.]*

9.  Do you find by a preponderance of the evidence that Knapp was damaged as a result of MBUSA's representation that you identified in Question 3 or Question 4?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 10, please do not answer any other questions in this section.]*

10. Do you find, by a preponderance of the evidence, that Knapp's damages were proximately caused by an alteration or modification to the Takata airbag inflators by someone other than MBUSA after her vehicle left MBUSA's control?

    Answer:     **Yes** _____ **No** _____

11. Do you find by a preponderance of evidence that MBUSA knew of a defect in Takata airbag inflators prior to the sale of **any** class vehicles, which started to be sold as early as 2004?

    Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 11, proceed to Question 12.  If you answered "No" to Question 11, please do not answer any other questions in this section.]*

12. Do you find by a preponderance of the evidence that MBUSA owed **every** class member a duty to disclose material facts?

      Answer:    **Yes** _____ **No** _____

13. Do you find by a preponderance of the evidence that, in its representations to **all** class members, MBUSA concealed or failed to disclose material facts to **all** class members regarding a defect in Takata airbag inflators in the class vehicle?

      Answer:    **Yes** _____ **No** _____

      If yes, what were the specific representations? _____

      _____

      _____

14. Do you find by a preponderance of the evidence that MBUSA made a false representation to **every** class member regarding a defect in Takata airbag inflators in the class vehicles?

      Answer:    **Yes** _____ **No** _____

      If yes, what were the specific representations? _____

      _____

      _____

*[If you answered "Yes" to Question 14, proceed to Question 15.  If you answered "No" to Question 14 but answered "Yes" to Question 13, proceed to Question 16. If you answered "No" to both Question 13 and Question 14, please do not answer any other questions in this section.]*

15. Do you find by a preponderance of the evidence that when MBUSA made the representation that you identified in Question 14, MBUSA knew that the representation was false?

      Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 15, proceed to Question 16.  If you answered "No" to Question 15 but answered "Yes" to Question 13, proceed to Question 16. If you answered "No" to both Question 13 and Question 15, please do not answer any other questions in this section.]*

16. Do you find by a preponderance of the evidence that the representations you identified in Question 13 or Question 14 were material?

Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 16, proceed to Question 17.  If you answered "No" to Question 16, please do not answer any other questions in this section.]*

17. Do you find by a preponderance of evidence that MBUSA made the representation that you identified in Question 13 or Question 14 with the intent to deceive **<u>every</u>** class member?

Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 17, proceed to Question 18.  If you answered "No" to Question 17, please do not answer any other questions in this section.]*

18. Do you find by a preponderance of evidence that **<u>every</u>** class member relied on the representations that you identified in Question 13 or Question 14 and, if so, that such reliance was justified?

Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 18, proceed to Question 19.  If you answered "No" to Question 18, please do not answer any other questions in this section.]*

19. Do you find by a preponderance of the evidence that **<u>every</u>** class member was damaged as a result of the representations that you identified in Question 13 or Question 14?

Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 19, proceed to Question 20.  If you answered "No" to Question 19, please do not answer any other questions in this section.]*

20. Do you find, by a preponderance of the evidence, that **<u>every</u>** class member's damages were proximately caused by an alteration or modification to the Takata airbag inflators by someone other than MBUSA after their vehicle left MBUSA's control?

Answer:     **Yes** _____ **No** _____

## <u>Claim for a Violation of the Iowa Consumer Fraud Act</u>

1. Do you find by a preponderance of the evidence that MBUSA knew of a defect in the Takata airbag inflators in Knapp's vehicle prior to Knapp's purchase of her vehicle on May 27, 2011?

Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, please do not answer any other questions in this section.]*

2. Do you find by a preponderance of the evidence that MBUSA owed Knapp a duty to disclose material facts?

Answer:     **Yes** _____ **No** _____

3.  Do you find by a preponderance of the evidence that, in its representations to Knapp, MBUSA concealed or failed to disclose material facts to Knapp regarding a defect in Takata airbag inflators in her vehicle?

    Answer:     **Yes** _____ **No** _____

    If yes, what were the specific representations? _____

    _____

    _____

4.  Do you find by a preponderance of the evidence that MBUSA made a false representation of material facts to Knapp regarding a defect in Takata airbag inflators in her vehicle?

    Answer:     **Yes** _____ **No** _____

    If yes, what were the specific representations? _____

    _____

    _____

    *[If you answered "Yes" to Question 4, proceed to Question 5. If you answered "No" to Question 4 but answered "Yes" to Question 3, proceed to Question 6. If you answered "No" to both Question 3 and Question 4, please do not answer any other questions in this section.]*

5.  Do you find by a preponderance of the evidence that when MBUSA made the representation that you identified in Question 4, MBUSA knew that the representation was false?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 5, proceed to Question 6. If you answered "No" to Question 5 but answered "Yes" to Question 3, proceed to Question 6. If you answered "No" to both Question 3 and Question 5, please do not answer any other questions in this section.]*

6.  Do you find by a preponderance of the evidence that the representations you identified in Question 3 or Question 4 occurred in connection with MBUSA's sale of merchandise?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 6, proceed to Question 7. If you answered "No" to Question 6, please do not answer any other questions in this section.]*

7. Do you find by a preponderance of evidence that MBUSA made the representation that you identified in Question 3 or Question 4 with the intent that Knapp rely on the representation?

   Answer:     **Yes** _____   **No** _____

   *[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8. Do you find by a preponderance of evidence that Knapp relied on MBUSA's representation that you identified in Question 3 or Question 4 and, if so, that such reliance was justified?

   Answer:     **Yes** _____   **No** _____

   *[If you answered "Yes" to Question 8, proceed to Question 9.  If you answered "No" to Question 8, please do not answer any other questions in this section.]*

9. Do you find by a preponderance of the evidence that Knapp suffered an ascertainable loss of money or property as a result of MBUSA's representation that you identified in Question 3 or Question 4?

   Answer:     **Yes** _____   **No** _____

   *[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 8, please do not answer any other questions in this section.]*

10. Do you find, by a preponderance of the evidence, that Knapp's ascertainable loss was proximately caused by an alteration or modification to the Takata airbag inflators by someone other than MBUSA after her vehicle left MBUSA's control?

    Answer:     **Yes** _____   **No** _____

11. Do you find by a preponderance of evidence that MBUSA knew of a defect in Takata airbag inflators prior to the sale of **<u>any</u>** class vehicles, which started to be sold as early as 2004?

    Answer:     **Yes** _____   **No** _____

    *[If you answered "Yes" to Question 11, proceed to Question 11.  If you answered "No" to Question 11, please do not answer any other questions in this section.]*

12. Do you find by a preponderance of the evidence that MBUSA owed **<u>every</u>** class member a duty to disclose material facts?

    Answer:     **Yes** _____   **No** _____

13. Do you find by a preponderance of the evidence that, in its representations to **<u>all</u>** class members, MBUSA concealed or failed to disclose material facts to **<u>all</u>** class members regarding a defect in Takata airbag inflators in the class vehicle?

    Answer:     **Yes** _____   **No** _____

If yes, what were the specific representations? _____

_____

_____

14. Do you find by a preponderance of the evidence that MBUSA made a false representation to **every** class member regarding a defect in Takata airbag inflators in the class vehicles?

Answer:      **Yes** _____ **No** _____

If yes, what were the specific representations? _____

_____

_____

*[If you answered "Yes" to Question 14, proceed to Question 15.  If you answered "No" to Question 14 but answered "Yes" to Question 13, proceed to Question 16. If you answered "No" to both Question 13 and Question 14, please do not answer any other questions in this section.]*

15. Do you find by a preponderance of the evidence that when MBUSA made the representation that you identified in Question 14, MBUSA knew that the representation was false?

Answer:      **Yes** _____ **No** _____

*[If you answered "Yes" to Question 15, proceed to Question 16.  If you answered "No" to Question 15 but answered "Yes" to Question 13, proceed to Question 16. If you answered "No" to both Question 13 and Question 15, please do not answer any other questions in this section.]*

16. Do you find by a preponderance of the evidence that the representations you identified in Question 13 or Question 14 occurred in connection with MBUSA's sale of goods?

Answer:      **Yes** _____ **No** _____

*[If you answered "Yes" to Question 16, proceed to Question 17.  If you answered "No" to Question 16, please do not answer any other questions in this section.]*

17. Do you find by a preponderance of evidence that MBUSA made the representations that you identified in Question 13 or Question 14 with the intent that **every** class member rely on the representations?

Answer:      **Yes** _____ **No** _____

*[If you answered "Yes" to Question 17, proceed to Question 18.  If you answered "No" to Question 17, please do not answer any other questions in this section.]*

18. Do you find by a preponderance of evidence that **<u>every</u>** class member relied on the representations that you identified in Question 13 or Question 14 and, if so, that such reliance was justified?

        Answer:      **Yes** _____ **No** _____

        *[If you answered "Yes" to Question 18, proceed to Question 19.  If you answered "No" to Question 18, please do not answer any other questions in this section.]*

19. Do you find by a preponderance of the evidence that **<u>every</u>** class member suffered an ascertainable loss of money or property as a result of the representations that you identified in Question 13 or Question 14?

        Answer:      **Yes** _____ **No** _____

20. Do you find, by a preponderance of the evidence, that **<u>every</u>** class member's ascertainable loss was proximately caused by an alteration or modification to the Takata airbag inflators by someone other than MBUSA after their vehicle left MBUSA's control?

        Answer:      **Yes** _____ **No** _____

## **VERDICT FORM ON DAMAGES FOR IOWA**

**Compensatory Damage**

> *[Answer the following questions only if you only if you answered "No" to Question 10 or Question 20 in the section "Verdict Form on Liability for Iowa: Claim for Fraudulent Concealment" or Question 10 or Question 20 in the section "Verdict Form on Liability for Iowa: Claim for a Violation of the Iowa Consumer Protection Act." Otherwise, answer no questions in this section and proceed to the section "Verdict Form on Liability for Maine."]*

1. Do you find, by a preponderance of the evidence, that Knapp's vehicle would have cost less at the point of sale as a result of the defect?

   Answer:      **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 1, proceed to Question 2. If you answered "No" to Question 1, proceed to Question 7.]*

2. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which Bridges' vehicle would have cost less at the point of sale as a result of the defect?

   Answer:      **$** _____

3. Do you find, by a preponderance of the evidence, that MBUSA offered to replace the airbag inflators in Knapp's vehicle for free?

   Answer:      **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 3, proceed to Question 4. If you answered "No" to Question 1, proceed to Question 5.]*

4. Given MBUSA's offer to replace the airbag inflators in Bridges' vehicle for free, what amount do you find, by a preponderance of the evidence, to be the cost to Bridges to repair the defect?

   Answer:      **$** _____

5. Do you find, by a preponderance of the evidence, that Knapp failed to exercise ordinary care and could have minimized or avoided damages?

   Answer:      **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 5, proceed to Question 6. If you answered "No" to Question 5, proceed to Question 7.]*

6. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which Knapp could have minimized or avoided damages?

Answer**:** **$** _____

7. Do you find, by a preponderance of the evidence, that **all** class vehicles would have cost less at the point of sale as a result of the defect?

Answer: **Yes** _____ **No** _____

*[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which **all** class vehicles would have cost less at the point of sale as a result of the defect?

Answer: _____

9. Do you find, by a preponderance of the evidence, that MBUSA offered to replace the airbag inflators in the class vehicle for free?

Answer: **Yes** _____ **No** _____

*[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 1, proceed to Question 11.]*

10. Given MBUSA's offer to replace the airbag inflators in the class vehicles for free, what amount do you find, by a preponderance of the evidence, to be the cost to the class members to repair the defect?

Answer: **$** _____

11. Do you find, by a preponderance of the evidence, that **all** class members failed to exercise ordinary care and could have minimized or avoided damages?

Answer: **Yes** _____ **No** _____

*[If you answered "Yes" to Question 11, proceed to Question 12.  If you answered "No" to Question 12, please do not answer any other questions in this section.]*

12. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which the class members could have minimized or avoided damages?

Answer**:** **$** _____

## **Punitive Damages**

*[Answer the following questions only if you answered "Yes" to Question 9 or Question 18 in the section "Verdict Form on Liability for Iowa: Claim for Fraudulent Concealment."  Otherwise, answer no questions in this section and proceed to the section "Verdict Form on Liability for Maine."]*

1. Do you find, by clear, convincing, and satisfactory evidence, that MBUSA's conduct constituted willful and wanton disregard for the rights or safety of others and caused actual damage to the class members?

   Answer:     **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 1, proceed to Question 2. If you answered "No" to Question 1, please do not answer any other questions in this section.]*

2. What amount do you find (if any), by clear, convincing, and satisfactory evidence, to be punitive damages reasonably related to MBUSA's conduct?

   Answer:     **Punitive Damages: $** _____

## <u>VERDICT FORM ON LIABILITY FOR MAINE</u>

### <u>Claim for Violation of the Maine Unfair Trade Practices Act</u>

1. Do you find by a preponderance of the evidence that Radican is a resident of Maine?

    Answer:     **Yes** _____ **No** _____

2. Do you find by a preponderance of the evidence that Radican was injured in Maine?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 1 or 2, proceed to Question 3.  If you answered "No" to Questions 1 and 2, please do not answer any other questions in this section.]*

3. Do you find by a preponderance of the evidence that Radican filed her claim within six years of her purchase of the vehicle on October 8, 2007?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, please do not answer any other questions in this section.]*

4. Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators included in Radican's vehicle prior to Radican's purchase of her vehicle on October 8, 2007?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 4, proceed to Question 5.  If you answered "No" to Question 4, please do not answer any other questions in this section.]*

5. Do you find by a preponderance of the evidence that <u>Radican</u> purchased her vehicle primarily for personal, family, or household purposes?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 5, proceed to Question 6.  If you answered "No" to Question 5, please do not answer any other questions in this section.]*

6. Do you find by a preponderance of the evidence that MBUSA committed an unfair or deceptive practice through advertising or marketing material related to the Takata airbag inflators in Radican's vehicle?

    Answer:     **Yes** _____ **No** _____

    If yes, what was the unfair or deceptive practice?_____

_____

_____

*[If you answered "Yes" to Question 6, proceed to Question 7.  If you answered "No" to Question 6, please do not answer any other questions in this section.]*

7. Do you find by a preponderance of the evidence that the unfair or deceptive practice that you identified in Question 6 occurred in the course of MBUSA's trade or commerce?

    Answer:    **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8. Do you find by a preponderance of the evidence that Radican relied on the unfair or deceptive practice that you identified in Question 6?

    Answer:    **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 8, proceed to Question 9.  If you answered "No" to Question 8, please do not answer any other questions in this section.]*

9. Do you find by a preponderance of the evidence that Radican suffered a financial loss as a result of the unfair or deceptive practice that you identified in Question 6?

    Answer:    **Yes** _____ **No** _____

10. Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators included in class vehicles prior to the sale of **<u>any</u>** class vehicles, which started to be sold as early as 2004?

    Answer:    **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 10, proceed to Question 11.  If you answered "No" to Question 10, please do not answer any other questions in this section.]*

11. Do you find by a preponderance of the evidence that **<u>every</u>** class member purchased their vehicle primarily for personal, family, or household purposes?

    Answer:    **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 11, proceed to Question 12.  If you answered "No" to Question 11, please do not answer any other questions in this section.]*

12. Do you find by a preponderance of the evidence that MBUSA committed an unfair or deceptive practice through advertising or marketing material related to the Takata airbag inflators in **<u>every</u>** class member's vehicle?

Answer:     **Yes** _____ **No** _____

If yes, what was the unfair or deceptive practice?_____

_____

_____

*[If you answered "Yes" to Question 12, proceed to Question 13.  If you answered "No" to Question 12, please do not answer any other questions in this section.]*

13. Do you find by a preponderance of the evidence that the unfair or deceptive practice that you identified in Question 12 occurred in the course of MBUSA's trade or commerce?

Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 13, proceed to Question 14.  If you answered "No" to Question 13, please do not answer any other questions in this section.]*

14. Do you find by a preponderance of the evidence that **every** class member relied on the unfair or deceptive practice that you identified in Question 12?

Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 14, proceed to Question 15.  If you answered "No" to Question 14, please do not answer any other questions in this section.]*

15. Do you find by a preponderance of the evidence that **every** class member suffered a financial loss as a result of the unfair or deceptive practice that you identified in Question 12?

Answer:     **Yes** _____ **No** _____

## **VERDICT FORM ON DAMAGES FOR MAINE**

*[Answer the following questions only if you answered "Yes" to Question 9 or Question 15 in the section "Verdict Form on Liability for Maine."  Otherwise, answer no questions in this section and proceed to the section "Verdict Form on Liability for Mississippi."]*

### **Compensatory Damage**

1.  Do you find, by a preponderance of the evidence, that Radican's vehicle would have cost less at the point of sale as a result of the defect?

    Answer:      **Yes _____ No _____**

    *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, proceed to Question 7.]*

2.  What do you find, by a preponderance of the evidence, to be the amount (if any) by which Radican's vehicle would have cost less at the point of sale as a result of the defect?

    Answer:      **$ _____**

3.  Do you find, by a preponderance of evidence, that MBUSA offered to replace the airbag inflators in Radican's vehicle for free?

    Answer:      **Yes _____ No _____**

    *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, proceed to Question 5.]*

4.  Given MBUSA's offer to replace the airbag inflators in Radican's vehicle for free, what amount do you find, by a preponderance of evidence, to be the cost to Radican to repair the defect?

    Answer:      **$ _____**

5.  Do you find, by a preponderance of the evidence, that Radican failed to exercise ordinary care and could have minimized or avoided damages?

    Answer:      **Yes _____ No _____**

    *[If you answered "Yes" to Question 5, proceed to Question 6. If you answered "No" to Question 5, proceed to Question 7.]*

6.  What do you find, by a preponderance of the evidence, to be the amount (if any) by which Radican could have minimized or avoided damages?

    Answer**:**      **$ _____**

7. Do you find, by a preponderance of the evidence, that **all** class vehicles would have cost less at the point of sale as a result of the defect?

   Answer:      **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8. What do you find, by a preponderance of the evidence, to be the amount (if any) by which **all** class vehicles would have cost less at the point of sale as a result of MBUSA's actions?

   Answer:      **$** _____

9. Do you find, by a preponderance of evidence, that MBUSA offered to replace the airbag inflators in the class vehicles for free?

   Answer:      **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 9, proceed to Question 11.]*

10. Given MBUSA's offer to replace the airbag inflators in the class vehicles for free, what amount do you find, by a preponderance of evidence, to be the cost to the class members to repair the defect?

    Answer:      **$** _____

11. Do you find, by a preponderance of the evidence, that **all** class members failed to exercise ordinary care and could have minimized or avoided damages?

    Answer:      **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 11, proceed to Question 12. If you answered "No" to Question 11, please do not answer any other questions in this section.]*

12. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which the class members could have minimized or avoided damages?

    Answer**:**      **$** _____

## VERDICT FORM ON LIABILITY FOR MISSISSIPPI

### Claim for Breach of Implied Warranty of Merchantability

1. Do you find by a preponderance of the evidence that MBUSA is a merchant that sold Taylor's vehicle?

   Answer:   **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 2, please do not answer any other questions in this section.]*

2. Do you find by a preponderance of the evidence that Taylor filed her claim within six years of delivery of the vehicle to the original purchaser on November 30, 2009?

   Answer:   **Yes** _____ **No** _____

   *[If you answered "No" to Question 2, proceed to Question 3.  If you answered "Yes" to Question 2, please do not answer any other questions in this section.]*

3. Do you find by a preponderance of the evidence that Taylor's vehicle performed as intended for a reasonable period of time?

   Answer:   **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, please do not answer any other questions in this section.]*

4. Do you find by a preponderance of the evidence that Taylor's vehicle was not merchantable at the time of the sale?

   Answer:   **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 4, proceed to Question 5.  If you answered "No" to Question 4, please do not answer any other questions in this section.]*

5. Do you find by a preponderance of the evidence that a defect in the Takata airbag inflator manifested in Taylor's vehicle prior to MBUSA's offer to replace the airbag inflators in her vehicle for free?

   Answer:   **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 5, proceed to Question 6.  If you answered "No" to Question 5, please do not answer any other questions in this section.]*

6. Do you find by a preponderance of the evidence that Taylor suffered injury to herself or her property?

   Answer:   **Yes** _____ **No** _____

*[If you answered "Yes" to Question 6, proceed to Question 7.  If you answered "No" to Question 6, please do not answer any other questions in this section.]*

7. Do you find by a preponderance of the evidence that Taylor's injuries were caused proximately and in fact by the defective nature of the Takata airbag inflators in the class vehicles?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8. Do you find by a preponderance of the evidence that Taylor provided notice to MBUSA of her injuries prior to filing suit?

    Answer:     **Yes** _____ **No** _____

9. Do you find by a preponderance of the evidence that MBUSA is a merchant that sold **<u>every</u>** class member's vehicle?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 9, please do not answer any other questions in this section.]*

10. Do you find by a preponderance of the evidence that **<u>every</u>** class member filed their claim within six years of delivery of the vehicle to the original purchaser?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 10, proceed to Question 11.  If you answered "No" to Question 10, please do not answer any other questions in this section.]*

11. Do you find by a preponderance of the evidence that **<u>every</u>** class member's vehicle performed as intended for a reasonable period of time?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 11, proceed to Question 12.  If you answered "No" to Question 11, please do not answer any other questions in this section.]*

12. Do you find by a preponderance of the evidence that **<u>every</u>** class member's vehicle was not merchantable at the time of the sale?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 12, proceed to Question 13.  If you answered "No" to Question 12, please do not answer any other questions in this section.]*

13. Do you find by a preponderance of the evidence that a defect in the Takata airbag inflator manifested in **<u>every</u>** class member's vehicle prior to MBUSA's offer to replace the airbag inflators in their vehicle for free?

        Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 13, proceed to Question 14.  If you answered "No" to Question 13, please do not answer any other questions in this section.]*

14. Do you find by a preponderance of the evidence that **<u>every</u>** class member suffered injury to themselves or their property?

        Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 14, proceed to Question 15.  If you answered "No" to Question 14, please do not answer any other questions in this section.]*

15. Do you find by a preponderance of the evidence that **<u>every</u>** class member's injury was caused proximately and in fact by the defective nature of the Takata airbag inflators in the class vehicles?

        Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 15, proceed to Question 16.  If you answered "No" to Question 15, please do not answer any other questions in this section.]*

16. Do you find by a preponderance of the evidence that **<u>every</u>** class member provided notice to MBUSA of their injury prior to filing suit?

        Answer:     **Yes** _____ **No** _____

## <u>Claim for Fraudulent Concealment</u>

1. Do you find by a preponderance of the evidence that Taylor filed her claim within three years of her purchase of the vehicle on May 5, 2012?

        Answer:     **Yes** _____ **No** _____

*[If you answered "No" to Question 1, proceed to Question 2.  If you answered "Yes" to Question 1, please do not answer any other questions in this section.]*

2. Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators included in Taylor's vehicle prior to Taylor's purchase of her vehicle on May 5, 2012?

        Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 2, proceed to Question 3.  If you answered "No" to Questions 2, please do not answer any other questions in this section.]*

3. Do you find by a preponderance of the evidence that, in its representations to Taylor, MBUSA made an affirmative misrepresentation of material facts regarding a defect in Takata airbag inflators in Taylor's vehicle?

Answer:     **Yes** _____ **No** _____

If yes, what were the specific representations? _____

_____

_____

4. Do you find by a preponderance of the evidence that, in its representations to Taylor, MBUSA concealed material facts regarding a defect in Takata airbag inflators in Taylor's vehicle?

Answer:     **Yes** _____ **No** _____

If yes, what were the specific representations? _____

_____

_____

5. Do you find by a preponderance of the evidence that MBUSA owed Taylor a duty to disclose material facts?

Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 5, proceed to Question 6.  If you answered "No" to Question 5, proceed to Question 7.]*

6. Do you find by a preponderance of the evidence that, in its representations to Taylor, MBUSA failed to disclose material facts regarding a defect in Takata airbag inflators in Taylor's vehicle?

Answer:     **Yes** _____ **No** _____

If yes, what were the specific representations?  _____

_____

_____

7. Do you find by a preponderance of the evidence that Taylor justifiably relied on the representations that you identified in Questions 3, 4 or 6?

Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8. Do you find by a preponderance of the evidence that Taylor was injured by her reliance on the representations that you identified in Questions 3, 4 or 6?

   Answer:  **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 8, proceed to Question 9.  If you answered "No" to Question 8, please do not answer any other questions in this section.]*

9. Do you find, by a preponderance of the evidence, that an alteration or modification to the Takata airbag inflators by someone other than MBUSA after the vehicles left MBUSA's control was a substantial factor in causing Taylor's injury?

   Answer:  **Yes** _____ **No** _____

10. Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators prior to the sale of **any** class vehicles, which started to be sold as early as 2004?

    Answer:  **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 10, proceed to Question 11.  If you answered "No" to Question 10, please do not answer any other questions in this section.]*

11. Do you find by a preponderance of the evidence that, in its representations to **all** class members, MBUSA made an affirmative misrepresentation regarding a defect in Takata airbag inflators in the class vehicles?

    Answer:  **Yes** _____ **No** _____

    If yes, what were the specific representations? _____

    _____

    _____

12. Do you find by a preponderance of the evidence that, in its representations to **all** class members, MBUSA concealed material facts regarding a defect in Takata airbag inflators in the class vehicles?

    Answer:  **Yes** _____ **No** _____

    If yes, what were the specific representations? _____

    _____

    _____

13. Do you find by a preponderance of the evidence that MBUSA owed **every** class member a duty to disclose material facts?

        Answer:    **Yes** _____ **No** _____

        *[If you answered "Yes" to Question 13, proceed to Question 14.  If you answered "No" to Question 13, proceed to Question 15.]*

14. Do you find by a preponderance of the evidence that, in its representations to **all** class members, MBUSA failed to disclose material facts regarding a defect in Takata airbag inflators in the class vehicles?

        Answer:    **Yes** _____ **No** _____

        If yes, what were the specific representations? _____

        _____

        _____

15. Do you find by a preponderance of the evidence that **every** class member justifiably relied on the representations that you identified in Questions 11, 12, or 14?

        Answer:    **Yes** _____ **No** _____

        *[If you answered "Yes" to Question 15, proceed to Question 16.  If you answered "No" to Question 15, please do not answer any other questions in this section.]*

16. Do you find by a preponderance of the evidence that **every** class member was injured by their reliance on the representations that you identified in Questions 11, 12, or 14?

        Answer:    **Yes** _____ **No** _____

        *[If you answered "Yes" to Question 16, proceed to Question 17.  If you answered "No" to Question 16, please do not answer any other questions in this section.]*

17. Do you find, by a preponderance of the evidence, that an alteration or modification to the Takata airbag inflators by someone other than MBUSA after the vehicles left MBUSA's control was a substantial factor in causing **every** class member's injury?

        Answer:    **Yes** _____ **No** _____

## <u>VERDICT FORM ON DAMAGES FOR MISSISSIPPI</u>

*[Answer the following questions only if you answered "Yes" to Question 8 or Question 16 in the section "Verdict Form on Liability for Mississippi: Claim for Breach of Implied Warranty of Merchantability" or "No" to Question 9 or 17 in the section "Verdict Form on Liability for Mississippi: Claim for Fraudulent Concealment." Otherwise, answer no questions in this section and proceed to the section "Verdict Form on Liability for Nebraska."]*

### <u>Compensatory Damages</u>

1.  Do you find, by a preponderance of the evidence, that Taylor's vehicle would have cost less at the point of sale as a result of the defect?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 1, proceed to Question 2. If you answered "No" to Question 1, proceed to Question 7.]*

2.  What do you find, by a preponderance of the evidence, to be the amount (if any) by which Taylor's vehicle would have cost less at the point of sale as a result of the defect?

    Answer:     **$** _____

3.  Do you find, by a preponderance of evidence, that MBUSA offered to replace the airbag inflators in Taylor's vehicle for free?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 3, proceed to Question 4. If you answered "No" to Question 3, proceed to Question 5.]*

4.  Given MBUSA's offer to replace the airbag inflators in Taylor's vehicle for free, what amount do you find, by a preponderance of evidence, to be the cost to Taylor to repair the defect?

    Answer:     **$** _____

5.  Do you find, by a preponderance of the evidence, that Taylor failed to exercise ordinary care and could have minimized or avoided damages?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 5, proceed to Question 6. If you answered "No" to Question 5, proceed to Question 7.]*

6.  What do you find, by a preponderance of the evidence, to be the amount (if any) by which Taylor could have minimized or avoided damages?

Answer**:**          **$** _____

7.  Do you find, by a preponderance of the evidence, that **<u>all</u>** class vehicles would have cost less at the point of sale as a result of the defect?

Answer:          **Yes** _____          **No** _____

*[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, proceed to Question 13.]*

8.  What do you find (if any), by a preponderance of the evidence, to be the amount (if any) by which **<u>all</u>** class vehicles would have cost less at the point of sale as a result of MBUSA's actions?

Answer:          **$** _____

9.  Do you find, by a preponderance of the evidence, that **<u>all</u>** class members failed to exercise ordinary care and could have minimized or avoided damages?

Answer:          **Yes** _____          **No** _____

*[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 9, proceed to Question 10.]*

10. Do you find, by a preponderance of evidence, that MBUSA offered to replace the airbag inflators in the class vehicles for free?

Answer:          **Yes** _____          **No** _____

*[If you answered "Yes" to Question 10, proceed to Question 11.  If you answered "No" to Question 10, proceed to Question 13.]*

11. Given MBUSA's offer to replace the airbag inflators in the class vehicles for free, what amount do you find, by a preponderance of evidence, to be the cost to the class members to repair the defect?

Answer:          **$** _____

12. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which the class members could have minimized or avoided damages?

Answer**:**          **$** _____

13. Do you find, by a preponderance of the evidence, that nonparties Takata Corporation and its related entities, including TK Holdings, Inc. were negligent?

Answer:          **Yes** _____          **No** _____

*[If you answered "Yes" to Question 13, proceed to Question 14.  If you answered "No" to Question 13, please do not answer any other questions in this section.]*

14. Do you find, by a preponderance of the evidence, that the negligence of nonparties Takata Corporation and its related entities was a cause of any of the damages claimed by the class members?

Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 14, proceed to Question 15.  If you answered "No" to Question 14, please do not answer any other questions in this section.]*

15. By what percentage do you find that the negligence of nonparties Takata Corporation and its related entities caused any of the damages claimed by the class members?

Answer**:**     _____%

## <u>VERDICT FORM ON LIABILITY FOR NEBRASKA</u>

**<u>Claim for Violation of the Nebraska Consumer Production Act</u>**

1. Do you find by a preponderance of the evidence that Radican is a resident of Nebraska?

   Answer:     **Yes** _____ **No** _____

2. Do you find by a preponderance of the evidence that Radican was injured in Nebraska?

   Answer:     **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 1 or 2, proceed to Question 3.  If you answered "No" to Questions 1 and 2, please do not answer any other questions in this section.]*

3. Do you find by a preponderance of the evidence that Radican filed her claim within four years of her purchase of the vehicle on October 8, 2007?

   Answer:     **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, please do not answer any other questions in this section.]*

4. Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators included in Radican's vehicle prior to Radican's purchase of her vehicle on October 8, 2007?

   Answer:     **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 4, proceed to Question 5.  If you answered "No" to Question 4, please do not answer any other questions in this section.]*

5. Do you find by a preponderance of evidence that Radican has alleged conduct by MBUSA that is regulated by the Nebraska Motor Vehicle Industry Regulation Act?

   Answer:     **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 5, proceed to Question 6.  If you answered "No" to Question 5, please do not answer any other questions in this section.]*

6. Do you find by a preponderance of the evidence that MBUSA engaged in an unfair or deceptive act or trade practice through advertising or marketing material related to the Takata airbag inflators in Radican's vehicle?

   Answer:     **Yes** _____ **No** _____

   If yes, what was the unfair or deceptive practice?_____

_____

_____

*[If you answered "Yes" to Question 6, proceed to Question 7.  If you answered "No" to Question 6, please do not answer any other questions in this section.]*

7. Do you find by a preponderance of the evidence that the unfair or deceptive practice you identified in Question 6 occurred in the course of MBUSA's trade or commerce?

      Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8. Do you find by a preponderance of the evidence that the unfair or deceptive practice that you identified in Question 6 affects the public interest?

      Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 8, proceed to Question 9.  If you answered "No" to Question 8, please do not answer any other questions in this section.]*

9. Do you find by a preponderance of the evidence that Radican was injured in her business or property by the unfair or deceptive practice that you identified in Question 6?

      Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 9, please do not answer any other questions in this section.]*

10. Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators included in class vehicles prior to the sale of **<u>any</u>** class vehicles, which started to be sold as early as 2004?

      Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 10, proceed to Question 11.  If you answered "No" to Question 10, please do not answer any other questions in this section.]*

11. Do you find by a preponderance of the evidence that MBUSA engaged in an unfair or deceptive act or trade practice through advertising or marketing material related to the Takata airbag inflators in **<u>every</u>** class member's vehicle?

      Answer:    **Yes** _____ **No** _____

      If yes, what was the unfair or deceptive practice?_____

_____

*[If you answered "Yes" to Question 11, proceed to Question 12.  If you answered "No" to Question 11, please do not answer any other questions in this section.]*

12. Do you find by a preponderance of the evidence that the unfair or deceptive practice you identified in Question 11 occurred in the course of MBUSA's trade or commerce?

    Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 12, proceed to Question 13.  If you answered "No" to Question 12, please do not answer any other questions in this section.]*

13. Do you find by a preponderance of the evidence that the unfair or deceptive practice that you identified in Question 11 affects the public interest?

    Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 13, proceed to Question 14.  If you answered "No" to Question 13, please do not answer any other questions in this section.]*

14. Do you find by a preponderance of the evidence that **<u>every</u>** class member was injured in their business or property by the unfair or deceptive practice that you identified in Question 11?

    Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 14, proceed to Question 15.  If you answered "No" to Question 14, please do not answer any other questions in this section.]*

## <u>VERDICT FORM ON DAMAGES FOR NEBRASKA</u>

*[Answer the following questions only if you answered "Yes" to Question 9 or Question 14 in the section "Verdict Form on Liability for Nebraska."  Otherwise, answer no questions in this section and proceed to the section "Verdict Form on Liability for North Carolina."]*

### <u>Compensatory Damages</u>

1. Do you find, by a preponderance of the evidence, that Radican's vehicle would have cost less at the point of sale as a result of the defect?

    Answer:        **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, proceed to Question 7.]*

2. What do you find, by a preponderance of the evidence, to be the amount (if any) by which Radican's vehicle would have cost less at the point of sale as a result of the defect?

    Answer:        **$** _____

3. Do you find, by a preponderance of evidence, that MBUSA offered to replace the airbag inflators in Radican's vehicle for free?

    Answer:        **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, proceed to Question 7.]*

4. Given MBUSA's offer to replace the airbag inflators in Radican's vehicle for free, what amount do you find, by a preponderance of evidence, to be the cost to Radican to repair the defect?

    Answer:        **$** _____

5. Do you find, by a preponderance of the evidence, that Radican failed to exercise ordinary care and could have minimized or avoided damages?

    Answer:        **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 5, proceed to Question 6.  If you answered "No" to Question 5, proceed to Question 7.]*

6. What do you find, by a preponderance of the evidence, to be the amount (if any) by which Radican could have minimized or avoided damages?

    Answer**:**        **$** _____

7. Do you find, by a preponderance of the evidence, that **<u>all</u>** class vehicles would have cost less at the point of sale as a result of the defect?

Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8. What do you find, by a preponderance of the evidence, to be the amount (if any) by which **<u>all</u>** class vehicles would have cost less at the point of sale as a result of MBUSA's actions?

Answer:    **$** _____

9. Do you find, by a preponderance of evidence, that MBUSA offered to replace the airbag inflators in the class vehicles for free?

Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 9, proceed to Question 11.]*

10. Given MBUSA's offer to replace the airbag inflators in the class vehicles for free, what amount do you find, by a preponderance of evidence, to be the cost to the class members to repair the defect?

Answer:    **$** _____

11. Do you find, by a preponderance of the evidence, that **<u>all</u>** class members failed to exercise ordinary care and could have minimized or avoided damages?

Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 11, proceed to Question 12. If you answered "No" to Question 11, please do not answer any other questions in this section.]*

12. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which the class members could have minimized or avoided damages?

Answer**:**    **$** _____

## <u>VERDICT FORM ON LIABILITY FOR NORTH CAROLINA</u>

**<u>Claim for Fraudulent Concealment</u>**

1. Do you find by a preponderance of the evidence that MBUSA knew of a defect in the Takata airbag inflators included in Bridges vehicle prior to Bridges' purchase of her vehicle on April 4, 2014?

   Answer:    **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, please do not answer any other questions in this section.]*

2. Do you find by a preponderance of the evidence that MBUSA owed Bridges a duty to disclose material facts?

   Answer:    **Yes** _____ **No** _____

3. Do you find by a preponderance of the evidence that, in its representations to Bridges, MBUSA failed to disclose material facts to Bridges regarding a defect in Takata airbag inflators in her vehicle?

   Answer:    **Yes** _____ **No** _____

   If yes, what were the specific representations? _____

   _____

   _____

4. Do you find by a preponderance of the evidence that, in its representations to Bridges, MBUSA made an affirmative misrepresentation regarding a defect in Takata airbag inflators in her vehicle?

   Answer:    **Yes** _____ **No** _____

   If yes, what were the specific representations? _____

   _____

   _____

   *[If you answered "Yes" to either Question 3 or Question 4, proceed to Question 5. If you answered "No" to both Question 3 and Question 4, please do not answer any other questions in this section.]*

5. Do you find by a preponderance of the evidence that the representations you identified in Question 3 or Question 4 were reasonably calculated to deceive?

Answer:        **Yes** _____   **No** _____

*[If you answered "Yes" to Question 5, proceed to Question 6.  If you answered "No" to Question 5, please do not answer any other questions in this section.]*

6.   Do you find by a preponderance of the evidence that the MBUSA made the representations that you identified in Question 3 or Question 4 with the intent to deceive Bridges and with the intent that they be acted upon?

Answer:        **Yes** _____   **No** _____

*[If you answered "Yes" to Question 6, proceed to Question 7.  If you answered "No" to Question 6, please do not answer any other questions in this section.]*

7. Do you find by a preponderance of the evidence that Bridges was in fact, deceived by the representations that you identified in Question 3 or Question 4 and acted upon them?

Answer:        **Yes** _____   **No** _____

*[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8. Do you find by a preponderance of the evidence that Bridges' reliance upon the representations that you identified in Question 3 or Question 4 was reasonable?

Answer:        **Yes** _____   **No** _____

*[If you answered "Yes" to Question 8, proceed to Question 9.  If you answered "No" to Question 8, please do not answer any other questions in this section.]*

9. Do you find, by a preponderance of the evidence, that Bridges suffered damages proximately caused by the representations that you identified in Question 3 or Question 4?

Answer:        **Yes** _____   **No** _____

10. Do you find, by a preponderance of the evidence, that an alteration or modification to the Takata airbag inflators by someone other than MBUSA after the vehicles left MBUSA's control was a substantial factor in causing Bridges' damages?

Answer:        **Yes** _____   **No** _____

*[If you answered "Yes" to Question 10, proceed to Question 11.  If you answered "No" to Question 10, proceed to Question 12.]*

11. Do you find, by a preponderance of the evidence, that the modification was not made with MBUSA's consent or according to MBUSA's instructions or specifications?

Answer:        **Yes** _____   **No** _____

58

12. Do you find by a preponderance of evidence that MBUSA knew of a defect in Takata airbag inflators included in the class vehicles prior to the sale of **any** class vehicles, which started to be sold as early as 2004?

Answer:  **Yes** _____ **No** _____

*[If you answered "Yes" to Question 12, proceed to Question 13.  If you answered "No" to Question 12, please do not answer any other questions in this section.]*

13. Do you find by a preponderance of the evidence that MBUSA owed **every** class member a duty to disclose material facts?

Answer:  **Yes** _____ **No** _____

14. Do you find by a preponderance of the evidence that in its representations to **all** class members, MBUSA failed to disclose material facts to **all** class members regarding a defect in Takata airbag inflators in the class vehicles?

Answer:  **Yes** _____ **No** _____

If yes, what were the specific representations?  _____

_____

_____

15. Do you find by a preponderance of the evidence that, in its representations to **all** class members, MBUSA made an affirmative misrepresentation regarding a defect in Takata airbag inflators in the class vehicles?

Answer:  **Yes** _____ **No** _____

If yes, what were the specific representations?  _____

_____

_____

*[If you answered "Yes" to either Question 14 or Question 15, proceed to Question 16.  If you answered "No" to both Question 14 and Question 15, please do not answer any other questions in this section.]*

16. Do you find by a preponderance of the evidence that the representations to **every** class member that you identified in Question 14 or Question 15 were reasonably calculated to deceive?

Answer:  **Yes** _____ **No** _____

*[If you answered "Yes" to Question 16, proceed to Question 17.  If you answered "No" to Question 16, please do not answer any other questions in this section.]*

17.  Do you find by a preponderance of the evidence that MBUSA made the representations that you identified in Question 14 or Question 15 with the intent to deceive **<u>every</u>** class member and with the intent that they be acted upon?

      Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 17, proceed to Question 18.  If you answered "No" to Question 17, please do not answer any other questions in this section.]*

18. Do you find by a preponderance of the evidence that **<u>every</u>** class member was in fact, deceived by the representations that you identified in Question 14 or Question 15 or concealment and acted upon them?

      Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 18, proceed to Question 19.  If you answered "No" to Question 18, please do not answer any other questions in this section.]*

19. Do you find by a preponderance of the evidence that **<u>every</u>** class member's reliance upon the representations that you identified in Question 14 or Question 15 was reasonable?

      Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 19, proceed to Question 20.  If you answered "No" to Question 19, please do not answer any other questions in this section.]*

20. Do you find, by a preponderance of the evidence, that **<u>every</u>** class member suffered damages proximately caused by the representations that you identified in Question 14 or Question 15?

      Answer:    **Yes** _____ **No** _____

21. Do you find, by a preponderance of the evidence, that an alteration or modification to the Takata airbag inflators by someone other than MBUSA after the vehicles left MBUSA's control was a substantial factor in causing **<u>every</u>** class member's damages?

      Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 21, proceed to Question 22.  If you answered "No" to Question 21, please do not answer any other questions in this section.]*

22. Do you find, by a preponderance of the evidence, that the modification was not made with MBUSA's consent or according to MBUSA's instructions or specifications?

      Answer:    **Yes** _____ **No** _____

**<u>Claim for Violation of the North Carolina Unfair or Deceptive Trade Practices Act</u>**

1. Do you find by a preponderance of the evidence that MBUSA knew of a defect in the Takata airbag inflators included in Bridges' vehicle prior to Bridges' purchase of her vehicle on April 4, 2014?

    Answer:     **Yes** _____ **No** _____

2. Do you find by a preponderance of the evidence that MBUSA owed Bridges a duty to disclose material facts?

    Answer:     **Yes** _____ **No** _____

3. Do you find by a preponderance of the evidence that, in its representations to Bridges, MBUSA failed to disclose material facts to Bridges regarding a defect in Takata airbag inflators in her vehicle?

    Answer:     **Yes** _____ **No** _____

    If yes, what were the specific representations? _____

    _____

    _____

4. Do you find by a preponderance of the evidence that, in its representations to Bridges, MBUSA made an affirmative misrepresentation regarding a defect in Takata airbag inflators in her vehicle?

    Answer:     **Yes** _____ **No** _____

    If yes, what were the specific representations? _____

    _____

    _____

    *[If you answered "Yes" to either Question 3 or Question 4, proceed to Question 5. If you answered "No" to both Question 3 and Question 4, please do not answer any other questions in this section.]*

5. Do you find, by a preponderance of the evidence, that MBUSA made the representations you identified in Question 3 or Question 4 in commerce or that the representations affected commerce?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 5, proceed to Question 6.  If you answered "No" to Question 5, please do not answer any other questions in this section.]*

6. Do you find by a preponderance of the evidence that the representations you identified in Question 3 or Question 4 were reasonably calculated to deceive?

Answer:   **Yes** _____ No _____

*[If you answered "Yes" to Question 6, proceed to Question 7.  If you answered "No" to Question 6, please do not answer any other questions in this section.]*

7.  Do you find by a preponderance of the evidence that MBUSA made the representations that you identified in Question 3 or Question 4  with the intent to deceive Bridges and with the intent that they be acted upon?

Answer:   **Yes** _____ No _____

*[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8. Do you find by a preponderance of the evidence that Bridges was in fact, deceived by the representations that you identified in Question 3 or Question 4 and acted upon them?

Answer:   **Yes** _____ No _____

*[If you answered "Yes" to Question 8, proceed to Question 9.  If you answered "No" to Question 8, please do not answer any other questions in this section.]*

9. Do you find by a preponderance of the evidence that Bridges' reliance upon the representations that you identified in Question 3 or Question 4 was reasonable?

Answer:   **Yes** _____ No _____

*[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 9, please do not answer any other questions in this section.]*

10. Do you find, by a preponderance of the evidence, that Bridges suffered damages proximately caused by the representations that you identified in Question 3 or Question 4?

Answer:   **Yes** _____ No _____

11. Do you find, by a preponderance of the evidence, that an alteration or modification to the Takata airbag inflators by someone other than MBUSA after the vehicles left MBUSA's control was a substantial factor in causing Bridges' damages?

Answer:   **Yes** _____ No _____

*[If you answered "Yes" to Question 11, proceed to Question 12.  If you answered "No" to Question 11, proceed to Question 13.]*

12. Do you find, by a preponderance of the evidence, that the modification was not made with MBUSA's consent or according to MBUSA's instructions or specifications?

Answer:    **Yes** _____    **No** _____

13. Do you find by a preponderance of evidence that MBUSA knew of a defect in Takata airbag inflators included in the class vehicles prior to the sale of **any** class vehicles, which started to be sold as early as 2004?

Answer:    **Yes** _____    **No** _____

14. Do you find by a preponderance of the evidence that MBUSA owed **every** class member a duty to disclose material facts?

Answer:    **Yes** _____    **No** _____

15. Do you find by a preponderance of the evidence that in its representations to **all** class members, MBUSA failed to disclose material facts to **all** class members regarding a defect in Takata airbag inflators in the class vehicles?

Answer:    **Yes** _____    **No** _____

If yes, what were the specific representations? _____

_____

_____

16. Do you find by a preponderance of the evidence that, in its representations to **all** class members, MBUSA made an affirmative misrepresentation regarding a defect in Takata airbag inflators in the class vehicles?

Answer:    **Yes** _____    **No** _____

If yes, what were the specific representations? _____

_____

_____

*[If you answered "Yes" to either Question 15 or Question 16, proceed to Question 17.  If you answered "No" to both Question 15 and Question 16, please do not answer any other questions in this section.]*

17. Do you find, by a preponderance of the evidence, that MBUSA made the representations you identified in Question 15 or Question 16 in commerce or that the representations affected commerce?

Answer:    **Yes** _____    **No** _____

*[If you answered "Yes" to Question 17, proceed to Question 18.  If you answered "No" to Question 17, please do not answer any other questions in this section.]*

63

18. Do you find by a preponderance of the evidence that the representations you identified in Question 15 or Question 16 were reasonably calculated to deceive?

        Answer:  **Yes** _____ **No** _____

*[If you answered "Yes" to Question 18, proceed to Question 19.  If you answered "No" to Question 18, please do not answer any other questions in this section.]*

19. Do you find by a preponderance of the evidence that MBUSA made the representations with the intent to deceive **every** class member and with the intent that they be acted upon?

        Answer:  **Yes** _____ **No** _____

*[If you answered "Yes" to Question 19, proceed to Question 20.  If you answered "No" to Question 19, please do not answer any other questions in this section.]*

20. Do you find by a preponderance of the evidence that **every** class member was in fact, deceived by the representations that you identified in Question 15 or Question 16 and acted upon them?

        Answer:  **Yes** _____ **No** _____

*[If you answered "Yes" to Question 20, proceed to Question 21.  If you answered "No" to Question 20, please do not answer any other questions in this section.]*

21. Do you find by a preponderance of the evidence that **every** class member's reliance upon the representations that you identified in Question 15 or Question 16 was reasonable?

        Answer:  **Yes** _____ **No** _____

*[If you answered "Yes" to Question 21, proceed to Question 22.  If you answered "No" to Question 21, please do not answer any other questions in this section.]*

22. Do you find, by a preponderance of the evidence, that **every** class member suffered damages proximately caused by the representations that you identified in Question 15 or Question 16?

        Answer:  **Yes** _____ **No** _____

23. Do you find, by a preponderance of the evidence, that an alteration or modification to the Takata airbag inflators by someone other than MBUSA after the vehicles left MBUSA's control was a substantial factor in causing **every** class member's damages?

        Answer:  **Yes** _____ **No** _____

*[If you answered "Yes" to Question 23, proceed to Question 24.  If you answered "No" to Question 23, please do not answer any other questions in this section.]*

24. Do you find, by a preponderance of the evidence, that the modification was not made with MBUSA's consent or according to MBUSA's instructions or specifications?

Answer:   **Yes _____ No _____**

## **VERDICT FORM ON DAMAGES FOR NORTH CAROLINA**

*[Answer the following questions only if you answered "Yes" to Question 11 or Question 22 in the section "Verdict Form on Liability for North Carolina: Claim for Fraudulent Concealment" or Question 12 or Question 24 in the section "Verdict Form on Liability for North Carolina: Claim for Violation of the North Carolina Unfair or Deceptive Trade Practices Act."   Otherwise, answer no questions in this section and proceed to the section "Verdict Form on Liability for Oklahoma."]*

## **Compensatory Damages**

1. Do you find, by a preponderance of the evidence, that Bridges' vehicle would have cost less at the point of sale as a result of the defect?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 1, proceed to Question 2.   If you answered "No" to Question 1, proceed to Question 7.]*

2. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which Bridges' vehicle would have cost less at the point of sale as a result of the defect?

    Answer:     **$** _____

3. Do you find, by a preponderance of the evidence, that MBUSA offered to replace the airbag inflators in Bridges' vehicle for free?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 3, proceed to Question 4.   If you answered "No" to Question 1, proceed to Question 5.]*

4. Given MBUSA's offer to replace the airbag inflators in Bridges' vehicle for free, what amount do you find, by a preponderance of the evidence, to be the cost to Bridges to repair the defect?

    Answer:     **$** _____

5. Do you find, by a preponderance of the evidence, that Bridges failed to exercise ordinary care and could have minimized or avoided damages?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 5, proceed to Question 6.   If you answered "No" to Question 5, proceed to Question 7.]*

6. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which Bridges could have minimized or avoided damages?

Answer**:**     **$** _____

7.  Do you find, by a preponderance of the evidence, that **all** class vehicles would have cost less at the point of sale as a result of the defect?

Answer:     **Yes** _____  **No** _____

*[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8.  What amount do you find (if any), by a preponderance of the evidence, to be the amount by which **all** class vehicles would have cost less at the point of sale as a result of the defect?

Answer:     **$** _____

9.  Do you find, by a preponderance of the evidence, that MBUSA offered to replace the airbag inflators in the class vehicle for free?

Answer:     **Yes** _____  **No** _____

*[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 1, proceed to Question 11.]*

10. Given MBUSA's offer to replace the airbag inflators in the class vehicles for free, what amount do you find, by a preponderance of the evidence, to be the cost to the class members to repair the defect?

Answer:     **$** _____

11. Do you find, by a preponderance of the evidence, that **all** class members failed to exercise ordinary care and could have minimized or avoided damages?

Answer:     **Yes** _____  **No** _____

*[If you answered "Yes" to Question 11, proceed to Question 12.  If you answered "No" to Question 11, please do not answer any other questions in this section.]*

12. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which the class members could have minimized or avoided damages?

Answer**:**     **$** _____

## **Punitive Damages**

1.  Do you find, by clear and convincing evidence, that MBUSA's conduct constituted fraud, malice, or willful or wanton conduct?

Answer:     **Yes** _____  **No** _____

*[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, please do not answer any other questions in this section.]*

2.  What amount do you find (if any), by a preponderance of the evidence, to be punitive damages reasonably related to MBUSA's conduct?

  Answer:   **Punitive Damages: $ _____**

## <u>VERDICT FORM ON LIABILITY FOR OKLAHOMA</u>

**<u>Claim for Violation of the Oklahoma Consumer Protection Act</u>**

1. Do you find by a preponderance of the evidence that Radican is a resident of Oklahoma?

   Answer:  **Yes** _____  **No** _____

2. Do you find by a preponderance of the evidence that Radican was injured in Oklahoma?

   Answer:  **Yes** _____  **No** _____

   *[If you answered "Yes" to Question 1 or 2, proceed to Question 3.  If you answered "No" to Questions 1 and 2, please do not answer any other questions in this section.]*

3. Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators included in Radican's vehicle prior to Radican's purchase of her vehicle on October 8, 2007?

   Answer:  **Yes** _____  **No** _____

   *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, please do not answer any other questions in this section.]*

4. Do you find by a preponderance of evidence that Radican purchased her vehicle as a consumer?

   Answer:  **Yes** _____  **No** _____

   *[If you answered "Yes" to Question 4, proceed to Question 5.  If you answered "No" to Question 4, please do not answer any other questions in this section.]*

5. Do you find by a preponderance of the evidence that MBUSA made a false or misleading representation of fact to regarding a defect in Takata airbag inflators in her vehicle?

   Answer:  **Yes** _____  **No** _____

   If yes, what were the specific representations?  _____

   _____

   _____

   *[If you answered "Yes" to Question 5, proceed to Question 6.  If you answered "No" to Question 5, please do not answer any other questions in this section.]*

6. Do you find by a preponderance of the evidence that representation that you identified in Question 5 occurred in the course of MBUSA's business?

Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 6, proceed to Question 7.  If you answered "No" to Question 6, please do not answer any other questions in this section.]*

7.  Do you find by a preponderance of the evidence that a defect in the Takata airbag inflator manifested in Radican's vehicle prior to Radican receiving a free repair pursuant to the recall?

Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8.  Do you find by a preponderance of the evidence that Radican suffered an injury in fact as a result of MBUSA's representation that you identified in Question 5?

Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 8, proceed to Question 9.  If you answered "No" to Question 8, please do not answer any other questions in this section.]*

9.  Do you find by a preponderance of the evidence that MBUSA's representation that you identified in Question 5 caused Radican's injuries?

Answer:    **Yes** _____ **No** _____

10. Do you find by a preponderance of evidence that MBUSA knew of a defect in Takata airbag inflators prior to the sale of **any** class vehicles, which started to be sold as early as 2004?

Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 10, proceed to Question 11.  If you answered "No" to Question 10, please do not answer any other questions in this section.]*

11. Do you find by a preponderance of evidence that **every** class member is a consumer?

Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 2, proceed to Question 3.  If you answered "No" to Question 2, please do not answer any other questions in this section.]*

12. Do you find by a preponderance of the evidence that MBUSA made a false or misleading representation of fact to **every** class member regarding a defect in Takata airbag inflators in the class vehicles?

Answer:    **Yes** _____ **No** _____

If yes, what were the specific representations? _____

70

_____

_____

*[If you answered "Yes" to Question 12, proceed to Question 13.  If you answered "No" to Question 12, please do not answer any other questions in this section.]*

13. Do you find by a preponderance of the evidence that representations that you identified in Question 12 occurred in the course of MBUSA's business?

      Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 13, proceed to Question 14.  If you answered "No" to Question 13, please do not answer any other questions in this section.]*

14. Do you find by a preponderance of the evidence that the defect in the Takata airbag inflator manifested in **<u>every</u>** class member's vehicle prior to receiving a free repair pursuant to the recall?

      Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 14, proceed to Question 15.  If you answered "No" to Question 14, please do not answer any other questions in this section.]*

15. Do you find by a preponderance of the evidence that **<u>every</u>** class member suffered an injury in fact as a result of the representations that you identified in Question 12?

      Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 15, proceed to Question 16.  If you answered "No" to Question 15, please do not answer any other questions in this section.]*

16. Do you find by a preponderance of the evidence that the representations you identified in Question 12 caused **<u>every</u>** class member's injuries?

      Answer:    **Yes** _____ **No** _____

## **VERDICT FORM ON DAMAGES FOR OKLAHOMA**

**Compensatory Damages**

*[Answer the following questions only if you answered "Yes" to Question 9 or Question 16 in the section "Verdict Form on Liability for Oklahoma."  Otherwise, answer no questions in this section and proceed to the section "Verdict Form on Liability for Oregon."]*

1. Do you find, by a preponderance of the evidence, that Radican's vehicle would have cost less at the point of sale as a result of the defect?

   Answer:   **Yes _____   No _____**

   *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, proceed to Question 7.]*

2. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which Radican' vehicle would have cost less at the point of sale as a result of the defect?

   Answer:   **$ _____**

3. Do you find, by a preponderance of the evidence, that MBUSA offered to replace the airbag inflators in Radican's vehicle for free?

   *Answer:*   *Yes _____   No _____*

   *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 1, proceed to Question 5.]*

4. Given MBUSA's offer to replace the airbag inflators in Radican's vehicle for free, what amount do you find, by a preponderance of the evidence, to be the cost to Radican to repair the defect?

   Answer:   **$ _____**

5. Do you find, by a preponderance of the evidence, that Radican failed to exercise ordinary care and could have minimized or avoided damages?

   Answer:   **Yes _____   No _____**

   *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, proceed to Question 6.]*

6. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which Radican could have minimized or avoided damages?

   Answer**:**   **$ _____**

7. Do you find, by a preponderance of the evidence, that **all** class vehicles would have cost less at the point of sale as a result of the defect?

   Answer:      **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 6, proceed to Question 7.  If you answered "Yes" to Question 1 and "No" to Question 6, proceed to Question 13.  If you answered "No" to both Question 1 and Question 6, please do not answer any other questions in this section.]*

8. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which **all** class vehicles would have cost less at the point of sale as a result of the defect?

   Answer:      **$** _____

9. Do you find, by a preponderance of the evidence, that MBUSA offered to replace the airbag inflators in the class vehicle for free?

   Answer:      **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 9, proceed to Question 11.]*

10. Given MBUSA's offer to replace the airbag inflators in the class vehicles for free, what amount do you find, by a preponderance of the evidence, to be the cost to the class members to repair the defect?

    Answer:      **$** _____

11. Do you find, by a preponderance of the evidence, that **all** class members failed to exercise ordinary care and could have minimized or avoided damages?

    Answer:      **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 11, proceed to Question 12.  If you answered "No" to Question 11, proceed to Question 13.]*

12. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which class members could have minimized or avoided damages?

    Answer**:**      **$** _____

13. Do you find by a preponderance of the evidence that nonparties Takata Corporation and its related entities, including TK Holdings, Inc. were negligent?

    Answer:      **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 13, proceed to Question 14.  If you answered "No" to Question 13, please do not answer any other questions in this section.]*

14. Do you find by a preponderance of the evidence that the negligence of nonparties Takata Corporation and its related entities was a cause of any of the damages claimed by the class members?

Answer:        **Yes** _____ **No** _____

*[If you answered "Yes" to Question 14, proceed to Question 15.  If you answered "No" to Question 14, please do not answer any other questions in this section.]*

15. By what percentage do you find that the negligence of nonparties Takata Corporation and its related entities caused any of the damages claimed by the class members?

Answer**:**        _____%

**Punitive Damages**

*[Answer the following Question 1 only if you answered "Yes" to Question 8 in the section "Verdict Form on Liability for Oklahoma."]*

1. Do you find, by clear and convincing evidence, that MBUSA's conduct was in reckless disregard of the rights of others?

Answer:        **Yes** _____ **No** _____

*[Answer the following Question 2 only if you answered "Yes" to Question 14 in the section "Verdict Form on Liability for Oklahoma."]*

2. Do you find, by clear and convincing evidence, that MBUSA's acted intentionally and with malice towards others?

Answer:        **Yes** _____ **No** _____

*[Answer the following Question 3 only if you answered "Yes" to Question 1 or Question 2 in this section.]*

3. What amount do you find (if any), by clear and convincing evidence, to be punitive damages required to deter MBUSA's conduct?

Answer:        **Punitive Damages: $** _____

## VERDICT FORM ON LIABILITY FOR OREGON

### Claim for Fraudulent Concealment

1.  Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators included in the Phillips' vehicle prior to the Phillips' purchase of their vehicle on May 24, 2014?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, please do not answer any other questions in this section.]*

2.  Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators included in the Phillips' vehicle prior to the Phillips' purchase of their vehicle?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 2, proceed to Question 3.  If you answered "No" to Question 2, please do not answer any other questions in this section.]*

3.  Do you find by a preponderance of the evidence that, in its representations to the Phillips, MBUSA made an affirmative misrepresentation regarding a defect in Takata airbag inflators in their vehicle?

    Answer:     **Yes** _____ **No** _____

    If yes, what were the specific representations? _____

    _____

    _____

4.  Do you find by a preponderance of the evidence that, in its representations to the Phillips, MBUSA concealed material facts regarding the Takata airbag inflators in their vehicle?

    Answer:     **Yes** _____ **No** _____

    If yes, what were the specific representations? _____

    _____

    _____

5.  Do you find by a preponderance of the evidence that MBUSA had a duty to disclose material facts to the Phillips regarding the Takata airbag inflators in their vehicle?

    Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 4, proceed to Question 5.  If you answered "No" to Question 4, proceed to Question 6.]*

6.  Do you find by a preponderance of the evidence that, in its representations to the Phillips, MBUSA failed to disclose material facts regarding the Takata airbag inflators in their vehicle?

Answer:        **Yes** _____  **No** _____

If yes, what were the specific representations? _____

_____

_____

7.  Do you find by a preponderance of the evidence that the Phillips reasonably relied on the representations that you identified in Questions 3, 4, or 6?

Answer:        **Yes** _____  **No** _____

*[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8.  Do you find by a preponderance of the evidence that the Phillips were injured by their reliance on the representations that you identified in Questions 3, 4, or 6?

Answer:        **Yes** _____  **No** _____

*[If you answered "Yes" to Question 8, proceed to Question 9.  If you answered "No" to Question 8, please do not answer any other questions in this section.]*

9.  Do you find, by a preponderance of the evidence, that an alteration or modification to the Takata airbag inflators by someone other than MBUSA after the vehicles left MBUSA's control was a substantial factor in causing the Phillips' injury?

Answer:        **Yes** _____  **No** _____

*[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 9, proceed to Question 11.]*

10. Do you find, by a preponderance of the evidence, that the modification was not made with MBUSA's consent or according to MBUSA's instructions or specifications?

Answer:        **Yes** _____  **No** _____

11. Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators prior to the sale of **any** class vehicles, which started to be sold as early as 2004?

Answer:      **Yes** _____ **No** _____

*[If you answered "Yes" to Question 11, proceed to Question 12.  If you answered "No" to Question 11, please do not answer any other questions in this section.]*

12. Do you find by a preponderance of the evidence that, in its representations to **<u>every</u>** class member, MBUSA made an affirmative misrepresentation regarding a defect in Takata airbag inflators in their vehicle?

    If yes, what were the specific representations? _____

    _____

    _____

13. Do you find by a preponderance of the evidence that, in its representations to **<u>every</u>** class member, MBUSA willfully concealed material facts regarding the Takata airbag inflators in their vehicles?

    Answer:      **Yes** _____ **No** _____

    If yes, what were the specific representations? _____

    _____

    _____

14. Do you find by a preponderance of the evidence that MBUSA had a duty to disclose material facts to **<u>every</u>** class member regarding the Takata airbag inflators in their vehicles?

    Answer:      **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 14, proceed to Question 15.  If you answered "No" to Question 14, proceed to Question 16.]*

15. Do you find by a preponderance of the evidence that, in its representations to **<u>every</u>** class member, MBUSA failed to disclose material facts regarding the Takata airbag inflators in their vehicles?

    Answer:      **Yes** _____ **No** _____

    If yes, what were the specific representations? _____

    _____

    _____

*[If you answered "Yes" to Question 12, 13, or 15, proceed to Question 16.  If you answered "No" to Questions 12, 13, and 15, please do not answer any other questions in this section.]*

16. Do you find by a preponderance of the evidence that **<u>every</u>** class member reasonably relied on the representations that you identified in Questions 12, 13, or 15?

    Answer:      **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 16, proceed to Question 17.  If you answered "No" to Question 16, please do not answer any other questions in this section.]*

17. Do you find by a preponderance of the evidence that **<u>every</u>** class member was injured by the representations you identified in Questions 12, 13, or 15?

    Answer:      **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 17, proceed to Question 18.  If you answered "No" to Question 17, please do not answer any other questions in this section.]*

18. Do you find, by a preponderance of the evidence, that an alteration or modification to the Takata airbag inflators by someone other than MBUSA after the vehicles left MBUSA's control was a substantial factor in causing **<u>every</u>** class member's injury?

    Answer:      **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 18, proceed to Question 19.  If you answered "No" to Question 18, please do not answer any other questions in this section.]*

19. Do you find, by a preponderance of the evidence, that the modification was not made with MBUSA's consent or according to MBUSA's instructions or specifications?

    Answer:      **Yes** _____ **No** _____

**<u>Claim for Violation of the Unlawful Trade Practices Act</u>**

1. Do you find by a preponderance of the evidence that the Phillips filed their claim within one year of receiving a recall notice in May 2016?

    Answer:      **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, please do not answer any other questions in this section.]*

2. Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators included in the Phillips' vehicle prior to the Phillips' purchase of their vehicle on May 24, 2014?

    Answer:      **Yes** _____ **No** _____

*[If you answered "Yes" to Question 2, proceed to Question 3.  If you answered "No" to Question 2, please do not answer any other questions in this section.]*

3.  Do you find by a preponderance of the evidence that, in its representations to the Phillips, MBUSA made material statements in advertising or marketing material related to the Takata airbag inflators in the Phillips' vehicle?

    Answer:     **Yes** _____     **No** _____

    If yes, what were the specific representations? _____

    _____

    _____

4.  Do you find by a preponderance of the evidence that MBUSA had a duty to disclose material facts to the Phillips regarding the Takata airbag inflators in their vehicle?

    Answer:     **Yes** _____     **No** _____

    *[If you answered "Yes" to Question 4, proceed to Question 5.  If you answered "No" to Questions 3 and 4, please do not answer any other questions in this section.]*

5.  Do you find by a preponderance of the evidence that, in its representations to the Phillips, MBUSA made material omissions in advertising or marketing material related to the Takata airbag inflators in the Phillips' vehicle?

    Answer:     **Yes** _____     **No** _____

    If yes, what were the specific representations? _____

    _____

    _____

    *[If you answered "Yes" to Question 3 or Question 5, proceed to Question 6.  If you answered "No" to Questions 3 and 5, please do not answer any other questions in this section.]*

6.  Do you find by a preponderance of the evidence that the representations you identified in Question 3 or Question 5 occurred in the course of MBUSA's business?

    Answer:     **Yes** _____     **No** _____

    *[If you answered "Yes" to Question 6, proceed to Question 7.  If you answered "No" to Question 6, please do not answer any other questions in this section.]*

7. Do you find by a preponderance of the evidence that the Phillips reasonably relied on the representations that you identified in Question 3 or Question 5 when purchasing their vehicle?

Answer:   **Yes** _____ **No** _____

*[If you answered "Yes" to Question 7, proceed to Question 8. If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8. Do you find by a preponderance of the evidence that the representations you identified in Question 3 or Question 5 resulted in an ascertainable loss to the Phillips?

Answer:   **Yes** _____ **No** _____

*[If you answered "Yes" to Question 8, proceed to Question 9. If you answered "No" to Question 8, please do not answer any other questions in this section.]*

9. Do you find, by a preponderance of the evidence, that an alteration or modification to the Takata airbag inflators by someone other than MBUSA after the vehicles left MBUSA's control was a substantial factor in causing the Phillips' injury?

Answer:   **Yes** _____ **No** _____

*[If you answered "Yes" to Question 9, proceed to Question 10. If you answered "No" to Question 9, proceed to Question 11.]*

10. Do you find, by a preponderance of the evidence, that the modification was not made with MBUSA's consent or according to MBUSA's instructions or specifications?

Answer:   **Yes** _____ **No** _____

11. Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators prior to the sale of **<u>any</u>** class vehicles, which started to be sold as early as 2004?

Answer:   **Yes** _____ **No** _____

*[If you answered "Yes" to Question 11, proceed to Question 12. If you answered "No" to Question 11, please do not answer any other questions in this section.]*

12. Do you find by a preponderance of the evidence that **<u>every</u>** class member purchased their vehicle primarily for personal, family, or household purposes?

Answer:   **Yes** _____ **No** _____

*[If you answered "Yes" to Question 12, proceed to Question 13. If you answered "No" to Question 12, please do not answer any other questions in this section.]*

13. Do you find by a preponderance of the evidence that, in its representations to **every** class member, MBUSA made material statements in advertising or marketing material related to the Takata airbag inflators in their vehicles?

    Answer:    **Yes** _____ **No** _____

    If yes, what were the specific representations? _____

    _____

    _____

14. Do you find by a preponderance of the evidence that MBUSA had a duty to disclose material facts to **every** class member regarding the Takata airbag inflators in their vehicles?

    Answer:    **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 14, proceed to Question 15.  If you answered "No" to Questions 13 and 14, please do not answer any other questions in this section.]*

15. Do you find by a preponderance of the evidence that, in its representations to **every** class member, MBUSA made material omissions in advertising or marketing material related to the Takata airbag inflators in their vehicles?

    Answer:    **Yes** _____ **No** _____

    If yes, what were the specific representations? _____

    _____

    _____

    *[If you answered "Yes" to Question 13 or Question 15, proceed to Question 16.  If you answered "No" to Questions 13 and 15, please do not answer any other questions in this section.]*

16. Do you find by a preponderance of the evidence that the representations you identified in Question 13 or Question 15 occurred in the course of MBUSA's business?

    Answer:    **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 16, proceed to Question 17.  If you answered "No" to Question 16, please do not answer any other questions in this section.]*

17. Do you find by a preponderance of the evidence that **every** class member reasonably relied on the representations that you identified in Question 13 or Question 15 when purchasing their vehicles?

Answer:      **Yes** _____  **No** _____

*[If you answered "Yes" to Question 17, proceed to Question 18.  If you answered "No" to Question 17, please do not answer any other questions in this section.]*

18. Do you find by a preponderance of the evidence that the representations you identified in Question 13 or Question 15 resulted in an ascertainable loss to **<u>every</u>** class member?

Answer:      **Yes** _____  **No** _____

*[If you answered "Yes" to Question 18, proceed to Question 19.  If you answered "No" to Question 18, please do not answer any other questions in this section.]*

19. Do you find, by a preponderance of the evidence, that an alteration or modification to the Takata airbag inflators by someone other than MBUSA after the vehicles left MBUSA's control was a substantial factor in causing **<u>every</u>** class member's injury?

Answer:      **Yes** _____  **No** _____

*[If you answered "Yes" to Question 19, proceed to Question 20.  If you answered "No" to Question 19, please do not answer any other questions in this section.]*

20. Do you find, by a preponderance of the evidence, that the modification was not made with MBUSA's consent or according to MBUSA's instructions or specifications?

Answer:      **Yes** _____  **No** _____

## **VERDICT FORM ON DAMAGES FOR OREGON**

*[Answer the following questions only if you answered "Yes" to Question 10 or Question 19 in the section "Verdict Form on Liability for Oregon: Claim for Fraudulent Concealment" or Question 10 or 20 in the section "Verdict Form on Liability for Oregon: Claim for Violation of the Unlawful Trade Practices Act." Otherwise, answer no questions in this section and proceed to the section "Verdict Form on Liability for Rhode Island."]*

### **Compensatory Damages**

1. Do you find, by a preponderance of the evidence, that the Phillips' vehicle would have cost less at the point of sale as a result of the defect?

   Answer:     **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, proceed to Question 7.]*

2. What do you find, by a preponderance of the evidence, to be the amount (if any) by which the Phillips' vehicle would have cost less at the point of sale as a result of the defect?

   Answer:     **$** _____

3. Do you find, by a preponderance of evidence, that MBUSA offered to replace the airbag inflators in the Phillips' vehicle for free?

   Answer:     **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, proceed to Question 5.]*

4. Given MBUSA's offer to replace the airbag inflators in the Phillips' vehicle for free, what amount do you find, by a preponderance of evidence, to be the cost to the Phillips to repair the defect?

   Answer:     **$** _____

5. Do you find, by a preponderance of the evidence, that the Phillips failed to exercise ordinary care and could have minimized or avoided damages?

   Answer:     **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 5, proceed to Question 6.  If you answered "No" to Question 3, proceed to Question 7.]*

6. What do you find, by a preponderance of the evidence, to be the amount (if any) by which the Phillips could have minimized or avoided damages?

Answer**:**    $ _____

7.  Do you find, by a preponderance of the evidence, that **all** class vehicles would have cost less at the point of sale as a result of the defect?

    Answer:    **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8.  What do you find (if any), by a preponderance of the evidence, to be the amount (if any) by which **all** class vehicles would have cost less at the point of sale as a result of MBUSA's actions?

    Answer:    $ _____

9.  Do you find, by a preponderance of the evidence, that **all** class members failed to exercise ordinary care and could have minimized or avoided damages?

    Answer:    **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 9, proceed to Question 11.]*

10. What do you find, by a preponderance of the evidence, to be the amount (if any) by which the class members could have minimized or avoided damages?

    Answer**:**    $ _____

11. Do you find by a preponderance of evidence that nonparties Takata Corporation and its related entities, including TK Holdings, Inc. were negligent?

    Answer:    **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 11, proceed to Question 12.  If you answered "No" to Question 11, please do not answer any other questions in this section.]*

12. Do you find by a preponderance of evidence that the negligence of nonparties Takata Corporation and its related entities was a cause of any of the damages claimed by the class members?

    Answer:    **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 12, proceed to Question 13.  If you answered "No" to Question 12, please do not answer any other questions in this section.]*

13. By what percentage do you find that the negligence of nonparties Takata Corporation and its related entities caused any of the damages claimed by the class members?

Answer**:**        _____%

**<u>Punitive Damages</u>**

1.  Do you find, by clear and convincing evidence, that MBUSA acted with malice or reckless and outrageous indifference to the health, safety, and welfare of others?

    Answer:        **Yes _____ No _____**

    *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, please do not answer any other questions in this section.]*

2.  What amount do you find (if any), by clear and convincing evidence, to be punitive damages required to deter MBUSA's conduct?

    Answer:        **Punitive Damages: $ _____**

## <u>VERDICT FORM ON LIABILITY FOR RHODE ISLAND</u>

### <u>Claim for Violation of the Rhode Island Unfair Trade Practices & Consumer Protection Act</u>

1. Do you find by a preponderance of the evidence that Radican filed her claim within ten years of her purchase of the vehicle on October 8, 2007?

   Answer:      **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, please do not answer any other questions in this section.]*

2. Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators included in Radican's vehicle prior to Radican's purchase of her vehicle on October 8, 2007?

   Answer:      **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 2, proceed to Question 3.  If you answered "No" to Question 2, please do not answer any other questions in this section.]*

3. Do you find by a preponderance of evidence that Radican purchased her vehicle primarily for personal, family, or household purposes?

   Answer:      **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, please do not answer any other questions in this section.]*

4. Do you find by a preponderance of the evidence that MBUSA engaged in an unfair or deceptive trade practice through advertising or marketing material related to the Takata airbag inflators in Radican's vehicle prior to Radican's purchase of her vehicle on October 8, 2007?

   Answer:      **Yes** _____ **No** _____

   If yes, what was the specific unfair or deceptive trade practice? _____

   _____

   _____

   _____

   *[If you answered "Yes" to Question 4, proceed to Question 5.  If you answered "No" to Question 4, please do not answer any other questions in this section.]*

5. Do you find by a preponderance of the evidence that Radican relied on the unfair or deceptive trade practice that you identified in Question 4?

Answer:    **Yes** _____   **No** _____

*[If you answered "Yes" to Question 5, proceed to Question 6.  If you answered "No" to Question 5, please do not answer any other questions in this section.]*

6.  Do you find by a preponderance of the evidence that the unfair or deceptive trade practice that you identified in Question 4 occurred in the course of MBUSA's trade or commerce?

Answer:    **Yes** _____   **No** _____

*[If you answered "Yes" to Question 6, proceed to Question 7.  If you answered "No" to Question 6, please do not answer any other questions in this section.]*

7.  Do you find by a preponderance of the evidence that Radican suffered an ascertainable loss as a result of the unfair or deceptive trade practice that you identified in Question 4?

Answer:    **Yes** _____   **No** _____

*[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8.  Do you find, by a preponderance of the evidence, that an alteration or modification to the Takata airbag inflators by someone other than MBUSA after the vehicles left MBUSA's control was a significant contributing factor in causing Radican's ascertainable loss?

Answer:    **Yes** _____   **No** _____

9.  Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators prior to the sale of **any** class vehicles, which started to be sold as early as 2004?

Answer:    **Yes** _____   **No** _____

*[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 9, please do not answer any other questions in this section.]*

10. Do you find by a preponderance of evidence that **every** class member purchased their vehicle primarily for personal, family, or household purposes?

Answer:    **Yes** _____   **No** _____

*[If you answered "Yes" to Question 10, proceed to Question 11.  If you answered "No" to Question 10, please do not answer any other questions in this section.]*

11. Do you find by a preponderance of the evidence that MBUSA engaged in an unfair or deceptive trade practice through advertising or marketing material related to the Takata airbag inflators in Radican's vehicle prior to Radican's purchase of her vehicle on October 8, 2007?

Answer:  **Yes** _____  **No** _____

If yes, what was the specific unfair or deceptive trade practice? _____

_____

_____

_____

*[If you answered "Yes" to Question 11, proceed to Question 12.  If you answered "No" to Question 11, please do not answer any other questions in this section.]*

12. Do you find by a preponderance of the evidence that the unfair or deceptive trade practice that you identified in Question 11 occurred in the course of MBUSA's trade or commerce?

    Answer:  **Yes** _____  **No** _____

    *[If you answered "Yes" to Question 12, proceed to Question 13.  If you answered "No" to Question 12, please do not answer any other questions in this section.]*

13. Do you find by a preponderance of the evidence that **every** class member relied on the unfair or deceptive trade practice that you identified in Question 11?

    Answer:  **Yes** _____  **No** _____

    *[If you answered "Yes" to Question 13, proceed to Question 14.  If you answered "No" to Question 13, please do not answer any other questions in this section.]*

14. Do you find by a preponderance of the evidence that **every** class member suffered an ascertainable loss as a result of the unfair or deceptive trade practice that you identified in Question 11?

    Answer:  **Yes** _____  **No** _____

    *[If you answered "Yes" to Question 14, proceed to Question 15.  If you answered "No" to Question 14, please do not answer any other questions in this section.]*

15. Do you find, by a preponderance of the evidence, that an alteration or modification to the Takata airbag inflators by someone other than MBUSA after the vehicles left MBUSA's control was a significant contributing factor in causing **every** class member's ascertainable loss?

    Answer:  **Yes** _____  **No** _____

## Claim for Fraudulent Concealment

1. Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators included in Radican's vehicle prior to Radican's purchase of her vehicle on October 8, 2007?

   Answer:     **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, please do not answer any other questions in this section.]*

2. Do you find by a preponderance of evidence that MBUSA owed Radican a duty to disclose material facts?

   Answer:     **Yes** _____ **No** _____

3. Do you find by a preponderance of the evidence that, in its representations to Radican, MBUSA failed to disclose material facts to Radican regarding a defect in Takata airbag inflators?

   Answer:     **Yes** _____ **No** _____

   If yes, what were the specific representations?  _____

   _____

   _____

4. Do you find by a preponderance of the evidence that, in its representations to Radican, MBUSA made an affirmative misrepresentation regarding a defect in Takata airbag inflators in her vehicle?

   Answer:     **Yes** _____ **No** _____

   If yes, what were the specific representations?  _____

   _____

   _____

   *[If you answered "Yes" to Question 4, proceed to Question 5.  If you answered "No" to Question 4 but answered "Yes" to Question 3, proceed* TO *Question 6.  If you answered "No" to both Question 3 and Question 4, please do not answer any other questions in this section.]*

5. Do you find by a preponderance of the evidence that when MBUSA made the representation that you identified in Question 4, MBUSA knew that the representation was false?

Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 5, proceed to Question 6.  If you answered "No" to Question 5 but answered "Yes" to Question 3, proceed to Question 6.  If you answered "No" to both Question 3 and Question 5, please do not answer any other questions in this section.]*

6.  Do you find by a preponderance of the evidence that Radican relied on the representation that you identified in Question 3 or Question 4??

     Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 6, proceed to Question 7.  If you answered "No" to Question 6, please do not answer any other questions in this section.]*

7.  Do you find by a preponderance of the evidence that Radican suffered an injury as a result of MBUSA's representation that you identified in Question 3 or Question 4?

     Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8.  Do you find, by a preponderance of the evidence, that an alteration or modification to the Takata airbag inflators by someone other than MBUSA after the vehicles left MBUSA's control was a significant contributing factor in causing Radican's ascertainable loss?

     Answer:     **Yes** _____ **No** _____

**<u>Claim for Breach of Implied Warranty of Merchantability</u>**

1.  Do you find by a preponderance of the evidence that MBUSA is a merchant that sold the class vehicles?

     Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 2, please do not answer any other questions in this section.]*

2.  Do you find by a preponderance of the evidence that Radican's vehicle performed as intended for a reasonable period of time?

     Answer:     **Yes** _____ **No** _____

*[If you answered "No" to Question 2, proceed to Question 3. If you answered "Yes" to Question 2, please do not answer any other questions in this section.]*

3.  Do you find by a preponderance of the evidence that Radican's vehicle was not merchantable at the time of the sale?

Answer:      **Yes** _____ **No** _____

*[If you answered "Yes" to Question 3, proceed to Question 4. If you answered "No" to Question 3, please do not answer any other questions in this section.]*

4.  Do you find by a preponderance of the evidence that Radican had privity with MBUSA when she purchased her vehicle on October 8, 2007?

Answer:      **Yes** _____ **No** _____

*[If you answered "Yes" to Question 4, proceed to Question 5.  If you answered "No" to Question 4, please do not answer any other questions in this section.]*

5.  Do you find by a preponderance of the evidence that the defect in the Takata airbag inflator manifested in Radican's vehicle prior to 2011, when the express warranty expired?

Answer:      **Yes** _____ **No** _____

*[If you answered "Yes" to Question 5, proceed to Question 6.  If you answered "No" to Question 5, please do not answer any other questions in this section.]*

6.  Do you find by a preponderance of the evidence that that Radican suffered damage to herself or their property?

Answer:      **Yes** _____ **No** _____

*[If you answered "Yes" to Question 6, proceed to Question 7. If you answered "No" to Question 6, please do not answer any other questions in this section.]*

7.  Do you find by a preponderance of the evidence that Radican's injuries were caused proximately and in fact by the defective nature of the Takata airbag inflators in the class vehicles?

Answer:      **Yes** _____ **No** _____

*[If you answered "Yes" to Question 7, proceed to Question 7. If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8.  Do you find by a preponderance of the evidence that Radican provided notice to MBUSA of her injuries?

Answer:      **Yes** _____ **No** _____

## VERDICT FORM ON DAMAGES FOR RHODE ISLAND

**Compensatory Damages**

*[Answer the following questions only if you answered "No" to Question 8 or Question 15 in the section "Verdict Form on Liability for Rhode Island: Claim for Violation of the Rhode Island Unfair Trade Practices & Consumer Protection Act," "No" to Question in the section "Verdict Form on Liability for Rhode Island: Claim for Fraudulent Concealment," or "Yes" to Question 8 in the section "Verdict Form on Liability for Rhode Island: Claim for Breach of Implied Warranty of Merchantability." Otherwise, proceed to the section "Verdict Form on Liability for Utah."]*

1. Do you find, by a preponderance of the evidence, that Radican's vehicle would have cost less at the point of sale as a result of the defect?

   Answer:     **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, proceed to Question 7.]*

2. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which Radican's vehicle would have cost less at the point of sale as a result of the defect?

   Answer:     **$** _____

3. Do you find, by a preponderance of the evidence, that MBUSA offered to replace the airbag inflators in Radican's vehicle for free?

   Answer:     **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 1, proceed to Question 5.]*

4. Given MBUSA's offer to replace the airbag inflators in Radican's vehicle for free, what amount do you find, a preponderance of the evidence, to be the cost to Radican to repair the defect?

   Answer:     **$** _____

5. Do you find, by a preponderance of the evidence, that Radican failed to exercise ordinary care and could have minimized or avoided damages?

   Answer:     **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 5, proceed to Question 6.  If you answered "No" to Question 5, proceed to Question 7.]*

6. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which Radican could have minimized or avoided damages?

    Answer**:**        **$ _____**

    *[Answer the following Question 7 only if you answered "No" to Question 13 in the section "Verdict Form on Liability for Rhode Island: Claim for Violation of the Rhode Island Unfair Trade Practices & Consumer Protection Act."  Otherwise, answer no further questions in this section and proceed to the section "Verdict Form on Liability for Utah."]*

7. Do you find, by a preponderance of the evidence, that **all** class vehicles would have cost less at the point of sale as a result of the defect?

    Answer:        **Yes _____ No _____**

    *[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8. What amount do you find (if any), by a preponderance of the evidence, to the amount by which **all** class vehicles would have cost less at the point of sale as a result of the defect?

    Answer:        **$ _____**

9. Do you find, by a preponderance of the evidence, that MBUSA offered to replace the airbag inflators in the class vehicle for free?

    Answer:        **Yes _____ No _____**

    *[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 1, proceed to Question 11.]*

10. Given MBUSA's offer to replace the airbag inflators in the class vehicles for free, what amount do you find, by a preponderance of the evidence, to be the cost to the class members to repair the defect?

    Answer:        **$ _____**

11. Do you find, by a preponderance of the evidence, that **all** class members failed to exercise ordinary care and could have minimized or avoided damages?

    Answer:        **Yes _____ No _____**

    *[If you answered "Yes" to Question 11, proceed to Question 12.  If you answered "No" to Question 11, please do not answer any other questions in this section.]*

12. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which class members could have minimized or avoided damages?

Answer**:**          **$** _____

**<u>Punitive Damages</u>**

*[Answer the following questions only if you answered "No" to Question 8 or Question 15 in the section "Verdict Form on Liability for Rhode Island: Claim for Violation of the Rhode Island Unfair Trade Practices & Consumer Protection Act." Otherwise, proceed to the section "Verdict Form on Liability for Utah."]*

1. Do you find, by a preponderance of the evidence, that MBUSA acted with malice, wantonness, or willfulness of such an extreme nature as to amount to criminality?

   Answer:          **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, please do not answer any other questions in this section.]*

2. What amount do you find (if any) to be punitive damages required to deter MBUSA's conduct?

   Answer:          **Punitive Damages: $** _____

## **VERDICT FORM ON LIABILITY FOR UTAH**

**Claim for Fraudulent Concealment**

1. Do you find by clear and convincing evidence that Bridges is a resident of Utah?

   Answer:    **Yes** _____  **No** _____

2. Do you find by clear and convincing evidence that Bridges was injured in Utah?

   Answer:    **Yes** _____  **No** _____

   *[If you answered "Yes" to Question 1 or 2, proceed to Question 3.  If you answered "No" to both Questions 1 and 2, please do not answer any other questions in this section.]*

3. Do you find by clear and convincing evidence that MBUSA knew of a defect in Takata airbag inflators included in Bridges' vehicle prior to Bridges' purchase of her vehicle on April 4, 2014?

   Answer:    **Yes** _____  **No** _____

   *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, please do not answer any other questions in this section.]*

4. Do you find by clear and convincing evidence that MBUSA owed Bridges a duty to disclose material facts?

   Answer:    **Yes** _____  **No** _____

5. Do you find by clear and convincing evidence that, in its representations to Bridges, MBUSA failed to disclose material facts to Bridges regarding a defect in Takata airbag inflators in her vehicle?

   Answer:    **Yes** _____  **No** _____

   If yes, what were the specific representations? _____

   _____

   _____

6. Do you find by clear and convincing evidence that, in its representations to Bridges, MBUSA made an affirmative misrepresentation regarding a defect in Takata airbag inflators in her vehicle?

   Answer:    **Yes** _____  **No** _____

   If yes, what were the specific representations? _____

_____

_____

*[If you answered "Yes" to either Question 5 or Question 6, proceed to Question 7. If you answered "No" to both Question 5 and Question 6, please do not answer any other questions in this section.]*

7.  Do you find by clear and convincing evidence that Bridges justifiably relied on the representations that you identified in Question 5 or Question 6?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8.  Do you find by clear and convincing evidence that Bridges was damaged as a result of her reliance on the representations that you identified in Question 5 or Question 6?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 8, proceed to Question 9.  If you answered "No" to Question 8, please do not answer any other questions in this section.]*

9.  Do you find by clear and convincing evidence that Bridges' damages were proximately caused by an alteration or modification to the Takata airbag inflators by someone other than MBUSA after her vehicle left MBUSA's control?

    Answer:     **Yes** _____ **No** _____

10. Do you find by clear and convincing evidence that MBUSA knew of a defect in Takata airbag inflators included in the class vehicles prior to the sale of **<u>any</u>** class vehicles, which started to be sold as early as 2004?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 8, proceed to Question 9.  If you answered "No" to Question 8, please do not answer any other questions in this section.]*

11. Do you find by clear and convincing evidence that MBUSA owed **<u>every</u>** class member a duty to disclose material facts?

    Answer:     **Yes** _____ **No** _____

12. Do you find by clear and convincing evidence that in its representations to **<u>all</u>** class members, MBUSA failed to disclose material facts to **<u>all</u>** class members regarding a defect in Takata airbag inflators in the class vehicles?

    Answer:     **Yes** _____ **No** _____

If yes, what were the specific representations? _____

_____

_____

13. Do you find by clear and convincing evidence that, in its representations to **<u>all</u>** class members, MBUSA made an affirmative misrepresentation regarding a defect in Takata airbag inflators in the class vehicles?

       Answer:     **Yes _____ No _____**

If yes, what were the specific representations? _____

_____

_____

*[If you answered "Yes" to either Question 12 or Question 13, proceed to Question 14.  If you answered "No" to both Question 12 and Question 13, please do not answer any other questions in this section.]*

14. Do you find by clear and convincing evidence that **<u>every</u>** class member justifiably relied on the representations that you identified in Question 12 or Question 13?

       Answer:     **Yes _____ No _____**

*[If you answered "Yes" to Question 14, proceed to Question 15.  If you answered "No" to Question 14, please do not answer any other questions in this section.]*

15. Do you find by clear and convincing evidence that **<u>every</u>** class member was damaged as a result of her reliance on the representations that you identified in Question 12 or Question 13?

       Answer:     **Yes _____ No _____**

*[If you answered "Yes" to Question 15, proceed to Question 16.  If you answered "No" to Question 15, please do not answer any other questions in this section.]*

16. Do you find, by clear and convincing evidence, that the class members' damages were proximately caused by an alteration or modification to the Takata airbag inflators by someone other than MBUSA after the vehicle left MBUSA's control?

       Answer:     **Yes _____ No _____**

## VERDICT FORM ON DAMAGES FOR UTAH

*[Answer the following questions only if you answered "No" to Question 9 or Question 16 in the section "Verdict Form on Liability for Utah." Otherwise, answer no questions in this section and proceed to the section "Verdict Form on Liability for Vermont."]*

### Compensatory Damages

1.  Do you find, by clear and convincing evidence, that Bridges' vehicle would have cost less at the point of sale as a result of the defect?

    Answer:  **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, proceed to Question 7.]*

2.  What amount do you find (if any), by clear and convincing evidence to be the amount by which Bridges' vehicle would have cost less at the point of sale as a result of the defect?

    Answer:  **$** _____

3.  Do you find, by clear and convincing evidence, that MBUSA offered to replace the airbag inflators in Bridges' vehicle for free?

    Answer:  **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, proceed to Question 5.]*

4.  Given MBUSA's offer to replace the airbag inflators in Bridges' vehicle for free, what amount do you find, by clear and convincing evidence, to be the cost to Bridges to repair the defect?

    Answer:  **$** _____

5.  Do you find, by clear and convincing evidence, that Bridges failed to exercise ordinary care and could have minimized or avoided damages?

    Answer:  **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 5, proceed to Question 6.  If you answered "No" to Question 5, proceed to Question 7.]*

6.  What amount do you find (if any), by clear and convincing evidence, to be the amount by which Bridges could have minimized or avoided damages?

    Answer**:**  **$** _____

7. Do you find, by clear and convincing evidence, that **<u>all</u>** class vehicles would have cost less at the point of sale as a result of the defect?

Answer: **Yes** _____ **No** _____

*[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8. What amount do you find (if any), by clear and convincing evidence, to be the amount by which **<u>all</u>** class vehicles would cost less at the point of sale as a result of the defect?

Answer: **$** _____

9. Do you find, by clear and convincing evidence, that MBUSA offered to replace the airbag inflators in the class vehicle for free?

Answer: **Yes** _____ **No** _____

*[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 9, proceed to Question 11.]*

10. Given MBUSA's offer to replace the airbag inflators in the class vehicles for free, what amount do you find, by clear and convincing evidence, to be the cost to the class members to repair the defect?

Answer: **$** _____

11. Do you find, by clear and convincing evidence, that **<u>all</u>** class members failed to exercise ordinary care and could have minimized or avoided damages?

Answer: **Yes** _____ **No** _____

*[If you answered "Yes" to Question 11, proceed to Question 12.  If you answered "No" to Question 11, proceed to Question 12.]*

12. What amount do you find (if any), by clear and convincing evidence, to be the amount by which the class members could have minimized or avoided damages?

Answer**:** **$** _____

13. Do you find by a preponderance of the evidence that nonparties Takata Corporation and its related entities, including TK Holdings, Inc. were negligent?

Answer: **Yes** _____ **No** _____

*[If you answered "Yes" to Question 13, proceed to Question 14.  If you answered "No" to Question 13, please do not answer any other questions in this section.]*

99

14. Do you find by a preponderance of the evidence that the negligence of nonparties Takata Corporation and its related entities was a cause of any of the damages claimed by the class members?

Answer:        **Yes** _____ **No** _____

*[If you answered "Yes" to Question 12, proceed to Question 13.  If you answered "No" to Question 12, please do not answer any other questions in this section.]*

15. By what percentage do you find that the negligence of nonparties Takata Corporation and its related entities caused any of the damages claimed by the class members?

Answer**:**        _____%

## **Punitive Damages**

1. Do you find, by clear and convincing evidence, that MBUSA's conduct was willful and malicious, intentionally fraudulent, or showed a knowing and reckless disregard for the rights of others?

Answer:        **Yes** _____ **No** _____

*[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, please do not answer any other questions in this section.]*

2. What amount do you find (if any) to be punitive damages required to deter MBUSA's conduct?

Answer: **Punitive Damages: $** _____

## VERDICT FORM ON LIABILITY FOR VERMONT

### Claim for a Violation of the Vermont Consumer Fraud Act

1. Do you find by a preponderance of the evidence that Radican is a resident of Vermont?

   Answer:   **Yes** _____ **No** _____

2. Do you find by a preponderance of the evidence that Radican was injured in Vermont?

   Answer:   **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 1 or 2, proceed to Question 3.  If you answered "No" to Questions 1 and 2, please do not answer any other questions in this section.]*

3. Do you find by a preponderance of the evidence that Radican purchased her vehicle primarily for personal, family, or household purposes?

   Answer:   **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, please do not answer any other questions in this section.]*

4. Do you find by a preponderance of the evidence that MBUSA failed to say something with respect to advertising or marketing material related to the Takata airbag inflator in Radican's vehicle that an ordinary person would decide was misleading?

   Answer:   **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 4, proceed to Question 5.  If you answered "No" to Question 4, proceed to Question 10.]*

5. Do you find by a preponderance of the evidence that MBUSA failed to say something to Radican with respect to advertising or marketing material related to the Takata airbag inflator when purchasing her vehicle?

   Answer:   **Yes** _____ **No** _____

   If yes, what were the specific representations?  _____

   _____

   _____

   *[If you answered "Yes" to Question 5, proceed to Question 6.  If you answered "No" to Question 5, proceed to Question 10.]*

6. Do you find by a preponderance of the evidence that that the representations you identified in Question 5 occurred in the course of MBUSA's commerce?

Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 6, proceed to Question 7.  If you answered "No" to Question 6, please do not answer any other questions in this section.]*

7. Do you find by a preponderance of the evidence that Radican reasonably understood what MBUSA failed to say with respect to advertising or marketing material related to the Takata airbag inflator when purchasing her vehicle?

Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, proceed to Question 10.]*

8. Do you find by a preponderance of the evidence that MBUSA's lack of statement with respect to advertising or marketing material related to the Takata airbag inflator in Radican's vehicle was material to Radican's purchase of her vehicle on October 8, 2007?

Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 8, proceed to Question 9.  If you answered "No" to Question 8, please do not answer any other questions in this section.]*

9. Do you find by a preponderance of the evidence that Radican relied on MBUSA's lack of statement with respect to advertising or marketing material related to the Takata airbag inflator in Radican's vehicle when purchasing her vehicle?

Answer:     **Yes** _____ **No** _____

10. Do you find by a preponderance of the evidence that MBUSA said or did something with respect to advertising or marketing material related to the Takata airbag inflator in Radican's vehicle that an ordinary person would decide was misleading?

Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 10, proceed to Question 11.  If you answered "No" to Question 10, please do not answer any other questions in this section.]*

If yes, what were the specific representations? _____

_____

_____

11. Do you find by a preponderance of the evidence that MBUSA said or did something to Radican with respect to advertising or marketing material related to the Takata airbag inflator when purchasing her vehicle?

Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 10, proceed to Question 11.  If you answered "No" to Question 11, please do not answer any other questions in this section.]*

12. Do you find by a preponderance of the evidence that that the representations you identified in Question 10 occurred in the course of MBUSA's commerce?

Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 12, proceed to Question 13.  If you answered "No" to Question 12, please do not answer any other questions in this section.]*

13. Do you find by a preponderance of the evidence that Radican reasonably understood what MBUSA said or did with respect to advertising or marketing material related to the Takata airbag inflator when purchasing her vehicle?

Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 13, proceed to Question 14.  If you answered "No" to Question 13, please do not answer any other questions in this section.]*

14. Do you find by a preponderance of the evidence that MBUSA's statement or action with respect to advertising or marketing material related to the Takata airbag inflator in Radican's vehicle was material to Radican's purchase of her vehicle on October 8, 2007?

Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 14, proceed to Question 15.  If you answered "No" to Question 14, please do not answer any other questions in this section.]*

15. Do you find by a preponderance of the evidence that Radican relied on MBUSA's statement or action with respect to advertising or marketing material related to the Takata airbag inflator in Radican's vehicle when purchasing her vehicle?

Answer:    **Yes** _____ **No** _____

16. Do you find by a preponderance of the evidence that **every** class member purchased their vehicle primarily for personal, family, or household purposes?

Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 16, proceed to Question 17.  If you answered "No" to Question 16, please do not answer any other questions in this section.]*

103

17. Do you find by a preponderance of the evidence that MBUSA failed to say something to **<u>every</u>** class member with respect to advertising or marketing material related to the Takata airbag inflator when purchasing their vehicle?

      Answer:    **Yes** _____ **No** _____

      If yes, what were the specific representations? _____

      _____

      _____

      *[If you answered "Yes" to Question 17, proceed to Question 18.  If you answered "No" to Question 17, please do not answer any other questions in this section.]*

18. Do you find by a preponderance of the evidence that that the representations you identified in Question 17 occurred in the course of MBUSA's commerce?

      Answer:    **Yes** _____ **No** _____

      *[If you answered "Yes" to Question 18, proceed to Question 19.  If you answered "No" to Question 18, please do not answer any other questions in this section.]*

19. Do you find by a preponderance of the evidence that **<u>every</u>** class member reasonably understood what MBUSA failed to say with respect to advertising or marketing material related to the Takata airbag inflator when purchasing their vehicles?

      Answer:    **Yes** _____ **No** _____

      *[If you answered "Yes" to Question 19, proceed to Question 20.  If you answered "No" to Question 19, please do not answer any other questions in this section.]*

20. Do you find by a preponderance of the evidence that MBUSA's lack of statement with respect to advertising or marketing material related to the Takata airbag inflator was material to **<u>every</u>** class member's purchase of their vehicles?

      Answer:    **Yes** _____ **No** _____

      *[If you answered "Yes" to Question 20, proceed to Question 21.  If you answered "No" to Question 20, please do not answer any other questions in this section.]*

21. Do you find by a preponderance of the evidence that **<u>every</u>** class member relied on MBUSA's lack of statement with respect to advertising or marketing material related to the Takata airbag inflator when purchasing their vehicles?

      Answer:    **Yes** _____ **No** _____

22. Do you find by a preponderance of the evidence that MBUSA said or did something to **every** class member with respect to advertising or marketing material related to the Takata airbag inflator when purchasing their vehicle?

   Answer:      **Yes** _____ **No** _____

   If yes, what were the specific representations? _____

   _____

   _____

   *[If you answered "Yes" to Question 22, proceed to Question 23.  If you answered "No" to Question 22, please do not answer any other questions in this section.]*

23. Do you find by a preponderance of the evidence that that the representations you identified in Question 22 occurred in the course of MBUSA's commerce?

   Answer:      **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 23, proceed to Question 24.  If you answered "No" to Question 23, please do not answer any other questions in this section.]*

24. Do you find by a preponderance of the evidence that **every** class member reasonably understood what MBUSA said or did with respect to advertising or marketing material related to the Takata airbag inflator when purchasing their vehicles?

   Answer:      **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 24, proceed to Question 25.  If you answered "No" to Question 24, please do not answer any other questions in this section.]*

25. Do you find by a preponderance of the evidence that MBUSA's statement or action with respect to advertising or marketing material related to the Takata airbag inflator was material to **every** class member's purchase of their vehicles?

   Answer:      **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 25, proceed to Question 26.  If you answered "No" to Question 25, please do not answer any other questions in this section.]*

26. Do you find by a preponderance of the evidence that **every** class member relied on MBUSA's statement or action with respect to advertising or marketing material related to the Takata airbag inflator when purchasing their vehicles?

   Answer:      **Yes** _____ **No** _____

## VERDICT FORM ON DAMAGES FOR VERMONT

*[Answer the following questions only if you answered "Yes" to Questions 9 or 15 and 21 or 26 in the section "Verdict Form on Liability for Vermont."  Otherwise, answer no questions in this section and proceed to the section "Verdict Form on Liability for Virginia."]*

### Compensatory Damages

1. Do you find, by a preponderance of the evidence, that Radican's vehicle would have cost less at the point of sale a result of the defect??

    Answer:      **Yes _____ No _____**

    *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, proceed to Question 7.]*

2. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which Radican's vehicle would have cost less at the point of sale as a result of the defect?

    Answer:      **$ _____**

3. Do you find, by a preponderance of the evidence, that MBUSA offered to replace the airbag inflators in Radican's vehicle for free?

    Answer:      **Yes _____ No _____**

    *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, proceed to Question 6.]*

4. Do you find, by a preponderance of the evidence, that Radican failed to exercise ordinary care and could have minimized or avoided damages?

    Answer:      **Yes _____ No _____**

5. Given MBUSA's offer to replace the airbag inflators in Radican's vehicle for free, what amount do you find, by a preponderance of evidence, to be the cost to Bridges to repair the defect?

    Answer:      **$ _____**

6. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which Radican could have minimized or avoided damages?

    Answer**:      $ _____**

7. Do you find, by a preponderance of the evidence, that **_all_** class vehicles have cost less at the point of sale as a result of the defect?

Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8.  What amount do you find (if any), by a preponderance of the evidence, to be the amount by which **all** class vehicles would have cost less at the point of sale as a result of the defect?

Answer:          **$** _____

9.  Do you find, by a preponderance of evidence, that MBUSA offered to replace the airbag inflators in the class vehicles for free?

Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 9, proceed to Question 11.]*

10. Given MBUSA's offer to replace the airbag inflators in the class vehicles for free, what amount do you find, by a preponderance of evidence, to be the cost to the class members to repair the defect?

Answer:          **$** _____

11. Do you find, by a preponderance of the evidence, that **all** class members failed to exercise ordinary care and could have minimized or avoided damages?

Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 11, proceed to Question 12.  If you answered "No" to Question 11, please do not answer any other questions in this section.]*

12. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which the class members could have minimized or avoided damages?

Answer**:**          **$** _____

## Punitive Damages

1.  Do you find, by a preponderance of the evidence, that MBUSA's conduct constituted willful and wanton disregard for the rights of others?

Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, please do not answer any other questions in this section.]*

2.  Do you find that MBUSA's behavior constituted corporate acts?

107

Answer:     **Yes _____ No _____**

*[If you answered "Yes" to Question 2, proceed to Question 3.  If you answered "No" to Question 2, please do not answer any other questions in this section.]*

3.  What amount do you find (if any) to be punitive damages required to deter MBUSA's conduct?

Answer:     **Punitive Damages: $ _____**

## VERDICT FORM ON LIABILITY FOR VIRGINIA

### Claim for Fraudulent Concealment

1.  Do you find by clear and convincing evidence that Bridges is a resident of Virginia?

    Answer:   **Yes** _____ **No** _____

2.  Do you find by clear and convincing evidence that Bridges was injured in Virginia?

    Answer:   **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 1 or 2, proceed to Question 3.  If you answered "No" to both Questions 1 and 2, please do not answer any other questions in this section.]*

3.  Do you find by clear and convincing evidence that MBUSA knew of a defect in Takata airbag inflators included in Bridges' vehicle prior to Bridges' purchase of her vehicle on April 4, 2014?

    Answer:   **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, please do not answer any other questions in this section.]*

4.  Do you find by clear and convincing evidence that MBUSA owed Bridges a duty to disclose material facts?

    Answer:   **Yes** _____ **No** _____

5.  Do you find by clear and convincing evidence that, in its representations to Bridges, MBUSA failed to disclose material facts to Bridges regarding a defect in Takata airbag inflators in her vehicle?

    Answer:   **Yes** _____ **No** _____

    If yes, what were the specific representations? _____

    _____

    _____

6.  Do you find by clear and convincing evidence that, in its representations to Bridges, MBUSA made an affirmative misrepresentation regarding a defect in Takata airbag inflators in her vehicle?

    Answer:   **Yes** _____ **No** _____

If yes, what were the specific representations? _____

_____

_____

*[If you answered "Yes" to either Question 5 or Question 6, proceed to Question 7. If you answered "No" to both Question 5 and Question 6, please do not answer any other questions in this section.]*

7.  Do you find by clear and convincing evidence that MBUSA had the intent to mislead Bridges when it made the representations that you identified in Question 5 or Question 6?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8.  Do you find by clear and convincing evidence that Bridges justifiably relied on the representations that you identified in Question 5 or Question 6?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 8, proceed to Question 9.  If you answered "No" to Question 8, please do not answer any other questions in this section.]*

9.  Do you find by clear and convincing evidence that Bridges was damaged as a result of her reliance on the representations that you identified in Question 5 or Question 6?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 9, please do not answer any other questions in this section.]*

10. Do you find by clear and convincing evidence that MBUSA knew of a defect in Takata airbag inflators included in the class vehicles prior to the sale of **any** class vehicles, which started to be sold as early as 2004?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 10, proceed to Question 11.  If you answered "No" to Question 10, please do not answer any other questions in this section.]*

11. Do you find by clear and convincing evidence that MBUSA owed **every** class member a duty to disclose material facts?

    Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 11, proceed to Question 12.  If you answered "No" to Question 11, please do not answer any other questions in this section.]*

12. Do you find by clear and convincing evidence that in its representations to **all** class members, MBUSA failed to disclose material facts to **all** class members regarding a defect in Takata airbag inflators in the class vehicles?

        Answer:    **Yes** _____ **No** _____

        If yes, what were the specific representations? _____

        _____

        _____

13. Do you find by clear and convincing evidence that, in its representations to **all** class members, MBUSA made an affirmative misrepresentation regarding a defect in Takata airbag inflators in the class vehicles?

        Answer:    **Yes** _____ **No** _____

        If yes, what were the specific representations? _____

        _____

        _____

*[If you answered "Yes" to either Question 12 or Question 13, proceed to Question 14.  If you answered "No" to both Question 12 and Question 13, please do not answer any other questions in this section.]*

14. Do you find by clear and convincing evidence that MBUSA had the intent to mislead **every** class member when it made the representations that you identified in Question 12 or Question 13?

        Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 14, proceed to Question 15.  If you answered "No" to Question 14, please do not answer any other questions in this section.]*

15. Do you find by clear and convincing evidence that **every** class member justifiably relied on the representations that you identified in Question 12 or Question 13?

        Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 15, proceed to Question 16.  If you answered "No" to Question 15, please do not answer any other questions in this section.]*

16. Do you find by clear and convincing evidence that **<u>every</u>** class member was damaged as a result of her reliance on the representations that you identified in Question 12 or Question 13?

Answer:       **Yes** _____ **No** _____

## **VERDICT FORM ON DAMAGES FOR VIRGINIA**

*[Answer the following questions only if you answered "Yes" to Question 9 or Question 16 in the section "Verdict Form on Liability for Virginia."  Otherwise, answer no questions in this section and proceed to the section "Verdict Form on Liability for Washington."]*

### **Compensatory Damages**

1.  Do you find, by clear and convincing evidence, that Bridges' vehicle would have cost less at the point of sale as a result of the defect?

    Answer:  **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, proceed to Question 7.]*

2.  What amount do you find (if any), by clear and convincing evidence, to be the amount by which Bridges' vehicle would have cost less at the point of sale as a result of the defect?

    Answer:  **$** _____

3.  Do you find, clear and convincing evidence, that MBUSA offered to replace the airbag inflators in Bridges' vehicle for free?

    Answer:  **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 1, proceed to Question 5.]*

4.  Given MBUSA's offer to replace the airbag inflators in Bridges' vehicle for free, what amount do you find, by clear and convincing evidence, to be the cost to Bridges to repair the defect?

    Answer:  **$** _____

5.  Do you find, by clear and convincing evidence, that Bridges failed to exercise ordinary care and could have minimized or avoided damages?

    Answer:  **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, proceed to Question 6.]*

6.  What amount do you find (if any), by clear and convincing evidence, to be the amount by which Bridges could have minimized or avoided damages?

    Answer**:**  **$** _____

7. Do you find, by clear and convincing evidence, that **all** class vehicles would have cost less at the point of sale as a result of the defect?

   Answer:      **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8. What amount do you find (if any), by clear and convincing evidence, to be the amount by which Bridges could have minimized or avoided damages?

   Answer:      **$** _____

9. Do you find, by clear and convincing evidence, that MBUSA offered to replace the airbag inflators in the class vehicle for free?

   Answer:      **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 1, proceed to Question 11.]*

10. Given MBUSA's offer to replace the airbag inflators in the class vehicles for free, what amount do you find, by clear and convincing, to be the cost to the class members to repair the defect?

    Answer:      **$** _____

11. Do you find, by clear and convincing evidence, that **all** class members failed to exercise ordinary care and could have minimized or avoided damages?

    Answer:      **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 11, proceed to Question 12.  If you answered "No" to Question 11, proceed to Question 13.]*

12. What amount do you find (if any), by clear and convincing evidence, to be the amount by which the class members could have minimized or avoided damages?

    Answer**:**      **$** _____

## <u>VERDICT FORM ON LIABILITY FOR WASHINGTON</u>

### <u>Claim for Fraudulent Concealment</u>

1. Do you find by a preponderance of the evidence that Goldberg filed his claim within four years of his purchase of the vehicle on December 26, 2010?

   Answer:  **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 1, proceed to Question 3.  If you answered "No" to Question 1, proceed to Question 2.]*

2. Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators included in Goldberg's vehicle prior to Goldberg's purchase of his vehicle on December 26, 2010?

   Answer:  **Yes** _____ **No** _____*[If you answered "Yes" to Question 2, proceed to Question 3.  If you answered "No" to Question 2, please do not answer any other questions in this section.]*

3. Do you find by a preponderance of the evidence that MBUSA actively concealed from Goldberg a defect in the Takata airbag inflators in Golberg's vehicle?

   Answer:  **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, please do not answer any other questions in this section.]*

4. Do you find by a preponderance of the evidence that Goldberg justifiably relied on MBUSA's representations regarding the safety of the Takata airbag inflators in his vehicle?

   Answer:  **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 4, proceed to Question 5.  If you answered "No" to Question 4, please do not answer any other questions in this section.]*

5. Do you find by a preponderance of the evidence that Goldberg was damaged as a result of his reliance on MBUSA's representations regarding the safety of Takata airbag inflators in his vehicle?

   Answer:  **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 5, proceed to Question 6.  If you answered "No" to Question 5, please do not answer any other questions in this section.]*

**Claim for Violation of the Washington Consumer Protection Act**

1. Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators included in Goldberg's vehicle prior to Goldberg's purchase of his vehicle on December 26, 2010?

    Answer:    **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, please do not answer any other questions in this section.]*

2. Do you find by a preponderance of the evidence that MBUSA engaged in an unfair or deceptive act or practice related to advertising or marketing material related to the Takata airbag inflators in Golberg's vehicle prior to Goldberg's purchase of his vehicle on December 26, 2010?

    Answer:    **Yes** _____ **No** _____

    If yes, what was the specific unfair or deceptive act or practice? _____

    _____

    _____

    _____
    *[If you answered "Yes" to Question 2, proceed to Question 3.  If you answered "No" to Question 2, please do not answer any other questions in this section.]*

3. Do you find by a preponderance of the evidence that that MBUSA's unfair or deceptive act or practice that you identified in Question 2 occurred in the course of MBUSA's trade or commerce?

    Answer:    **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, please do not answer any other questions in this section.]*

4. Do you find by a preponderance of the evidence that the unfair or deceptive act or practice that you identified in Question 2 affected the public interest?

    Answer:    **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 4, proceed to Question 5.  If you answered "No" to Question 4, please do not answer any other questions in this section.]*

5. Do you find by a preponderance of the evidence that Goldberg suffered an injury to himself or his property as a result of MBUSA's unfair or deceptive act or practice that you identified in Question 2?

Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 5, proceed to Question 6.  If you answered "No" to Question 4, please do not answer any other questions in this section.]*

6.  Do you find by a preponderance of the evidence that MBUSA's unfair or deceptive act or practice that you identified in Question 2 was a proximate cause of Goldberg's injury?

Answer:     **Yes** _____ **No** _____

7.  Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators included in the class vehicles prior to the sale of **<u>any</u>** class vehicles, which started to be sold as early as 2004?

Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8.  Do you find by a preponderance of the evidence that MBUSA engaged in an unfair or deceptive act or practice related to advertising or marketing material related to the Takata airbag inflators in the class vehicles prior to the sale of **<u>any</u>** class vehicles, which started to be sold as early as 2004?

Answer:     **Yes** _____ **No** _____

If yes, what was the specific unfair or deceptive act or practice? _____

_____

_____

_____

*[If you answered "Yes" to Question 8, proceed to Question 9.  If you answered "No" to Question 8, please do not answer any other questions in this section.]*

9.  Do you find by a preponderance of the evidence that that MBUSA's unfair or deceptive act or practice that you identified in Question 8 occurred in the course of MBUSA's trade or commerce?

Answer:     **Yes** _____ **No** _____*[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 9, please do not answer any other questions in this section.]*

10. Do you find by a preponderance of the evidence that the unfair or deceptive act or practice that you identified in Question 8 affected the public interest?

Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 10, proceed to Question 11.  If you answered "No" to Question 103, please do not answer any other questions in this section.]*

11. Do you find by a preponderance of the evidence that **<u>every</u>** class member suffered an injury to themselves or their property as a result of MBUSA's unfair or deceptive act or practice that you identified in Question 8?

       Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 11, proceed to Question 12.  If you answered "No" to Question 11, please do not answer any other questions in this section.]*

12. Do you find by a preponderance of the evidence that MBUSA's unfair or deceptive act or practice that you identified in Question 8 was a proximate cause of **<u>every</u>** class member's injury?

       Answer:     **Yes** _____ **No** _____

## VERDICT FORM ON DAMAGES FOR WASHINGTON

**Compensatory Damages**

*[Answer the following Question 1 only if you answered "Yes" to Question 5 in the section "Verdict Form on Liability for Washington: Claim for Fraudulent Concealment" or Question 6 in the section "Verdict Form on Liability for Washington: Claim for Violation of the Washington Consumer Protection Act." Otherwise, proceed to Question 7.]*

1. Do you find, by a preponderance of the evidence, that Goldberg's vehicle would have cost less at the point of sale as a result of the defect?

   Answer:      **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, proceed to Question 7.]*

2. What amount do you find (if any), by a preponderance of the evidence, the amount by which Bridges' vehicle would have cost less at the point of sale as a result of the defect?

   Answer:      **$** _____

3. Do you find, by a preponderance of the evidence, that MBUSA offered to replace the airbag inflators in Bridges' vehicle for free?

   Answer:      **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 1, proceed to Question 5.]*

4. Given MBUSA's offer to replace the airbag inflators in Bridges' vehicle for free, what amount do you find, by a preponderance of the evidence, to be the cost to Bridges to repair the defect?

   Answer:      **$** _____

5. Do you find, by a preponderance of the evidence, that Golberg failed to exercise ordinary care and could have minimized or avoided damages?

   Answer:      **Yes** _____ **No** _____

   *[If you answered "Yes" to Question 5, proceed to Question 6.  If you answered "No" to Question 53, proceed to Question 7.]*

6. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which Goldberg could have minimized or avoided damages?

   Answer**:**      **$** _____

*[Answer the following Question 7 only if you answered "Yes" to Question 12 in the section "Verdict Form on Liability for Washington: Claim for Violation of the Washington Consumer Protection Act." Otherwise, answer no questions in this section and proceed to the section "Verdict Form on Liability for West Virginia."]*

7. Do you find, by a preponderance of the evidence, that **all** class vehicles would have cost less at the point of sale as a result of the defect?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 7, proceed to Question 8. If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which **all** class vehicles would have cost less at the point of sale as a result of the defect?

    Answer:     **$** _____

9. Do you find, by a preponderance of the evidence, that MBUSA offered to replace the airbag inflators in the class vehicle for free?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 9, proceed to Question 10. If you answered "No" to Question 1, proceed to Question 11.]*

10. Given MBUSA's offer to replace the airbag inflators in the class vehicles for free, what amount do you find, by a preponderance of the evidence, to be the cost to the class members to repair the defect?

    Answer:     **$** _____

11. Do you find, by a preponderance of the evidence, that **all** class members failed to exercise ordinary care and could have minimized or avoided damages?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 9, proceed to Question 10. If you answered "No" to Question 8, please do not answer any other questions in this section.]*

12. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which the class members could have minimized or avoided damages?

    Answer**:**     **$** _____

13. Do you find by a preponderance of evidence that nonparties Takata Corporation and its related entities, including TK Holdings, Inc. were negligent?

    Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 11, proceed to Question 12.  If you answered "No" to Question 11, please do not answer any other questions in this section.]*

14. Do you find by a preponderance of evidence that the negligence of nonparties Takata Corporation and its related entities was a cause of any of the damages claimed by the class members?

Answer:    **Yes _____ No _____**

*[If you answered "Yes" to Question 12, proceed to Question 13.  If you answered "No" to Question 12, please do not answer any other questions in this section.]*

15. By what percentage do you find that the negligence of nonparties Takata Corporation and its related entities caused any of the damages claimed by the class members?

Answer**:**     _____%

## <u>VERDICT FORM ON LIABILITY FOR WEST VIRGINIA</u>

**<u>Claim for Fraudulent Concealment</u>**

1.  Do you find by clear and convincing evidence that Bridges is a resident of West Virginia?

    Answer:     **Yes** _____ **No** _____

2.  Do you find by clear and convincing evidence that Bridges was injured in West Virginia?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 1 or 2, proceed to Question 3.  If you answered "No" to Questions 1 and 2, please do not answer any other questions in this section.]*

3.  Do you find by clear and convincing evidence that MBUSA knew of a defect in the Takata airbag inflators in Bridges' vehicle prior to Bridges' purchase of her vehicle on April 4, 2014?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 3 or 4, proceed to Question 5.  If you answered "No" to Questions 3 and 4, please do not answer any other questions in this section.]*

4.  Do you find by clear and convincing evidence that MBUSA owed Bridges a duty to disclose material facts?

    Answer:     **Yes** _____ **No** _____

5.  Do you find by clear and convincing evidence that, in its representations to Bridges, MBUSA failed to disclose material facts to Bridges regarding a defect in Takata airbag inflators in her vehicle?

    Answer:     **Yes** _____ **No** _____

    If yes, what were the specific representations? _____

    _____

    _____

6.  Do you find by clear and convincing evidence that, in its representations to Bridges, MBUSA made an affirmative misrepresentation regarding a defect in Takata airbag inflators in her vehicle?

    Answer:     **Yes** _____ **No** _____

If yes, what were the specific representations?  _____

_____

_____

*[If you answered "Yes" to either Question 5 or Question 6, proceed to Question 7. If you answered "No" to both Question 5 and Question 6, please do not answer any other questions in this section.]*

7.  Do you find by clear and convincing evidence that Bridges justifiably relied on the representations that you identified in Question 5 or Question 6?

   Answer:   **Yes** _____ **No** _____

*[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8.  Do you find by clear and convincing evidence that Bridges was damaged as a result of her reliance on the representations that you identified in Question 5 or Question 6?

   Answer:   **Yes** _____ **No** _____

*[If you answered "Yes" to Question 8, proceed to Question 9.  If you answered "No" to Question 8, please do not answer any other questions in this section.]*

9.  Do you find by clear and convincing evidence that MBUSA knew of a defect in Takata airbag inflators included in the class vehicles prior to the sale of **any** class vehicles, which started to be sold as early as 2004?

   Answer:   **Yes** _____ **No** _____

*[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 9, please do not answer any other questions in this section.]*

10. Do you find by clear and convincing evidence that MBUSA owed **every** class member a duty to disclose material facts?

   Answer:   **Yes** _____ **No** _____

11. Do you find by clear and convincing evidence that in its representations to **all** class members, MBUSA failed to disclose material facts to **all** class members regarding a defect in Takata airbag inflators in the class vehicles?

   Answer:   **Yes** _____ **No** _____

If yes, what were the specific representations?  _____

_____

_____

12. Do you find by clear and convincing evidence that, in its representations to **<u>all</u>** class members, MBUSA made an affirmative misrepresentation regarding a defect in Takata airbag inflators in the class vehicles?

      Answer:     **Yes** _____ **No** _____

      If yes, what were the specific representations? _____

      _____

      _____

      *[If you answered "Yes" to either Question 11 or Question 12, proceed to Question 14.  If you answered "No" to both Question 11 and Question 12, please do not answer any other questions in this section.]*

13. Do you find by clear and convincing evidence that **<u>every</u>** class member justifiably relied on the representations that you identified in Question 11 or Question 12?

      Answer:     **Yes** _____ **No** _____

      *[If you answered "Yes" to Question 14, proceed to Question 15.  If you answered "No" to Question 14, please do not answer any other questions in this section.]*

14. Do you find by clear and convincing evidence that **<u>every</u>** class member was damaged as a result of her reliance on the representations that you identified in Question 11 or Question 12?

      Answer:     **Yes** _____ **No** _____

      *[If you answered "Yes" to Question 14, proceed to Question 15.  If you answered "No" to Question 14, please do not answer any other questions in this section.]*

## <u>Claim for Violation of the West Virginia Consumer Credit & Protection Act</u>

1. Do you find by a preponderance of the evidence that Radican is a resident of West Virginia?

      Answer:     **Yes** _____ **No** _____

2. Do you find by a preponderance of the evidence that Radican was injured in West Virginia?

      Answer:     **Yes** _____ **No** _____

      *[If you answered "Yes" to Question 1 or 2, proceed to Question 3.  If you answered "No" to Questions 1 and 2, please do not answer any other questions in this section.]*

3.  Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators included in Radican's vehicle prior to Radican's purchase of her vehicle on October 8, 2007?

        Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, please do not answer any other questions in this section.]*

4.  Do you find by a preponderance of the evidence that Radican purchased her vehicle primarily for personal, family, or household purposes?

        Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 4, proceed to Question 5.  If you answered "No" to Question 4, please do not answer any other questions in this section.]*

5.  Do you find by a preponderance of the evidence that MUBSA engaged in an unfair or deceptive trade practice through advertising or marketing material related to the Takata airbag inflators in Radican's vehicle prior to Radican's purchase of her vehicle on October 8, 2007?

        Answer:     **Yes** _____ **No** _____

        If yes, what was the specific unfair or deceptive trade practice? _____

        _____

        _____

        _____

*[If you answered "Yes" to Question 5, proceed to Question 6.  If you answered "No" to Question 5, please do not answer any other questions in this section.]*

6.  Do you find by a preponderance of the evidence that the deceptive trade practice you identified in Question 5 occurred in the course of MBUSA's trade or commerce?

        Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 6, proceed to Question 7.  If you answered "No" to Question 6, please do not answer any other questions in this section.]*

7.  Do you find by a preponderance of the evidence that Radican reasonably relied on the unfair or deceptive trade practice that you identified in Question 5?

        Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 6, proceed to Question 8.  If you answered "No" to Question 6, please do not answer any other questions in this section.]*

8. Do you find by a preponderance of the evidence that Radican suffered an ascertainable loss of money or property as a result of the unfair or deceptive trade practice that you identified in Question 5?

    Answer:      **Yes** _____ **No** _____

9. Do you find by a preponderance of the evidence that MBUSA knew of a defect in Takata airbag inflators included in the class vehicles prior to the sale of **any** class vehicles, which started to be sold as early as 2004?

    Answer:      **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 9, please do not answer any other questions in this section.]*

10. Do you find by a preponderance of the evidence that **every** class member purchased their vehicle primarily for personal, family, or household purposes?

    Answer:      **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 10, proceed to Question 11.  If you answered "No" to Question 10, please do not answer any other questions in this section.]*

11. Do you find by a preponderance of the evidence that MUBSA engaged in an unfair or deceptive trade practice through advertising or marketing material related to the Takata airbag inflators in the class vehicles prior to the sale of **any** class vehicles, which started to be sold as early as 2004?

    Answer:      **Yes** _____ **No** _____

    If yes, what was the specific unfair or deceptive trade practice? _____

    _____

    _____

    _____

    *[If you answered "Yes" to Question 11, proceed to Question 12.  If you answered "No" to Question 11, please do not answer any other questions in this section.]*

12. Do you find by a preponderance of the evidence that the unfair or deceptive trade practice you identified in Question 11 occurred in the course of MBUSA's trade or commerce?

    Answer:      **Yes** _____ **No** _____

*[If you answered "Yes" to Question 12, proceed to Question 13.  If you answered "No" to Question 12, please do not answer any other questions in this section.]*

13. Do you find by a preponderance of the evidence that **<u>every</u>** class member reasonably relied on the unfair or deceptive trade practice that you identified in Question 11?

Answer:      **Yes** _____ **No** _____

*[If you answered "Yes" to Question 13, proceed to Question 14.  If you answered "No" to Question 13, please do not answer any other questions in this section.]*

14. Do you find by a preponderance of the evidence that **<u>every</u>** class member suffered an ascertainable loss of money or property as a result of MBUSA's unfair or deceptive trade practice that you identified in Question 11?

Answer:      **Yes** _____ **No** _____

## VERDICT FORM ON DAMAGES FOR WEST VIRGINIA

**Fraudulent Concealment Compensatory Damages**

*[Answer the following questions only if you answered "Yes" to Question 8 or Question 14 in the section "Verdict Form on Liability for West Virginia: Claim for Fraudulent Concealment."  Otherwise, proceed to the section "Verdict Form on Damages for West Virginia: West Virginia Consumer Credit and Protection Act Compensatory Damages"]*

1. Do you find, by clear and convincing evidence, that Bridges' vehicle would have cost less at the point of sale as a result of the defect?

   Answer:      **Yes _____ No _____**

   *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, proceed to Question 7.]*

2. What amount do you find (if any), by clear and convincing evidence, to be the amount by which Bridges' vehicle would have cost less at the point of sale as a result of the defect?

   Answer:      **$ _____**

3. Do you find, by clear and convincing evidence, that MBUSA offered to replace the airbag inflators in Bridges' vehicle for free?

   Answer:      **Yes _____ No _____**

   *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 1, proceed to Question 5.]*

4. Given MBUSA's offer to replace the airbag inflators in Bridges' vehicle for free, what amount do you find, by clear and convincing evidence, to be the cost to Bridges to repair the defect?

   Answer:      **$ _____**

5. Do you find, by clear and convincing evidence, that Bridges failed to exercise ordinary care and could have minimized or avoided damages?

   Answer:      **Yes _____ No _____**

   *[If you answered "Yes" to Question 5, proceed to Question 6.  If you answered "No" to Question 53, proceed to Question 7.]*

6. What amount do you find (if any), by clear and convincing evidence, to be the amount by which Bridges could have minimized or avoided damages?

   Answer**:**      **$ _____**

7. Do you find, by clear and convincing evidence, that **all** class vehicles would have cost less at the point of sale as a result of the defect?

> Answer:   **Yes** _____ **No** _____

> *[If you answered "Yes" to Question 7, proceed to Question 8. If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8. What amount do you find (if any), by clear and convincing evidence, to be the amount by which **all** class vehicles would cost less at the point of sale as a result of the defect?

> Answer:   **$** _____

9. Do you find, by a clear and convincing evidence, that MBUSA offered to replace the airbag inflators in the class vehicle for free?

> Answer:   **Yes** _____ **No** _____

> *[If you answered "Yes" to Question 9, proceed to Question 10. If you answered "No" to Question 1, proceed to Question 11.]*

10. Given MBUSA's offer to replace the airbag inflators in the class vehicles for free, what amount do you find, by clear and convincing evidence, to be the cost to the class members to repair the defect?

> Answer:   **$** _____

11. Do you find, by clear and convincing evidence, that **all** class members failed to exercise ordinary care and could have minimized or avoided damages?

> Answer:   **Yes** _____ **No** _____

> *[If you answered "Yes" to Question 11, proceed to Question 12. If you answered "No" to Question 11, please do not answer any other questions in this section.]*

12. What amount do you find (if any), by clear and convincing evidence, to be the amount by which the class members could have minimized or avoided damages?

> Answer**:**   **$** _____

**Fraudulent Concealment Punitive Damages**

> *[Answer the following questions only if you answered "Yes" to Question 8 or Question 14 in the section "Verdict Form on Liability for West Virginia: Claim for Fraudulent Concealment." Otherwise, proceed to the section "Verdict Form on Damages for West Virginia: West Virginia Consumer Credit and Protection Act Compensatory Damages."]*

1. Do you find, by clear and convincing evidence, that MBUSA acted with actual malice or conscious, reckless, and outrageous indifference to the health, safety, and welfare of others?

   Answer:    **Yes _____ No _____**

   *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, please do not answer any other questions in this section.]*

2. What amount do you find (if any), by clear and convincing evidence, to be punitive damages required to deter to MBUSA's conduct?

   Answer:    **Punitive Damages: $ _____**

## West Virginia Consumer Credit and Protection Act Compensatory Damages

*[Answer the following questions only if you answered "Yes" to Question 8 or Question 14 in the section "Claim for Violation of the West Virginia Consumer Credit & Protection Act."  Otherwise, proceed to the section "Verdict Form on Liability for Wisconsin."]*

1. Do you find, by a preponderance of the evidence, that Radican's vehicle would have cost less at the point of sale as a result of the defect?

    Answer:      **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, proceed to Question 3.]*

2. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which Radican's vehicle would have cost less at the point of sale as a result of the defect?

    Answer:      **$** _____

3. Do you find, by a preponderance of the evidence, that MBUSA offered to replace the airbag inflators in Radican's vehicle for free?

    Answer:      **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 1, proceed to Question 5.]*

4. Given MBUSA's offer to replace the airbag inflators in Radican's vehicle for free, what amount do you find, by a preponderance of the evidence, to be the cost to Radican to repair the defect?

    Answer:      **$** _____

5. Do you find, by a preponderance of the evidence, that Radican failed to exercise ordinary care and could have minimized or avoided damages?

    Answer:      **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 5, proceed to Question 6.  If you answered "No" to Question 5, proceed to Question 7.]*

6. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which Radican could have minimized or avoided damages?

    Answer**:**      **$** _____

7.  Do you find, by a preponderance of the evidence, that **<u>all</u>** class vehicles would have cost less at the point of sale as a result of the defect?

      Answer:      **Yes** _____ **No** _____

      *[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8.  What amount do you find (if any), by a preponderance of the evidence, to be the amount by which **<u>all</u>** class vehicles would have cost less at the point of sale as a result of the defect?

      Answer:      **$** _____

9.  Do you find, by a preponderance of the evidence, that MBUSA offered to replace the airbag inflators in the class vehicle for free?

      Answer:      **Yes** _____ **No** _____

      *[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 1, proceed to Question 11.]*

10. Given MBUSA's offer to replace the airbag inflators in the class vehicles for free, what amount do you find, by a preponderance of the evidence, to be the cost to the class members to repair the defect?

      Answer:      **$** _____

11. Do you find, by a preponderance of the evidence, that **<u>all</u>** class members failed to exercise ordinary care and could have minimized or avoided damages?

      Answer:      **Yes** _____ **No** _____

      *[If you answered "Yes" to Question 11, proceed to Question 12.  If you answered "No" to Question 11, please do not answer any other questions in this section.]*

12. What amount do you find (if any), by a preponderance of the evidence, to be the amount by which the class members could have minimized or avoided damages?

      Answer**:**      **$** _____

## <u>VERDICT FORM ON LIABILITY FOR WISCONSIN</u>

**<u>Claim of Fraudulent Concealment</u>**

1. Do you find by a preponderance of the evidence that Bridges is a resident of Wisconsin?

    Answer:  **Yes** _____ **No** _____

2. Do you find by a preponderance of the evidence that Bridges was injured in Wisconsin?

    Answer:  **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 1 or 2, proceed to Question 3.  If you answered "No" to Questions 1 and 2, please do not answer any other questions in this section.]*

3. Do you find by a preponderance of the evidence that MBUSA made a representation of fact to Bridges as to a defect in the Takata airbag inflators in her vehicle prior to Bridges' purchase of her vehicle on April 4, 2014?

    Answer:  **Yes** _____ **No** _____

    If yes, what was the specific representation? _____

    _____

    _____

    _____

    *[If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, please do not answer any other questions in this section.]*

4. Do you find by a preponderance of the evidence that the representation you identified in Question 3 was untrue?

    Answer:  **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 4, proceed to Question 5.  If you answered "No" to Question 4, please do not answer any other questions in this section.]*

5. Do you find by a preponderance of the evidence that MBUSA made the representation you identified in Question 3 knowing it was untrue or recklessly without caring whether it was true or untrue?

    Answer:  **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 5, proceed to Question 6.  If you answered "No" to Question 6, please do not answer any other questions in this section.]*

6. Do you find by a preponderance of the evidence that Bridges reasonably relied on MBUSA's representation that you identified in Question 3?

    Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 6, proceed to Question 7.  If you answered "No" to Question 6, please do not answer any other questions in this section.]*

7. Do you find by a preponderance of the evidence that the defect in the Takata airbag inflator manifested in Bridges' vehicle?

    Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions in this section.]*

8. Do you find by a preponderance of the evidence that Bridges suffered an injury to herself or her property as a result of relying on MBUSA's representation that you identified in Question 3?

    Answer:    **Yes** _____ **No** _____

9. Do you find by a preponderance of the evidence that MBUSA made a representation of fact to **every** class member as to a defect in the Takata airbag inflators in the class vehicles prior to the sale of **any** class vehicles, which started to be sold as early as 2004?

    Answer:    **Yes** _____ **No** _____

    If yes, what were the specific representations? _____

    _____

    _____

    _____

*[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 9, please do not answer any other questions in this section.]*

10. Do you find by a preponderance of the evidence that the representations you identified in Question 9 were untrue?

    Answer:    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 10, proceed to Question 11.  If you answered "No" to Question 10, please do not answer any other questions in this section.]*

11. Do you find by a preponderance of the evidence that MBUSA made the representations you identified in Question 9 knowing they were untrue or recklessly without caring whether they were true or untrue?

Answer:      **Yes** _____ **No** _____

*[If you answered "Yes" to Question 11, proceed to Question 12.  If you answered "No" to Question 11, please do not answer any other questions in this section.]*

12. Do you find by a preponderance of the evidence that **every** class member reasonably relied on the representations you identified in Question 9?

Answer:      **Yes** _____ **No** _____

*[If you answered "Yes" to Question 12, proceed to Question 13.  If you answered "No" to Question 12, please do not answer any other questions in this section.]*

13. Do you find by a preponderance of the evidence that the defect in the Takata airbag inflator manifested in **every** class member's vehicle?

Answer:      **Yes** _____ **No** _____

*[If you answered "Yes" to Question 13, proceed to Question 14.  If you answered "No" to Question 15, please do not answer any other questions in this section.]*

14. Do you find by a preponderance of the evidence that **every** class member suffered an injury to herself or her property as a result of relying on the representations that you identified in Question 9?

Answer:      **Yes** _____ **No** _____

## **VERDICT FORM ON DAMAGES FOR WISCONSIN**

*[Answer the following questions only if you answered "Yes" to Question 8 or Question 14 in the section "Verdict Form on Liability for Wisconsin." Otherwise, answer no further questions.]*

**Compensatory Damages**

1. Do you find, by clear, satisfactory, and convincing evidence, that Bridges' vehicle would have cost less at the point of sale as a result of the defect?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 1, proceed to Question 2. If you answered "No" to Question 1, proceed to Question 7.]*

2. What amount do you find (if any), by clear, satisfactory, and convincing evidence, to be the amount by which Bridges' vehicle would have cost less at the point of sale as a result of the defect?

    Answer:     **$** _____

3. Do you find, by clear, satisfactory, and convincing evidence, that MBUSA offered to replace the airbag inflators in Bridges' vehicle for free?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 3, proceed to Question 4. If you answered "No" to Question 1, proceed to Question 5.]*

4. Given MBUSA's offer to replace the airbag inflators in Bridges' vehicle for free, what amount do you find, by clear, satisfactory, and convincing evidence, to be the cost to Bridges to repair the defect?

    Answer:     **$** _____

5. Do you find, by clear, satisfactory, and convincing evidence, that Bridges failed to exercise ordinary care and could have minimized or avoided damages?

    Answer:     **Yes** _____ **No** _____

    *[If you answered "Yes" to Question 3, proceed to Question 4. If you answered "No" to Question 3, proceed to Question 6.]*

6. What amount do you find (if any), by clear, satisfactory, and convincing evidence, to be the amount by which Bridges could have minimized or avoided damages?

    Answer**:**     **$** _____

7.  Do you find, by clear, satisfactory, and convincing evidence, that **all** class vehicles would have cost less at the point of sale as a result of the defect?

       Answer:     **Yes** _____ **No** _____

       *[If you answered "Yes" to Question 7, proceed to Question 8.  If you answered "No" to Question 7, please do not answer any other questions.]*

8.  What amount do you find (if any), by clear, satisfactory, and convincing evidence, to be the amount by which **all** class vehicles would have cost less at the point of sale as a result of the defect?

       Answer:     **$** _____

9.  Do you find, by clear, satisfactory, and convincing evidence, that MBUSA offered to replace the airbag inflators in the class vehicle for free?

       Answer:     **Yes** _____ **No** _____

       *[If you answered "Yes" to Question 9, proceed to Question 10.  If you answered "No" to Question 9, proceed to Question 11.]*

10. Given MBUSA's offer to replace the airbag inflators in the class vehicles for free, what amount do you find, by clear, satisfactory, and convincing evidence, to be the cost to the class members to repair the defect?

       Answer:     **$** _____

11. Do you find, by clear, satisfactory, and convincing evidence, that **all** class members failed to exercise ordinary care and could have minimized or avoided damages?

       Answer:     **Yes** _____ **No** _____

       *[If you answered "Yes" to Question 11, proceed to Question 12. If you answered "No" to Question 11, please do not answer any other questions in this section.]*

12. What amount do you find (if any), by clear, satisfactory, and convincing evidence, to be the amount by which the class members could have minimized or avoided damages?

       Answer**:**     **$** _____

## Punitive Damages

1.  Do you find, by clear and convincing evidence, that MBUSA acted with malice or intentional disregard for the rights of others?

       Answer:     **Yes** _____ **No** _____

*[If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to Question 1, please do not answer any other questions in this section.]*

2. What amount do you find (if any), by clear and convincing evidence, to be punitive damages required to deter MBUSA's conduct?

    Answer:  **Punitive Damages: $ _____**

Dated: July 12, 2024                    Respectfully submitted,

*/s/ Raoul G. Cantero*
Raoul G. Cantero (Florida Bar No. 552356)
raoul.cantero@whitecase.com
Jaime A. Bianchi (Florida Bar No. 908533)
jbianchi@whitecase.com
WHITE & CASE LLP
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

Troy M. Yoshino (*admitted pro hac vice*)
TYoshino@winston.com
Eric J. Knapp (*admitted pro hac vice*)
EKnapp@winston.com
WINSTON & STRAWN LLP
101 California Street, Suite 3500
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Attorneys for Defendant*
*Mercedes-Benz USA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2024, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By: /s/ *Raoul G. Cantero*
Raoul G. Cantero