# Exhibit 5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| IN RE: TAKATA AIRBAG PRODUCT LIABILITY LITIGATION<br><br>This Document Relates to All Economic Loss Class Actions and: | MDL No. 2599<br><br>Master File No.15- MD 2599-FAM<br><br>S.D. Fla. Case No. 1:14-cv-24009-FAM |

Stephanie Puhalla, et al., individually and on behalf of all others similarly situated,

        Plaintiffs,

    v.

VOLKSWAGEN AKTIENGESELLSCHAFT, VOLKSWAGEN GROUP OF AMERICA, AUDI AKTIENGESELLSCHAFT, AUDI OF AMERICA, LLC, MERCEDES-BENZ USA, LLC, and DAIMLER AG,

        Defendants.

## DEFENDANT MERCEDES-BENZ USA, LLC'S OBJECTIONS AND ANSWERS TO INTERROGATORY NOS. 1-2, 5, 8-12

       Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the parties' agreement, Defendant Mercedes-Benz USA, LLC ("MBUSA") hereby provides the following objections and answers to Interrogatory Nos. 1-2, 5, and 8-12 in Plaintiffs' First Set of Interrogatories propounded upon MBUSA.

## PRELIMINARY STATEMENT

       MBUSA's answers to Plaintiffs' Interrogatories have been prepared according to the Federal Rules of Civil Procedure pursuant to a reasonable and duly diligent investigation and search for responsive information and documents.  MBUSA has not yet completed its investigation of the facts related to this litigation.  Consequently, all of the answers contained

herein are based only on such information and documentation that is presently available to MBUSA and discloses only the information and contentions presently known to MBUSA. MBUSA reserves the right to amend these answers, and to offer related evidence, as additional facts are ascertained, analyses are made, research is completed, and contentions become apparent.

<u>**GENERAL OBJECTIONS**</u>

MBUSA makes the following General Objections to Plaintiffs' First Set of Interrogatories.  The assertion of the same, similar, or additional objections in the individual answers to Plaintiffs' Interrogatories, or the failure to assert any additional objection to an individual interrogatory, does not waive any of MBUSA's objections as set forth in this section.

1.      MBUSA objects to each instruction, definition, and Interrogatory to the extent that it purports to impose any requirement or discovery obligation beyond or different than those imposed under the Federal Rules of Civil Procedure, the Local Rules of this Court, or other applicable law.

2.      MBUSA objects to Plaintiffs' Interrogatories to the extent that they seek answers (a) prior to the completion of a discovery conference and development of a discovery plan as required by Rule 26(f) and (b) while motions to dismiss are pending which may limit or obviate the need for discovery, in whole or in part.  MBUSA's answers are made based on information now known or available to it, and its investigation and search for documents continues.  These answers are not a concession that any particular category of information requested by Plaintiffs exists or is relevant to any claim or defense.  Accordingly, MBUSA reserves the right to amend its objections and answers as needed to reflect additional

information obtained during the company's ongoing investigation and search for documents, future agreement(s) of the parties, or court order(s).

3.      MBUSA objects to Plaintiffs' Interrogatories to the extent they are overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

4.      MBUSA objects to Plaintiffs' Interrogatories to the extent they are vague, ambiguous, confusing, misleading, duplicative, or oppressive.

5.      MBUSA objects to Plaintiffs' Interrogatories to the extent that they seek information that is not within the scope of the time, geographic location(s), subject matter, or circumstances involved in this litigation and are therefore not reasonably calculated to lead to the discovery of admissible evidence.

6.      MBUSA objects to each instruction, definition, and Interrogatory to the extent that it seeks to require production of information or documents outside the geographic scope relevant to Plaintiffs' claims.  Plaintiffs are residents of the United States who allegedly purchased/leased and operate(d) their Mercedes-Benz vehicles solely within the United States, and they seek to establish a class and subclasses of purportedly similarly situated individuals. Moreover, MBUSA is the authorized distributor of Mercedes-Benz vehicles in the United States.  MBUSA has therefore limited its answers to information regarding or relevant to Mercedes-Benz vehicles subject to the Takata airbag recall which were sold or distributed within the United States.

7.      MBUSA objects to each instruction, definition, and Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection under the law.

8.     MBUSA objects to Plaintiffs' Interrogatories to the extent such information will be cumulative or duplicative, with the burden of providing such information substantially the same or less for Plaintiffs or other defendants in this litigation.

9.     MBUSA objects to Plaintiffs' Interrogatories to the extent they seek information that is publicly available from third parties, with the burden of providing such information substantially the same or less for Plaintiffs or other defendants in this litigation.

10.     MBUSA objects to the extent Plaintiffs' Interrogatories seek disclosure of trade secret, proprietary, and/or confidential information and/or would require MBUSA to disclose information that would breach confidentiality agreements between MBUSA and any other individual or entity.

11.     MBUSA objects to Plaintiffs' Interrogatories to the extent they seek to require the production of documents or information that would violate applicable data privacy protection laws including, but not limited to: The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act, 45, CFR Part 160 and Subparts A and E of Part 164 (medical information); Directive 95/46/EC of the European Parliament and of the Council of 24 October 1995 on the Protection of Individuals with Regard to the Processing of Personal Data and on the Free Movement of Such Data, 1995 O.J. (L281/31) (European Union personal information) and the EU Member States' laws transferring such Directive into national laws, such as the Data Protection Act 1998 (c. 29) (United Kingdom personal information), Federal Data Protection Act ((Bundesdatenschutzgesetz — BDSG) (Germany personal information), the German Telecommunications Act (the intercepting of electronic communications), the Belgian Law of December 8, 1992 on Privacy Protection in relation to the Processing of Personal Data

(Belgium personal information); Personal Information Protection and Electronic Documents Act (PIPEDA), S.C. 2000, c. 5 (Canada personal information); The Federal Law on Protection of Personal Data held by Private Parties (published July 5, 2010) (Mexico personal information); and The Personal Information Protection Act (Law No. 57 of 2003) (Japan personal information).

12.     MBUSA incorporates by reference every general objection set forth above into each specific answer set forth below.  A specific answer may repeat a general objection for emphasis or some other reason.  The failure to include any general objection in any specific answer does not waive any general objection to that interrogatory.  Moreover, MBUSA does not waive its right to amend its answers.

## OBJECTIONS TO PLAINTIFFS' DEFINITIONS AND TERMS

MBUSA objects to the following definitions and terms in Plaintiffs' First Set of Interrogatories.  The failure to object to any of Plaintiffs' definitions or terms shall not be deemed a waiver of any objections, nor a concession that any of Plaintiffs' definitions or terms are factually accurate.

1.     MBUSA objects to Plaintiffs' definition of "Airbag" to the extent it seeks to expand the scope of discovery in this action beyond airbags containing the recalled Takata airbag inflators at issue in this action.  Materials pertaining to vehicles and their component parts other than the vehicles and component parts at issue in this litigation are not relevant to any party's claim or defense.

2.     MBUSA objects to Plaintiffs' term "Ammonium Nitrate" to the extent it seeks to expand the scope of discovery in this action beyond Ammonium Nitrate as used in the recalled Takata airbag inflators at issue in this action.  Materials pertaining to vehicles and

their component parts other than the vehicles and component parts at issue in this litigation are not relevant to any party's claim or defense.

3.      MBUSA objects to Plaintiffs' term "Competing Vehicles" as vague, ambiguous, and overbroad.  Millions of vehicles are manufactured every year by numerous automakers.  What may or may not be a "Competing Vehicle" to one of the dozens of model vehicles manufactured by MBUSA is entirely subjective, and irrelevant to this action, which concerns allegedly defective Takata airbag inflators installed in certain Mercedes-Benz vehicles and subject to recall.  Moreover, materials pertaining to vehicles and their component parts other than the vehicles and component parts at issue in this litigation are not relevant to any party's claim or defense.

4.      MBUSA objects to Plaintiffs' definitions of "Defective Airbags" and "Inflator Defect" to the extent they presume a "uniform defect in all of Takata's airbag inflators," presume ammonium nitrate is "a notoriously volatile and unstable compound," and presume any defect in Mercedes-Benz vehicles.  To date, MBUSA is not aware of any incident in a Mercedes-Benz vehicle consistent with the alleged Takata defect.

5.      MBUSA objects to Plaintiffs' term "Defective Vehicle(s)" to the extent it implies that any inflator in a Mercedes-Benz vehicle has experienced the alleged Takata defect—i.e., a rupture incident.  To date, MBUSA is not aware of any incident in a Mercedes-Benz vehicle consistent with the alleged Takata defect.

6.      MBUSA objects to Plaintiffs' definitions of "Document," "Electronically-Stored Information," and "ESI" to the extent they purport to impose obligations greater than those set forth in the Federal Rules of Civil Procedure.

7.      MBUSA objects to Plaintiffs' terms "MBUSA" and "Mercedes" to the extent they seek to impose discovery obligations on separate entities and/or individuals who are not a party to this action, which no longer exists, and/or who possess documents and things that are not within MBUSA's possession, custody, or control.  "Mercedes" is a brand name and not a legal entity.

8.      MBUSA objects to Plaintiffs' definition of "Relevant Recall" to the extent it implies that any inflator in a Mercedes-Benz vehicle has experienced the alleged Takata inflator defect—i.e., a rupture incident.  To date, MBUSA is not aware of any incident in a Mercedes-Benz vehicle consistent with the alleged Takata defect.  MBUSA further objects to this definition to the extent it seeks to require production of information or documents related to Takata airbag inflators that have not been recalled and are not the subject of this action.

9.      MBUSA objects to Plaintiffs' definition of "Relevant Time Period" to the extent it seeks to require production of information or documents outside the scope of the relevant time period for this litigation, which concerns recalled Takata airbag inflators installed in certain Mercedes-Benz vehicles for model years 2005 through 2017.  Plaintiffs' defined time period is overbroad as it defines a relevant time frame too large despite the subject matter of this litigation occurring from 2005 through 2017.

10.      MBUSA objects to Plaintiffs' definition of "You" and "Your" as overbroad and unduly burdensome to the extent that it attempts to extend the scope of discovery to information in the possession, custody, or control of individuals or entities other than MBUSA and its present employees, principals, officers, and directors, or impose discovery obligations on separate entities and/or individuals who are not a party to this action, which no longer exist,

and/or who possess documents and things that are not within MBUSA's possession, custody, or control.

## ANSWERS TO INTERROGATORIES

1.  Please identify every department, division, or group within Mercedes and every current or former employee of Mercedes who has, claims to have, or whom You believe may have knowledge or information pertaining to any fact alleged in the Consolidated Class Action Complaint [Doc. 2762] filed in this Action, or any fact underlying the subject matter of this Action or any purported defense in this Action, including without limitation the development, design, manufacture, purchasing, assembly, testing, comparison, or analysis of the Defective Airbags, the Relevant Recalls, the service campaigns related to the Relevant Recalls, or the collection or reporting of information requested by NHTSA or required under the TREAD Act.

**OBJECTIONS:**

MBUSA objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside the permissible scope of discovery, unrelated to the claims or defenses of the parties, and not proportional to the needs of the case.  The blanket request for the identification of anyone "whom You believe may have knowledge or information pertaining to any fact alleged in the [289 page] Consolidated Class Action Complaint . . . or any fact underlying the subject matter of this Action or any purported defense in this Action" is unreasonably overbroad in scope.

MBUSA objects to the relevant time period as overbroad and burdensome because the subject Takata inflators were not installed in Mercedes-Benz vehicles until model year 2005. MBUSA also objects to the extent that this Interrogatory is not limited in scope to a reasonable and relevant geographic area.  MBUSA objects to the extent that this Interrogatory seeks information about vehicles distributed outside of the United States.  MBUSA further objects to the scope of this Interrogatory as overbroad because MBUSA does not design, manufacture, or assemble Mercedes-Benz vehicles or their component parts and therefore has no department,

division, or group with knowledge of facts regarding the development, design, manufacture, assembly, comparison, testing, or analysis of Takata airbags.

MBUSA objects to the term "Defective Airbags" to the extent it implies that there is any defect in Takata airbag inflators installed in certain Mercedes-Benz vehicles. To date, MBUSA is unaware of any inflator incidents or accidents in Mercedes-Benz vehicles consistent with the alleged Takata defect. MBUSA also objects to the term "Relevant Recall" to the extent it seeks to require production of information or documents related to Takata airbag inflators that have not been recalled. MBUSA further objects to this Interrogatory to the extent that it seeks information that would require MBUSA to disclose trade secret, proprietary, and/or confidential information and/or would require MBUSA to disclose information that would breach any confidentiality agreement between MBUSA and any other individual or entity.

MBUSA objects to the extent this Interrogatory seeks to require MBUSA to answer on behalf of any entity other than MBUSA, or otherwise seeks information not within MBUSA's possession, custody, or control. MBUSA answers this Interrogatory only on behalf of itself based on information within its own possession, custody, and control.

**ANSWER:**

Subject to and without waiving the foregoing objections, MBUSA answers as follows: After a reasonable, good faith search of information in its possession, custody, or control, MBUSA states that the departments and individuals below have information in the areas described in its answer to Interrogatory No. 1:

Departments/Divisions/Groups

- Vehicle Compliance and Analysis

Employees

- Bibi Analil

- Thomas Brunner

- Gregory Gunther

MBUSA's investigation continues, and it reserves the right to amend or supplement its

answer in accordance with the Federal Rules of Civil Procedure.

2.   Please state the specific nature and substance of the knowledge that You believe the person(s) identified in Your response to Interrogatory No. 1 may have, including the specific time periods for which those persons would have such knowledge.

**OBJECTIONS:**

MBUSA incorporates by reference each and every objection stated in Interrogatory

No. 1 above, as if fully re-stated herein.

MBUSA further objects to this Interrogatory as compound and an impermissible effort

to expand the number of interrogatories available to Plaintiffs under the Federal Rules because

the Interrogatory transforms a single question into numerous discrete and distinct questions

(e.g., a request to "state the specific nature and substance of the knowledge that You believe

the person(s) identified in Your response to Interrogatory No. 1 may have, including the

specific time periods for which those persons would have such knowledge") for every

individual or entity identified in MBUSA's answer to Interrogatory No. 1.

**ANSWER:**

Subject to and without waiving the foregoing objections, MBUSA answers as follows:

MBUSA has determined that the persons identified in its answer to Interrogatory No. 1 above

have knowledge regarding MBUSA's communications with NHTSA regarding the collection

or reporting of information requested by NHTSA or required under the TREAD Act, alleged

issues with Takata airbags, recalls of Takata airbags, and service campaigns related to those recalls.  The specific scope of knowledge for each individual is identified below:

| NAME | NATURE AND SUBSTANCE OF THE KNOWLEDGE |
|---|---|
| Bibi Analil | Regulatory and Government Compliance |
| Thomas Brunner | Vehicle Compliance and Analysis |
| Gregory Gunther | Van Customer Service and Parts - knowledge limited to vans |

After a reasonable, good faith search of information in its possession, custody, or control, to date, MBUSA has not identified any employee whose "specific nature and substance of knowledge" relates to development, design, manufacture, assembly, testing, comparison, or analysis of Takata airbags.

MBUSA's investigation continues, and it reserves the right to amend or supplement its answer in accordance with the Federal Rules of Civil Procedure.

5.  Please state when airbag inflators containing a propellant made with ammonium nitrate were first purchased from Takata for Your vehicles.

**OBJECTIONS:**

MBUSA objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside the permissible scope of discovery, unrelated to the claims or defenses of the parties, and not proportional to the needs of the case.  In particular, MBUSA objects to the relevant time period as overbroad and burdensome because the subject Takata inflators were not installed in Mercedes-Benz vehicles until model year 2005.  MBUSA also objects to the extent that this Interrogatory is not limited in scope to a reasonable and relevant geographic area.  MBUSA objects to the extent that this Interrogatory seeks information about vehicles distributed outside of the United States.

In addition, MBUSA objects to this Interrogatory to the extent it seeks information that would require MBUSA to disclose trade secret, proprietary, and/or confidential information and/or would require MBUSA to disclose information that would breach any confidentiality agreement between MBUSA and any other individual or entity.

MBUSA further objects to the extent this Interrogatory seeks to require MBUSA to answer on behalf of any entity other than MBUSA, or otherwise seeks information not within MBUSA's possession, custody, or control.  MBUSA answers this Interrogatory only on behalf of itself based on information within its own possession, custody, and control.

**ANSWER:**

Subject to and without waiving the foregoing objections, MBUSA answers as follows: MBUSA is a distributor of Mercedes-Benz vehicles in the United States and does not design, manufacture, or assemble Mercedes-Benz vehicles or their component parts.

MBUSA's investigation continues, and it reserves the right to amend or supplement its answer in accordance with the Federal Rules of Civil Procedure.

8. Please state whether You purchased airbags or airbag inflators containing ammonium nitrate from any manufacturer or supplier, other than Takata, and installed those airbags or airbag inflators in Your vehicle(s).  If so, please identify:

   a. The name of the corporation or entity from which You purchased such airbag inflators or airbags;

   b. The timeframe in which such airbag inflators or airbags were purchased;

   c. The price(s) paid for such airbag inflators or airbags; and

   d. The vehicles (make, model, and year) in which those airbag inflators or airbags were installed.

**OBJECTIONS:**

MBUSA objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside the permissible scope of discovery, unrelated to

the claims or defenses of the parties, and not proportional to the needs of the case. Materials pertaining to airbags not the subject of this litigation (e.g., any airbag containing ammonium nitrate as a propellant from any manufacturer or supplier, other than Takata) are not relevant to any party's claim or defense, which concerns whether the recalled Takata airbag inflators installed in certain Mercedes-Benz vehicles are defective and whether defendants had knowledge of the same.

MBUSA objects to the relevant time period as overbroad and burdensome because the subject Takata inflators were not installed in Mercedes-Benz vehicles until model year 2005. MBUSA also objects to the extent that this Interrogatory is not limited in scope to a reasonable and relevant geographic area. MBUSA objects to the extent that this Interrogatory seeks information about vehicles distributed outside of the United States.

MBUSA objects to this Interrogatory to the extent it seeks information that would require MBUSA to disclose trade secret, proprietary, and/or confidential information and/or would require MBUSA to disclose information that would breach any confidentiality agreement between MBUSA and any other individual or entity. MBUSA further objects to this Interrogatory as compound and an impermissible effort to expand the number of interrogatories available to Plaintiffs under the Federal Rules because the Interrogatory contains discrete sub parts, which seek information related to factually discrete and distinct topics.

MBUSA objects to the extent this Interrogatory seeks to require MBUSA to answer on behalf of any entity other than MBUSA, or otherwise seeks information not within MBUSA's possession, custody, or control. MBUSA answers this Interrogatory only on behalf of itself based on information within its own possession, custody, and control.

**ANSWER:**

Subject to and without waiving the foregoing objections, MBUSA answers as follows: MBUSA does not design, manufacture, or assemble Mercedes-Benz vehicles or their component parts.  MBUSA is not in the business of installing airbags or airbag inflators. MBUSA has purchased Takata airbags containing ammonium nitrate from Daimler AG for sale to independently owned and operated authorized Mercedes-Benz dealerships.

Pursuant to Fed. R. Civ. P. 33(d), MBUSA refers Plaintiffs to the non-privileged, responsive documents to be produced in this litigation in response to Plaintiffs' First Request for Production to MBUSA Nos. 1 and 152.

MBUSA's investigation continues, and it reserves the right to amend or supplement its answer in accordance with the Federal Rules of Civil Procedure.

9. Please state the price(s) per inflator or airbag module that was paid to Takata for the airbag inflators or airbag modules containing a propellant made with ammonium nitrate for each make, model, and year of Your vehicles that have been recalled pursuant to the Relevant Recalls or that You know or believe may be recalled in the future because of the Inflator Defect.

**OBJECTIONS:**

MBUSA objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside the permissible scope of discovery, unrelated to the claims or defenses of the parties, and not proportional to the needs of the case.  Materials pertaining to airbag pricing are not relevant to any party's claim or defense, which concerns whether the recalled Takata airbag inflators installed in certain Mercedes-Benz vehicles are defective and whether defendants had knowledge of the same.

MBUSA objects to the relevant time period as overbroad and burdensome because the subject Takata inflators were not installed in Mercedes-Benz vehicles until model year 2005.

14

MBUSA also objects to the extent that this Interrogatory is not limited in scope to a reasonable and relevant geographic area.  MBUSA objects to the extent that this Interrogatory seeks information about vehicles distributed outside of the United States.  MBUSA objects to the terms "Inflator Defect" to the extent it implies that there is any defect in the Takata airbag inflators installed in certain Mercedes-Benz vehicles.  MBUSA also objects to the term "Relevant Recalls" to the extent it seeks to require production of information or documents related to Takata airbag inflators that have not been recalled.

In addition, MBUSA objects to this Interrogatory to the extent it seeks information that would require MBUSA to disclose trade secret, proprietary, and/or confidential information and/or would require MBUSA to disclose information that would breach any confidentiality agreement between MBUSA and any other individual or entity.  MBUSA objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection under the law.

MBUSA also objects to the extent this Interrogatory seeks to require MBUSA to answer on behalf of any entity other than MBUSA, or otherwise seeks information not within MBUSA's possession, custody, or control.  MBUSA answers this Interrogatory only on behalf of itself based on information within its own possession, custody, and control.

**ANSWER:**

Subject to and without waiving the foregoing objections, MBUSA answers as follows: MBUSA does not design, manufacture, or assemble Mercedes-Benz vehicles or their component parts, was not involved in the purchase of airbag inflators or airbag modules from

Takata, and therefore is not in possession, custody, or control of the information sought in this Interrogatory.

MBUSA's investigation continues, and it reserves the right to amend or supplement its answer in accordance with the Federal Rules of Civil Procedure.

10. Please state the price(s) per airbag inflator or airbag module that was paid to any company or entity other than Takata for airbag inflators or airbag modules installed in Your vehicles during the same time period covered in Interrogatory 9 above.

**OBJECTIONS:**

MBUSA objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside the permissible scope of discovery, unrelated to the claims or defenses of the parties, and not proportional to the needs of the case. Materials pertaining to pricing of non-Takata airbags are not relevant to any party's claim or defense, which concerns whether the recalled Takata airbag inflators installed in certain Mercedes-Benz vehicles are defective and whether defendants had knowledge of the same.

MBUSA objects to the relevant time period as overbroad and burdensome because the subject Takata inflators were not installed in Mercedes-Benz vehicles until model year 2005. MBUSA also objects to the extent that this Interrogatory is not limited in scope to a reasonable and relevant geographic area. MBUSA objects to the extent that this Interrogatory seeks information about vehicles distributed outside of the United States.

In addition, MBUSA objects to this Interrogatory to the extent it seeks information that would require MBUSA to disclose trade secret, proprietary, and/or confidential information and/or would require MBUSA to disclose information that would breach any confidentiality agreement between MBUSA and any other individual or entity. MBUSA objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-

client privilege, work product doctrine, or any other applicable privilege or protection under the law.

MBUSA also objects to the extent this Interrogatory seeks to require MBUSA to answer on behalf of any entity other than MBUSA, or otherwise seeks information not within MBUSA's possession, custody, or control.  MBUSA answers this Interrogatory only on behalf of itself based on information within its own possession, custody, and control.

**ANSWER:**

Subject to and without waiving the foregoing objections, MBUSA answers as follows: MBUSA does not design, manufacture, or assemble Mercedes-Benz vehicles or their component parts and is not involved in the purchase of airbag inflators or airbag modules from Takata.

Pursuant to Fed. R. Civ. P. 33(d), MBUSA refers Plaintiffs to the non-privileged, responsive documents to be produced in this litigation in response to Plaintiffs' First Request for Production to MBUSA No. 152.

MBUSA's investigation continues, and it reserves the right to amend or supplement its answer in accordance with the Federal Rules of Civil Procedure.

11. Please state whether there has ever been an alleged, suspected, or confirmed rupture, failure, energetic disassembly, change in structural integrity, or over-aggressive deployment of any airbag inflator that was purchased from Takata and installed in Your vehicles, including but not limited to, in the field or during any stage of development or testing conducted either by You, by Takata, or by a third party.  If so, for each such occurrence, please identify:

a. The date and location of the occurrence;

b. The specific type (*e.g.*, SDI, PSDI, PSPI, etc.) of Takata airbag inflator involved;

c. The make, model, year, and vehicle identification number (VIN) of the vehicle involved;

d. The date You were notified or informed of the occurrence;

e.  Your employees who were notified, informed, or aware of the occurrence;

f.  The Takata employees with whom You communicated regarding the occurrence; and

g.  Any third parties with whom You communicated with regarding the occurrence(s).

**<u>OBJECTIONS:</u>**

MBUSA objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside the permissible scope of discovery, unrelated to the claims or defenses of the parties, and not proportional to the needs of the case.  In particular, MBUSA objects to the undefined phrases "alleged, suspected, or confirmed rupture, failure, energetic disassembly, change in structural integrity, or over-aggressive deployment" as vague, ambiguous, and unintelligible.  MBUSA also objects to this Interrogatory as compound and an impermissible effort to expand the number of interrogatories available to Plaintiffs under the Federal Rules because the Interrogatory contains discrete sub parts, which seek information related to factually discrete and distinct topics.

MBUSA objects to the relevant time period as overbroad and burdensome because the subject Takata inflators were not installed in Mercedes-Benz vehicles until model year 2005.  MBUSA also objects to the extent that this Interrogatory is not limited in scope to a reasonable and relevant geographic area.  MBUSA objects to the extent that this Interrogatory seeks information about vehicles distributed outside of the United States.

MBUSA also objects to this Interrogatory to the extent that it seeks information regarding ruptures, failures, or over-aggressive deployments "during any stage of development or testing."  MBUSA does not design or manufacture Mercedes-Benz vehicles

and/or their component parts and was not involved in any design, development, or testing of airbag inflators.

MBUSA further objects to this Interrogatory to the extent it seeks information that would require MBUSA to disclose trade secret, proprietary, and/or confidential information and/or would require MBUSA to disclose information that would breach any confidentiality agreement between MBUSA and any other individual or entity.  MBUSA objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection under the law.

MBUSA objects to the extent this Interrogatory seeks to require MBUSA to answer on behalf of any entity other than MBUSA, or otherwise seeks information not within MBUSA's possession, custody, or control.  MBUSA answers this Interrogatory only on behalf of itself based on information within its own possession, custody, and control.

**ANSWER:**

Subject to and without waiving the foregoing objections, MBUSA answers as follows: MBUSA has received complaints or allegations from some customers with airbag related concerns who have initially alleged that it was related to the Takata recalls.  However, MBUSA is unaware of any actual inflator incident or accident involving the rupture, failure, or over-aggressive deployment of a Takata airbag in a Mercedes-Benz vehicle.

Pursuant to Fed. R. Civ. P. 33(d), MBUSA refers Plaintiffs to the non-privileged, responsive documents to be produced in this litigation in response to Plaintiffs' First Request for Production to MBUSA Nos. 53 and 59.

MBUSA's investigation continues, and it reserves the right to amend or supplement its answer in accordance with the Federal Rules of Civil Procedure.

12. Please state whether You had or have a policy regarding the provision of loaner or rental vehicles to owners or lessees of Your vehicles that are subject to the Relevant Recalls. If so, please:

    a.  Describe the policy;

    b.  Describe whether and how the policy was, has been, or is communicated to dealerships;

    c.  Describe whether and how the policy was, has been, or is communicated to vehicle owners or lessees;

    d.  State whether and the conditions under which dealerships will be compensated for the cost of providing such loaner or rental vehicles; and

    e.  State whether and the conditions under which a dealership was, has been, or is required to provide a loaner or rental vehicle to an owner or lessee if the owner or lessee requests a loaner or rental vehicle.

**<u>OBJECTIONS:</u>**

MBUSA objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside the permissible scope of discovery, unrelated to the claims or defenses of the parties, and not proportional to the needs of the case. Materials pertaining to any loaner or rental vehicle program, which is not mandated by NHTSA, are not relevant to any party's claim or defense, which concerns whether the recalled Takata airbag inflators installed in certain Mercedes-Benz vehicles are defective and whether defendants had knowledge of the same.

MBUSA objects to the relevant time period as overbroad and burdensome because the subject Takata inflators were not installed in Mercedes-Benz vehicles until model year 2005. MBUSA also objects to the extent that this Interrogatory is not limited in scope to a reasonable and relevant geographic area. MBUSA objects to the extent that this Interrogatory seeks

information about vehicles distributed outside of the United States.  MBUSA also objects to the term "Relevant Recalls" to the extent it seeks to require production of information or documents related to Takata airbag inflators that have not been recalled.

In addition, MBUSA objects to this Interrogatory to the extent it seeks information that would require MBUSA to disclose trade secret, proprietary, and/or confidential information and/or would require MBUSA to disclose information that would breach any confidentiality agreement between MBUSA and any other individual or entity.  MBUSA objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection under the law.  MBUSA further objects to this Interrogatory as compound and an impermissible effort to expand the number of interrogatories available to Plaintiffs under the Federal Rules because the Interrogatory contains discrete sub parts, which seek information related to factually discrete and distinct topics.

MBUSA also objects to the extent this Interrogatory seeks to require MBUSA to answer on behalf of any entity other than MBUSA, including but not limited to Mercedes-Benz dealerships, which are independently owned and operated, or otherwise seeks information not within MBUSA's possession, custody, or control.  MBUSA answers this Interrogatory only on behalf of itself based on information within its own possession, custody, and control.

**ANSWER:**

Subject to and without waiving the foregoing objections, MBUSA answers as follows: Authorized Mercedes-Benz dealerships have full discretion to determine the circumstances under which they provide loaner vehicles to Mercedes-Benz customers. The dealerships make

these decisions on a case-by-case basis in the course of their regular business operations. MBUSA is not involved in these activities nor does it have a policy compelling its authorized dealers to provide rental or loaner vehicles to consumers with vehicles subject to a recall when replacement parts are not yet available.

MBUSA's investigation continues, and it reserves the right to amend or supplement its answer in accordance with the Federal Rules of Civil Procedure.

Dated:  November 19, 2018

/s/
Troy M. Yoshino

Troy M. Yoshino (*admitted pro hac vice*)
troy.yoshino@squirepb.com
Eric Knapp (*admitted pro hac vice*)
eric.knapp@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, CA 94111
Telephone: +1 415 954 0200

*Counsel for Mercedes-Benz USA, LLC and Daimler AG*

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2018, I served the foregoing document on Plaintiffs' counsel of record in this case via email and US mail.

/s/
Troy M. Yoshino