# Exhibit 7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MDL No. 2599**
**Master File No. 15-2599-MD-MORENO**

**S.D. Fla. Case No. 15-20664-CV-MORENO (Personal Injury Track) S.D. Fla. Case No. 14-24009-CV-MORENO (Economic Loss Track)**

| | |
|---|---|
| IN RE: <br><br> **TAKATA AIRBAG PRODUCTS LIABILITY LITIGATION** <br><br><br> THIS DOCUMENT RELATES TO ALL CASES | |

**DEFENDANT MERCEDES-BENZ USA, LLC'S OBJECTIONS AND ANSWERS TO INTERROGATORY NOS. 3, 4, 6, 7, 13, 14, AND 15 IN PLAINTIFFS' FIRST SET OF INTERROGATORIES TO MERCEDES-BENZ USA, LLC**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the parties' agreement, Defendant Mercedes-Benz USA, LLC ("MBUSA") hereby provides the following objections and answers to Interrogatory Nos. 3, 4, 6, 7, 13, 14, and 15 in Plaintiffs' First Set of Interrogatories propounded upon MBUSA.

**PRELIMINARY STATEMENT**

MBUSA's answers to Plaintiffs' Interrogatories have been prepared according to the Federal Rules of Civil Procedure pursuant to a reasonable and duly diligent investigation and search for responsive information and documents.  MBUSA has not yet completed its investigation of the facts related to this litigation.  Consequently, all of the answers contained herein are based only on such information and documentation that is presently available to MBUSA and discloses only the information and contentions presently known to MBUSA.

1

MBUSA reserves the right to amend these answers, and to offer related evidence, as additional facts are ascertained, analyses are made, research is completed, and contentions become apparent.

## **GENERAL OBJECTIONS**

MBUSA makes the following General Objections to Plaintiffs' First Set of Interrogatories. The assertion of the same, similar, or additional objections in the individual answers to Plaintiffs' Interrogatories, or the failure to assert any additional objection to an individual interrogatory, does not waive any of MBUSA's objections as set forth in this section.

1. MBUSA objects to each instruction, definition, and Interrogatory to the extent that it purports to impose any requirement or discovery obligation beyond or different than those imposed under the Federal Rules of Civil Procedure, the Local Rules of this Court, or other applicable law.

2. MBUSA objects to Plaintiffs' Interrogatories to the extent that they seek answers (a) prior to the completion of a discovery conference and development of a discovery plan as required by Rule 26(f) and (b) while motions to dismiss are pending which may limit or obviate the need for discovery, in whole or in part. MBUSA's answers are made based on information now known or available to it, and its investigation and search for documents continues. These answers are not a concession that any particular category of information requested by Plaintiffs exists or is relevant to any claim or defense. Accordingly, MBUSA reserves the right to amend its objections and answers as needed to reflect additional information obtained during the company's ongoing investigation and search for documents, future agreement(s) of the parties, or court order(s).

3. MBUSA objects to Plaintiffs' Interrogatories to the extent they are overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

4. MBUSA objects to Plaintiffs' Interrogatories to the extent they are vague, ambiguous, confusing, misleading, duplicative, or oppressive.

5. MBUSA objects to Plaintiffs' Interrogatories to the extent that they seek information that is not within the scope of the time, geographic location(s), subject matter, or circumstances involved in this litigation and are therefore not reasonably calculated to lead to the discovery of admissible evidence.

6. MBUSA objects to each instruction, definition, and Interrogatory to the extent that it seeks to require production of information or documents outside the geographic scope relevant to Plaintiffs' claims. Plaintiffs are residents of the United States who allegedly purchased/leased and operate(d) their Mercedes-Benz vehicles solely within the United States, and they seek to establish a class and subclasses of purportedly similarly situated individuals. Moreover, MBUSA is the authorized distributor of Mercedes-Benz vehicles in the United States. MBUSA has therefore limited its answers to information regarding or relevant to Mercedes-Benz vehicles subject to the Takata airbag recall which were sold or distributed within the United States.

7. MBUSA objects to each instruction, definition, and Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection under the law.

8.      MBUSA objects to Plaintiffs' Interrogatories to the extent such information will be cumulative or duplicative, with the burden of providing such information substantially the same or less for Plaintiffs or other defendants in this litigation.

9.      MBUSA objects to Plaintiffs' Interrogatories to the extent they seek information that is publicly available from third parties, with the burden of providing such information substantially the same or less for Plaintiffs or other defendants in this litigation.

10.     MBUSA objects to the extent Plaintiffs' Interrogatories seek disclosure of trade secret, proprietary, and/or confidential information and/or would require MBUSA to disclose information that would breach confidentiality agreements between MBUSA and any other individual or entity.

11.     MBUSA objects to Plaintiffs' Interrogatories to the extent they seek to require the production of documents or information that would violate applicable data privacy protection laws including, but not limited to: The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act, 45, CFR Part 160 and Subparts A and E of Part 164 (medical information); Directive 95/46/EC of the European Parliament and of the Council of 24 October 1995 on the Protection of Individuals with Regard to the Processing of Personal Data and on the Free Movement of Such Data, 1995 O.J. (L281/31) (European Union personal information) and the EU Member States' laws transferring such Directive into national laws, such as the Data Protection Act 1998 (c. 29) (United Kingdom personal information), Federal Data Protection Act ((Bundesdatenschutzgesetz — BDSG) (Germany personal information), the German Telecommunications Act (the intercepting of electronic communications), the Belgian Law of December 8, 1992 on Privacy Protection in relation to the Processing of Personal Data

(Belgium personal information); Personal Information Protection and Electronic Documents Act (PIPEDA), S.C. 2000, c. 5 (Canada personal information); The Federal Law on Protection of Personal Data held by Private Parties (published July 5, 2010) (Mexico personal information); and The Personal Information Protection Act (Law No. 57 of 2003) (Japan personal information).

12.     MBUSA incorporates by reference every general objection set forth above into each specific answer set forth below.  A specific answer may repeat a general objection for emphasis or some other reason.  The failure to include any general objection in any specific answer does not waive any general objection to that interrogatory.  Moreover, MBUSA does not waive its right to amend its answers.

## OBJECTIONS TO PLAINTIFFS' DEFINITIONS AND TERMS

MBUSA objects to the following definitions and terms in Plaintiffs' First Set of Interrogatories.  The failure to object to any of Plaintiffs' definitions or terms shall not be deemed a waiver of any objections, nor a concession that any of Plaintiffs' definitions or terms are factually accurate.

1.     MBUSA objects to Plaintiffs' definition of "Airbag" to the extent it seeks to expand the scope of discovery in this action beyond airbags containing the recalled Takata airbag inflators at issue in this action.  Materials pertaining to vehicles and their component parts other than the vehicles and component parts at issue in this litigation are not relevant to any party's claim or defense.

2.     MBUSA objects to Plaintiffs' term "Ammonium Nitrate" to the extent it seeks to expand the scope of discovery in this action beyond Ammonium Nitrate as used in the recalled Takata airbag inflators at issue in this action.  Materials pertaining to vehicles and

their component parts other than the vehicles and component parts at issue in this litigation are not relevant to any party's claim or defense.

3.      MBUSA objects to Plaintiffs' term "Competing Vehicles" as vague, ambiguous, and overbroad.  Millions of vehicles are manufactured every year by numerous automakers.  What may or may not be a "Competing Vehicle" to one of the dozens of model vehicles manufactured by MBUSA is entirely subjective, and irrelevant to this action, which concerns allegedly defective Takata airbag inflators installed in certain Mercedes-Benz vehicles and subject to recall.  Moreover, materials pertaining to vehicles and their component parts other than the vehicles and component parts at issue in this litigation are not relevant to any party's claim or defense.

4.      MBUSA objects to Plaintiffs' definitions of "Defective Airbags" and "Inflator Defect" to the extent they presume a "uniform defect in all of Takata's airbag inflators," presume ammonium nitrate is "a notoriously volatile and unstable compound," and presume any defect in Mercedes-Benz vehicles.  To date, MBUSA is not aware of any incident in a Mercedes-Benz vehicle consistent with the alleged Takata defect.

5.      MBUSA objects to Plaintiffs' term "Defective Vehicle(s)" to the extent it implies that any inflator in a Mercedes-Benz vehicle has experienced the alleged Takata defect—i.e., a rupture incident.  To date, MBUSA is not aware of any incident in a Mercedes-Benz vehicle consistent with the alleged Takata defect.

6.      MBUSA objects to Plaintiffs' definitions of "Document," "Electronically-Stored Information," and "ESI" to the extent they purport to impose obligations greater than those set forth in the Federal Rules of Civil Procedure.

7.     MBUSA objects to Plaintiffs' terms "MBUSA" and "Mercedes" to the extent they seek to impose discovery obligations on separate entities and/or individuals who are not a party to this action, which no longer exists, and/or who possess documents and things that are not within MBUSA's possession, custody, or control. "Mercedes" is a brand name and not a legal entity.

8.     MBUSA objects to Plaintiffs' definition of "Relevant Recall" to the extent it implies that any inflator in a Mercedes-Benz vehicle has experienced the alleged Takata inflator defect. To date, MBUSA is not aware of any incident in a Mercedes-Benz vehicle consistent with the alleged Takata defect. MBUSA further objects to this definition to the extent it seeks to require production of information or documents related to Takata airbag inflators that have not been recalled and are not the subject of this action.

9.     MBUSA objects to Plaintiffs' definition of "Relevant Time Period" to the extent it seeks to require production of information or documents outside the scope of the relevant time period for this litigation, which concerns recalled Takata airbag inflators installed in certain Mercedes-Benz vehicles for model years 2005 through 2017. Plaintiffs' defined time period is overbroad as it defines a relevant time frame too large despite the subject matter of this litigation occurring from 2005 through 2017.

10.    MBUSA objects to Plaintiffs' definition of "You" and "Your" as overbroad and unduly burdensome to the extent that it attempts to extend the scope of discovery to information in the possession, custody, or control of individuals or entities other than MBUSA and its present employees, principals, officers, and directors, or impose discovery obligations on separate entities and/or individuals who are not a party to this action, which no longer exist,

and/or who possess documents and things that are not within MBUSA's possession, custody, or control.

## ANSWERS TO INTERROGATORIES

3.  Please identify each complaint or lawsuit in which You were named as a defendant involving claims of unusual airbag deployment, regardless of whether the lawsuit is still pending.

**OBJECTIONS:**

MBUSA objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside the permissible scope of discovery, unrelated to the claims or defenses of the parties, and not proportional to the needs of the case. The blanket request for any former or current complaint or lawsuit naming MBUSA and "involving claims of unusual airbag deployment" is unreasonably overbroad in scope.

Materials pertaining to airbags not the subject of this litigation are not relevant to any party's claim or defense, which concerns whether the recalled Takata airbag inflators installed in certain Mercedes-Benz vehicles are defective and whether defendants had knowledge of the same. MBUSA also objects to the undefined phrase "unusual airbag deployment" as vague, ambiguous, and unintelligible. In addition, MBUSA objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection under the law.

**ANSWER:**

Subject to and without waiving the foregoing objections, MBUSA answers as follows: To date, MBUSA is not aware of any complaint or lawsuit in which it was named as a defendant involving an actual incident consistent with the alleged Takata defect in a Mercedes-Benz vehicle.

4. Please state the first date that Takata offered or proposed to sell, design, or develop airbags or airbag inflators containing a propellant made with ammonium nitrate for Your vehicles, and state the names of Your departments and employees who communicated with Takata regarding its first offer or proposal to sell, design, or develop such inflators for Your vehicles.

**OBJECTIONS:**

MBUSA objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside the permissible scope of discovery, unrelated to the claims or defenses of the parties, and not proportional to the needs of the case. Materials pertaining to airbags not the subject of this litigation are not relevant to any party's claim or defense, which concerns whether the recalled Takata airbag inflators installed in certain Mercedes-Benz vehicles are defective and whether defendants had knowledge of the same.

**ANSWER:**

Subject to and without waiving the foregoing objections, MBUSA answers as follows: MBUSA is a distributor of Mercedes-Benz vehicles in the United States; does not design, manufacture, or assemble Mercedes-Benz vehicles or their component parts; and was not involved in any offer or proposal from Takata for the sale, design, or development of Takata airbag inflators.

6. Please state the make, model, and year of all of Your vehicle(s) for which airbag inflators containing a propellant made with ammonium nitrate were purchased from Takata, the specific type (*e.g.*, PSDI, PSPI, etc.) of Takata inflator, whether said inflator contained a desiccant (and if so the type of desiccant), the number of such vehicles in which the Takata inflators were installed, and the number of Takata inflators by type installed in Your vehicles.

**OBJECTIONS:**

MBUSA objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside the permissible scope of discovery, unrelated to the claims or defenses of the parties, and not proportional to the needs of the case. Materials

pertaining to airbags not the subject of this litigation are not relevant to any party's claim or defense, which concerns whether the recalled Takata airbag inflators installed in certain Mercedes-Benz vehicles are defective and whether defendants had knowledge of the same.

MBUSA also objects to this Interrogatory as compound and an impermissible effort to expand the number of interrogatories available to Plaintiffs under the Federal Rules because the Interrogatory contains discrete sub parts, which seek information related to factually discrete and distinct topics. MBUSA objects to the extent this request seeks production of information already in plaintiffs' possession, custody, or control. MBUSA further objects to this Interrogatory to the extent that it seeks information that is readily available to Plaintiffs through NHTSA's dedicated Takata recall web page.

**ANSWER:**

Subject to and without waiving the foregoing objections, MBUSA answers as follows: Pursuant to Fed. R. Civ. P. 33(d), MBUSA refers Plaintiffs to the non-privileged, responsive documents to be produced in response to Plaintiffs' First Request for Production to MBUSA Nos. 1 and 83.

7. Please state whether You conducted any research, development, testing, or analysis of the propellant made with ammonium nitrate or of the inflator containing such propellant *before* any inflators containing such propellant were purchased from Takata for each make, model, and year of Your vehicles, or *before* such inflators were installed in each make, model, and year of Your vehicles. If so, please state:

   a. The date(s) such research, testing, or analysis was conducted;

   b. The departments, divisions, or groups that conducted or were responsible for such research, testing, or analysis;

   c. The persons in those departments, divisions, or groups who conducted or were responsible for such research, testing, or analysis; and

   d. The titles or names of any reports or documents that were generated as a result or in connection with such research, testing, or analysis.

**OBJECTIONS:**

MBUSA objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside the permissible scope of discovery, unrelated to the claims or defenses of the parties, and not proportional to the needs of the case. Materials pertaining to airbags not the subject of this litigation are not relevant to any party's claim or defense, which concerns whether the recalled Takata airbag inflators installed in certain Mercedes-Benz vehicles are defective and whether defendants had knowledge of the same.

MBUSA further objects to this Interrogatory as compound and an impermissible effort to expand the number of interrogatories available to Plaintiffs under the Federal Rules because the Interrogatory contains discrete sub parts, which seek information related to factually discrete and distinct topics. In addition, MBUSA objects to this Interrogatory to the extent it seeks information that would require MBUSA to disclose trade secret, proprietary, and/or confidential information and/or would require MBUSA to disclose information that would breach any confidentiality agreement between MBUSA and any other individual or entity.

**ANSWER:**

Subject to and without waiving the foregoing objections, MBUSA answers as follows: MBUSA is a distributor of Mercedes-Benz vehicles in the United States and does not design, manufacture, or assemble Mercedes-Benz vehicles or their component parts. As a pass through distributor, MBUSA bears no legal duty to and, therefore, did not conduct any research, development, testing, or analysis of the inflator or inflator propellant in Mercedes-Benz vehicles subject to the Takata recall. MBUSA understands that DAG, the manufacturer of Mercedes-Benz vehicles, takes many steps to ensure compliance with all applicable safety

and industry standards and high quality components and modules supplied for use in Mercedes-Benz vehicles.

13. Of the total number of Your vehicles that have been recalled pursuant to the Relevant Recalls, please state:

   a. The percentage and number of vehicles that have had their inflators or airbags replaced pursuant to the Relevant Recalls;

   b. The percentage and number of vehicles that have had their inflators or airbags replaced with inflators that were manufactured by Takata, and please identify the propellant(s) used in those inflators, the type(s) (*e.g.*, SDI, PSDI, etc.) of inflators and the type(s) of desiccant used in such airbag(s), if any; and

   c. The percentage and number of vehicles that have had their inflators or airbags replaced with inflators that were manufactured by a company other than Takata, and please identify the propellant(s) used in such inflators and the company or companies that manufactured such inflators.

## OBJECTIONS:

MBUSA objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside the permissible scope of discovery, unrelated to the claims or defenses of the parties, and not proportional to the needs of the case. Materials pertaining to airbags not the subject of this litigation are not relevant to any party's claim or defense, which concerns whether the recalled Takata airbag inflators installed in certain Mercedes-Benz vehicles are defective and whether defendants had knowledge of the same.

MBUSA objects to this Interrogatory as compound and an impermissible effort to expand the number of interrogatories available to Plaintiffs under the Federal Rules because the Interrogatory contains discrete sub parts, which seek information related to factually discrete and distinct topics. MBUSA further objects to this Interrogatory to the extent that it seeks information that is readily available to Plaintiffs through NHTSA's dedicated Takata recall web page.

**ANSWER:**

Subject to and without waiving the foregoing objections, MBUSA answers as follows: Except for very few final replacements that were made with SPI-D module inflators, all Mercedes-Benz vehicles will receive final replacements with GuNi propellant manufactured by Takata, TRW, and/or Daicel.  As of December 12, 2018, 121,191 inflators have been replaced in 90,431 vehicles.

Pursuant to Fed. R. Civ. P. 33(d), MBUSA refers Plaintiffs to the non-privileged, responsive documents to be produced in response to Plaintiffs' First Request for Production to MBUSA Nos. 1, 97, 108, and 111.

14. Please identify any and all deviations from Your specifications or other requirements that You granted to Takata related to the Defective Airbags, and any and all design changes that You suggested, authorized, or agreed to with Takata related to the Defective Airbags.

**OBJECTIONS:**

MBUSA objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside the permissible scope of discovery, unrelated to the claims or defenses of the parties, and not proportional to the needs of the case.  Materials pertaining to airbags not the subject of this litigation are not relevant to any party's claim or defense, which concerns whether the recalled Takata airbag inflators installed in certain Mercedes-Benz vehicles are defective and whether defendants had knowledge of the same.

MBUSA further objects to the undefined phrase "deviations from Your specifications or other requirements" as vague, ambiguous, and unintelligible.  In addition, MBUSA objects to this Interrogatory to the extent it seeks information that would require MBUSA to disclose trade secret, proprietary, and/or confidential information and/or would require MBUSA to

disclose information that would breach any confidentiality agreement between MBUSA and any other individual or entity.

**ANSWER:**

Subject to and without waiving the foregoing objections, MBUSA answers as follows: MBUSA does not design, manufacture, or assemble Mercedes-Benz vehicles or their component parts.  Accordingly, MBUSA is not in possession, custody, or control of the information sought in this Interrogatory.

15. Please state whether You engaged in any communications with other airbag or airbag inflator manufacturers or suppliers, automakers, or other third parties regarding the use of ammonium nitrate as an airbag inflator propellant, including but not limited to quality issues with airbag inflators containing ammonium nitrate, the stability or instability of ammonium nitrate, testing of ammonium nitrate based inflators, the difference in costs between airbags or airbag inflators containing ammonium nitrate versus those containing another propellant, or the difference in costs between ammonium nitrate-based airbags or airbag inflators containing a desiccant versus those not containing a desiccant. For all communications, please identify any person whom You believe may have knowledge or information pertaining to these communications and the specific nature and substance of the knowledge that You believe those person(s) may have.

**OBJECTIONS:**

MBUSA objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside the permissible scope of discovery, unrelated to the claims or defenses of the parties, and not proportional to the needs of the case.  Materials pertaining to communications with non-Takata entities are not relevant to any party's claim or defense, which concerns whether the recalled Takata airbag inflators installed in certain Mercedes-Benz vehicles are defective and whether defendants had knowledge of the same.

MBUSA also objects to this Interrogatory as compound and an impermissible effort to expand the number of interrogatories available to Plaintiffs under the Federal Rules because

the Interrogatory contains discrete sub parts, which seek information related to factually discrete and distinct topics.

MBUSA objects to this Interrogatory to the extent it seeks information that would require MBUSA to disclose trade secret, proprietary, and/or confidential information and/or would require MBUSA to disclose information that would breach any confidentiality agreement between MBUSA and any other individual or entity. MBUSA further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection under the law.

**ANSWER:**

Subject to and without waiving the foregoing objections, MBUSA answers as follows: MBUSA does not design, manufacture, or assemble Mercedes-Benz vehicles or their component parts. MBUSA has purchased Takata airbags containing ammonium nitrate from Daimler AG for sale to independently owned and operated authorized Mercedes-Benz dealerships. Pursuant to Fed. R. Civ. P. 33(d), MBUSA refers Plaintiffs to the non-privileged, responsive documents to be produced in this litigation in response to Plaintiffs' First Request for Production to MBUSA No. 16.

Dated:  January 3, 2019

_/s/_____
Troy M. Yoshino

Troy M. Yoshino (*admitted pro hac vice*)
troy.yoshino@squirepb.com
Eric Knapp (*admitted pro hac vice*)
eric.knapp@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, CA 94111
Telephone: +1 415 954 0200

*Counsel for Mercedes-Benz USA, LLC and Daimler AG*

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2019, I caused to be served the foregoing document on Plaintiffs' counsel of record in this case via email and US mail.

_/s/_____
Troy M. Yoshino

16