# Exhibit 15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| IN RE: TAKATA AIRBAG PRODUCT LIABILITY LITIGATION | MDL No. 2599 |
| | Master File No. 15-MD-02599-FAM |
| This Document Relates to All Economic Loss Class Actions and: | S.D. Fla. Case No. 1:14-cv-24009-FAM |
| STEPHANIE PUHALLA, et al., individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| VOLKSWAGEN AKTIENGESELLSCHAFT, VOLKSWAGEN GROUP OF AMERICA, AUDI AKTIENGESELLSCHAFT, AUDI OF AMERICA, LLC, MERCEDES-BENZ USA, LLC, and DAIMLER AG, | |
| Defendants. | |

**PLAINTIFF THERESA MARIE FUSCO RADICAN'S RESPONSE TO DEFENDANT MERCEDES-BENZ USA, LLC'S FIRST REQUESTS FOR PRODUCTION**

Plaintiff Theresa Marie Fusco Radican, by and through the undersigned counsel, responds to Defendant Mercedes-Benz USA, LLC's ("MBUSA") First Request for Production and states as follows:

**General Objections**

1.      Plaintiff objects to each instruction, definition, and discovery request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure or seeks to impose on Plaintiff obligations beyond those required by the Federal Rules of Civil Procedure, the Southern District of Florida's Local

Rules, or any Court Order governing this action.  Plaintiff will interpret the discovery requests reasonably and in good faith in accordance with common English usage.

2.     Plaintiff objects to each discovery request and definition and instruction therein, to the extent that it contains undefined, vague, or ambiguous terminology, thereby rendering it unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

3.     Plaintiff objects to each discovery request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.  Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

4.     Plaintiff objects to each discovery request to the extent it seeks documents or information subject to laws, regulations, rules, statutes, court orders, or contracts prohibiting the disclosure or use of those documents or information.

5.     Plaintiff objects to each discovery request as overbroad and unduly burdensome to the extent that it seeks documents or information that are readily available or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants produced to Plaintiffs.  Responding to such requests would be unduly burdensome and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for Defendants as for Plaintiff.

6.     Plaintiff objects to each discovery request to the extent it calls for production of documents or electronically stored information (ESI) that cannot be located after a reasonably diligent search, are readily available from public sources, are as easily accessible to Defendants as they are to Plaintiff, are already in the possession of Defendants, or are otherwise available from sources that are more convenient and less burdensome.

7.      Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below.   A specific response may repeat a general objection for emphasis or some other reason.   The failure to include any general objection in any specific response does not waive any general objection to that request.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS produced by Takata to YOU in this litigation, Case No. 1:15-md-02599 FAM.

**RESPONSE TO NO. 1:**

Plaintiff objects to this request as overbroad and unduly burdensome.  Subject to and without waiving these objections, Plaintiff states that whether and how responsive documents will be produced will be subject to agreement of counsel.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS CONCERNING the purchase or lease of the SUBJECT VEHICLE, including, without limitation, purchase invoices, evidence of payment, registration, title, and loan/financing documents.

**RESPONSE TO NO. 2:**

Plaintiff objects to this request as vague, overbroad, and unduly burdensome, as it seeks information that is not relevant and not likely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Plaintiff will produce the following:

- Purchase Agreement dated October 8, 2007
- Mercedes-Benz Extended Limited Warranty
- Letter from Inskip Auto Center dated October 23, 2007
- Certificate of Title issued January 17, 2913
- Evidence of Coverage of Insurance
- Vehicle Registration

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS CONCERNING efforts by YOU or on YOUR behalf to sell or otherwise dispose of the SUBJECT VEHICLE, including without limitation: (a) any advertisements or offers to sell the SUBJECT VEHICLE published in newspapers, magazines, leaflets, flyers, emails or posted on the Internet; (b) offers to sell directly to any PERSON, including dealerships or used car dealers; (c) the offer price of the SUBJECT VEHICLE; and (d) the price offered to buy the SUBJECT VEHICLE or the price paid for the SUBJECT VEHICLE.

**RESPONSE TO NO. 3:**

Plaintiff objects to this request as vague, overbroad, and unduly burdensome, as it seeks information that is not relevant and not likely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Plaintiff will produce the Transfer of Title to Subject Vehicle dated August 20, 2018.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS CONCERNING all communications YOU had at any time CONCERNING the SUBJECT VEHICLE or any of the allegations in the COMPLAINT, including without

limitation communications with MBUSA, authorized Mercedes-Benz dealers, automotive repair facilities of any kind, or any other PERSONS.

**RESPONSE TO NO. 4:**
Plaintiff objects to this request as vague, overbroad, and unduly burdensome, as it seeks a wide variety of information that is not relevant and not likely to lead to the discovery of admissible evidence. Plaintiff objects also to the extent it seeks attorney-client communications. Subject to and without waiving these objections, Plaintiff will produce the following related to the Airbag Recall:

- July 2016 – Passenger-side Airbag Module
- December 2017 – Driver and Passenger Frontal Airbag Modules
- July 2018 – Driver-side and Front Passenger-side Airbag Modules (replaced August 6, 2018)

Unrelated to the Airbag Recall, Plaintiff will produce the following:

- November 19, 2010 regarding 24-Hour Roadside Assistance program
- December 2015 – SRS Control Unit
- March 2016 – SRS Control Unit (replaced March 25, 2016 at Mercedes-Benz of Fort Pierce

**REQUEST FOR PRODUCTION NO. 5:**
The warranty/warranties, owner's manual, maintenance booklet, and related DOCUMENTS for the SUBJECT VEHICLE.

**RESPONSE TO NO. 5:**
Plaintiff objects to this request as overbroad and unduly burdensome, as it seeks information that is not relevant and not likely to lead to the discovery of admissible evidence. Plaintiff also objects as Defendant already has access to these materials. Subject to and without waiving these objections, Plaintiff will produce the following:

- Mercedes-Benz Extended Limited Warranty

**REQUEST FOR PRODUCTION NO. 6:**
All DOCUMENTS CONCERNING maintenance of the SUBJECT VEHICLE, including but not limited to repair orders, service logs, mileage logs, and insurance claims.

**RESPONSE TO NO. 6:**
Plaintiff objects to this request as overbroad and unduly burdensome, as it seeks information that is not relevant and not likely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Plaintiff will produce all Service Records in her possession, custody or control.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS CONCERNING YOUR responses to MBUSA's First Set of Interrogatories to Plaintiff Theresa Marie Fusco Radican.

**RESPONSE TO NO. 7:**

Plaintiff objects to this request as overbroad and unduly burdensome, as it seeks information that is not relevant and not likely to lead to the discovery of admissible evidence. Plaintiff also objects to the extent this request seeks information protected by the attorney-client privilege or work product doctrine. Subject to and without waiving these objections, Plaintiff will produce all records referenced therein.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS CONCERNING YOUR responses to MBUSA's First Set of Requests for Admission to Plaintiff Theresa Marie Fusco Radican.

**RESPONSE TO NO. 8:**

Plaintiff objects to this request as overbroad and unduly burdensome, as it seeks information that is not relevant and not likely to lead to the discovery of admissible evidence. Plaintiff also objects to the extent this request seeks information protected by the attorney-client privilege or work product doctrine. Subject to and without waiving these objections, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS CONCERNING any lawsuit(s), other than the instant one, in which YOU are or were a plaintiff, defendant, or witness.

**RESPONSE TO NO. 9:**

Plaintiff objects to this request as overbroad and unduly burdensome, as it seeks information that is not relevant and not likely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Plaintiff responds that Plaintiff has never been a named plaintiff in a class action lawsuit and therefore has no responsive documents relating to any involvement in a class action suit.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS CONCERNING or comprising any deposition testimony, trial testimony, declaration testimony, and/or other sworn testimony or statements by YOU.

**RESPONSE TO NO. 10:**

Plaintiff objects to this request as overbroad and unduly burdensome, as it seeks information that is not relevant and not likely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Plaintiff responds that Plaintiff has never been a named plaintiff in a class action lawsuit and therefore is in possession of no responsive documents relating to the same.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS CONCERNING the retention and/or fee agreement in this case between YOU and YOUR counsel.

**RESPONSE TO NO. 11:**

Plaintiff objects to this request as overbroad and unduly burdensome, as it seeks information that is not relevant and not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this request because it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS CONCERNING YOUR claim that the Takata airbags in the SUBJECT VEHICLE contain propellant that "[u]nder ordinary conditions, including daily temperature swings and contact with moisture in the air . . . transforms and destabilizes, causing irregular and dangerous behavior, resulting in violent combustion." *See* COMPLAINT ¶ 4.

**RESPONSE TO NO. 12:**

Plaintiff objects to this premature contention request because it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff further objects to this request as overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS CONCERNING YOUR allegation that "Defendants were intimately involved in the design and testing of the airbags that contained the Inflator Defect. When the Defendants approved Takata's airbags and purchased them for installation in their vehicles, they were aware that the airbags used the volatile and unstable ammonium nitrate as the primary propellant in the inflators." *See* COMPLAINT ¶ 7.

**RESPONSE TO NO. 13:**

Plaintiff objects to this premature contention request because it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff further objects to this request as overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS CONCERNING YOUR allegation that "[b]efore it began equipping its vehicles with defective Takata airbags, Mercedes likewise expressed concern over clear signs of overpressurization, module cover tearing, cushion tearing, output variability, and module integrity during post-deployment—all signs of potentially serious inflator and propellant problems." *See* COMPLAINT ¶ 10.

**RESPONSE TO NO. 14:**

Plaintiff objects to this premature contention request because it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff further objects to this request as overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS CONCERNING YOUR allegation that "despite its knowledge that Takata's airbags could not meet a key set of industry standards, Mercedes approved multiple models of ammonium-nitrate inflators. Indeed, it went so far as to waive key performance variables and accept deviations in order to push the airbags through the approval process." *See* COMPLAINT ¶ 11.

**RESPONSE TO NO. 15:**

Plaintiff objects to this premature contention request because it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff further objects to this request as overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS CONCERNING YOUR allegation that YOU have incurred "out-of-pocket and loss-of-use expenses and costs, including, but not limited to, expenses and costs associated with taking time off from work, paying for rental cars or other transportation arrangements, and child care." *See* COMPLAINT ¶ 19.

**RESPONSE TO NO. 16:**

Plaintiff objects to this premature contention request because it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff further objects to this request as overbroad and unduly burdensome. Subject to and without waiving these objections, at this time Plaintiff responds that Plaintiff has no responsive documents in Plaintiff's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS CONCERNING YOUR allegation that the SUBJECT VEHICLE has "diminished" in value. *See, e.g.*, COMPLAINT ¶¶ 20, 34.

**RESPONSE TO NO. 17:**

Plaintiff objects to this premature contention request because it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff further objects to this request as overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS CONCERNING YOUR allegations that the SUBJECT VEHICLE is of "a lesser standard, grade, and quality than represented," and YOU "did not receive vehicles that met ordinary and reasonable consumer expectations regarding safe and reliable operation." *See* COMPLAINT ¶ 35.

**RESPONSE TO NO. 18:**

Plaintiff objects to this premature contention request because it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff further objects to this request as overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS CONCERNING YOUR allegations in paragraphs 174–99 of the COMPLAINT, including but not limited to any DOCUMENTS referenced in those paragraphs.

**RESPONSE TO NO. 19:**

Plaintiff objects to this premature contention request because it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff further objects to this request as overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS CONCERNING YOUR allegations in paragraphs 200–203 of the COMPLAINT, including but not limited to any DOCUMENTS referenced in those paragraphs.

**RESPONSE TO NO. 20:**

Plaintiff objects to this premature contention request because it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff further objects to this request as overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS CONCERNING YOUR allegations in paragraph 221 of the COMPLAINT, including but not limited to any DOCUMENTS referenced in that paragraph and subsections.

**RESPONSE TO NO. 21:**

Plaintiff objects to this premature contention request because it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff further objects to this request as overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS CONCERNING YOUR allegation that "Defendants have known about the Inflator Defect in their Defective Airbags since at least the early 2000s." *See* COMPLAINT ¶ 238.

**RESPONSE TO NO. 22:**

Plaintiff objects to this premature contention request because it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff further objects to this request as overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS CONCERNING YOUR allegations in paragraphs 301–17 and 323–28 of the COMPLAINT, including but not limited to any DOCUMENTS referenced in those paragraphs.

**RESPONSE TO NO. 23:**

Plaintiff objects to this premature contention request because it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff further objects to this request as overbroad and unduly burdensome.

Dated: February  5 , 2019.

Respectfully submitted,

PODHURST ORSECK, P.A.
SunTrust International Center
One S.E. Third Avenue, Suite 2300
Miami, Florida 33131
Tel: 305-385-2800

By: /s/Peter Prieto
    Peter Prieto
    Florida Bar No. 501492
    pprieto@podhurst.com

*Chair Lead Counsel*

BOIES, SCHILLER & FLEXNER LLP
David Boies
333 Main Street
New York 10504
Tel: 914-749-8200

POWER ROGERS & SMITH P.C.
Todd Smith
70 W. Madison Street, Suite 5500 Armonk,
Chicago, Illinois
Tel: 312-236-9381

*Co-Lead Counsel – Economic Damages Track*

COLSON HICKS EIDSON, P.A.
Curtis Miner
255 Alhambra Circle, PH
Coral Gables, Florida 33134
Tel: 305-476-7400

*Lead Counsel – Personal Injury Track*

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Elizabeth J. Cabraser
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel: 415-956-1000

BARON AND BUDD, P.C.
Roland Tellis
15910 Ventura Boulevard, Suite 1600
Encino, CA  91436
Tel: 818-839-2320

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
James E. Cecchi
5 Becker Farm Road
Roseland, New Jersey 07068-1739
Tel: 973-994-1700

*Plaintiffs' Steering Committee*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on February 5, 2019, a true and correct copy of the foregoing document was served by electronic mail upon counsel for Defendants, Mercedes-Benz USA, LLC and Daimler AG.

By: /s/ Peter Prieto_____
Peter Prieto

| | |
|---|---|
| Raoul G. Cantero<br>Angela Daker<br>White & Case LLP<br>Southeast Financial Center<br>200 S. Biscayne Boulevard, Suite 4900<br>Miami, FL 33131<br>rcantero@whitecase.com<br>adaker@whitecase.com | Counsel for Mercedes-Benz USA LLC and Daimler AG |