# Exhibit 34

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| IN RE: TAKATA AIRBAG PRODUCT LIABILITY LITIGATION | MDL No. 2599 |
| | Master File No. 15-MD-02599-FAM |
| This Document Relates to All Economic Loss Class Actions and: | S.D. Fla. Case No. 1:14-cv-24009-FAM |
| STEPHANIE PUHALLA, et al., individually and on behalf of all others similarly situated, Plaintiffs, v. VOLKSWAGEN AKTIENGESELLSCHAFT, VOLKSWAGEN GROUP OF AMERICA, AUDI AKTIENGESELLSCHAFT, AUDI OF AMERICA, LLC, MERCEDES-BENZ USA, LLC, and DAIMLER AG, Defendants. | |

### PLAINTIFF PAULETTE CALHOUN'S UNVERIFIED ANSWERS TO DEFENDANT MERCEDES-BENZ USA, LLC'S FIRST SET OF INTERROGATORIES

Plaintiff Paulette Calhoun, by and through the undersigned counsel, answers Defendant Mercedes-Benz USA, LLC's ("MBUSA") First Set of Interrogatories and states as follows:

### General Objections

1. Plaintiff objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure or seeks to impose on Plaintiff obligations beyond those required by the Federal Rules of Civil Procedure, the Southern District of Florida's Local

Rules, or any Court Order governing this action. Plaintiff will interpret the interrogatories reasonably and in good faith in accordance with common English usage.

2. Plaintiff objects to each interrogatory and definition and instruction therein, to the extent that it contains undefined, vague, or ambiguous terminology, thereby rendering it unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to each interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

4. Plaintiff objects to each interrogatory to the extent it seeks information subject to laws, regulations, rules, statutes, court orders, or contracts prohibiting the disclosure or use of that information.

5. Plaintiff objects to each interrogatory as overbroad and unduly burdensome to the extent that it seeks information that is readily available or more accessible to Defendants from Defendants' own files, from information in Defendants' possession, or information that Defendants provided to Plaintiffs. Responding to such interrogatories would be unduly burdensome and unnecessarily expensive, and the burden of responding to such interrogatories is substantially the same or less for Defendants as for Plaintiff.

6. Plaintiff incorporates by reference every general objection set forth above into each specific answer set forth below. A specific answer may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific answer does not waive any general objection to that interrogatory.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**
State all facts and IDENTIFY all DOCUMENTS CONCERNING YOUR purchase or lease of the SUBJECT VEHICLE, including but not limited to the date of purchase or lease, the terms of the purchase or lease, the IDENTITY of the dealership and any sales representatives involved in the purchase or lease, and any communications regarding the SUBJECT VEHICLE or the purchase or lease thereof.

**ANSWER TO NO. 1:**
Plaintiff objects to this interrogatory as vague, overbroad, and unduly burdensome, as it seeks information that is not relevant and not likely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Plaintiff refers Defendant to Plaintiff's response to Request for Production No. 2 and the documents produced therein. Plaintiff provides the following information regarding the Subject Vehicle:

| | |
|---|---|
| Date of purchase: | September 22, 2015<br>Purchased Used<br>2011 Mercedes C300 |
| Purchase price: | $16,300 |
| Dealership: | Private Owner<br>Atlanta, Georgia |
| Financing: | Financed full purchase price via Atlanta Postal Credit Union |

- Loan Agreement dated September 22, 2015

**INTERROGATORY NO. 2:**
IDENTIFY and describe in detail all DOCUMENTS disclosed or reviewed in connection with the purchase or lease of the SUBJECT VEHICLE including, but not limited to all advertisements or marketing materials relied on by YOU in connection with the purchase or lease of the SUBJECT VEHICLE.

**ANSWER TO NO. 2:**
Plaintiff objects to this interrogatory as vague, overbroad, and unduly burdensome, as it seeks information that is not relevant and not likely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Plaintiff states that at the time of purchase of the Subject Vehicle, Plaintiff reviewed all documents provided to Plaintiff by the dealer. However, Plaintiff does not recall what these documents were. In addition, Plaintiff recalls viewing and hearing commercials through the radio, television, and internet that touted the safety and dependability of the Subject Vehicle and MBUSA's vehicles in general, but does not recall which specific commercials.

**INTERROGATORY NO. 3:**
State all facts and IDENTIFY all DOCUMENTS CONCERNING efforts by YOU or PERSONS on YOUR behalf to turn-in, sell, or otherwise dispose of the SUBJECT VEHICLE, including without limitation: (a) any advertisements or offers to sell or transfer the lease of the SUBJECT VEHICLE published in newspapers, magazines, leaflets, flyers, emails or posted on the Internet; (b) offers to sell or transfer the lease directly to any PERSON, including dealerships or used car dealers; (c) the offer price of the SUBJECT VEHICLE; and (d) the price offered to buy the SUBJECT VEHICLE or the price paid for the SUBJECT VEHICLE.

**ANSWER TO NO. 3:**
Plaintiff objects to this interrogatory as overbroad and unduly burdensome, as it seeks information that is not relevant and not likely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Plaintiff states that Plaintiff has never attempted to turn-in, sell, or otherwise dispose of the Subject Vehicle.

**INTERROGATORY NO. 4:**
IDENTIFY and describe in detail all communications YOU had at any time CONCERNING the SUBJECT VEHICLE, the RECALL, or any of the allegations in the COMPLAINT, including without limitation communications with MBUSA, authorized Mercedes-Benz dealers, automotive repair facilities of any kind, individuals, insurers, or PERSONS.

**ANSWER TO NO. 4:**
Plaintiff objects to this interrogatory as vague, overbroad, and unduly burdensome, as it seeks a wide variety of information that is not relevant and not likely to lead to the discovery of admissible evidence. Plaintiff also objects to the extent this interrogatory seeks attorney-client communications. Subject to and without waiving these objections, Plaintiff responds that Plaintiff received Recall Notices regarding the airbags from MBUSA on December 2017 and January 2018. In addition, Plaintiff has inquired about the availability of the replacement airbags every time she takes her car in for service.

**INTERROGATORY NO. 5:**
State all facts and IDENTIFY all DOCUMENTS CONCERNING YOUR claim that the Takata airbags in the SUBJECT VEHICLE contain propellant that "[u]nder ordinary conditions, including daily temperature swings and contact with moisture in the air . . . transforms and destabilizes, causing irregular and dangerous behavior, resulting in violent combustion." *See* COMPLAINT ¶ 4.

**ANSWER TO NO. 5:**
Plaintiff objects to this interrogatory as a premature contention interrogatory. Plaintiff further objects to this interrogatory as overbroad and unduly burdensome, as it seeks information that is not relevant and not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this request because it calls for information protected by the attorney-client privilege and/or the attorney work product doctrine.

4

**INTERROGATORY NO. 6:**
State all facts and IDENTIFY all DOCUMENTS CONCERNING YOUR allegation that the Takata inflators in the SUBJECT VEHICLE subject to the RECALL could "violently explode, sometimes expelling metal debris and shrapnel to unsuspecting drivers and passengers." *See, e.g.*, COMPLAINT ¶ 5.

**ANSWER TO NO. 6:**
Plaintiff objects to this interrogatory as a premature contention interrogatory. Plaintiff further objects to this interrogatory as overbroad and unduly burdensome, as it seeks information that is not relevant and not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this request because it calls for information protected by the attorney-client privilege and/or the attorney work product doctrine.

**INTERROGATORY NO. 7:**
State all facts and IDENTIFY all DOCUMENTS CONCERNING YOUR allegation that "Defendants were intimately involved in the design and testing of the airbags that contained the Inflator Defect. When the Defendants approved Takata's airbags and purchased them for installation in their vehicles, they were aware that the airbags used the volatile and unstable ammonium nitrate as the primary propellant in the inflators." *See* COMPLAINT ¶ 7.

**ANSWER TO NO. 7:**
Plaintiff objects to this interrogatory as a premature contention interrogatory. Plaintiff further objects to this interrogatory as overbroad and unduly burdensome, as it seeks information that is not relevant and not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this request because it calls for information protected by the attorney-client privilege and/or the attorney work product doctrine.

**INTERROGATORY NO. 8:**
State how much YOU would have paid for the SUBJECT VEHICLE had you known about the "Inflator Defect" and state all facts and IDENTIFY all DOCUMENTS supporting the identified amount. *See, e.g.*, COMPLAINT ¶ 18.

**ANSWER TO NO. 8:**
Plaintiff objects to this interrogatory as a premature contention interrogatory. Plaintiff further objects to this interrogatory as overbroad and unduly burdensome, as it seeks information that is not relevant and not likely to lead to the discovery of admissible evidence. Plaintiff further objects that this interrogatory is entirely speculative in nature.

**INTERROGATORY NO. 9:**
State all facts and IDENTIFY all DOCUMENTS CONCERNING YOUR allegation that YOU incurred "out-of-pocket and loss-of-use expenses and costs, including, but not limited to, expenses and costs associated with taking time off from work, paying for rental cars or other transportation arrangements, and child care." *See* COMPLAINT ¶ 19.

5

**ANSWER TO NO. 9:**
Plaintiff objects to this interrogatory as a premature contention interrogatory. Plaintiff further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving these objections, at this time Plaintiff cannot identify any out-of-pocket and/or loss-of-use expenses that Plaintiff incurred.

**INTERROGATORY NO. 10:**
State all facts and IDENTIFY all DOCUMENTS CONCERNING YOUR allegation that the SUBJECT VEHICLE has "diminished" in value. *See, e.g.*, COMPLAINT ¶ 20.

**ANSWER TO NO. 10:**
Plaintiff objects to this interrogatory as a premature contention interrogatory. Plaintiff further objects to this interrogatory because it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff further responds that any calculation of the Subject Vehicle's diminishment in value will be based, at least in part, on expert opinions, such opinions to be disclosed at the time set by the Court's scheduling order in this case. Subject to and without waiving these objections, Plaintiff was damaged in that the Vehicle Plaintiff purchased is now worth less than a similar car that did not have a Defective Airbag as a result of Defendant's conduct and the stigma now associated with cars that have been recalled due to the Inflator Defect.

**INTERROGATORY NO. 11:**
IDENTIFY what other vehicles YOU would have purchased instead of the SUBJECT VEHICLE had YOU known of the "Inflator Defect." *See, e.g.*, COMPLAINT ¶¶ 18– 20.

**ANSWER TO NO. 11:**
Plaintiff objects to this interrogatory as a premature contention interrogatory. Plaintiff further objects to this interrogatory as overbroad and unduly burdensome, as it seeks information that is not relevant and not likely to lead to the discovery of admissible evidence. Furthermore, Plaintiff objects that this interrogatory is entirely speculative in nature. Subject to and without waiving these objections, Plaintiff states that had Plaintiff known about the defective airbag in Plaintiff's Mercedes vehicle, Plaintiff would have purchased another vehicle that did not contain Defective Airbags.

**INTERROGATORY NO. 12:**
State all facts and IDENTIFY all DOCUMENTS CONCERNING YOUR allegation that the SUBJECT VEHICLE is of "a lesser standard, grade, and quality than represented," and YOU "did not receive vehicles that met ordinary and reasonable consumer expectations regarding safe and reliable operation." *See* COMPLAINT ¶ 35.

**ANSWER TO NO. 12:**
Plaintiff objects to this interrogatory as a premature contention interrogatory. Plaintiff further objects to this interrogatory as overbroad and unduly burdensome, as it seeks information that is not relevant and not likely to lead to the discovery of admissible evidence. Plaintiff further

6

objects to this request because it calls for information protected by the attorney-client privilege and/or the attorney work product doctrine.

**INTERROGATORY NO. 13:**
State all facts and IDENTIFY all DOCUMENTS CONCERNING YOUR allegation that the SUBJECT VEHICLE is "not safe to drive." *See, e.g.*, COMPLAINT ¶ 231.

**ANSWER TO NO. 13:**
Plaintiff objects to this interrogatory as a premature contention interrogatory. Plaintiff further objects to this interrogatory as overbroad and unduly burdensome, as it seeks information that is not relevant and not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this request because it calls for information protected by the attorney-client privilege and/or the attorney work product doctrine

**INTERROGATORY NO. 14:**
State all facts and IDENTIFY all DOCUMENTS CONCERNING YOUR allegation that "Defendants have known about the Inflator Defect in their Defective Airbags since at least the early 2000s." *See* COMPLAINT ¶ 238.

**ANSWER TO NO. 14:**
Plaintiff objects to this interrogatory as a premature contention interrogatory. Plaintiff further objects to this interrogatory as overbroad and unduly burdensome, as it seeks information that is not relevant and not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this request because it calls for information protected by the attorney-client privilege and/or the attorney work product doctrine.

**INTERROGATORY NO. 15:**
State all facts and IDENTIFY all DOCUMENTS CONCERNING YOUR allegations in COMPLAINT paragraphs 174–99, 200–203, 221, 238, 301–317, and 323–28.

**ANSWER TO NO. 15:**
Plaintiff objects to this interrogatory as a premature contention interrogatory. Plaintiff further objects to this interrogatory as overbroad and unduly burdensome, as it seeks information that is not relevant and not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this request because it calls for information protected by the attorney-client privilege and/or the attorney work product doctrine.

Dated: January 22, 2019.                                     Respectfully submitted,

                                                             PODHURST ORSECK, P.A.
                                                             SunTrust International Center
                                                             One S.E. Third Avenue, Suite 2300
                                                             Miami, Florida 33131
                                                             Tel: 305-385-2800

By: /s/Peter Prieto
Peter Prieto
Florida Bar No. 501492
pprieto@podhurst.com

*Chair Lead Counsel*

BOIES, SCHILLER & FLEXNER LLP
David Boies
333 Main Street
New York 10504
Tel: 914-749-8200

POWER ROGERS & SMITH P.C.
Todd Smith
70 W. Madison Street, Suite 5500 Armonk,
Chicago, Illinois
Tel: 312-236-9381

*Co-Lead Counsel –    Economic Damages Track*

COLSON HICKS EIDSON, P.A.
Curtis Miner
255 Alhambra Circle, PH
Coral Gables, Florida 33134
Tel: 305-476-7400

*Lead Counsel – Personal Injury Track*

LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
Elizabeth J. Cabraser
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel: 415-956-1000

BARON AND BUDD, P.C.
Roland Tellis
15910 Ventura Boulevard, Suite 1600
Encino, CA  91436
Tel: 818-839-2320

CARELLA, BYRNE, CECCHI,
  OLSTEIN, BRODY & AGNELLO
James E. Cecchi
5 Becker Farm Road
Roseland, New Jersey 07068-1739
Tel: 973-994-1700

*Plaintiffs' Steering Committee*

8

## CERTIFICATE OF SERVICE

I hereby certify that, on January 22, 2019, a true and correct copy of the foregoing document was served by electronic mail upon counsel for Defendants, Mercedes-Benz USA, LLC and Daimler AG.

| | |
|---|---|
| Raoul G. Cantero<br>Angela Daker<br>White & Case LLP<br>Southeast Financial Center<br>200 S. Biscayne Boulevard, Suite 4900<br>Miami, FL 33131<br>rcantero@whitecase.com<br>adaker@whitecase.com | Counsel for Mercedes-Benz USA LLC and Daimler AG |