# Exhibit 38

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# Miami Division

| | |
|---|---|
| IN RE: TAKATA AIRBAG PRODUCT LIABILITY LITIGATION | MDL No. 2599 |
| | Master File No. 15-MD-02599-FAM |
| This Document Relates to All Economic Loss Class Actions and: | S.D. Fla. Case No. 1:14-cv-24009-FAM |
| STEPHANIE PUHALLA, et al., individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| VOLKSWAGEN AKTIENGESELLSCHAFT, VOLKSWAGEN GROUP OF AMERICA, AUDI AKTIENGESELLSCHAFT, AUDI OF AMERICA, LLC, MERCEDES-BENZ USA, LLC, and DAIMLER AG, | |
| Defendants. | |

## PLAINTIFF PAULETTE CALHOUN'S RESPONSE TO DEFENDANT MERCEDES-BENZ USA, LLC'S FIRST SET OF REQUESTS FOR ADMISSION

Plaintiff Paulette Calhoun, by and through the undersigned counsel, responds to Defendant Mercedes-Benz USA, LLC's ("MBUSA") First Set of Request for Admission and states as follows:

### General Objections

1. Plaintiff objects to each instruction, definition, and request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure or seek to impose on Plaintiff obligations beyond those required by the Federal Rules of Civil Procedure, the Southern District of Florida's Local Rules,

or any Court Order governing this action. Plaintiff will interpret the requests reasonably and in good faith in accordance with common English usage.

2. Plaintiff objects to each request and definition and instruction therein, to the extent that it utilizes undefined, vague, or ambiguous terminology, thereby rendering a response unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to each request to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

4. Plaintiff objects to each request to the extent it seeks information subject to laws, regulations, rules, statutes, court orders, or contracts prohibiting the disclosure or use of that information.

5. Plaintiff objects to each request as overbroad and unduly burdensome to the extent that it seeks information that is readily available or more accessible to Defendants from Defendants' own files, from information in Defendants' possession, or information that Defendants provided to Plaintiffs. Responding to such requests would be unduly burdensome and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for Defendants as for Plaintiff.

6. Plaintiff incorporates by reference every general objection set forth above into each specific answer set forth below. A specific answer may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific answer does not waive any general objection to that request.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**
Admit the RECALLED Takata airbag(s) in the SUBJECT VEHICLE never deployed abnormally.

**RESPONSE TO NO. 1:**
Admitted.

**REQUEST FOR ADMISSION NO. 2:**
Admit YOU did not perform any testing on the SUBJECT VEHICLE'S RECALLED Takata airbag(s).

**RESPONSE TO NO. 2:**
Admitted.

**REQUEST FOR ADMISSION NO. 3:**
Admit YOU never inspected the SUBJECT VEHICLE'S RECALLED Takata airbag(s).

**RESPONSE TO NO. 3:**
Admitted.

**REQUEST FOR ADMISSION NO. 4:**
Admit MBUSA never promised to immediately perform the RECALL.

**RESPONSE TO NO. 4:**
Plaintiff objects to this request for admission as follows:

a. Plaintiff objects to this Request because it is outside the scope of Federal Rules of Civil Procedure 26 and 36 because it seeks information that is not relevant to any party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1).

b. Subject to and without waiving any objections, Plaintiff admits Request No. 4.

**REQUEST FOR ADMISSION NO. 5:**
Admit YOU continued to drive the SUBJECT VEHICLE until the time YOU sold it.

**RESPONSE TO NO. 5:**
Plaintiff objects to this request for admission as follows:

a. Plaintiff objects to this Request because it is outside the scope of Federal Rules of Civil Procedure 26 and 36 because it seeks information that is not relevant to any party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1).

b. Subject to and without waiving any objections, Plaintiff admits Request No. 5.

3

**REQUEST FOR ADMISSION NO. 6:**
Admit YOU never saw any of the advertisements or marketing materials identified in paragraph 221 of the COMPLAINT prior to acquiring the SUBJECT VEHICLE.

**RESPONSE TO NO. 6:**
Plaintiff objects to this request for admission as follows:

a. Plaintiff objects to this Request because it is outside the scope of Federal Rules of Civil Procedure 26 and 36 because it seeks information that is not relevant to any party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1).

b. Subject to and without waiving any objections, Plaintiff can neither admit nor deny Request No. 6. Plaintiff does not remember whether Plaintiff viewed the specific advertisements or marketing materials identified in paragraph 221 of the Complaint.

**REQUEST FOR ADMISSION NO. 7:**
Admit MBUSA never promised YOU the SUBJECT VEHICLE would be defect free.

**RESPONSE TO NO. 7:**
Plaintiff admits that no individual employee of MBUSA explicitly promised Plaintiff that Plaintiff's Subject Vehicle would be defect free. However, Plaintiff relied on MBUSA's implicit promise that the Subject Vehicle would be defect free and MBUSA's marketed reputation for quality.

**REQUEST FOR ADMISSION NO. 8:**
Admit that at the time YOU filed the COMPLAINT, YOU had no evidence that the Takata inflators in the SUBJECT VEHICLE subject to the RECALL could "violently explode, sometimes expelling metal debris and shrapnel to unsuspecting drivers and passengers." *See, e.g.,* COMPLAINT ¶ 5.

**RESPONSE TO NO. 8:**
Plaintiff objects to this request for admission as follows:

a. Plaintiff objects to this Request because it is outside the scope of Federal Rules of Civil Procedure 26 and 36 because it seeks information that is not relevant to any party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1).

b. Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege and/or the attorney work product doctrine.

c. Subject to and without waiving any objections, Plaintiff denies Request No. 8.

**REQUEST FOR ADMISSION NO. 9:**
Admit that as of the time of YOUR response to these requests, YOU have and are aware of no evidence that the Takata inflators in the SUBJECT VEHICLE subject to the RECALL could

4

"violently explode, sometimes expelling metal debris and shrapnel to unsuspecting drivers and passengers." *See, e.g.*, COMPLAINT ¶ 5.

**RESPONSE TO NO. 9:**
Plaintiff objects to this request for admission as follows:

a.  Plaintiff objects to this Request because it is outside the scope of Federal Rules of Civil Procedure 26 and 36 because it seeks information that is not relevant to any party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1).

b.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege and/or the attorney work product doctrine.

c.  Subject to and without waiving any objections, Plaintiff denies Request No. 9.


Dated: January 22, 2019.

Respectfully submitted,

PODHURST ORSECK, P.A.
SunTrust International Center
One S.E. Third Avenue, Suite 2300
Miami, Florida 33131
Tel: 305-385-2800

By: /s/Peter Prieto
Peter Prieto
Florida Bar No. 501492
pprieto@podhurst.com

*Chair Lead Counsel*


BOIES, SCHILLER & FLEXNER LLP
David Boies
333 Main Street
New York 10504
Tel: 914-749-8200

POWER ROGERS & SMITH P.C.
Todd Smith
70 W. Madison Street, Suite 5500 Armonk,
Chicago, Illinois
Tel: 312-236-9381

*Co-Lead Counsel –   Economic Damages Track*

COLSON HICKS EIDSON, P.A.
Curtis Miner
255 Alhambra Circle, PH
Coral Gables, Florida 33134
Tel: 305-476-7400

5

*Lead Counsel – Personal Injury Track*

LIEFF CABRASER HEIMANN &
 BERNSTEIN, LLP
Elizabeth J. Cabraser
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel: 415-956-1000

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
James E. Cecchi
5 Becker Farm Road
Roseland, New Jersey 07068-1739
Tel: 973-994-1700

BARON AND BUDD, P.C.
Roland Tellis
15910 Ventura Boulevard, Suite 1600
Encino, CA  91436
Tel: 818-839-2320

*Plaintiffs' Steering Committee*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 22, 2019, a true and correct copy of the foregoing document was served by electronic mail upon counsel for Defendants, Mercedes-Benz USA, LLC and Daimler AG.

| | |
|---|---|
| Raoul G. Cantero<br>Angela Daker<br>White & Case LLP<br>Southeast Financial Center<br>200 S. Biscayne Boulevard, Suite 4900<br>Miami, FL 33131<br>rcantero@whitecase.com<br>adaker@whitecase.com | Counsel for Mercedes-Benz USA LLC and Daimler AG |