# EXHIBIT NO. 177



Squire Patton Boggs (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

O   +1 415 954 0200
F   +1 415 393 9887
squirepattonboggs.com

Troy M Yoshino
T   +1 415 743 2441
troy.yoshino@squirepb.com

December 15, 2017

**VIA FIRST CLASS MAIL & EMAIL**

Nimish R. Desai
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: ndesai@lchb.com

James Cecchi
Carella Byrne Cecchi Olstein Brody & Angelo, P.C.
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
Email: JCecchi@carellabyrne.com

**Re: Deficient Notice of Violations of Consumer Protection and Warranty Laws**

Dear Counsel:

I write on behalf of Mercedes-Benz USA, LLC ("MBUSA") only in response to your letter dated November 28, 2017, addressed to MBUSA, Daimler AG, and third parties TK Holdings, Inc. and Takata Corporation (collectively, "Takata"). This response is not intended to and does not constitute as an admission or a waiver of any of MBUSA's defenses, rights, or remedies.

Your letter purports to serve as a "Notice of Violations of Consumer Protection and Warranty Laws" under the statutory notice provisions of ten specified states, as well as "notify [MBUSA, Daimler AG, and Takata] that [they] have breached express and/or implied warranties, and engaged in unfair, fraudulent, deceptive, and other unlawful acts and practices in connection with [their] manufacturing, advertising, marketing, and/or sale of Defective Vehicles."[1] As an initial matter, your letter fails to distinguish between the actions of MBUSA, Daimler AG, and Takata, rendering it vague, ambiguous, and nearly impossible to respond to in any meaningful way. Your letter also fails to satisfy even the most basic notice requirements for several other reasons.

---

[1] To the extent your letter purports to serve as notice pursuant to any other statutory scheme not identified in footnote one of your letter, your failure to identify those specific statutes renders such notice deficient.

46 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.
010-8558-8125/1/AMERICAS

Squire Patton Boggs (US) LLP

**VIA FIRST CLASS MAIL & EMAIL**

Nimish R. Desai
James Cecchi
Richard B. Drubel
December 15, 2017

Among other problems, your letter does not identify the "claimant(s)" as required by several statutes that you cite. *See, e.g.*, Ga. Code § 10-1-399(b); Me. Rev. Stat. tit. 5, § 213.1-A. Although the letter identifies five individuals and the states in which they reside, the letter does not explain which plaintiffs are bringing which claims. Moreover, despite reference to "Classes," the letter does not define the classes, nor does it adequately describe identifying characteristics of any purported class members.

Nor does your letter "reasonably describ[e] the unfair or deceptive act or practice" that forms the basis of any allegation of wrongdoing by MBUSA. Ala. Code § 8-19-10(e); *see also, e.g.*, Cal. Civ. Code § 1782 (requiring notice of "the particular alleged violations"); Ga. Code § 10-1-399(b) (notice must "reasonably describ[e] the unfair or deceptive act or practice"); Ind. Code § 24,-5-0.5-5 ("notice shall state fully the nature of the alleged deceptive act"); Me. Rev. Stat. tit. 5, § 213.1-A (notice must "reasonably describ[e] the unfair and deceptive act or practice relied upon."). The letter claims that "companies," without distinguishing between any of the entities the letter is addressed to, "breached express and/or implied warranties, and engaged in unfair, fraudulent, deceptive, and other unlawful acts and practices in connection with [their] manufacturing, advertising, marketing, and/or sale of Defective Vehicles." But the letter does not identify any particular advertisements or misrepresentations that have purportedly been made by MBUSA, or relied upon by any plaintiff(s). In fact, much of the alleged wrongdoing identified in the letter relates to the actions of Takata—e.g., the airbags were manufactured by Takata and "Takata decided to abandon the safer propellant it used in its airbags in favor of ammonium nitrate."

Your letter also fails to reasonably describe any injury or damages suffered by any plaintiff(s). *See, e.g.*, Mass. Gen. Laws Ch. 93A, § 9(3); Wyo. Stat. § 40-12-109. While the letter makes generalized references to damages purportedly sustained as a result of MBUSA's and other entities' alleged misrepresentations and failure to promptly recall vehicles or provide loaner vehicles, it does not offer any reasonable estimate as to the extent of any alleged damages or injuries that have actually been sustained. *See, e.g.*, Tex. Bus. & Com. Code § 17.505(a) ("consumer shall give written notice . . . advising the person in reasonable detail of . . . the amount of economic damages, damages for mental anguish, and expenses"); *Thorpe v. Mut. of Omaha Ins. Co.*, 984 F.2d 541, 544 (1st Cir. 1993) (A demand letter must provide an "adequate basis for [the responding party] to appraise the value of the claim or frame a settlement offer."); *see also Simas v. House of Cabinets, Inc.*, 53 Mass. App. Ct. 131, 139, 757 N.E.2d 277, 283 (2001) (demand letter must provide enough detail to enable the responding party to "make a reasonable tender of settlement") (citations omitted). Your letter references "incidents in Mercedes-Benz's vehicles," but does not specify what those incidents were. This is particularly troublesome in light of the fact that there have been *zero* rupture incidents in any Mercedes-Benz vehicles worldwide—i.e., your statement is false. The letter also purportedly faults MBUSA for not recalling vehicles until 2016, but does not explain why this was improper, particularly in light of the fact that MBUSA is obligated to comply with NHTSA's recall procedures, process, and the Coordinated Remedy Orders and Schedules set by NHTSA. The letter also fails to identify with any reasonable level of specificity the nature of the injunctive relief sought, if any. *See* Alaska Stat. § 45.50.535(b)(1) (requiring pre-suit notice of request for injunctive relief and opportunity to comply); W. Va. Code § 46A-6-106(c) (same).

Squire Patton Boggs (US) LLP

**VIA FIRST CLASS MAIL & EMAIL**

Nimish R. Desai
James Cecchi
Richard B. Drubel
December 15, 2017

As a result of these deficiencies and others, your letter fails to provide MBUSA with the requisite notice of the nature of the alleged deceptive practices; the nature or extent of any damages or injury; or the precise relief sought. In light of these failings under all ten statutes specified in your notice and demand letter, there is no legal or factual basis to support your demand that MBUSA "cure such violations."

Please do not hesitate to contact me if you have any questions about this matter.

Sincerely,

Squire Patton Boggs (US) LLP

Troy M Yoshino