# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| **IN RE: TAKATA AIRBAG PRODUCT LIABILITY LITIGATION**<br><br>This Document Relates to All Economic Loss Class Actions and:<br><br>STEPHANIE PUHALLA, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>Defendant. | MDL No. 2599<br><br>Master File No. 15-MD-2599-FAM<br><br>S.D. Fla. Case No. 1:14-cv-24009-FAM |

## DEFENDANT MERCEDES-BENZ USA, LLC'S <u>EXPEDITED MOTION</u> TO STRIKE PLAINTIFFS' 40-PAGE STATEMENT OF ADDITIONAL FACTS AND REQUIRE <u>IMMEDIATE COMPLIANCE WITH PAGE LIMITS</u>

Raoul G. Cantero
Jaime A. Bianchi
WHITE & CASE LLP
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

Troy M. Yoshino
Eric J. Knapp
WINSTON & STRAWN LLP
101 California Street, Suite 3500
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Attorneys for Defendant*
*Mercedes-Benz USA, LLC*

Defendant Mercedes-Benz USA, LLC ("MBUSA") moves under Southern District of Florida Local Rule 56.1(d) for an order: (1) striking Plaintiffs' non-compliant Statement of Additional Undisputed Material Facts ("SOF") filed on August 2, 2024 [D.E. 4805 at pp. 11-51]; and (2) requiring Plaintiffs to file immediately a compliant additional statement of facts. Plaintiffs' forty-page additional statement of facts massively exceeds the five-page limit in Local Rule 56.1. Moreover, MBUSA cannot adequately respond to Plaintiffs' non-compliant statement of facts because they also failed to file 28 of the 177 exhibits cited in it.

Plaintiffs' flagrant violations have prejudiced MBUSA, whose replies are currently due on Friday, August 9, 2024, at 2:00 pm EST. Accordingly, MBUSA also requests that the Court stay this deadline pending its ruling on the motion to strike. Alternatively, MBUSA requests an extension of the page limit for its Reply statement of facts (to 40 pages total), and a two-week extension of time (through August 23, 2024, at 2:00 pm EST) to file its Reply statement of facts and Reply memorandum of law addressing Plaintiffs' additional facts.

Given the Friday, August 9, 2024, deadline for its Replies, MBUSA files this motion on an expedited basis, and requests a ruling by Thursday, August 8, 2024. In support, MBUSA states as follows:

1. In compliance with the Court's order setting summary judgment briefing deadlines [D.E. 4785], MBUSA filed on July 12, 2024, its Motion for Summary Judgment [D.E. 4800] and its Statement of Undisputed Material Facts ("MBUSA's SOF") [D.E. 4802]. MBUSA's statement of facts contained 80 paragraphs and as required by Local Rule 56.1, did not exceed ten pages in length.

2. On August 2, 2024, Plaintiffs filed their Response to MBUSA's statement of facts. [D.E. 4805]. Plaintiffs' 51-page Response addressed MBUSA's statement of facts in the first ten pages of the response and then proceeded to list 40 pages of additional facts. *See id*. Further, although Plaintiffs cited 177 exhibits in their Response, they failed to file 28 of those exhibits. *Id.*; *see also* D.E. 4817 at p. 1.

3. Plaintiffs' statement of additional facts is riddled with patent disregard for the form and substance of Local Rule 56.1 governing motions for summary judgment in this Court. Specifically, Local Rule 56.1(b)(2)(D) limits additional facts to five pages:

> The additional facts shall be separately titled as "Additional Facts" and may not exceed five (5) pages (beyond the ten- (10) page limit for the opponent's Statement of Material Facts).

S.D. Fla. L.R. 56.1(b)(2)(D).

4. Despite the five-page limit, Plaintiffs have asserted forty pages of additional facts. *See* D.E. 4805, paragraphs 81 through 229. Plaintiffs' 40-page additional statement of facts also includes seventeen single-spaced footnotes that "would have been several additional pages of double-spaced or one-and-one-half-spaced text." *Med-X Glob., LLC v. Sunmed Int'l, LLC*, 2022 WL 17486303, at *1 (S.D. Fla. Dec. 7, 2022). Indeed, footnote 1 alone—which contains 28 lines and 10 separate citations (D.E. 4805 at 12)—would take up an entire page in the body. The Court should not countenance Plaintiffs' "inappropriate" attempt to "circumvent the Local Rules." *Id.*, 2022 WL 17486303, at *1.

5. Moreover, Plaintiffs disingenuously assert that a "handful of exhibits . . . have not been electronically filed." D.E. 4817 at 1. In fact, Plaintiffs failed to file twenty-eight exhibits cited in their additional statement of facts. *See id.* (Exhibits 3, 68, 69, 75, 78, 87-90, 99-107, 114, 116, 119-125, 130).

6. Local Rule 56.1(d) authorizes various remedies for Plaintiffs' non-compliance, including striking the statement and requiring immediate compliance:

> If a party files and serves any Statement of Material Facts that does not comply with this rule, then the Court may strike the Statement, require immediate compliance, grant relief to any opposing party for any prejudice arising from a non-compliant statement or response, or enter other sanctions that the Court deems appropriate.

S.D. Fla. L. R. 56.1(d).

7. Because Plaintiffs' additional statement of facts do not comply with Local Rule 56.1, it should be stricken, and the Court should require Plaintiffs to file immediately a compliant additional statement of facts. *See, e.g.*, *Tim-Minn, Inc. v. Tim Hortons USA Inc.*, 2022 WL 2308234, at *2 (S.D. Fla. Apr. 11, 2022) (granting motion to strike and requiring immediate compliance with page limits where "Plaintiffs submitted 15 pages worth of additional facts in its 'counterstatement' of facts"); *see also Rodriguez v. Scottsdale Ins. Co.*, 2022 WL 18705028, at *1 (S.D. Fla. Aug. 23, 2022) (granting motion to strike, noting "Rules like Local Rule 56[.1] are meant to ease the district court's operose task and to prevent parties from unfairly shifting the burdens of litigation to the court"); *Stern v. SK Golden Inv., LLC*, 2022 WL 4775084, at *1 (S.D. Fla. Aug. 24, 2022) (granting motion to strike because "[e]ither by virtue of failing basic reading comprehension or wholly ignoring the Local Rules, Defendants have once again violated Local

Rule 56.1").

8. Indeed, "[l]ocal rules serve more than a technical purpose and litigants ignore them at their own peril." *VR Player 1, Inc. v. Covington Specialty Ins. Co.*, 2023 WL 2891015, at *2 (S.D. Fla. Jan. 6, 2023). "In this district and elsewhere, local rules 'carry the force of law.' These rules are not 'mere technicalities'; they are instead 'designed to help the court identify and organize the issues in the case.'" *Id.* (cleaned up).

9. On Monday, August 5, 2024, MBUSA's counsel requested Plaintiffs to correct this violation by withdrawing their statement of additional facts and filing an amended statement that complies with the Local Rules.

10. Plaintiffs' counsel responded on August 6, 2024. Plaintiffs refused to withdraw their non-compliant statement of facts, and instead asserted that the Court's order enlarging the page limits on the parties' initial round of summary judgment briefing *in March 2022* [D.E. 4206] applies here.

11. Plaintiffs know that the 2022 order does not apply here because the parties, and the Court, addressed the page limits that would apply to *this* round of summary judgment briefing during the May 2024 hearing on Plaintiffs' motion for class certification. *See* **Exhibit 1**, May 29, 2024, hearing transcript, at pp. 71-74. Specifically, the parties requested, and the Court granted, an extension of the page limits for the summary judgment briefs. *Id.* However, the parties did not request, and the Court did not grant, an extension of the page limits for the statement of facts. *Id.*

12. The "rationale" underlying the March 2022 order extending page limits also does not apply here. MBUSA's initial round of summary judgment briefing involved thirty-six named plaintiffs (*see* D.E. 4166; D.E. 4311-1), while only eight named plaintiffs remain here. *See* D.E. 4802. The page extensions in March 2022 are also not applicable because they contemplated much longer summary judgment briefs as well. *Cf.* D.E. 4206 with Exhibit 1.

13. MBUSA had no difficulty complying with the Local Rules' page limits for its statement of facts. *See* D.E. 4802. If Plaintiffs—who are represented by experienced practitioners in this District—needed extra pages for their additional statement of facts, they should have moved for leave to do so, instead of unilaterally filing their 40-page non-compliant statement of facts.

**WHEREFORE**, for the reasons stated above and for good cause shown, MBUSA requests that the Court enter an order: (1) striking Plaintiffs' Statement of Additional Undisputed Material Facts filed on August 2, 2024 [D.E. 4805 at pp. 11-51] due to their violation of Local Rule 56.1;

3

(2) requiring Plaintiffs to file immediately a compliant additional statement of facts; and (3) staying MBUSA's August 9, 2024 deadline for filing its Reply statement of facts and Reply memorandum of law addressing Plaintiffs' additional facts pending the Court's ruling on MBUSA's motion to strike. Alternatively, MBUSA requests an extension of the page limit for its Reply statement of facts (to 40 pages total), and a two-week extension of time (through August 23, 2024, at 2:00 pm EST) to file its Reply statement of facts and Reply memorandum of law.

Given the Friday, August 9, 2024 deadline for its Replies, MBUSA files this motion on an expedited basis, and respectfully requests a ruling by Thursday, August 8, 2024.

**CERTIFICATE OF GOOD FAITH CONFERENCE PURSUANT TO LOCAL RULE 7.1**

Pursuant to Local Rule 7.1(a)(3)(A), undersigned counsel for MBUSA certifies that MBUSA made a good faith effort to resolve the issues raised in this motion with counsel for Plaintiffs, and that Plaintiffs' counsel opposes the relief requested in this motion.

Dated: August 6, 2024

Respectfully submitted,

*/s/ Raoul G. Cantero*
Raoul G. Cantero (Florida Bar No. 552356)
raoul.cantero@whitecase.com
Jaime A. Bianchi (Florida Bar No. 908533)
jbianchi@whitecase.com
**WHITE & CASE LLP**
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

Troy M. Yoshino (*admitted pro hac vice*)
TYoshino@winston.com
Eric J. Knapp (*admitted pro hac vice*)
EKnapp@winston.com
**WINSTON & STRAWN LLP**
101 California Street, Suite 3500
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Attorneys for Defendant*
*Mercedes-Benz USA, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 6, 2024, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

      By:  */s/ Raoul G. Cantero*
             Raoul G. Cantero