UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

MDL No. 2599
Master File No.: 15-MD-02599-MORENO

IN RE: TAKATA AIRBAG PRODUCT LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:

ECONOMIC LOSS TRACK CASES AGAINST <u>MERCEDES-BENZ USA, LLC</u>

### PLAINTIFFS' MOTION TO EXPAND THE PAGE LIMIT FOR PLAINTIFFS' RESPONSE TO MBUSA'S SUMMARY JUDGMENT STATEMENT OF FACTS

Plaintiffs respectfully move the Court to expand the page limit for Plaintiffs' response to Defendant MBUSA's statement of material facts for summary judgment, to the extent that this Court's prior Orders have not done so already, and in support thereof, assert as follows:

1. Before the initial round of briefing on Defendants' motions for summary judgment, the parties agreed and ***jointly*** represented to the Court that "the normal page limitations for such motions are ***unworkable*** and would not assist the Court in resolving these important motions." (ECF No. 4166 at 2) (emphasis added). A significant expansion of the page limit set forth in Local 56.1(b) was necessary, the parties agreed, to sufficiently address "the myriad facts and issues" presented in this complex litigation. (ECF No. 4166 at 3.)

2. The parties, therefore, ***jointly*** requested that the Court expand the page limit applicable to the parties' statements of facts for summary of judgment to: 50 pages for Defendants' initial statement; ***75 pages*** for Plaintiffs' response; and 40 pages for Defendants' reply, providing that, if Plaintiffs' response included more than 40 pages of additional facts, Defendants would be permitted to exceed their 40-page limit to the same extent. (*Id.* at 3.)

3. The Court granted the parties' request and entered the parties' proposed Order extending the page limits accordingly. (ECF No. 4206.)

4. Likewise, at the May 29, 2024 hearing, during which the Court directed Defendants to file renewed motions for summary judgment on Plaintiffs' remaining claims, counsel for MBUSA reiterated that an "extension of the page limits" was required. (5/29/24 Hr'g Tr. (ECF No. 4819-1) at 72:14.) MBUSA's counsel, therefore, requested, without objection from Plaintiffs' counsel, a 40-page limit for MBUSA's renewed summary judgment motion. *Id.* at 72:13–17, 74:5–11. The Court did not issue a separate Order regarding page limits for the renewed motion, but agreed that the same limits would apply to both parties: "Of course you get 40, equal everything." *Id.* at 74:11.

5. In accordance with the briefing schedule entered by the Court (ECF No. 4785), MBUSA filed a 40-page motion for summary judgment before 2:00 P.M. on July 12, 2024 (ECF No. 4800), and Plaintiffs filed a 40-page response before 2:00 P.M. on August 2, 2024 (ECF No. 4808).

6. Additionally, in connection with its motion for summary judgment, MBUSA timely filed a statement of undisputed material facts (ECF No. 4802), and Plaintiffs timely filed a response (ECF No. 4805). Plaintiffs' factual response was 51 pages long, with approximately 40 pages of additional facts, well under the 75-page limit previously approved by the Court for the initial round of summary judgment briefing (ECF No. 4206), and consistent with the Court's directive at the recent hearing that both parties would receive "equal" extensions (5/29/24 Hr'g Tr. (ECF No. 4819-1) at 72:14).

7. On Monday, August 5, 2024, MBUSA's counsel emailed Plaintiffs' counsel requesting that Plaintiffs strike their own response to MBUSA's statement of material facts

because it included more than the **5** pages of additional facts permitted by Loal Rule 56.1(b). Plaintiffs' counsel advised MBUSA's counsel that, under this Court's earlier order expanding the page limits for summary judgment briefing, Plaintiffs' response was permissible and that MBUSA would have at least 40 pages to reply to Plaintiffs' additional facts. Plaintiffs' counsel also offered to meet and confer with MBUSA's counsel regarding the issue and to submit a joint motion with MBUSA, and requested that MBUSA advise how it "wish[ed] to proceed." *See* Ex. 1 (email exchange). Unfortunately, in clear violation of Local Rule 7.1(a)(3), MBUSA's counsel never responded, and instead rushed to file an expedited motion to strike. (ECF No. 4819.)

8.   MBUSA has repeatedly acknowledged that the default page limitations set forth in Local Rule 56.1(b) are "***unworkable***" for this "complex multidistrict litigation." (ECF No. 4166 at 1–2) (emphasis added). It joined the parties' motion to expand page limits when the first motions for summary judgment were filed (*id.*) and reiterated that the default limits were too restrictive for *its* renewed motion (ECF No. 4819-1 at 3–4).

9.   But when it comes to ***Plaintiffs'*** factual response, MBUSA is suddenly an unwavering champion of the default page limits, fiercely opposed to modifying them. This is the epitome of a double standard. Having filled ***40 pages*** attacking Plaintiffs' claims, most prominently with the argument that there is insufficient evidence that MBUSA knew of the Inflator Defect, MBUSA now maintains, somehow without a hint of irony, that Plaintiffs should be limited to ***5 pages*** to present evidence of the facts that MBUSA denies exist. To describe this indefensible inconsistency as unreasonable would be an understatement.

10.   Nor can MBUSA claim that the playing field is level, since it did not need to exceed the page limit for its statement of facts. MBUSA, naturally, has no interest in detailing the evidence of its inculpatory knowledge, almost all of which it ignored in its briefing. Plaintiffs, on

the other hand, bear the burden of establishing MBUSA's knowledge for certain claims. Thus, imposing a 5-page limit for the statement of facts would only hurt Plaintiffs and provide MBUSA with an unfair advantage.

11. Of course, if MBUSA wishes to concede that it had pre-sale knowledge of the Inflator Defect and that summary judgment is inappropriate on that issue, Plaintiffs would need far less space to present their factual response, perhaps even less than the default 5 pages. But MBUSA cannot decry the lack of evidence for a claim, and then prevent Plaintiffs from presenting such evidence. That is gamesmanship, antithetical to the "strong preference for deciding cases on the merits." *Olufemi v. Exclusive Ass'n Mgmt.*, No. 23-10752, 2024 WL 710547, at *2 (11th Cir. Feb. 21, 2024) (quotations omitted).

12. The 40 pages of additional facts that Plaintiffs timely filed comply with this Court's earlier Order governing page limitations for summary judgment briefing (ECF No. 4206) and match the 40 pages that MBUSA used to advance its legal arguments, consistent with the Court's assurance that both parties would receive "equal everything" with respect to page limits. If, as MBUSA insists, these rulings did not authorize Plaintiffs to exceed the 5-page limit in Local Rule 56.1(b), Plaintiffs hereby request permission to do so.

13. The evidence of MBUSA's knowledge of Takata's defective inflators is extensive, as detailed in Plaintiffs' factual response. Expanding the page limit for additional facts to 40 pages is necessary for Plaintiffs to adequately chronicle this evidence. Perhaps MBUSA recognizes that this evidence creates a disputed issue of fact that should preclude summary judgment, but resorting to unreasonable procedural objections to avoid the evidence is not an appropriate response. After years of hard-fought litigation, this case should be decided on the evidence.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order granting, or clarifying that prior Orders already granted, Plaintiffs leave to exceed the page limits of Local Rule 56.1(b) to file 40 pages of additional facts in response to MBUSA's statement of undisputed material facts, with MBUSA to receive an equivalent page-limit expansion for its reply to Plaintiffs' response.

**CERTIFICATE OF GOOD FAITH CONFERENCE PURSUANT TO LOCAL RULE 7.1**

Pursuant to Local Rule 7.1(a)(3)(A), undersigned counsel certifies that Plaintiffs made a good faith effort to resolve the issues raised in this motion with counsel for MBUSA, as reflected in the email attached as Exhibit 1, but the parties were unable to reach an agreement, as MBUSA's counsel never responded.

Dated: August 7, 2024

Respectfully submitted,

**PODHURST ORSECK, P.A.**
*/s/ Peter Prieto*
Peter Prieto (FBN 501492)
Aaron S. Podhurst (FBN 63606)
Stephen F. Rosenthal (FBN 131458)
Matthew P. Weinshall (FBN 84783)
SunTrust International Center
One S.E. Third Ave., Suite 2300
Miami, Florida 33131
Phone: (305) 358-2800
Fax: (305) 358-2382
Email: pprieto@podhurst.com
apodhurst@podhurst.com
srosenthal@podhurst.com
mweinshall@podhurst.com

*Chair Lead Counsel for Plaintiffs*

| | |
|---|---|
| **COLSON HICKS EIDSON**<br>Lewis S. "Mike" Eidson<br>mike@colson.com<br>Curtis Bradley Miner<br>curt@colson.com<br>255 Alhambra Circle, PH<br>Coral Gables, FL 33134<br>T: 305-476-7400<br><br>*Plaintiffs' Personal Injury Track Lead Counsel* | **SMITH LACIEN LLP**<br>Todd A. Smith<br>tsmith@smithlacien.com<br>70 W Madison St Suite 5770,<br>Chicago, IL 60602<br>(312) 509-8900<br><br>*Plaintiffs' Economic Damages Track Co-Lead Counsel* |
| **BOIES, SCHILLER & FLEXNER LLP**<br>David Boies, Esq.<br>Motty Shulman (Fla Bar. No. 175056)<br>333 Main Street<br>Armonk, NY 10504<br>Tel:    (914) 749-8200<br>Fax:    (914) 749-8300<br>Email: dboies@bsfllp.com<br>         mshulman@bsfllp.com<br><br>Stephen N. Zack (Fla. Bar No. 145215)<br>100 Southeast 2nd Street, Suite 2800<br>Miami, FL 33131<br>Tel:    (305) 539-8400<br>Fax:    (305) 539-1307<br>Email: szack@bsfllp.com<br>         mheise@bsfllp.com<br><br>*Plaintiffs' Economic Damages Track Co-Lead Counsel* | **LIEFF CABRASER HEIMANN & BERNSTEIN LLP**<br>Elizabeth Cabraser<br>ecabraser@lchb.com<br>275 Battery St., Suite 3000<br>San Francisco, CA 94111-3339<br>T:    415-956-1000<br><br>David Stellings<br>250 Hudson Street, 8th Floor<br>New York, NY 10012<br>212-355-9500<br>dstellings@lchb.com<br><br>*Plaintiffs' Steering Committee* |

| **CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO, PC**<br>James E. Cecchi<br>jcecchi@carellabyrne.com<br>5 Becker Farm Road<br>Roseland, NJ 07068-1739<br>T: 973 994-1700<br>f: 973 994-1744<br><br>*Plaintiffs' Steering Committee* | **BARON & BUDD, PC**<br>Roland Tellis<br>rtellis@baronbudd.com<br>David Fernandes<br>dfernandes@bardonbudd.com<br>Mark Pifko<br>mpifko@baronbudd.com<br>15910 Ventura Blvd.,<br>Suite 1600<br>Encino, CA 91436<br>T: 818-839-2333<br><br>J. Burton LeBlanc<br>9015 Bluebonnet Blvd.<br>Baton Rouge, LA 70810<br>T: 225-761-6463<br><br>*Plaintiffs' Steering Committee* |
|---|---|

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on August 7, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

By: */s/ Peter Prieto*

Peter Prieto