UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

MDL No. 2599
Master File No.: 15-MD-02599-MORENO

| IN RE: TAKATA AIRBAG PRODUCT LIABILITY LITIGATION |
|---|

| THIS DOCUMENT RELATES TO: <br><br> ECONOMIC LOSS TRACK CASES AGAINST <u>MERCEDES-BENZ USA, LLC</u> |
|---|

### PLAINTIFFS' RESPONSE IN OPPOSITION TO MBUSA'S "EXPEDITED" MOTION TO STRIKE PLAINTIFFS' STATEMENT OF ADDITIONAL FACTS

MBUSA's "expedited" motion to strike Plaintiffs' statement of additional facts (ECF No. 4819) should be denied for two reasons: first, it was filed in flagrant violation of Local Rule 7.1(a)(3)'s good-faith conferral requirement; and second, as explained in Plaintiffs' motion to expand the page limit (ECF No. 4820), imposing a *5-page* limit on Plaintiffs' statement of additional facts in this complex multidistrict litigation, particularly when MBUSA filled *40 pages* with arguments against Plaintiffs' claims, would apply a double standard to Plaintiffs and provide MBUSA with a grossly unfair advantage at summary judgment.

The email correspondence between MBUSA's counsel and Plaintiffs' counsel, attached hereto as **Exhibit 1**, demonstrates that MBUSA utterly refused to comply with Local Rule 7.1(a)(3)'s requirement to "make [a] reasonable effort to confer . . . with all parties . . . in a good faith effort to resolve by agreement the issues to be raised in the motion." S.D. Fla. L.R. 7.1(a)(3). On August 5, 2024, MBUSA's counsel emailed Plaintiffs' counsel demanding that Plaintiffs agree to withdraw their statement of additional facts by noon on August 6, because, in MBUSA's view, it did not comply with the page limits of Local Rule 56.1. Plaintiffs' counsel responded on August

6, well before the noon "deadline," explaining that Plaintiffs believed that their statement of additional facts complied with this Court's prior Order expanding page limits for summary judgment briefing, and offering to confer with MBUSA, if it did not believe that the prior Order applied. *See* Ex. 1. Plaintiffs' counsel closed the email by requesting that MBUSA respond with "how [it] wish[ed] to proceed" and offered to set up a call to discuss the issue further. *Id.* But MBUSA never responded. Instead, it plowed ahead with an "expedited" motion.

Significantly, MBUSA's motion seeks, as an alternative to striking Plaintiffs' statement of additional facts, an extension of the page limit to 40 pages, as well as a two-week extension of time, for its reply statement of facts. (ECF No. 4819 at 5.) MBUSA never conferred with Plaintiffs regarding either request. *See* Ex. 1. But **Plaintiffs** made clear, in response to MBUSA's email demand, that Plaintiffs would *agree* to the 40-page limit that MBUSA now requests—a fact that MBUSA curiously fails to mention in its motion. *Id.* And if MBUSA had requested a reasonable extension of time to file its reply, Plaintiffs would have agreed to that as well, as Plaintiffs have done throughout this litigation, without exception.

Providing MBUSA with the extensions it has requested, and avoiding this wasteful expedited motion practice, is the reasonable outcome that Rule 7.1(a)(3) is designed to produce. But a reasonable outcome is not what MBUSA prefers. Instead, it demands that this Court immediately strike Plaintiffs' statement of additional facts and impose a 5-page limit on the facts that Plaintiffs can present to oppose summary judgment. As explained in Plaintiffs' motion to expand the page limits (ECF No. 4820), MBUSA's demand is beyond unreasonable.

MBUSA itself has acknowledged that the default page limits are unworkable due to the complexity of this case, and thus requested and received a substantial page-limit expansion for its motion for summary judgment. Having filed a 40-page motion for summary judgment that

2

repeatedly insists there is no evidence of MBUSA's pre-sale knowledge of the Inflator Defect, it defies logic and any semblance of fairness for MBUSA to simultaneously demand that Plaintiffs use no more than 5 pages to present such evidence.

Most of the 40 pages that Plaintiffs filled with additional facts concern MBUSA's pre-sale knowledge of the Inflator Defect. Of course, with its initial motion, MBUSA had no need for additional pages to describe material facts because it denies that it had any pre-sale knowledge of the Inflator Defect whatsoever. So, MBUSA's boast that it "had no difficulty complying" with the default 10-page limit for a movant's statement of material facts is a bit disingenuous, much like someone bragging that he didn't need an umbrella to stay dry during a rainstorm, when he happened to stay inside the whole time. (ECF No. 4819 at 3.) MBUSA's motion for summary judgment should be decided on the merits, based on the complete set of evidence collected in this case, not procedural gamesmanship. *See Burger v. Spark Energy Gas, LLC*, 507 F. Supp. 3d 982, 985 (N.D. Ill. 2020) (considering arguments raised in brief exceeding default page limit because it is "preferable to decide the motion on its merits instead of on technicalities").

Finally, it is necessary to correct an extremely misleading representation in MBUSA's motion regarding Plaintiffs' exhibits. Twice, MBUSA complains that Plaintiffs "failed to file 28 of [the 177] exhibits" underlying Plaintiffs' statement of additional facts, implying that MBUSA is still awaiting access to those exhibits. (ECF No. 4819 at 1, 2.) What MBUSA fails to disclose, however, is that Plaintiffs served the 28 exhibits—which could not be publicly filed because of confidentiality and privilege designations at the time—on MBUSA on August 2, the same day the additional statement of facts was filed. *See* **Exhibit 2** (email serving link to exhibits). So, contrary to the misleading impression that MBUSA's incomplete statement suggested, MBUSA has had complete access to all 177 exhibits since the filing deadline.

3

For the reasons explained in Plaintiffs' motion to expand the page limits (ECF No. 4820), and because MBUA violated Rule 7.1(a)(3), this Court should deny MBUSA's motion to strike Plaintiffs' additional statement of facts.

Dated: August 7, 2024

Respectfully submitted,

**PODHURST ORSECK, P.A.**
*/s/ Peter Prieto*
Peter Prieto (FBN 501492)
Aaron S. Podhurst (FBN 63606)
Stephen F. Rosenthal (FBN 131458)
Matthew P. Weinshall (FBN 84783)
SunTrust International Center
One S.E. Third Ave., Suite 2300
Miami, Florida 33131
Phone: (305) 358-2800
Fax: (305) 358-2382
Email: pprieto@podhurst.com
apodhurst@podhurst.com
srosenthal@podhurst.com
mweinshall@podhurst.com

*Chair Lead Counsel for Plaintiffs*

| | |
|---|---|
| **COLSON HICKS EIDSON**<br>Lewis S. "Mike" Eidson<br>mike@colson.com<br>Curtis Bradley Miner<br>curt@colson.com<br>255 Alhambra Circle, PH<br>Coral Gables, FL 33134<br>T: 305-476-7400<br><br>*Plaintiffs' Personal Injury Track Lead Counsel* | **SMITH LACIEN LLP**<br>Todd A. Smith<br>tsmith@smithlacien.com<br>70 W Madison St Suite 5770,<br>Chicago, IL 60602<br>(312) 509-8900<br><br><br>*Plaintiffs' Economic Damages Track Co-Lead Counsel* |
| **BOIES, SCHILLER & FLEXNER LLP**<br>David Boies, Esq.<br>Motty Shulman (Fla Bar. No. 175056)<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br>Fax: (914) 749-8300<br>Email: dboies@bsfllp.com<br>      mshulman@bsfllp.com<br><br>Stephen N. Zack (Fla. Bar No. 145215)<br>100 Southeast 2nd Street, Suite 2800<br>Miami, FL 33131<br>Tel: (305) 539-8400<br>Fax: (305) 539-1307<br>Email: szack@bsfllp.com<br>      mheise@bsfllp.com<br><br>*Plaintiffs' Economic Damages Track Co-Lead Counsel* | **LIEFF CABRASER HEIMANN & BERNSTEIN LLP**<br>Elizabeth Cabraser<br>ecabraser@lchb.com<br>275 Battery St., Suite 3000<br>San Francisco, CA 94111-3339<br>T: 415-956-1000<br><br>David Stellings<br>250 Hudson Street, 8th Floor<br>New York, NY 10012<br>212-355-9500<br>dstellings@lchb.com<br><br>*Plaintiffs' Steering Committee* |

5

| | |
|---|---|
| **CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO, PC**<br>James E. Cecchi<br>jcecchi@carellabyrne.com<br>5 Becker Farm Road<br>Roseland, NJ 07068-1739<br>T: 973 994-1700<br>f: 973 994-1744<br><br>*Plaintiffs' Steering Committee* | **BARON & BUDD, PC**<br>Roland Tellis<br>rtellis@baronbudd.com<br>David Fernandes<br>dfernandes@bardonbudd.com<br>Mark Pifko<br>mpifko@baronbudd.com<br>15910 Ventura Blvd.,<br>Suite 1600<br>Encino, CA 91436<br>T: 818-839-2333<br><br>J. Burton LeBlanc<br>9015 Bluebonnet Blvd.<br>Baton Rouge, LA 70810<br>T: 225-761-6463<br><br>*Plaintiffs' Steering Committee* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on August 7, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

By: */s/ Peter Prieto*

Peter Prieto