**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE:

TAKATA AIRBAG PRODUCTS
LIABILITY LITIGATION

THIS DOCUMENT RELATES TO
ECONOMIC LOSS TRACK CASES:

| | |
|---|---|
| BRIDGET BOYD, *et al*., individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br>v.<br><br>FCA US LLC,<br><br>     Defendant. | MDL No. 2599<br><br>Master File No.: 1:15-md-2599-FAM<br><br>S.D. Fla. Case No. 1:14-cv-24009-FAM |

**DEFENDANT FCA US LLC'S REPLY STATEMENT OF MATERIAL FACTS
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AGAINST ALL
ECONOMIC LOSS PLAINTIFFS IN GEORGIA AND NORTH CAROLINA AND
UNDER THE LAWS OF COLORADO, UTAH, WEST VIRGINIA, AND WISCONSIN
<u>PURSUANT TO LOCAL RULE 56.1</u>**

Dated August 9, 2024

Scott M. Sarason
Florida Bar No. 0394718
ssarason@rumberger.com
RUMBERGER KIRK & CALDWELL
Brickell City Tower, Suite 3000
80 Southwest 8th Street
Miami, Florida 33130
Tel: (305) 995-5422
Fax: (786) 536-3446

Daniel T. Graham (*pro hac vice*)
dgraham@clarkhill.com
Michael P. Croghan (*pro hac vice*)
mcroghan@clarkhill.com
Jeffrey M. Sniadanko (*pro hac vice*)
jsniadanko@clarkhill.com
Paul C. Do (*pro hac vice*)
pdo@clarkhill.com
CLARK HILL PLC
130 E. Randolph Street, Suite 3900
Chicago, Illinois 60601
Tel: (312) 985-5945
Fax: (312) 985-5954

*Attorneys for FCA US LLC*

Pursuant to Local Rule ("LR") 56.1(a), Defendant FCA US LLC ("FCA") respectfully submits the following Reply Statement of Material Facts in Support of its Motion for Summary Judgment Against all Economic Loss Plaintiffs in Georgia and North Carolina and Under the Laws of Colorado, Utah, West Virginia, and Wisconsin. FCA replies to Plaintiffs' Response to FCA's Statement of Material Facts and responds to Plaintiffs' Statement of Additional Facts in Opposition to FCA US LLC's Motion for Summary Judgment Against All Economic Loss Plaintiffs in Georgia and North Carolina and Under the Laws of Colorado, Utah, West Virginia, and Wisconsin (1:15-md-02599-FAM, Docket Entry ("D.E.") 4806). In the interest of efficiency and brevity, FCA does not repeat but instead incorporates by reference FCA's replies to Plaintiff's Responses to Paragraphs 1 through 70 and 72 and FCA's responses to Paragraphs 330 through 542 of Plaintiffs' Additional Facts, as contained and referenced in FCA's prior Reply Statements of Material Facts (D.E. 4317 and D.E. 4537) as previously filed, along with their exhibits, as incorporated or referenced therein, as if stated fully herein.

For clarity, FCA focuses its replies to the material facts for the three Remaining Plaintiffs whose claims are at issue in FCA's Motion for Summary Judgment: Michelle Gibson and Debra Johnson (Georgia) and Laquintha O'Neal (North Carolina).

**A.   REPLY TO PLAINTIFFS' RESPONSES TO FCA'S STATEMENT OF MATERIAL FACTS.**

Plaintiffs do not dispute, and therefore admit ¶¶ 71, 75, 76, 81, 85, 86, 87, 88, 89, 90, 93, 94, 96, 97, 99, 100, 105, 106, and 107 of FCA's Statement of Material Facts in Support of its Motion for Summary Judgment Against All Economic Loss Plaintiffs in Georgia and North Carolina and Under the Laws of Colorado, Utah, West Virginia, and Wisconsin. D.E. 4798.

73.   Objection, Plaintiffs' Response improperly includes legal argument. The Court should only consider legal arguments raised in briefing, not in a Rule 56.1 Statement. *Segal v. Rickey's Rest. & Lounge, Inc.*, 2012 WL 2393769 at *8 (S.D. Fla. June 25, 2012). Objection, Plaintiffs' Response improperly cites additional facts not limited to the fact asserted. *See* LR 56.1(b)(2)(C) - LR 56.1(b)(2)(D). The additional facts asserted in Plaintiffs' Response are inadmissible. *See* D.E. 4693 (Omnibus Order on Pending Motions *in Limine* at ¶ 11); *see also* D.E. 4394 at pp. 3-5 (FCA's Motion *in Limine* to Exclude Evidence and Argument Related to Personal Injury Claims and Lawsuits Involving FCA and Third Parties). Plaintiffs do not genuinely dispute, and therefore admit, the fact asserted in ¶ 73. *See* FRCP Rule 56(e).

74. Objection, Plaintiffs' Response improperly cites additional facts not limited to the fact asserted. *See* LR 56.1(b)(2)(C) - LR 56.1(b)(2)(D).

77. Objection, Plaintiffs' Response improperly attempts to contradict prior admissions (*See* FRCP Rule 36(b); *Perez*, 297F.3d at 1263–64); includes legal argument (*Segal*, 2012 WL 2393769, at *8); and cites additional facts not limited to the fact asserted. *See* LR 56.1(b)(2)(C) - LR 56.1(b)(2)(D). Plaintiffs' inclusion of legal argument cites no authority to support its additional fact that U.S. Auto Sales is "affiliated" with FCA simply because it sells multiple makes and models including, but not limited to, FCA vehicles.

78. Objection, Plaintiffs' Response improperly attempts to contradict prior admissions (*See* FRCP Rule 36(b); *Perez*, 297 F.3d at 1263–64); includes legal argument (*Segal*, 2012 WL 2393769, at *8); and cites additional facts not limited to the fact asserted. *See* LR 56.1(b)(2)(C) - LR 56.1(b)(2)(D). In her deposition, Gibson was asked if she remembered "a specific TV ad for Dodge that mentioned safety." D.E. 4317 at ¶ 129. She answered, "not a specific one." *Id*. When asked if there were any other representations related to her car that were made, Gibson answered, "no." *Id*. Gibson testified in her deposition that, aside from attempting to understand the process of getting her airbag replaced after the recall had started, FCA did not make any false statements to her. *Id*.

79. Objection, Plaintiffs' Response improperly includes legal argument. *Segal*, 2012 WL 2393769, at *8. Objection, Plaintiffs' Response improperly attempts to contradict sworn deposition testimony. *See* FRCP Rule 36(b); *Perez*, 297 F.3d at 1263–64. Objection, Plaintiffs' Response improperly cites additional facts not limited to the fact asserted. *See* LR 56.1(b)(2)(C) - LR 56.1(b)(2)(D). The testimony cited by Plaintiffs relates to television commercials of which Gibson could not remember a specific one. *See* D.E. 4317 at ¶ 129. Moreover, Gibson testified that some of the commercials she viewed were from U.S. Auto Sales, a dealership not affiliated with FCA. *Id*. at ¶ 567. Gibson further testified that these interactions were with a sales representative "independent" of and unaffiliated with FCA. *See* D.E. 4798 at ¶ 77; *see also* D.E. 4537-1, 11/11/2020 Gibson Dep. Tr. at 117:24-118:1.

80. Objection, Plaintiffs' Response improperly attempts to contradict prior admissions (*See* FRCP Rule 36(b); *Perez*, 297 F.3d at 1263–64); includes legal argument (*Segal*, 2012 WL 2393769, at *8); and cites additional facts not limited to the fact asserted. *See* LR 56.1(b)(2)(C) - LR 56.1(b)(2)(D).

82. Objection, Plaintiffs' Response improperly cites additional facts not limited to the fact asserted. *See* LR 56.1(b)(2)(C)-(D). Objection, Plaintiffs' Response improperly includes legal argument. *Segal*, 2012 WL 2393769, at *8.

83. Objection, Plaintiffs' Response improperly includes legal argument. *Segal*, 2012 WL 2393769, at *8.  The letters sent by Plaintiffs' counsel on December 15, 2017, (D.E. 4338-196, miscited by Plaintiffs as D.E. 4338-190) and on January 30, 2018 (D.E. 4338-195, miscited by Plaintiffs as D.E. 4338-189), speak for themselves, and do not identify Johnson or Gibson, nor their FCA vehicles.

84. Objection, Plaintiffs' Response improperly includes legal argument (*Segal*, 2012 WL 2393769, at *8), and cites additional facts not limited to the fact asserted. *See* LR 56.1(b)(2)(C) - LR 56.1(b)(2)(D).

91. Objection, Plaintiffs' Response improperly cites additional facts not limited to the fact asserted. *See* LR 56.1(b)(2)(C) - LR 56.1(b)(2)(D). The evidence cited by Plaintiffs relates to Johnson's previous purchases of a 2008 Dodge Charger and a 2012 Dodge Charger, neither of which are at issue in this litigation. *See* D.E. 4317 at ¶ 138.

92. Objection, Plaintiffs' Response improperly attempts to contradict prior admissions. (*See* FRCP Rule 36(b); *Perez,* 297 F.3d at 1263–64). Objection, Plaintiffs' Response improperly cites additional facts not limited to the fact asserted. *See* LR 56.1(b)(2)(C) - LR 56.1(b)(2)(D). The evidence cited by Plaintiffs relates to Johnson's previous purchases of a 2008 Dodge Charger and a 2012 Dodge Charger, neither of which are at issue in this litigation. *See* D.E. 4317 at ¶ 138.

95. Objection, Plaintiffs' Response improperly includes legal argument. *Segal*, 2012 WL 2393769, at *8.  The letters sent by Plaintiffs' counsel on December 15, 2017, (D.E. 4338-196, miscited by Plaintiffs as ECF No. 4338-190) and on January 30, 2018 (D.E. 4338-195, miscited by Plaintiffs as D.E. 4338-189), speak for themselves, and do not identify Johnson or Gibson, nor their FCA vehicles.

98. Objection, Plaintiffs' Response improperly cites additional facts not limited to the fact asserted. *See* LR 56.1(b)(2)(C) - LR 56.1(b)(2)(D).

101. Objection, Plaintiffs' Response improperly attempts to contradict prior admissions (*See* FRCP Rule 36(b); *Perez,* 297 F.3d at 1263–64) and cites additional facts not limited to the fact asserted. *See* LR 56.1(b)(2)(C) - LR 56.1(b)(2)(D).

102. Objection, Plaintiffs' Response improperly attempts to contradict prior admissions. *See* FRCP Rule 36(b); *Perez,* 297 F.3d at 1263–64. Objection, additional facts not limited to fact asserted. LR 56.1(b)(2)(C)-(D). The purported additional facts asserted by Plaintiffs are misleading. O'Neal purchased her vehicle used from CarMax Auto Superstores, Inc., a dealership that is not affiliated with FCA. See D.E. 4317, ¶ 593. The window sticker that was provided to O'Neal does not reference FCA. *Id*. The window sticker refers to "CarMax No Haggle Price" and "CarMax processing fee." *Id*. The window sticker mentions overhead and side airbags but does not mention frontal or passenger airbags. *Id*.

103. Objection, Plaintiffs' Response improperly cites additional facts not limited to the fact asserted. *See* LR 56.1(b)(2)(C) - LR 56.1(b)(2)(D). Plaintiffs do not genuinely dispute, and therefore admit, the fact asserted in ¶ 103. *See* FRCP Rule 56(e).

104. Objection, Plaintiffs' Response improperly attempts to contradict prior admissions. *See* FRCP Rule 36(b); *Perez,* 297 F.3d at 1263–64. Objection, Plaintiffs' Response improperly cites additional facts not limited to the fact asserted. *See* LR 56.1(b)(2)(C) - LR 56.1(b)(2)(D). Plaintiffs do not genuinely dispute, and therefore admit, the fact asserted in ¶ 104. *See* FRCP Rule 56(e).

**B. RESPONSE TO PLAINTIFFS' STATEMENT OF ADDITIONAL FACTS IN OPPOSITION TO FCA'S MOTION FOR SUMMARY JUDGMENT.**

**I. Plaintiffs**

108. Undisputed. Gibson, Johnson, and O'Neal's testimony is cited correctly. Objection, relevance. The fact asserted is not of consequence to the determination of the action. *See* Federal Rules of Evidence ("FRE"), Rules 401(b); 402.

**Ms. Gibson**

109. Disputed. Objection, relevance. The fact asserted is not of consequence to the determination of the action. (*See* FRE Rules 401(b); 402). The testimony cited by Plaintiffs relates to Gibson's purchase of a 2018 Dodge Journey, which is not the vehicle subject to this litigation. *See* D.E. 4317 at ¶ 564.

110. Undisputed, Gibson's testimony is cited correctly. Objection, relevance. The fact asserted is not of consequence to the determination of the action. *See* FRE Rules 401(b); 402.

111. Undisputed, Gibson's testimony is cited correctly. Objection, relevance. The fact asserted is not of consequence to the determination of the action. *See* FRE Rules 401(b); 402.

112. Disputed, in part. The citations to Gibson's deposition testimony are misleading. Gibson testified that some of the commercials she viewed were from U.S. Auto, a dealership not affiliated with FCA. *See* D.E. 4317, ¶ 567. Objection, relevance. The fact asserted is not of consequence to the determination of the action. *See* FRE Rules 401(b); 402.

113. Disputed, in part. Objection, attempt to contradict prior admissions. FRCP Rule 36(b); *Perez*, 297 F.3d at 1263–64. Objection, inclusion of legal argument. *Segal,* 2012 WL 2393769, at *8. Objection, relevance. The fact asserted is not of consequence to the determination of the action. *See* FRE Rules 401(b); 402.

114. Undisputed, Gibson's testimony is cited correctly. Objection, relevance. The fact asserted is not of consequence to the determination of the action. *See* FRE Rules 401(b); 402.

### Ms. Johnson

115. Disputed. The citations to Johnson's deposition testimony are misleading. Johnson testified that reliability, safety, and price were equal factors in her decision. *See* D.E. 4317, ¶ 570. Objection, attempt to contradict prior admissions (FRCP Rule 36(b); *Perez*, 297 F.3d at 1263– 64); and the fact asserted is not of consequence to the determination of the action. *See* FRE Rules 401(b); 402.

116. Disputed, in part. Objection, attempt to contradict prior admissions. FRCP Rule 36(b); *Perez*, 297 F.3d at 1263–64. Objection, inclusion of legal argument. *Segal,* 2012 WL 2393769, at *8. Objection, relevance. The fact asserted is not of consequence to the determination of the action. *See* FRE Rules 401(b); 402.

### Ms. O'Neal

117. Undisputed, O'Neal's testimony is cited correctly. Objection, relevance. The fact asserted is not of consequence to the determination of the action. *See* FRE Rules 401(b); 402.

118. Undisputed, O'Neal's testimony is cited correctly. Objection, relevance. The fact asserted is not of consequence to the determination of the action. *See* FRE Rules 401(b); 402.

119. Undisputed, O'Neal's testimony is cited correctly. Objection, relevance. The fact asserted is not of consequence to the determination of the action. *See* FRE Rules 401(b); 402.

120. Disputed. The citations to O'Neal's deposition testimony are misleading. O'Neal's cited testimony relates to her purchase of a Chrysler 300, which is not the vehicle subject to this litigation. Objection, relevance. The fact asserted is not of consequence to the determination of the action. *See* FRE Rules 401(b); 402.

121.    Disputed.  The citations to O'Neal's deposition testimony are misleading. O'Neal's cited testimony relates to her purchase of a Chrysler 300 which is not the vehicle at issue in this litigation. Objection, relevance. The fact asserted is not of consequence to the determination of the action. *See* FRE Rules 401(b); 402.

122.    Undisputed, O'Neal's testimony is cited correctly. Objection, relevance. The fact asserted is not of consequence to the determination of the action. *See* FRE Rules 401(b); 402.

123.    Disputed, in part. The citations to O'Neal's deposition testimony are misleading. O'Neal's cited testimony evidences that the CarMax salesperson told her about the rearview camera and anti-lock brakes. Objection, attempt to contradict prior admissions. *See* FRCP Rule 36(b); *Perez*, 297 F.3d at 1263–64. O'Neal never discussed the safety features of the 2012 Dodge Charger with the sales representative at CarMax Auto Superstores, Inc. who assisted with her with the purchase. D.E. 4188 at ¶ 279; D.E. 4798 at ¶ 102. Objection, relevance. The fact asserted is not of consequence to the determination of the action. *See* FRE Rules 401(b); 402.

124.    Disputed, in part. The citations to O'Neal's deposition testimony are misleading. O'Neal was asked later in her deposition, "So is there a price you would have paid for the Dodge Charger, knowing it had the inflator defect?" O'Neal answered, "No." D.E. 4537-2, 09/03/2020 O'Neal Dep. Tr. 171:3-6.

**II. Additional Facts**

125.    Undisputed. FCA's November 3, 2022 "Do Not Drive Order" speaks for itself. Objection, relevance. The fact asserted is not of consequence to the determination of the action because all of the Plaintiffs testified that they received notice of the free airbag replacement pursuant to the NHTSA recall. *See* FRE Rules 401(b); 402; D.E. 4188 at ¶¶ 130, 142, 281. FCA's November 3, 2022 "Do Not Drive Order" does not affect vehicles, like Johnson or O'Neal's, that have had their vehicles' front driver and/or passenger side airbags replaced. D.E. 4798 at ¶¶ 94, 104; D.E. 4188 at ¶¶ 142, 281. FCA's November 3, 2022 "Do Not Drive Order" does not affect Gibson's vehicle because Gibson's vehicle was totaled on April 24, 2018, and she no longer owns the vehicle. D.E. 4798 at ¶ 87. Objection, the fact asserted lacks probative value and any probative value is substantially outweighed by the danger of unfair prejudice to FCA. *See* FRE Rule 403. Objection, the affidavit of Plaintiffs' attorney used to support the fact asserted is not made on personal knowledge, does not set out facts that would be admissible in evidence, and does not show that the affiant or declarant is competent to testify on the matters stated. *See* FRCP Rule

6

56(c)(4); *Inter–Ocean (Free Zone), Inc. v. Manuare Lines, Inc.*, 615 F. Supp. 710, 716 (S.D. Fla. Apr. 18, 1985) (stating "unless an attorney has first-hand knowledge...not even his affidavit, can have probative force in a motion for summary judgment.").

    126.    Undisputed. Objection, relevance. The fact asserted is not of consequence to the determination of the action. *See* FRE Rules 401(b); 402. The additional facts asserted in Plaintiffs' Response are inadmissible. *See* D.E. 4693 (Omnibus Order on Pending Motions *in Limine* at ¶ 11); *see also* D.E. 4394 at pp. 3-5 (FCA's Motion *in Limine* to Exclude Evidence and Argument Related to Personal Injury Claims and Lawsuits Involving FCA and Third Parties). Objection, the fact asserted lacks probative value and any probative value is substantially outweighed by the danger of unfair prejudice to FCA. *See* D.E. 4693 (Omnibus Order on Pending Motions *in Limine* at ¶ 11); *see also* D.E. 4394 at pp. 3-5 (FCA's Motion *in Limine* to Exclude Evidence and Argument Related to Personal Injury Claims and Lawsuits Involving FCA and Third Parties); FRE Rule 403. Objection, hearsay. The fact asserted is an out-of-court statement offered for the truth of the matter asserted for which no exception applies. *See* FRE Rule 802. The fact asserted is inadmissible hearsay for the reasons stated in FCA's Motion *in Limine* to Exclude Internet Websites and Articles as Irrelevant and Hearsay. *See* D.E. 4693 (Omnibus Order on Pending Motions *in Limine* at ¶ 6); *see also* D.E. 4388 at pp. 2-4 (FCA's Motion *in Limine* to Exclude Internet Websites and Articles as Irrelevant and Hearsay). Objection, the affidavit of Plaintiffs' attorney used to support the fact asserted is not made on personal knowledge, does not set out facts that would be admissible in evidence, and does not show that the affiant or declarant is competent to testify on the matters stated. *See* FRCP Rule 56(c)(4); *Inter–Ocean*, 615 F. Supp. at 716.

    127.    Undisputed. The "11/03/2022 NHTSA Do Not Drive Release" speaks for itself. Objection, relevance. The fact asserted is not of consequence to the determination of the action. *See* FRE Rules 401(b); 402. *See* D.E. 4693 (Omnibus Order on Pending Motions *in Limine* at ¶ 11); *see also* D.E. 4394 at pp. 3-5 (FCA's Motion *in Limine* to Exclude Evidence and Argument Related to Personal Injury Claims and Lawsuits Involving FCA and Third Parties). Objection, the fact asserted lacks probative value and any probative value is substantially outweighed by the danger of unfair prejudice to FCA. *See* D.E. 4693 (Omnibus Order on Pending Motions *in Limine* at ¶ 11); *see also* D.E. 4394 at pp. 3-5 (FCA's Motion *in Limine* to Exclude Evidence and Argument Related to Personal Injury Claims and Lawsuits Involving FCA and Third Parties); FRE Rule 403. Objection, the affidavit of Plaintiffs' attorney used to support the fact asserted is not made on personal

knowledge, does not set out facts that would be admissible in evidence, and does not show that the affiant or declarant is competent to testify on the matters stated. *See* FRCP Rule 56(c)(4); *Inter–Ocean*, 615 F. Supp. at 716.

   128. Undisputed. The "11/03/2022 NHTSA Do Not Drive Release" speaks for itself. Objection, relevance. The fact asserted is not of consequence to the determination of the action. *See* FRE Rules 401(b); 402. The fact asserted is inadmissible. *See* D.E. 4693 (Omnibus Order on Pending Motions *in Limine* at ¶ 11); *see also* D.E. 4394 at pp. 3-5 (FCA's Motion *in Limine* to Exclude Evidence and Argument Related to Personal Injury Claims and Lawsuits Involving FCA and Third Parties). Objection, the fact asserted lacks probative value and any probative value is substantially outweighed by the danger of unfair prejudice to FCA. *See* D.E. 4693 (Omnibus Order on Pending Motions *in Limine* at ¶ 11); *see also* D.E. 4394 at pp. 3-5 (FCA's Motion *in Limine* to Exclude Evidence and Argument Related to Personal Injury Claims and Lawsuits Involving FCA and Third Parties); FRE Rule 403. Objection, the affidavit of Plaintiffs' attorney used to support the fact asserted is not made on personal knowledge, does not set out facts that would be admissible in evidence, and does not show that the affiant or declarant is competent to testify on the matters stated. *See* FRCP Rule 56(c)(4); *Inter–Ocean*, 615 F. Supp. at 716.

   129. Disputed. The fact asserted is not supported by admissible evidence. (FRCP Rule 56(c)(2)). The fact asserted is not supported by a specific, pinpoint reference to a particular part of the record. *See* LR 56.1(b)(1)(B) and LR 56.1(b)(2)(A). Objection, relevance. The fact asserted is not of consequence to the determination of the action. *See* FRE Rules 401(b); 402. The fact asserted is inadmissible. *See* D.E. 4693 (Omnibus Order on Pending Motions *in Limine* at ¶ 11); *see also* D.E. 4394 at pp. 3-5 (FCA's Motion *in Limine* to Exclude Evidence and Argument Related to Personal Injury Claims and Lawsuits Involving FCA and Third Parties). Objection, the fact asserted lacks probative value and any probative value is substantially outweighed by the danger of unfair prejudice to FCA. *See* D.E. 4693 (Omnibus Order on Pending Motions *in Limine* at ¶ 11); *see also* D.E. 4394 at pp. 3-5 (FCA's Motion *in Limine* to Exclude Evidence and Argument Related to Personal Injury Claims and Lawsuits Involving FCA and Third Parties); FRE Rule 403. Objection, the affidavit of Plaintiffs' attorney used to support the fact asserted is not made on personal knowledge, does not set out facts that would be admissible in evidence, and does not show that the affiant or declarant is competent to testify on the matters stated. *See* FRCP Rule 56(c)(4); *Inter–Ocean*, 615 F. Supp. at 716.

130. Undisputed. FCA's December 19, 2022 "Stop Drive Release" speaks for itself. Objection, relevance. The fact asserted is not of consequence to the determination of the action because all of the Plaintiffs testified that they received notice of the free airbag replacement under the NHTSA recall. *See* FRE Rules 401(b); 402; D.E. 4188 at ¶¶ 130, 142, 281. FCA's December 19, 2022 "Stop Drive Release" does not affect vehicles, like Johnson or O'Neal's, that have had their vehicles' front driver and/or passenger side airbags replaced. D.E. 4798 at ¶¶ 94, 104; D.E. 4188 at ¶¶ 142, 281. FCA's December 19, 2022 "Stop Drive Release" does not affect Gibson's vehicle because Gibson's vehicle was totaled on April 24, 2018, and she no longer owns the vehicle. D.E. 4798 at ¶ 87. Objection, the fact asserted lacks probative value and any probative value is substantially outweighed by the danger of unfair prejudice to FCA. *See* FRE Rule 403. Objection, the affidavit of Plaintiffs' attorney used to support the fact asserted is not made on personal knowledge, does not set out facts that would be admissible in evidence, and does not show that the affiant or declarant is competent to testify on the matters stated. *See* FRCP Rule 56(c)(4); *Inter–Ocean*, 615 F. Supp. at 716.

131. Undisputed. The "FCA Stop Drive Order" speaks for itself. Objection, relevance. The fact asserted is not of consequence to the determination of the action. *See* FRE Rules 401(b); 402. The fact asserted is inadmissible. *See* D.E. 4693 (Omnibus Order on Pending Motions *in Limine* at ¶ 11); *see also* D.E. 4394 at pp. 3-5 (FCA's Motion *in Limine* to Exclude Evidence and Argument Related to Personal Injury Claims and Lawsuits Involving FCA and Third Parties). Objection, the fact asserted lacks probative value and any probative value is substantially outweighed by the danger of unfair prejudice to FCA. *See* D.E. 4693 (Omnibus Order on Pending Motions *in Limine* at ¶ 11); *see also* D.E. 4394 at pp. 3-5 (FCA's Motion *in Limine* to Exclude Evidence and Argument Related to Personal Injury Claims and Lawsuits Involving FCA and Third Parties); FRE Rule 403. Objection, the affidavit of Plaintiffs' attorney used to support the fact asserted is not made on personal knowledge, does not set out facts that would be admissible in evidence, and does not show that the affiant or declarant is competent to testify on the matters stated. *See* FRCP Rule 56(c)(4); *Inter–Ocean*, 615 F. Supp. at 716.

132. Undisputed. The "12/19/2022 NHTSA Do Not Drive Release" speaks for itself. Objection, relevance. The fact asserted is not of consequence to the determination of the action. *See* FRE Rules 401(b); 402. The fact asserted is inadmissible. *See* D.E. 4693 (Omnibus Order on Pending Motions *in Limine* at ¶ 11); *see also* D.E. 4394 at pp. 3-5 (FCA's Motion *in Limine* to Exclude Evidence and Argument Related to Personal Injury Claims and Lawsuits Involving FCA and Third Parties). Objection, the fact asserted lacks probative value and any probative value is substantially outweighed by the danger of unfair prejudice to FCA. *See* D.E. 4693 (Omnibus Order on Pending Motions *in Limine* at ¶ 11); *see also* D.E. 4394 at pp. 3-5 (FCA's Motion *in Limine* to Exclude Evidence and Argument Related to Personal Injury Claims and Lawsuits Involving FCA and Third Parties); FRE Rule 403. Objection, the affidavit of Plaintiffs' attorney used to support the fact asserted is not made on personal knowledge, does not set out facts that would be admissible in evidence, and does not show that the affiant or declarant is competent to testify on the matters stated. *See* FRCP Rule 56(c)(4); *Inter–Ocean*, 615 F. Supp. at 716.

133. Undisputed. The "12/19/2022 NHTSA Do Not Drive Release" speaks for itself. Objection, relevance. The fact asserted is not of consequence to the determination of the action. *See* FRE Rules 401(b); 402. The fact asserted is inadmissible. *See* D.E. 4693 (Omnibus Order on Pending Motions *in Limine* at ¶ 11); *see also* D.E. 4394 at pp. 3-5 (FCA's Motion *in Limine* to Exclude Evidence and Argument Related to Personal Injury Claims and Lawsuits Involving FCA and Third Parties). Objection, the fact asserted lacks probative value and any probative value is substantially outweighed by the danger of unfair prejudice to FCA. *See* D.E. 4693 (Omnibus Order on Pending Motions *in Limine* at ¶ 11); *see also* D.E. 4394 at pp. 3-5 (FCA's Motion *in Limine* to Exclude Evidence and Argument Related to Personal Injury Claims and Lawsuits Involving FCA and Third Parties); FRE Rule 403. Objection, the affidavit of Plaintiffs' attorney used to support the fact asserted is not made on personal knowledge, does not set out facts that would be admissible in evidence, and does not show that the affiant or declarant is competent to testify on the matters stated. *See* FRCP Rule 56(c)(4); *Inter–Ocean*, 615 F. Supp. at 716.

Dated:  August 9, 2024                                Respectfully submitted,

By: */s/ Scott M. Sarason*

Scott M. Sarason
Florida Bar No. 0394718
ssarason@rumberger.com
RUMBERGER KIRK & CALDWELL
Brickell City Tower, Suite 3000
80 Southwest 8th Street
Miami, Florida 33130
Tel: (305) 995-5422
Fax: (786) 536-3446

By: */s/ Daniel T. Graham*

Daniel T. Graham (*pro hac vice*)
dgraham@clarkhill.com
Michael P. Croghan (*pro hac vice*)
mcroghan@clarkhill.com
Jeffrey M. Sniadanko (*pro hac vice*)
jsniadanko@clarkhill.com
Paul C. Do *(pro hac vice)*
pdo@clarkhill.com
CLARK HILL PLC
130 E. Randolph Street, Suite 3900
Chicago, Illinois 60601
Tel: (312) 985-5945 (Graham)
Fax: (312) 985-5954 (Graham)

*Attorneys for FCA US LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 9, 2024, a true and correct copy of the foregoing was filed via CM/ECF and served on all counsel of record via electronic notices generated by CM/ECF on August 9, 2024.

      By: */s/ Scott M. Sarason*