UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| IN RE:<br><br>**TAKATA AIRBAG PRODUCTS LIABILITY LITIGATION**<br><br>This Document Relates to *Whitaker et al. v. General Motors Co. et al.* | MDL No. 2599<br><br>Master File No. 15-MD-2599-MORENO<br><br>S.D. Fla. Case No. 1:14-CV-24009-FAM (Economic Loss Track) |

**DEFENDANT GENERAL MOTORS LLC'S REPLY STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Dated: August 9, 2024

Renee D. Smith (pro hac vice)
Sam Ikard (pro hac vice)
Nadia Abramson (FL Bar No. 121763)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email: renee.smith@kirkland.com
sam.ikard@kirkland.com
nadia.abramson@kirkland.com

R. Allan Pixton (pro hac vice)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 North Wacker Dr., Suite 2700
Chicago, IL  60606
Telephone:  (312) 705-7400
Facsimile:  (312) 705-7401
Email: allanpixton@quinnemanuel.com

Laurie M. Riley, Esq. (FL Bar No. 657751)
Jones Walker LLP
201 South Biscayne Boulevard, Suite 3000
Miami, FL 33131
Telephone: (305) 679-5728
Facsimile: (305) 679-5710
Email: lriley@joneswalker.com

*Attorneys for Defendant General Motors Company, General Motors Holdings LLC, and General Motors LLC*

Pursuant to Local Rule 56.1(a)(3), Defendant General Motors LLC ("GM" or "New GM") respectfully submits the following responses to plaintiffs' Statement of Additional Facts in Opposition to GM's Motion for Summary Judgment (ECF No. 4807), without admitting that any of Plaintiffs' statements are material, because each of plaintiffs' so-called material facts is irrelevant and immaterial. Fed. R. Evid. 401, 402. To the extent GM does not dispute a particular statement, it is only for purposes of this motion.

Consistent with prior filings, for the sake of efficiency, GM incorporates by reference its prior responses to Paragraphs 291-311, 312-408, 436-61, 483-505, 536-549, 592-600, 722-33, 736, 738, and 739-741 of plaintiffs' Statement of Additional Statement of Facts in Opposition to GM's Motion for Summary Judgment (D.E. 4250) as set forth in GM's Reply Statement of Material Facts in Support of Its Motion for Summary Judgment (D.E. 4303). GM further incorporates by reference its prior responses to Paragraphs 60-70 of plaintiffs' Responses to GM's Motion for Summary Judgment (D.E. 4515), as set forth in GM's Reply Statement of Materials Facts in Support of Its Subsequent Motion for Summary Judgment (ECF No. 4534).

Notwithstanding its specific disputes and objections below, GM objects to Paragraphs 74-79 of plaintiffs' Statement of Additional Facts because they are not cited or discussed anywhere in plaintiffs' opposition brief and are therefore facially irrelevant and immaterial to their arguments. *See generally* D.E. 4818-2, Pls. Corrected Opp. to GM Mot. for Summ. J.; S.D. Fla. Local R. Civ. P. 56.1(a)(3) (requiring opponent to "assert additional material facts that the opponent contends serve to defeat the motion for summary judgment"); Fed. R. Evid. 401, 402.

GM responds to plaintiffs' additional statement of facts as follows:

72. Disputed. GM objects to the testimony of Ramand Giddings, Clyde Holmes, Gene Paleno, and Jay Riojas in Paragraph 72 as irrelevant and immaterial to GM's Motion for Summary Judgment, because the Court already granted summary judgment in GM's favor on all of their claims. *See* D.E. 4346, 4485; Fed. R. Evid. 401, 402; Fed. R. Civ. P. 56(c). Disputed as to plaintiff Mary Rivers for whom no evidence or testimony is provided. Undisputed that Lodge, Sibley, and Tommy Rivers testified that they would not have purchased their vehicles if they had known of the alleged defect.

73. Disputed. The "relevant Takata inflators" to Plaintiffs' claims are the SPI YP and PSPI-L YD variants for which there are no reported ruptures in the United States nor any injuries or fatalities. SUF ¶ 16 (citing Ex. 11, J. Baglini Dep. Tr. at 151:3-9 ("Q. You are not aware of a

single instance of an injury or a fatality associated with the rupture of a GMT-900 inflator in the field, correct? A. No, not yet. Q. Sitting here today, you are not aware of a single rupture, correct?" A. Not yet. Sitting here today, not yet.")). Object to this statement as misleading and unfairly prejudicial under Fed. R. Evid. 403.

74. Disputed. GM objects that the statement and evidence in Paragraph 74 is immaterial, irrelevant, misleading, and unduly prejudicial. *See* Fed. R. Evid. 401-403. Paragraph 74 concerns a reported rupture of a Takata-manufactured driver-side airbag inflator utilizing <u>desiccated</u> phase-stabilized ammonium nitrate (PSAN) propellant in a model year <u>2013 Chevrolet Camaro</u> that occurred in Brazil in May 2022. *See* Pls. Ex. 15 at 3. Plaintiffs' claims in this case concern the SPI YP and PSPI-L YD passenger airbag inflators that were manufactured with Takata's <u>non</u>-desiccated PSAN propellant and installed exclusively in model year <u>2007-2014 GMT900 trucks and SUVs</u>. *See* SUF ¶ 11-14. Plaintiffs and their experts have not identified a single rupture of an inflator in a GMT900 vehicle that has occurred in the field. *Id.* ¶ 16. Plaintiffs' claims and allegations in this case do not concern Takata's driver-side airbag inflators, the 2013 Camaro, or whether any Takata inflator using desiccated PSAN propellant is defective. The 2013 Camaro is not the subject of any claim in this case, is not a GMT900 vehicle, and is not even mentioned a single time in plaintiffs' 585-paragraph complaint. *See generally* D.E. 4025, 3d Am. Cons. Compl.; SUF ¶ 11 (identifying GMT900 vehicles). Plaintiffs conceded their experts will not offer any opinions about Takata's desiccated inflators in this case over two years ago. *See* D.E. 4242, Pls. *Daubert* Opp. at 6 n.2. GM further disputes Paragraph 74 to the extent plaintiffs imply that the rupture in the 2013 Camaro in Brazil was the result of propellant degradation as the post-deployment condition of the inflator and other initial findings indicated the rupture was likely related to a manufacturing defect in the inflator, and plaintiffs cite no evidence to the contrary. Pls. Ex. 15 at 3; Fed. R. Civ. P. 56.

75. Disputed. GM incorporates by reference its response and objections to Paragraph 74 above as if fully stated herein. GM disputes Plaintiffs' statement that its 573 letter to NHTSA for Recall No. 23-V-516 makes a "claim" that "is similar to the claims originally made by Takata and other OEMs regarding the inflator ruptures in Takata non-desiccated inflator ruptures" as immaterial, unsupported by the evidence, irrelevant, argumentative, misleading, inflammatory, and unduly prejudicial. Fed. R. Evid. 401-403; Fed. R. Civ. P. 56. GM further disputes Paragraph 75 because NHTSA's statement was based on information available to it as of October 2015 and

2

was not aware of Takata's criminal actions to mislead OEMs, such as Honda. *See* Pls. Ex. 16 at 1; *see* SUF ¶¶ 44-45. As part of its January 2017 guilty plea, Takata admitted that "around 2008, once certain airbag systems containing faulty, inferior, non-performing, non-conforming, or dangerous PSAN inflators began experiencing ruptures in the field, [certain Takata executives], along with others, continued to withhold true and accurate PSAN inflator information and data from several inflator tests from the OEMs." Ex. 37, Takata Guilty Plea at Attachment B ¶ 31; *see also* SUF ¶44-45.

76. Disputed. GM incorporates by reference its response and objections to Paragraph 74 above as if fully stated herein. GM objects to the statement that GM has "failed to provide NHTSA and the public any update on the investigation" as irrelevant, argumentative, misleading, inflammatory, and unduly prejudicial, unsupported by the cited evidence, and contradicted by other cited evidence. Fed. R. Evid. 401-403; Fed. R. Civ. P. 56; *see* Pls. Ex. 20 at 4 ("NHTSA said the agency doesn't have any data suggesting that other desiccated Takata inflators might rupture. 'GM's analysis is still ongoing and we are in communication with them regarding their findings,' the statement said.").

77. Disputed. GM incorporates by reference its response and objections to Paragraph 74 above as if fully stated herein. As with the 2013 Camaro, GM objects that the 2013 Buick Verano, 2013 Chevrolet Sonic, and 2013 Chevrolet Verano are irrelevant as they are not the subject of any claim in this case, not GMT900 vehicles, and not mentioned once in plaintiffs' complaint. *See generally* D.E. 4025, 3d Am. Cons. Compl.; SUF ¶ 11. GM does not dispute that on July 20, 2023, GM notified NHTSA of its decision to issue a recall (Recall No. 23V-516) for a total of 767 model year 2013 Buick Verano, Chevrolet Camaro, Chevrolet Sonic, and Chevrolet Volt vehicles where manufacturing records and part trace data were used to identify vehicle that may have received a driver airbag inflator from the suspect production lot, and that vehicles that were not built with an airbag inflator from the suspect lot were not part of the recall. Pls. Ex. 15 at 1-3. GM does not dispute that the affected vehicles for Recall No. 23V-516 were manufactured with a Takata driver-side airbag inflator using desiccated PSAN propellant, and thus are not equipped with either of the passenger airbag inflators at issue in this case. *Id.*; SUF ¶¶ 11-14.

78. Disputed. GM incorporates by reference its response and objections to Paragraph 74 above as if fully stated herein. GM disputes this paragraph to the extent plaintiffs imply the description of the risk of an airbag rupture in any recall letter related to the GMT900 vehicles (*e.g.*,

3

Pls. Ex. 19) constitutes an admission of the existence of a defect or is used to establish the existence of a defect. *See* SUF ¶¶ 15-23; Fed. R. Evid. 407; *Heard v. FCA US, LLC*, 2020 WL 1285743, at *3 (N.D. Ala. Mar. 16, 2020).

79. Disputed. GM incorporates by reference its response and objections to Paragraph 74 above as if fully stated herein. GM does not dispute that one person was injured in 2013 Camaro in Brazil but otherwise disputes that it has "refused to publicly provide any details regarding the purported manufacturing defect" as irrelevant, argumentative, misleading, inflammatory, unduly prejudicial, and unsupported by the evidence. *See* Fed. R. Evid. 401-403; Fed. R. Civ. P. 56.

Dated: August 9, 2024

Respectfully submitted,

By: /s/ *Nadia Abramson*
Renee D. Smith (*pro hac vice*)
Sam Ikard (*pro hac vice*)
Nadia Abramson (FL Bar No. 121763)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: renee.smith@kirkland.com
          sam.ikard@kirkland.com
          Nadia.abramson@kirkland.com

-and-

R. Allan Pixton (pro hac vice)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 North Wacker Dr., Suite 2700
Chicago, IL  60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
Email: allanpixton@quinnemanuel.com

-and-

By: /s/ *Laurie M. Riley*
Laurie M. Riley, Esq. (FL Bar No. 657751)
Jones Walker LLP
201 South Biscayne Boulevard, Suite 3000
Miami, FL 33131
Telephone: (305) 679-5728
Facsimile: (305) 679-5710
Email: lriley@joneswalker.com

*Attorneys for Defendants General Motors Company, General Motors Holding LLC, and General Motors LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2024, I electronically filed the foregoing document using the CM/ECF system, which will serve notification of such filing to the email of all counsel of record in this action.

By: */s/ Nadia Abramson*