UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| **IN RE: TAKATA AIRBAG PRODUCT LIABILITY LITIGATION** | MDL No. 2599 |
| This Document Relates to All Economic Loss Class Actions and: | Master File No. 15-MD-2599-FAM |
| | S.D. Fla. Case No. 1:14-cv-24009-FAM |
| STEPHANIE PUHALLA, et al., individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| MERCEDES-BENZ USA, LLC, | |
| Defendant. | |

**DEFENDANT MERCEDES-BENZ USA, LLC'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Raoul G. Cantero
Jaime A. Bianchi
Sheldon A. Philp
WHITE & CASE LLP
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

Troy M. Yoshino
Eric J. Knapp
WINSTON & STRAWN LLP
101 California Street, Suite 3500
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Attorneys for Defendant*
*Mercedes-Benz USA, LLC*

## <u>TABLE OF CONTENTS</u>

**Page**

Table of Contents ........................................................................................................ i

Table of Authorities .................................................................................................. iii

I.    Plaintiffs' Response fails to establish pre-sale knowledge. ................................ 1

   A.   There is no genuine dispute MBUSA had no pre-sale knowledge. ................................. 1

   B.   MBUSA is not liable for other entities' knowledge. ........................................................ 2

   C.   MBUSA's lack of knowledge does not establish scienter. .............................................. 2

II.   Plaintiffs cannot rescind their past concession of non-benefit-of-the-bargain damages. ... 3

III.  Plaintiffs' Response fails to establish a justiciable case or controversy, requiring dismissal for lack of Article III jurisdiction. ................................................................. 3

IV.   Radican's personal and *Zantac* claims still fail. ............................................... 4

   A.   Radican lacks standing to pursue any claim because she is deceased. ........................... 4

   B.   Radican cannot maintain her Rhode Island claims. ........................................................ 5

      1.   All Radican's claims fail because she lacks cognizable damages. ............................. 5

      2.   Radican's individual fraudulent concealment claim fails. ......................................... 6

      3.   Radican's Rhode Island UDTPA claim fails because it is untimely. ......................... 6

   C.   Radican's personal and *Zantac* claims still fail .............................................................. 7

      1.   This Motion should be decided now, as contemplated by this Court. ........................ 7

      2.   Connecticut UTPA: Radican has no statutory standing or cognizable damages and plaintiffs concede her claim is time-barred. ............................................................. 8

      3.   Hawaii UTPA: Radican has no cognizable damages and plaintiffs concede her claim is time-barred. ............................................................................................. 8

      4.   Maine UTPA: Radican has no cognizable damages, has no proof of substantial injury or reliance, and concedes her claim is time-barred ....................................... 9

      5.   Nebraska CPA: Radican has no cognizable damages and alleges exempt conduct, and plaintiffs concede her claim is time-barred. ...................................................... 9

      6.   Oklahoma CPA: Radican's damages argument has been rejected by this Court and fails for the additional reasons that a defect never manifested in her vehicle and her claim is exempt under the Oklahoma statute. ............................................................. 10

      7.   Vermont CFA: Radican has no cognizable damages and fails to create a genuine dispute of material fact regarding her lack of reliance. .............................................. 11

      8.   West Virginia CCPA: Radican gets West Virginia damages law wrong and cannot recover statutory damages on this record. ................................................................... 11

V.    Bridges' personal and *Zantac* claims still fail. ................................................ 12

   A.   There is no genuine dispute as to reasonable reliance, damages, and duty to disclose on

i

Bridges' personal North Carolina claims..................................................................... 12

B.   There is no genuine dispute of material fact on Bridges' *Zantac* claims under Colorado, Utah, Virginia, West Virginia, and Wisconsin law. ............................................................. 13

    1.   Colorado: Bridges has not shown cognizable damages and completely ignores Colorado law on fraud. .................................................................................... 13

    2.   Utah: Bridges offers no Utah-specific legal arguments regarding reliance and duty to disclose, and plaintiffs are wrong on damages. .................................................... 14

    3.   Virginia: Bridges offers no Virginia-specific legal arguments regarding reliance and duty to disclose, and plaintiffs are wrong on damages. ....................................... 14

    4.   West Virginia: Bridges presented no evidence of justified reliance, and plaintiffs are wrong on damages. .......................................................................................... 15

    5.   Wisconsin: Bridges did not respond on reliance and economic loss, and is wrong on damages, manifestation, and the duty to disclose. ............................................. 15

VI.   Plaintiffs' Response fails to create genuine disputes of material fact on essential elements of the remaining plaintiffs' claims................................................................... 16

A.   Nancy Phillips may not rely on her husband's testimony, and she has not carried her burden on reliance, duty to disclose, damages, and tolling. ................................................. 16

B.   Knapp's Iowa claims fail because she misunderstands Iowa damages law and cannot establish that she relied on a misrepresentation or omission. ................................................ 17

C.   Goldberg has not shown damages under Washington law, has produced no evidence of reliance, and has failed to carry his burden on the discovery rule. ..................................... 18

D.   Taylor has not shown failure to cure, manifestation of a defect, lack of performance, reliance, a duty to disclose, or damages under Mississippi law, nor has she tolled the statute of limitations. .............................................................................................................. 19

E.   Calhoun has not shown reliance, a duty to disclose, or damages under Georgia law, nor has she tolled the statute of limitations. .............................................................................. 20

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                     **Page(s)**

*Airborne, Inc. v. Denver Air Ctr., Inc.*,
    832 P.2d 1086 (Colo. App. 1992) ...................................................................................13, 14

*Allen v. Roberts Constr.*,
    532 S.E.2d 534 (N.C. Ct. App. 2000) ...................................................................................13

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ...........................................................................................................6

*Averett v. Shircliff*,
    237 S.E.2d 92 (Va. 1977) ...................................................................................................15

*Bank of Okla., N.A. v. Red Arrow Marina Sales & Serv., Inc.*,
    224 P.3d 685 (Okla. 2009) ..................................................................................................10

*Bell v. First Columbus Nat'l Bank*,
    493 So. 2d 964 (Miss. 1986) ...............................................................................................20

*Bennett v. D.L. Claborn Buick, Inc.*,
    414 S.E.2d 12 (Ga. App. 1991)............................................................................................20

*Betterman v. Fleming Cos.*,
    677 N.W.2d 673 (Wis. Ct. App. 2004) ...............................................................................16

*Bowman v. Presley*,
    212 P.3d 1210 (Okla. 2009) ................................................................................................10

*Brannon v. Munn*,
    68 P.3d 224 (Okla. Civ. App. 2003) ...............................................................................10, 11

*Brennen v. Aston*,
    84 P.3d 99 (Okla. 2003) ......................................................................................................10

*Brooks v. City of Huntington*,
    768 S.E.2d 97 (W. Va. 2014)...............................................................................................12

*Brooks v. Dime Sav. Bank*,
    457 S.E.2d 706 (Ga. App. 1995)..........................................................................................20

*Brown v. La.–Pac. Corp.*,
    820 F.3d 339 (8th Cir. 2016) ...............................................................................................18

*Bullowa v. Gladding*,
    100 A. 249 (R.I. 1917) .........................................................................................................5

*Bumpers v. Cmty. Bank of N. Va.*,
747 S.E.2d 220 (N.C. 2013)...............................................................12

*Burbo v. Harley C. Douglass, Inc.*,
106 P.3d 258 (Wash. Ct. App. 2005) ..................................................18

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)....................................................................1, 8

*Chitwood v. A.O. Smith Harvestore Prods., Inc.*,
489 N.W.2d 697 (Wis. Ct. App. 1992) ................................................16

*Chlopek v. Schmall*,
396 N.W.2d 103 (Neb. 1986)...........................................................9, 10

*City of Miami Gardens v. Wells Fargo & Co.*,
931 F.3d 1274 (11th Cir. 2019) .........................................................3, 4

*Club Matrix, LLC v. Nassi*,
284 P.3d 93 (Colo. App. 2011) ..........................................................13

*Colonial Lincoln-Mercury Sales, Inc. v. Molina*,
262 S.E.2d 820 (Ga. App. 1979).......................................................20

*Conatzer v. Am. Mercury Ins.*,
15 P.3d 1252 (Okla. Civ. App. 2000) ..................................................11

*Dilworth v. Lauritzen*,
424 P.2d 136 (Utah 1967) ................................................................14

*Doe ex rel. Doe v. Baker*,
857 S.E.2d 573 (Va. 2021)...............................................................15

*Drake v. Allergan, Inc.*,
63 F. Supp. 3d 382 (D. Vt. 2014)......................................................11

*EarthCam, Inc. v. OxBlue Corp.*,
703 F. App'x 803 (11th Cir. 2017) ......................................................5

*Elder v. Reliance Worldwide Corp.*,
563 F. Supp. 3d 1221 (N.D. Ga. 2021) ...............................................18

*Ellis v. King*,
400 S.E.2d 235 (W. Va. 1990)........................................................11, 15

*Everest v. Leviton Mfg. Co.*,
2006 WL 381832 (Me. Super. Ct. Jan. 13, 2006) ..................................9

*Faulkingham v. Seacoast Subaru, Inc.*,
  69 A.2d 987 (Me. 1993) ...................................................................................9

*First Atl. Mgmt. Corp. v. Dunlea Realty Co.*,
  507 S.E.2d 56 (N.C. Ct. App. 1998) ...............................................................12

*Fitzner Pontiac-Buick-Cadillac, Inc. v. Smith*,
  523 So. 2d 324 (Miss. 1988) ..........................................................................19

*Ford Motor Co. v. Fairley*,
  398 So. 2d 216 (Miss. 1981) ..........................................................................19

*Fraiser v. Stanley Black & Decker, Inc.*,
  109 F. Supp. 3d 498 (D. Conn. 2015) ..............................................................8

*Franks v. Coopersurgical, Inc.*,
  2024 WL 1109055 (D.R.I. Mar. 14, 2024) .......................................................7

*Giraud v. Quincy Farm & Chem.*,
  6 P.3d 104 (Wash. Ct. App. 2000) .................................................................19

*In re GM Ignition Switch Litig.*,
  2016 WL 3920353 (S.D.N.Y. July 15, 2016) .............................................10, 11

*Haarberg v. Schneider*,
  117 N.W.2d 796 (Neb. 1962) ...........................................................................9

*Hardin v. KCS Int'l, Inc.*,
  682 S.E.2d 726 (N.C. Ct. App. 2009) .............................................................13

*Hardy v. Toler*,
  218 S.E.2d 342 (N.C. 1975) ...........................................................................12

*Heater v. Gen. Motors, LLC*,
  568 F. Supp. 3d 626 (N.D. W.Va. 2021) ........................................................12

*Hennig v. Ahearn*,
  601 N.W.2d 14 (Wis. Ct. App. 1999) ..............................................................15

*Horne v. Claude Ray Ford Sales, Inc.*,
  290 S.E.2d 497 (Ga. App. 1982) ....................................................................20

*Hutton v. Hydra-Tech, Inc.*,
  2018 WL 1363842 (M.D.N.C. Mar. 15, 2018) ................................................13

*Jimenez v. Houseboats on Lanier, Inc.*,
  899 S.E.2d 334 (Ga. Ct. App. 2024) ..............................................................20

*Jones v. Gerwens*,
    677 F. Supp. 1151 (S.D. Fla. 1988), *aff'd*, 874 F.2d 1534 (11th Cir. 1989)..........................15

*JW Const. Co., Inc. v. Elliott*,
    253 P.3d 1265 (Colo. App. 2011) ..........................................................................13

*Kennedy v. Acura*,
    2002 WL 31331373 (R.I. Super. Ct. Aug. 28, 2002)...............................................7

*Klaiber v. Freemason Assocs.*,
    587 S.E.2d 555 (Va. 2003)....................................................................................15

*Knepper v. Brown*,
    195 P.3d 383 (Or. 2008) .......................................................................................17

*Kramer v. Chabot*,
    564 A.2d 292 (Vt. 1989) .......................................................................................11

*Kunkel v. Digirolamo*,
    2017 WL 7053946 (Conn. Super. Ct. Dec. 28, 2017) .............................................8

*Louisiana ex rel. La. Dept. of Wildlife & Fisheries v. Nat'l Oceanic & Atmospheric Admin.*,
    70 F.4th 872 (5th Cir. 2023) ...................................................................................4

*Leishman v. Kamas Valley Lumber Co.*,
    427 P.2d 747 (Utah 1967) .....................................................................................14

*Levens v. Campbell*,
    733 So. 2d 753 (Miss. 1999) .................................................................................19

*Little v. Gillette*,
    402 N.W.2d 852 (Neb. 1987)..................................................................................9

*LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*,
    957 F.3d 943 (9th Cir. 2020) .............................................................................5, 16

*Long v. McAllister*,
    319 N.W.2d 256 (Iowa 1982) ...............................................................................17

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992)................................................................................................4

*Marx v. Elkader Co-op. Co.*,
    2002 WL 663690 (Iowa Ct. App. Apr. 24, 2002)..................................................18

*Mayor & City Council of Balt. v. Actelion Pharma., Ltd.*,
   2019 WL 4805677 (D. Md. Sept. 30, 2019), *vacated and remanded*, 995 F.3d
   123 (4th Cir. 2021) ............................................................................................8

*McCormick v. City of Portland*,
   82 P.3d 1043 (Or. Ct. App. 2004) ..................................................................17

*McGovern v. Crossley*,
   477 A.2d 101 (R.I. 1984) ................................................................................6

*McInnis & Co. v. W. Tractor & Equip. Co.*,
   388 P.2d 562 (Wash. 1964)............................................................................18

*McKinney v. Carlton Manor Nursing & Rehab. Ctr., Inc.*,
   868 F.3d 461 (6th Cir. 2017) ..........................................................................7

*McKinnon v. Honeywell Int'l, Inc.*,
   977 A.2d 420 (Me. 2009)................................................................................9

*Metrocall of Del., Inc. v. Cont'l Cellular Corp.*,
   437 S.E.2d 189 (Va. 1993)............................................................................15

*Nat'l Union Fire Ins. of Pittsburgh, Pa. v. Garber*,
   45 F. App'x 564 (9th Cir. 2002) ....................................................................2

*Pace v. Parrish*,
   247 P.2d 273 (1952).......................................................................................14

*Pearson v. Philip Morris, Inc.*,
   361 P.3d 3 (Or. 2015) ....................................................................................17

*Piazza v. Ebsco Inds., Inc.*,
   273 F.3d 1341 (11th Cir. 2001) ..................................................................8, 9

*Poer v. Jefferson Cnty. Comm'n*,
   100 F.4th 1325 (11th Cir. 2024) ...................................................................19

*Reich v. Dep't of Conserv. & Nat. Res.*,
   28 F.3d 1076 (11th Cir. 1994) ........................................................................1

*Rocky Mtn. Expl., Inc. v. Davis Graham & Stubbs LLP*,
   420 P.3d 223 (Colo. 2018).............................................................................14

*Scritchfield v. Paolo*,
   274 F. Supp. 2d 163 (D.R.I. 2003)..................................................................6

*Siemens Fin. Servs., Inc. v. Stonebridge Equip. Leasing, LLC*,
   91 A.3d 817 (R.I. 2014)..................................................................................6

*Silas v. Sheriff of Broward Cnty.*,
  55 F.4th 872 (11th Cir. 2022) ................................................................16

*Smith v. Prudential Ins. Co. of Am.*,
  2023 WL 355915 (D.R.I. Jan. 23, 2023), *appeal dismissed*, 2023 WL 5526504
  (1st Cir. Apr. 26, 2023), and *appeal dismissed*, 2024 WL 835064 (1st Cir. Feb.
  27, 2024) ...................................................................................................7

*Snow & Farnham v. Smith*,
  114 A. 142 (R.I. 1921) ..............................................................................5

*Sprinkle v. N.C. Wildlife Res. Comm'n*,
  600 S.E.2d 473 (N.C. Ct. App. 2004) ...................................................12

*State Farm Mut. Auto. Ins. v. Parrish*,
  899 P.2d 285 (Colo. App. 1994) .............................................................14

*Taylor v. State Farm Bureau Cas. Co.*,
  954 So. 2d 1045 (Miss. Ct. App. 2007) .................................................20

*Telfair v. First Union Mortg. Corp.*,
  216 F.3d 1333 (11th Cir. 2000) .........................................................7, 20

*Tershakovec v. Ford Motor Co.*,
  546 F. Supp. 3d 1348 (S.D. Fla. 2021) (Moreno, J.) .............................1

*Tershakovec v. Ford Motor Co., Inc.*,
  79 F.4th 1299 (11th Cir. 2023) ...............................................................16

*Tietsworth v. Harley Davidson*,
  677 N.W.2d 233 (Wis. 2004) ..................................................................16

*In re Toyota RAV4 Hybrid Fuel Tank Litig.*,
  534 F. Supp. 3d 1067 (N.D. Cal. 2021) ...........................................11, 16

*United States v. Forehand*,
  577 F. App'x 942 (11th Cir. 2014) ...........................................................1

*Wilson v. Phillips*,
  495 S.E.2d 904 (Ga. App. 1998)..............................................................20

*Winzler v. Toyota Motor Sales U.S.A., Inc.*,
  681 F.3d 1208 (10th Cir. 2012) (Gorsuch, J.).........................................4

*Witters v. Daniels Motors, Inc.*,
  524 P.2d 632 (Colo. App. 1974) .............................................................13

*Xu v. Porsche Cars N. Am., Inc.*,
   655 F. Supp. 3d 1214 (N.D. Ga. 2023) ...................................................................7

*Young v. Savidge*,
   230 P.3d 222 (Wash. Ct. App. 2010) ....................................................................19

*Zenon v. Mossy*,
   2008 WL 589018 (Conn. Super. Ct. Feb. 13, 2008) ...............................................8

*Zimmerman v. Kent*,
   575 N.E.2d 70 (Mass. App. Ct. 1991) ....................................................................6

**Statutes**

Fla. Stat. §§ 733.302–.305 ..........................................................................................4

Haw. Rev. Stat. § 480–13(a)(1) ..................................................................................9

Iowa Code § 714H.3 ..................................................................................................18

Magnuson–Moss Warranty Act ..................................................................................7

Miss. Code § 75–2–725 .............................................................................................19

Neb. Rev. Stat. § 59–1617 ........................................................................................10

Neb. Rev. Stat. § 60–1401.26 ...................................................................................10

Neb. Rev. Stat. § 60–1411.03(23) .............................................................................10

Or. Stat. § 646.638(6) ...............................................................................................17

R.I. Gen. Laws § 33–5–1(1) ........................................................................................5

**Other Authorities**

Fed. R. Civ. P. 25 ..............................................................................................1, 4, 5, 16

Fed. R. Civ. P. 56 ..........................................................................................................1, 5

3 Fletcher Cyc. Corp. § 814.10 ....................................................................................2

Restatement (Second) of Torts § 526 (1977) .............................................................2, 3

U.S. Const. art. III ........................................................................................................3

Plaintiffs' arguments either are unsupported by evidence or obfuscate the true facts. For example, despite failing to prove the prerequisites for commingling entities, plaintiffs conflate MBUSA's knowledge (or lack thereof) with that of other entities. Plaintiffs also ignore their burden to prove many essential elements of their claims. And, despite the Court's request, plaintiffs did not submit draft verdict forms illuminating those elements.

Plaintiffs' effort to avoid their burden to prove their *Zantac* claims is also baseless. MBUSA re-filed its summary judgment motion at this Court's direction. Plaintiffs cannot avoid the proof that Rule 56 now requires by saying their *Zantac* claims are insulated until after class certification or that a later Rule 25 substitution motion might change the issues before this Court yet again. As this Court has observed, summary judgment should be addressed now—and because plaintiffs fail to meet their burden, the Court should grant MBUSA's Motion.

## I.   Plaintiffs' Response fails to establish pre-sale knowledge.

### A.   There is no genuine dispute MBUSA had no pre-sale knowledge.

It remains undisputed that MBUSA was not involved in the research, development, analysis, or testing of Takata inflators or propellant. D.E. 4802 ¶ 4; MBUSA's Reply Statement of Material Facts ("RSOF") ¶ 4. It is also still undisputed that MBUSA had no communications with Takata about the inflators' design prior to the recall. D.E. 4802 ¶ 5; RSOF ¶ 5. Put simply, MBUSA did not know and had no reason to know the vehicles it distributed came equipped with Takata inflators—much less the type of propellant used.

Tellingly, plaintiffs make many claims of "fact" without citing any evidence. For example, plaintiffs cite no evidence when they claim MBUSA was "acutely aware," "could not have been unaware," or was "well aware" of the alleged defect. *See* D.E. 4808[1] at 4–6. There is no such evidence—and it was plaintiffs' burden to provide such evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see, e.g.*, *Tershakovec v. Ford Motor Co.*, 546 F. Supp. 3d 1348, 1364 (S.D. Fla. 2021) (Moreno, J.).[2]

---

[1] After their deadline passed, plaintiffs filed a Revised Response. MBUSA cites to the timely filed Response, D.E. 4808, because the untimely Revised Response, D.E. 4818-1, is improper. Nevertheless, MBUSA's arguments apply equally to both documents—except that MBUSA shows why Calhoun's individual claims (which plaintiffs first dismissed in the Response) also cannot proceed.

[2] Plaintiffs' authority is inapposite. *See Reich v. Dep't of Conserv. & Nat. Res.*, 28 F.3d 1076, 1082 (11th Cir. 1994) (knowledge is a fact issue on appellate review); *United States. v. Forehand*, 577 F. App'x 942, 945–46 (11th Cir. 2014) (inferring knowledge from criminal defendant's

Plaintiffs misrepresent the evidence they do cite; none of which suggest that **MBUSA** had **pre**-sale knowledge. *See* D.E. 4804 at 4–5 (focusing on Quality Engineering Center that received Takata inflators *after* the recall); *id.* at 5 (discussing Takata facilities, *Daimler* engineers, and a different entity that was *not* MBUSA's predecessor); *id.* at 6 (describing communications between Takata and *Daimler*). In short, despite attaching a mountain of late-filed exhibits, plaintiffs' opposition still points to nothing establishing that MBUSA had relevant, pre-sale knowledge.

### B.  MBUSA is not liable for other entities' knowledge.

As distributor, MBUSA plays a fundamentally different role from that of a manufacturer or supplier. *Compare* D.E. 4530 ¶¶ 3–6 (MBUSA), *with id.* ¶¶ 7–9 (Daimler AG). Plaintiffs cannot "impute[]" knowledge from Takata to Daimler or from Daimler to MBUSA in an attempt to circumvent the standard they must meet. *See* D.E. 4808 at 7–9. There is no evidence that Daimler had knowledge of the alleged defect to impute in the first place. *Compare* D.E. 4808 at 7, *and* D.E. 4805 ¶¶ 104–23, 111, *with, e.g.*, D.E. 4311 at 4–7, *and* D.E. 4315 ¶¶ 352–55 (rebutting same argument). But even if it did, plaintiffs offer no evidence of the claimed "nexus" for imputing Daimler's knowledge to MBUSA. *See* D.E. 4808 at 7–9. Plaintiffs also misstate the *Fletcher* treatise, which reiterates that the knowledge of one corporation "will [generally] not be imputed to [a related] corporation." 3 Fletcher Cyc. Corp. § 814.10. Moreover, plaintiffs' claims require *actual* not *imputed* knowledge. D.E. 4800 at 5–6 & n.7 (citing cases requiring actual knowledge).

### C.  MBUSA's lack of knowledge does not establish scienter.

Plaintiffs' response argues (for the first time in this case) that "ignorance satisfies the scienter requirement," claiming that distributors like MBUSA—with no knowledge of a potential defect— can nonetheless be held liable for fraud. *See* D.E. 4808 at 9–10 (cleaned up). They assert, without evidence, that MBUSA "d[id] not have any basis" for alleged representations or, worse, *ignored* signs of a defect. *See id.* This argument is wrong both legally and factually. Plaintiffs' own authority shows that ignorance alone does not constitute scienter. There must be something more, like conscious or reckless disregard for the truth in stating a specific assertion of fact. *E.g.*, Restatement (Second) of Torts § 526 cmt. e (1977). Plaintiffs point to no specific false statements regarding airbag inflators, and they do not (and cannot) show that MBUSA lacked justification for general assertions about vehicle safety. *E.g.*, D.E. 4802 ¶¶ 16, 25, 34, 45, 56, 65, 74; D.E. 4805 ¶¶ 81–93.

---

"significant[]" personal profits from wife's fraud scheme); *Nat'l Union Fire Ins. of Pittsburg v. Garber*, 45 F. App'x 564, 565–66 (9th Cir. 2002) (subjective "actual intent" standard under California statute).

They simply have no support for the new theory that MBUSA made any false representations "without belief in its truth recklessly, careless of whether it is true or false."  D.E. 4808 at 9 (quoting Restatement (Second) of Torts § 526 cmt. e (1977)).

## II.   Plaintiffs cannot rescind their past concession of non-benefit-of-the-bargain damages.

This Court has already held that MBUSA's free and effective recall fully "compensated and made whole" plaintiffs in states that award the lesser of the cost of repair or diminution in value as benefit-of-the-bargain damages.  D.E. 4471 at 14.  Plaintiffs now attempt to withdraw their prior concession that they seek only benefit-of-the-bargain damages, unfairly moving the target.  D.E. 4808 at 13; *see also* D.E. 4482, 10/21/2022 Hr'g Tr., at 55:2–10 (disclaiming all but benefit-of-the-bargain damages).  When plaintiffs previously tried to change their position, this Court rightly held them to their concession.  D.E. 4476 at 11–12; D.E. 4538 at 10.  Plaintiffs now decry MBUSA (and thus the Court's) position as "illogical."  D.E. 4808 at 13.  But there is nothing "illogical" about relying on plaintiffs' prior admission.  The Court should again hold plaintiffs to their position.

Plaintiffs have also failed to establish that they would be entitled to statutory damages in the states at issue.  They essentially claim that Dr. Dubé's damages model supersedes applicable state laws (*see* D.E. 4808 at 11–13), then accuse MBUSA of "shoehorn[ing] the law into its argument" (*id.* at 11).  But plaintiffs cannot escape the applicable lesser-of rule.  *See* D.E. 4800 at 8–9 (referring to relevant sections); *see also infra*, Sections IV.B.2, IV.C.2–8, V.A, V.B.1–5, VI.A–E.  As this Court already held in this case, "the Court *must* consider the cost of repair in tandem with the alleged point-of-sale overpayment and award the lesser of these damages measures" for states that adopt the "lesser-of" approach.  D.E. 4471 at 14 (emphasis added).  Thus, the question is whether the same lesser-of approach previously recognized by the Court applies in the states now at issue.  As shown by MBUSA's Motion and explained further below, it does.

## III.   Plaintiffs' Response fails to establish a justiciable case or controversy, requiring dismissal for lack of Article III jurisdiction.

The Court should grant summary judgment because plaintiffs failed to establish standing.  Plaintiffs do not respond at all to MBUSA's argument that "plaintiffs never had standing in the first place . . . [b]ecause the '"probability" of having purchased a deceptive product' is not a cognizable injury."  *Compare* D.E. 4800 at 10, *with* D.E. 4808 at 14–15 (focusing solely on prudential mootness).  But plaintiffs were not only obliged to respond; they were obliged to respond *with evidence*.  *City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1283 (11th Cir. 2019).  Standing is an "indispensable part of the plaintiff[s'] case, [and] each element [of

standing] must be supported . . . with the manner and degree of evidence required at the successive stages of litigation." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Because plaintiffs did not produce evidence of standing, summary judgment is warranted. *Miami Gardens*, 931 F.3d at 1283–85.[3]

Prudential mootness also merits summary judgment. MBUSA's free-and-effective recall cured the alleged defect long ago. This case has thus "reach[ed] the point where prolonging the litigation any longer would itself be inequitable" precisely because MBUSA has engaged the "great grinding gears of a statutorily mandated and administratively overseen national recall process." *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1210–11 (10th Cir. 2012) (Gorsuch, J.).

## IV. Radican's personal and *Zantac* claims still fail.

### A. Radican lacks standing to pursue any claim because she is deceased.

In trying to divert attention from their claim that Radican was a proper class representative while she was deceased, plaintiffs' counsel inappropriately blame MBUSA for not "follow[ing]" substitution procedures. D.E. 4808 at 16. It is *plaintiffs'* responsibility to move to substitute in a timely manner. *See* Fed. R. Civ. P. 25(a)(1) Adv. Comm. Note to 1963 Amend. (motion to substitute "usually" made "without awaiting the suggestion of death"); *cf.* Ex. 41 (email exchange in which plaintiffs proposed to file substitution motion until MBUSA noted obstacles).

With discovery long closed, and after years of litigation and filing numerous briefs in response to plaintiffs' efforts to have Radican represent a class (including long after her death), MBUSA is now entitled to a decision in its favor. Plaintiffs cannot immunize their claims by forecasting a multi-step substitution process they have not yet even set in motion. Plaintiffs' counsel did not investigate their client's status for a year or more, even as they repeatedly argued that Radican would vigorously defend class members' interests. *See* D.E. 4789 (filed June 14, 2024); D.E. 4792 (May 29, 2024, hearing); D.E. 4779 (filed May 1, 2024); D.E. 4687 (Aug. 8, 2023, hearing).

Plaintiffs' hasty suggestion of substitution raises a host of issues plaintiffs try to—but cannot—ignore. They ask the Court to assume that the Florida probate court will agree to reopen Radican's estate, a year after expedited proceedings concluded (*see* D.E. 4824), and appoint a personal representative qualified under statute (Fla. Stat. §§ 733.302–.305); that the proposed substitute will have legal authority to represent the class (and no conflicts); that Radican's claims

---

[3] *See also Louisiana ex rel. La. Dept. of Wildlife & Fisheries v. Nat'l Oceanic & Atmospheric Admin.*, 70 F.4th 872, 879 (5th Cir. 2023) (making clear that plaintiffs can forfeit arguments supporting standing, even when already addressed in an earlier stage of litigation).

were "not extinguished";[4] and that the Court will grant a future motion to substitute.[5]  But MBUSA's summary judgment motion is pending now—and plaintiffs cite no authority establishing that Rule 25 should postpone adjudication of a Rule 56 motion.

Substitution now would cause unjustified and prejudicial delays, requiring new discovery and yet more briefing on class certification and summary judgment.  *See, e.g.*, *EarthCam, Inc. v. OxBlue Corp.*, 703 F. App'x 803, 813–14 (11th Cir. 2017) (delay leading to additional discovery and rendering second summary judgment motion moot was too prejudicial).  For the reasons discussed below, Radican, the only Rhode Island plaintiff currently before this Court, cannot maintain her claims.  *See LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 955 (9th Cir. 2020).  The Court can and should dismiss her claims on the merits now.

### B.  Radican cannot maintain her Rhode Island claims.

#### 1.  All Radican's claims fail because she lacks cognizable damages.

Plaintiffs have committed to a benefit-of-the-bargain damages theory, under which Radican has no cognizable damages.  Plaintiffs cannot now renege.  Plaintiffs do not deny they confirmed at the October 21, 2022, summary judgment hearing that plaintiffs have "one measure of damages"—benefit-of-the-bargain—which was "all or nothing."  D.E. 4808 at 19–20; D.E. 4482, 10/21/2022 Hr'g Tr. at 55: 9–13.  Plaintiffs now claim they were talking about "actual damages, not statutory damages" (D.E. 4808 at 20 n.9), in response to the Court's broad questions about "plaintiffs' claims" (D.E. 4482 at 52:1–20).  But they unequivocally stated that they would "not have a claim" if the Court determined they did not have benefit-of-the-bargain damages.  *Id.* at 62:15–18.[6]  Thus, benefit-of-the-bargain is the only form of damages this Court should consider.

This Court also has already rejected plaintiffs' argument that the measure for their theory depends on the nature of the claim.  D.E. 4471 at 13 ("[B]ecause the definition of benefit-of-the-

---

[4] A statutory claim under RIUDTPA does not survive death.  *See, e.g.*, *Snow & Farnham v. Smith*, 114 A. 142, 143 (R.I. 1921) (a claim "based on the violation of a statute" does not survive, in contrast to the claim for "damages to the personal estates" at issue in *Bullowa*).  Plaintiffs' authorities, irrelevant on summary judgment, are inapposite.  *E.g.*, *Bullowa v. Gladding*, 100 A. 249, 250 (R.I. 1917) (addressing survival of "larceny of personal property" claim; not survival of RIUDTPA claim for benefit-of-the-bargain damages); R.I. Gen. Laws § 33–5–1(1) (defining "personal estate" for purposes of construing and executing wills, not for Rule 25 purposes).

[5] A court may deny a motion to substitute "made long after the death" where circumstances "render[] it unfair to allow substitution."  Fed. R. Civ. P. 25(a)(1) Adv. Comm. Note to 1963 Amend.

[6] In any event, statutory damages are unavailable because Radican has no viable claims under the Rhode Island statute.  *See* D.E. 4800 at 13–14.

bargain damages does not vary based on the particular claim at issue, plaintiffs' averment that benefit-of-the-bargain damages are measured differently in the context of contract or negligence claim as opposed to consumer fraud or common 1aw fraud claims is likewise unavailing.").

### 2. Radican's individual fraudulent concealment claim fails.

Plaintiffs' Response fails to create a genuine issue of material fact on Radican's fraud claim. As explained above, *supra,* Section I.B, plaintiffs' new theory that they can impute knowledge from Daimler to MBUSA is unsupported by evidence. Further, Radican's Rhode Island fraud claim fails both because of MBUSA's lack of knowledge and because she has no evidence of any actionable statement from MBUSA to Radican. D.E. 4802 ¶ 16; RSOF ¶ 16. Plaintiffs claim that MBUSA made "inaccurate representations that the airbags in Ms. Radican's vehicle were safety devices, instead of defective threats to her safety" but do not cite any evidence. D.E. 4808 at 20. That is because the only "evidence" is Radican's claim that she viewed unspecified commercials "that touted safety and dependability." D.E. 4805 ¶ 16. Such a "statement" is non-actionable in Rhode Island. *Scritchfield v. Paolo*, 274 F. Supp. 2d 163, 172–73 (D.R.I. 2003) (non-actionable puffery).

Radican's argument that she need not prove actual knowledge is unfounded as well. She relies on *Siemens Financial Services, Inc. v. Stonebridge Equipment Leasing, LLC*, but that case interpreted *Massachusetts* law. 91 A.3d 817, 821 (R.I. 2014) (citing *Zimmerman v. Kent*, 575 N.E.2d 70 (Mass. App. Ct. 1991)); *id.* at 820 n.4 ("the trial justice also ruled that Massachusetts law controlled"). Under Rhode Island law, "[a]n action for deceit sounds in tort and requires that a defendant have knowledge of the falsity of the statements and an intent to deceive." *McGovern v. Crossley*, 477 A.2d 101, 103 (R.I. 1984). Radican has no proof that MBUSA knew of the alleged defect in 2007 when she bought her vehicle, so her fraud claim fails.

Radican's argument about her alleged reliance also fails. D.E. 4808 at 21. Again, Radican relies on one interrogatory response in which she claimed to have viewed some unspecified, unidentified commercials, but could not recall any specifics. D.E. 4805 ¶ 16. This is not enough to create a genuine issue of material fact in the face of Radican's sworn deposition testimony that she did not do any online research before her purchase nor did she "review any marketing materials or advertisements for this car before [she] bought it." RSOF ¶ 16. This "mere existence of a scintilla of evidence" is not sufficient to avoid summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### 3. Radican's Rhode Island UDTPA claim fails because it is untimely.

Radican argues that *Kennedy v. Acura*, 2002 WL 31331373 (R.I. Super. Ct. Aug. 28, 2002)—applying a four-year limitations period—is not on-point. But she cites no case applying a ten-year statute of limitations to a Rhode Island UDTPA claim. In fact, the claims in *Kennedy* were just like those here, claiming that a defendant is "liab[le] for its own defective goods." *Id*. at *3. Further, despite baldly claiming she should benefit from the discovery rule, Radican has proffered none of the ***evidence*** needed for tolling. D.E. 4808 at 21. Under Rhode Island law, once the statute of limitations has run, it is the plaintiff's burden to *prove* that an exception like the discovery rule applies.[7] *Smith v. Prudential Ins. Co. of Am.*, 2023 WL 355915, at *3 (D.R.I. Jan. 23, 2023), *appeal dismissed*, 2023 WL 5526504 (1st Cir. Apr. 26, 2023), and *appeal dismissed*, 2024 WL 835064 (1st Cir. Feb. 27, 2024) (collecting cases under Rhode Island law). Because Radican bought her vehicle over ten years before filing suit, her claim is time-barred even if a ten-year limitations period applied.[8]

### C.  Radican's personal and *Zantac* claims still fail

#### 1.  This Motion should be decided now, as contemplated by this Court.

Plaintiffs are incorrect that summary judgment is "not ripe until this Court rules on class certification with respect to Ms. Radican's claims." D.E. 4808 at 22. This Court and many others recognize that summary judgment can precede class issues. *See* D.E. 4511, 12/19/2022 Hr'g Tr. at 33:10–18; *Telfair v. First Union Mortg. Corp.*, 216 F.3d 1333, 1343 (11th Cir. 2000); *McKinney v. Carlton Manor Nursing & Rehab. Ctr., Inc.*, 868 F.3d 461, 463 (6th Cir. 2017) (district court "granted summary judgment for [defendant] and thus had no need to rule on [plaintiff's] class certification motion"); *Xu v. Porsche Cars N. Am., Inc.,* 655 F. Supp. 3d 1214, 1241 (N.D. Ga. 2023). Indeed, this Court expressly contemplated deciding this Motion to facilitate its decision on class certification. D.E. 4792, 5/29/2024 Hr'g Tr. at 23:2–11 ("We're going to file a summary motion the way you want it with these same issues that are linked to class cert. That happens a lot in these cases where there is blending of that. *I rule, maybe in your favor in part and then you have a better argument for the class cert*.") (emphasis added).

Plaintiffs are also wrong in arguing they need not offer evidence establishing the essential

---

[7] Plaintiffs' reliance on *Franks v. Coopersurgical, Inc.*, 2024 WL 1109055, at *16 (D.R.I. Mar. 14, 2024) is inapt. That was a motion-to-dismiss decision that focused solely on the plaintiff's *allegations*. At summary judgment, evidence—not allegations—is necessary.

[8] Plaintiffs do not address MBUSA's argument that Radican's UDTPA claim also fails because it is subject to the Magnuson–Moss Warranty Act and thus is exempt under the Rhode Island statute.

elements of each claim for the *Zantac* states.  They do not and cannot cite any authority modifying the usual requirements for summary judgment in the context of *Zantac* claims.  Thus, just as in any other case, plaintiffs bear the burden to produce evidence establishing a genuine dispute of material fact for each element of each and every one of their claims.  *Celotex*, 477 U.S. at 325.

### 2. Connecticut UTPA: Radican has no statutory standing or cognizable damages and plaintiffs concede her claim is time-barred.

By statute, Radican cannot proceed in Connecticut without proving residency or injury. *See, e.g.*, *Fraiser v. Stanley Black & Decker, Inc.*, 109 F. Supp. 3d 498, 505 (D. Conn. 2015). Plaintiffs' reliance on *Actelion* is misplaced, as that decision involved an injury analysis under common-law standing principles, not a statutory provision that requires residency as an essential element.  *See Mayor & City Council of Balt. v. Actelion Pharma., Ltd.*, 2019 WL 4805677, at *8– 9 (D. Md. Sept. 30, 2019), *vacated and remanded*, 995 F.3d 123 (4th Cir. 2021).

Separately, Radican has no cognizable damages.  *Zenon v. Mossy* did not establish "difference in value" as proper under CUTPA—that case did ***not*** apply that measure due to the "unusual nature of the parties' transaction."  2008 WL 589018, at *4 (Conn. Super. Ct. Feb. 13, 2008).  Plaintiffs' attempt to reprise their argument that cases on physical damage to property or negligence claims do not apply is also meritless—this Court has already held that argument is "unavailing."  *Compare* D.E. 4808 at 23–24, *with* D.E. 4471 at 13.  Under Connecticut law, "cost of repair only" is the proper measure for damages to a vehicle when the vehicle can be "substantially restored."  *Kunkel v. Digirolamo*, 2017 WL 7053946, at *3 (Conn. Super. Ct. Dec. 28, 2017); *see also* D.E. 4471 at 9 (same under Maryland law).  And Radican's vehicle was fully "restored" upon free replacement of her airbags.  D.E. 4802 ¶ 18.

Plaintiffs concede that Radican's CUTPA claim is time-barred.  *See* D.E. 4808 at 24.  She thus cannot maintain a claim under Connecticut law or represent a Connecticut class.  *See Piazza v. Ebsco Inds., Inc.*, 273 F.3d 1341, 1347 (11th Cir. 2001) ("[A] class representative whose claim is time-barred cannot assert the claim on behalf of the class.").  Plaintiffs agree that time bars *on Radican's claims* are "appropriate for summary judgment."  *See* D.E. 4792 at 14:10–15:15.

### 3. Hawaii UTPA: Radican has no cognizable damages and plaintiffs concede her claim is time-barred.

Plaintiffs admit they are entitled to recover only for a "loss or injury actually sustained" under Hawaii law.  D.E. 4808 at 24.  They say there is "no basis" to conclude that the recall repair "eliminated" damages (*id.*), but it is undisputed that Radican's airbags were replaced for free, and

8

this Court has already ruled that repair "made [plaintiffs] whole." *See* D.E. 4802 ¶ 18; D.E. 4471 at 15.  Statutory damages are not available under Hawaii UTPA unless the plaintiff first proves "damages sustained." Haw. Rev. Stat. § 480–13(a)(1) (plaintiff "[m]ay sue for damages sustained" and "if the judgment is for the plaintiff," *then* she may receive damages not less than $1,000).

Plaintiffs also concede that Radican's claim falls outside the limitations period and thus is time-barred. *See* D.E. 4808 at 24.  She cannot represent a Hawaii class. *Cf., supra*, Section IV.C.2.

### 4. Maine UTPA: Radican has no cognizable damages, has no proof of substantial injury or reliance, and concedes her claim is time-barred

Plaintiffs fail to show Radican suffered "actual damages" under the Maine UTPA.  They misinterpret *Faulkingham v. Seacoast Subaru, Inc.*, where the Maine Supreme Court affirmed a damages award for the "estimated cost of anticipated repairs" minus repairs provided at no cost. 69 A.2d 987, 987–88 (Me. 1993).  This Court has upheld the same standard.  *See* D.E. 4471 at 15 (cost of repair minus mitigated damages).  Their appeal to *Everest v. Leviton Manufacturing, Co.* is unavailing.  *See* 2006 WL 381832, at *3–4 (Me. Super. Ct. Jan. 13, 2006) (plaintiff could plead "cost of replacement" as compensatory damages).

Plaintiffs' criticism of the plaintiffs in *McKinnon* and *Tungate* is not evidence **Radican** suffered a "substantial injury," as the Maine UTPA requires.  *See McKinnon v. Honeywell Int'l*, 977 A.2d 420, 427 (Me. 2009).  Without even mentioning this essential element (*see* D.E. 4808 at 25), Radican cannot avoid summary judgment.

Even if plaintiffs proved MBUSA had a "pervasive, uniform marketing campaign" (D.E. 4808 at 25)—and they do not—that does nothing to prove Radican's reliance.  There is no evidence Radican relied on any non-puffery marketing by MBUSA.  *See* D.E. 4802 ¶ 16.

Plaintiffs also concede Radican's claim falls outside the statute of limitations in Maine. *See* D.E. 4808 at 25.  Thus, she cannot represent a Maine class.  *See* Section II.C.2 *supra*.

### 5. Nebraska CPA: Radican has no cognizable damages and alleges exempt conduct, and plaintiffs concede her claim is time-barred.

Plaintiffs do not raise any genuine dispute over damages under the Nebraska CPA.  They cite *Haarberg*, a non-CPA case, and the procedural history in *Little*, not contested on appeal, rather than face *Chlopek* head on.  *See* D.E. 4808 at 25–26.[9]  *Chlopek* held that the measure of damages for property that can be "restored" is the lesser of the difference in market value and the "cost of

---

[9] *See Haarberg v. Schneider*, 117 N.W.2d 796, 799 (Neb. 1962) (common-law fraud); *Little v. Gillette*, 402 N.W.2d 852, 853 (Neb. 1987) (addressing sufficiency of evidence and special damages, not measure of damages).

repair." *Chlopek v. Schmall*, 396 N.W.2d 103, 110 (Neb. 1986).  It is undisputed that the free and effective repair "restored" Radican's vehicle.  D.E. 4802 ¶ 18; *see also* D.E. 4471 at 15.

MBUSA's conduct is exempt from the CPA.  *See* Neb. Rev. Stat. § 59–1617.  The Nebraska Motor Vehicle Industry Regulation Act regulates conduct by retailers of motor vehicles (like MBUSA).  Neb. Rev. Stat. § 60–1401.26 (defining "motor vehicle dealer").  The Act also regulates ads "that cannot be substantiated in fact," which would include the claims plaintiffs allege.  *See* Neb. Rev. Stat. § 60–1411.03(23) (regulated conduct); D.E. 4522 ¶ 832d (claims based on representations that vehicles had "characteristics" and a "standard or quality" they "d[id] not have").

Plaintiffs concede Radican's claim falls outside the statute of limitations and thus fails on the merits.  *See* D.E. 4808 at 26.  She cannot represent a Nebraska class.  *Cf., supra*, Section IV.C.2.

### 6. Oklahoma CPA: Radican's damages argument has been rejected by this Court and fails for the additional reasons that a defect never manifested in her vehicle and her claim is exempt under the Oklahoma statute.

Radican again wrongly argues that because her claim sounds in fraud, she is entitled to damages beyond the cost of repair.  D.E. 4808 at 26–27.  This Court has already held that "the definition of benefit-of-the-bargain damages does not vary based on the particular claim at issue."  D.E. 4471 at 13.  Radican relies on *Bank of Oklahoma, N.A. v. Red Arrow Marina Sales & Service, Inc.*, but that case held only that a failure to impose liability on a debtor under an "anti-deficiency statute" would not extinguish a fraud claim.  224 P.3d 685, 696 (Okla. 2009).  The court noted that the "computation of damages" was beyond its review.  *Id.*  Radican's reliance on *Brennen v. Aston* is also misplaced.  84 P.3d 99, 101 (Okla. 2003).[10]  *Brennen* noted that diminution in value is recoverable in addition to the cost of repair only "where it is shown that repairs failed to bring the property up to the condition it was in prior to the damage."  *Id.* at 102.  Plaintiffs made no such showing here.

Radican's Oklahoma claim also fails because it is undisputed her vehicle never manifested the alleged defect.  D.E. 4802 ¶ 19; D.E. 4805 ¶ 19; *see, e.g., In re GM Ignition Switch Litig.*, 2016 WL 3920353, at *36 (S.D.N.Y. July 15, 2016).  Radican cites to *Brannon v. Munn*, a decision that (1) did not involve a design defect and (2) reversed a verdict because the lower court required a finding of privity between the parties.  68 P.3d 224, 226 (Okla. Civ. App. 2003).  *Brannon* is

---

[10] Plaintiffs rely on *Bowman v. Presley*, 212 P.3d 1210, 1218 (Okla. 2009) to claim they are entitled to "the difference between the actual value received and the value the defrauded party would have received had the value actually been as represented," but that case did not involve a situation where—as here—plaintiffs had already been offered a free and effective repair.

irrelevant to manifestation; *Ignition Switch* is on-point.

Radican also fails to prove that the conduct she challenges is regulated under the Oklahoma CPA. Radican argues that MBUSA has not "demonstrate[d] that its challenged conduct is regulated by any regulatory body." D.E. 4808 at 27. But this ignores *In re Toyota RAV4 Hybrid Fuel Tank Litig.*, 534 F. Supp. 3d 1067, 1111 (N.D. Cal. 2021). There, the court found "misrepresentations in the advertising of motor vehicles" are "exempt from the Oklahoma Consumer Protection Act." *Id.* Radican's reliance on *Conatzer v. American Mercury Insurance* is misplaced—that case was about whether conduct by an insurance *regulator* was subject to Oklahoma's Insurance Code. 15 P.3d 1252, 1255 (Okla. Civ. App. 2000).

### 7.  Vermont CFA: Radican has no cognizable damages and fails to create a genuine dispute of material fact regarding her lack of reliance.

Radican has no cognizable damages under Vermont law. Radican mentions in passing that damages may not be limited to cost of repair where "a repair does not fully compensate a plaintiff." D.E. 4808 at 27, citing *Kramer v. Chabot*, 564 A.2d 292, 294 (Vt. 1989). But Radican cites no evidence of any injury repair did not address. Indeed, it is undisputed that Radican suffered no out-of-pocket or loss-of-use expenses, and she refused to answer when asked about any alleged diminution in value of her car, which she sold for a nominal fee to family. RSOF ¶¶ 20–22. Thus, there is no genuine dispute that the free, effective recall fully compensated Radican.

As explained above, Radican's Vermont CFA claim also fails because she lacks evidence of her reliance or damage caused by the wrongdoing. *Drake v. Allergan, Inc.*, 63 F. Supp. 3d 382, 393 (D. Vt. 2014). Radican identified no evidence sufficient to create a genuine dispute that she viewed any non-puffery by MBUSA before buying her vehicle. RSOF ¶ 16.

### 8.  West Virginia CCPA: Radican gets West Virginia damages law wrong and cannot recover statutory damages on this record.

Plaintiffs create no genuine dispute of material fact for Radican's West Virginia CCPA claim. Bridges and Radican are mistaken about the impact of *Ellis v. King*. *Ellis* says that a plaintiff can recover diminution of value "[i]f, after repair, the damaged vehicle cannot be returned to its condition prior." 400 S.E.2d 235, 238 (W. Va. 1990). The plaintiff must give "actual proof that the value was diminished" based on "structural damage" that "would affect the future use of the vehicle even after repair." *Id.* at 238–39. Plaintiffs have done the opposite—their expert *disclaimed* any post-repair diminution in value. D.E. 4336-59 (Dubé Rebuttal Rep.) ¶¶ 31, 76–78. They thus have only the "lesser" cost of repair under *Brooks v. City of Huntington*, 768 S.E.2d 97, 102 n.9 (W. Va.

2014).  Since that cost is zero, summary judgment is warranted.  *See* D.E. 4471 at 14.

Radican cannot obtain statutory damages under the West Virginia CCPA.  As explained above (Section I.B), plaintiffs' counsel previously conceded they would "not have a claim" if the Court determined they did not have benefit-of-the-bargain damages.  D.E. 4482 at 62:15–18.  In any event, statutory damages are unavailable.  Radican has no viable claim under the West Virginia CCPA because she did not provide the required pre-suit notice.  *See Heater v. Gen. Motors, LLC*, 568 F. Supp. 3d 626, 633 (N.D. W.Va. 2021) (written notice by certified mail is mandatory; failure to comply completely bars suit).  Plaintiffs claim they provided notice in 2018, but that purported notice *does not mention the WVCCPA or Radican*.  That, along with supposed notice from public sources (D.E. 4808 at 28–29), fails to satisfy the WVCCPA notice requirements.  Radican cites to two distinguishable rulings by this Court—neither involved analysis of WVCCPA.  Summary judgment is required as Radican did not send a WVCCPA-compliant notice.

## V.  Bridges' personal and *Zantac* claims still fail.

### A.  There is no genuine dispute as to reasonable reliance, damages, and duty to disclose on Bridges' personal North Carolina claims.

Bridges does not rebut MBUSA's argument that she has no evidence of reasonable reliance.  Bridges merely points to a salesman's generic statement about safety.  D.E. 4808 at 30.  She tellingly does not claim that this statement related to the vehicle's airbags.  *Id.*  And she makes no argument whatsoever about the reasonableness of any reliance.  *Compare id.* at 30, *with Bumpers v. Cmty. Bank of N. Va.*, 747 S.E.2d 220, 227 (N.C. 2013) (both North Carolina fraud and the NCUDTPA require *reasonable* reliance).  Bridges' failure to even acknowledge an essential element of her claims requires entry of summary judgment in MBUSA's favor.

Bridges also has no damages under North Carolina law.  MBUSA cited cases defining the benefit-of-the-bargain damages available for property losses—the same type of injury that plaintiffs allege.  *See* D.E. 4800 at 22–23.[11]  Repair costs properly measure benefit-of-the-bargain damages in North Carolina.  *See, e.g.*, *Sprinkle v. N.C. Wildlife Res. Comm'n*, 600 S.E.2d 473, 477–78 (N.C. Ct. App. 2004).  And this Court has already held that the "the definition of benefit-of-the-bargain damages does not vary based on the particular claim at issue."  D.E. 4471 at 13.

Bridges' omissions theory also fails.  First, *Allen v. Roberts Construction* does not state that

---

[11] Bridges' cases are far afield from her own claims: *First Atlantic Management Corp. v. Dunlea Realty Co.* involved the sale of rental-property rights (507 S.E.2d 56, 59 (N.C. Ct. App. 1998)), and *Hardy v. Toler* discussed the availability of punitive damages (218 S.E.2d 342, 347 (N.C. 1975)).

superior knowledge creates a duty to disclose: that case dealt with a "false representation," not an omission. 532 S.E.2d 534, 541 (N.C. Ct. App. 2000). Regardless, MBUSA did not have superior knowledge, *see supra*, Section I.A. Second, plaintiffs offer no evidence for their claim that "MBUSA made affirmative representations regarding its Class Vehicles' safety features, including their airbags," and do not even claim that Bridges relied on these unspecified representations. D.E. 4808 at 30 (not citing any evidence). The evidence establishes that Bridges did ***not*** rely on representations from MBUSA. D.E. 4802 ¶ 25; RSOF ¶ 25. Just like the plaintiff in *Hutton v. Hydra-Tech, Inc.*—on which Bridges relies—Bridges "has failed to establish that [MBUSA] had an affirmative duty to disclose." 2018 WL 1363842, at *8 (M.D.N.C. Mar. 15, 2018).

Finally, Bridges does not cite any evidence or law proving that "MBUSA's authorization and certification process [for used car dealerships] obligated it to disclose the defect, particularly where it disclosed all other issues with the car." D.E. 4808 at 30. With no evidence, plaintiffs cannot avoid summary judgment and certification by a used-car dealership does not give rise to a duty to disclose. *See Hardin v. KCS Int'l, Inc.*, 682 S.E.2d 726, 733 (N.C. Ct. App. 2009).

### B. There is no genuine dispute of material fact on Bridges' *Zantac* claims under Colorado, Utah, Virginia, West Virginia, and Wisconsin law.

#### 1. Colorado: Bridges has not shown cognizable damages and completely ignores Colorado law on fraud.

Bridges has not raised a genuine dispute as to damages under Colorado law. Bridges cites *Club Matrix, LLC v. Nassi*, 284 P.3d 93 (Colo. App. 2011), and *JW Const. Co., Inc. v. Elliott*, 253 P.3d 1265 (Colo. App. 2011), to support her claim that she is entitled to something beyond the cost of repair, but neither case involved property damage. *Club Matrix* applied law specific to a commercial lease, and ultimately reversed the damages award because it was not supported by competent evidence. *Elliott* involved a fraud action by homeowners against their general contractor for excessive liens resulting from fabricated or altered invoices. Bridges also cites *Witters v. Daniels Motors, Inc.*, 524 P.2d 632 (Colo. App. 1974) to argue that cost of repair is an "option" rather than a "cap on recoverable damages." But *Witters* did not rule that the plaintiff could seek both difference in value *and* cost of repair damages, as Bridges argues. Moreover, a plaintiff seeking to recover for personal property damages "has a duty to mitigate damages" and a damage award cannot "create a windfall to plaintiff . . . or result in a double recovery." *Airborne, Inc. v. Denver Air Ctr., Inc.*, 832 P.2d 1086, 1091 (Colo. App. 1992). It is true that Colorado allows for recovery of diminution in value *if* the repair does not fully compensate the plaintiff, but Bridges has not made that showing

here. *Id.* at 1092 (allowing diminution in value damages where plaintiff proved that an airplane with an accident history would "never have the value that it had before the incident"). Thus, Bridges is limited to the cost-of-repair, which is zero, and her Colorado fraud claim must fail.

Bridges does not address her Colorado fraud claim, instead relying on her North Carolina arguments. D.E. 4808 at 32. Critically, Bridges failed to proffer evidence meeting Colorado's requirement to show *justifiable* reliance. Nor does Bridges dispute that she is required under Colorado law to "specify the statements [she] claims were false or misleading"—but she fails to offer evidence on this point as well. D.E. 4800 at 25 (citing *State Farm Mut. Auto. Ins. v. Parrish*, 899 P.2d 285, 288 (Colo. App. 1994)). Further, Bridges does not dispute that Colorado requires an intent "that the concealment be acted upon"—but again does not offer the required proof. D.E. 4800 at 25, citing *Rocky Mtn. Expl., Inc. v. Davis Graham & Stubbs LLP*, 420 P.3d 223, 234 (Colo. 2018).

### 2. Utah: Bridges offers no Utah-specific legal arguments regarding reliance and duty to disclose, and plaintiffs are wrong on damages.

Bridges cannot rebut black-letter Utah law: "Where the cost of restoration is less than the diminution of value, the former is the proper measure of damages." *Leishman v. Kamas Valley Lumber Co.*, 427 P.2d 747, 749 (Utah 1967). The cases Bridges relies on merely say diminution in value is available in *inapposite* circumstances. *Pace v. Parrish*, 247 P.2d 273, 277 (1952); *accord Dilworth v. Lauritzen*, 424 P.2d 136, 137–38 (Utah 1967). They do not negate the principle from *Leishman* that cost-of-repair governs when repair is possible and the cost of repair is less. *Compare Leishman*, 427 P.2d at 749, *with Pace*, 247 P.2d at 277, *and Dilworth*, 424 P.2d at 137–38. Moreover, plaintiffs' irrelevant criticism that *Leishman* did not involve an alleged automobile fraud applies equally to *Pace* and *Dilworth*. *See Pace*, 247 P.2d at 277 (real estate); *Dilworth*, 424 P.2d at 137–38 (distributorship). Consistent with its treatment of other states applying the lesser-of rule, the Court should enter summary judgment for MBUSA. *See* D.E. 4471 at 1–2, 14.

Bridges simply refers to her North Carolina arguments regarding reliance and a duty to disclose and does not prove what Utah law requires. D.E. 4808 at 32. This is fatal. Without showing that Utah law—the law applicable to Utah purchases, D.E. 3834 at 8–9—imposes a duty to disclose and allows for reliance on these facts, the Utah claims cannot survive.

### 3. Virginia: Bridges offers no Virginia-specific legal arguments regarding reliance and duty to disclose, and plaintiffs are wrong on damages.

As with both Colorado and Utah, Bridges merely refers to her North Carolina arguments as to reliance and a duty to disclose, without proving what Virginia law requires. D.E. 4808 at 32–

33. But Virginia law required her to show that she relied reasonably, that a fiduciary or confidential relationship established a duty to disclose, and that MBUSA intended to deceive her. *Doe ex rel. Doe v. Baker*, 857 S.E.2d 573, 590 (Va. 2021); *Metrocall of Del., Inc. v. Cont'l Cellular Corp.*, 437 S.E.2d 189, 194 (Va. 1993).

As for damages, Bridges fails to overcome Virginia's express adoption of the "lesser of rule" as "the proper measure of damages to motor vehicles." *Averett v. Shircliff*, 237 S.E.2d 92, 95 (Va. 1977). *Klaiber v. Freemason Associates* does not change this, but instead reinforces the principle that a plaintiff cannot receive a windfall. 587 S.E.2d 555, 558 (Va. 2003). The plaintiffs in *Klaiber* sold the real property at issue at a profit; diminution in value was negative. *Id.* at 559. *Klaiber* declined to award "costs of repair or replacement" as damages precisely because those costs would be *more* than the negative diminution-in-value damages. *Id.* *Klaiber* thus supports the lesser-of approach. *Id.* Here, the lesser cost is the cost of repair at zero, so the Court should grant summary judgment consistent with its prior rulings on lesser-of states. D.E. 4471 at 14–15.

### 4. West Virginia: Bridges presented no evidence of justified reliance, and plaintiffs are wrong on damages.

Bridges does not address her West Virginia fraud claims separate from Radican's treatment of the West Virginia CCPA claim. D.E. 4808 at 28–29, 31–34. In conflating the claims, Bridges fails to address MBUSA's argument that Bridges presented "no evidence of the required element of justified reliance." *Compare* D.E. 4800 at 28, *with* D.E. 4808 at 28–29. Bridges bore the burden of producing evidence showing this essential element. *Jones v. Gerwens*, 677 F. Supp. 1151, 1153 (S.D. Fla. 1988), *aff'd*, 874 F.2d 1534 (11th Cir. 1989). Because she failed to do so, the Court must enter summary judgment for MBUSA. Moreover, as explained above, Bridges is wrong about *Ellis v. King*, and she has no damages. *See supra*, Section IV.C.8.

### 5. Wisconsin: Bridges did not respond on reliance and economic loss, and is wrong on damages, manifestation, and the duty to disclose.

Bridges failed to oppose MBUSA's showing that she "cannot prove reliance [under Wisconsin law] given her testimony that she did not recall viewing any relevant MBUSA marketing or advertising in connection with her purchase." *Compare* D.E. 4800 at 29 (citing D.E. 4802 ¶ 25; *Hennig v. Ahearn*, 601 N.W.2d 14, 22 (Wis. Ct. App. 1999) (plaintiff "must establish" she "justifiably relied on the misrepresentation")), *with* D.E. 4808 at 33–34 (failing to address reliance). Bridges also failed to oppose MBUSA's showing that her "Wisconsin fraud claim is also barred by Wisconsin's economic-loss doctrine." *Compare* D.E. 4800 at 29 (citing *Tietsworth v. Harley*

*Davidson*, 677 N.W.2d 233, 244 (Wis. 2004), *with* D.E. 4808 at 33–34 (failing to oppose).  This forfeiture is particularly glaring since plaintiffs acknowledge that *Tietsworth* dealt with the economic loss doctrine.  *See* D.E. 4808 at 33 n.13.  These failures alone justify summary judgment.

The arguments Bridges advances are wrong.  On damages, *Betterman* and *Chitwood* are consistent with Wisconsin's "lesser-of" rule; they only discuss the measure of benefit-of-the-bargain damages *when repair is not an option*.  *Betterman v. Fleming Cos.*, 677 N.W.2d 673, 681 (Wis. Ct. App. 2004) (misrepresentation about 401(k) account); *Chitwood v. A.O. Smith Harvestore Prods., Inc.*, 489 N.W.2d 697, 706 (Wis. Ct. App. 1992) (irreparable equipment).  On manifestation, Bridges cannot change *Tietsworth* and *In re Toyota*'s requirement that the alleged defect manifest by conflating accrual of damages.  *Compare* D.E. 4808 at 33–34, *with* D.E. 4800 at 28.  And on duty to disclose, Bridges' citation to federal cases does not change the fact that Wisconsin has not recognized a duty to disclose in consumer transactions.  *Tietsworth*, 677 N.W.2d at 239.  The Court should not "expand state law" in the absence of state court decisions.  *Tershakovec v. Ford Motor Co., Inc.*, 79 F.4th 1299, 1313 (11th Cir. 2023).

## VI.   Plaintiffs' Response fails to create genuine disputes of material fact on essential elements of the remaining plaintiffs' claims.

### A.  Nancy Phillips may not rely on her husband's testimony, and she has not carried her burden on reliance, duty to disclose, damages, and tolling.

Plaintiffs forfeit any counterargument to Jack Phillips' lack of standing.  *Compare* D.E. 4800 at 30, *with* D.E. 4808 at 34–36.  His claims must be dismissed.  *LN Mgmt.*, 957 F.3d at 950.  Without Mr. Phillips, there certainly is "valid reason" (D.E. 4808 at 34) Nancy Phillips cannot proceed.  It is undisputed that she played no part in decisionmaking for the vehicle purchase or in discovery in this case.  *See* D.E. 4802 ¶¶ 41–43; D.E. 4808 at 34–35.  Plaintiffs do not argue that Mrs. Phillips may now rely on her husband's testimony.  Instead they argue that she "remains in the case" and "can continue as the Plaintiff."  D.E. 4808 at 34.  But it is *plaintiffs'* obligation to "follow[]" Rule 25 (*id.*) if they wish for Mrs. Phillips to "step into" Mr. Phillips' position in the case.  *See Silas v. Sheriff of Broward Cnty.*, 55 F.4th 872, 876 (11th Cir. 2022).[12]  Mr. Phillips did not speak on his wife's behalf at his deposition, so Mrs. Phillips must stand on her own evidence.

Plaintiffs fail to raise a genuine issue of fact on Mrs. Phillips' claims.  They cite no evidence connecting a purchase by her to a representation by MBUSA—as Mr. Phillips testified, he made the purchase decision on his own.  D.E. 4802 ¶ 42.  Their position that MBUSA should be held liable

---

[12] MBUSA opposes substitution for the same reasons explained *supra* Section II.A.

for any statement made, regardless of whether Mrs. Phillips relied on it (D.E. 4808 at 35), is contrary to established law.  *See Knepper v. Brown*, 195 P.3d 383, 329 (Or. 2008) (fraud requires damage "*resulting from*" reliance); *Pearson v. Philip Morris, Inc.*, 361 P.3d 3, 23, 27 (Or. 2015) (causation is an element of UTPA).  Even if Mr. Phillips' conduct could be imputed to Mrs. Phillips, he only recalled general "ads" disconnected from MBUSA.  This does not prove reliance under Oregon law.

Plaintiffs also fail to address the lack of duty to disclose under Oregon law.  *Compare* D.E. 4800 at 31 (arguing the Phillipses had no special relationship with MBUSA), *with* D.E. 4808 at 34–36.  They thus forfeit any claim premised on fraud by omission.

As for damages, plaintiffs advance *no* argument for common-law fraud.  D.E. 4808 at 34–36.  Their interpretation of *Simonsen* is misplaced, as *Simonsen* did not involve a recall or repair and thus "do[es] not shed light on the effect of such a remedy."  *See* D.E. 4471 at 14.  When that remedy is available—when harm is "susceptible to repair"—cost of repair is the proper measure of damages.  *McCormick v. City of Portland*, 82 P.3d 1043, 1048–49 (Or. Ct. App. 2004); *see also* D.E. 4471 at 6 (same under Arizona law).  The Court has already rejected plaintiffs' attempts to distinguish between harm to real and personal property.  *See* D.E. 4471 at 13.

Finally, the Phillipses' UTPA claim is time-barred.  *See* Or. Stat. § 646.638(6).  Plaintiffs cannot argue that unspecified ads "touting safety" "played a role in [Jack Phillips'] decision to buy his Class Vehicle" and at the same time maintain that the recall notice, providing notice of the alleged defect, failed to inform him those ads were (as plaintiffs allege) false.  *See* D.E. 4808 at 35–36.  If Mr. Phillips in fact relied on advertisements (he did not), he necessarily discovered the alleged misconduct upon receipt of the recall notice almost two years before filing suit.

**B. Knapp's Iowa claims fail because she misunderstands Iowa damages law and cannot establish that she relied on a misrepresentation or omission.**

Plaintiffs fail to establish any genuine dispute as to damages or reliance under Iowa law.  This Court has held that "the definition of benefit-of-the-bargain damages does not vary based on the particular claim at issue."  D.E. 4471 at 13.  This defeats plaintiffs' argument that *Long v. McAllister*, 319 N.W.2d 256, 261 (Iowa 1982), does not apply merely because it did not address fraud.  Iowa law is clear—plaintiffs have no cognizable "benefit-of-the-bargain damages" because they "have been compensated and made whole.  They got what they bargained for."  D.E. 4471 at 15; *Long*, 319 N.W.2d at 261 ("When the injury to the motor vehicle can be repaired [and] will be in as good condition as . . . before the injury, and the cost of repair does not exceed the difference in market value . . . before and after the injury, then the measure of damages is the reasonable cost

of repair [plus 'loss-of-use' damages]."); *Marx v. Elkader Co-op. Co.*, 2002 WL 663690, at *2 (Iowa Ct. App. Apr. 24, 2002) ("When either of two measures of damages will fully compensate a plaintiff for his or her loss, the measure must be adopted which is less expensive to defendant."). Thus, the free and effective recall repair negates damages under Iowa law.

As to reliance, Knapp admitted that the online research she "probably" conducted was limited to "what the model number was and what the features were." RSOF ¶ 45. Further, Knapp admits she was unable to say whether a brochure was provided to her before or after her purchase. *Id*. Knapp cannot establish reliance because she *assumed* that the vehicle was safe regardless of any representations made to her. *Brown v. La.–Pac. Corp.*, 820 F.3d 339, 349 (8th Cir. 2016) (under Iowa CFA, plaintiff must show that "but-for [defendant's] purported misrepresentation, he would not have elected to purchase" the product); *cf.* RSOF ¶ 45 (Knapp testified that safety is "an assumption I would have made" regardless of salesman's statements).

In a bid to save her claim, Knapp raises an omissions theory. D.E. 4808 at 36 (citing Iowa Code § 714H.3). But to succeed on this theory, Knapp must show that MBUSA "intend[ed] that the consumer rely on those omissions." *Elder v. Reliance Worldwide Corp.*, 563 F. Supp. 3d 1221, 1247 (N.D. Ga. 2021). Knapp cannot do so because she has not proven that MBUSA knew of the alleged defect when Knapp purchased her vehicle in May 2011. *See, supra*, Section I.A; RSOF ¶ 44.

### C. Goldberg has not shown damages under Washington law, has produced no evidence of reliance, and has failed to carry his burden on the discovery rule.

Goldberg does not create genuine disputes as to damages, reliance, or the discovery rule. Despite plaintiffs' protestations, D.E. 4408 at 36–37, "the definition of benefit-of-the-bargain damages does not vary based on the particular claim at issue." D.E. 4471 at 13. Goldberg's cases do not negate the lesser-of rule established in Washington law. For example, *Burbo v. Harley C. Douglass, Inc.* did not need to consider repair costs since the plaintiffs did not establish liability, and repair wasn't possible since the defendant misrepresented used farm equipment as new. 106 P.3d 258, 266–67 (Wash. Ct. App. 2005); *McInnis & Co. v. W. Tractor & Equip. Co.*, 388 P.2d 562, 564 (Wash. 1964). When repair is possible, Washington follows the lesser-of approach. D.E. 4800 at 34. As for reliance, Goldberg does not contradict MBUSA's evidence that he did not rely on any MBUSA statements regarding the airbag. D.E. 4800 at 35. He points only to generic commercials, research, and a brochure, with no further explanation. D.E. 4808 at 37. He "has not presented a convincing mosaic of circumstantial evidence that would support even an inference [of reliance] at summary judgment." *Poer v. Jefferson Cnty. Comm'n*, 100 F.4th 1325, 1340 (11th Cir. 2024).

Goldberg also failed to meet his burden of showing that his claims are not time-barred. Goldberg claims that "MBUSA presents no argument or evidence" to negate the discovery rule. D.E. 4808 at 37. But that gets the burden backwards: "The plaintiff bears the burden to establish that she did not discover the facts constituting the fraud and that she could not reasonably have discovered them within the statute of limitations period." *Young v. Savidge*, 230 P.3d 222, 230 (Wash. Ct. App. 2010).[13] Because Goldberg did not meet his burden, summary judgment is warranted.

### D. Taylor has not shown failure to cure, manifestation of a defect, lack of performance, reliance, a duty to disclose, or damages under Mississippi law, nor has she tolled the statute of limitations.

MBUSA cured the alleged defect when given a reasonable opportunity to do so. *See* D.E. 4802 ¶ 68. The opportunity to cure minimizes economic waste. *Fitzner Pontiac-Buick-Cadillac, Inc. v. Smith*, 523 So. 2d 324, 325 & 328 n.1 (Miss. 1988). This is exactly what Taylor seeks now: compensation for a vehicle with no defect. She cannot dodge this reality by pointing to the time spent redesigning and replacing airbag inflators. D.E. 4808 at 37.

Taylor offers no proof any defect manifested (D.E. 4808 at 37–38) or that the product— Taylor's vehicle, not the inflators—failed to perform. *See Ford Motor Co. v. Fairley*, 398 So. 2d 216, 217–19 (Miss. 1981) (propensity for "piston scuffing" irrelevant because plaintiffs drove car without issue for two years, negating implied-warranty claim "as a matter of law"). The Court has only declined to dismiss warranty claims for lack of manifestation on the much lower pleadings standard. *See* D.E. 3406; D.E. 3834. Taylor's claim fails due to a lack of evidence now.

The discovery rule does not apply to Taylor's claim. She cites no evidence her warranty "*explicitly* extends to future performance." *See* Miss. Code § 75–2–725 (emphasis added). Her implied warranty claim is thus time-barred.

Taylor also has no proof of reliance. She describes ads "for Mercedes-Benz vehicles generally" (D.E. 4808 at 38–39) but cannot recall whether she encountered any ads *before* purchasing her vehicle (D.E. 4802 ¶ 65). She cannot identify a single representation made by MBUSA—not some other entity—that she even *might* have relied on. *See id.* She has failed to meet her burden on reliance. *See Levens v. Campbell*, 733 So. 2d 753, 761–62 (Miss. 1999)

---

[13] *Accord Giraud v. Quincy Farm & Chem.*, 6 P.3d 104, 109 (Wash. Ct. App. 2000) ("To invoke the discovery rule, the plaintiff must show that he or she could not have discovered the relevant facts earlier.").

(plaintiff's reliance "must be proven by clear and convincing evidence").

Nor can Taylor prove a duty to disclose. She cites no authority for her theory that a "knowledge imbalance" creates such a duty and cites no evidence for her theory that MBUSA "concealed" the alleged defect it had no knowledge of. *See* D.E. 4808 at 39. Separately, a duty to disclose cannot arise in an arm's length transaction. *See Taylor v. State Farm Bureau Cas. Co.*, 954 So. 2d 1045, 1049–50 (Miss. Ct. App. 2007). And Taylor had no transaction with MBUSA at all. D.E. 4802 ¶¶ 62–63 (purchased vehicle used from third party not affiliated with MBUSA).

Finally, Taylor raises no genuine dispute on damages. Damages are not available here because a buyer can recover only after giving the seller reasonable opportunity to cure, and MBUSA has already cured the alleged defect. *See* D.E. 4471 at 15. The value of Taylor's vehicle at the time of purchase is irrelevant; plaintiffs' argument that damage to personal property does not extend to fraud claims disregards the Court's prior reasoning. *See* D.E. 4471 at 9, 11–12. The cost of repairs is "is all that is necessary." *Bell v. First Columbus Nat'l Bank*, 493 So. 2d 964, 970 (Miss. 1986).

### E. Calhoun has not shown reliance, a duty to disclose, or damages under Georgia law, nor has she tolled the statute of limitations.

In their timely filed Response, plaintiffs "agree[d] to dismiss . . . Plaintiff Calhoun's claims under Georgia law." D.E. 4808 at 3 n.2. Rightly so, as her claims fail on four separate grounds. First, she did not establish justified reliance because she identified no MBUSA marketing in her interrogatory responses, she testified that she did not rely on any advertising, and she repurchased the *same* model *after* learning of the recall. *See* D.E. 4801-34 at No. 2; D.E. 4802 ¶¶ 74, 79; *Jimenez v. Houseboats on Lanier, Inc.*, 899 S.E.2d 334, 339 (Ga. App. 2024). Second, Calhoun offers no evidence that MBUSA knew of her purchase or had a relationship with her sufficient to establish a duty to disclose. *See* D.E. 4808 at 40. Third, Calhoun's irrelevant damages authority does not undermine Georgia's adoption of the lesser-of rule for reparable injuries.[14] Indeed, *Horne* sustained damages on testimony regarding the effect of cost of repairs. *Horne v. Claude Ray Ford Sales, Inc.*, 290 S.E.2d 497, 498–99 (Ga. App. 1982). Fourth, Calhoun has not carried her burden to toll the statute of limitations because she has not shown moral turpitude and either reasonable diligence or active concealment. *Wilson v. Phillips*, 495 S.E.2d 904, 905 (Ga. App. 1998).

---

[14] *See Brooks v. Dime Sav. Bank*, 457 S.E.2d 706, 707 (Ga. App. 1995) (inflated sales price of new home); *Bennett v. D.L. Claborn Buick, Inc.*, 414 S.E.2d 12, 309–10 (Ga. App. 1991) (used car marketed as new); *Colonial Lincoln-Mercury Sales, Inc. v. Molina*, 262 S.E.2d 820, 822–23 (Ga. App. 1979) (discussing restitution and treble damages); *see also* D.E. 4471 at 14 ("the cases that Plaintiffs cite . . . did not involve recalls").

Dated: August 23, 2024                    Respectfully submitted,

*/s/ Raoul G. Cantero*
Raoul G. Cantero (Florida Bar No. 552356)
raoul.cantero@whitecase.com
Jaime A. Bianchi (Florida Bar No. 908533)
jbianchi@whitecase.com
Sheldon A. Philp (Florida Bar No. 020123)
sphilp@whitecase.com
**WHITE & CASE LLP**
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

Troy M. Yoshino (*admitted pro hac vice*)
TYoshino@winston.com
Eric J. Knapp (*admitted pro hac vice*)
EKnapp@winston.com
**WINSTON & STRAWN LLP**
101 California Street, Suite 3500
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Attorneys for Defendant*
*Mercedes-Benz USA, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2024, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By: */s/ Raoul G. Cantero*
Raoul G. Cantero