# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

| | |
|---|---|
| **IN RE: TAKATA AIRBAG PRODUCT LIABILITY LITIGATION** | MDL No. 2599 |
| This Document Relates to All Economic Loss Class Actions and: | Master File No. 15-MD-2599-FAM |
| | S.D. Fla. Case No. 1:14-cv-24009-FAM |
| STEPHANIE PUHALLA, et al., individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| MERCEDES-BENZ USA, LLC, | |
| Defendant. | |

## DEFENDANT MERCEDES-BENZ USA, LLC'S REPLY STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Raoul G. Cantero
Jaime A. Bianchi
Sheldon A. Philp
WHITE & CASE LLP
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

Troy M. Yoshino
Eric J. Knapp
WINSTON & STRAWN LLP
101 California Street, Suite 3500
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Attorneys for Defendant*
*Mercedes-Benz USA, LLC*

Pursuant to Federal Rule of Civil Procedure 56 and Southern District of Florida Local Rule 56.1, Defendant Mercedes-Benz USA, LLC ("MBUSA") submits the following Reply Statement of Material Facts in Support of MBUSA's Motion for Summary Judgment (D.E. 4800).

## I.   MBUSA's Reply in Support of Its Statement of Undisputed Material Facts.
### MBUSA's Role in the Supply Chain

1.   This fact remains undisputed.  The specific activities plaintiffs describe do not contradict the fact that MBUSA distributes, retails, and warrants Mercedes-Benz vehicles. MBUSA incorporates its response to paragraphs 144–57 which plaintiffs refer to in this paragraph.

2.   This fact remains undisputed.  The evidence states that "Mercedes-Benz Manhattan is *the one* dealership that MBUSA directly owns."  D.E. 4801-1 at 22:11–13 (emphasis added; *see also* D.E. 4801-4 99:2–3 ("[D]ealers are independently owned and operated.").  Plaintiffs' claim that MBUSA "controls many aspects of dealer activities" is not material and does not rebut the facts that MBUSA "[w]ith one exception . . . does not own or control any authorized Mercedes-Benz dealership."

3.   The parties agree this fact is undisputed.

4.   This fact remains undisputed.  Plaintiffs concede that Interrogatory No. 7 addressed the "inflator and inflator propellant," which is the material fact in this paragraph.  Plaintiffs' Exhibit 1, Brunner's deposition, and Exhibit 2, a customer service update, refer to MBUSA's role in the *recall* of Takata airbags, which does not establish *pre-sale* knowledge and is not the same as the "research, development, analysis, or testing of Takata airbag inflators or inflator propellant" addressed in this paragraph.  *Compare* D.E. 4811-1, *and* D.E. 4811-2, *with* D.E. 4802 ¶ 4.

5.   This fact remains undisputed.  Exhibit 3 is irrelevant to the fact asserted.  It does not say anything about Takata inflators.  Moreover, the primary role of the Quality Evaluation Center ("QEC") with respect to Takata inflators was to receive *recalled* Takata inflators.  *See* D.E. 4811-1 (Brunner Dep.) at 144:14–145:25.  Thus, this cannot establish *pre-sale* knowledge.  MBUSA's role in the recall does not conflict with its lack of involvement in the "development, design, manufacture, assembly, comparison, testing, or analysis of Takata airbag inflators."  D.E. 4802 ¶ 5.  MBUSA incorporates its response to paragraphs 150–57, which plaintiffs refer to.

6.   This fact remains undisputed.  MBUSA's prior recall of non-inflator parts does not establish knowledge of Takata inflators using non-desiccated Phase Stabilized Ammonium Nitrate (PSAN)—Takata made many different parts, but only an alleged defect in non-desiccated PSAN

1

inflators is at issue.  *See* D.E. 4811-4 (plaintiffs' Exhibit 4 discussing fasteners, and not mentioning PSAN or issues with inflators).  MBUSA incorporates its response to paragraphs 124–25, 130–31, 133–35, 144–49, and 150–57, which plaintiffs refer to in this paragraph.

7.    The dispute in this paragraph is not material.  First, Daimler AG issued the recall, D.E. 4801-10 ¶ 6, but MBUSA carried out the recall, D.E. 4811-5, D.E. 5811-6, D.E. 4811-7.  Second, though plaintiffs quibble over the word "confirmed," they offer no evidence of a rupture to negate the fact that "there had been no inflator ruptures or other issues" in Mercedes-Benz vehicles at the time of the recall.  *Compare* D.E. 4805 ¶ 7, *with* D.E. 4802 ¶ 7.

8.    This fact remains undisputed.  Plaintiffs do not and cannot dispute that Daimler was the manufacturer of the relevant Mercedes-Benz vehicles at the time of the recall.  *See* D.E. 4026 ¶ 171 (identifying Daimler as the manufacturer).  Also, MBUSI is not "located directly across the street from MBUSA."  MBUSI is a contract assembly plant in Tuscaloosa, Alabama, as plaintiffs previously acknowledged.  D.E. 4779-1.  MBUSA is located hundreds of miles away in Georgia, as plaintiffs previously acknowledged.  D.E. 4026 ¶ 67.  And MBUSA's role in implementing the recall does not negate the fact that Daimler carried out the redesign, much less MBUSA's lack of pre-sale knowledge.  MBUSA incorporates its response to paragraphs 136–37, which plaintiffs refer to in this paragraph.

9.    This fact remains undisputed for the same reasons Paragraph 8 is undisputed.  Additionally, plaintiffs do not genuinely dispute the fact that the redesign was done "with the approval and acknowledgement of NHTSA" as they offer nothing to rebut Brunner's testimony.  *Compare* D.E. 4805 ¶ 9, *with* D.E. 4801-10 ¶ 7.  MBUSA incorporates its response to paragraphs 136, which plaintiffs refer to in this paragraph.

10.    The parties agree this fact is undisputed.

11.    The parties agree this fact is undisputed.

12.    The parties agree this fact is undisputed.

### PLAINTIFF THERESA MARIE RADICAN (RHODE ISLAND & CONNECTICUT, HAWAII, MAINE, NEBRASKA, OKLAHOMA, VERMONT, VIRGINIA, WEST VIRGINIA)

13.    The parties agree this fact is undisputed.

14.    The parties agree this fact is undisputed.

15.    This fact remains undisputed.  Nothing that plaintiffs cite contradicts Radican's testimony that she wanted the 2008 C 300 "because that was the year that they changed the design,

and [she] liked the design much better than the previous one." D.E. 4801-13 at 61:16–23.

16.    This fact remains undisputed. Plaintiffs' cited evidence is irrelevant because an unsupported assertion that Radican viewed unidentified commercials regarding the "safety and dependability of the Subject Vehicle and MBUSA's vehicles in general" does not create a genuine dispute of fact where Radican admits to "not recall[ing] which specific commercials." D.E. 4801-16, Radican Rog Response 2. Further, when asked at deposition whether she or her husband "review[ed] any marketing materials or advertisements for this car before you bought it," Radican responded, "No." D.E. 4801-13, Radican Dep. at 61:24–65:2.

17.    The parties agree this fact is undisputed.

18.    This fact remains undisputed. Plaintiffs do not dispute the fact that Radican had the recall repair done, for free, on August 6, 2018. It is irrelevant that Radican may have set up the recall repair appointment as soon as she learned of the recall.

19.    The parties agree this fact is undisputed.

20.    This fact remains undisputed. Plaintiffs' citation to their expert reports regarding the value of Radican's vehicle does not have any relevance to whether Radican sustained out-of-pocket or loss-of-use expenses as a result of the Takata airbag-inflator recall.

21.    The parties agree this fact is undisputed.

22.    This fact remains undisputed. Plaintiffs do not cite any record evidence that contradicts the fact that when asked how much she would have paid for her vehicle had she had known about the inflator defect, Radican refused to provide an answer.

23.    The parties agree this fact is undisputed.

**PLAINTIFF DAPHNE BRIDGES (NORTH CAROLINA & COLORADO, UTAH, VIRGINIA, WEST VIRGINIA, WISCONSIN)**

24.    The parties agree this fact is undisputed.

25.    This fact remains undisputed. Plaintiffs misrepresent the status of the dealership. Plaintiffs admitted Paragraph 24, which stated that Bridges purchased her vehicle from Hendrick Motors of Charlotte in Charlotte, North Carolina. Plaintiffs, however, then claim that this was an "MBUSA dealership" in their response to Paragraph 25. Hendrick Motors of Charlotte was *not* owned by MBUSA. *See* D.E. 4801-1 at 22:11–13 ("Mercedes-Benz Manhattan is *the one* dealership that MBUSA directly owns." (emphasis added)); *see also* D.E. 4801-4 99:2–3 ("[D]ealers are independently owned and operated."). The fact remains that "Bridges did not maintain in her interrogatory responses or in her deposition that she relied on any statements by

MBUSA regarding the safety of the C-Class vehicles or their airbags."  D.E. 4802 ¶ 25.

26.    This fact remains undisputed. Plaintiffs' response in this paragraph also is immaterial. Plaintiffs misrepresent that "MBUSA sold" Bridges her vehicle, even though two paragraphs earlier they acknowledge that Bridges bought her vehicle from Hendrick Motors of Charlotte, not from MBUSA.  Plaintiffs' contention that MBUSA's express warranty was "inadequate" is wrong and immaterial.  Plaintiffs offer no support for the contention that MBUSA had to replace the airbags "immediately" (nor could they), and that contention is not relevant to Bridges' economic loss claim.  D.E. 4805 ¶ 26; D.E. 4808 at 30.

27.    The parties agree this fact is undisputed.

28.    This fact remains undisputed.  MBUSA does not claim that Bridges' daughter drove the car, so plaintiffs' response is irrelevant.  D.E. 4802 ¶ 28.

29.    This fact remains undisputed.  Plaintiffs do not negate the claim that "[t]he airbags in Bridges' vehicle never deployed abnormally" but instead offer legal argument on what allegedly constitutes a defect.

30.    This fact remains undisputed.  Plaintiffs' contention that Bridges overpaid for her vehicle does not relate to the claim regarding out-of-pocket expenses in this paragraph.  Plaintiffs do not explain how putting miles on another vehicle constitutes "out-of-pocket costs or loss-of-use expenses."

31.    It is undisputed then that Bridges traded in the vehicle in June 2020 with a valuation that neared what her own self-conducted research revealed was the market value of the subject vehicle at the time she traded it in.  D.E. 4801-17 at 133:16–135:19.  Plaintiffs are correct that Bridges limited her answer with the phrase "close to."  Ultimately, though this is immaterial since plaintiffs seek overpayment damages at the "time of sale."  *See generally* D.E. 4808.

32.    The parties agree this fact is undisputed.

**P**LAINTIFFS **J**OHN **("J**ACK**")** & **N**ANCY **P**HILLIPS **(O**REGON**)**

33.    The parties agree this fact is undisputed.

34.    This fact remains undisputed.  Nothing plaintiffs cite contradicts the fact that Jack Phillips did not recall the content of any other advertisements beyond the "high quality" of the R 350, much less any specifics.

35.    The parties agree this fact is undisputed.

36.    This fact remains undisputed.  Jack Phillips' request for the recall does not contradict

the fact that his airbags were replaced for free.

37.     This fact remains undisputed.  Jack and Nancy Phillips' state of mind does not contradict the fact that the airbags "never deployed abnormally."

38.     This fact remains undisputed.  Jack Phillips' belief that the vehicle was worth a certain amount and later vehicle purchase do not contradict the fact that that his insurer declared the vehicle a total loss and paid him $12,153 for its value.

39.     This fact remains undisputed.  The evidence plaintiffs cite is irrelevant to the fact that Jack Phillips sustained no out-of-pocket or loss-of-use expenses as a result of the Takata airbag-inflator recall.

40.     The parties agree this fact is undisputed.

41.     The parties agree this fact is undisputed.

42.     The parties agree this fact is undisputed.

43.     The parties agree this fact is undisputed.

### PLAINTIFF SUSAN KNAPP (IOWA)

44.     The parties agree this fact is undisputed.

45.     This fact remains undisputed.  Plaintiffs mischaracterize Knapp's testimony or cite to irrelevant facts.  Knapp testified that her vehicle came with a brochure (Knapp Dep. 24:19–21) but that it was "possible" the brochure may have been "in there [the vehicle] after you [Knapp] made the purchase."  D.E. 4801-24 at 93:3–7.  Thus, Knapp did *not* testify to viewing the brochure prior to purchase.  Plaintiffs further mischaracterize Knapp's testimony, as Knapp did not testify that she recalled viewing any specific advertising or brochures, but rather testified the online research she "probably" conducted was limited to "what the model number was and what the features were." *Id*. at 90:1–9.  Likewise, when asked whether Knapp actually asked the dealership salesperson about the safety of the Class Vehicle, she testified that, "I believe that that's an assumption I would have made on a Mercedes."  *Id*. at 89:4–8.

46.     The parties agree this fact is undisputed.

47.     This fact remains undisputed.  The testimony plaintiffs cite is irrelevant.  Knapp never drove the vehicle in question consistently because it was a two-seater convertible, and even before the recall she never drove the vehicle more than "a couple times a week" when "the weather was nice" and when she did not have dogs or kids with her. *Id*. at 107:3–22; 108:3–4.  MBUSA also objects because the fact asserted is of no consequence to the determination of the action. *See* FRE

401(b); 402; D.E. 4497-30 (10/21/2022 Hr'g Tr. at 56:12–13 (confirming plaintiffs are "not seeking a separate category of damages for loss of use")).

48.     This fact remains undisputed.  Plaintiffs mischaracterize Knapp's testimony.  Knapp testified that she was "sure it [the recall] was subject of conversation" with the dealership. Ex.42, Knapp Dep. at 212:15.  Further, Knapp testified that the dealership "wouldn't have been looking at it [the Class Vehicle] if the recall was not in place, and that I couldn't get the airbags." *Id*. at 212: 8–13.

49.     The parties agree this fact is undisputed.

50.     The parties agree this fact is undisputed.

51.     This fact remains undisputed.  Plaintiffs mischaracterize Knapp's testimony.  When asked whether "[a]t any point in time did anyone from Willis Auto Campus claim or tell you that the Mercedes that you were going to trade in, the 2011, was subject to a recall," Knapp responded unequivocally, "No." *Id*. at 185:3–10.  Further, Knapp testified that her Class Vehicle "was under recall.  I had information that it was under recall.  I do not have anything in here to substantiate that, but I'm telling you I knew there was a recall." *Id*. at 184: 2–5.

52.     This fact remains undisputed.  Plaintiffs contest only whether Knapp previously viewed her Buyer's Trade-In Certification, but do not dispute what that certification said.

53.     This fact remains undisputed.  Plaintiffs contest only whether Knapp could have had the recall performed at the time she sold her vehicle, but do not contest the fact that the recall was not performed.

54.     The parties agree this fact is undisputed.

### PLAINTIFF WILLIAM GOLDBERG (WASHINGTON)

55.     The parties agree this fact is undisputed.

56.     This fact remains undisputed.  Contrary to plaintiffs' contention, the cited testimony does not mention the airbags, much less the inflators.  Ex. 43, Goldberg Dep. at 43:15–20. Plaintiffs do not otherwise contradict or negate any of paragraph 56.

57.     This semantic dispute is immaterial.  It is undisputed that Goldberg testified that he received notice of the recall, D.E. 4801-25 at 50:2–5, and it is undisputed that the recall was free, D.E. 4802 ¶ 8, D.E. 4805 ¶ 8 (not disputing that the recall was free).

58.     This fact remains undisputed.  Plaintiffs do not negate the claim that "[t]he airbags in Goldberg's vehicle never deployed abnormally" but instead offer irrelevant commentary.

59.     This fact remains undisputed.  Goldberg does not claim that the vague "transactional costs" constituted "out-of-pocket or loss-of-use expenses."  *Compare* D.E. 4805 ¶ 59, *with* D.E. 4802 ¶ 59.  Regardless, any dispute would be immaterial since plaintiffs seek only overpayment damages at the "time of sale."  *See generally* D.E. 4808.

60.     The parties agree this fact is undisputed.

61.     The parties agree this fact is undisputed.

### PLAINTIFF BETTIE TAYLOR (MISSISSIPPI)

62.     The parties agree this fact is undisputed.

63.     This fact remains undisputed.  Plaintiffs cite no relevant evidence to contradict it. Taylor has already agreed to "leave[] Defendant to their proofs." D.E. 4514 ¶ 19.

64.     The parties agree this fact is undisputed.

65.     This fact remains undisputed.  The advertisements' descriptions of Mercedes-Benz vehicles do not contradict the fact that Taylor recalls seeing and hearing advertisements generally, not for the 2010 C 300 model, that she did not recall where she saw or heard the advertisements or whether she saw or heard them before the purchase, or that she did not recall any statements from MBUSA about the vehicle, and because Taylor's testimony that she "relied on the safety and durability that [advertisements] said that [the] vehicle had" does not contradict the fact that she did not recall any advertisements she relied on in deciding to purchase her vehicle.

66.     The parties agree this fact is undisputed.

67.     The fact remains undisputed.  Plaintiffs cite nothing that contradicts the fact that the airbags in Taylor's vehicle never deployed abnormally.  Whether the airbags equipped in Taylor's vehicle were "safe" is irrelevant to whether or not the airbags equipped in Taylor's vehicle ever deployed abnormally.

68.     This fact remains undisputed.  When replacement parts were available does not contradict the fact that her airbags were replaced for free.

69.     The parties agree this fact is undisputed.

70.     The parties agree this fact is undisputed.

71.     The parties agree this fact is undisputed.

<u>**PLAINTIFF PAULETTE CALHOUN (GEORGIA)**</u>[1]

72.    The parties agree this fact is undisputed.

73.    This fact remains undisputed.  Calhoun's belief that Mercedes-Benz vehicles are dependable and have a good reputation does not contradict the fact that she was looking for a vehicle similar to the model she owned because she loved the way Mercedes-Benz vehicles drive.

74.    This fact remains undisputed.  Plaintiffs have cited no evidence that Calhoun recalled seeing or hearing specific MBUSA advertisements or marketing material.  Further, given that it is undisputed that Calhoun purchased her vehicle from a private seller (*supra* ¶ 72), her assertion that she viewed all material from the "dealer" at the time of purchase is irrelevant because there is no evidence such "material" came from MBUSA.

75.    The parties agree this fact is undisputed.

76.    This fact remains undisputed.  Plaintiffs have cited no relevant evidence contradicting the asserted facts.

77.    The parties agree this fact is undisputed.

78.    The parties agree this fact is undisputed.

79.    The parties agree this fact is undisputed.

80.    The parties agree this fact is undisputed.

**II.    <u>MBUSA's Response to Plaintiffs' Statement of Additional Facts</u>**

**A.  Reply to Plaintiffs' Statement of Facts Regarding MBUSA's Marketing.**

Plaintiffs' heading is argument and does not create a triable issue of fact.

81.    Disputed in part, but immaterial.  Docket Entry 4318-1 does say that MBUSA distributed for sale in Florida and the United States each of the Class Vehicles.  D.E. 4318-1 at 5–6.  Docket Entry 4318-1 speaks for itself, and a dispute over its contents is immaterial.  Undisputed that Aikman testified as described.  D.E. 4339-3 at 24:12–15.  Objection, the paragraph fails to "reference pages" in its citation to D.E. 4318-1.  L.R. 56.1(b)(1)(B).  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.

82.    Disputed in part, but immaterial, because Mark Aikman's 2019 deposition plainly does not say that the cited 2023 sales were the result of MBUSA's marketing efforts.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.

---

[1] Given that plaintiffs have conceded that dismissal of Calhoun's Georgia claims is appropriate, D.E. 4808 at 3 n.2, the undisputed facts cited in ¶¶ 72–80 are ultimately immaterial.

83.     Disputed in part, but immaterial, because plaintiffs misstate the cited Aikman deposition excerpt, which does not mention airbags, and otherwise overstate Aikman's testimony. D.E. 4339-3 at 63:23–25.  Aikman's deposition transcript speaks for itself, and a dispute over its contents is immaterial.

84.     Undisputed but immaterial.   Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.

85.     Undisputed that Analil testified as described in this paragraph.

86.     Objection, this assertion is not "supported by specific, pinpoint references to particular parts of record material."  L.R. 56.1(b)(1)(B).  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.

87.     Disputed but immaterial.  The cited Exhibit 12 does not mention airbags, contrary to plaintiffs' representation.   D.E. 4811-12.   Objection, the paragraph includes improper legal argument.  *See Segal v. Rickey's Rest. & Lounge, Inc.*, 2012 WL 2393769, at *8 (S.D. Fla. June 25, 2012).  Objection, the paragraph is not "limited as far as practicable to a single material fact." LR 56.1(b)(1)(B).   Objection, local rules require facts to be asserted in "separately numbered paragraphs," not hidden in footnotes.  L.R. 56.1(b)(1)(B).

88.     Disputed but immaterial.  The paragraph is misleading because it implies that Exhibit 13 relates to all Mercedes-Benz vehicles when in fact it relates only to Sprinter vans (D.E.4811-13), which are not at issue in this case.  D.E. 4249 at n.3 (plaintiffs voluntarily dismissing Plaintiff Collier's and Plaintiff Fulmore's claims).   Objection, the paragraph includes improper legal argument.  *See Segal*, 2012 WL 2393769, at *8.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.

89.     Disputed but immaterial.  The cited docket entry does not have an Exhibit A or B and the quotation is not otherwise included in the cited docket entry.  D.E. 4801-10.

**B. Reply to Plaintiffs' Statement of Facts Regarding Monroney Labels.**

Plaintiffs' heading is argument and does not create a triable issue of fact.

90.     Objection, this assertion is not "supported by specific, pinpoint references to particular parts of record material."  L.R. 56.1(b)(1)(B).  The additional assertion in footnote 2 constitutes argument and does not create a triable issue of fact that precludes summary judgment.

91.     Disputed in part, but immaterial, because the cited testimony did not assert that "MBUSA affixed Monroney stickers to Class vehicles" but only that "every vehicle distributed by

MBUSA to a dealership has a Monroney label affixed to it." D.E. 4339-14 at 53:12–18. Brunner's deposition transcript speaks for itself, and a dispute over its contents is immaterial.

92.     Disputed in part, but immaterial. The cited deposition testimony does not support the assertion that statements on the Monroney labels were "misleading." D.E. 4339-14 at 29:24–30:2, 33:12–16. The cited deposition testimony does not include the time period referenced and the witness appeared to testify based on personal knowledge. *Id.* at 25:19–24 ("Did *you* see . . . ? *I* do not recall seeing . . . ."). Brunner's deposition transcript speaks for itself, and a dispute over its contents is immaterial. Objection, the paragraph includes improper legal argument. *See Segal*, 2012 WL 2393769, at *8. Objection, the paragraph, including footnote 3, includes improper legal argument. *See Segal*, 2012 WL 2393769, at *8. Objection, local rules require facts to be asserted in "separately numbered paragraphs," not hidden in footnotes. L.R. 56.1(b)(1)(B).

93.     Disputed, but immaterial, because the cited deposition testimony does not support the assertions. D.E. 4339–14 at 39:20–40:13. For example, the witness did not testify regarding airbags and did not say whether standard safety features must be included on Monroney labels. *Id.* Brunner's deposition transcript speaks for itself, and a dispute over its contents is immaterial.

### C. Reply to Plaintiffs' Statement of Facts Regarding the Alleged Defect.

Plaintiffs' heading is argument and does not create a triable issue of fact.

94.     Undisputed that the Takata inflators at issue used phase stabilized ammonium nitrate (PSAN). Undisputed, but immaterial and irrelevant, that Renz opined on the characteristics of PSAN in his report. D.E. 4336-7 ¶¶ 24, 36, 43, 59. Disputed, but immaterial and irrelevant, as the cited paragraph in Renz's report regarding explosions referred to ammonium nitrate, which Renz testified is distinct from PSAN. *Compare* D.E. 4336 ¶ 36, *with* D.E. 4174-1 at 11:11–15. Disputed, but immaterial and irrelevant, as the referenced ruptures did not involve Mercedes-Benz vehicles and may have resulted from manufacturing errors rather than PSAN. *Compare* D.E. 4336 ¶ 59, *with* D.E. 4174-4 at 11–12. Objection, relevance: the facts asserted in this paragraph are not of consequence in determining the action. FRE 401(b), 402. Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of unfair prejudice and confusing the issues. FRE 403. Objection, the paragraph includes improper legal argument. *See Segal*, 2012 WL 2393769, at *8. Objection, local rules require facts to be asserted in "separately numbered paragraphs," not hidden in footnotes. L.R. 56.1(b)(1)(B).

95.     Undisputed but immaterial. Objection, relevance: the facts asserted in this paragraph

are not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of unfair prejudice and confusing the issues.  FRE 403.  The paragraph concerns ammonium nitrate, not PSAN, and plaintiffs' proposed expert Renz testified that PSAN is distinct from ammonium nitrate.  D.E. 4174-1 at 11:11–15.

96.    Undisputed but immaterial.    Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of unfair prejudice and confusing the issues.  FRE 403.  The referenced ruptures did not involve Mercedes-Benz vehicles and may have resulted from manufacturers' errors rather than a defect in PSAN.  *Compare* D.E. 4336 ¶ 59, *with* D.E. 4174-4 at 11–12.

### D. Reply to Plaintiffs' Statement of Facts Regarding Ammonium Nitrate and Daimler's Knowledge.

Plaintiffs' heading is argument and does not create a triable issue of fact.

97.    Disputed, but immaterial as the documents cited do not speak to the knowledge of MBUSA.  Objection, relevance: the facts asserted are not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  The paragraph intentionally refers to "Mercedes," not MBUSA, in an improper attempt to confuse the issues.

98.    Disputed, but immaterial as the documents cited do not speak to the knowledge of MBUSA.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.    Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  The paragraph intentionally refers to "Mercedes" and "Mercedes-Benz," not MBUSA, to confuse the issues.

99.    Disputed but immaterial as this does not involve MBUSA.  The cited Exhibit 21 does not support the proposition, as it does not mention either Daimler or "Mercedes" as part of ISI. Objection, local rules require facts to be asserted in "separately numbered paragraphs," not hidden in footnotes.  L.R. 56.1(b)(1)(B).  Objection, relevance: the facts asserted in this paragraph are not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403. The paragraph intentionally refers to "Mercedes" not MBUSA, and otherwise addresses Daimler,

in an improper attempt to confuse the issues.

100.    Undisputed but immaterial as this does not involve MBUSA.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.

101.    Disputed but immaterial as this does not involve either MBUSA or PSAN.  The cited docket entry, D.E. 4337-65, and Exhibit 24, do not support the proposition as neither mention DaimlerChrysler AG.  The cited pages of D.E. 4337-65 do not mention PSAN.  *See* D.E. 4337-65 at 24, 58–59.  Pages 23 and 57 of D.E. 4337-65 mention "Ammonium Nitrate," which plaintiffs' proposed expert Renz testified is distinct from PSAN.  D.E. 4337-65 at 23, 57; D.E. 4174-1 at 11:11–15.  Objection, relevance: the facts asserted in this paragraph are not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  The paragraph focuses on purported activities of DaimlerChrysler AG, not MBUSA, in an improper attempt to confuse the issues.

102.    Disputed but immaterial as this does not involve MBUSA.  Neither the cited docket entry, D.E. 4336-7 ¶ 58, nor the cited Exhibit 25 support the assertions that "DaimlerChyrsler was helping revise these USCAR technical specifications" and that the alleged risks of using ammonium nitrate "were broadly known and discussed in the industry."  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  The paragraph focuses on purported activities of DaimlerChrysler AG, not MBUSA, in an improper attempt to confuse the issues.

103.    Disputed but immaterial.  Exhibit 26 does not support the assertion that Takata patents "were available to Daimler, MBUSA, and other OEMS."  Moreover, the "concerns" cited in the Exhibit 26 were about ammonium nitrate, not PSAN.  D.E. 4812-11 at 4:59–5:7.  Plaintiffs' proposed expert Renz has testified that ammonium nitrate is distinct from PSAN.  D.E. 4174-1 at 11:11–15.  Indeed, Exhibit 26 concluded that "[i]n order to avoid th[e] problem [with ammonium nitrate] it is essential that only PSAN is used."  D.E. 4812-11 at 5:5–6.  Objection, relevance: the facts asserted in this paragraph are not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  The assertion implies that MBUSA had special access to Takata patents above the access available to the general public, including plaintiffs.

### E. Reply to Plaintiffs' Statement of Facts Regarding the Extent of Daimler's Awareness of the Alleged Defect.

Plaintiffs' heading is argument and does not create a triable issue of fact.

104.    Disputed in part but immaterial as this does not involve MBUSA.  The quoted phrase does not appear in Exhibit 27 as indicated.  D.E. 4812-12.  Objection, relevance: the facts asserted in this paragraph are not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  The paragraph focuses on purported activities of DaimlerChrysler, not MBUSA, in an improper attempt to confuse the issues.  The cited exhibits also do not indicate whether the air bags mentioned included the PSAN-inflators at issue in this litigation.  D.E. 4812-12; D.E. 4812-13.

105.    Undisputed but immaterial as this does not involve MBUSA.   Objection, relevance: the facts asserted in this paragraph are not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  The paragraph focuses on purported activities of DaimlerChrysler, not MBUSA, in an improper attempt to confuse the issues.

106.    Undisputed but immaterial as this does not involve MBUSA.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  The paragraph intentionally refers to "Mercedes," not MBUSA, in an improper attempt to confuse the issues.

107.    Undisputed but immaterial as this does not involve either MBUSA or PSAN.  Objection, relevance: the facts asserted in this paragraph are not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  The paragraph intentionally refers to "Mercedes," not MBUSA, in an improper attempt to confuse the issues.  Moreover, the paragraph addresses concerns with ammonium nitrate, and conflates ammonium nitrate with PSAN.  Plaintiffs' proposed expert Renz has testified that ammonium nitrate is distinct from PSAN.  D.E. 4174-1 at 11:11–15.

108.    Undisputed but immaterial as this does not involve MBUSA.  Objection, relevance: the facts asserted in this paragraph are not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a

danger of confusing the issues.  FRE 403.  The paragraph intentionally refers to "Mercedes" and "Daimler Mercedes," not MBUSA, in an improper attempt to confuse the issues.  Moreover, the cited Exhibit 34 does not indicate whether the tested airbag was equipped with the PSAN inflator at issue.  D.E. 4812-19.  Plaintiffs also omit that Exhibit 34 states that "[t]he test was done at +85°C," which is outside normal operating temperatures.  *Id.*

109.    Undisputed but immaterial as this does not involve MBUSA.  Objection, relevance: the facts asserted in this paragraph are not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  The paragraph focuses on purported activities of DaimlerChrysler, not MBUSA, in an improper attempt to confuse the issues.  The cited Exhibit 35 does not indicate whether the tested airbag was equipped with the PSAN inflator at issue.  D.E. 4812-20.  And again, plaintiffs omit that Exhibit 35 states that the test was done "at +85°C."  *Id.*

110.    Undisputed that Exhibits 36 and Exhibit 37 refer to the correspondence described, disputed to the extent the phrase "expertise on the issue" is unclear, but immaterial as this does not involve MBUSA.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  The paragraph focuses on purported activities of Daimler, not MBUSA, in an improper attempt to confuse the issues.

111.    Undisputed but immaterial as this does not involve either MBUSA or PSAN.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  The paragraph focuses on purported activities of Daimler, not MBUSA, in an improper attempt to confuse the issues.  The paragraph and the exhibits refer to ammonium nitrate, not PSAN, and plaintiffs' proposed expert Renz testified that PSAN is distinct from ammonium nitrate.  D.E. 4174-1 at 11:11–15.

112.    Undisputed but immaterial as this does not involve MBUSA.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  The paragraph focuses on purported activities of Daimler, not MBUSA, in an improper attempt to confuse the issues.

113.    Disputed in part but immaterial as this does not involve MBUSA.  Plaintiffs'

characterization of Exhibits 41 and 42 is misleading because they fail to convey that Takata requested the deviation for samples, not for models that went into production vehicles.  D.E. 4812-27.  The exhibits do not indicate whether the deviation involved safety specifications.  D.E. 4812-26; D.E. 4812-27.  The exhibits also contain only Takata's requests and do not indicate whether Daimler granted the request.  D.E. 4812-26; D.E. 4812-27.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  The paragraph focuses on purported activities of Daimler, not MBUSA, in an improper attempt to confuse the issues.

114.   Undisputed but immaterial as this does not involve either MBUSA or PSAN. Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  The paragraph focuses on purported activities of DaimlerChrysler, not MBUSA, in an improper attempt to confuse the issues.  The paragraph and Exhibit 43 refer to ammonium nitrate, not PSAN, and plaintiffs' proposed expert Renz testified that PSAN is distinct from ammonium nitrate.  D.E. 4174-1 at 11:11–15.

115.   Undisputed but immaterial as this does not involve MBUSA.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  The paragraph focuses on purported activities of Daimler, not MBUSA, in an improper attempt to confuse the issues.

116.   Disputed in part but immaterial as this does not involve MBUSA.  Exhibit 45 does not appear to support the assertion that a "W164 airbag cushion failed hot deployment testing," as the exhibit is lengthy and plaintiffs do not include a page citation.  D.E. 4812-28.  Objection, the paragraph fails to "reference pages" in its citation to Exhibit 44.  L.R. 56.1(b)(1)(B).  Objection, relevance: the facts asserted in this paragraph are not of consequence in determining the action. FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  The paragraph refers to "Mercedes," not MBUSA, in an improper attempt to confuse the issues.

117.   Disputed in part but immaterial as this does not involve MBUSA.  Exhibit 47 refers to Daimler, not Mercedes, as represented by plaintiffs.  D.E. 4812-32.  Objection, relevance: the fact

asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  The paragraph intentionally refers to "Mercedes," not MBUSA, in an improper attempt to confuse the issues.

118.    Undisputed but immaterial as this does not involve MBUSA.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  The paragraph focuses on purported activities of Daimler, not MBUSA, in an improper attempt to confuse the issues.  Exhibit 48 does not indicate that the test rupture was related to the PSAN inflators at issue in this litigation, and plaintiffs fail to note that Exhibit 48 states that the test was conducted "at -30C."  D.E. 4812-33 at TKH-MDL-0005467000–01.

119.    Undisputed but immaterial as this does not involve MBUSA.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  Exhibit 49 appears to be an internal Takata communication and does not indicate that it was communicated to Daimler, much less MBUSA.  D.E. 4812-34.

120.    Undisputed but immaterial as this does not involve MBUSA.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  The paragraph intentionally refers to "Mercedes," not MBUSA, in an improper attempt to confuse the issues.  Exhibit 50 appears to be an internal Takata communication and does not indicate that it was communicated to Daimler, much less MBUSA.  D.E. 4812-34.

121.    Undisputed but immaterial as this does not involve MBUSA.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  The paragraph focuses on purported activities of Daimler, not MBUSA, in an improper attempt to confuse the issues.  Moreover, plaintiffs misleadingly refer to "certain requirements" without disclosing that the requirements related to "retractor acceleration and tilt-lock," not the defect alleged in this case.  D.E. 4812-36 at TKH-MDL-0006000199.

122.    Undisputed but immaterial as this does not involve either MBUSA or Takata inflator.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE

401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  The paragraph intentionally refers to "Mercedes," not MBUSA, in an improper attempt to confuse the issues.  Moreover, the exhibits deal with the tear seam on a Torreon molding lid, not the Takata PSAN inflator at issue in this case.  D.E. 4812-37 at TKH-MDL-0000827593; D.E. 4813-1 at 4–5, 7

123.    Disputed to the extent the phrase "[I]ssues . . . continued" is vague, but immaterial as this does not involve MBUSA.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  Exhibits 54 and 55 appear to be internal Takata communications and they do not indicate that the information discussed was communicated to either Daimler, much less MBUSA.  D.E. 4813-2; D.E. 4813-3.  Indeed, Exhibit 54 specifically indicates that the information was not communicated to Daimler, and Exhibit 55 contains a discussion of "re-run[ning]" tests in order to "show[] compliance" to Daimler.  D.E. 4813-2 at TKH-MDL-0000834629; D.E. 4812-3 at TKH-MDL-0004001347.

### F.  Reply to Plaintiffs' Statement of Facts Regarding Access to Information and Interaction with Daimler Engineers.

Plaintiffs' heading is argument and does not create a triable issue of fact.

124.    Disputed in part, but immaterial, because the cited Tait deposition excerpts do not support the assertions in the paragraph.  For example, Tait did not testify regarding "knowledge of as well as control and access to the information provided by Takata to Daimler, including when vehicle issue arose," as represented by plaintiffs.  D.E. 4339-20 at 22:5–8.  Nor does Tait's testimony describe Brunner's communications with Daimler in the way that plaintiffs characterize the testimony.  D.E. 4339-20 at 64:15.  Tait's deposition testimony speaks for itself, and a dispute over its contents is immaterial.

125.    Disputed but immaterial as the cited exhibits do not support plaintiffs' assertions.  Plaintiffs' characterization of Brunner's testimony is misleading as they omit the testimony that "[d]esignated agent is a regulatory term used by the National Highway Traffic Safety Administration."  D.E. 4811-1 at 158:25–159:4.  The cited exhibits and the cross-referenced paragraphs also do not support the claim that "MBUSA had access to and control of the information Daimler had regarding its suppliers and airbags."  D.E. 4811-1 at 159:10–161:14; D.E. 4813-4 at 15:1–5, 15:10–19, 17:7–15, 17:23–18:2, 76:15–20; D.E. 4805 ¶¶ 116–17, 123–24, 126–

30, 133–35, 152, 162, 174. MBUSA incorporates its response to these paragraphs. MBUSA's role in gathering recall information is not material to *pre*-recall knowledge of the alleged defect. The cited testimony from Brunner does not mention Takata. D.E. 4811-1 at 159:23–160:1. Brunner's and Gunther's testimony, and the cited exhibits speak for themselves, and a dispute over their contents is immaterial. Objection, as this improper legal argument. *See Segal*, 2012 WL 2393769, at *8. Objection, the paragraph is not "limited as far as practicable to a single material fact." LR 56.1(b)(1)(B).

126.   Undisputed to the extent plaintiffs correctly relay the content of the Analil deposition testimony, disputed to the extent plaintiffs mischaracterize the Tait deposition testimony, but immaterial. Tait testified that Daimler, not MBUSA, determined if there were safety concerns and expressly stated that MBUSA "can't make that determination." D.E. 4339-13 at 49:19–50:2. Tait's deposition testimony speaks for itself, and a dispute over its contents is immaterial. Objection, relevance: the fact asserted is not of consequence in determining the action. FRE 401(b), 402. MBUSA's role in the recall process is not relevant to plaintiffs' claims regarding pre-recall knowledge.

### G. Reply to Plaintiffs' Statement of Facts Regarding Review of Component and Supplier Information.

Plaintiffs' heading is argument and does not create a triable issue of fact.

127.   Undisputed in part, but immaterial. Disputed to the extent plaintiffs misstate Gunther's deposition testimony. Gunther did not testify that MBUSA was responsible for spot checks but instead said it would "review the document from Daimler and submit those to NHTSA" in response to requests for "spot checks." D.E. 4813-4 at 14:15–19. Gunther's deposition testimony speaks for itself, and a dispute over its contents is immaterial.

128.   Undisputed that Gunther testified as described. Nevertheless, plaintiffs misleadingly omit Gunther's testimony that MBUSA is not well-positioned to review NHTSA requests because it is "not an R&D organization," that MBUSA "[did]n't select suppliers for the airbags," and that MBUSA would request information from Daimler in response to specific NHTSA requests. D.E. 4813-4 at 17:13–19, 76:14–20. Objection, relevance: the facts asserted in this paragraph are not of consequence in determining the action. FRE 401(b), 402. That MBUSA "can" request or review certain items is not relevant to plaintiffs' claims regarding pre-recall knowledge.

**H.  Reply to Plaintiffs' Statement of Facts Regarding Communications with Takata.**

Plaintiffs' heading is argument and does not create a triable issue of fact.

129.   Disputed and immaterial as the cited exhibits do not support the propositions.  Exhibit 59 appears to be a communication between someone at MBUSA and someone at ASL.  D.E. 4813-7.  Exhibits 60 and 61 are simply Department of Transportation letters.  D.E. 4813-8; D.E. 4813-9.  Exhibits 59, 60, and 61 speak for themselves, and a dispute over their contents is immaterial.  Objection, relevance: the facts asserted in this paragraph are not of consequence in determining the action.  FRE 401(b), 402.  The cited exhibits also do not indicate whether the inflators mentioned used PSAN as propellant.  D.E. 4812-7; D.E. 4813-8; D.E. 4813-9.

130.   Disputed in part but immaterial as the cited exhibits 62 and 63 do not support the proposition.  Neither exhibit indicates that the SPI and PSPI inflators discussed were used in MBUSA's vehicles.  D.E. 4813-10; D.E. 4813-11.  Exhibits 62 and 63 speak for themselves, and a dispute over their contents is immaterial.  Undisputed that the Renz Report claims that PSPI-2 inflators were in Class Vehicles.  Objection, relevance: the facts asserted in this paragraph are not of consequence in determining the action.  FRE 401(b), 402.  Exhibits 62 and 63 do not mention PSPI-2 inflators.  D.E. 4813-10; D.E. 4813-11.

131.   Disputed in part but immaterial as the cited exhibits do not support the propositions in this paragraph.  Exhibit 59 does not say that MBUSA had "expertise regarding airbag inflators."  D.E. 4813-7.  Exhibit 64 and the quoted excerpt do not appear to involve the PSAN inflators at issue in this litigation.  Exhibits 65, 66, and 67 do not say that Takata and MBUSA "jointly" attended the NAAHAC meeting or that "MBUSA knew that at least some other OEMs used Guanidine Nitrate (GuNi) as their inflator propellants."  D.E. 4813-13; D.E. 4813-14; D.E. 4813-15.  Exhibits 59, 64, 65, 66, and 67 speak for themselves, and a dispute over their contents is immaterial.  Objection, relevance: the facts asserted in this paragraph are not of consequence in determining the action.  FRE 401(b), 402.

132.   Disputed in part but immaterial as the cited exhibits do not support the propositions in this paragraph.  Exhibit 68 appears to be an invitation for an NAAHAC Call-In Meeting with various industry participants, not a communication between MBUSA and Takata about airbag-related regulations or vehicle information.  D.E. 4830-2.  Exhibit 69 appears to be an agenda for that meeting.  D.E. 4830-3.  Exhibits 71, 72, and 73 likewise appear to be invitations for generic calls with various industry participants, not communications between MBUSA and Takata about

airbag-related regulations or vehicle information. D.E. 4813-19; D.E. 4813-20; D.E. 4813-21. Exhibit 70 appears to be a mass e-mail among various industry participants regarding UN regulation of internal combustion engines, not a communication between MBUSA and Takata about airbag-related regulations or vehicle information. D.E. 4813-18. Exhibit 64 and the quoted excerpt do not appear to involve the PSAN inflators at issue in this litigation. D.E. 4813-12. Exhibit 74 is a recall notice for an unrelated alleged defect. D.E. 4813-22. Exhibits 64, 68, 69, 70, 71, 72, 73, and 74 speak for themselves, and a dispute over their contents is immaterial. Objection, relevance: the facts asserted in this paragraph are not of consequence in determining the action. FRE 401(b), 402.

### I. Reply to Plaintiffs' Statement of Facts Regarding Recalls from 2006–2014.

Plaintiffs' heading is argument and does not create a triable issue of fact.

#### a. Reply to Plaintiffs' Statement of Facts Regarding a 2006 Recall.

Plaintiffs' heading is argument and does not create a triable issue of fact.

133.    Undisputed that MBUSA initiated the recall reflected in Exhibit 74. D.E. 4813-22. Disputed and otherwise and immaterial because the cited exhibits do not support the assertions in this paragraph. Exhibit 76 does not say that the 2006 replacement airbags included the Takata non-desiccated PSAN-based inflator. D.E. 4813-24. Exhibit 75 and the cited excerpt of the Aikman deposition do not say that "MBUSA knew or should have known the replacement airbag inflators in these Class Vehicles were Takata airbag inflators." D.E. 4813-23 at 1, 25, 28, 51, 57–61; D.E. 4339-3 at 22:7–18. Exhibits 75 and 76 and the Aikman deposition speak for themselves, and a dispute over their contents is immaterial. Objection, the paragraph includes improper legal argument. *See Segal*, 2012 WL 2393769, at *8.

#### b. Reply to Plaintiffs' Statement of Facts Regarding a 2012 Recall.

Plaintiffs' heading is argument and does not create a triable issue of fact.

134.    Undisputed that MBUSA submitted the 2012 recall letter as reflected in Exhibit 77, but immaterial. D.E. 4813-25. That 2012 recall, however, involved window curtain airbags not the front airbags at issue in this litigation. D.E. 4813-25 at 1. Additionally, nowhere does this recall indicate that it involved PSAN or the alleged defect at issue in this case; it only discusses a seam in the side curtain airbag itself opening. *Id.* Objection, relevance: the facts asserted in this paragraph are not of consequence in determining the action. FRE 401(b), 402.

### c.   Reply to Plaintiffs' Statement of Facts Regarding a 2014 Recall.

Plaintiffs' heading is argument and does not create a triable issue of fact.

135.     Undisputed that MBUSA submitted the 2014 recall letter as reflected in Exhibit 78, but immaterial.  D.E. 4830-5.  That 2014 recall did not involve PSAN inflators at issue in this litigation, and only involved fasteners that might detach from the diffusor.  D.E. 4830-5 at 2.  MBUSA incorporates its response to paragraphs 163 & n.12, 164, 165 & n.14, and 166–70, which plaintiffs refer to in this paragraph.  Objection, relevance: the facts asserted in this paragraph are not of consequence in determining the action.  FRE 401(b), 402.

### J.   Reply to Plaintiffs' Statement of Facts Regarding MBUSI.

Plaintiffs' heading is argument and does not create a triable issue of fact.

136.     Undisputed but immaterial.   Objection, relevance: the facts asserted are not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403. The paragraph discusses MBUSI, not MBUSA, in an improper attempt to confuse the issues.

### K.   Reply to Plaintiffs' Statement of Facts Regarding a Vance, Alabama Parts Distribution Center.

Plaintiffs' heading is argument and does not create a triable issue of fact.

137.     Undisputed but immaterial.   Objection, relevance: the facts asserted are not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403. The paragraph improperly attempts to conflate MBUSI and MBUSA.

138.     Undisputed that Exhibit 86 indicates that Albrecht Plag visited Tuscaloosa every year. D.E. 4813-34.  Disputed but immaterial to the extent the remaining exhibits do not support the propositions.  Exhibit 87 does not say that Takata visited MBUSI every year.  D.E. 4830-6.  Exhibit 88 does not show that MBUSI employees communicated with Takata as no MBUSI employee appears to be on the email and the "To" line includes only "unlocked-recipients."  D.E. 4830-7. Exhibits 89 and 90 are generic documents for supplies and do not indicate that they are communications from MBUSI employees to Takata.  D.E. 4830-8; D.E. 4830-9.  Neither Exhibit 91 nor Exhibit 92 say that MBUSI had the discretion to consider vehicle suppliers.  D.E. 4813-39; D.E. 4813-40.  Exhibits 87, 88, 89, 90, 91, and 92 speak for themselves, and a dispute over their contents is immaterial.   Objection, relevance: the facts asserted are not of consequence in

determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  The paragraph focuses on purported activities of MBUSI, not MBUSA, in an improper attempt to confuse the issues.

### L.   Reply to Plaintiffs' Statement of Facts Regarding Master Terms Direct Purchasing Agreements and Their Related Agreements.

Plaintiffs' heading is argument and does not create a triable issue of fact.

139.   Undisputed in part, disputed in part, but immaterial as this does not involve MBUSA. Exhibit 93 does not create a third-party beneficiary relationship with MBUSA as implied by plaintiffs.  D.E. 4813-41 ¶¶ 1.1(z); 16.17 (only mentions of MBUSA).  Exhibit 93 speaks for itself, and a dispute over its contents is immaterial.  Objection, the paragraph fails to "reference pages" of Exhibit 93 as it uses TKH-MDL Bates label citations that do not appear in the filed document. L.R. 56.1(b)(1)(B); D.E. 4813-41.  Objection, the paragraph includes improper legal argument. *See Segal*, 2012 WL 2393769, at *8.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  The paragraph focuses on purported activities of Daimler and MBUSI, not MBUSA, in an improper attempt to confuse the issues.  Objection, local rules require facts to be asserted in "separately numbered paragraphs," not hidden in footnotes.  L.R. 56.1(b)(1)(B).

140.   Undisputed in part, disputed in part, but immaterial as this does not involve MBUSA. Exhibit 93 does not say that MBUSI had access to Takata's airbag and propellant manufacturing facilities, as plaintiffs do not comply with L.R. 56.1(b)(1)(B) and provide page references.  Exhibit 93 speaks for itself, and a dispute over its contents is immaterial.  Objection, the paragraph fails to effectively "reference pages" in its citations to Exhibit 93 and Exhibit 94 as it uses TKH-MDL Bates label citations that do not appear in the filed documents.  L.R. 56.1(b)(1)(B); D.E. 4813-41; D.E.4813-42.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  The paragraph focuses on purported activities of Daimler and MBUSI and "Mercedes," not MBUSA, in an improper attempt to confuse the issues.

141.   Disputed but immaterial as this does not involve MBUSA.  The cited page of Exhibit

95 does not mention propellant or PSAN or an "ability to require" but says, "MBUSI may request any other design changes or modifications to the Product subject to Supplier's consent."  D.E. 4813-13 at TKH-MDL-0005456756 (¶ 4.9).  Exhibit 95 speaks for itself, and a dispute over its contents is immaterial.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  The paragraph focuses on purported activities of MBUSI, not MBUSA, in an improper attempt to confuse the issues.

142.    Disputed but immaterial as the cited exhibits do not support the propositions in this paragraph.  The cited agreement terms do not create a third-party beneficiary relationship as claimed by plaintiffs.  D.E. 4813-43 ¶¶ 16.1, 16.2(c), 16.6, 16.7, 16.8, 17.1.  The cross-referenced paragraphs and Exhibit 96 also do not establish that "MBUSA knew or should have known" of the purchasing agreements, but regardless any such knowledge is immaterial to plaintiffs' claims.  D.E. 4813-44; D.E. 4805 ¶¶ 143–49, 151, 154.  Indeed, Exhibit 96 is a purchase order form between MBUSI and Takata and does not indicate that MBUSA had access to the document.  D.E. 4813-44.  Exhibits 95 and 96 speak for themselves, and a dispute over their contents is immaterial.  MBUSA incorporates its response to paragraphs 143–49, 151, and 154, which plaintiffs refer to in this paragraph.  Objection, the paragraph includes improper legal argument.  *See Segal*, 2012 WL 2393769, at *8.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  Plaintiffs improperly conflate MBUSI with MBUSA.

**M. Reply to Plaintiffs' Statement of Facts Regarding the Quality Engineering Center.**
Plaintiffs' heading is argument and does not create a triable issue of fact.

143.    Undisputed in part, disputed in part, but immaterial as the cited exhibits do not support plaintiffs' claims.  Exhibit 97 does not mention "MBUSA's engineers," and instead discusses "Daimler Quality personnel" as being "engineers."  *Id.*  Exhibit 98 likewise does not mention "MBUSA's engineers."  D.E. 4813-46 at 1–2.  Indeed, Exhibit 98 describes MBUSA as a "customer."  *Id.* at 1.  Exhibits 97 and 98 speak for themselves, and a dispute over their contents is immaterial.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  Plaintiffs improperly conflate Daimler

with MBUSA personnel.

144.     Undisputed in part, disputed in part, but immaterial as Exhibit 99 does not mention or relate to MBUSA or Takata.  D.E. 4830 at 10.  Exhibit 99 speaks for itself, and a dispute over its contents is immaterial.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  Plaintiffs improperly conflate MBUSI and Daimler with MBUSA.

145.     Undisputed in part, disputed in part, but immaterial as the cited exhibits do not support plaintiffs' claims.  Exhibit 101 does not say that "MBUSA . . . quality engineers and employees" analyzed Takata's parts or performed the referenced Audit.  *Compare* D.E. 4805 ¶ 145, *with* D.E. 4830-12.  Exhibits 102 and 103 are from Daimler and DaimlerChrysler, not MBUSA.  D.E. 4830-13; D.E. 4830-14 at 1.  Exhibits 101, 102, and 103 speak for themselves, and a dispute over their contents is immaterial.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  Plaintiffs improperly conflate MBUSI and Daimler with MBUSA.

146.     Undisputed but immaterial as Exhibits 104, 105, and 106 do not mention or involve MBUSA or the alleged defect.  D.E. 4830-15; D.E. 4830-16; D.E. 4830-17.  The last sentence of paragraph 146 misleadingly implies that MBUSA was involved with the Takata visit mentioned. Exhibits 105 and 106 do not support that implication.  D.E. 4830-16; D.E. 4830-17.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402. Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  Plaintiffs improperly conflate Daimler with MBUSA.

147.     Undisputed in part, disputed in part, but immaterial as the cited exhibits do not relate to the alleged defect at issue.  Exhibit 107 does not mention MBUSA or otherwise "endorse[] Daimler's close involvement with MBUSA."  D.E. 4830-18.  Neither Exhibit 99 nor Exhibit 107 relate to the claim about Mathias Jens or Florian Hohenwarter.  D.E. 4830-10; D.E. 4830-18. Exhibits 99 and 107 speak for themselves and a dispute over their contents is immaterial.  MBUSA incorporates its response to paragraphs 150 through 157, which plaintiffs refer to in this paragraph. Objection, the paragraph is not "limited as far as practicable to a single material fact."  LR 56.1(b)(1)(B).  Objection, local rules require facts to be asserted in "separately numbered

paragraphs," not hidden in footnotes.  L.R. 56.1(b)(1)(B).  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  The employees that plaintiffs highlight in Exhibits 108 to 114 do not have any connections to this case.  *E.g.*, D.E. 4813-56; D.E. 4813-57; D.E. 4813-58; D.E. 4814-2; D.E. 4814-3 at (discussing Takata generally); D.E. 4830-19 (discussing irrelevant bezel issue).  Also, the job listings cited by plaintiffs in Exhibits 111 and 115 are for a quality engineer for the powertrain and chassis and for an internship related to the car body—neither relate to airbags or the alleged defect.  D.E. 4814-1; D.E. 4814-5.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  Plaintiffs improperly conflate MBUSI and Daimler with MBUSA.

148.    Undisputed in part, disputed in part, but immaterial as the cited exhibits do not support plaintiffs' claims and do not relate to the alleged defect at issue.  Exhibits 116 and 117 do not involve MBUSA or MBUSA employees.  D.E. 4830-20; D.E. 4814-7.  Exhibit 118 is a bill to MBUSI, not MBUSA, and does not mention the inflators at issue.  D.E. 4814-8.  Exhibits 116, 117, and 118 speak for themselves, and a dispute over their contents is immaterial.  Objection, local rules require facts to be asserted in "separately numbered paragraphs," not hidden in footnotes.  L.R. 56.1(b)(1)(B).  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  Plaintiffs improperly conflate MBUSI and Daimler with MBUSA.

### N.  Reply to Plaintiffs' Statement of Facts Regarding Supplier Day Events.

Plaintiffs' heading is argument and does not create a triable issue of fact.

149.    Undisputed in part, disputed in part, but immaterial as the cited exhibits do not support each of the propositions in this paragraph and do not relate to the alleged defect at issue in this case.  Exhibit 119 does not mention or involve MBUSA.  D.E. 4830-21.  Exhibits 120, 121, 122, and 124 likewise provide no indication that MBUSA shared the materials as plaintiffs claim.  D.E. 4830-22; D.E. 4830-23; D.E. 4830-24; D.E. 4830-26.  None of the cited exhibits relate to airbags, Takata, the alleged defect at issue, or any of plaintiffs' claims.  D.E. 4830-21; D.E. 4830-22; D.E. 4830-23; D.E. 4830-24; D.E. 4830-25; D.E. 4830-26; D.E. 4830-27.  Exhibits 119, 120, 121, 122, 123, 124, and 125 speak for themselves, and a dispute over their contents is immaterial.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger

of confusing the issues. FRE 403. Plaintiffs improperly conflate MBUSI and Daimler with MBUSA.

150. Undisputed in part, disputed in part, but immaterial as the cited exhibits do not support plaintiffs' claims and do not relate to the alleged defect. Plaintiffs misrepresent the contents of Exhibit 120, which does not discuss "sharing—between MBUSA, MBUSI, and Daimler—of information . . . ," but rather discusses sharing of information between QEC and each of those entities individually. D.E. 4830-22 at 3; *id.* at 2, 4, 5. Exhibit 120 is also irrelevant to this case because it does not relate to airbags, Takata, the alleged defect, or any of plaintiffs' claims. D.E. 4830-22. Exhibit 120 speaks for itself, and a dispute over its contents is immaterial. Objection, local rules require facts to be asserted in "separately numbered paragraphs," not hidden in footnotes. L.R. 56.1(b)(1)(B). Objection, relevance: the fact asserted is not of consequence in determining the action. FRE 401(b), 402. Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues. FRE 403. Plaintiffs improperly conflate MBUSI and Daimler with MBUSA.

151. Undisputed but immaterial. Objection, relevance: the fact asserted is not of consequence in determining the action. FRE 401(b), 402.

152. Undisputed but immaterial. Objection, relevance: the fact asserted is not of consequence in determining the action. FRE 401(b), 402.

153. Undisputed in part, disputed in part, but immaterial as the cited exhibit does not support the proposition and does not involve MBUSA. Exhibit 122 does not say that it was "shared amongst MBUSA, Daimler QEC employees, and Takata," and it does not mention MBUSA, Takata, inflators, or airbags, contrary to plaintiffs' claim. D.E. 4830-24 at 1–24. Exhibit 122 speaks for itself, and a dispute over its contents is immaterial. Objection, relevance: the fact asserted is not of consequence in determining the action. FRE 401(b), 402. Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues. FRE 403. Plaintiffs improperly conflate Daimler with MBUSA.

154. Undisputed but immaterial. Objection, relevance: the fact asserted is not of consequence in determining the action. FRE 401(b), 402. Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues. FRE 403. Plaintiffs improperly conflate MBUSI with MBUSA.

155. Disputed but immaterial as the cited exhibit does not support the proposition and does

not involve MBUSA.  Exhibit 121 does not mention either MBUSA or Takata, contrary to plaintiffs' representation.  D.E. 4830-23 at 1–55.  Exhibit 121 speaks for itself, and a dispute over its contents is immaterial.  Objection, the paragraph fails to "reference pages" in its citation to Exhibit 121.  L.R. 56.1(b)(1)(B).  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.

156.    Disputed but immaterial as the cited exhibits do not support the propositions and the paragraph does not involve MBUSA.  Neither Exhibit 130 nor Exhibit 125 identify the individuals pictured in the photograph and plaintiffs do not support their belief that the photograph "includ[ed] Takata and QEC employees."  D.E. 4380-28; D.E. 4380-27.  Exhibits 125 and 130 speak for themselves, and a dispute over their contents is immaterial.  Plaintiffs do not support their assertion that "Takata had been granted the rank of 'Key Supplier' by Daimler and/or MBUSI" other than by cross-referencing paragraphs 196–98; MBUSA incorporates its response to paragraphs 196– 98.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  Plaintiffs improperly conflate MBUSI and Daimler with MBUSA.

### O.  Reply to Plaintiffs' Statement of Facts Regarding VPCs.

Plaintiffs' heading is argument and does not create a triable issue of fact.

157.    Undisputed but immaterial.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.

158.    Undisputed but immaterial.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.

### P.  Reply to Plaintiffs' Statement of Facts Regarding Whether MBUSA's After-Sales Division Also Communicated With Takata Regarding Its Supplied Vehicle Parts.

Plaintiffs' heading is argument and does not create a triable issue of fact.

159.    Undisputed but immaterial, as Exhibit 135 states, the communication was an "automatic reminder."  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.

### Q.  Reply to Plaintiffs' Statement of Facts Regarding Whether MBUSA Paid Takata Invoices for Airbags Supplied to MBUSI, Including for Years Prior to the Recalls.

Plaintiffs' heading is argument and does not create a triable issue of fact.

160.    Undisputed but immaterial.  Objection, relevance: the fact asserted is not of

consequence in determining the action.  FRE 401(b), 402.

### R. Reply to Plaintiffs' Statement of Facts Regarding Whether MBUSA Performed Investigations of Vehicle Anomalies.

Plaintiffs' heading is argument and does not create a triable issue of fact.

161.    Undisputed in part, disputed in part, but immaterial because plaintiffs misrepresent the testimony cited, the full context of which makes clear that it is Daimler, not MBUSA, that "investigate[s] [anomalies] and do[es] all that stuff in the headquarters in Stuttgart."  D.E. 4339-20 at 44:13–16.  Plaintiffs leave out a clarification that MBUSA "look[s] for concerns in general. The determination if they're safety [sic] or not comes from Daimler.  So we can't make that determination over here."  *Id*. at 49:50:2.  The remainder of the claims are immaterial to any issue in MBUSA's Motion.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  Plaintiffs focuses on purported activities of Daimler, not MBUSA; they improperly conflate the entities.

162.    Disputed but immaterial because plaintiffs misrepresent the cited testimony.  None of the cited testimony supports a conclusion that MBUSA's "field service engineers" conducted formal "investigations" independently of Daimler's oversight.  Plaintiffs further misrepresent the cited testimony they claim supports the assertion that MBUSA's field engineers have a formal role as monitors, the full context of which makes clear that MBUSA's field engineers often became aware of potential issues through "casual conversation."  *Id*. at 52:10–16.  Plaintiffs further misrepresent the cited testimony, which does not support a conclusion that "MBUSA performed investigations of customer claims relating to the malfunctioning of airbags in their MBUSA vehicles."  In full context, the testimony clarifies that MBUSA responded to "customers' questions, should it have deployed or should it not have deployed."  D.E. 4814-31 at 25:11–17  Further, the cited testimony is immaterial as the witness did not "know if any of them were Takata or not."  *Id*. at 25:16–17.  Plaintiffs also misrepresent the cited testimony they claim establishes MBUSA has the ability to independently investigate issues.  The testimony explains that the normal course of action is to "bring it up to Germany, so -- and normally, Germany has already investigated if there is an issue because they get the worldwide -- they have more data, basically." D.E. 4339-13 at 149:19–22.  Undisputed that "MBUSA reviewed the Vehicle Owner Questionnaires (VOQs) provided from NHTSA 'to manufacturers' on a weekly or monthly basis"

but such fact is immaterial to any issue in MBUSA's Motion.  Plaintiffs mischaracterize the cited testimony, which does not support the assertion that "MBUSA met with Daimler to obtain additional information prior to MBUSA sending its MBUSA engineers to perform investigations of the interesting cases."  Rather, the testimony explains that MBUSA had "regular meetings with the [NHTSA] Office of Defect Investigation quarterly to review VOQs that they are also interested in" and that representatives from Daimler "sometimes" also attended.  4814-32 at 32:24–33:15. Moreover, the cited testimony does not indicate that any of referenced meetings concerned Takata airbags prior to the recall.  *See id.*  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  Plaintiffs focuses on purported activities of Daimler, not MBUSA, in an improper attempt to confuse the issues.

### S.  Response to Plaintiffs' Statement of Facts Regarding Whether MBUSA Was Slow to Issue Takata-Related Recalls.

Plaintiffs' heading is argument and does not create a triable issue of fact.

163.    Disputed, but immaterial.  Exhibit 143, cited in the footnote, does not mentioned "non-desiccated PSAN inflators," contrary to plaintiffs' representation, and does not support the assertion in the paragraph or the footnote.  D.E. 4814-33.  Exhibit 143 speaks for itself, and a dispute over its contents is immaterial.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.

164.    Disputed in part, undisputed in part but immaterial because the cited facts are of no consequence to the determination of the action.  Undisputed that "[s]everal inflator ruptures prompted Honda to publicly recall its driver airbags on November 11, 2008," but this is immaterial. Plaintiffs mischaracterize the cited testimony which does not support the claim that "MBUSA was concerned about whether Mercedes vehicles would be impacted by the Takata recalls, from the very first Takata recall."  Rather, the cited testimony clarifies that MBUSA is "always concerned – we're always asking the question, who else is affected by that? Like you may read a headline in Automotive News that says, 'Takata does a big recall.' And then my first call would be to Tom Brunner, who is my expert.  And I would say, 'Does that -- does that include us, you know?' And that's – that's really about the limit to it.  So we're focusing on our product and our customer.  And what happens to BMW or another manufacturer may be interesting or may be a good read in the

press, or it may be an indicator of, you know, something that may -- you know, if it affects our vehicles too, we may ask the question of Daimler to say, you know, 'Is that something?'" D.E. 4339-20 at 54:19–55:12.   Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.

165.   Disputed but immaterial because plaintiffs do not cite any evidence, record or otherwise, to support the contention that MBUSA had notice of any alleged inflator defect in the Class Vehicles.  Undisputed that "by 2013, five major automakers had issued recalls of 3.6 million vehicles containing Takata airbags" but this (and the material cited in footnote 13) is not of consequence in determining the action.   Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.

166.   Disputed but immaterial.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.

167.   Disputed but immaterial because the cited evidence does not support the contentions asserted in this paragraph.   Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.

168.   Disputed but immaterial.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.

169.   Disputed but immaterial.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.

170.   Disputed but immaterial.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.

171.   Undisputed in part, disputed in part but immaterial.  Undisputed that "MBUSA did not file its first Part 573 Safety Recall Report until February 9, 2016," but immaterial.  Undisputed that Daimler issued a recall in 2016, but immaterial.  The other claims in this paragraph are disputed but immaterial because they are not supported by the cited evidence.   Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.

### T. Response to Plaintiffs' Statement of Facts Regarding Whether Other OEMs' Takata Recalls and Airbag Ruptures Raised Red Flags Within MBUSA.

Plaintiffs' heading is argument and does not create a triable issue of fact.

172.   Undisputed in part, disputed in part but immaterial.  Regarding the first sentence: Undisputed, Tait's testimony is cited correctly, but is not of consequence in determining the action.

Regarding the second sentence: Disputed, because the cited testimony is misrepresented and does not support the facts asserted. Regarding the third sentence: Disputed, because the cited testimony is misrepresented and does not support the facts asserted. The testimony is cited correctly in the parenthetical but is immaterial to resolving any issue in MBUSA's Motion.  Regarding the fourth sentence: Disputed, because the cited testimony is misrepresented and does not support the facts asserted.  Objection, relevance: the fact asserted is not of consequence in determining the action. FRE 401(b), 402.

173.    Disputed but immaterial and reflects improper speculation.  Plaintiffs' claim is speculation about what MBUSA "would have" done and not an assertion of fact.  Plaintiffs further misrepresent the cited testimony, which does not show that MBUSA "*always*" discussed "news topics regarding what was going on in the automotive industry" with Daimler.  (emphasis added). Rather, the testimony reads, "Q. Did you share any of what you were reading in the U.S. with Daimler in Germany? A. *Not generally, no*. They have access to world news as well. Q. What do you mean by 'not generally'? Were there specific instances where you did? A. Over the years, *there may have been topics that we may have discussed* based on what was going on in the industry, but *nothing specific comes to mind*."  D.E. 4811-1 at 98:19–99:3 (emphasis added). Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.

### U. Response to Plaintiffs' Statement of Facts Regarding Whether MBUSA Received Information from Daimler (That Takata Provided to Daimler) Regarding Takata's PSAN-Based Inflators in Mercedes Vehicles.

Plaintiffs' heading is argument and does not create a triable issue of fact.

174.    Undisputed but immaterial.   Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.

175.    Disputed but immaterial, because the assertion that MBUSA "routinely reviewed these types of PSAN-based inflator presentations" is unsupported by the cited evidence.  Exhibits 156–61 speak for themselves.   Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.

176.    Disputed, but immaterial; the cited testimony is misrepresented. The deponent testified that monitoring is "not specific to safety." D.E. 4813-4 at 101:7–14.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.

177.    Undisputed but immaterial. Objection, relevance:  the fact asserted is not of

consequence in determining the action.  FRE 401(b), 402.

### V.  Response to Plaintiffs' Statement of Facts Regarding Whether MBUSA Failed to Disclose Material Facts at Issue.

Plaintiffs' heading is argument and does not create a triable issue of fact.

178.  Undisputed in part, disputed in part but immaterial.  Undisputed that "MBUSA was responsible for providing information to both dealers and consumers regarding the Takata recall," but such fact is not of consequence in determining the action.  Undisputed that "MBUSA vehicles that it sold to U.S. consumers were recalled later than many of the OEMs," which the cited testimony explains was because MBUSA's "vehicles were not included in the mandate by NHTSA until a later time." D.E. 4339-20 at 163:1–7.  Nothing in the citations supports the claim that "NHTSA was forced to affirmatively contact MBUSA regarding their use of Takata airbags in September 2015," and this also is improper legal argument.  Undisputed that NHTSA "issued a recall on MBUSA Class Vehicles in its December 9, 2016" order, but such fact is not of consequence in determining the action.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.

179.  Undisputed in part, disputed in part but immaterial.  Undisputed that the Takata airbag recall has included over 67 million vehicles, 27 deaths, and over 400 injuries but immaterial.  Disputed as to whether the recall "has plagued the automotive industry for over 20 years," but immaterial as this reflects plaintiffs' characterization and is improper legal argument.  Exhibit 16 speaks for itself.  The asserted facts do not involve MBUSA.  Disputed that "[m]ore than 1 million defective airbags have been sold to consumers by MBUSA" because the cited testimony is misrepresented; it states only that MBUSA recalled "a little over a million" Takata airbags.  D.E. 4339-13, at 144:7–12.  Further, plaintiffs' insertion of the term "defective" reflects improper legal argument.  As to the assertion that "each of which presents 'an unreasonable risk of serious injury or death,'" Exhibit 162 speaks for itself.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.

180.  Undisputed but immaterial because the documents speak for themselves.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.

### W. Response to Plaintiffs' Statement of Facts that MBUSA Closely Followed NHTSA Developments and Would Have Understood Failures Regarding Safety Recalls.

Plaintiffs' heading is argument and does not create a triable issue of fact.

181.    Undisputed, the deposition testimony is cited correctly.  Objection, relevance: the fact asserted is not of consequence in determining the action.  FRE 401(b), 402.

182.    Disputed but immaterial because the cited testimony does not support the asserted facts. The cited testimony does not support the claim that "MBUSA received customer complaints alleging facial injuries from Takata airbags," as the question asked about only a singular customer complaint, which the deponent did not recall.  D.E. 4811-1 at 65:17–66:6.  Disputed as to the assertion, "Although MBUSA has the obligation to issue recalls, MBUSA was behind the industry in issuing Takata recalls," because the claim is not supported by the cited testimony.  The full context explains that MBUSA's "vehicles were not included in the mandate by NHTSA until a later time."  D.E. 4339-20 at 163:5–7. Further, the cited testimony reads: "Q. MBUSA doesn't issue recalls, sir?  A.  No, sir.  The decision to launch a recall is done solely by the manufacturer, which is Daimler."  *Id*. at 163:16–19.  Disputed as to the claim that "MBUSA was responsible for monitoring for safety concerns in Mercedes vehicles," but immaterial because the cited testimony is misrepresented; it states, "So we look for concerns in general."  *Id*. at 49:24.  Undisputed as to the assertion that "NHSTA audited MBUSA's handling of safety recalls, including the Takata recalls."  Objection, relevance.  FRE 401(b), 402.  Disputed as to the claim that "MBUSA investigated customer allegations of injuries from Takata airbags" because the cited testimony does not support this assertion.  Objection, the paragraph is not "limited as far as practicable to a single material fact."  L.R. 56.1(b)(1)(B).

183.    Disputed, but immaterial because the cited testimony does not support the asserted fact. Objection, relevance: the asserted fact is of no consequence to the determination of the action. FRE 401(b), 402.

### X. Response to Plaintiffs' Statement of Facts That MBUSA Publicly Admitted the Danger of the Inflator Defect.

Plaintiffs' heading is argument and does not create a triable issue of fact.

184.    Disputed, because there is no "Ex. 14 (MBUSA letter to U.S. Senator Nelson)" available at the given citation, D.E. 4339-20.  Objection, relevance: the asserted fact is of no consequence to the determination of the action.  FRE 401(b), 402.

185.    Disputed, because there is no "Ex. 14 (MBUSA letter to U.S. Senator Nelson)"

available at the given citation, D.E. 4339-20.  Objection, relevance: the asserted fact is of no consequence to the determination of the action.  FRE 401(b), 402.

186.     Undisputed in part, disputed in part but immaterial.  Disputed as to the claim, "Despite this acknowledged shift away from non-desiccated Takata PSAN inflators (as well as from non-Takata PSAN inflators)," because there is no "Ex. 14 (MBUSA letter to U.S. Senator Nelson)," D.E. 4339-20.  Undisputed that "Class Vehicles containing non-desiccated driver-side PSAN Takata inflators" were recalled but immaterial.  Disputed as to the claim that "MBUSA continued to sell new MBUSA vehicles it knew contained passenger-side non-desiccated PSAN inflators," because there is no "Ex. 14 (MBUSA letter to U.S. Senator Nelson)" available at the given citation, D.E. 4339-20.  Further, the cited testimony at Exhibit 1 does not support this claim.  Undisputed that "passenger-side non-desiccated PSAN inflators" were "later recalled" but disputed that MBUSA initiated the recall, as the cited evidence does not support this.  Objection, relevance: the asserted fact is of no consequence to this action.  FRE 401(b), 402.

187.     Undisputed as to the first two sentences.  Exhibit 163 speaks for itself.  Disputed as to the claim that "MBUSA only 'recommended' to its dealers that they include a disclosure to purchasers of MBUSA vehicles that MBUSA knew would be subject to future recalls," because the cited testimony does not support this.  The witness testified, "It was the dealer's responsibility to include a disclosure as they have the direct contact with anybody purchasing the vehicles."  D.E. 4811-1 at 133:2–4.  Undisputed as to the claim that "MBUSA did not know whether or how many MBUSA customers were not provided the recommended disclosure advising—at the time of sale—that their MBUSA vehicles would be subject to future Takata recalls."  Objection, relevance: the asserted fact is of no consequence to this action.  FRE 401(b), 402.  Objection, the paragraph is not "limited as far as practicable to a single material fact."  LR 56.1(b)(1)(B).

### Y.  Response to Plaintiffs' Statement of Facts That At Least Several Years Before 2020, MBUSA Began Investigating Claims of Malfunctions of Takata Airbags.

Plaintiffs' heading is argument and does not create a triable issue of fact.

188.     Undisputed in part, disputed in part but immaterial.  Disputed, because none of the cited evidence supports the assertion that any of the purported events took place "[a]t least several years before 2020."  Undisputed that "[a]fter Takata's MBUSA recalls, MBUSA's product analysis engineers performed investigations regarding allegations of Takata inflator ruptures."  Undisputed that, "If there were customer complaints of injuries from Takata airbags that MBUSA's customer

assistance center received, MBUSA's product analysis engineers would review those claims." MBUSA did not review Takata-related claims prior to the recall. *See* D.E. 4814-31 at 32:14–33:7. Objection, relevance: the asserted fact is of no consequence to the determination of the action. FRE 401(b), 402.

### Z. Response to Plaintiffs' Statement of Facts That MBUSA Investigated Its Customers' Claims of Injuries.

Plaintiffs' heading is argument and does not create a triable issue of fact.

189.    Undisputed in part, disputed in part but immaterial.  Undisputed but immaterial that "MBUSA worked with Daimler and NHTSA to investigate alleged Takata airbag rupture incidents in an MBUSA vehicle that may have resulted in serious injuries."  Undisputed but immaterial that MBUSA received a report of an "MBUSA vehicle '[c]ustomer [who] claim[ed] fragment from airbag left scar over eye related to Takata'" and that the report alleged that that "event that took place 'sometime in 2013'" and that "MBUSA investigated this claim."  Immaterial to the issue of pre-recall knowledge because—as plaintiffs note—customer 1-513742653 did not contact MBUSA until "after he received his recall notice from MBUSA."  D.E. 4805 ¶ 189.  Disputed as the sentence beginning "Because the [1-513742653] customer had not kept . . .", because the cited evidence does not support this assertion.  Exhibit 165 speaks for itself, and a dispute over its contents is immaterial.  Objection, relevance: the asserted fact is of no consequence to the determination of the action.  FRE 401(b), 402.  Objection, the paragraph is not "limited as far as practicable to a single material fact."  LR 56.1(b)(1)(B).  Objection, local rules require facts to be asserted in "separately numbered paragraphs," not hidden in footnotes.  L.R. 56.1(b)(1)(B).

### AA.    Response to Plaintiffs' Statement of Facts Regarding Whether MBUSA and MBUSI Shared Information Regarding MBUSA's Takata Recalls.

Plaintiffs' heading is argument and does not create a triable issue of fact.

190.    Disputed, but immaterial because Exhibit 166 speaks for itself.  Objection, relevance: the asserted fact is of no consequence to the determination of the action.  FRE 401(b), 402. Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  This paragraph refers to the actions of MBUSI in an improper attempt to confuse the issues.

191.    Undisputed, but immaterial.  Exhibits 167 and 168 speak for themselves.  Objection, relevance: the asserted fact is of no consequence to the determination of the action.  FRE 401(b), 402.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a

danger of confusing the issues.  FRE 403.  This paragraph refers to the actions of MBUSI in an improper attempt to confuse the issues.

**BB.    Response to Plaintiffs' Statement of Facts Regarding Whether MBUSA Had the Discretion to Push for Like-For-Like Replacement Inflators.**

Plaintiffs' heading is argument and does not create a triable issue of fact.

192.    Disputed, but immaterial.  Exhibit 169 speaks for itself and a dispute over its contents is immaterial.  FRE 401(b), 402.  Disputed, but immaterial as the assertion about MBUSA's purported expertise reflects an improper legal argument.  Exhibit 170 speaks for itself.  Objection, relevance: the asserted fact is of no consequence to the determination of the action.

**CC.    Response to Plaintiffs' Statement of Facts Regarding Whether MBUSA's QEC and Mr. Brunner (VCA) Played an Active Role in the Takata Airbag Recall.**

Plaintiffs' heading is argument and does not create a triable issue of fact.

193.    Undisputed but immaterial.   The asserted fact reflects improper legal argument. Exhibits 2 and 171 speak for themselves.   Objection, relevance: the asserted fact is of no consequence to the determination of the action.  MBUSA's actions in implementing the recall have no relevance to the question of MBUSA's pre-recall knowledge.

194.    Undisputed but immaterial.  Exhibits 2, 171, and 172 speaks for themselves.  Objection, relevance: the asserted fact is of no consequence to this action.  MBUSA's actions in implementing the recall have no relevance to the question of MBUSA's pre-recall knowledge.

195.    Undisputed but immaterial.  Exhibit 2 speaks for itself.  Objection, relevance: the asserted fact is of no consequence to the determination of the action.   MBUSA's actions in implementing the recall have no relevance to the question of MBUSA's pre-recall knowledge.

**DD.    Response to Plaintiffs' Statement of Facts Regarding Whether Takata Was Awarded Daimler's "Key Suppliers" Status.**

Plaintiffs' heading is argument and does not create a triable issue of fact.

196.    Disputed, but immaterial.  The evidence cited does not support plaintiffs' claim, and the paragraph contains improper legal argument.  Exhibits 173 and 175 speak for themselves. Objection, relevance: the asserted fact is of no consequence to the determination of the action.  The paragraph does not refer to MBUSA.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.  This paragraph refers to the actions of Daimler in an improper attempt to confuse the issues.  Objection, local rules require facts to be asserted in "separately numbered paragraphs," not hidden in footnotes.  L.R.

56.1(b)(1)(B).

197.    Disputed, but immaterial.   The evidence cited does not support plaintiffs' claim. Exhibit 173 speaks for itself.  Objection, relevance.  The paragraph does not refer to MBUSA. Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.   This paragraph refers to the actions of Takata, Daimler, and MBUSI in an attempt to improperly confuse the issues.  Objection, the paragraph is not "limited as far as practicable to a single material fact."  L.R. 56.1(b)(1)(B).

198.    Undisputed in part, disputed in part but immaterial.  Disputed as to the claim that "MBUSA and MBUSI would have had access" to the Daimler Supplier Magazine, as no evidence shows this.  Exhibit 173 speaks for itself.  Objection, relevance: the asserted fact is of no consequence to this action.  The asserted facts have no bearing on the issue of MBUSA's knowledge of the alleged defect.  Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.   This paragraph refers to the actions of Daimler and MBUSI, not MBUSA.  Objection, local rules require facts to be asserted in "separately numbered paragraphs," not hidden in footnotes.  L.R. 56.1(b)(1)(B).

### EE.    Response to Plaintiffs' Statement of Facts Regarding Whether At Least One Takata Non-Desiccated PSAN Airbag Ruptured in a Class Vehicle.

Plaintiffs' heading is argument and does not create a triable issue of fact.

199.    Undisputed, but immaterial.   The documents speak for themselves.   Objection, relevance: the asserted fact is of no consequence to the determination of the action.   Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.

200.    Undisputed, but immaterial, that the photograph was included in a complaint filed against MBUSA relating to an alleged crash that occurred on November 7, 2020, years after implementation of the recalls of Takata airbags in Mercedes-Benz vehicles.  Plaintiffs do not claim damages for personal injuries.  Objection, relevance: the asserted fact is of no consequence to the determination of the action.   Objection, prejudice: the probative value of the assertion is substantially outweighed by a danger of confusing the issues.  FRE 403.

### FF.    Response to Plaintiffs' Statement of Facts Regarding Whether, If MBUSA Had Disclosed the Inflator Defect, Plaintiffs Would Not Have Purchased Their Class Vehicles or Would Have Paid Less For Them.

Plaintiffs' heading is argument and does not create a triable issue of fact.

201.     Undisputed in part, disputed in part but immaterial.  The quoted language is irrelevant because Knapp never drove the vehicle in question consistently because it was a two-seater convertible, and even before the recall she never drove the vehicle more than "a couple times a week" when "the weather was nice" and when she did not have dogs or kids with her.  Ex. 42, Knapp Dep. at 107:3–22; 108:3–4.  Objection, relevance: the asserted fact is of no consequence to the determination of the action.  Knapp has waived loss-of-use damages.

202.     Disputed in part but immaterial.  The cited testimony is irrelevant because Bridges kept driving her vehicle after being notified of the Takata airbag-inflator recall. D.E. 4801-17 at 70:23–72:2, 84:17–85:15, 99:8–103:4, 107:10–108:12; D.E. 4801-18 at No. 5. Her significant other also rode in the car with her after she had been notified of the Takata airbag-inflator recall. D.E. 4801-17 at 123:6–15.  Objection, relevance: the asserted fact is of no consequence to the determination of the action.  Bridges has waived loss-of-use damages.

203.     Undisputed in part, disputed in part but immaterial.  The quoted language is irrelevant.  Objection, relevance.  Radican has waived loss-of-use damages.

204.     Undisputed in part, disputed in part but immaterial.  The quoted language is irrelevant.  Objection, relevance.  Goldberg has waived loss-of-use damages.

205.     Undisputed in part, disputed in part but immaterial.  The quoted language is irrelevant.  Objection, relevance.  Radican has waived loss-of-use-damages.

206.     Undisputed in part, disputed in part but immaterial.  The quoted language is irrelevant.  Objection, relevance.  Phillips has waived loss-of-use-damages.

207.     Undisputed but immaterial.  The quoted language is accurately reflected, but irrelevant.  Objection, relevance.  Goldberg has waived loss-of-use-damages.

208.     Undisputed but immaterial. Objection, relevance.  Taylor has waived loss-of-use-damages.

209.     Undisputed in part, disputed in part but immaterial.  Disputed that Exhibit 176 served as proper statutory notice under the relevant states' laws.  Whether the letter was proper notice is a legal issue, not a factual one.  Exhibit 176 speaks for itself.  Undisputed that MBUSA sent Exhibit 177.  Exhibit 177 speaks for itself.

210.     Undisputed in part, disputed in part but immaterial.  The cited testimony does not support the assertion that Radican and the proposed class "could not have discovered in the exercise of reasonable diligence…any issues with their airbags or the bases for their consumer

38

protection causes of action until after Mercedes sent them recall notices in 2017-2018." Objection, improper legal argument.

211.    Undisputed in part.  The cited testimony does not support the assertion that Goldberg "could not have discovered in the exercise of reasonable diligence, Defendants' deception and the bases for their consumer protection causes of action until they received the recall letter for their airbags in 2016 or later." Objection, improper legal argument.

212.    Undisputed in part, disputed in part but immaterial.  The cited testimony does not support the assertion that Radican and the proposed class "could [sic] have discovered in the exercise of reasonable diligence the bases for their implied warranty causes of action until after Mercedes sent them recall notices in 2016." Objection, improper legal argument.  Objection, relevance: the asserted fact is of no consequence to the determination of the action.  Radican is not pursuing an implied warranty claim, on either a class or individual basis.

213.    Undisputed in part, disputed in part but immaterial.  The cited testimony does not support the assertion that Radican and the proposed class "could not have discovered in the exercise of reasonable diligence, the basis for their unjust enrichment causes of action at the time of purchase but only much later, until they received." Objection, improper legal argument.

214.    Undisputed in part, disputed in part but immaterial.  The cited testimony does not support the assertion that Goldberg and Knapp "could not have discovered in the exercise of reasonable diligence, the basis for their unjust enrichment causes of action at the time of purchase but only much later, until they received." Objection, improper legal argument.

215.    Undisputed, but immaterial.  Objection, relevance: the asserted fact is of no consequence to the determination of the action.

**GG.    Response to Plaintiffs' Statement of Facts Regarding Whether Plaintiffs Have Cognizable Damages.**

Plaintiffs' heading is argument and does not create a triable issue of fact.

216.    Undisputed, but immaterial.  Objection, relevance.

217.    Undisputed, but immaterial.  Objection, relevance.

218.    Undisputed that Dubé purports to calculate damages for named plaintiffs and that the language quoted is a partial quotation of Dubé's expert report.  MBUSA objects to Paragraph 218 because Dubé's damages calculations are inadmissible under Rule 702 and *Daubert*.  See D.E. 4178, joined by MBUSA, D.E. 4175.

219.    Undisputed, but irrelevant, that Dubé calculates price premiums that plaintiffs allegedly paid for their Class Vehicles due to New GM's alleged misconduct.  MBUSA objects to Paragraph 219 because Dubé's damages calculations are inadmissible under Rule 702 and *Daubert*.  *See* D.E. 4178, joined by MBUSA, D.E. 4175.

220.    Undisputed, but immaterial.

221.    Undisputed that the language quoted is a partial quotation of Dubé's expert report. MBUSA objects to Paragraph 221 because Dubé's damages calculations are inadmissible under Rule 702 and *Daubert*.  *See* D.E. 4178, joined by MBUSA, D.E. 4175.

222.    Undisputed, but immaterial, that the language quoted is a partial quotation of Dubé's rebuttal expert report.

223.    Undisputed, but irrelevant to any essential element of any named plaintiffs' claim.

224.    Undisputed, but irrelevant to any essential element of any named plaintiffs' claim.

225.    Undisputed, but irrelevant that Dubé's price premium accounts for New GM's recall.

226.    Undisputed that the language quoted are partial quotations of Dubé's reports.  MBUSA objects to paragraph 226 because Dubé's findings are inadmissible under Rule 702 and *Daubert*, 509 U.S. 579 (1993).  *See* D.E. 4178, joined by MBUSA, D.E. 4175.

227.    Undisputed, but immaterial.

228.    MBUSA objects to paragraph 228 because Dubé's damages calculations are inadmissible under Rule 702 and *Daubert* (*see* D.E. 4178, joined by MBUSA, D.E. 4175) and Dubé's "price premium" is an improper measure of damages (*see* D.E. 4797 (FCA MSJ) at 8–10, joined by MBUSA, D.E. 4635 n.9), that is inconsistent with plaintiffs' case (*see* D.E. 4635 (MBUSA Opp. to Class Cert.) at 50–54).  Undisputed plaintiffs partially quote Dubé's testimony.

229.    Disputed, in part.  Undisputed, but immaterial and irrelevant, that Renz and Baglini both opine on certain risks associated with ammonium nitrate, which is materially different from PSAN.  D.E. 4174-1 at 11:12-15.  Disputed that Renz and Baglini opine on "how ammonium nitrate should not be used in airbag inflators," because both Renz and Baglini admitted in their depositions that they did no independent inspections or analyses of Takata airbag inflators sourced from Mercedes-Benz vehicles and conceded that a variety of factors, such as vehicle design/construction, maintenance, usage, and other environmental conditions, can affect whether or if PSAN may degrade over time.  D.E. 4174-2 at 81:23–25, 85:14–17, 433:11–15; D.E. 4174-1 at 220:12–20, 293:9–294:12.

Dated: August 23, 2024                    Respectfully submitted,

*/s/ Raoul G. Cantero*
Raoul G. Cantero (Florida Bar No. 552356)
raoul.cantero@whitecase.com
Jaime A. Bianchi (Florida Bar No. 908533)
jbianchi@whitecase.com
Sheldon A. Philp (Florida Bar No. 020123)
sphilp@whitecase.com
**WHITE & CASE LLP**
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

Troy M. Yoshino (*admitted pro hac vice*)
TYoshino@winston.com
Eric J. Knapp (*admitted pro hac vice*)
EKnapp@winston.com
**WINSTON & STRAWN LLP**
101 California Street, Suite 3500
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Attorneys for Defendant*
*Mercedes-Benz USA, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 23, 2024, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By: *<u>/s/ Raoul G. Cantero</u>*
Raoul G. Cantero