# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

| | |
|---|---|
| IN RE: TAKATA AIRBAG<br>PRODUCT LIABILITY LITIGATION<br><br>This Document Relates to All Economic Loss<br>Class Actions and:<br><br><br><br>STEPHANIE PUHALLA, et al., individually<br>and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>        Defendant. | MDL No. 2599<br><br>Master File No. 15-MD-2599-FAM<br><br>S.D. Fla. Case No. 1:14-cv-24009-FAM |

## MERCEDES-BENZ USA, LLC'S MOTION TO ALTER OR AMEND ORDER ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND INCORPORATED MEMORANDUM OF LAW

Raoul G. Cantero
Jaime A. Bianchi
Sheldon A. Philp
WHITE & CASE LLP
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

Troy M. Yoshino
Eric J. Knapp
WINSTON & STRAWN LLP
101 California Street, Suite 2100
San Francisco, CA 94111-5891
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Attorneys for Defendant*
*Mercedes-Benz USA, LLC*

## TABLE OF CONTENTS

Procedural Background ................................................................................................. 3

Legal Standard ............................................................................................................. 6

Argument ..................................................................................................................... 7

    I.    Plaintiffs never moved to certify—or offered proof to justify—a "multistate class under the Washington Consumer Protection Act." ...................................................... 7

    II.   The multistate consumer-protection class has no Mississippi claim or Oregon representative. .................................................................................................... 9

    III.  Reliance is an "individual issue" under North Carolina law, and it predominates under *Tershakovec.* ........................................................................................... 11

    IV.  North Carolina's duty to disclose exists only in "arm's length negotiations" and is not "substantially similar" to that of other states. ................................................ 14

    V.   The Court cannot and should not certify any class. ............................................. 15

Conclusion .................................................................................................................. 16

## TABLE OF AUTHORITIES

**Cases**                                                **Page(s)**

*Arnesen v. Rivers Edge Golf Club & Plantation, Inc.*,
781 S.E.2d 1 (N.C. 2015)................................................................11

*Bear Hollow LLC v. Moberk, LLC*,
2006 WL 1642126 (W.D.N.C. June 5, 2006) ........................................14

*Bouton v. Ocean Props., Ltd.*,
322 F.R.D. 683 (S.D. Fla. 2017) .........................................................10

*Brown v. Electrolux Home Prods., Inc.*,
817 F.3d 1225 (11th Cir. 2016) .......................................................8, 14

*Culpepper v. Irwin Mortg. Corp.*,
491 F.3d 1260 (11th Cir. 2007) ...........................................................6

*Douglas Asphalt Co. v. QORE, Inc.*,
657 F.3d 1146 (11th Cir. 2011) .........................................................15

*Green-Cooper v. Brinker Int'l, Inc.*,
73 F.4th 883 (11th Cir. 2023), *cert. denied sub nom.*
*Brinker Int'l, Inc. v. Steinmetz*, 144 S. Ct. 1457 (2024)...........................10

*Harton v. Harton*,
344 S.E.2d 117 (N.C. App.), *disc. rev. denied*, 347 S.E.2d 41 (N.C. 1986)................3, 14, 15

*Hornady v. Outokumpu Stainless USA, LLC*,
118 F.4th 1367 (11th Cir. 2024) .......................................................6, 9

*Molinos Valle del Cibao, C. por A. v. Lama*,
633 F.3d 1330 (11th Cir. 2011) ......................................................12, 15

*Pinon v. Daimler AG*,
2019 WL 11648560 (N.D. Ga. Nov. 4, 2019) ......................................14

*Pitts v. Am. Sec. Ins.*,
550 S.E.2d 179 (N.C. Ct. App. 2001), *depublished by*
569 S.E.2d 647 (N.C. 2002)............................................................ *passim*

*Ponzio v. Mercedes-Benz USA, LLC*,
447 F. Supp. 3d 194 (D.N.J. 2020) ....................................................14

*Prado-Steiman ex rel. Prado v. Bush*,
221 F.3d 1266 (11th Cir. 2000) .......................................................7, 15

*Rikos v. Procter & Gamble Co.*,
    799 F.3d 497 (6th Cir. 2015) ...............................................12

*Robinson v. Gen. Motors LLC*,
    2021 WL 3036353 (D. Del. July 19, 2021), *R&R adopted*,
    2021 WL 7209365 (D. Del. Nov. 30, 2021) ...........................14, 15

*Rowan Cnty. Bd. of Educ. v. U.S. Gypsum Co.*,
    418 S.E.2d 648 (N.C. 1992)...............................................12

*Royalty Network, Inc. v. Harris*,
    756 F.3d 1351 (11th Cir. 2014) .........................................11

*Sacred Heart Health Sys. v. Humana Mil. Healthcare Servs.*,
    601 F.3d 1159 (11th Cir. 2010) .....................................1, 4, 8

*Shin v. Cobb Cnty. Bd. of Educ.*,
    248 F.3d 1061 (11th Cir. 2001) ..........................................7, 9

*Suchanek v. Sturm Foods, Inc.*,
    2018 WL 6617106 (S.D. Ill. July 3, 2018) .............................12

*Sullivan v. Mebane Packaging Grp., Inc.*,
    581 S.E.2d 452 (N.C. App. 2003).......................................12

*Terrill v. Electrolux Home Prods., Inc.*,
    274 F.R.D. 698 (S.D. Ga. 2011) ..........................................6

*Tershakovec v. Ford Motor Co.*,
    79 F.4th 1299 (11th Cir. 2023) ................................... *passim*

*Vega v. T-Mobile USA, Inc.*,
    564 F.3d 1256 (11th Cir. 2009) ..........................................9

*Watts v. Cumberland Cnty. Hosp. Sys., Inc.*,
    343 S.E.2d 879 (N.C. 1986)...............................................12

**Statutes**

Iowa Code § 714H.1 *et seq.* .......................................................3

N.C. Gen. Stat. § 75–1.1 *et seq.* ...............................................3

Or. Rev. Stat. § 646.605 *et seq.* ...............................................3

Wash. Rev. Code § 19.86.010 *et seq.* ................................. *passim*

**Other Authorities**

Fed. R. Civ. P. 23 ................................................................................................ *passim*

Fed. R. Civ. P. 54 ....................................................................................................6

Fed. R. Civ. P. 59 ....................................................................................................6

Fed. R. Civ. P. 60 ....................................................................................................6

N.C. R. App. P. 30 .................................................................................................11

Mercedes-Benz USA, LLC ("MBUSA") moves the Court to reconsider its Order Granting in Part Plaintiffs' Motion for Class Certification (D.E. 4856, the "Order"). As noted in MBUSA's Certificate of Good-Faith Conference at the end of this brief, plaintiffs do not oppose certain of MBUSA's requested relief but intend to oppose other aspects of this motion.[1]

*First*, the Court clearly erred in certifying a "multistate class under the Washington Consumer Protection Act" for purchasers from "Iowa, Mississippi, North Carolina, Oregon, and Washington." Order at 29, 32, 38–39. Plaintiffs did not *move* for—much less meet their evidentiary burden to warrant certification for—such a class (and the multistate consumer-protection class they *did* move for included none of these states). To the contrary, plaintiffs expressly stated that they were moving only for "single-state classes" under these states' laws. D.E. 4610 at 1–2. Nor did they plead any such multistate class. D.E. 4522. As a result, neither plaintiffs nor MBUSA included any argument or proof on the substantial similarity of these states' laws in the (several rounds of) briefing that preceded the Court's Order. *See* D.E. 4610 at 43–45; D.E. 4635 at 35–43; D.E. 4648 at 19–25; D.E. 4765 at 11; D.E. 4779 at 11. Likewise, the Court's analysis of the "multistate class" headed by William Goldberg includes *no analysis* of the consumer-protection laws of Iowa, Mississippi, North Carolina, Oregon, or Washington, let alone any finding that those laws are substantially similar to the Washington Consumer Protection Act. *See* Order at 31–32. As plaintiffs concede that a multistate class requires them to "demonstrate the homogeneity of [all these] different states' laws" (D.E. 4610 at 34 (quoting *Sacred Heart Health*

---

[1] Specifically, plaintiffs indicated during meet and confer efforts before this motion was filed that they agree it is appropriate to narrow the class the Order certified with plaintiff Goldberg as representative to include only individuals who purchased a relevant vehicle in Washington, but that they otherwise oppose reconsideration. Their position is stated verbatim in the Certificate of Good-Faith Conference. Despite plaintiffs' agreement to some of MBUSA's requested relief, because this motion asks the Court to reconsider its Order, MBUSA addresses all bases for reconsideration in this brief.

*Sys. v. Humana Mil. Healthcare Servs.*, 601 F.3d 1159, 1180 (11th Cir. 2010))), it was clear error for the Court to certify the multistate consumer-protection class.

**Second**, and even setting aside the error in certifying *any* multistate class including consumer-protection claims that plaintiffs neither requested nor briefed, the Court separately erred by including Mississippi and Oregon purchasers within this multistate class. As to Mississippi, this Court held in the Order (and has consistently recognized), that plaintiffs' claims are "governed by the laws of the states in which the Class Vehicles were purchased." Order at 4; *see also* D.E. 4610 at 15. But **plaintiffs have no pending claim under any Mississippi consumer-protection statute**. D.E. 4500 at 1; *see also* D.E. 4026 ¶¶ 700–07. Obviously, Mississippi purchasers cannot pursue a claim that has not been pleaded, nor can they pursue a Washington-state claim under this Court's repeated holdings as to choice of law. As to Oregon, **the only Oregon plaintiffs (and their claims) were dismissed with prejudice from this case**, and plaintiffs expressly agreed that this would "moot the aspects of [their] motion for class certification seeking certification of Oregon … claims." D.E. 4849; D.E. 4851. It was clear error for the Court to certify claims that plaintiffs never put at issue or expressly withdrew.

**Third**, this Court's holding that North Carolina law "allow[s] for the use of a class-wide presumption or inference of reliance when a defendant's alleged fraudulent conduct is uniform with respect to the class" (Order at 24) conflicts with North Carolina law. The sole North Carolina case the Court cited, *Pitts*, held that class members must prove reliance on an *individual* basis, and it never adopted any presumption or inference of reliance. *Pitts v. Am. Sec. Ins.*, 550 S.E.2d 179, 189 (N.C. App. 2001) (reliance is an "individual issue"). This Court's reliance on *Pitts*'s conclusion that the need to prove reliance individually did not defeat predominance under North Carolina's version of Rule 23(b)(3) was clear error. That holding addressed a matter of

2

inapposite North Carolina state procedure, not substance—and on procedural issues, this Court is bound by Eleventh Circuit law, including *Tershakovec*'s unequivocal holding that the need to prove individualized reliance "would predominate over other common questions." *Tershakovec v. Ford Motor Co.*, 79 F.4th 1299, 1307–08 (11th Cir. 2023).

**Fourth**, this Court erred in holding that North Carolina law is substantially similar to the laws of the other states in the multistate fraud class as to a duty to disclose because "in all pertinent jurisdictions, a duty to disclose arises from a defendant's exclusive or superior knowledge as to undisclosed material facts." Order at 25.  This holding overlooks a key limitation on the duty to disclose in North Carolina—it applies only to parties "negotiating at arm's length." *Harton v. Harton*, 344 S.E.2d 117, 119 (N.C. App.), *disc. rev. denied*, 347 S.E.2d 41 (N.C. 1986).  *No one* claims that MBUSA negotiated at arm's length with any plaintiff, and certainly not with the myriad of class members who purchased their cars used—like plaintiff Bridges herself.  *See, e.g.*, D.E. 4496 ¶ 27.

**Finally**, for the reasons stated in MBUSA's prior briefing, and as outlined below, it was error for this Court to certify *any* class.

## PROCEDURAL BACKGROUND[2]

In April 2023, plaintiffs moved to certify two multistate classes and five single-state classes:

(1) a **multistate** fraud class comprising purchasers from Georgia, North Carolina, Rhode Island, Alabama, Colorado, Delaware, the District of Columbia, Tennessee, Utah, Virginia, West Virginia, and Wisconsin, with Paulette Calhoun (Georgia), Daphne Bridges (North Carolina), and Theresa Radican (Rhode Island) as class representatives;

---

[2] The classes plaintiffs proposed, did not propose, and the classes the Order certified are summarized in Exhibit A.

(2)   a **multistate** consumer-protection class comprising purchasers from Rhode Island, Connecticut, Hawaii, Maine, Nebraska, Oklahoma, Vermont, and West Virginia, with Radican (Rhode Island) as the sole class representative; and

(3)   **single-state** classes as follows:

    (a)   **Iowa** purchasers with claims for common-law fraud or under the Iowa Consumer Frauds Act, with Susan Knapp as class representative;

    (b)   **Mississippi** purchasers with claims for common-law fraud or breach of implied warranty, with Bettie Taylor as class representative;

    (c)   **North Carolina** purchasers with claims under the North Carolina Unfair and Deceptive Trade Practices Act, with Bridges as class representative;

    (d)   **Oregon** purchasers with claims for common-law fraud or under the Oregon Unlawful Trade Practices Act, with Jack and Nancy Phillips as class representatives;

    (e)   **Washington** purchasers with claims for common-law fraud or under the Washington Consumer Protection Act, with Goldberg as class representative.

D.E. 4610 at 1.  Around the same time, plaintiffs moved to certify their remaining claims against GM and FCA, which partially—but not completely—overlapped with the claims pleaded against MBUSA.

Acknowledging their obligation to establish "the homogeneity of different states' laws, or at least to show that any variation they contain is manageable" (D.E. 4610 at 34 (quoting *Sacred Heart*, 601 F.3d at 1180)), plaintiffs spent several pages of their class certification brief purporting to show that the laws of the states implicated by their proposed multistate classes were substantially similar.  D.E. 4610 at 34–42.  They did not make any such showing as to states not implicated by their requested classes.

In June 2023, the Court issued orders certifying classes as to plaintiffs' claims against FCA, but issued no such order as to MBUSA.  D.E. 4659.  Soon after, the Eleventh Circuit issued its opinion in *Tershakovec*, which clarified the analysis required to presume reliance under differing states' laws.  *See* 79 F.4th at 1306–15.  Plaintiffs then moved to narrow the certified class as to

4

FCA to exclude purchasers from Alabama, Delaware, the District of Columbia, Tennessee, and Rhode Island.  D.E. 4663.  The Court granted that motion and ordered all parties to brief the impact of *Tershakovec*.  D.E. 4666; D.E. 4667.  As part of that briefing, plaintiffs expressly withdrew any request to certify fraud claims under Alabama, Delaware, Rhode Island, Tennessee, District of Columbia, Mississippi, or Washington law.  D.E. 4683 at 11 n.7.

After that briefing, the Court issued orders certifying narrowed classes as to GM and FCA, finding in part that no class claim could proceed under Georgia law or with a Georgia plaintiff as the class representative.  This is because Georgia law would not recognize a presumption of reliance when, as in this case, plaintiffs "lack evidence establishing that all putative class members received uniform representations made in the same, standardized documents."  D.E. 4689 at 20; *see also* D.E. 4688 at 4–8 (noting that the evidence here "reflects that purchasers were exposed to myriad different representations concerning safety and airbags").  Again, the Court did not issue any class-certification order as to MBUSA.

About six months later, the Court ordered MBUSA to submit a brief showing why the Court should not issue a class certification order similar to those entered against FCA and GM, and directed plaintiffs to file a responsive brief.  D.E. 4764.  As part of that briefing, plaintiffs reiterated that they sought to certify a multistate consumer-protection class only with Radican as a class representative and only as to Rhode Island, Connecticut, Hawaii, Maine, Nebraska, Oklahoma, Vermont, and West Virginia.  D.E. 4779 at 2.

Following this briefing, and while preparing its motion for summary judgment, MBUSA learned (through independent research, not from plaintiffs' counsel) that plaintiffs Radican and Jack Phillips had died more than a year before.  *See* D.E. 4800 at 1.  Plaintiffs subsequently stipulated to dismiss Radican's and Jack and Nancy Phillips's claims, and agreed that this

dismissal would moot their request to certify their "Oregon, Rhode Island, and all *Zantac* claims tied to Ms. Radican's claims [i.e., consumer-protection claims under CT, HI, MN, NE, OK, VT, and WV law]."  D.E. 4849.

Months later, the Court issued the Order, which certifies (1) a multistate fraud class with Bridges (NC) as the sole class representative and including North Carolina, Colorado, Utah, West Virginia, and Wisconsin claims; (2) a multistate consumer-protection class with Goldberg (WA) as the sole class representative and including Iowa, Mississippi, North Carolina, Oregon, and Washington claims; and (3) single-state classes for Iowa common-law fraud and consumer-protection claims (with Knapp as class rep), Mississippi implied-warranty claims (with Taylor as class rep), and North Carolina consumer-protection claims (with Bridges as class rep).

## LEGAL STANDARD

The Court can and should reconsider its Order under Rule 54(b), which recognizes district courts' inherent authority "to reconsider, revise, alter or amend" a nonfinal order and "correct its own errors."  *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379–80 (11th Cir. 2024).  A court "should not hesitate to revisit its prior ruling" if the moving party meets the stricter standards governing final judgments, though the party need not do so.  *Id.* at 1381.  Those standards include "mistake, inadvertence," and "manifest errors."  *Id.* at 1379 (describing Rules 59(e) and 60(b)).  Courts consider (1) the "weight of the … arguments" and (2) disruption to the proceedings "in light of the time that has passed since the decision was [] made."  *Id.* at 1381.

Alternatively, the Court can and should reconsider its Order under Rule 23(c)(1)(C), which gives district courts "broad discretion" to revisit class certification at any time before final judgment.  *Terrill v. Electrolux Home Prods., Inc.*, 274 F.R.D. 698, 700 (S.D. Ga. 2011) (citing *Culpepper v. Irwin Mortg. Corp.*, 491 F.3d 1260, 1275 (11th Cir. 2007)).  A court may revisit certification because it "should not have been [granted] in the first place," *Culpepper*, 491 F.3d

at 1276, or to consider "redefined or more narrowly tailored classes or subclasses," *Shin v. Cobb Cnty. Bd. of Educ.*, 248 F.3d 1061, 1065 (11th Cir. 2001).  The Eleventh Circuit "encourage[s]" district courts to reconsider whether plaintiffs have met the prerequisites of Rule 23 and to "fine-tune" certification orders.  *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1273–74 (11th Cir. 2000).  Reconsideration is a proper mechanism "to correct any errors in the certification order."  *Shin*, 248 F.3d at 1064.

## ARGUMENT

### I.    Plaintiffs never moved to certify—or offered proof to justify—a "multistate class under the Washington Consumer Protection Act."

Plaintiffs did not *move* for—much less carry their burden to prove that class certification requirements were met for—a "multistate class under the Washington Consumer Protection Act."  Rather, plaintiffs proposed a *single-state* Washington consumer-protection class, with Goldberg as representative, and one multistate consumer-protection class with Radican (of Rhode Island) representing purchasers from *an entirely separate set* of states (Connecticut, Hawaii, Maine, Nebraska, Oklahoma, Rhode Island, Vermont, and West Virginia).  D.E. 4610 at 1–2; *see also* D.E. 4849 (agreeing that dismissal "moot[s] the aspects of Plaintiffs' motion for class certification [] seeking certification of … all *Zantac* claims tied to Ms. Radican's claims").  No such class was proposed in any of plaintiffs' *four* complaints or supplementary pleadings.  D.E. 2430 ¶¶ 265–266; D.E. 2762 ¶¶ 247–48; D.E. 4026 ¶¶ 292–93; D.E. 4522 ¶ 338.  Nor in any of their *six* briefs seeking certification.  D.E. 4610 at 1–2; D.E. 4648; D.E. 4674; D.E. 4683; D.E. 4779; D.E. 4789.  Still, the Court certified a multistate class for "Goldberg's statutory claim under Washington law," representing purchasers from five states, *none* of which were part of the multistate consumer-protection class plaintiffs proposed: Iowa, Mississippi, North Carolina, Oregon, and Washington.  Order at 38–39; *cf.* D.E. 4610 at 1–2.

This certification is not proper because plaintiffs did not even *attempt* to make the requisite showings for such a class.  Indeed, plaintiffs acknowledged it was their burden to prove that the laws of states included within a multistate class are not "materially different."  *See* D.E. 4610 at 33–34 (quoting *Sacred Heart*, 601 F.3d at 1180 ("[I]t falls to the plaintiff to demonstrate the homogeneity of different states' laws, or at least to show that any variation they contain is manageable.")).  And as the parties seeking class certification, plaintiffs "must affirmatively demonstrate [] compliance with Rule 23" by proving that *each* requirement is "in fact satisfied."  *Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1234 (11th Cir. 2016) (cleaned up); *see also* Order at 5 ("To proceed as a class, the named representatives must complete a burdensome checklist.").  Because plaintiffs never *proposed* a multistate Washington class, however, they had no reason to carry the heavy burden of meeting these requirements.  *See* D.E. 4610 at 32–46 (needing over fourteen pages to argue for predominance of multistate classes); D.E. 4648 at 19–27 (eight pages).

By contrast, in the context of the multistate fraud class, the Court recognized and analyzed plaintiffs' burden to prove substantial similarity.  Order at 25 ("The Court must now determine whether Plaintiffs have proven that the states' law (North Carolina, Colorado, Virgina, West Virginia, and Wisconsin) for the multistate classes are substantially similar.").  And as to the multistate consumer-protection class, the Court noted that it was required to determine whether plaintiffs' "separate proposed statutory classes satisfy the predominance requirement." *Id.* at 29.  The Court even concluded that "predominance is met with respect to the proposed multistate class under the Washington Consumer Protection Act," but it analyzed only whether *Washington*'s statute has a reliance requirement—not the laws of other states, nor whether other Rule 23 requirements are met for this multistate class as a group.  *Id.* at 32.  *Nowhere* did the

Court analyze (presumably because the issue was never briefed) whether the laws of the states included in the multistate consumer-protection class were "substantially similar." *See id.* at 25–27 (analyzing and finding substantial similarity only for multistate fraud class).  That was clear error.

The Eleventh Circuit has cautioned against "rewriting [plaintiffs'] pleading" in the context of class certification.  *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1271 (11th Cir. 2009).  Rule 23 requires a "rigorous analysis" that is "not … so generous or forgiving."  *Id.* at 1269; *see, e.g.*, *id.* at 1275 (abuse of discretion to not "provide any findings or reasoning" for Rule 23 requirement).  The Court should correct this error, and not certify a class that was never proposed and for which plaintiffs have failed to meet their burden of proof.  *See Shin*, 248 F.3d at 1064 (reconsideration appropriate "to correct any errors"); *Hornady*, 118 F.4th at 1379 (same for "manifest errors").

## II.  The multistate consumer-protection class has no Mississippi claim or Oregon representative.

In addition to erroneously certifying a multistate class plaintiffs did not propose, the multistate consumer-protection class is particularly inappropriate because it includes Mississippi and Oregon consumer-protection claims that plaintiffs either *never pleaded* or *voluntarily dismissed*.

As the Court has consistently recognized, plaintiffs' claims are "governed by the laws of the states in which the Class Vehicles are purchased."  Order at 4; *see also* D.E. 4610 at 15 (plaintiffs acknowledging the same).  But plaintiffs did not plead a Mississippi statutory consumer-protection claim in the operative complaint, nor did they analyze such claim in their class-certification briefing.  *See* D.E. 4026 ¶ 338 (pleading common-law fraud); *id.* ¶¶ 700–07 (breach of implied warranty); D.E. 4522 ¶¶ 338 (fraud); D.E. 4500 (listing fraud and implied

warranty as only remaining Mississippi claims).  In fact, plaintiffs have *never* pleaded such a claim.  *See* D.E. 2430 ¶¶ 354, 837–44; *see also* D.E. 2762 ¶¶ 333, 792–99.  Obviously, Mississippi purchasers cannot pursue a claim under Mississippi law that was never pleaded.  Nor could plaintiffs seek to certify a broader class than reflected in their pleading.  *See Bouton v. Ocean Props., Ltd.*, 322 F.R.D. 683, 693 (S.D. Fla. 2017) ("Although a plaintiff may seek to certify a class definition *narrower* than the one proposed in the operative pleading without a new claim for relief, *the converse is not allowed*." (second emphasis added)).

The situation is similar as to Oregon.  This Court dismissed all Oregon plaintiffs' claims. *See* D.E. 4610 at 13 (proposing only Jack and Nancy Phillips to represent Oregon purchasers); D.E. 4851 (dismissing the Phillips's claims with prejudice).  Indeed, plaintiffs stipulated that dismissal would "moot the aspects of Plaintiffs' motion for class certification [] seeking certification of Oregon … claims."  D.E. 4849.  The Court did not analyze an Oregon class, find evidence sufficient to certify an Oregon class, or demonstrate that Oregon law was "substantially similar" to Washington (or any other state's) law.  *See* Order at 3–4 (identifying single-state classes for claims under other states' laws, but not Oregon's); *id.* at 3 n.1 (noting dismissal of the Phillips's claims); *id.* at 31–32, 38–39 (attaching Oregon class to Washington consumer-protection claim with no analysis).

With no Mississippi claim, no surviving Oregon claim, no Oregon representative, and none of the requisite proof or substantial-similarity analysis, it was clear error to include Mississippi and Oregon in any multistate class.  *See Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883, 892–93 (11th Cir. 2023) (remanding to resolve discrepancy between class definition and predominance analysis), *cert. denied sub nom. Brinker Int'l, Inc. v. Steinmetz*, 144 S. Ct. 1457 (2024).

### III.   Reliance is an "individual issue" under North Carolina law, and it predominates under *Tershakovec.*

As for plaintiffs' multistate fraud class and single-state North Carolina UDTPA class, the Court found that the need to establish reliance for all class members did not defeat predominance because North Carolina "allow[s] for the use of a class-wide presumption or inference of reliance when a defendant's alleged fraudulent conduct is uniform with respect to the class."  Order at 24, 27, 30–31.  That finding conflicts with North Carolina law.

The relevant case is *Pitts v. American Security Insurance Co.*, 550 S.E.2d 179 (N.C. App. 2001).  *See* Order at 31; D.E. 4673 at 13–14; D.E. 4678 at 10.  *Pitts* established that class members must show individual reliance—"actual reliance"—to recover in fraud.  550 S.E.2d at 189 n.8.[3]  It did *not* recognize a presumption of reliance.  Instead, *Pitts* held that *even though* fraud requires "individualized showings" as to reliance, it was still possible for common issues to predominate under North Carolina's analogue to Rule 23.  *Id.*  That holding is *irrelevant* here.  It addresses only North Carolina state procedure, *not* the substantive question of allowing a presumption of reliance. *See Royalty Network, Inc. v. Harris*, 756 F.3d 1351, 1357 (11th Cir. 2014) ("It is well established that [a federal court sitting in diversity] is to apply state substantive law and *federal* procedural law." (emphasis added)).

Even if *Pitts* permitted a presumption of reliance (and it did not),[4] the North Carolina Supreme Court subsequently stripped *Pitts* of "precedential value," with two justices voting to reverse.  569 S.E.2d 647, 647–48 (N.C. 2002) (per curiam); *see also* N.C. R. App. P. 30(e)

---

[3] As relevant to the single-state class for Bridges's consumer-protection claim (Order at 30–31), the North Carolina UDTPA also requires "actual reliance."  *See* D.E. 4673 at 12 (quoting *Arnesen v. Rivers Edge Golf Club & Plantation, Inc.*, 781 S.E.2d 1, 7, 10 (N.C. 2015)).  No North Carolina court has *ever* found that a presumption or inference may be used to make this showing.

[4] To the contrary, *Pitts* states plainly that reliance is "an individual issue."  550 S.E.2d at 189.

(opinions with "no value as a precedent" not "controlling legal authority"). *Pitts* thus cannot show anything regarding North Carolina law. If anything, the North Carolina Supreme Court justices' opposition to even the narrow holding in *Pitts* provides "persuasive evidence" that North Carolina's highest court would *not* allow a presumption of reliance here. *See Molinos Valle del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1348 (11th Cir. 2011) (federal courts applying substantive state law "must predict how the highest court would decide th[e] case").

Plaintiffs have not identified any other North Carolina precedent establishing a presumption of reliance. *See* D.E. 4674 at 9 n.4 (citing *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 518 (6th Cir. 2015) (citing *Pitts*), and *Suchanek v. Sturm Foods, Inc.*, 2018 WL 6617106, at *12 (S.D. Ill. July 3, 2018) (citing *Rowan Cnty. Bd. of Educ. v. U.S. Gypsum Co.*, 418 S.E.2d 648, 661 (N.C. 1992)));[5] D.E. 4683 at 13 (citing *Rikos*); *id.* at 14 (citing *Watts v. Cumberland Cnty. Hosp. Sys., Inc.*, 343 S.E.2d 879, 884 (N.C. 1986), and *Sullivan v. Mebane Packaging Grp., Inc.*, 581 S.E.2d 452, 462 (N.C. App. 2003)).[6]

Although the Court also cited *Rikos*, it cannot use a federal case to expand North Carolina law. *See* Order at 24 (citing *Rikos*, 799 F.3d at 518); *Molinos*, 633 F.3d at 1348 (looking to state decisions). Besides ruling from a federal bench in another circuit, the *Rikos* panel admitted that it could not make out "whether or how [*Pitts*] was finding a classwide presumption of reliance or inferring reliance." 799 F.3d at 518. The Eleventh Circuit demands more: this Court must

---

[5] *Rowan* held that a jury could reasonably find the plaintiff's agent relied on representations in the defendant's catalogue because (1) the agent testified he relied on the catalogue and (2) the defendant acknowledged that the representations appeared in the catalogue at that time. 418 S.E.2d at 661. That fact-specific holding, relying on individualized evidence, cannot support a class-wide presumption of reliance—especially reliance on uniform conduct alone (Order at 24).

[6] *Watts* and *Sullivan* discuss a presumption arising from fiduciary relationships in the context of constructive fraud—a claim with "less 'exacting' [proof] than that required for actual fraud." *Watts*, 343 S.E.2d at 884; *Sullivan*, 581 S.E.2d at 462; *see also Tershakovec*, 79 F.4th at 1308 (requiring "claim-by-claim" determinations).

determine not only whether North Carolina permits a presumption of reliance, but also examine "under what circumstances." *Tershakovec*, 79 F.4th at 1308.  And again, because *Pitts* addresses North Carolina state procedure, *not* an element of substantive proof, it cannot direct the Court toward circumstances at all—let alone circumstances in which "alleged fraudulent conduct is uniform with respect to the class" (Order at 24).

Georgia provides a useful contrast.  The Court found that Georgia recognizes a presumption of reliance, but because this case falls outside its "narrow circumstances," "there can be no [presumption] under Georgia law."  Order at 18–19.  And yet the Court allowed a presumption in North Carolina, where no state court has recognized a presumption in *any* circumstances.  The Court cannot lighten plaintiffs' burden of proof *because* North Carolina does not permit a presumption of reliance.  *See Tershakovec*, 79 F.4th at 1314–15 (remanding to determine whether state's preconditions to applying a presumption were met); Order at 31 (discussing MBUSA's alleged "comprehensive marketing strategy" with no connection to *Pitts*). Because North Carolina (1) requires "actual reliance" and (2) has not "expressly authorize[d]" a presumption, this Court cannot "expand state law to include one."  *See Tershakovec*, 79 F.4th at 1312–13.

Even if *Pitts* allows a finding of predominance (under North Carolina's procedural rules) *despite* the "individual issue" of reliance, *Tershakovec* makes clear that the "very individualized inquiry" into reliance defeats predominance under *Federal* Rule of Civil Procedure 23(b)(3).  *Id.* at 1307–08.  The Court should hold plaintiffs to their burden of proof, explain that North Carolina does not recognize a presumption of reliance, find that "individualized showings of fact" predominate for the multistate fraud and single-state North Carolina classes, and resolve

any doubts *against* certification.  *See* D.E. 4635 at 24–31; D.E. 4673 at 11–14; D.E. 4678 at 9–11; D.E. 4793 at 3–4; Order at 6 (citing *Brown*, 817 F.3d at 1234).

IV.    **North Carolina's duty to disclose exists only in "arm's length negotiations" and is not "substantially similar" to that of other states.**

Specific to the multistate fraud class, the Order found that the variations in states' laws on the duty to disclose did not defeat predominance because, "in all pertinent jurisdictions, a duty to disclose arises from a defendant's exclusive or superior knowledge as to undisclosed material facts."  Order at 25–26.  But that finding conflicts with well-established North Carolina law.

Since *Harton*—and for nearly forty years—North Carolina courts have limited the duty to disclose to only "three situations."  *Harton v. Harton*, 344 S.E.2d 117, 119 (N.C. App.), *disc. rev. denied*, 347 S.E.2d 41 (N.C. 1986).  Although one of these situations is "knowledge of a latent defect," that knowledge creates a duty to disclose only as to parties "negotiating at arm's length."  *Id.*  But *no one* claims that MBUSA ever negotiated at arm's length with *any* plaintiff.  Certainly there were no such negotiations with the many class members who purchased their vehicles used, including the lone North Carolina plaintiff, Bridges.  *See* D.E. 4496 ¶¶ 10, 18, 27, 34 (four of seven named plaintiffs).  Under North Carolina law, then—and even assuming there was a defect (there was not)—MBUSA had no duty to disclose.  *See* D.E. 4635 at 43–44 (citing *Pinon v. Daimler AG*, 2019 WL 11648560, at *17 (N.D. Ga. Nov. 4, 2019) (citing *Harton*), and *Ponzio v. MBUSA*, 447 F. Supp. 3d 194, 232 (D.N.J. 2020) (same)).

MBUSA demonstrated this in its opposition brief (D.E. 4635 at 43–44), but the Court did not address this distinction in its Order and relied instead on the Delaware federal court's decision in *Robinson*.  *See* Order at 25–26 (citing *Robinson v. Gen. Motors LLC*, 2021 WL 3036353, at *8 (D. Del. July 19, 2021), *R&R adopted*, 2021 WL 7209365 (D. Del. Nov. 30, 2021)).  *Robinson* did not purport to make North Carolina law—nor could it.  And even that

decision traces back to *Harton*. *See Robinson*, 2021 WL 3036353, at \*8 n.20 (citing *Bear Hollow, LLC v. Moberk, LLC*, 2006 WL 1642126, at \*6 (W.D.N.C. June 5, 2006)); *Bear Hollow*, 2006 WL 1642126, at \*6 (citing *Harton*, 344 S.E.2d at 119, and limiting duty to disclose to the same "three situations"). This Court "*must* follow the decisions of [North Carolina's] intermediate courts." *Molinos*, 633 F.3d at 1348 (emphasis added).

The Court should align its analysis of the duty to disclose with settled North Carolina law. *See Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146, 1154 (11th Cir. 2011) ("It is not the function of federal courts to expand state tort doctrine in novel directions absent state authority suggesting the propriety of doing so."). And for the same reason, it should hold that the laws of Colorado, Utah, Virginia, West Virginia, and Wisconsin are *not* "substantially similar" and that plaintiffs cannot prove their fraud claims with common evidence—precluding certification of the multistate fraud class represented by North Carolina plaintiff Bridges. *See* D.E. 4635 at 35–37; *Prado*, 221 F.3d at 1273–74 (encouraging district courts to "reassess[] whether the prerequisites of Rule 23 exist and whether a class action is the most efficacious way to resolve the dispute").

## V. The Court cannot and should not certify any class.

For purposes of preservation, MBUSA reiterates and incorporates by reference all its prior arguments opposing class certification, including—but not limited to—the following:

- Plaintiffs proffered no viable method for proving damages on a class-wide basis that is consistent with the underlying state law on damages. *See* D.E. 4635 at 50–54; D.E. 4765 at 18–20.

- Plaintiffs offered no common proof that MBUSA knew of (or knowingly concealed) the alleged defect. *See* D.E. 4635 at 23–24; D.E. 4765 at 2–3.

- Plaintiffs are atypical and inadequate because they are subject to individualized

defenses.  *See* D.E. 4635 at 9–11; D.E. 4673 at 15–16; D.E. 4793 at 3–5.

- Plaintiffs cannot represent putative class members whose claims rely on other states' laws.  *See* D.E. 4635 at 11–12.

For these reasons, and all other arguments MBUSA raised, it was error for the Court to certify *any* class.[7]  *See* D.E. 4635; D.E. 4664; D.E. 4673; D.E. 4678; D.E. 4765; D.E. 4780; D.E. 4793.

## CONCLUSION

For these reasons, MBUSA requests that the Court reconsider its Order and (1) not certify any multistate consumer-protection class; (2) not certify any class covering claims under the consumer-protection statutes of Mississippi or Oregon, since no such claims are pleaded or extant here; (3) not certify any multistate fraud class, or any single-state North Carolina consumer-protection class, because North Carolina law (which governs the remaining proposed class representative's fraud claim)[8] does not permit a class-wide presumption of reliance; (4) not certify any multistate class under North Carolina law because North Carolina's duty to disclose arises only in "arm's length negotiations," which bars the claims for all or substantially all class members— including Bridges, who purchased her car used and is the sole representative for this class—and renders North Carolina law substantially different from any states in the proposed multistate fraud class that would apply a duty to disclose in this case; and (5) not certify any class, because plaintiffs have not made and cannot make the requisite showings under Rule 23.

---

[7] To be clear, MBUSA does not waive any argument against class certification, and expressly reserves its right to file a Rule 23(f) petition if the Court denies this motion or alters, amends, or otherwise issues a new order certifying any class.

[8] The Court properly excluded Calhoun and other Georgia purchasers from the multistate fraud class, *see* Order at 17–19, and plaintiffs dismissed Radican's Rhode Island and *Zantac* claims, D.E. 4849.

Dated: March 11, 2025

Respectfully submitted,

*/s/ Raoul G. Cantero*
Raoul G. Cantero (Florida Bar No. 552356)
raoul.cantero@whitecase.com
Jaime A. Bianchi (Florida Bar No. 908533)
jbianchi@whitecase.com
Sheldon A. Philp (Florida Bar No. 020123)
sphilp@whitecase.com
**WHITE & CASE LLP**
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

Troy M. Yoshino (*admitted pro hac vice*)
TYoshino@winston.com
Eric J. Knapp (*admitted pro hac vice*)
EKnapp@winston.com
**WINSTON & STRAWN LLP**
101 California Street, Suite 2100
San Francisco, CA 94111-5891
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Attorneys for Defendant*
*Mercedes-Benz USA, LLC*

**CERTIFICATE OF GOOD-FAITH CONFERENCE**

I hereby certify that counsel for MBUSA conferred in good faith with counsel for plaintiffs, as required under Local Rule 7.1(a)(2).  Plaintiffs stated that they "believe that the entire certification order is supported by the law.  But Plaintiffs agree that it is appropriate to narrow the class that Plaintiff Goldberg represents to persons who purchased a Class Vehicle in Washington, because Iowa, Mississippi, and North Carolina purchasers are already covered by the separate classes that the Court certified.  Plaintiffs believe that all other classes certified in the Order should remain the same."

By: */s/ Raoul G. Cantero*
       Raoul G. Cantero


**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2025, I electronically filed this motion with the Clerk of Court using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By: */s/ Raoul G. Cantero*
       Raoul G. Cantero

# EXHIBIT A

**CLASSES PLAINTIFFS PROPOSED[1]**

| Proposed Classes | Class Representative | Remaining Class Claims | Status of Representative | Certification |
|---|---|---|---|---|
| Multistate fraud class | Paulette Calhoun | Fraud | Excluded from class | Certified for purchasers in NC, CO, UT, VA, WV, and WS |
| | Daphne Bridges | Fraud | Designated representative | |
| | Theresa Radican | All claims dismissed[2] | Deceased[3] | |
| Multistate consumer-protection class[4] | Theresa Radican | All claims dismissed[2] | Deceased[3] | Not certified |
| Single-state IA class | Susan Knapp | Fraud; Iowa CFA | Designated representative | Certified |
| Single-state MS class | Bettie Taylor | Implied warranty (no consumer-protection claim pleaded) | Designated representative | Certified |
| Single-state NC consumer-protection class | Daphne Bridges | NC UDTPA | Designated representative | Certified |
| Single-state OR class | Jack & Nancy Phillips | All claims dismissed[2] | Deceased[3] | Not certified |
| Single-state WA consumer-protection class | William Goldberg | Washington CPA | No single-state class certified | Not certified |

**CLASS PLAINTIFFS DID *NOT* PROPOSE[1]**

| Class *Not* Proposed | Class Representative | *Certified* Class Claim | Status of Representative | Certification |
|---|---|---|---|---|
| Multistate consumer-protection class | William Goldberg | Washington CPA | Designated representative | Certified for purchasers in IA, MS, NC, OR, and WA |

[1] Unless otherwise indicated, citations are as follows: Proposed and *Not* Proposed Classes (D.E. 4610 at 1–2); Class Representative (*id.* at 13); Remaining and *Certified* Class Claims (*id.* at 1–2, 13; D.E. 4683 at 11 n.7; D.E. 4856 at 38–39); Status of Representative (D.E. 4856 at 38–39); Certification (*id.*).

[2] D.E. 4849 & 4850 (stipulating to voluntary dismissal of the Phillips's and Radican's claims and agreeing that dismissal would moot plaintiffs' request to certify their "Oregon, Rhode Island, and all *Zantac* claims tied to Ms. Radican's claims"); D.E. 4851 (dismissing all the Phillips's and Radican's claims with prejudice).

[3] D.E. 4823 (notifying the Court of Jack Phillips's death); D.E. 4824 (same for Radican); D.E. 4844 (moving to dismiss Jack Phillips's claims); D.E. 4843 (also for Radican).

[4] D.E. 4610 at 1 (proposing multistate consumer-protection class of purchasers in RI, CT, HI, ME, NE, OK, VT, and WV with *Radican* as representative).