UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
MDL No. 2599
Master File No.: 15-MD-02599-MORENO

IN RE: TAKATA AIRBAG PRODUCT
LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:

ECONOMIC LOSS TRACK CASES
AGAINST **MERCEDES-BENZ USA, LLC**

**PLAINTIFFS' RESPONSE TO MERCEDES-BENZ USA, LLC'S MOTION FOR RECONSIDERATION OF CLASS CERTIFICATION**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT........................................................................................................................1

    I.   The Court Properly Concluded That Reliance Can Be Established Class-Wide Under North Carolina Law. ........................................................................................2

    II.  The Court Properly Applied North Carolina Law On MBUSA'S Duty To Disclose..................................................................................................................7

    III. The Court Should Reject The Arguments That MBUSA Seeks To "Preserve." ................9

CONCLUSION .....................................................................................................................9

# **TABLE OF AUTHORITIES**

**Cases**

*Bear Hollow LLC v. Morberk, L.L.C.*,
   No. 17-CV-6525, 2006 WL 1642126 (W.D.N.C. June 5, 2006) ................................................8

*Burger King Corp. v. Ashland Equities, Inc.*,
   181 F. Supp. 2d 1366 (S.D. Fla. 2002) ....................................................................................1

*Everts v. Parkinson*,
   555 S.E.2d 667 (N.C. Ct. App. 2001) ......................................................................................4

*Fisher v. Flue-Cured Tobacco Coop. Stabilization Corp.*,
   794 S.E.2d 699 (N.C. 2016) .....................................................................................................7

*Fuller v. City of Miami*,
   No. 23-24251-CIV, 2025 WL 894756 (S.D. Fla. Mar. 24, 2025) .....................................1, 2, 7

*Harton v. Harton*,
   344 S.E.2d 117 (N.C. 1986) .....................................................................................................8

*Heriveaux v. Miami-Dade Cnty.*,
   No. 22-21591-CIV, 2023 WL 3029737 (S.D. Fla. Apr. 6, 2023) .............................................7

*Hunter v. Guardian Life Ins. Co. of Am.*,
   593 S.E.2d 595 (N.C. Ct. App. 2004) ...................................................................................4, 5

*In re TD Bank, N.A. Debit Card Overdraft Fee Litig.*,
   325 F.R.D. 136 (D.S.C. 2018) ..................................................................................................6

*In re: Takata Airbag Prod. Liab. Litig.*,
   84 F. Supp. 3d 1371 (J.P.M.L. 2015) .......................................................................................2

*Instituto de Prevision Militar v. Lehman Bros., Inc.*,
   485 F. Supp. 2d 1340 (S.D. Fla. 2007) ....................................................................................2

*Nakatsukasa v. Furiex Pharm., Inc.*,
   No. 14 CVS 6156, 2015 WL 4069818 (N.C. Super. July 1, 2015) ..........................................7

*Peverall v. Cnty. of Alamance*,
   606 S.E.2d 458 (N.C. Ct. App. 2005) ......................................................................................7

*Pitts v. Am. Sec. Ins. Co.*,
   550 S.E.2d 179 (N.C. Ct. App. 2001) ..................................................................................3, 7

*Pitts v. Am. Sec. Ins. Co.*,
   569 S.E.2d 647 (N.C. 2002) .................................................................................................3, 6

*Rikos v. Procter & Gamble Co.*,
  799 F.3d 497 (6th Cir. 2015)......................................................................................................6

*Robinson v. Gen. Motors LLC*,
  No. CV 20-663, 2021 WL 3036353 (D. Del. July 19, 2021)....................................................8

*Rowan Cnty. Bd. of Educ. v. U.S. Gypsum Co.*,
  418 S.E.2d 648 (N.C. 1992)............................................................................................ 4, 5, 6, 7

*Stetser v. TAP Pharm. Products, Inc.*,
  598 S.E.2d 570 (N.C. Ct. App. 2004)........................................................................................7

*Suchanek v. Sturm Foods, Inc.*,
  No. 11-CV-565-NJR-RJD, 2018 WL 6617106 (S.D. Ill. July 3, 2018) ....................................6

*Tershakovec v. Ford Motor Co., Inc.*,
  79 F.4th 1299 (11th Cir. 2023)..............................................................................................2, 3

*Tillery Env't LLC v. A&D Holdings, Inc.*,
  2018 WL 802515 (N.C. Super. Ct. Feb. 9, 2018) .....................................................................8

*Z.K. Marine Inc. v. M/V Archigetis*,
  808 F. Supp. 1561 (S.D. Fla. 1992).........................................................................................2

**INTRODUCTION**

MBUSA's motion for reconsideration (ECF No. 4858) meets none of the well-established criteria for reconsideration.[1] It identifies neither an intervening change in law, nor new evidence, nor a manifest error in the Court's prior decision. Instead, it simply reiterates the same arguments that this Court properly rejected twice—first as to FCA, and then as to MBUSA—and that Eleventh Circuit declined to entertain when it denied FCA's Rule 23 Petition. There is no valid reason for this Court to retreat from the thorough analysis underlying all three orders granting class certification in this MDL. Such an unwarranted departure from this Court's prior rulings would undermine a primary objective of the MDL—maintaining consistency in pretrial rulings.

The two arguments that MBUSA advances on North Carolina law—that a class-wide inference of reliance is unavailable and that no duty-to-disclose exists—rest on MBUSA's misreading of the law and the record. As this Court correctly concluded, reliance does not preclude class certification and can be established on a class-wide basis under North Carolina law, and MBUSA's duty to disclose the Inflator Defect to Plaintiff Bridges, who purchased her Mercedes Class Vehicle from an MBUSA-authorized dealership, arose from MBUSA's superior knowledge. MBUSA's motion for reconsideration should be denied.

**ARGUMENT**

"Reconsideration is a steep hill to climb." *Fuller v. City of Miami*, No. 23-24251-CIV, 2025 WL 894756, at *1 (S.D. Fla. Mar. 24, 2025) (Moreno, J.) (citing *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) ("[R]econsideration of a previous. order is an extraordinary remedy to be employed sparingly.")). "Courts have distilled

---

[1] Plaintiffs agreed to, and the Court granted, the class refinement that MBUSA requested in the first two sections of its motion, so this response is limited to the final three sections of MBUSA's motion.

1

three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (quotation marks omitted). MBUSA makes no effort to satisfy any of these limited grounds for reconsideration—because it clearly cannot. Instead, it simply reargues points that have been extensively litigated by the parties and considered by the Court. "But reconsideration is not designed to relitigate old matters or 'to ask the Court to rethink what the Court . . . already thought through—rightly or wrongly.'" *Fuller*, 2025 WL 894756, at *1 (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)).[2] This applies with even greater force here, because the same issues were decided as to FCA and one of the stated reasons for creating this MDL in the first place was to "prevent inconsistent pretrial rulings on class certification," *In re: Takata Airbag Prod. Liab. Litig.*, 84 F. Supp. 3d 1371, 1372 (J.P.M.L. 2015). On this basis alone, MBUSA's motion should be denied.

And as explained below, MBUSA's two arguments, both of which are limited to North Carolina law, fail on the merits.

I. **The Court Properly Concluded That Reliance Can Be Established Class-Wide Under North Carolina Law.**

The Eleventh Circuit's decision in *Tershakovec v. Ford Motor Co., Inc.*, 79 F.4th 1299 (11th Cir. 2023), strengthened the case for class certification of several claims against MBUSA. In the context of state "fraud-based causes of actions," the court explained, the predominance inquiry entails "carefully examining the particular state laws on which plaintiffs' claims in this

---

[2] Nor can MBUSA travel under a more relaxed reconsideration standard for class certification. While the cases that MBUSA cites recognize that courts may refine the contours of a certified class as litigation circumstances change and progress, nothing has changed here—MBUSA points to no new developments or facts that would warrant reaching a different conclusion now than the Court reached two months ago.

2

case are based" to determine "whether proof of reliance is necessary" and, if so, whether it "must be affirmatively proved" or "may be presumed, at least under certain circumstances." *Id.* at 1307, 1310. "[W]here the presumption of reliance applies, it does so generally and can therefore be resolved on a class-wide basis." *Id.* at 1307. Applying these principles, *Tershakovec* held that class certification would be appropriate for a fraud or consumer-protection claim that either did not require proof of reliance or permitted reliance to be proved with a class-wide presumption or inference. *Id.* at 1310–11.

As this Court properly concluded, North Carolina allows "for the use of a class-wide presumption or inference of reliance when a defendant's alleged fraudulent conduct is uniform with respect to the class" (ECF No. 4856 at 24); MBUSA's "alleged conduct was uniform with respect to all class members in at least one important way: it never disclosed the Inflator Defect to consumers prior to the sale of the Class Vehicles" (*id.* at 23); so predominance is satisfied under *Tershakovec* for Plaintiffs' North Carolina claims. This is the same conclusion that the Court reached with respect to Plaintiffs' North Carolina claims against FCA (ECF No. 4688 at 6), which the Eleventh Circuit declined to disturb despite FCA's submission of three Rule 23(f) petitions.

Just as the Eleventh Circuit did in *Tershakovec*, 79 F.4th at 1311 (citing federal and state court cases on the reliance issue), this Court properly relied on decisions from both North Carolina state courts and federal courts applying North Carolina law to make its decision. (ECF No. 4856 at 24.) The state court case, *Pitts v. Am. Sec. Ins. Co.*, 550 S.E.2d 179 (N.C. Ct. App. 2001), *aff'd* 569 S.E.2d 647 (N.C. 2002), reversed a trial court's ruling that a fraud claim could not be certified because the plaintiffs were required "to make individual showings of facts on the element of reliance," *id.* at 189—that is, it rejected the same argument that MBUSA advances here. It did so because it recognized North Carolina's "public policy favoring protection of consumers from fraud

3

in cases where, absent the availability of a class action, the consumers would for economic reasons be unlikely to bring an action against the offending parties." *Id.*

Likewise, numerous North Carolina authorities establish that an inference of reliance is available under North Carolina law. For example, in *Hunter v. Guardian Life Ins. Co. of Am.*, 593 S.E.2d 595, 599 (N.C. Ct. App. 2004), the defendants sold plaintiffs a policy using misleading financial projections, and the court concluded that, because the plaintiffs in fact purchased the policy, it could be inferred that they were "deceived by the failure of defendants to disclose this information," satisfying the reliance element under common law fraud. *Id.* Similarly, in *Rowan Cnty. Bd. of Educ. v. U.S. Gypsum Co.*, 418 S.E.2d 648 (N.C. 1992), in which a school board sued a manufacturer to recover costs associated with removal of asbestos-containing ceiling plasters, the North Carolina Supreme Court "recognized that proof of circumstances from which the jury may reasonably infer the fact is sufficient in proving the element of reliance," *id.* at 661.[3]

The *Rowan* court's recitation of the facts bears emphasis, for it resembles MBUSA's misrepresentations and omissions of the Inflator Defect to class members. Rowan presented evidence of specific representations made by the defendant about its adhesive product. *Id.* These representations were varied, speaking to different alleged qualities of the product, and appearing in varied "trade literature" and "sales brochures." *Id.* at 659-660. Yet, at the same time as it was promoting the adhesive's bonding abilities, the defendant's internal documents revealed that it was aware that the product experienced sifting or dusting issues from slight "abrasion or vibration." *Id.* at 659. Internal documents further revealed that the asbestos-containing version of the adhesive

---

[3] For Plaintiffs' omissions-based claims, reliance is not even an element under North Carolina law. *See, e.g., Everts v. Parkinson*, 555 S.E.2d 667, 674 (N.C. Ct. App. 2001) ("However, in the specific context of a claim of fraud based upon a breach of a duty to disclose a material fact, we believe that the reasonable reliance requirement is unnecessary because it is virtually identical to what is already required to establish that a duty to disclose exists in the first place.").

4

likewise had blistering problems. *Id.* "Despite the existence of such internal documents, [the defendant's] sales brochures continued to promote [the product's] bonding abilities and did not mention the dusting problems. Neither did the brochures discuss potential health hazards of asbestos, of which [the defendant] was aware." *Id*.

On those facts, the court found that Rowan had clearly presented evidence of the first element of fraud—a "false representation or concealment of a material fact." *Id.* The question, then, was whether Rowan established reliance, which it had attempted to do through the testimony of its architect, who selected the adhesive products used at the school. The architect testified on direct examination that, in his practice, he relied on a catalog called "Sweet's," as well as product literature from manufacturers, for information. *Id.* at 660-61. On cross-examination, however, the architect further admitted that he also relied on his own experience to select products. *Id.* at 661. Ultimately, as the court explained, Rowan's architect never identified "any specific representation, advertisement, or brochure that he had read . . . upon which he then relied." *Id.* at 661. Nonetheless, the court ruled that, in the circumstances of that case, reliance could be proved by inference. Specifically, those circumstances were that defendant's "promotional literature," directly and through the Sweet's catalog, targeted architects; that the Sweet's catalog was a source of information for architects; that the defendant had acknowledged that its brochures were placed in Sweet's during the relevant years; and that, although he could not identify a specific brochure, specific misrepresentation, or even specific Sweet's catalog upon which he relied, the architect had testified that he relied upon Sweet's generally in selecting the product. *Id.* at 661.

As *Hunter* demonstrates, North Carolina common law permits an inference of reliance based on the circumstances of a case, including a plaintiff acting in a manner consistent with the intended goal of the misrepresentation or omission. And, as *Rowan County* shows, a plaintiff's

5

inability to recall a specific misrepresentation upon which she relied does not preclude an inference of reliance. That is true even where, as in *Rowan County*, the plaintiff admits that her decision to purchase the defective product was motivated by more than one reason.

The Sixth Circuit relied on many of these authorities in *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 517-18 (6th Cir. 2015), which this court also properly cited (ECF No. 4856 at 24). In *Rikos*, the Sixth Circuit affirmed class certification of fraud and consumer-protection claims under North Carolina law because "classwide proof—that the alleged misrepresentation is material and was made in a generally uniform manner to all class members—would also suffice in North Carolina to show actual reliance such that individual issues would not predominate." 799 F.3d at 518. Several other federal courts have reached the same conclusion that a class-wide inference of reliance is permissible under North Carolina law, and thus that class certification is appropriate. *See, e.g.*, *In re TD Bank, N.A. Debit Card Overdraft Fee Litig.*, 325 F.R.D. 136, 161 (D.S.C. 2018) (applying North Carolina law); *Suchanek v. Sturm Foods, Inc.*, No. 11-CV-565-NJR-RJD, 2018 WL 6617106, at *12 (S.D. Ill. July 3, 2018) (certifying North Carolina class after finding that "the Supreme Court of North Carolina [in *Rowan County*] has held that circumstantial evidence may be sufficient for a factfinder to infer reliance" and discussing subsequent cases that allowed inferences or presumptions of reliance under North Carolina law).

Faced with these on-point authorities, MBUSA remarkably asks this Court to simply disregard them—the exact opposite of what the Eleventh Circuit instructed in *Tersakovic*. MBUSA's flawed rationale for ignoring *Pitts*, an intermediate appellate court decision, is that the North Carolina Supreme Court *affirmed* it by an equal vote, which resulted in the decision not carrying formal precedential weight. *Pitts v. Am. Sec. Ins. Co.*, 569 S.E.2d 647, 648 (N.C. 2002). The problem for MBUSA, however, is that there is no countervailing North Carolina authority

6

disagreeing with *Pitts*, and North Carolina state courts continue to cite *Pitts*, demonstrating that it has substantial persuasive, if not precedential, force. *See Fisher v. Flue-Cured Tobacco Coop. Stabilization Corp.*, 794 S.E.2d 699, 708 (N.C. 2016) (affirming trial court's order granting class certification that expressly relied on *Pitts*); *Nakatsukasa v. Furiex Pharm., Inc.*, No. 14 CVS 6156, 2015 WL 4069818, at *3 (N.C. Super. July 1, 2015) (citing *Pitts*); *Stetser v. TAP Pharm. Products, Inc.*, 598 S.E.2d 570, 587 (N.C. Ct. App. 2004) (citing *Pitts*); *Peverall v. Cnty. of Alamance*, 606 S.E.2d 458 (N.C. Ct. App. 2005) (citing *Pitts*). And MBUSA offers no valid reason to ignore the host of federal court decisions applying North Carolina law in the wake of *Pitts* and *Rowan County*.

Ultimately, the arguments and authorities that MBUSA raises now are no different than those addressed in the parties' extensive class certification briefing. MBUSA simply does not like the Court's conclusion. But that is not a valid basis for seeking reconsideration and falls far short of scaling the "steep hill" for reconsideration. *Fuller*, 2025 WL 894756, at *1.

## II. The Court Properly Applied North Carolina Law On MBUSA'S Duty To Disclose.

As the Court properly concluded in certifying a class of purchasers in North Carolina, Colorado, Utah, Virginia, West Virginia, and Wisconsin, "a duty to disclose arises from a defendant's exclusive or superior knowledge as to undisclosed material facts" in all six states. (ECF No. 4856 at 25-26.) The same reasoning underlies the Court's certification of a multi-state class involving many of the same states against FCA. (ECF No. 4688.) MBUSA challenges the court's conclusion only as to North Carolina. (ECF No. 4858 at 14-15.) Again, however, MBUSA "simply restates [its] prior arguments," which is insufficient to warrant reconsideration. *Heriveaux v. Miami-Dade Cnty.*, No. 22-21591-CIV, 2023 WL 3029737, at *1 (S.D. Fla. Apr. 6, 2023).

MBUSA's arguments also clash with the law and the record. A duty to disclose arises, as this Court concluded, when "one party has knowledge of a latent defect in the subject matter of the negotiations about which the other party is both ignorant and unable to discover through

7

reasonable diligence." *Harton v. Harton*, 344 S.E.2d 117, 119 (N.C. 1986). That duty was triggered here, for MBUSA does not and cannot contend that Plaintiffs and class members were able to discover the Inflator Defect—hidden, as it was, in the steering wheel or dashboard of a vehicle—through reasonable diligence. *See Robinson v. Gen. Motors LLC*, No. CV 20-663, 2021 WL 3036353, at *8 (D. Del. July 19, 2021), *report and recommendation adopted*, No. 1:20-CV-00663, 2021 WL 7209365 (D. Del. Nov. 30, 2021) (holding that an automaker's duty to disclose arises when "a defendant has superior knowledge of an alleged defect" under North Carolina law) (citing *Bear Hollow LLC v. Morberk, L.L.C.*, No. 17-CV-6525, 2006 WL 1642126, at *6 (W.D.N.C. June 5, 2006)). In addition, MBUSA's incomplete disclosures about its airbags gave rise to a duty to disclose, because "a party who chooses to speak has a duty to make a full and fair disclosure of facts concerning the matters on which he chooses to speak." *Tillery Env't LLC v. A&D Holdings, Inc.*, 2018 WL 802515, *7 (N.C. Super. Ct. Feb. 9, 2018) (quotation marks omitted).

MBUSA seeks to impose a privity restriction on North Carolina's duty to disclose. But it cites no North Carolina authority recognizing such a limitation. Rather, it misconstrues language in *Harton*, 344 S.E.2d at 119—a reference to "arm's length negotiations"—to suggest that actual negotiations between the two parties are necessary for the duty to disclose to arise. (ECF No. 4858 at 14.) But that is not what *Harton* says. Instead, the case references "arm's length negotiations" to underscore the absence of a fiduciary relationship, which is a separate source of a duty to disclose also addressed in the opinion.

In either event, MBUSA is no stranger to transactions involving Class Vehicles. Plaintiff Bridges purchased her vehicle from a Mercedes-authorized dealership, so even as MBUSA concedes (ECF No. 4635 at 43), MBUSA owed Plaintiff Bridges a duty to disclose the Inflator

8

Defect. And MBUSA disseminated the same misleading, incomplete representations to the entire class regarding the safety of its vehicles, without disclosing the Inflator Defect. Ultimately, however, the existence of a duty to disclose is a merits question, not an issue that impacts class certification—either MBUSA owed a duty to disclose to Plaintiffs and class members that it violated, or it did not. Because the answer to the question is the same class-wide, it only supports the predominance of common issues.

### III.    The Court Should Reject The Arguments That MBUSA Seeks To "Preserve."

MBUSA simply reiterates the other arguments that this Court rejected from its prior responses for "purposes of preservation." (ECF No. 4858.) For the reasons stated in the Court's Order, as well as Plaintiffs' prior class certification briefs (ECF Nos. 4779, 4683, 4648, 4610, 4318, 4195), which Plaintiffs incorporate by reference, the Court properly rejected MBUSA's arguments before and should do so again.

### CONCLUSION

For the foregoing reasons, and for the reasons set forth in Plaintiffs' briefs on class certification, Plaintiffs respectfully request that the Court deny MBUSA's motion for reconsideration.

|  |  |
|---|---|
| Dated: April 1, 2025 | Respectfully submitted, |

**PODHURST ORSECK, P.A.**

*/s/ Peter Prieto*
Peter Prieto (FBN 501492)
Aaron S. Podhurst (FBN 63606)
Stephen F. Rosenthal (FBN 131458)
Matthew P. Weinshall (FBN 84783)
SunTrust International Center
One S.E. Third Ave., Suite 2300
Miami, Florida 33131
Phone: (305) 358-2800
Fax: (305) 358-2382
Email: pprieto@podhurst.com
 apodhurst@podhurst.com
 srosenthal@podhurst.com
 mweinshall@podhurst.com

*Chair Lead Counsel for Plaintiffs*

| **COLSON HICKS EIDSON**<br>Lewis S. "Mike" Eidson<br>mike@colson.com<br>Curtis Bradley Miner<br>curt@colson.com<br>255 Alhambra Circle, PH<br>Coral Gables, FL 33134<br>T: 305-476-7400<br><br>*Plaintiffs' Personal Injury Track Lead Counsel* | **SMITH LACIEN LLP**<br>Todd A. Smith<br>tsmith@smithlacien.com<br>70 W Madison St Suite 5770,<br>Chicago, IL 60602<br>(312) 509-8900<br><br><br>*Plaintiffs' Economic Damages Track Co-Lead Counsel* |
|---|---|
| **BOIES, SCHILLER & FLEXNER LLP**<br>David Boies, Esq.<br>Motty Shulman (Fla Bar. No. 175056)<br>333 Main Street<br>Armonk, NY 10504<br>Tel:  (914) 749-8200<br>Fax: (914) 749-8300<br>Email: dboies@bsfllp.com<br>            mshulman@bsfllp.com<br><br>Stephen N. Zack (Fla. Bar No. 145215)<br>100 Southeast 2nd Street, Suite 2800<br>Miami, FL 33131<br>Tel:  (305) 539-8400<br>Fax: (305) 539-1307<br>Email: szack@bsfllp.com<br>            mheise@bsfllp.com<br><br>*Plaintiffs' Economic Damages Track Co-Lead Counsel* | **LIEFF CABRASER HEIMANN & BERNSTEIN LLP**<br>Elizabeth Cabraser<br>ecabraser@lchb.com<br>275 Battery St., Suite 3000<br>San Francisco, CA 94111-3339<br>T:    415-956-1000<br><br>David Stellings<br>250 Hudson Street, 8th Floor<br>New York, NY 10012<br>212-355-9500<br>dstellings@lchb.com<br><br>*Plaintiffs' Steering Committee* |

11

| **CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO, PC** <br> James E. Cecchi <br> jcecchi@carellabyrne.com <br> 5 Becker Farm Road <br> Roseland, NJ 07068-1739 <br> T: 973 994-1700 <br> f: 973 994-1744 <br><br> *Plaintiffs' Steering Committee* | **BARON & BUDD, PC** <br> Roland Tellis <br> rtellis@baronbudd.com <br> David Fernandes <br> dfernandes@bardonbudd.com <br> Mark Pifko <br> mpifko@baronbudd.com <br> 15910 Ventura Blvd., <br> Suite 1600 <br> Encino, CA 91436 <br> T: 818-839-2333 <br><br> J. Burton LeBlanc <br> 9015 Bluebonnet Blvd. <br> Baton Rouge, LA 70810 <br> T: 225-761-6463 <br><br> *Plaintiffs' Steering Committee* |
|---|---|

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on April 1, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

By: */s/ Peter Prieto*
      Peter Prieto