UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| **IN RE: TAKATA AIRBAG PRODUCT LIABILITY LITIGATION** <br><br> This Document Relates to All Economic Loss Class Actions and: <br><br><br><br> STEPHANIE PUHALLA, et al., individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MERCEDES-BENZ USA, LLC, <br><br> Defendant. | MDL No. 2599 <br><br> Master File No. 15-MD-2599-FAM <br><br> S.D. Fla. Case No. 1:14-cv-24009-FAM |

**MERCEDES-BENZ USA, LLC'S REPLY IN SUPPORT OF
MOTION TO ALTER OR AMEND ORDER ON CLASS CERTIFICATION**

Raoul G. Cantero
Jaime A. Bianchi
WHITE & CASE LLP
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

Troy M. Yoshino
Eric J. Knapp
WINSTON & STRAWN LLP
101 California Street, Suite 2100
San Francisco, CA 94111-5891
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Attorneys for Defendant
Mercedes-Benz USA, LLC*

**TABLE OF CONTENTS**

Introduction.................................................................................................................................. 1

Argument .................................................................................................................................... 2

    I.    Plaintiffs have not shown that North Carolina law allows a classwide presumption of reliance. ....................................................................................................................... 2

    II.   North Carolina limits duty to disclose to parties in "negotiations"—a materially different standard from that of other states. ...................................................................... 7

Conclusion ................................................................................................................................. 9

## TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*Arizona v. California*,
   460 U.S. 605 (1983)............................................................................................................2

*Arnesen v. Rivers Edge Golf Club & Plantation, Inc.*,
   781 S.E.2d 1 (N.C. 2015)..................................................................................................6

*Broussard v. Meineke Disc. Muffler Shops, Inc.*,
   155 F.3d 331 (4th Cir. 1998) ............................................................................................5

*Brown v. Electrolux Home Prods., Inc.*,
   817 F.3d 1225 (11th Cir. 2016) .....................................................................................2, 9

*Bumpers v. Cmty. Bank of N. Va.*,
   747 S.E.2d 220 (N.C. 2013)..............................................................................................6

*Culpepper v. Irwin Mortg. Corp.*,
   491 F.3d 1260 (11th Cir. 2007) ........................................................................................1

*Everts v. Parkinson*,
   555 S.E.2d 667 (N.C. Ct. App. 2001)............................................................................6, 7

*Fazzari v. Infinity Partners, LLC*,
   762 S.E.2d 237 (N.C. Ct. App. 2014) ...............................................................................6

*Fisher v. Flue-Cured Tobacco Coop. Stabilization Corp.*,
   794 S.E.2d 699 (N.C. 2016)..............................................................................................5

*Harton v. Harton*,
   344 S.E.2d 117 (N.C. Ct. App.), *disc. rev. denied*, 347 S.E.2d 41 (N.C. 1986)....................1, 7

*Heriveaux v. Miami-Dade Cnty.*,
   2023 WL 3029737 (S.D. Fla. Apr. 6, 2023) ........................................................................1

*Hornady v. Outokumpu Stainless USA, LLC*,
   118 F.4th 1367 (11th Cir. 2024) ........................................................................................2

*In re Hubbard*,
   803 F.3d 1298 (11th Cir. 2015) ........................................................................................2

*Hunter v. Guardian Life Ins. Co. of Am.*,
   593 S.E.2d 595 (N.C. Ct. App. 2004)................................................................................5

*Molinos Valle del Cibao, C. por A. v. Lama*,
   633 F.3d 1330 (11th Cir. 2011) ........................................................................................5

*Murphy v. FDIC*,
    208 F.3d 959 (11th Cir. 2000) ..................................................................................2

*Nakatsukasa v. Furiex Pharms., Inc.*,
    2015 WL 4069818 (N.C. Super. Ct. July 1, 2015) .....................................................5

*Pearce v. Am. Defender Life Ins.*,
    343 S.E.2d 174 (N.C. 1986)........................................................................................6

*Peverall v. Cnty. of Alamance*,
    606 S.E.2d 458 (N.C. Ct. App. 2005).........................................................................5

*Pitts v. Am. Sec. Ins. Co.*,
    550 S.E.2d 179 (N.C. Ct. App. 2001)............................................................... *passim*

*Prado-Steiman ex rel. Prado v. Bush*,
    221 F.3d 1266 (11th Cir. 2000) .................................................................................1

*Rikos v. Procter & Gamble Co.*,
    799 F.3d 497 (6th Cir. 2015) ..................................................................................1, 5

*Robinson v. Gen. Motors LLC*,
    2021 WL 3036353 (D. Del. July 19, 2021), *R&R adopted*, 2021 WL 7209365
    (D. Del. Nov. 30, 2021) ..............................................................................................1

*Rowan Cnty. Bd. of Educ. v. U.S. Gypsum Co.*,
    418 S.E.2d 648 (N.C. 1992)........................................................................................5

*Sacred Heart Health Sys. v. Humana Mil. Healthcare Servs.*,
    601 F.3d 1159 (11th Cir. 2010) .................................................................................9

*Shin v. Cobb Cnty. Bd. of Educ.*,
    248 F.3d 1061 (11th Cir. 2001) .................................................................................2

*Stetser v. TAP Pharm. Prods., Inc.*,
    598 S.E.2d 570 (N.C. Ct. App. 2004).........................................................................5

*Suchanek v. Sturm Foods, Inc.*,
    2018 WL 6617106 (S.D. Ill. July 3, 2018) .................................................................5

*In re TD Bank, N.A. Debit Card Overdraft Fee Litig.*,
    325 F.R.D. 136 (D.S.C. 2018) ...................................................................................5

*Tershakovec v. Ford Motor Co.*,
    79 F.4th 1299 (11th Cir. 2023) ......................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 23 ................................................................................................................. *passim*

Fed. R. Civ. P. 23(c)(1)(C) ..................................................................................................2

Fed. R. Civ. P. 54(b) ...........................................................................................................2

**INTRODUCTION**

This Court should exercise what the Eleventh Circuit has recognized is its appropriate discretion to reconsider "whether a class action is the most efficacious way to resolve the dispute." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1273–74 (11th Cir. 2000). The Court's granting of plaintiffs' motion—and especially (though not solely) the class attempting to reconcile five states' laws on fraud—resulted in "clear error." *See Heriveaux v. Miami-Dade Cnty.*, 2023 WL 3029737, at *2 (S.D. Fla. Apr. 6, 2023) (Moreno, J.) ("Clear error or manifest injustice occurs where the Court … has made an error not of reasoning but of apprehension.").

It was clear error to find a presumption of reliance or a duty to disclose based on federal cases that conflict with well-settled North Carolina state law. *See* D.E. 4856 ("Order") at 24 (citing *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 518 (6th Cir. 2015)); *id.* at 25–26 (citing *Robinson v. Gen. Motors LLC*, 2021 WL 3036353, at *8 (D. Del. July 19, 2021), *R&R adopted*, 2021 WL 7209365 (D. Del. Nov. 30, 2021)). *Pitts* established that, in North Carolina, fraud requires "individual showings of facts" on reliance. *Pitts v. Am. Sec. Ins. Co.*, 550 S.E.2d 179, 189 (N.C. Ct. App. 2001). That "very individualized inquiry" defeats predominance under Rule 23, which controls in this case. *Tershakovec v. Ford Motor Co.*, 79 F.4th 1299, 1307–08 (11th Cir. 2023). And *Harton* limited the duty to disclose knowledge of a defect to parties in arm's-length "negotiations," *Harton v. Harton*, 344 S.E.2d 117, 119 (N.C. Ct. App.), *disc. rev. denied*, 347 S.E.2d 41 (N.C. 1986), rendering North Carolina's duty to disclose *not* "substantially similar" to other states in the multistate fraud class. The Court thus should not have certified a single-state North Carolina class or the multistate fraud class (premised on a North Carolina claim) "in the first place." *See Culpepper v. Irwin Mortg. Corp.*, 491 F.3d 1260, 1276 (11th Cir. 2007).

Because MBUSA has shown clear error—the higher standard for reconsideration of a final, rather than interlocutory, order—"the district court should not hesitate to revisit its prior ruling"

1

under Rule 54(b).  *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1381 (11th Cir. 2024).  And in any event, Rule 23(c)(1)(C) is not limited to changed circumstances, as plaintiffs argue.  D.E. 4864 ("Opp.") at 2 n.2.  District courts "retain[] the ability, and perhaps even a duty, to alter or amend a certification decision" to recognize new facts *or* "to correct *any* errors."  *Shin v. Cobb Cnty. Bd. of Educ.*, 248 F.3d 1061, 1064 (11th Cir. 2001) (emphasis added).

Plaintiffs' appeal to the risk of "inconsistent pretrial rulings" (Opp. at 2)—in a *separate* case against a *different* defendant—does not warrant a different result.  There is "manifest injustice" in certifying classes with no basis in relevant state law.  And if the concern is really consistency, then the right solution would be to revisit any inconsistent certification order in another case.  Earlier rulings "do[] not limit the tribunal's power."  *Murphy v. FDIC*, 208 F.3d 959, 966 (11th Cir. 2000) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)); *see also In re Hubbard*, 803 F.3d 1298, 1315 (11th Cir. 2015) (collecting cases).  This Court should exercise its "sound judgment" in revisiting the certification order, correct all errors on governing state law, and "refuse certification" of *any* class under Rule 23.  *See Hornady*, 118 F.4th at 1381; *Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1233–34 (11th Cir. 2016).

## ARGUMENT

I.   **Plaintiffs have not shown that North Carolina law allows a classwide presumption of reliance.**

Plaintiffs do not (because they cannot) claim that *Pitts* established a classwide presumption of reliance under North Carolina law.  They instead claim only that *Pitts* "reversed a trial court's ruling that a fraud claim could not be certified" because of the "individual showings of facts on the element of reliance."  Opp. at 3 (quoting *Pitts*, 550 S.E.2d at 189).  That distinction is key—it is precisely the distinction MBUSA called out in its opening brief.  *Pitts* held that North Carolina's procedural class-action rules did not forbid certification of a class where "individual showings of

2

facts" were required; it ___did not___ hold that reliance could be established without individual showings. 550 S.E.2d at 189.  But this Court does not apply North Carolina procedural law; rather, it must apply Federal Rule of Civil Procedure 23.  And as the Eleventh Circuit has held, under Federal Rule 23, the need to make "individual showings of facts" on reliance does indeed forbid certification.  *Compare id.*, *with Tershakovec*, 79 F.4th at 1307–08 ("Affirmatively proving reliance is a very individualized inquiry, the kind that would predominate over other common questions in a class action.").

Plaintiffs also do not respond to MBUSA's argument that *Pitts* does not address "under what circumstances" a supposed presumption of reliance might apply in North Carolina.  *Compare* D.E. 4858 ("Mot.") at 12–13 (citing *Tershakovec*, 79 F.4th at 1308), *with* Opp. at 2–7 (ignoring the issue).  Again, that is because *Pitts* simply does not establish a presumption of reliance.  To the contrary, *Pitts* acknowledged that "reliance, an individual issue," requires "individual showings of facts."  550 S.E.2d at 189.

None of the cases plaintiffs cite change *Pitts*'s holding, nor do they establish a classwide presumption of reliance under North Carolina law:

| Case | Analysis |
|---|---|
| *Hunter v. Guardian Life Ins. Co. of Am.*, 593 S.E.2d 595 (N.C. Ct. App. 2004) | Reviewing a motion to dismiss an individual action (not a class action), the North Carolina Court of Appeals held that the plaintiffs plausibly alleged reliance on false dividend projections when they purchased the defendants' insurance policy. *Id.* at 599.  The case does not speak to a plaintiff's burden of proof on the element of reliance beyond the pleading stage, much less the burden of establishing reliance in a class action. |
| *Rowan Cnty. Bd. of Educ. v. U.S. Gypsum Co.*, 418 S.E.2d 648 (N.C. 1992) | In an individual action (not a class action), the North Carolina Supreme Court held that circumstantial evidence was sufficient for a jury to find reliance. *Id.* at 661.  This was based on the plaintiffs' architect's individual testimony that he relied on a catalogue in which |

| Case | Analysis |
|---|---|
|  | the defendant concededly published its misleading claims. *Id.* at 660–61. *Rowan* thus merely establishes that the individualized circumstantial evidence supported the jury's verdict in that particular case, not that reliance can be presumed across a class. |
| *Rikos v. Procter & Gamble Co.*, 799 F.3d 497 (6th Cir. 2015) | *Rikos* conceded that it could not make out "whether or how [*Pitts*] was finding a classwide presumption of reliance or inferring reliance" (because *Pitts* did no such thing). *Id.* at 518. And it overlooked *Pitts*'s holding that the "individual showings of facts" required do not prohibit certification of a class as a matter of state class-action procedure. *Compare id.* at 517–18, *with Pitts*, 550 S.E.2d at 189. *Rikos* nevertheless stated its "belie[f]" that classwide proof of a uniform, material misrepresentation would suffice under North Carolina law. 799 F.3d at 518. But *Tershakovec* demands more than the belief of an out-of-circuit federal court misinterpreting North Carolina law to establish a presumption of reliance in North Carolina. *See Tershakovec*, 79 F.4th at 1308 (requiring multistep analysis); *id.* at 1313 ("Absent any indication that a presumption is permissible, we decline to expand state law to include one."). |
| *In re TD Bank, N.A. Debit Card Overdraft Fee Litig.*, 325 F.R.D. 136, 161 (D.S.C. 2018) | *TD Bank* relied exclusively on *Rikos* to conclude that North Carolina permitted a presumption of reliance. *Id.* at 161. *TD Bank* also disregarded contrary federal authority and cited no North Carolina state cases. *Id.* at 162 (citing but disregarding *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 341 (4th Cir. 1998), which held that reliance is *not* susceptible to classwide proof under North Carolina law). As an out-of-circuit district court writing in 2018, *TD Bank* also did not engage in the analysis *Tershakovec* requires to determine "whether and under what circumstances" a presumption of reliance might apply. *See Tershakovec*, 79 F.4th at 1308. Like *Rikos*, *TD Bank* cannot be used to change North Carolina law. *See id.* at 1308, 1313; *Molinos Valle del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1348 (11th Cir. 2011). |
| *Suchanek v. Sturm Foods, Inc.*, 2018 WL 6617106, at *12 (S.D. Ill. July 3, 2018) | After acknowledging that reasonable reliance "involves examining the mental state of the plaintiff for actual and reasonable reliance" and misstating the holding of *Rowan*, *Suchanek* cited *Rikos* and *TD Bank* to conclude that the plaintiffs in that case "may use class-wide |

4

| Case | Analysis |
|---|---|
|  | evidence to show causation [for an NC UDTPA claim] if the deception was uniformly made to the class." *Id.* at *12. *Suchanek* (like *TD Bank*) did not engage in the analysis required by *Tershakovec* and cannot be used to change North Carolina law. *See Tershakovec*, 79 F.4th at 1308, 1313; *Molinos*, 633 F.3d at 1348. |

Plaintiffs' contention that certain North Carolina cases cite *Pitts* is irrelevant. That does not change the fact that *Pitts* did not establish a presumption of reliance. And in fact, none of the four cases plaintiffs cite relied on *Pitts* as establishing a presumption of reliance. *See* Opp. at 7. *Fisher* cited *Pitts* for the proposition that "a difference in the amount of damages does not create a material conflict of interest between a plaintiff and the other proposed class members" under North Carolina class-action rules. *Fisher v. Flue-Cured Tobacco Coop. Stabilization Corp.*, 794 S.E.2d 699, 708 (N.C. 2016) (quoting *Pitts*, 550 S.E.2d at 190). That is not relevant to the reliance issue or the Federal Rule 23 analysis. *Nakatsukasa* cited *Pitts* for the uncontroversial position that a class of three thousand is sufficiently numerous. *Nakatsukasa v. Furiex Pharms., Inc.*, 2015 WL 4069818, at *3 (N.C. Super. Ct. July 1, 2015) (citing *Pitts*, 550 S.E.2d at 192). That too is irrelevant to reliance. *Stetser* cited *Pitts* to say that the "usefulness of the class action device must be balanced [] against inefficiency or other drawbacks." *Stetser v. TAP Pharm. Prods., Inc.*, 598 S.E.2d 570, 587 (N.C. Ct. App. 2004) (citing *Pitts*, 550 S.E.2d at 188). That says nothing about a presumption of reliance. In fact, *Stetser* elsewhere makes clear that North Carolina requires reasonable reliance for fraud claims. *Id.* at 582. And *Peverall*—a table decision—cited *Pitts* for the proposition that "denial of class certification affects a substantial right" under North Carolina class-action rules. *Peverall v. Cnty. of Alamance*, 606 S.E.2d 458 (N.C. Ct. App. 2005) (unpublished table decision) (citing *Pitts*, 550 S.E.2d at 187). Again, no mention of reliance. It is telling that plaintiffs can find no North Carolina case citing *Pitts* as establishing a supposed

5

classwide presumption of reliance—because that is not what *Pitts* held.

Contrary to plaintiffs' suggestion, MBUSA has provided authority demonstrating that North Carolina considers reliance an individual issue.[1]  *See* D.E. 4765 at 13 (citing *Arnesen v. Rivers Edge Golf Club & Plantation, Inc.*, 781 S.E.2d 1, 9–10 (N.C. 2015); *Bumpers v. Cmty. Bank of N. Va.*, 747 S.E.2d 220, 226 (N.C. 2013)).  In *Arnesen*, the North Carolina Supreme Court held that North Carolina law requires "actual reliance" to establish a fraud-based claim.  781 S.E.2d at 10 (citing *Fazzari v. Infinity Partners, LLC*, 762 S.E.2d 237, 243–45 (N.C. Ct. App. 2014)).  Similarly, in *Bumpers*, the North Carolina Supreme Court reiterated that a fraud-based statutory claim "stemming from an alleged misrepresentation does indeed require a plaintiff to demonstrate reliance on the misrepresentation in order to show the necessary proximate cause.  Such a requirement has been the law of this state for quite some time."  747 S.E.2d at 226 (citing *Pearce v. Am. Defender Life Ins.*, 343 S.E.2d 174, 180 (N.C. 1986)).  And then, of course, there's *Pitts* itself, which expressly said that reliance is an "individual issue" requiring "individual showings of facts."  550 S.E.2d at 189.[2]

---

[1] Plaintiffs say that "there is no countervailing North Carolina authority disagreeing with *Pitts*." Opp. at 6–7.  But *Tershakovec* takes the opposite approach: "Proving a negative—here, that the causes of action [for fraudulent misrepresentation] don't allow reliance to be presumed—can be tricky, of course…. [O]ur research has revealed decisions that (1) clearly require proof of reliance and (2) then contain no suggestion that reliance may be presumed or otherwise inferred.  Absent any indication that a presumption is permissible, we decline to expand state law to include one." 79 F.4th at 1313.

[2] Plaintiffs' contention that "reliance is not an element" of omissions-based claims (Opp. at 4 n.3) is wrong.  The case cited, *Everts*, held that duty to disclose already requires *reasonable* reliance. *Everts v. Parkinson*, 555 S.E.2d 667, 674 (N.C. Ct. App. 2001).  But *Everts* stood by the reliance requirement generally, explaining that the elements of fraud include a "representation or concealment … which does in fact deceive" and concluding not only that the defendant "had a duty to disclose," but also that "plaintiffs were in fact deceived" by his failure to disclose the defect in question.  *Id.* at 671–72, 675.  Reliance of any kind involves an individualized inquiry.

Because North Carolina law requires affirmative proof of reliance, that "very individualized inquiry" will "predominate over other common questions" under Federal Rule 23. *Tershakovec*, 79 F.4th at 1307–08.  The Court should not have certified a single- or multistate fraud class led by a North Carolina plaintiff.

## II. North Carolina limits duty to disclose to parties in "negotiations"—a materially different standard from that of other states.

As to duty to disclose, plaintiffs misstate the law, the facts, and the procedural history. They argue that *Harton*'s reference to arm's-length negotiations was meant only "to underscore the absence of a fiduciary relationship." Opp. at 8.  But that reading is baseless.  As quoted in plaintiffs' own brief, *Harton* states that a "duty to disclose *in arm's length negotiations* [] arises where one party has knowledge of a latent defect *in the subject matter of the negotiations.*"  *See* Opp. at 7–8; *Harton*, 344 S.E.2d at 119 (emphasis added).  This focus on the presence of negotiations is eminently logical in the context of a duty to disclose.  Absent negotiations of some kind between the parties, plaintiffs' reading would require a party to disclose facts to every person in *every* transaction, even when the party was not involved in that transaction.

MBUSA had no negotiations with any plaintiff, and certainly not with the representative of the multistate fraud class.  Daphne Bridges purchased her vehicle used from a third-party dealership, not from MBUSA.  *See* D.E. 4802 ¶ 24 ("Plaintiff Daphne Bridges purchased a used 2014 C 250 from Hendrick Motors of Charlotte in Charlotte, North Carolina."); D.E. 4805 ¶ 24

---

*Tershakovec*, 79 F.4th at 1307–08.  And plaintiffs cannot use North Carolina's limited duty to disclose to obfuscate the requirements of Rule 23.  *Everts* excuses the reasonable-reliance requirement only if a seller had a duty to disclose to a direct buyer.  555 S.E.2d at 674.  Plaintiffs have not shown they can establish a duty to disclose on a classwide basis—or even a duty to their class representative.  *See* Section II *infra*.  Nor have they shown that the other states in the multistate fraud class carve out a "substantially similar" exception to reasonable reliance for omissions-based claims.

("Undisputed."). Plaintiffs' insistence that this was a "Mercedes-authorized dealership" is neither here nor there—MBUSA does not own or operate even authorized dealerships, and it does not sell used cars to consumers.

Even if purchase from an authorized dealership *did* create a duty to disclose, that is beside the point for purposes of class certification. MBUSA's relevant argument is not simply that Ms. Bridge's individual claim fails on the merits, but that (1) the law of North Carolina is not substantially similar to the laws of Colorado, Utah, Virginia, West Virginia, and Wisconsin, and (2) plaintiffs cannot prove claims relying on duty to disclose with common evidence. Mot. at 15. That is true regardless of whether Ms. Bridges *herself* purchased from an authorized dealer, and regardless of whether that changes the duty-to-disclose analysis (and it does not), because the classes plaintiffs sought, and that this Court certified, include many purchasers who did *not* purchase from authorized dealers—or any dealer at all. *See* Order at 38 (certifying classes of "[a]ll persons who, prior to the date on which the Class Vehicle was recalled, bought a Class Vehicle" regardless of the nature of that purchase).

Plaintiffs' allusion to "incomplete disclosures about [] airbags" is also irrelevant—they cite to no such "disclosures," much less any disclosures that were made uniformly to all class members. *See* Opp. at 8 (no citation to the record). In any case, that is not what plaintiffs argued in their class certification motion or what the Court relied on. *See* D.E. 4610 at 39 (arguing that "a duty to disclose arises from a defendant's exclusive or superior knowledge" in North Carolina and other states relevant to the multistate fraud class); Order at 25–26 (concluding that relevant states' laws are "substantially similar" because "a duty to disclose arises from a defendant's exclusive or superior knowledge"). Plaintiffs simply have not shown that the other relevant states' laws are

8

substantially similar to North Carolina law on duty to disclose,[3] nor that they can prove such a duty across all relevant states with common evidence. *See Sacred Heart Health Sys. v. Humana Mil. Healthcare Servs.*, 601 F.3d 1159, 1180 (11th Cir. 2010).

Finally, and contrary to plaintiffs' argument in opposition, whether and in what circumstances a duty to disclose arises is absolutely "an issue that impacts class certification." *See* Opp. at 9; *Brown*, 817 F.3d at 1234 ("But if a question of fact or law *is* relevant to that determination [on Rule 23 requirements], then the district court has a duty to actually decide it and not accept it as true or construe it in anyone's favor.") (emphasis in original).  Because North Carolina consistently limits the duty to disclose knowledge of a defect to parties in "negotiations"; because that limitation differs from the laws of Colorado, Utah, Virginia, West Virginia, and Wisconsin; and because, even within single states, the differing circumstances of class members' purchases may affect the applicability of the duty to disclose, the Court should not have certified the classes it did.

## CONCLUSION

For these reasons, and the reasons set out in its opening brief, MBUSA requests that this Court reconsider the Order and (1) not certify any multistate fraud class, or any single-state North Carolina consumer-protection class, because North Carolina law does not permit a classwide presumption of reliance; (2) not certify any multistate class under North Carolina law because

---

[3] As plaintiffs acknowledge (*id.* at 9), MBUSA's opening brief incorporates its prior arguments by reference (Mot. at 15–16).  Those arguments include identifying the different relationships giving rise to a duty to disclose in states other than North Carolina.  *See* D.E. 4635 at 43–45 (Colorado, Utah, Virginia, and Wisconsin); D.E. 4673 at 17–18 ("For example, Colorado, Utah, and Virginia all require individualized proof of a special relationship to establish a duty to disclose[.]"); D.E. 4678 at 11 n.9 (Utah); D.E. 4765 at 14 n.13 (Utah); *id.* at 17 ("the states differ as to duty to disclose").

North Carolina's duty to disclose arises only in "arm's length negotiations"; and (3) not certify *any* class because plaintiffs have not made and cannot make the requisite showings under Rule 23.

Dated: April 8, 2025

Respectfully submitted,

*/s/ Raoul G. Cantero*

Raoul G. Cantero (Florida Bar No. 552356)
raoul.cantero@whitecase.com
Jaime A. Bianchi (Florida Bar No. 908533)
jbianchi@whitecase.com
**WHITE & CASE LLP**
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

Troy M. Yoshino (admitted *pro hac vice*)
TYoshino@winston.com
Eric J. Knapp (admitted *pro hac vice*)
EKnapp@winston.com
**WINSTON & STRAWN LLP**
101 California Street, Suite 2100
San Francisco, CA 94111-5891
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Attorneys for Defendant*
*Mercedes-Benz USA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2025, I electronically filed this motion with the Clerk of Court using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By: */s/ Raoul G. Cantero*
      Raoul G. Cantero