**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE: TAKATA AIRBAG PRODUCT
LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:
ECONOMIC LOSS TRACK CASES
AGAINST FCA US LLC

| | |
|---|---|
| BRIDGET BOYD, *et al*., individually and on behalf of all others similarly situated, <br><br>     Plaintiffs, <br> v. <br><br> FCA US LLC, <br><br>     Defendant. | MDL No. 02599 <br><br> Master File No.: 1:15-md-02599-FAM <br><br> S.D. Fla. Case No. 1:14-cv-24009-FAM |

**FCA US LLC'S MOTION TO ALTER OR AMEND ORDER**
**ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**
**IN ACCORDANCE WITH THE COURT'S ORDER (D.E. 4909)**
**AND INCORPORATED MEMORANDUM OF LAW**

Dated June 19, 2026

Scott M. Sarason
Florida Bar No. 0394718
ssarason@rumberger.com
RUMBERGER KIRK & CALDWELL
Brickell City Tower, Suite 3000
80 Southwest 8th Street
Miami, Florida 33130
Tel: (305) 995-5422
Fax: (786) 536-3446

Daniel T. Graham (*pro hac vice*)
dgraham@clarkhill.com
Paul C. Do (*pro hac vice*)
pdo@clarkhill.com
Jeffrey M. Sniadanko (*pro hac vice*)
jsniadanko@clarkhill.com
CLARK HILL PLC
130 E. Randolph Street, Suite 3900
Chicago, Illinois 60601
Tel: (312) 985-5945
Fax: (312) 985-5954

*Attorneys for FCA US LLC*

FCA US LLC ("FCA") submits its brief to the Court in accordance with its *sua sponte* Order Requiring Parties to Brief the Court on North Carolina Purchasers in FCA Case (**D.E. 4909**), and therefore moves the Court to reconsider its June 20, 2023 Order Granting Plaintiffs' Motion for Class Certification Against Defendant FCA and certifying a multistate fraud class and single-state class under the North Carolina Unfair and Deceptive Trade Practices Act ("NCUDTPA"). *See* **D.E. 4659** at p. 26. FCA's Motion follows this Court's May 19, 2026 Order granting Mercedes-Benz, USA LLC's ("MBUSA") motion to reconsider the Court's certification of a North Carolina class and holding that North Carolina law did not support a presumption of reliance for fraud-based claims stemming from alleged misrepresentations or omissions. **D.E. 4897**, at 7-8 (reconsidering its certification of the North Carolina classes in **D.E. 4856**).

The North Carolina class certified against FCA is now inconsistent with the Court's May 19, 2026 Order. *Cf.* **D.E. 4659** with **D.E. 4897**; accord **D.E. 4909**. In its holding in MBUSA's case, the Court stated:

> This Court cannot find now that Plaintiffs have demonstrated either that North Carolina law permits a presumption of reliance, nor under what circumstances such a presumption is allowed. MBUSA has persuasively shown that this Court previously misconstrued *Pitts* as authorizing such a presumption. Having recognized that error, the Court declines to expand North Carolina law absent clear authority permitting a presumption of reliance on these facts. *Tershakovec*, 79 F. 4th at 1314, 1307-08.

**D.E. 4897**, at 8. Because this Court already determined that certifying fraud and consumer fraud classes under North Carolina law in this MDL was in error, this Court should similarly reconsider its June 20, 2023 Order (**D.E. 4659**) certifying North Carolina fraud and consumer fraud classes against FCA. Doing so also will maintain consistency in this Court's rulings in this MDL.

## PROCEDURAL BACKGROUND

On November 11, 2022, the Court granted summary judgment on all the Plaintiffs' claims in the jurisdictions of Arizona, California, Florida, Illinois, Maryland, Massachusetts, Michigan, New Jersey, New York, Ohio, Pennsylvania, South Carolina, and Texas based on lack of damages. **D.E. 4471.** That left Georgia and North Carolina as the remaining states where putative class representatives had claims against FCA.

On November 23, 2022, Plaintiffs moved for reconsideration of the Court's grant of summary judgment. **D.E. 4476.** On December 21, 2022, the Court granted the Plaintiff's Motion to Reconsider, in part, allowing Plaintiffs to represent consumers who purchased vehicles in

different states than those of the named Plaintiffs. **D.E. 4504.** The Court also granted Plaintiff leave to amend and supplement their class action complaint and supplement their Motion for Class Certification. FCA was granted leave to supplement its Motion for Summary Judgment regarding Plaintiffs' claims brought under Georgia and North Carolina law. **D.E. 4504.** The Supplemental Motions for Class Certification and Summary Judgment were fully briefed.

On June 20, 2023, the Court granted Plaintiffs' Motion for Class Certification (**D.E. 4608**) and certified a multistate fraud class with Plaintiffs Michelle Gibson (Georgia), Debra Johnson (Georgia), and Laquintha O'Neal (North Carolina) designated as class representatives covering class members in Georgia, North Carolina, Alabama, Colorado, Delaware, the District of Columbia, Rhode Island, Tennessee, Utah, West Virgina, and Wisconsin. **D.E. 4659.** The Court issued an Order certifying a multi-state fraud class as follows:

> All persons who, prior to the date on which the Class Vehicle was recalled and after June 10, 2009, bought a class vehicle in the state of Georgia, North Carolina,… and reside in the same state, and (i) still own the Class Vehicle, or (ii) sold the Class Vehicle after the date on which the Class Vehicle was recalled, or (iii) following an accident, whose Class Vehicle was declared a total loss after the date on which the Class Vehicle was recalled.

The Court also certified a single-state class for Plaintiff O'Neal's claim under NCUDTPA as follows:

> All persons who, prior to the date on which the Class Vehicle was recalled and after June 10, 2009, bought a Class Vehicle in the state of North Carolina and reside in the same state, and (i) still own the Class Vehicle, or (ii) sold the Class Vehicle after the date on which the Class Vehicle was recalled, or (iii) following an accident, whose Class Vehicle was declared a total loss after the date on which the Class Vehicle was recalled.

**D.E. 4659**, at 26.

However, on July 10, 2023, following the Eleventh Circuit's decision in *Tershakovec v. Ford Motor, Co., Inc.,* 79 F.4th 1299 (11th Cir. 2023), Plaintiffs moved to narrow the certified classes to remove purchasers from Alabama, Delaware, the District of Columbia, Rhode Island, and Tennessee. **D.E. 4663.** The Court granted the request. **D.E. 4664**.

On August 23, 2023, the Court further narrowed the certified classes because it determined that Georgia intermediate appellate courts had permitted a class-wide presumption of reliance only when a defendant makes *uniform written* misrepresentations in standardized documents to all proposed class members. **D.E. 4688.** The Court determined that the circumstances surrounding the

2

Georgia Plaintiffs' purchases of FCA vehicles were not uniform, let alone written. *Id*. at pp. 4-5. The Court held there was no presumption of reliance under Georgia law and reversed its decision to certify a class of Georgia purchasers. *Id*. In the same order, however, the Court reaffirmed its certification of the North Carolina classes against FCA, principally relying on *Rikos v. Procter & Gamble Co.* 799 F.3d 497, 518 (6th Cir. 2015) (citing *Pitts v. Am. Sec. Ins. Co.*, 550 S.E. 2d 179, 189 (N.C. Ct. App. 2001)) to conclude that classwide proof that the alleged misrepresentation is material and was made in a generally uniform manner to all class members would suffice in North Carolina to show actual reliance such that individual issues would not predominate. **D.E. 4688**, at 6-7 fn. 2.

On August 22, 2023, FCA's then-pending motions for summary judgment were denied as moot. **D.E. 4690.**

In May 2024, the Court ordered renewed briefing on summary judgment on the remaining Plaintiffs' claims against FCA. **D.E. 4785**. On July 12, 2024, FCA filed its renewed Motion for Summary Judgment addressing the Georgia and North Carolina Plaintiffs (and the remaining headless tag-along states of Colorado, Utah, West Virgina, and Wisconsin). **D.E. 4797**.

Relevant to this Motion, on February 26, 2025, the Court certified a multistate class of purchasers and lessees of MBUSA vehicles in North Carolina for a fraud claim and a single-state class for Plaintiff Daphne Bridges' statutory fraud claim under the NCUDTPA. **D.E. 4856.** On March 11, 2025, MBUSA moved to alter or amend the certification order, and that motion was fully briefed. **D.E. 4858.**

On October 30, 2025, this Court held oral argument on MBUSA's Motion to Reconsider. **D.E. 4881**. FCA's counsel also appeared at the hearing and argued in support of the reconsideration of the Court's orders that certified North Carolina fraud and statutory consumer fraud classes for FCA Plaintiff Laquintha O'Neal. *Id*. Moreover, this Court has not approved notice to the members of the North Carolina (and tag-along state) classes.

On May 19, 2026, this Court *granted* reconsideration in relevant part and denied MBUSA's North Carolina Plaintiff Daphne Bridge's request to certify a multistate fraud class, along with a single-state class under the NCUDTPA, because proof of reliance under North Carolina law is an individual issue under Fed. R. Civ. Pro. 23(b)(3). **D.E. 4897** (reconsidering the North Carolina classes certified against MBUSA in **D.E. 4849**).

Subsequently, on June 5, 2026, the Court issued an order that recognized the inconsistency between its recent order in MBUSA's case and the two previously certified classes of North Carolina purchasers in FCA's case and required the parties to submit briefs. **D.E. 4909**. FCA responds in the affirmative and brings the instant Motion to Alter or Amend the class certification rulings against FCA to address the Court's questions.

## **LEGAL STANDARD**

In acknowledging that the rationale for its ruling in the MBUSA case had broader implications to FCA's case, the Court should rule similarly by reconsidering its June 20, 2023 Order (**D.E. 4659**) and August 23, 2023 Order (**D.E. 4688**) under Rule 54(b), which recognizes district courts' inherent authority "to reconsider, revise, alter or amend" a nonfinal order and "correct its own errors." *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379–80 (11th Cir. 2024). A court "should not hesitate to revisit its prior ruling" if the moving party meets the stricter standards governing final judgments, though the party need not do so. *Id.* at 1381. Those standards include "mistake, inadvertence," and "manifest errors." *Id.* at 1379 (describing Rules 59(e) and 60(b)). Courts consider (1) the "weight of the ... arguments" and (2) disruption to the proceedings "in light of the time that has passed since the decision was [] made." *Id.* at 1381.[1] To successfully demonstrate clear error, or manifest injustice, "the moving party must satisfy a high burden involving facts or law of a strongly convincing nature that would induce a court to reverse its prior decision." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F.Supp.2d 1284, 1290-91 (S.D. Fla. 2012).

## **ARGUMENT**

I.     **This Court's May 19, 2026 Order granting reconsideration of its prior decision that North Carolina law did not require proof of actual reliance supports reconsideration of its June 20, 2023 Order certifying North Carolina fraud classes against FCA.**

On May 19, 2026, this Court determined that it had erred in certifying classes under North Carolina law and entered its Order Granting Defendant's (MBUSA) Motion for Reconsideration. **D.E. 4897**. The Court determined that its reliance on *Pitts*, 550 S.E.2d at 179 to conclude that

---

[1]     Alternatively, the Court can reconsider its Orders under Rule 23(c)(1)(C), which gives district courts broad discretion to revisit class certification at any time before final judgment. *Terrill v. Electrolux Home Prods., Inc.*, 274 F.R.D. 698, 700 (S.D. Ga. 2011) (citing *Culpepper v. Irwin Mortg. Corp.*, 491 F.3d 1260, 1275 (11th Cir. 2007)). See also *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1273–74 (11th Cir. 2000) (encouraging district courts to reconsider whether plaintiffs have met the prerequisites of Rule 23).

North Carolina law allows for the use of a class-wide presumption or inference of reliance to satisfy Rule 23(b)(3)'s predominance requirement was incorrect. *Id.*, at 5-6. The Court explained that the Sixth Circuit's reliance on *Pitts*[2] in *Rikos*, 799 F.3d at 518 led the Court to conclude that a class-wide presumption would suffice in North Carolina to show actual reliance such that individual issues would not predominate. *Id.* However, this Court noted that the Sixth Circuit had recently refined its analysis from *Rikos* in *Speerly v. General Motors, LLC*, 143 F.4th 306, 332 (6th Cir. 2025) (*en banc*). *Id.*, at 6.

In *Speerly*, the Sixth Circuit explained that, although reliance is ultimately a question of state law, whether reliance issues defeat predominance under Rule 23(b)(3) is a question of federal law that must be resolved at class certification. *Id.* at 332. The Sixth Circuit further recognized that reliance may sometimes be established circumstantially but concluded that the plaintiffs had not demonstrated circumstances warranting such treatment. *Id.* In its May 19, 2026 Order, the Court also noted that *Speerly* reviewed *Rowan County Board of Education v. United States Gypsum Co.,* 418 S.E.2d 648 (N.C. 1992), a case that Plaintiff here has relied upon, wherein an architect's reliance on a catalogue upon which all architects rely, only showed one buyer's reliance, but it did "not prove that in this case hundreds of thousands of plaintiffs all saw and relied on something GM said." **D.E. 4897**, at 6. This Court found the *Speerly* decision persuasive in concluding under North Carolina law, individual fact issues relating to proving the element of reliance in fraud and statutory fraud claims would predominate over common questions under Rule 23(b)(3). *Id.* at 7.

This Court's ruling on MBUSA's motion to reconsider the certification of North Carolina fraud and consumer fraud classes against it is equally applicable to the Court's Orders certifying North Carolina multistate fraud and consumer fraud classes against FCA. **D.E. 4688**; **D.E. 4659**.

        **A.**      **North Carolina law requires proof of actual reliance for fraud claims**.

When certifying Plaintiff O'Neal's fraud claim under North Carolina law in its June 20, 2023 Order, the Court cited the district court opinion in *Tershakovec* (reversed by the Eleventh Circuit), to hold that "uniform conduct" may suffice to support fraud where there exists sufficient "class-wide proof of reliance on FCA's uniform misrepresentation and omission can be inferred

---

[2]    Even if *Pitts* could be interpreted to permit a presumption of reliance (it did not), the North Carolina Supreme Court eliminated any precedential value when two justices voted to reverse. 569 S.E.2d, 647-48 (N.C. 2002) (per curiam); *see* N.C. R. App. P. 30(e) (opinions with no value as precedent are not "controlling legal authority").

by a reasonabl[e] jury." **D.E. 4659**, at 17-18 (citing *Tershakovec,* 546 F.Supp.3d at 1376). When the Court turned to certifying O'Neal's single-state NCUDTPA class, the Court found that:

> [w]hile reliance is also an element of a claim under the North Carolina consumer protection statute, 'courts have presumed class-wide reliance and certified Rule 23(b)(3) classes under the statutes at issue where the alleged misrepresentation or omission (1) is material or likely to deceive a reasonable consumer and (2) was uniformly made to the putative class." *In re TD Bank, N.A. Debit Card Overdraft Fee Litig.,* 325 F.R.D. 136, 161 (D.S.C. 2018) (citing *Rikos v. Procter & Gamble Co.,* 799 F.3d 497, 518 (6th Cir. 2015) (finding reliance requirement satisfied because the class-wide proof met these elements and affirming certification of North Carolina Unfair and Deceptive Trade Practices Act claim)).

**Dkt. 4659** at 21-22. However, applying this Court's most recent analysis of North Carolina law, the Court's previous certification of the North Carolina fraud and consumer fraud classes against FCA is no longer sustainable.

First, the Eleventh Circuit in *Tershakovec* held that class certification would be appropriate for a fraud or consumer-protection claim that either did not require proof of reliance or permitted reliance to be proved with a class-wide presumption or inference. *Id*. at 1310–11; **D.E. 4897**, at 7. Where a particular state's law "require[s] proof of reliance but allow[s] it to be presumed in certain circumstances," the court must determine "if the circumstances support the presumption's application" based on the "details specific to the case." *Id.* at 1314. If the "precondition to the presumption's application" is not satisfied, class treatment is inappropriate because "[a]ffirmatively proving reliance is a very individualized inquiry, the kind that would predominate over other common questions in a class action." *Id.* at 1314, 1307-08. And, as this Court explained in its May 19, 2026 Order, following *Speerly* and its re-examination of *Rikos*, it concluded that North Carolina law did ***not*** permit a class-wide presumption of reliance in either a common law fraud or statutory consumer fraud claim. *Id.* at 161; **D.E. 4897**, at pp. 6-7.

Second, when this Court first certified the North Carolina classes against FCA, it also cited *In re TD Bank, N.A. Debit Card Overdraft Fee Litig.,* 325 F.R.D. 136, 161 (D.S.C. 2018), which relied exclusively on *Rikos* to conclude that North Carolina permitted a classwide presumption of reliance. **D.E. 4659**, at 22. However, *TD Bank* disregarded contrary federal authority and cited no North Carolina state cases. *TD Bank,* 325 F.R.D. at 162 (citing but disregarding *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 341 (4th Cir. 1998), which held that reliance is *not* susceptible to classwide proof under North Carolina law). *TD Bank* also had not engaged in

the Eleventh Circuit's *Tershakovec* analysis requiring the court to determine "whether and under what circumstances" a presumption of reliance might apply under each state's laws. *See Tershakovec*, 79 F.4th at 1308. Furthermore, *TD Bank* cannot be reconciled with the North Carolina Supreme Court's holding in *Arnesen v. Rivers Edge Golf Club & Plantation, Inc*., 781 S.E.2d 1, 9-10 (N.C. 2015), that North Carolina law requires actual reliance to establish a fraud-based claim.[3] *See also Bumpers v. Cmty. Bank of N Va.,* 747 S.E.2d 220, 226 (N.C. 2013) (a fraud-based statutory claim "stemming from an alleged misrepresentation does indeed require a plaintiff to demonstrate reliance on the misrepresentation in order to show the necessary proximate cause."). **D.E. 4897**, at 8.

To succeed on a NCUDTPA claim "based upon deception and 'fraudulent statements,' plaintiffs must prove 'actual reliance' on a misrepresentation and that such reliance was the proximate cause of the injury." *Cross v. Ciox Health, LLC*, 438 F. Supp. 3d 572, 584 (E.D.N.C. 2020) (putative class action dismissed with prejudice where Plaintiffs failed to allege actual, reasonable reliance as proximate cause of injury, as required to state claims in putative class action against medical records provider under NCUDTPA based on deception and fraudulent statements.). No North Carolina court has ever found that a presumption of reliance or inference may be used to make this showing. *See Tershakovec,* 79 F. 4th at 1314 (remanding to determine whether state's preconditions to applying a presumption of reliance were met).

A review of Plaintiff O'Neal's circumstances reveals the facts do not support evidence of actual reliance, let alone permit a presumption of reliance under the circumstances, sufficient to sustain fraud classes against FCA.

### B. Plaintiff O'Neal's Purchasing Experience Establishes that Reliance is an Individualized Issue

Plaintiff O'Neal's unique purchasing experience underscores why reliance and causation cannot be presumed for fraud or NCUDTPA classes and requires individualized proof.[4] O'Neal

---

[3] North Carolina courts have also limited a duty to disclose knowledge of any "defect" when the parties are "negotiating at arm's length." *Harton v. Harton*, 344 S.E.2d 117, 119 (N.C. App.), *disc. rev. denied,* 347 S.E.2d 41 (N.C. 1986).

[4] FCA's recitation of these material facts were raised in FCA's Response in Opposition to Plaintiffs' (Second) Motion for Class Certification. **D.E. 4634**. Here, FCA will additionally cite to the underlying support contained in FCA's Statement of Material Facts in Support of its Motion for Summary Judgment Against All Economic Loss Plaintiffs in Georgia and North Carolina and Under the Laws of Colorado, Utah, West Virginia, and Wisconsin Pursuant to Local Rule 56.1 ("FCA SOF") (**D.E. 4798**), which

purchased a used 2012 Dodge Charger on March 8, 2015, from CarMax Auto Superstores, Inc., a third-party, non-Chrysler, non-FCA affiliated dealer. **D.E. 4634**, at 47-48 of 76; FCA SOF, Page 5 of 8, ¶ 99. As a result, O'Neal could not have been exposed to or relied upon any Monroney label or sales pitch from an FCA dealer at the point of purchase. *Id.*, at 48 of 76; FCA SOF at ¶ 102 (O'Neal never discussed her vehicle's safety features or airbags with the CarMax sales representative either)), ¶ 103 (the CarMax window sticker O'Neal reviewed did not mention FCA or the vehicle's airbags). Nor is there evidence in the record that O'Neal relied on the vehicle's owner's manual before purchasing it. *Id.* O'Neal also does not recall seeing or hearing any specific commercials about her vehicle or the dates or media on which she saw or heard those commercials. *Id.*, FCA SOF at ¶ 101. O'Neal admitted that she did not rely on these commercials when she bought her Dodge. *Id.*; FCA SOF at ¶ 101. O'Neal became interested in purchasing the vehicle because of how it felt and looked rather than any representation by FCA. *Id.* (citing Ex. 22 (09/03/2020 O'Neal Dep. Tr. Excerpt, 78:5-13)). These circumstances highlight the lack of uniformity in the alleged misrepresentations and omissions and the need for each proposed North Carolina class member to offer proof of reliance in the decision-making process. **D.E. 4634**, at 48 of 76. Thus, while proof of reliance is an individualized issue, there is no direct let alone circumstantial evidence of O'Neal's reliance on any representations or omissions of FCA.

Finally, as this Court recently explained, North Carolina law will not support the application of a presumption of reliance necessary to sustain North Carolina fraud and consumer fraud classes. **D.E. 4897**. Even more so here, unlike MBUSA Plaintiff Bridges, O'Neal never interacted with a Chrysler or FCA affiliated dealership. *See Bledsoe v. FCA US LLC*, 663 F. Supp. 3d 753, 803–05 (E.D. Mich. 2023) (applying North Carolina law).[5] As a result, without Plaintiff

---

accompanied FCA's renewed Motion for Summary Judgment in July 2024 and remains pending and ripe for ruling by this Court. **D.E. 4797**.

[5] In rejecting NCUDTPA and fraudulent concealment claims against FCA, the court in *Bledsoe* identified cases where a duty to disclose was found, but those cases all involved authorized dealerships, presumed to be agents of the manufacturers, where dealership employees gave misleading information to plaintiffs. 663 F. Supp. 3d at 803–04 (citing *Wheeler v. BMW of North America LLC*, 534 F. Supp. 3d 527, 534, 535 n.2 (W.D.N.C. 2021); *Jones v. BMW of North America, LLC*, No. 20-00057, 2020 WL 5752808, at *1 n.1, *10 (M.D.N.C. Sept. 25, 2020); *Withers v. BMW of N. Am., LLC*, 560 F. Supp. 3d 1010, 1019 n.3 (W.D.N.C. 2021)). In granting summary judgment, the *Bledsoe* court noted that the plaintiff, like O'Neal here, never engaged in similar arms-length negotiations with FCA or their purported agents and admitted that he did not rely on any partial disclosures that would trigger FCA's duty to disclose. *See id.* at 804. In fact, Bledsoe, like O'Neal here, conceded that he "relied on no advertisements" by FCA before purchasing his truck. *Id.* at 804.

O'Neal to support the North Carolina classes against FCA, there is no basis for certifying the headless common law fraud classes in Colorado, Vermont, West Virginia and Wisconsin either.

## CONCLUSION

For these reasons, FCA responds that the Court's ruling excluding North Carolina purchasers in MBUSA's case should result in the reconsideration of the North Carolina purchasers in this case. Accordingly, FCA requests that the Court reconsider its June 20, 2023 Order (**D.E. 4659**) and August 23, 2023 Order (**D.E. 4688**) and not certify North Carolina multistate fraud and NCUDTPA classes, because North Carolina law does not permit a class-wide presumption of reliance. Without Plaintiff O'Neal as a class representative for North Carolina, this Court should also reconsider and not certify any classes for Colorado, Vermont, West Virginia and Wisconsin for lack of an adequate representative or make the requisite showings under Rule 23.

Dated: June 19, 2026

Respectfully submitted,

By: */s/ Scott M. Sarason*

Scott M. Sarason
Florida Bar No. 0394718
ssarason@rumberger.com
RUMBERGER KIRK & CALDWELL
Brickell City Tower, Suite 3000
80 Southwest 8th Street
Miami, Florida 33130
Tel: (305) 995-5422
Fax: (786) 536-3446

By: */s/ Daniel T. Graham*

Daniel T. Graham (*pro hac vice*)
dgraham@clarkhill.com
Paul C. Do *(pro hac vice)*
pdo@clarkhill.com
Jeffrey M. Sniadanko (*pro hac vice*)
jsniadanko@clarkhill.com
CLARK HILL PLC
130 E. Randolph Street, Suite 3900
Chicago, Illinois 60601
Tel: (312) 985-5945 (Graham)
Fax: (312) 985-5954 (Graham)

*Attorneys for FCA US LLC*

## <u>CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)</u>

The undersigned counsel certifies that counsel for FCA sought to confer with counsel for Plaintiffs in a good faith effort to resolve the issues raised in this Motion prior to filing the same. The parties were unable to resolve the issues raised herein prior to the Court's June 3, 2026 Order Requiring the Parties to Brief North Carolina Purchasers in FCA's Case.

June 19, 2026

By: <u>*/s/ Scott M. Sarason*</u>

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2026, a true and correct copy of the foregoing was filed via CM/ECF and served on all counsel of record via electronic notices generated by CM/ECF on June 19, 2026.


By: */s/ Scott M. Sarason*

11