No. 26-90015-D

---

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

---

MERCEDES-BENZ USA, LLC
*Defendant-Petitioner*,

v.

DANIEL SILVA, *et al.*, individually and
on behalf of all others similarly situated,
*Plaintiff-Respondents*.

---

## OPPOSITION TO DEFENDANT'S RULE 23(f) PETITION FOR PERMISSION TO APPEAL

---

FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

District Court Case No. 15-MD-02599
(Hon. Federico A. Moreno)

PODHURST ORSECK, P.A.
Peter Prieto
Aaron S. Podhurst
Matthew P. Weinshall
2525 Ponce de Leon Blvd.
Suite 700
Coral Gables, FL 33134
Tel: (305) 358-2800
pprieto@podhurst.com
apodhurst@podhurst.com
mweinshall@podhurst.com

*Attorneys for Plaintiffs-Respondents*
(*additional counsel listed on signature page*)

*Mercedes-Benz USA, LLC v. Silva*, Case No. 26-90015-D

<u>**Certificate of Interested Persons and
Corporate Disclosure Statement**</u>

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh
Circuit Rule 26.1-1, Plaintiffs-Respondents Susan Knapp, Bettie Taylor,
and William Goldberg ("Plaintiffs") hereby disclose the following district
court judges, magistrate judges, persons, attorneys, associations of
persons, firms, law firms, partnerships, and/or corporations that have or
may have an interest in the outcome of this litigation—including
subsidiaries, conglomerates, affiliates, parent corporations, publicly-
traded companies that own 10% or more of a party's stock, and all other
identifiable legal entities related to any party in the case:

1. Abdallah, Ramzy—Plaintiff–Respondent;

2. Baron & Budd, PC—Counsel for Plaintiffs–Respondents;

3. Bianchi, Jaime A.—Counsel for Defendant–Petitioner
   Mercedes-Benz USA, LLC;

4. Black, Ericka—Plaintiff–Respondent;

5. Boies, David—Counsel for Plaintiffs–Respondents;

6. Boies Schiller & Flexner, LLP—Counsel for Plaintiffs–Respondents;

7. Bolton, Tiffany—Plaintiff–Respondent;

8. Boyd, Bridget—Plaintiff–Respondent;

9. Boyd, Darren—Plaintiff–Respondent;

10. Bridges, Daphne—Plaintiff–Respondent;

11. Brown, Randy—Plaintiff–Respondent;

12. Brugaletta, John—Plaintiff–Respondent;

13. Butler-Adams, Cheryl—Plaintiff–Respondent;

14. Cabraser, Elizabeth Joan—Counsel for Plaintiffs–Respondents;

15. Calhoun, Paulette—Plaintiff–Respondent;

16. Campagnone, Carla—Plaintiff–Respondent;

17. Cantero, Raoul G.—Counsel for Defendant–Petitioner Mercedes-Benz USA, LLC;

*Mercedes-Benz USA, LLC v. Silva*, Case No. 26-90015-D

18.     Carella Byrne Cecchi Olstein Brody & Agnello, PC—Counsel for Plaintiffs–Respondents;

19.     Cecchi, James E.—Counsel for Plaintiffs–Respondents;

20.     Cervelli, Robert—Plaintiff–Respondent;

21.     Colson Hicks Eidson—Counsel for Plaintiffs–Respondents;

22.     Condon, John—Plaintiff–Respondent;

23.     Cook, Sherri—Plaintiff–Respondent;

24.     Cooper, T'Keyah—Plaintiff–Respondent;

25.     Cox, David—Plaintiff–Respondent;

26.     Daker, Angela D.—counsel for Defendant–Petitioner Mercedes-Benz USA, LLC;

27.     Dominick, Kimberly—Plaintiff–Respondent;

28.     Dorsey, Judy—Plaintiff–Respondent;

29.     Dwinnells, Daniel—Plaintiff–Respondent;

*Mercedes-Benz USA, LLC v. Silva*, Case No. 26-90015-D

30.     Eidson, Lewis Shelton, Jr.—Counsel for Plaintiffs–

Respondents;

31.     Eikenberry, Michael—Plaintiff–Respondent;

32.     Fernandes, David—Counsel for Plaintiffs–Respondents;

33.     Fischer, Kenneth—Dismissed Plaintiff;

34.     Fragale, Sam—Plaintiff–Respondent;

35.     Fuesting, John—Plaintiff–Respondent;

36.     Fuesting, Priscilla—Plaintiff–Respondent;

37.     Fugazzi, Kory—Plaintiff–Respondent;

38.     Fulmore, Julius—Plaintiff–Respondent;

39.     Gibson, Michelle—Plaintiff–Respondent;

40.     Giddings, Ramand—Plaintiff–Respondent;

41.     Goldberg, William—Plaintiff–Respondent;

42.     Gonder, Rushelle—Plaintiff–Respondent;

43.     Griffith, Marcia—Dismissed Plaintiff;

*Mercedes-Benz USA, LLC v. Silva*, Case No. 26-90015-D

44.      Gross, Judith—Plaintiff–Respondent;

45.      Harms, Melinda M.—Plaintiff–Respondent;

46.      Henry, Debrah—Plaintiff–Respondent;

47.      Hillyer, Deborah—Plaintiff–Respondent;

48.      Holmes, Clyde—Plaintiff–Respondent;

49.      Hudson, Charles—Plaintiff–Respondent;

50.      Hughes-Cox, April—Plaintiff–Respondent;

51.      Jacobs, Donovan J.—Plaintiff–Respondent;

52.      Johnson, Debra—Plaintiff;

53.      Karu, Marlene S.—Plaintiff–Respondent;

54.      Kaufman, Michael C.—Plaintiff–Respondent;

55.      Keen, Vicky—Plaintiff–Respondent;

56.      Khoury, Victor—Plaintiff–Respondent;

57.      Knapp, Susan—Plaintiff–Respondent;

*Mercedes-Benz USA, LLC v. Silva*, Case No. 26-90015-D

58.      Knox, Christopher Michael—Plaintiff–Respondent;

59.      Krmpotic, Branko—Plaintiff–Respondent;

60.      Krzeminski, Dave—Plaintiff–Respondent;

61.      LeBlanc, J. Burton—Counsel for Plaintiffs–Respondents;

62.      Lewis, Celeste—Plaintiff–Respondent;

63.      Lichtman, Jason L.—Counsel for Plaintiffs–Respondents;

64.      Lieff Cabraser Heimann & Bernstein, LLP—Counsel for Plaintiffs–Respondents;

65.      Livingston, Shanetha—Plaintiff–Respondent;

66.      Lonergan, Alexander—Plaintiff–Respondent;

67.      Lowery, Jamelle—Dismissed Plaintiff;

68.      Lucero, Pedro—Plaintiff–Respondent;

69.      Lykins, Victoria—Plaintiff–Respondent;

*Mercedes-Benz USA, LLC v. Silva*, Case No. 26-90015-D

70.    Maldia, Ronaldo—Plaintiff–Respondent;

71.    Marsilio, Gene—Plaintiff–Respondent;

72.    McClellion, Michael—Plaintiff–Respondent;

73.    McFarland, Gordon—Plaintiff–Respondent;

74.    Melde, Kenneth—Plaintiff–Respondent;

75.    Mercedes-Benz Capital Investment B.V.—see corporate disclosure statement;

76.    Mercedes-Benz Group AG (stock symbol "MBG" or "MBG.DE"), f/k/a Daimler AG—see corporate disclosure statement;

77.    Mercedes-Benz North America Corp.—see corporate disclosure statement;

78.    Mercedes-Benz USA, LLC—Defendant–Petitioner;

79.    Miner, Curtis Bradley—Counsel for Plaintiffs–Respondents;

80.    Moore, Shanna—Dismissed Plaintiff;

C- **7** of **11**

*Mercedes-Benz USA, LLC v. Silva*, Case No. 26-90015-D

81.   Moreno, Federico A.—District Court Judge;

82.   Morgan, Kenneth—Plaintiff–Respondent;

83.   Muehl, Gerald—Plaintiff–Respondent;

84.   Myers, Diana—Plaintiff–Respondent;

85.   Nemes, Jr. Kolmon—Plaintiff–Respondent;

86.   Nevares, Kristen—Plaintiff–Respondent;

87.   Nielsen, Randy—Plaintiff–Respondent;

88.   O'Neal, Laquintha—Plaintiff–Respondent;

89.   Paleno, Gene—Plaintiff–Respondent;

90.   Parker, Cathy—Dismissed Plaintiff;

91.   Phillips, John F.—Dismissed Plaintiff;

92.   Phillips, Nancy D.—Dismissed Plaintiff;

93.   Pifko Mark—Counsel for Plaintiffs–Respondents;

94.   Podhurst   Orseck,   P.A.—Counsel   for   Plaintiffs–
Respondents;

*Mercedes-Benz USA, LLC v. Silva*, Case No. 26-90015-D

95.     Prentice, Shanella—Plaintiff–Respondent;

96.     Price, Reginald—Dismissed Plaintiff;

97.     Prieto, Peter—Counsel for Plaintiffs–Respondents;

98.     Radican, Theresa Marie Fuseo—Dismissed Plaintiff;

99.     Reynolds, Laurie—Plaintiff–Respondent;

100.    Robinson, Mary Jackson—Plaintiff–Respondent;

101.    Rojas, Jay—Plaintiff–Respondent;

102.    Simmons, Bobbie—Dismissed Plaintiff;

103.    Smith    Lacien    LLP—Counsel    for    Plaintiffs– Respondents;

104.    Smith, Todd A.—Counsel for Plaintiffs–Respondents;

105.    Stellings, David—Counsel for Plaintiffs–Respondents;

106.    Sturgis, Arlen—Dismissed Plaintiff;

107.    Swanson, Terrie—Dismissed Plaintiff;

108.    Taylor, Bettie—Plaintiff–Respondent;

*Mercedes-Benz USA, LLC v. Silva*, Case No. 26-90015-D

109. Tellis, Roland—Counsel for Plaintiffs–Respondents;

110. Viloria, Maria de Lourdes—Plaintiff–Respondent;

111. Warmsley, Marcela—Plaintiff–Respondent;

112. Washington, Elizabeth—Plaintiff–Respondent;

113. Weinshall, Matthew P.—Counsel for Plaintiffs–Respondents;

114. Whitaker, David—Plaintiff–Respondent;

115. White & Case LLP—Counsel for Defendant–Petitioner Mercedes-Benz USA, LLC;

116. Wilkerson, Jeff—Counsel for Defendant–Petitioner Mercedes-Benz USA, LLC

117. Williams, Jason—dismissed Plaintiff;

118. Willis, Tremain—Plaintiff–Respondent;

119. Wilmoth, Jennifer—Plaintiff–Respondent;

120. Winston Taylor LLP—Counsel for Defendant–Petitioner Mercedes-Benz USA, LLC;

121. Woodrum, Michael J.—Counsel for Defendant–Petitioner Mercedes-Benz USA, LLC

122. Yoshino, Troy M.—Counsel for Defendant–Petitioner Mercedes-Benz USA, LLC;

123. Zack, Stephen Neal—Counsel for Plaintiffs–Respondents.

The following information regarding the Mercedes-Benz entities is based on Defendant-Petitioner's representations: Defendant–Petitioner Mercedes-Benz USA, LLC is a Delaware limited liability company whose sole member is Mercedes-Benz North America Corp. ("MBNAC"). MBNAC's parent company is Mercedes-Benz Capital Investment B.V., a Dutch company, whose parent company is Mercedes-Benz AG ("MBAG"). MBAG's parent company is Mercedes-Benz Group AG ("MBG"), formerly known as Daimler AG. MBG is a publicly held German Aktiengesellschaft, it does not have a parent corporation, and no publicly held corporation owns 10% or more of its stock. MBG is traded on the Frankfurt Stock Exchange with stock symbol "MBG" or "MBG.DE."

Dated: June 15, 2026

/s/ *Matthew P. Weinshall*
Matthew P. Weinshall

C- **11** of 11

# Table of Contents

I.    QUESTION PRESENTED .................................................................. 1

II.   INTRODUCTION ............................................................................. 1

III.  BACKGROUND.................................................................................5

IV.  STANDARD OF REVIEW ............................................................. 10

V.   THE COURT SHOULD DENY THE PETITION.......................... 11

    A.   The Petition Fails to Meet the *Prado-Steiman* Factors. ....... 11

    B.   The District Court's Decision on Class Certification
        Accords with Prevailing Law. ............................................... 12

        1.    The district court correctly determined that
             Plaintiffs' damages model fits Plaintiffs'
             liability theory............................................................... 13

        2.    The district court correctly analyzed the
             typicality and adequacy of the named
             Plaintiffs. ...................................................................... 16

        3.    The district court correctly determined that
             MBUSA's knowledge of the Inflator Defect is a
             common question supporting class
             certification. ................................................................. 19

    C.   There Are No Unsettled Legal Issues Warranting
        Immediate Review. ...............................................................22

    D.   MBUSA Mischaracterizes The District Court's Hearing
        Comments. .............................................................................23

VI.  CONCLUSION ...............................................................................27

i

## Table of Authorities

**Cases**

*Amchem Products, Inc. v. Windsor,*

   521 U.S. 591 (1997)..................................................................................16

*Amgen Inc. v. Connecticut Retirement Plans & Trust Funds,*

   568 U.S. 455 (2013)............................................................................ 13, 20

*Babineau v. Federal Express Corp.,*

   576 F.3d 1183 (11th Cir. 2009) ..............................................................22

*Bridging Communities Inc. v. Top Flite Fin. Inc.,*

   843 F.3d 1119 (6th Cir. 2016) ................................................................21

*Brown v. Electrolux Home Products, Inc.,*

   817 F.3d 1225 (11th Cir. 2016) ...........................................3, 4, 15, 22, 23

*Bruhl v. PriceWaterhouseCoopers Int'l,*

   257 F.R.D. 684 (S.D. Fla. 2008) .............................................................17

*Cardenas v. Toyota Motor Corp.,*

   2021 WL 5811741 (S.D. Fla. Dec. 6, 2021)...........................................14

*Carriuolo v. General Motors Co.,*

   823 F.3d 977 (11th Cir. 2016) ................................................................22

*CEF Enterprises, Inc. v. Betts,*

   838 So. 2d 999 (Miss. Ct. App. 2003)....................................................18

ii

*Comcast Corp. v. Behrend,*

   569 U.S. 27 (2013).............................................................................3, 4, 13

*FCA US LLC v. Boyd,*

   No. 23-90017 (11th Cir. Oct. 5, 2023)......................................................3

*FCA US LLC v. Boyd,*

   No. 23-90027 (11th Cir. Nov. 1, 2023)......................................................3

*General Motors LLC v. Whitaker,*

   No. 23-90025 (11th Cir. Nov. 1, 2023)......................................................3

*In re Takata Airbag Prods. Liab. Litig.,*

   193 F. Supp. 3d 1324 (S.D. Fla. 2016)....................................................19

*In re Takata Airbag Prods. Liab. Litig.,*

   No. 23-11402 (11th Cir. Apr. 22, 2024) ...................................................3

*In re: Takata Airbag Prod. Liab. Litig.,*

   84 F. Supp. 3d 1371 (J.P.M.L. 2015) .....................................................25

*Kennedy v. Tallant,*

   710 F.2d 711 (11th Cir. 1983) ...............................................................17

*Lytle v. Nutramax Labs., Inc.,*

   114 F.4th 1011 (9th Cir. 2024)..............................................................14

*Ocwen Loan Servicing, LLC v. Belcher,*

    No. 18-90011, 2018 WL 3198552 (11th Cir. June 29, 2018) ............... 10

*Piazza v. Ebsco Industries, Inc.,*

    273 F.3d 1341 (11th Cir. 2001) ............................................................. 17

*Prado-Steiman ex rel. Prado v. Bush,*

    221 F.3d 1266 (11th Cir. 2000) ................................. 2, 10, 11, 12, 19, 23

*Sanchez-Knutson v. Ford Motor Co.,*

    310 F.R.D. 529 (S.D. Fla. 2015) ............................................................ 14

*Shin v. Cobb Cnty. Bd. of Educ.,*

    248 F.3d 1061 (11th Cir. 2001) ............................................................... 1

*State ex rel. Miller v. Hydro Mag, Ltd.,*

    436 N.W.2d 617 (Iowa 1989) ................................................................. 18

*Tershakovec v. Ford Motor Co.,*

    79 F.4th 1299 (11th Cir. 2023) ..................................... 3, 4, 8, 17, 22, 23

*Tyson Foods, Inc. v. Bouaphakeo,*

    577 U.S. 442 (2016) ......................................................................... 15, 20

*Vos v. Farm Bureau Life Insurance Co.,*

    667 N.W.2d 36 (Iowa 2003) ................................................................... 18

*Wal-Mart Stores, Inc. v. Dukes,*

   564 U.S. 338 (2011)...................................................................... 15, 20

*Waste Mgmt. Holdings, Inc. v. Mowbray,*

   208 F.3d 288 (1st Cir. 2000)................................................................ 21

**Rules**

Fed. R. Civ. P. 23(c)(1)(C) ........................................................................ 15

Fed. R. Civ. P. 23(f) .............................................................................. 1, 10

## I.   QUESTION PRESENTED

Should this Court permit a Rule 23(f) appeal where the district court certified three narrow classes asserting claims under state law and subsequently narrowed the certified classes on reconsideration, a summary judgment hearing is scheduled for next month to resolve the remaining motions in this highly advanced, long-running MDL, this Court has denied four prior attempts at piecemeal appeals in this MDL, there is no substantial weakness or unsettled legal issue, and certification does not sound the "death knell" for Petitioner Mercedes-Benz USA LLC ("MBUSA")?

## II.   INTRODUCTION

"Appellate review of a class certification order should be an *avenue of last resort*." *Shin v. Cobb Cnty. Bd. of Educ.*, 248 F.3d 1061, 1064 (11th Cir. 2001).[1]  Displeased with the district court's decision, MBUSA seeks immediate review of the certification of three narrow classes of purchasers asserting state-law claims: a class of Iowa purchasers asserting fraud and statutory claims under Iowa law; a class of

---

[1] Unless indicated, internal citations and quotations are omitted and emphases are added.

Mississippi purchasers asserting a breach-of-implied-warranty claim under Mississippi law; and a class of Washington purchasers asserting a statutory claim under Washington law. (D.4856; 4860; 4897.)[2] But more than mere displeasure with the underlying certification order is required for interlocutory review, as Rule 23(f) appeals are *"generally disfavored"* and only justified when there is a *"compelling need for resolution of the legal issue sooner rather than later." Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1274, 1276 (11th Cir. 2000). No compelling need is present here.

Certification of three narrow classes does not sound the "death knell" for MBUSA, a multibillion-dollar global automaker, or this litigation, and MBUSA does not contend otherwise, a key factor cutting against its petition. *Id.* at 1274. Nor is there any urgency. This litigation has been proceeding for more than a decade, discovery is complete, and the merits issues that MBUSA flags are pending before the district court in fully briefed motions for summary judgment, for which the district court has scheduled a July 15, 2026 hearing (D.4912). This Court has

---

[2] "D.__" refers to the document number in the master MDL docket, 15-md-02599.

2

denied three prior Rule 23(f) petitions filed by other defendants in this MDL,[3] and it dismissed Plaintiffs' own attempted Rule 54(b) appeal of several orders—at MBUSA's urging, no less—after concluding, based on "the later stage of the proceedings," that "an immediate appeal is unlikely to meaningfully streamline the district court proceedings." *In re Takata Airbag Prods. Liab. Litig.*, No. 23-11402, slip op. at 6 (11th Cir. Apr. 22, 2024). MBUSA offers no principled reason why it alone should receive the interlocutory review this Court has denied to every other party in this litigation.

Nor has MBUSA demonstrated an abuse of discretion. To the contrary, across a 39-page certification order and two subsequent orders—including a May 19, 2026 order granting MBUSA's own motion for reconsideration in substantial part—the district court performed precisely the claim-by-claim, state-by-state rigorous analysis that this Court's decisions in *Tershakovec v. Ford Motor Co.*, 79 F.4th 1299 (11th Cir. 2023), and *Brown v. Electrolux Home Products, Inc.*, 817 F.3d 1225 (11th Cir. 2016), as well as *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013),

---

[3] *See FCA US LLC v. Boyd*, No. 23-90027 (11th Cir. Nov. 1, 2023); *General Motors LLC v. Whitaker*, No. 23-90025 (11th Cir. Nov. 1, 2023); *FCA US LLC v. Boyd*, No. 23-90017 (11th Cir. Oct. 5, 2023).

require. Strictly adhering to this Court's precedents, the district court refused to certify a class of Georgia purchasers (D.4856 at 17–19), and on reconsideration, decertified both a multistate fraud class and a North Carolina statutory class because, it concluded, applicable state law did not permit a class-wide presumption of reliance (D.4897). What remains are three single-state classes of Iowa, Mississippi, and Washington purchasers, each certified only after the court analyzed the elements of the underlying claims, the availability (or legal irrelevance) of a class-wide presumption of reliance, MBUSA's asserted defenses, and the fit between Plaintiffs' damages model and their theory of liability. A court supposedly intent on "punt[ing]" hard questions to coerce a settlement, as MBUSA improperly suggests (Pet. at 14), does not repeatedly grant the defendant relief and decertify classes along the way.

Likewise, MBUSA fails to identify any unsettled questions of law underlying class certification. It relies on frequently cited cases—*Comcast, Tershakovec*, and *Brown*—for standards that are well-settled and the district court faithfully applied. MBUSA's primary complaint is that the district court declined to adjudicate, at class certification, merits defenses whose answers are *common to every class member* and will be

4

determined with *common, class-wide evidence*—whether Iowa, Mississippi, and Washington purchasers can recover benefit-of-the-bargain damages notwithstanding MBUSA's free recall, and whether MBUSA knew of the Inflator Defect. Far from raising individualized issues, these defenses apply to each class member in the same way and, if successful, would defeat all class members' claims alike, only confirming the propriety of class certification.

Finally, MBUSA's accusation that the district court certified three narrow classes to create incentives for settlement or manufacture "settlement pressure" (Pet. at 1, 12) finds no support in the record. It rests on an irresponsible mischaracterization of comments cherry-picked from a two-hour hearing, some of which had nothing to do with class certification, and all of which demonstrate the district court's devotion to ensuring consistency in the MDL and getting the law correct.

The Court should deny the petition.

## III.   BACKGROUND

This action concerns MBUSA vehicles with defective, dangerous airbags. Because of a uniform design flaw—the use of a propellant made of ammonium nitrate in the airbag's inflator—these defective airbags, far

5

from enhancing safety, can deploy aggressively or rupture like a grenade, spraying metal shrapnel toward vehicle occupants. (D.4779 at 5–6; D.4610 at 11–12.) MBUSA knew about this jarring defect before its vehicles were sold. (D.4805 at 18–34; D.4779 at 2–5; D.4610 at 12–13.) But it never disclosed the defect to purchasers during the class period. (D.4610 at 7–10.) Rather, it uniformly marketed its vehicles as safe, even promoting the defective airbags as safety features. (*Id.*) MBUSA only changed course when the National Highway Traffic Safety Administration ("NHTSA") forced it to recall over one million vehicles. (D.4805 at 35–38.) The consequences of MBUSA's conduct have been catastrophic, resulting in reports of ruptures and tragic injuries to occupants. (D.4805 at 45–46; D.4610 at 11–12.)

This MDL, created in 2015, consolidates economic-loss and personal-injury claims arising from defective Takata airbag inflators. In the operative consolidated complaint against MBUSA, Plaintiff Bettie Taylor, a Mississippi purchaser of an MBUSA Class Vehicle,[4] brought a

---

[4] "Class Vehicles" are vehicles manufactured, distributed, or sold by MBUSA that came equipped with defective Takata airbag inflators, and are identified in an exhibit to Plaintiffs' motion for class certification. (D.4610 at 5.)

claim for breach of implied warranty under Mississippi law (D.4026 ¶¶ 161, 700); Plaintiff William Goldberg, a Washington purchaser, brought a claim under the Washington Consumer Protection Act (*id.* ¶¶ 128, 907); and Plaintiff Susan Knapp, an Iowa purchaser, brought a claim under the Iowa Consumer Frauds Act and for fraud under Iowa law (*id.* ¶¶ 136, 338, 622).[5]

Over more than a decade, the district court has managed this MDL, including the claims against MBUSA and automakers FCA US LLC and General Motors, through motions to dismiss, full merits and expert discovery, multiple summary-judgment motions, class settlements with eight other defendants, and class-certification proceedings. The court granted partial summary judgment on numerous claims on November 10, 2022 (D.4471), after which Plaintiffs filed a supplement to their operative complaint and renewed their motion for class certification. (D.4522; D.4610.)

On June 20, 2023, the district court granted Plaintiffs' motion for class certification against FCA. (D.4659.) A few weeks later, this Court

---

[5] Numerous other Plaintiffs brought claims against MBUSA under the laws of other states, but most of those claims were dismissed at summary judgment. (D.4471.)

7

decided *Tershakovec*, 79 F. 4th at 1304, which involved class claims against an automaker, so the district court ordered the parties to brief its impact. (D.4665.) Plaintiffs voluntarily narrowed their proposed classes to conform to *Tershakovec*. (D.4666.) The district court, after additional briefing, certified several narrow classes against FCA and GM (D.4688; D.4689), and this Court denied the automakers' petitions for interlocutory review, *see* note 3, *supra*.

The district court subsequently issued an order to show cause on April 8, 2024, requiring MBUSA to explain why classes should not be certified against it in a manner consistent with the classes already certified against co-defendants GM and FCA. (D.4764.) On May 29, 2024, the district court conducted an extensive hearing regarding the show-cause order and the parties' pending motions for summary judgment. (D.4792.) During this hearing, the court repeatedly emphasized its duty to ensure structural consistency across the MDL and properly manage the complex litigation. (*Id.*) The court ultimately ordered all three defendants to file additional briefing on summary judgment. (*Id.*)

On February 26, 2025, after multiple rounds of briefing and a hearing, the district court granted in part Plaintiffs' motion for class

8

certification against MBUSA, certifying the three classes now at issue, as well as a multi-state fraud class and a North Carolina statutory class. (D.4856.) The court excluded all Georgia purchasers from the multistate fraud class because the case-specific preconditions for a presumption of reliance under Georgia law were not met. (D. 4856 at 17–19.)

Two weeks later, MBUSA moved for reconsideration. (D.4858.) On MBUSA's motion, the court narrowed the Washington class to a single-state class (D.4860), received additional briefing, as well as supplemental authority notices, and held a hearing. (D.4864; D.4865; D.4870; D.4871; D.4878.) On May 19, 2026, the court granted the reconsideration motion in substantial part: persuaded by MBUSA's reading of North Carolina law, the court held that reliance is an individualized issue under North Carolina law, and decertified both the multistate fraud class and the North Carolina statutory class, leaving the three single-state classes that remain. (D.4897.)

MBUSA's renewed summary-judgment motion (D.4800)—which the district court directed MBUSA to file so that the merits issues MBUSA presses here could be decided on full briefing—remains pending and is scheduled for oral argument on July 15, 2026 (D.4912).

9

## IV.   STANDARD OF REVIEW

Interlocutory appeals of class certification orders "should be the exception, not the rule." *Prado-Steiman*, 221 F.3d at 1273. Because "a creative lawyer almost always will be able to argue that deciding her case would clarify some 'fundamental' issue," this Court has identified five factors for Rule 23(f) review:

> (1) whether the district court's decision . . . is likely dispositive of the litigation by creating a "death knell" for either plaintiff or defendant; (2) whether the petitioner has shown a substantial weakness in the class certification decision, such that the decision likely constitutes an abuse of discretion; (3) whether the appeal will permit the resolution of an unsettled legal issue that is important to the particular litigation as well as important in itself; (4) the nature and status of the litigation before the district court; and (5) the likelihood that future events may make immediate appellate review more or less appropriate.

*Ocwen Loan Servicing, LLC v. Belcher*, No. 18-90011, 2018 WL 3198552, at \*2 (11th Cir. June 29, 2018) (quoting *Prado-Steiman*, 221 F.3d at 1274-76). Review is only permitted where the moving party has shown "a compelling need for resolution of the legal issue *sooner rather than later*." *Prado-Steiman*, 221 F.3d at 1274.

## V.   THE COURT SHOULD DENY THE PETITION

### A.   The Petition Fails to Meet the *Prado-Steiman* Factors.

The *Prado-Steiman* factors do not support interlocutory review. Even though it is the "most important" factor, MBUSA does not and cannot claim that certification of three narrow classes covering purchasers in three states sounds a "death knell" for it or the litigation. *Prado-Steiman*, 221 F.3d at 1274.

Likewise, the fourth and fifth factors cut against interlocutory review. Discovery is over, and any appeal can be made after final judgment. *See id.* at 1276 ("[I]nterlocutory appeals are inherently 'disruptive, time-consuming, and expensive'" and "[p]iecemeal appellate review has a deleterious effect on judicial administration[.]"). Additionally, as MBUSA itself acknowledges (Pet. at 9, 29), the merits issues raised in its petition are pending before the district court in fully briefed motions for summary judgment, which are scheduled for hearing on July 15, 2026.  (D.4912.)  The "pendency of [these] relevant motions" disfavors immediate review.  *Prado-Steiman*, 221 F.3d at 1276.

Indeed, MBUSA has embraced that point in this case. Opposing Plaintiffs' effort to take an interlocutory appeal, MBUSA argued to this Court that there is no "pressing need" for an interlocutory appeal "when

11

other case-dispositive motions are pending that could ready the entire case for appeal in short order." Daimler AG & MBUSA Response to Jurisdictional Question at 2, *Kaufman v. FCA US LLC*, No. 23-11402 (11th Cir.), filed July 13, 2023 (Doc.34). MBUSA cannot change the standard now just because the district court has issued a decision it dislikes.

That leaves the second and third *Prado-Steiman* factors. As explained in the next sections, however, neither factor supports interlocutory review.

## B. The District Court's Decision on Class Certification Accords with Prevailing Law.

MBUSA does not demonstrate any weakness, let alone a substantial weakness, in the district court's decision. Its attacks on class certification are misguided and "turn[] on case-specific matters of fact and district court discretion," which are "not . . . appropriate for interlocutory review." *Prado-Steiman*, 221 F.3d at 1275-76.

MBUSA's primary argument is that the district court "refused to consider" Rule 23 arguments that overlap with the merits. (Pet. at 12.) The orders show the opposite. The district court, adhering to Supreme Court precedent, recognized that the merits "may be considered to the

extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied," (D. 4856 at 13–14 (quoting *Amgen Inc. v. Connecticut Retirement Plans & Trust Funds*, 568 U.S. 455, 466 (2013)), and it then did exactly that, on every issue MBUSA identifies.

### 1. The district court correctly determined that Plaintiffs' damages model fits Plaintiffs' liability theory.

*Comcast* requires that "any model supporting a plaintiff's damages case must be consistent with its liability case." 569 U.S. at 35. The district court faithfully applied that standard. (D.4856 at 35.)

Plaintiffs' theory of liability is that class members overpaid at the point of sale for vehicles containing a concealed safety defect. (D.4610 at 28–32; D.4856 at 34–35.) Plaintiffs' expert, Jean-Pierre Dubé, Ph.D., a professor of marketing at the University of Chicago Booth School of Business, measures that injury through a conjoint analysis and market simulation that calculates the percentage of overpayment attributable to the defect, factoring in the effect of MBUSA's eventual free recall, which is then applied to each class member's purchase price. (D.4339-64; D.4260-14.)

13

After extensive briefing, the district court denied Defendants' *Daubert* motion to exclude Professor Dubé's damages model (D.4364), and at class certification, found that the model "is sufficiently tied to Plaintiffs' legal theory" (D.4856 at 35), just as numerous courts have concluded for indistinguishable conjoint models. *See Lytle v. Nutramax Labs., Inc.*, 114 F.4th 1011, 1034 (9th Cir. 2024) (affirming class certification and district court's conclusion that Dr. Dubé's damages model was "capable of showing damages on a class wide basis"); *Cardenas v. Toyota Motor Corp.*, 2021 WL 5811741, at 13 (S.D. Fla. Dec. 6, 2021) (granting class certification based on conjoint damages model)*; Sanchez-Knutson v. Ford Motor Co.,* 310 F.R.D. 529, 539 (S.D. Fla. 2015) (same). That is engagement with the prevailing Rule 23 standard, not avoidance.

MBUSA nonetheless contends that no class member has cognizable damages, because Iowa, Mississippi, and Washington law limit benefit-of-the-bargain damages to the lesser of diminution in value or the cost of repair, and MBUSA's free recall reduced the cost of repair to zero. (Pet. 14–17.) But that is not an argument against predominance; it is a merits defense applicable in the same way, based on the same generalized evidence, to the entire class.

14

If anything, MBUSA's damages argument *supports* predominance. If MBUSA is right, the claims of *every* class member fail for the same reason and at the same time; if MBUSA is wrong, as Plaintiffs argue (D.4808 at 36–39), the defense fails as to everyone. Either way, the question generates a single, common answer—the very type of a question suited for class-wide resolution. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016).

Nor has the question been indefinitely "put off until another day" in any meaningful sense. (Pet. at 17.) The district court directed MBUSA to file a renewed summary-judgment motion precisely so that this class-wide damages defense could be decided on complete briefing. That motion is fully briefed and pending. Far from shortchanging MBUSA, the court created the procedural vehicle for the defense to be decided on the merits, with the certification order remaining "inherently tentative" and freely revisable if warranted. Fed. R. Civ. P. 23(c)(1)(C). *Brown* is not to the contrary: it requires a district court to decide questions of law or fact that are "relevant to" the Rule 23 determination, 817 F.3d at 1234—and a

15

defense whose answer is uniform across the class bears on who wins, not on whether common questions predominate.

### 2. The district court correctly analyzed the typicality and adequacy of the named Plaintiffs.

The district court correctly determined that the named Plaintiffs meet the typicality and adequacy requirements of Rule 23(a), because "the unnamed class members' alleged injuries and interests are substantially the same as the proposed class representatives," and Plaintiffs "successfully demonstrated that 'the named plaintiffs' claims and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" (D.4856 at 15 (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 626 (1997)). MBUSA's accusation that the district court "declined to consider" its arguments touching upon the merits is inaccurate. (Pet. at 17.)

*First*, the court expressly addressed MBUSA's limitations defense, holding—consistent with the case law—that a disputed timeliness defense does not negate typicality where the representative's claims "share the same essential characteristics as the claims of the class at large." (D.4856 at 12 (quoting *Bruhl v. PriceWaterhouseCoopers Int'l*, 257

F.R.D. 684, 690 (S.D. Fla. 2008)); *see Kennedy v. Tallant*, 710 F.2d 711, 718 (11th Cir. 1983). *Piazza v. Ebsco Industries, Inc.*, 273 F.3d 1341 (11th Cir. 2001), is not to the contrary: there, the representative's claim was conclusively time-barred; here, MBUSA's limitations defense is contested and lacks merit. (D.4808 at 38.)

*Second*, MBUSA's argument that the named plaintiffs cannot show exposure to or reliance on any specific misrepresentation was not ignored—it was *credited* where state law made it relevant. The court, for example, refused to certify a class of Georgia purchasers on that precise ground (D.4856 at 18–19), and on reconsideration, decertified the multistate fraud class and the North Carolina statutory class for the same reason (D4897).

Under state law applicable to the three remaining classes, however, the district court correctly concluded that individualized proof of reliance is not required, and thus MBUSA's argument did not defeat predominance. (D.4856 at 28–34.) Far from disregarding MBUSA's arguments, the district court engaged in the state-specific, claim-by-claim analysis that *Tershakovec*, 79 F. 4th at 1310, requires. Adhering to this Court's exact conclusion in *Tershakovec*, 79 F. 4th at 1311, for

17

example, the district court determined that reliance is not an element for Mr. Goldberg's claim under the Washington Consumer Protection Act. (D.4856 at 32.) Likewise, as to the Iowa class, the district court analyzed the Iowa Supreme Court's decision in *Vos v. Farm Bureau Life Insurance Co.*, 667 N.W.2d 36 (Iowa 2003), and determined both that a class-wide inference of reliance is available where class members received the same mix of information—as they did here, because MBUSA uniformly disclosed nothing about the defect—and that the Iowa Consumer Protection Act "provides broader protection" than common-law fraud "by eliminating common-law fraud elements of reliance and damage." (D.4856 at 28–30 (quoting *State ex rel. Miller v. Hydro Mag, Ltd.*, 436 N.W.2d 617, 622 (Iowa 1989)). And, for good reason, MBUSA never argued that reliance is relevant to the predominance analysis for Ms. Taylor's breach-of-implied-warranty claim under Mississippi law (D.4635 at 33–34): reliance is not an element of the claim. *CEF Enterprises, Inc. v. Betts*, 838 So. 2d 999, 1003 (Miss. Ct. App. 2003) (stating elements).

*Third*, the court addressed MBUSA's defense based on Taylor's use of her vehicle. That defense repackages the manifestation argument that the district court repeatedly analyzed and rejected throughout the MDL,

18

and the court applied that analysis directly to MBUSA in its merchantability claim, distinguishing the authority on which MBUSA relied, crediting Plaintiffs' expert evidence and confirmed field ruptures, and reiterating its long-standing holding that "[i]f Takata had installed grenades in its airbags that may or may not explode on impact, a court would not require an explosion to demonstrate manifestation of a defect." (D.4856 at 32–34 (quoting *In re Takata Airbag Prods. Liab. Litig.*, 193 F. Supp. 3d 1324, 1335 (S.D. Fla. 2016)).

The district court, therefore, did not refuse to engage with MBUSA's arguments, as MBUSA charges. The court rejected them. MBUSA may disagree with these rulings, but mere disagreement with reasoned, state-specific, fact-bound decisions is precisely what Rule 23(f) review is *not* for. *Prado-Steiman*, 221 F.3d at 1275.

> **3.   The district court correctly determined that MBUSA's knowledge of the Inflator Defect is a common question supporting class certification.**

MBUSA's final "punted" issue—its asserted lack of pre-sale knowledge of the Inflator Defect—fares no better. Whether MBUSA knew or should have known of the Inflator Defect is a question about *MBUSA's* conduct and *MBUSA's* state of mind. Its answer does not vary from one

19

class member to the next; it "will be established with evidence common to all class members," as the district court held. (D.4856 at 22.) That is the quintessential common question "apt to drive the resolution of the litigation." *Dukes*, 564 U.S. at 350.

The district court did not "assume" the evidence exists, as MBUSA claims. (Pet. at 21.) Plaintiffs cataloged it (D.4805 at 15–44; D.4779 at 3–5; D.4648 at 3–4; D.4610 at 12–13), and the certification order cites it (D.4856 at 34 (citing PSOF ¶¶ 335-52 (MBUSA's awareness of the Inflator Defect and failure to disclose it); ¶¶ 378-85 (field incidents involving Mercedes-Benz vehicles)). If MBUSA believes the evidence is insufficient, the remedy is summary judgment—where the question is currently pending—not decertification. *See Tyson Foods*, 577 U.S. at 457 ("When . . . the concern about the proposed class is not that it exhibits some fatal dissimilarity but, rather, a fatal similarity—[an alleged] failure of proof as to an element of the plaintiffs' cause of action—courts should engage that question as a matter of summary judgment, not class certification."). A common question does not become individualized because the defendant expects to win it. *See Amgen*, 568 U.S. at 459 ("Rule 23(b)(3) requires a showing that questions common to the class

20

predominate, not that those questions will be answered, on the merits, in favor of the class.").

MBUSA's claim that it lacked "superior knowledge," as compared with individual class members, also fails. The district court correctly concluded that "evidence regarding Mercedes-Benz's knowledge does not vary by class member" (D.4856 at 22), and MBUSA points to no evidence in the record suggesting otherwise. The comparison MBUSA posits—its knowledge versus each individual purchaser's—is illusory on this record: the Inflator Defect was latent and undisclosed to the public, and MBUSA identifies no evidence that any class member knew of it before the recalls. An inquiry into facts that do not vary cannot be individualized, and is no basis for interlocutory review. *See Bridging Communities Inc. v. Top Flite Fin. Inc.*, 843 F.3d 1119, 1126 (6th Cir. 2016) (holding that "mere mention of a defense is not enough to defeat the predominance requirement" when the defendant relies on "speculation alone" to support the defense); *accord Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 298 (1st Cir. 2000).

21

**C.    There Are No Unsettled Legal Issues Warranting Immediate Review.**

The petition's claim that district courts in this Circuit need instruction on how to handle Rule 23 issues that overlap with the merits (Pet.at 22–26) does not withstand scrutiny. This Court provided exactly that instruction in *Brown*, 817 F. 3d at 1237, *Babineau v. Federal Express Corp.*, 576 F.3d 1183, 1190 (11th Cir. 2009), *Carriuolo v. General Motors Co.*, 823 F.3d 977, 983 (11th Cir. 2016), and most recently in *Tershakovec*, 79 F. 4th at 1308. The district court embraced that framework, requiring Plaintiffs to withdraw claims in jurisdictions that forbid presumptions of reliance, excluding Georgia purchasers after analyzing Georgia law, and, when persuaded on reconsideration that it had misread a North Carolina authority, decertifying the North Carolina classes. (D.4856 at 17–19; D.4897 at 5–9.)

A district court that grants the petitioner's own reconsideration motion in substantial part, applying the very precedents the petitioner invokes, is not a court in need of appellate correction—and this case is a poor vehicle for the treatise on class-certification methodology that MBUSA proposes. Nor does MBUSA demonstrate that district courts within this Circuit are consistently misapplying or ignoring precedent.

22

Most of the orders that MBUSA criticizes (Pet. at 22–26) pre-date this Court's 2016 decision in *Brown,* and all of them precede this Court's 2023 decision in *Tershakovec.* MBUSA has not demonstrated that this case presents unsettled legal issues demanding this Court's guidance.

### D.   MBUSA Mischaracterizes The District Court's Hearing Comments.

Implicitly conceding that the district court's written orders do not satisfy the *Prado-Steiman* requirements for immediate review, MBUSA resorts to taping together comments from a hearing more than two years ago to launch an inflammatory accusation against the district court— that it certified classes "to put settlement pressure on MBUSA." (Pet. at 27.) There is no support in the record for MBUSA's unfair accusation. Rather, MBUSA irresponsibly mischaracterizes two comments from a wide-ranging hearing that lasted more than two hours.

The hearing began with the court identifying the central question before it, given its countless rulings spanning more than a decade on an MDL docket approaching 5,000 entries: "Should I be consistent or not? How do I do this and that's in the best interest of -- well, the right thing to do under the law?" (D.4792 at 8:2–4.) The court confirmed that it had "read what you have all filed," that the written arguments were

23

preserved, and that counsel need not repeat them. (*Id.* at 8:1–8.) The court then identified issues it viewed as less likely to affect its decision—the damages model and manageability, because they had been litigated extensively in the MDL—and invited MBUSA to address "whatever you want to say," including "any evidence of presale knowledge or lack of it," and asked counsel to "[t]ell me where exactly that would be." (*Id.* at 8:9–9:1.) When MBUSA's counsel stated that it sought denial of certification, the court commented that denial "would upset a lot of people who have settled this case already." (*Id.* at 9:16–17.) MBUSA quotes that comment but omits what came immediately next: MBUSA's counsel responded that it was "differently situated than other parties based on the facts in the record," and the Court, far from declining to consider MBUSA's arguments, asked MBUSA to "tell me the most important facts that you think make it different," specifically asking whether those facts had "something to do with knowledge." (*Id.* at 9:23–10:3.) MBUSA then proceeded to advance many of the same arguments raised in its petition. (*Id.* at 10:14–45:16.)

The transcript thus shows the opposite of what MBUSA asserts. The court asked MBUSA why it deserved different treatment from other

24

defendants in the same MDL and then heard the arguments MBUSA wanted to make. Over the course of the MDL, spanning more than a decade, the court has certified settlement classes as to eight defendants and litigation classes as to two defendants on a materially identical record involving the same defect, the same theory of injury, the same expert methodology, and largely the same legal arguments. What MBUSA demanded—a categorically different outcome on a common record—was special treatment, and the court was entitled to ask why it was warranted.

The court cannot be faulted for seeking to ensure consistency in its pretrial rulings, especially because one of the JPML's reasons for creating this MDL in the first place was to "prevent inconsistent pretrial rulings on class certification." *In re: Takata Airbag Prod. Liab. Litig.*, 84 F. Supp. 3d 1371, 1372 (J.P.M.L. 2015). That is exactly how an MDL court should proceed. It should consider whether common pretrial rulings should apply consistently across similarly situated defendants, while allowing a defendant to show a genuine basis for different treatment. MBUSA was not denied that opportunity.

25

MBUSA's reliance on the court's later "incentives" statement is equally misplaced. Near the end of the hearing, the court was discussing additional briefing from the parties and the need to issue rulings— primarily as to summary judgment, since the court was addressing all three defendants, two of whom had already received class certification orders—to conclude pretrial proceedings in the MDL. (D.4792 at 77:7– 83:3.) It stated that it wanted "to be able to do this this summer" and "come out with the order," because "it's got to be done one way or another." (*Id.* at 79:11–20.) The court then remarked that it would *not* ask the "trite" question about the status of settlement negotiations, because it recognized, from the continued litigation, that a settlement was unlikely "until I actually have some rulings on it and give incentives to either side," adding that the goal in resolving the outstanding issues was "to give you incentives to talk about whatever is left." (*Id.* at 79:22– 80:2.)

MBUSA takes the court's remark wildly out of context to claim that the district court "expressly stated that part of the 'goal' of its certification decision was to put settlement pressure on MBUSA." (Pet. at 27.) The district court said no such thing, expressly or implicitly. It did not target

26

MBUSA, reference class certification, or mention "settlement pressure." Rather, the court declined to prod anyone toward settlement and committed instead to ruling on the pending motions so that *both* sides— "either side," in the court's words—would have adjudicated rulings to evaluate. (D.4792 at 79:22–80:2.) Observing that rulings inform the parties' settlement postures is unremarkable case management, true in every civil case; it bears no resemblance to certifying a class *in order to* coerce capitulation, an irresponsible claim for which MBUSA offers no evidence. Indeed, a court that entertains multiple rounds of summary-judgment briefing, holds multiple hearings, and grants the defendant reconsideration is not pressuring anyone into settlement. MBUSA's mischaracterization of the court's statements betrays its petition's weakness.

## VI.   CONCLUSION

For these reasons, the petition should be denied.

27

Dated: June 15, 2026                    Respectfully submitted,


                                        **PODHURST ORSECK, P.A.**

                                        */s/ Matthew P. Weinshall*
                                        Peter Prieto
                                        Aaron S. Podhurst
                                        Matthew P. Weinshall
                                        2525 Ponce de Leon Blvd.
                                        Suite 700
                                        Coral Gables, Florida 33134
                                        Phone: (305) 358-2800
                                        Fax: (305) 358-2382
                                        Email:
                                                pprieto@podhurst.com
                                                apodhurst@podhurst.com
                                                mweinshall@podhurst.com

                                        ***Chair Lead Counsel for Plaintiffs***

28

| **COLSON HICKS EIDSON**<br>Lewis S. "Mike" Eidson<br>mike@colson.com<br>Curtis Bradley Miner<br>curt@colson.com<br>255 Alhambra Circle, PH<br>Coral Gables, FL 33134<br>T: 305-476-7400<br><br>*Plaintiffs' Personal Injury<br>Track Lead Counsel* | **SMITH LACIEN LLP**<br>Todd A. Smith<br>tsmith@smithlacien.com<br>70 W Madison St Suite 5770,<br>Chicago, IL 60602<br>(312) 509-8900<br><br><br>*Plaintiffs' Economic Damages<br>Track Co-Lead Counsel* |
|---|---|
| **BOIES, SCHILLER & FLEXNER LLP**<br>David Boies, Esq.<br>Motty Shulman (Fla Bar. No. 175056)<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br>Fax:  (914) 749-8300<br>Email:      dboies@bsfllp.com<br>     mshulman@bsfllp.com<br><br>Stephen N. Zack (Fla. Bar No. 145215)<br>100 Southeast 2nd Street, Suite 2800<br>Miami, FL 33131<br>Tel: (305) 539-8400<br>Fax:  (305) 539-1307<br>Email:      szack@bsfllp.com<br>     mheise@bsfllp.com<br><br>*Plaintiffs' Economic Damages<br>Track Co-Lead Counsel* | **LIEFF CABRASER HEIMANN & BERNSTEIN LLP**<br>Elizabeth Cabraser<br>ecabraser@lchb.com<br>275 Battery St., Suite 3000<br>San Francisco, CA 94111-3339<br>T:   415-956-1000<br><br>David Stellings<br>250 Hudson Street, 8th Floor<br>New York, NY 10012<br>212-355-9500<br>dstellings@lchb.com<br><br>*Plaintiffs' Steering Committee* |

29

| **CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO, PC**<br>James E. Cecchi<br>jcecchi@carellabyrne.com<br>5 Becker Farm Road<br>Roseland, NJ 07068-1739<br>T: 973 994-1700<br>f: 973 994-1744<br><br>*Plaintiffs' Steering Committee* | **BARON & BUDD, PC**<br>Roland Tellis<br>rtellis@baronbudd.com<br>David Fernandes<br>dfernandes@bardonbudd.com<br>Mark Pifko<br>mpifko@baronbudd.com<br>15910 Ventura Blvd.,<br>Suite 1600<br>Encino, CA 91436<br>T: 818-839-2333<br><br>J. Burton LeBlanc<br>9015 Bluebonnet Blvd.<br>Baton Rouge, LA 70810<br>T: 225-761-6463<br><br>*Plaintiffs' Steering Committee* |
| **MADERAL BYRNE & FURST, PLLC**<br>Rachel Furst<br>Rachel@maderalbyrne.com<br>2800 Ponce De Leon, #1100<br>Coral Gables, FL 33134<br>T: (786) 882-2445<br><br>*Class Counsel* | |

## <u>CERTIFICATE OF COMPLIANCE</u>

1. This brief complies with the type-volume limitation of Fed. R. App. P. 5(c), because it contains 5,199 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6).

*/s/ Matthew P. Weinshall*
Matthew P. Weinshall

31

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit using the appellate CM/ECF system on June 15, 2026.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *Matthew P. Weinshall*
Matthew P. Weinshall