**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| **IN RE: TAKATA AIRBAG PRODUCT LIABILITY LITIGATION**<br><br>This Document Relates to All Economic Loss Class Actions and: | MDL No. 2599<br><br>Master File No. 15-MD-2599-FAM<br><br>S.D. Fla. Case No. 1:14-cv-24009-FAM |
| STEPHANIE PUHALLA, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>Defendant. | |

**DEFENDANT MERCEDES-BENZ USA, LLC'S BRIEF REGARDING MOOTNESS OF MOTION TO DISMISS SUPPLEMENT TO THE SECOND AMENDED COMPLAINT**

The relief MBUSA sought in its Motion to Dismiss Plaintiffs' Supplement to the Second Amended Complaint (D.E. 4545, the "Motion to Dismiss")—dismissal with prejudice of various claims—has not yet been granted. And plaintiffs have said that, while they do not think those claims are "currently live," they are "reserv[ing] the right to pursue" the remaining claims in the future. Ex. A at July 13, 2026 8:39 AM. So the Motion to Dismiss is not moot.

Instead, the Motion to Dismiss should be granted because the claims it seeks to dismiss cannot be properly pursued (indeed, even plaintiffs agree that they are not "live"). *Id.* And plaintiffs already admitted long ago that they were not personally asserting claims under the laws of the "Additional States." D.E. 4568 at 1.

Plaintiffs previously recognized that claims under Additional States' laws cannot survive without a class representative. When they dismissed the claims of former plaintiffs Radican and Phillips, they expressly took the position that the dismissal of those individual plaintiffs' claims also

1

put an end to some claims under Additional States' laws, i.e., the ones for which Radican had been the proposed class representative.  D.E. 4849.  In that prior instance, portions of the Motion to Dismiss (and other motions) were mooted because plaintiffs *agreed* to put those claims out of the case.  Thus, after the Court set the Motion to Dismiss for hearing on July 15 (D.E. 4913), MBUSA reached out to plaintiffs' counsel to request a stipulation of dismissal on the remaining Additional States.  Plaintiffs' counsel responded on July 13, declining to dismiss the remaining claims under the laws of the Additional States despite admitting they are not "currently live," thus requiring that the Motion to Dismiss be granted.

Though the Court is correct that "no multistate class remains" (D.E. 4913 at 1), the denial of class certification does not itself dismiss claims from the pleading.  And unlike the prior circumstance where plaintiffs agreed to put certain claims out of the case, plaintiffs' counsel is refusing to dismiss the remaining claims pleaded under the laws of Additional States.  Nonetheless, due to plaintiffs' prior admission that they are *not* personally asserting claims under the Additional States' laws (D.E. 4568 at 1) and on the grounds set forth in the Motion to Dismiss, the proper result is to grant the remainder of the Motion to Dismiss with prejudice (not moot the Motion).

The Supplement to the Second Amended Complaint introduced fraud and statutory consumer protection claims under the laws of 17 new states—states where no named plaintiff had purchased a relevant vehicle (the "Additional States").  D.E. 4522.  Plaintiffs were insistent that they were not asserting those claims on their own behalf.  Rather, they asserted that the purpose of the Supplement was "to include allegations permitting the named Plaintiffs to represent, through a subsequent motion for class certification, absent class members whose claims fall under different states' laws." *Id.* at 1.

MBUSA does not agree that plaintiffs can plead a claim when they lack a substantive basis to assert such a claim themselves.  But plaintiffs insisted, including in their response to MBUSA's Motion to Dismiss, that is precisely what they were doing:

> The named Plaintiffs here do not assert causes of action *themselves*—in other words, on their own behalf—under the laws of the Additional States.  If they did, then there would be a 'Rule 12(b)(6) merits issue,' as the Eleventh Circuit held.  [*In*

2

*re Zantac (Ranitidine) Prods. Liab. Litig.*, 2022 WL 16729170, at *5 (11th Cir. Nov. 7, 2022)].   Rather, the named Plaintiffs intend to represent absent class members, who have claims under the laws of the Additional States, if the Court grants Plaintiffs' class certification motion.

D.E. 4568 at 1.

Accepting *arguendo* that it is legally permissible for plaintiffs to plead claims they do not themselves assert, the implication is inescapable: they seek *only* to represent a class that includes members with such claims.  *Id.*  And it follows that, without a class, the claims stated in the Supplement *should not remain pending*.[1]  Plaintiffs previously agreed with this principle and stipulated that they were no longer asserting claims for some "Additional States" when plaintiffs Radican and Phillips were dismissed.  D.E. 4849, 4951.  Yet other claims under the laws of the "Additional States" remain in the pleading—even though they cannot be properly pursued—and plaintiffs have not agreed to dismiss those claims in accordance with their prior admission.

Therefore, the Motion to Dismiss is not moot and should be granted.   With class certification now decided, no plaintiff remains who could assert the Additional States' claims in the Supplement.  But that simply means those claims should be dismissed—the only remaining plaintiffs have acknowledged that they are *not* pursuing those claims themselves.

All Additional States' claims asserted in the Supplement have either been withdrawn or are subject to at least one Court order denying the potential, putative multi-state classes that would assert those claims, as shown in the following tables and explained below:

---

[1]   While plaintiffs' agreement does not "moot" claims asserted in the Article III sense, it *does* mean that they should be dismissed.  Because plaintiffs have refused to do so voluntarily, MBUSA submits that the Court should grant the Motion to Dismiss with prejudice.

| Withdrawn Claims | | |
|---|---|---|
| States | Named Plaintiff | Stipulation |
| Fraudulent Concealment Claims.  D.E. 4522 ¶¶ 388a, 350a; D.E. 4545 at 1 n.1[2] | | |
| Alabama<br>Delaware<br>District of Columbia<br>Tennessee | Calhoun (Georgia) | D.E. 4856 at 3 n.1; D.E. 4683 at 11 n.7 |
| | Bridges (North Carolina) | |
| Statutory Consumer Protection Claims.  D.E. 4522 ¶¶ 829a; D.E. 4545 at 1 n.1 | | |
| Connecticut<br>Hawaii<br>Maine<br>Nebraska<br>New Hampshire<br>Oklahoma<br>Vermont<br>West Virginia | Radican (Rhode Island) | D.E. 4851; *see also* D.E. 4850; D.E. 4849 |

| Named Plaintiffs' Claims Not Certified | | |
|---|---|---|
| States | Named Plaintiff | Court Order |
| Fraudulent Concealment Claims.  D.E. 4522 ¶¶ 388a, 350a; D.E. 4545 at 1 n.1[3] | | |
| Colorado<br>Utah<br>Virginia<br>West Virginia<br>Wisconsin | Calhoun (Georgia) | D.E. 4856 at 19 |
| | Bridges (North Carolina) | D.E. 4897 at 8 |

As to the statutory consumer protection claims, all such claims under Additional States' laws were effectively eliminated when plaintiffs' counsel *stipulated* they were no longer pursuing those claims following MBUSA's discovery of the passing of plaintiff Theresa Radican.  D.E.

---

[2]    Plaintiffs initially sought to assert fraudulent concealment claims under Radican (Rhode Island) and Goldberg (Washington), but they withdrew their request to certify Rhode Island or Washington fraud classes.  D.E. 4856 at 3 n.1; D.E. 4683 at 11 n.7.

[3] *Supra* note 2.

4851; D.E. 4850; D.E. 4849; D.E. 4800 at 10.[4]

As to the fraud claims, plaintiffs withdrew their request to certify any classes or claims under Alabama, Delaware, District of Columbia, and Tennessee law.  D.E. 4856 at 3 n.1; D.E. 4683 at 11 n.7.  Plaintiffs likewise withdrew their request for Washington and did not timely move for a multi-state fraud class with Goldberg as a representative (Washington).  D.E. 4856 at 3 n.1; D.E. 4683 at 11 n.7.  And the Court declined to certify a multi-state fraud class asserting Colorado, Utah, Virginia, West Virginia, or Wisconsin law represented by plaintiff Calhoun (Georgia) because Georgia does not permit a presumption of reliance in the circumstances presented by this case.  D.E. 4856 at 19.

This left only Bridges of North Carolina as a potential representative of any of the Additional States' fraud claims pleaded in the Supplement.  But the Court ultimately held that North Carolina law does not allow a presumption of reliance, and thus declined to certify a multi-state fraud class:

> Plaintiffs' request to certify their Multistate Fraud Class pursuant to Federal Rule of Civil Procedure 23(b)(3) is **DENIED** as both class representatives, Plaintiff Paulette Calhoun of Georgia and Plaintiff Daphne Bridges of North Carolina, hail from states where reliance is an individual issue.

D.E. 4897 at 8.

All told, no putative class remains available for any of the Additional States' claims under the Supplement.  D.E. 4851; D.E. 4856 at 3 n.1; D.E. 4856 at 19; D.E. 4897 at 8.  And again, plaintiffs have made clear that they "do not assert causes of action *themselves*—in other words, on their own behalf" but rather "intend[ed] to represent absent class members, who have claims under the laws of the Additional States."  D.E. 4568 at 1.  Thus, the claims under the laws of the Additional States should be dismissed with prejudice.

In addition, the Court should dismiss the Supplement for all the reasons argued in the Motion to Dismiss.  First, choice-of-law principles require dismissal because the law of the forum

---

[4] After initially inadvertently certifying a multi-state statutory consumer protection class led by Goldberg (D.E. 4856 at 39), the Court promptly corrected the issue and declined to certify such a class.  D.E. 4860 at 1.

where the class vehicle was purchased and where the alleged misrepresentation or omission occurred applies to each claim. D.E. 4545 at 2–3. Plaintiffs failed to allege any facts concerning vehicle purchase transactions, specific misrepresentations, or omissions in any of the new states they sought to add. *Id.* at 3.

Second, plaintiffs failed to establish a "substantial similarity" in the laws of the Additional States with the states of the named plaintiffs. *Id.* at 4–5. Indeed, they alleged no facts regarding the elements of the fraud or consumer protection claims asserted. *Id.*

Third, certain claims fail as a matter of law due to state-specific requirements. *Id.* at 5–7. Plaintiffs did not allege notice, as required for the West Virginia statutory claim; they did not allege an injury in Connecticut for that consumer protection statute; they did not allege manifestation of the defect, as required for fraud in Alabama, Delaware, New Hampshire, Oklahoma, and Wisconsin; and the Tennessee fraud claim is barred by the economic-loss doctrine. *Id.*

*     *     *

Plaintiffs' only explanation for declining to dismiss the remaining claims under Additional States' laws is: "We don't think the claims arising under the laws of other states . . . are currently live. But we reserve the right to pursue them . . . ." Ex. A at July 13, 2026 8:39 AM.

Plaintiffs' notion that the claims can remain in the pleading but not "live" for purposes of motion practice cannot be accepted. If the claims are in the case, they cannot be insulated from this Court's review or motion practice generally. And if, as plaintiffs appear to admit, they are *not* "live," then they should be dismissed. In plaintiffs' view, they need to allege only "legal conclusions" about "'substantial similarity' among the laws of the Additional States," and then, so long as no class has been certified, those state-law claims cannot even be considered on the merits.

The implications of plaintiffs' position illustrate how untenable it is. Imagine a given state (e.g., Wisconsin) clearly barred recovery in the circumstances of a case. In plaintiffs' view, they could nonetheless plead such a Wisconsin claim and then (1) insulate that claim from both a motion to dismiss and summary judgment merely by alleging a legal conclusion that Wisconsin law is "substantially similar" to others at issue; and (2) bypass class certification by asserting the

6

applicability of Wisconsin's clear bar is a common issue. The same would hold even if, as a factual matter, MBUSA never sold vehicles *at all* in Wisconsin. According to plaintiffs, the Wisconsin claim would *still* have to remain in the case and would not be subject to challenge. That quite obviously cannot be the law.

The parties' and the Court's agreement that the Additional States' claims are not properly pending (not "currently live" in plaintiffs' words) does not itself moot those claims—but it does mean they should be dismissed with prejudice from the case. MBUSA's Motion to Dismiss should thus be granted.

Dated: July 13, 2026

Respectfully submitted,

*/s/ Jaime A. Bianchi*

Raoul G. Cantero (Florida Bar No. 552356)
raoul.cantero@whitecase.com
Jaime A. Bianchi (Florida Bar No. 908533)
jbianchi@whitecase.com
**WHITE & CASE LLP**
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

Troy M. Yoshino (admitted *pro hac vice*)
Troy.Yoshino@winstontaylor.com
**WINSTON TAYLOR LLP**
101 California Street, Suite 2100
San Francisco, CA 94111-5891
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Jeff Wilkerson (admitted *pro hac vice*)
Jeff.Wilkerson@winstontaylor.com
**WINSTON TAYLOR LLP**
300 South Tryon St., 16th Floor
Charlotte, N.C. 28202
Telephone: (704) 350-7700
Facsimile: (704) 350-7800

*Attorneys for Defendant*
*Mercedes-Benz USA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2026, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By: */s/ Jaime A. Bianchi*
Jaime A. Bianchi