United States District
Court Southern District
of Florida



FILED BY___ D.C.

JUL 15 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

State of Florida

V.

re: case # 05CO189SCALA
Arrest # 502600800

Simone M. Dickson

Argument for
Transfer Law

Comes now for the case
involving Simone M. Dickson 12/1/85.
and the Tri-Rail employee is set
for Motion to Dismiss the felony
battery charge that there were no
material disputed facts, and the
undisputed facts did not establish a
prima facie with case of battery
Lane v. District of Columbia.

Mordica v. State (618 So. 2d
301 Battery) simple battery could
not be should not be enhanced or

Battery on officer, Fire Fighter, EMT Etc. 784.07-2b under doctrine of transferred intent to enhance the severity of the crime, with the motion for exemplatory evidence. To obtain photographs pursuant to Brady v. Maryland, 373 U.S. 83 10 L Ed. 2d 215. (1963), Gilbert v. California. 388 U.S. 263, 18 L Ed 1178 (1963). From the scene of the incident. From a simple right to travel, and display of snap benifit card along with disabled passenger card.

Anderson v. Liberty Lobby, Inc. 477 U.S. 242 106 S. Ct 2505
The case for the proposition that a higher burden of proof should have a corresponding effect on the courts when deciding whether to send the case to the jury. United States v. Taylor 464

On Hendon v. State assault and battery (battery of a LEO) required proof of the specific intent to

Knowingly commit battery against a LEO, proof that the defendant intended to commit simple battery.

Lane v. District of columbia arrest and detention genuine issue of material fact, violated a national standard of care for the use of deadly force on the commander and chief.

The Security guard was excessive beyond procedure which states to remove when a person poses as a security threat on the train, not because of Simona M.Dickson looking for a reciept for proof of fare, But insisting violations of the fourth amendment against the Tri Rail security guard In addition to:
• negligence
• negligent infliction of emotional distress, and common law negligence. But the exemsplulary evidence, and particulars during discovery identical elements of proof, show that the Tri

mall security guard did unwanted touching in addition to slander, and Derogatory statement by calling Simone M. Dickson a "Hoe, Bitch, slut" in an unjustably offensive manner security guard", and 2. Jenkins V. State., Aguilar V. U.S.

lane V. District of columbia arrest, and detention genuine issue of material fact, violated a national standard of care for the use of deadly force on the commander and chief.

In re standard jury instructions in criminal cases- report no. 2007-03. see art.v. §3(a), Fla. Const. The supreme court committee on standard jury instructions in criminal cases (committee) proposes amendments to standard jury instructions 3.6 (f) justiable use of, an issue in this case is whether the defendant acted in self defense with the reaction.

Sandifer V. Department of Navy

34 red, appx. 750 labor and employment benifit plan. I'm entitled known contracts and unknown with my duty. Buckley v. U.S. 51 fed. CI. 174, 2001 WL 1566725 Simone M. Dickson is entitled to law enforcement officer credit in addition to other titles.

Simone M. Dickson
5026000800
P.O. Box 9356
Ft. Lauderdale FL 33310-9356

Simon V. (cont)
Arrest #5609600800
Case # 05001895CF10A
P.O. Box 15
Ft. Laud FL 33310
9356

NORTH BROWARD DETENTION
PO. BOX 407037
FT. LAUDEDALE, FL 33340

MIAMI FL  330
10 JUL 2026  PM 1  L

USA ★ FOREVER ★

Clerk office
U.S.D.C
400 N. Miami Ave 8 N09
Miami, FL 33128-7714

33128-771499

Legal

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT.   © USPS 2019

FSC
MIX
Envelope
FSC© C137131

REC'D BY _____ D.C.
-1 JUL 15 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI