# Exhibit B

| Plaintiff (State) | Claims | Basis for MSJ | Key Authority[1] | Plaintiffs' Response | MBUSA's Reply |
|---|---|---|---|---|---|
| All Plaintiffs | • All Claims | Prudential mootness | *Winzler v. Toyota Motor Sales USA*, 681 F.3d 1208, 1209–11 (10th Cir. 2012) (Gorsuch, J.). | *Ingaseosas Int'l Co. v. Aconcagua Investing Ltd.*, 479 F. App'x 955, 962 (11th Cir. 2012); *Leon v. Cont'l AG*, 301 F. Supp. 3d 1203, 1219 (S.D. Fla. 2017). | *Ward-Richardson v. FCA US LLC*, 690 F. Supp. 3d 1372, 1378-79 (N.D. Ga. 2023) (collecting cases and determining that, where effective recall had been issued, both equitable and damages claims were prudentially moot). *Ingaseosas* also clarified that prudential mootness "is concerned, not with the court's power under Article III to provide relief, but with the court's discretion in exercising that power." 479 F. App'x at 963. |
| | | Standing | *Malgeri v. Vitamins Because LLC*, 2022 WL 16635274, at *14 (S.D. Fla. Sept. 30, 2022). | *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021); *Debernardis v. IQ Formulations*, 942 F.3d 1076, 1084 (11th Cir. 2019) (D.E. 4519 at p. 19). | Plaintiffs did not respond to this argument in their brief, so they conceded it. D.E. 4800 at 10 (standing argument); D.E. 4808 [4818-1] (no rebuttal or citation to *TransUnion* or *Debernardis*); D.E. 4833 at 3–4 (plaintiffs must have *evidence* of standing). |
| Daphne Bridges (N.C.) | • Fraud<br>• NCUDTPA | Knowledge | *Myers & Chapman, Inc. v. Thomas G. Evans, Inc.*, 374 S.E.2d 385, 391, 394 (N.C. 1988). | The "knowledge" element is a disputed issue of fact. *See* D.E. 4808 pp. 3–10. *See also Forbes v. Par Ten Group, Inc.*, 394 S.E.2d 643, 647 (N.C. 1990). | *Brickell v. Collins*, 262 S.E.2d 387, 390 (1980) (fraud requires "actual knowledge" not "imputed" knowledge). There is no genuine dispute that MBUSA had no pre-sale knowledge of the alleged defect. D.E. 4833 at 1–3. *Forbes* is an example of a finding of no material dispute of fact as to knowledge. 394 S.E.2d at 647. |
| | | Damages | *Sprinkle v. N.C. Wildlife Res. Comm'n*, 600 S.E.2d 473, 478 (N.C. App. 2004). | *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 507 S.E.2d 56, 65 (N.C. App. 1998); *Hardy v. Toler*, 218 S.E.2d 342, 343 (N.C. 1975). | *First Atl. Mgmt.* involved a sale of property rights, with no evidence of an effective repair or other post-sale remedy. 507 S.E.2d at 59. *Hardy* also did not involve a lower-cost effective repair (the case involved only punitive damages). 218 S.E.2d at 344. |
| | | Reliance | *Forbis v. Neal*, 649 S.E.2d 382, 387 (N.C. 2007) (fraud); *Bumpers v. Cmty. Bank of N. Va.*, 747 S.E.2d 220, 227 (N.C. 2013) (NCUDTPA). | *In re TD Bank, N.A. Debit Card Overdraft Fee Litig.*, 325 F.R.D. 136, 161 (D.S.C. 2018). | *In re TD Bank* found common questions predominated at class certification (and only under NCUDPTA); it did not address evidence of named plaintiff's reliance at summary judgment. 325 F.R.D. at 161. |

[1] **SEE MSJ AT D.E. 4800 FOR FURTHER AUTHORITY.**

**MBUSA REFERENCE CHART REPLY – JULY 15, 2026 MSJ HEARING**

| Plaintiff (State) | Claims | Basis for MSJ | Key Authority[1] | Plaintiffs' Response | MBUSA's Reply |
|---|---|---|---|---|---|
| | | Duty to disclose | *Hardin v. KCS Int'l, Inc.*, 682 S.E.2d 726, 733 (N.C. App. 2009) (fraud). | *Allen v. Roberts Constr. Co., Inc.*, 532 S.E.2d 534, 567–68 (N.C. App. 2000). | *Allen* addressed the elements of a misrepresentation-based fraud claim with no discussion of what might satisfy the duty of disclosure under an omission-based claim. 532 S.E.2d at 567–68. |
| Susan Knapp (**Iowa**) | • Fraud<br>• Iowa CFA | Knowledge | *B&B Asphalt Co. v. T.S. McShane Co.*, 242 N.W.2d 279, 284 (Iowa 1976) (fraud); *Buck v. The Rsrv.*, 947 N.W.2d 225, at *8 (Iowa App. 2020) (Iowa CFA). | The "knowledge" element is a disputed issue of fact. *See* D.E. 4808 pp. 3–10. | No genuine dispute that MBUSA had no pre-sale knowledge of the alleged defect. D.E. 4833 at 1–3. |
| | | Damages | *Long v. McAllister*, 319 N.W.2d 256, 261 (Iowa 1982). | *Holcomb v. Hoffschneider*, 297 N.W.2d 210, 213 (Iowa 1980); Iowa Code Ann. § 714H.5(1). | *Holcomb* involved a sale of real property with no post-sale remedy. 297 N.W.2d at 213. Iowa Code § 714H.5(1) is inapposite, merely providing that a consumer may seek "actual damages." |
| | | Reliance | *City of McGregor v. Janett*, 546 N.W.2d 616, 619 (Iowa 1996) (fraud); *Brown v. La.-Pac. Corp.*, 820 F.3d 339, 349 (8th Cir. 2016) (Iowa CFA). | Iowa Code § 714H.3. | Iowa Code § 714H.3 is not relevant; it merely defines the separate Iowa CFA "practice or act" element. *Brown* merely addressed the Iowa CFA *causation* element. 820 F.3d at 349. |
| William Goldberg (**Wash.**) | • Fraud<br>• Wash. CPA | Knowledge | *Elcon Const., Inc. v. E. Wash. Univ.*, 273 P.3d 965, 970 (Wash. 2012) (en banc) (fraud); *Beaty v. Ford Motor Co.*, 854 F. App'x 845, 848 (9th Cir. 2021) (Wash. CPA). | The "knowledge" element is a disputed issue of fact. *See* D.E. 4808 pp. 3–10. *See also Holland Furnace Co. v. Korth*, 262 P.2d 772, 776 (Wash. 1953). | No genuine dispute that MBUSA had no pre-sale knowledge of the alleged defect. D.E. 4833 at 1–3. *Holland* premised "ignorance of [] truth" on specific representations absent here. 262 P.2d at 774–75, 776. *Elcon*, 273 P.3d at 970 (knowledge "an essential element of fraud"); *Beaty*, 854 F. App'x at 848 ("knowledge of a latent defect" under Wash. CPA). |
| | | Damages | *Thompson v. King Feed & Nutrition Serv.*, 105 P.3d 378, 381 (Wash. 2005) (en banc). | *Burbo v. Harley C. Douglass, Inc.*, 106 P.3d 258, 265 (Wash. App. 2005). | *Burbo* contained no reasoning or findings as to damages, and the case involved "refused," "temporary," and "unacceptable" repairs to a home. 106 P.3d at 261–62, 265–67. |

[1] **SEE MSJ AT D.E. 4800 FOR FURTHER AUTHORITY.**

**MBUSA REFERENCE CHART REPLY – JULY 15, 2026 MSJ HEARING**

| Plaintiff (State) | Claims | Basis for MSJ | Key Authority[1] | Plaintiffs' Response | MBUSA's Reply |
|---|---|---|---|---|---|
| | | Reliance | *Stiley v. Block*, 925 P.2d 194, 204 (Wash. 1996) (fraud); *Young v. Toyota Motor Sales, U.S.A.*, 472 P.3d 990, 996 (Wash. 2020) (Wash. CPA). | *Vernon v. Qwest Commc'ns Int'l, Inc.*, 643 F. Supp. 2d 1256, 1268 (W.D. Wash. 2009); *Young v. Toyota Motor Sales, U.S.A.*, 472 P.3d 990, 994 (Wash. 2020). | *Vernon* merely establishes that the Washington CPA requires causation. 643 F. Supp. 2d at 1268. *Young* affirmed the holding that the plaintiff failed to show reliance. 472 P.3d at 996–97 (holding failure to show causation under Wash. CPA). |
| | | Statute of limitations | Wash. Rev. Code § 4.16.080(4) (fraud); *id.* § 19.86.120 (Wash. CPA); *Giraud v. Quincy Farm & Chem.*, 6 P.3d 104, 110 (Wash. App. 2000). | *Manning v. Mortg. Elec. Registration Sys., Inc.*, 196 Wash. App. 1043, *5 (Wash. App. 2016). | *Manning* found that the discovery rule did not apply. 196 Wash. App. 1043, at *6; *see also Giraud*, 6 P.3d at 109 ("To invoke the discovery rule, the plaintiff must show that he or she could not have discovered the relevant facts earlier."). |
| Bettie Jean Taylor (**Miss.**) | • Fraud | Knowledge | *Martin v. Winfield*, 455 So. 2d 762, 764 (Miss. 1984). | The "knowledge" element is a disputed issue of fact. *See* D.E. 4808 pp. 3–10. *See also Watson Labs., Inc. v. State*, 241 So. 3d 573, 584 (Miss. 2018). | No genuine dispute that MBUSA had no pre-sale knowledge of the alleged defect. D.E. 4833 at 1–3. *Watson* found the defendant had actual knowledge and did not address the factual basis for an "ignorance of [] truth" theory. 241 So. 3d at 585–86. *See also Martin*, 455 So. 2d at 764 (knowledge a "well established" element of fraud); |
| | | Damages | *Bell v. First Columbus*, 493 So. 2d 964, 970 (Miss. 1986). | *Garris v. Smith's G & G, LLC*, 941 So. 2d 228, 233 (Miss. App. 2006). | *Garris* involved a sale of real property with no post-sale remedy. 941 So. 2d at 233. |
| | | Reliance | *Mabus v. St. James Episcopal Church*, 13 So. 3d 260, 264 (Miss. 2009). | The "reliance" element is a disputed issue of fact. *See* PSOF ¶ 65. | No genuine dispute that Taylor did not recall any ads before her purchase, any ads about her vehicle, or any MBUSA statements about the vehicle. *Compare* SOF ¶ 65 (citing evidence to support this fact), *with* PSOF ¶ 65 (describing ads with no context and "reli[ance]" on unspecified "advertisements"). |
| | | Duty to disclose | *Taylor v. S. Farm Bureau Cas. Co.*, 954 So. 2d | *Poe v. Summers*, 11 So. 3d 129, 134 (Miss. App. | *Poe* described an "affirmative act of concealment" theory limited to the parties to the same transaction |

---

**[1] SEE MSJ AT D.E. 4800 FOR FURTHER AUTHORITY.**

**MBUSA REFERENCE CHART REPLY – JULY 15, 2026 MSJ HEARING**

| Plaintiff (State) | Claims | Basis for MSJ | Key Authority[1] | Plaintiffs' Response | MBUSA's Reply |
|---|---|---|---|---|---|
| | | | 1045, 1049–50 (Miss. App. 2007). | 2009). | and found no fraud. 11 So. 3d at 135. |
| | | Statute of limitations | Miss. Code § 15-1-49(1); *Brown v. McKee*, 242 So. 3d 121, 127–28 (Miss. 2018). | Miss. Code § 15-1-49(2) ("In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury."). | Plaintiff does not contest that *Brown* applies and that her claim accordingly "accrue[d] upon the completion of the sale induced by [the alleged] false representation." 242 So. 3d at 128. *Compare* D.E. 4800 at 37–38 (citing *Brown*; arguing fraud claim accrued on purchase), *with* D.E. 4808 [4818-1] at 38–39 (ignoring argument; not addressing *Brown*). |
| | • Implied Warranty | Damages | *Bell v. First Columbus Nat'l Bank*, 493 So. 2d 964, 970 (Miss. 1986). | *Gast v. Rogers-Dingus Chevrolet*, 585 So. 2d 725, 730 (Miss. 1991) (quoting Miss. Code § 75-2-714(2)). | *Gast* involved a sale of a vehicle with repeated failed repairs and thus no post-sale remedy. 585 So. 2d at 731. |
| | | Opportunity to cure | *Watson Quality Food, Inc. v. Casanova*, 999 So. 2d 830, 834–35 & n.3 (Miss. 2008). | *Fitzner Pontiac-Buick-Cadillac, Inc. v. Smith*, 523 So. 2d 324, 328 (Miss. 1988). | *Fitzner* confirms that "opportunity for cure [is] a reasonable requisite of [plaintiff's] right of recovery." 523 So. 2d at 328. |
| | | Manifesta-tion/use | *Ford Motor Co. v. Fairley*, 398 So. 2d 216, 219 (Miss. 1981). | *In re Takata Airbag Prod. Liab. Litig.*, 462 F. Supp. 3d 1304, 1336 (S.D. Fla. 2020). | The cited *In re Takata* order did not address Mississippi law, either directly or in the cited orders. 462 F. Supp. 3d at 1336. And it decided the issue on a motion to dismiss, not on summary judgment, where plaintiff must present some evidence of the alleged "series of performance issues" due to PSAN, even under the non-Mississippi-based reasoning of the prior orders. *See In re Takata*, 396 F. Supp. 3d 1101, 1120 (S.D. Fla. 2019). |
| | | Statute of limitations | Miss. Code § 75-2-725(1)–(2); *Forbes v. Gen. Motors Corp.*, 993 So. 2d 822, 824 (Miss. | *Richardson v. Clayton & Lambert Mfg. Co.*, 634 F. Supp. 1480, 1487 (N.D. | *Richardson* addresses only an exception where the implied warranty is one of future performance. 634 F. Supp. at 1487. No evidence that Taylor's |

[1] **SEE MSJ AT D.E. 4800 FOR FURTHER AUTHORITY.**

**MBUSA REFERENCE CHART REPLY – JULY 15, 2026 MSJ HEARING**

| Plaintiff (State) | Claims | Basis for MSJ | Key Authority[1] | Plaintiffs' Response | MBUSA's Reply |
|---|---|---|---|---|---|
| | | | 2008). | Miss. 1986). | warranty is for future performance. |
| Paulette Calhoun (**Ga.**) | • Fraud <br> • Ga. FBPA | Knowledge | *Paulk v. Thomasville Ford Lincoln Mercury*, 732 S.E.2d 297, 301 (Ga. App. 2012). | The "knowledge" element is a disputed issue of fact. *See* D.E. 4808 pp. 3–10. | No genuine dispute that MBUSA had no pre-sale knowledge of the alleged defect. D.E. 4833 at 1–3; *Paulk*, 732 S.E.2d at 301 ("scienter" requirement for fraud); *id.* ("culpable knowledge" under Ga. FBPA). |
| | | Damages | *John Thurmond & Assocs., Inc. v. Kennedy*, 668 S.E.2d 666, 668 (Ga. 2008). | *Brooks v. Dime Sav. Bank of New York, FSB*, 457 S.E.2d 706, 708 (Ga. App. 1995); *Colonial Lincoln-Mercury Sales, Inc. v. Molina*, 262 S.E.2d 820, 822 (Ga. App. 1979). | *Brooks* involved the artificially inflated sales price of a new home with no post-sale remedy. 457 S.E.2d at 707. *Colonial Lincoln-Mercury* addressed restitution and treble damages, not benefit-of-the-bargain damages. 262 S.E.2d at 822–23. |
| | | Reliance | *Jimenez v. Houseboats on Lanier, Inc.*, 899 S.E.2d 334, 339 (Ga. App. 2024). | The "reliance" element is a disputed issue of fact. *See* PSOF ¶¶ 74, 215. | No genuine dispute that Calhoun did not recall seeing or hearing any specific ads or marketing materials or any ads in connection with her vehicle purchase. *Compare* SOF ¶ 74 (citing evidence to support this fact), *with* PSOF ¶ 74 (referring to unspecified "documents" and "commercials" not connected with her purchase). |
| | | Duty to disclose | *McCabe v. Daimler AG*, 160 F. Supp. 3d 1337, 1351 (N.D. Ga. 2015) (fraud). | *Monopoli v. Mercedes-Benz USA, LLC*, 2022 WL 409484, at *11–12 (N.D. Ga. Feb. 10, 2022). | *Monopoli*, decided at the motion-to-dismiss phase, merely waited for "a more developed record to determine if Mercedes had a duty to disclose." 2022 WL 409484, at *12. |

[1] **SEE MSJ AT D.E. 4800 FOR FURTHER AUTHORITY.**