UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 15-02599-MD-MORENO**

IN RE: TAKATA AIRBAG PRODUCT
LIABILITY LITIGATION: ECONOMIC
LOSS TRACK CASES,

vs.

FCA US, LLC,

_________________________________/

# ORDER DECERTIFYING THE NORTH CAROLINA STATUTORY CLASS AND MULTISTATE FRAUD CLASS

THIS CAUSE came before the Court upon Defendant FCA's Motion to Alter or Amend Class Certification **(D.E. 4914)**, filed on **June 19, 2026**. The Court has considered all the relevant briefing and arguments made by both parties. For the reasons set forth below, Defendant FCA's Motion to Alter or Amend Class Certification is granted. Accordingly, the North Carolina statutory class and multistate fraud class are decertified.

## BACKGROUND

Up to this point, the Court has certified a multistate fraud class represented by Laquintha O'Neal including North Carolina, Colorado, Utah, West Virginia, and Wisconsin purchasers, and a single-state North Carolina statutory class anchored to Laquintha O'Neal's North Carolina Unfair and Deceptive Trade Practices Act claim. *See* **D.E. 4659, 4663, 4688**. On May 19, 2026, this Court granted in part a motion for reconsideration of class certification filed by Defendant Mercedes-Benz because it concluded that under North Carolina law reliance is an individualized issue and a class-wide presumption of reliance is not permitted. **D.E. 4897**. In turn, the Court

excluded North Carolina purchasers from a multistate fraud class and declined Plaintiffs' request to certify a single-state class arising under North Carolina law. *Id.* Considering that decision, this Court requested briefing as to whether that decision affects any of the certified classes on the FCA track. **D.E. 4909**. Defendant FCA filed the instant Motion to Alter or Amend the Court's Order on Plaintiffs' Motion for Class Certification, asking the Court to decertify the single-state class arising under North Carolina law, exclude unnamed North Carolina purchasers from the multistate fraud class, and decertify the multistate fraud class for lack of an adequate representative. **D.E. 4914**. The same day, Plaintiffs filed a Memorandum of Law agreeing the Court must decertify the single-state North Carolina statutory class. **D.E. 4915**. However, Plaintiffs argue that the Court need only remove unnamed North Carolina purchasers from the multistate fraud class but that Ms. O'Neal—a North Carolina plaintiff—can remain the class representative for the unnamed class members hailing from Colorado, Utah, West Virginia, and Wisconsin. *Id.* Both parties filed responses. **D.E. 4917 & 4918**. And the Court heard oral arguments from both sides at a hearing on **July 15, 2026**.

## LEGAL STANDARD

Reconsideration "'is an extraordinary remedy to be employed sparingly.'" *Colomar v. Mercy Hospital, Inc.*, 242 F.R.D. 671, 684 (S.D. Fla. 2007) (quoting *Bautista v. Cruise Ships Catering and Serv. Int'l, N.V.*, 350 F.Supp.2d 987, 992 (S.D. Fla. 2004)). A motion for reconsideration "will not be granted absent an intervening change in the law, availability of newly discovered evidence, or to correct clear error or prevent manifest injustice." *Id.*; *see also Michael Linet, Inc. v. Village Of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (noting that a motion for reconsideration cannot be used to "relitigate old matters" or "raise argument or present evidence that could have been raised prior to the entry of judgment"). The moving party thus must "satisfy a high burden involving facts or law of a strongly convincing nature that would induce a

court to reverse its prior decision." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F.Supp.2d 1284, 1291 (S.D. Fla. 2012) (citation omitted).

Defendant FCA asks this Court to reconsider its class certification decisions "to correct clear error or prevent manifest injustice." *Colomar*, 242 F.R.D. at 684. To successfully demonstrate clear error, or manifest injustice, "the movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania de Elaborados de Café v. Cardinal Capital Mgmt., Inc.*, 401 F.Supp.2d 1270, 1283 (S.D. Fla. 2004) (citation omitted); *see also Colomar*, 242 F.R.D. at 684. Rather, the movant must show that the Court "has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . . Such problems rarely arise and the motion to reconsider should be equally rare." *Compania de Elaborados de Café*, 401 F.Supp.2d at 1283.

**DISCUSSION**

The parties agree that the single-state statutory class arising under North Carolina law must be decertified, and that unnamed North Carolina purchasers must be excluded from the multistate fraud class because North Carolina does not permit a class-wide presumption of reliance and therefore the predominance requirement of Rule 23(b)(3) cannot be satisfied. Accordingly, this Court decertifies the single-state statutory class and excludes North Carolina purchasers from the multistate fraud class.

The only disputed issue is whether the multistate fraud class asserting claims under Colorado, Utah, West Virginia and Wisconsin law can remain certified and anchored to Ms. O'Neal's claims. Defendant FCA argues that it cannot remain certified because reliance cannot be established for Ms. O'Neal actually or circumstantially, therefore she is not an adequate

representative under Rule 23. Agreeing with FCA, this Court decertifies the multistate fraud class for three reasons explained below.

"To assess Rule 23(b)(3)'s predominance requirement, [the Court] must consider whether each cause of action . . . requires proof of reliance and, if so, whether and under what circumstances a presumption of reliance is appropriate." *Tershakovec v. Ford Motor Co.*, 79 F.4th 1299, 1308 (11th Cir. 2023). This determination must be made "on a state-by-state (and claim-by-claim) basis." *Id.* "At the class-certification stage, 'the trial court can and should consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied.'" *Id.* at 1306 (citing *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1188 n.15 (11th Cir. 2003)).

### A. North Carolina Law

In this Court's Order Granting Defendant MBUSA's Motion for Reconsideration, it determined that "North Carolina does not permit a class-wide presumption of reliance." **D.E. 4897** at 3; *see Arnesen v. Rivers Edge Golf Club & Plantation, Inc.,* 781 S.E.2d 1, 9-10 (N.C. 2015) (holding that North Carolina law requires actual reliance to establish a fraud-based claim); *Bumpers v. Cmty. Bank of N. Va.*, 747 S.E.2d 220, 226 (N.C. 2013) (holding that actual reliance is required to establish a fraud-based claim in North Carolina because reliance demands showing "that the plaintiff suffered actual injury as a proximate result of defendant's deceptive misstatement or misrepresentation"). The Court indicated that Plaintiffs had not "demonstrated either that North Carolina permits a presumption of reliance, nor under what circumstances such a presumption is allowed," and "the Court decline[d] to expand North Carolina law absent clear authority permitting a presumption of reliance on these facts." *Id.* at 8. Further, this Court acknowledged that circumstantial proof of reliance for one plaintiff does not amount to proof of

reliance for all class members. **D.E. 4897** at 6 (citing *Speerly v. General Motors, LLC*, 143 F.4th 306 (6th Cir. 2025) (en banc)). The Court does not disrupt its prior rulings here.

Plaintiffs argue that Ms. O'Neal may represent unnamed class members hailing from other states because success on her North Carolina claims "will more or less dictate success under another state's law." **D.E. 4915** at 5 (citing *In re Zantac (Ranitidine) Prod. Liab. Lit.*, Case No. 21-10335, 2022 WL 16729170, at *6 (11th Cir. Nov. 7, 2022) (unpublished) (quoting *In re Asacol Antitrust Litig.*, 907 F.3d 42, 49 (1st Cir. 2018))). According to Plaintiffs, although North Carolina law does not permit a class-wide presumption of reliance, reliance may be established circumstantially upon a jury's reasonable inference. *Id.* at 6 (citing *Rowan Cnty. Bd. Of Educ. v. U.S. Gypsum Co.*, 418 S.E.2d 648, 661 (N.C. 1992)). Plaintiffs argue that there is enough evidence for a jury to reasonably infer reliance for Ms. O'Neal. *Id.* And because the evidence will be common among the class, Ms. O'Neal's success will dictate the success of the unnamed class members, therefore the class can remain certified. *Id.* at 8 (citing *Zantac*, 2022 WL 16729170, at *6). Not so.

A careful review of North Carolina law reveals that North Carolina requires proof of reliance for common-law fraud cases but permits reliance to be inferred circumstantially by a reasonable jury. *Rowan Cnty. Bd. Of Educ. v. U.S. Gypsum Co.*, 418 S.E.2d 648, 661 (N.C. 1992) ("This Court has recognized that 'proof of circumstances from which the jury may reasonably infer the fact is sufficient' in proving the element of reliance." (citing *Grace v. Strickland*, 188 N.C. 369, 374 (N.C. 1924)). That said, contrary to Plaintiffs' assertion, North Carolina law does not permit reliance to be established by inference when a person acts in a manner consistent with having relied upon a misleading statement, omission, or some combination. Plaintiffs rely on cases from the North Carolina Business Court and North Carolina Court of Appeals, in which the courts

determined that plaintiffs' allegations were sufficient to state a claim. *Constr. Managers, Inc. of Goldsboro v. Armory*, Case No. 18 CVS 1359, 2019 WL 2167311, at *14 (N.C. Super. May 17, 2019); *Hunter v. Guardian Life Ins. Co. of Am.*, 593 S.E.2d 595, 599 (N.C. Ct. App. 2004). Those cases suggest that when a pleading indicates a plaintiff acted in a manner consistent with the intended goal of the misrepresentation or omission, the reliance element of a fraud claim is sufficiently *alleged*. Nothing more. Those cases alone do not establish that North Carolina law allows the reliance element of a fraud claim to be *proven* by the same inference. And the North Carolina Supreme Court has not held as much.

**B. Ms. O'Neal's reliance cannot be inferred**

*First*, the Court finds that Ms. O'Neal's reliance cannot be inferred circumstantially. In *Rowan*, the North Carolina Supreme Court concluded that a reasonable jury could infer that an architect had relied on information in a catalog because (1) he testified that he relied on the catalog for the relevant project and (2) the supplier admitted that its information was in the catalog at the relevant time. 418 S.E.2d 648 at 661 (N.C. 1992). The court came to this conclusion even though the architect could not identify a specific representation that he relied upon. *Rowan* does not help Plaintiffs here because—unlike the architect—Ms. O'Neal testified that she did not rely on FCA's commercials when deciding to purchase her car. And it is much more likely that a jury could infer an architect relied on what he called the "architect's Bible" than it is that a used car buyer relied on a manufacturer's advertisement. *Id.* at 660. Especially when she disclaimed as much.

Here, the evidence shows that Ms. O'Neal purchased a used 2012 Dodge Charger from CarMax. O'Neal Dep. 126–127. Because she purchased a used vehicle, she could not have been exposed to nor relied on a Monroney label at the point of purchase. The window sticker that she reviewed did not mention FCA or the relevant airbags, and she did not discuss the airbags in the

vehicle with the sales representative at CarMax. Window Sticker (D.E. 4915, Ex. B); O'Neal Dep. 130:14–131:14. While Ms. O'Neal saw FCA advertisements for Dodge Chargers, she did not recall seeing advertisements about a 2012 Dodge Charger specifically or hearing about the safety of the car from the advertisements. O'Neal Dep. 122:7–125:12. Notably, unlike the architect in *Rowan*, Ms. O'Neal testified that she did not rely on FCA commercials when she bought her car. O'Neal Dep. 125:13–22. Further, there is no record evidence establishing that Ms. O'Neal ever received or was otherwise exposed to the owner's manual or any other brochure before purchasing her vehicle. She did not identify any written document that she received or relied on in making her decision to purchase her class vehicle.

The Court determines that a reasonable jury could not infer that Ms. O'Neal relied on FCA's statements or omissions when deciding to purchase her vehicle. To know whether she did, the Court must determine why she purchased the vehicle. The evidence provided does not make that clear. The Court is left to wonder which advertisements Ms. O'Neal saw, whether those advertisements included misstatements or omissions from FCA, and most importantly what Ms. O'Neal was looking for when she purchased the car? Every purchaser has different priorities. "Not every purchaser says no to a product because of a defect, especially those who paid under list price or received too-good-to-pass-up deals on other features." *Speerly v. General Motors, LLC*, 143 F.4th 306, 330 (6th Cir. 2025) (en banc). As explained above, the fact that Ms. O'Neal acted in a manner consistent with having relied upon a misleading statement or omission is not enough for a jury to reasonably infer reliance. And a supposed "commonsense proposition" that no purchaser would pay full price for a vehicle with a defect does not overcome the deficit and permit a reasonable jury to infer reliance here.

### C. *Zantac* does not decide this case

*Second*, the Court determines that *Zantac* does not decide this case. Even if reliance could be established for Ms. O'Neal, Plaintiffs do not automatically prevail. Plaintiffs argue that "[a] representative may stand in for unnamed members whose claims arise under a different state's law whenever 'success on the claim under one state's law will more or less dictate success under another state's law.'" **D.E. 4915** at 5 (citing *Zantac*, at *6 (quoting *In re Asacol*, 907 F.3d at 49). But the fatal flaw in Plaintiffs' argument is that the Eleventh Circuit did not establish that in *Zantac*. The relevant holding in *Zantac* is simply that "whether a plaintiff can represent unnamed class members whose claims fall under different states' laws . . . is a question that concerns Rule 12(b)(6) or Rule 23—not Article III." *Zantac*, at *6.

In support of that conclusion, the court acknowledged that other circuits had addressed the same issue and came to the same conclusion. Specifically, it noted that "[t]he First Circuit agreed with the Seventh and Second Circuits in *In re Asacol*, but only so long as 'the named plaintiffs parallel those of the putative class members in the sense that, assuming a proper class is certified, success on the claim under one state's law will more or less dictate success under another state's law.'" *Id.* at *5 (quoting *In re Asacol*, 907 F.3d at 49). The Eleventh Circuit included this quotation to support its limited conclusion that the issue is a Rule 23 matter. Nothing more. Contrary to Plaintiffs' reading of *Zantac*, this Court concludes that the Eleventh Circuit did not provide any guidance as to whether, under Rule 23, a plaintiff—hailing from a state that is excluded from the class—can adequately represent unnamed class members whose claims arise under different states' laws. If it had provided such guidance, the opinion likely would have been published.

**D. Consistency with prior rulings**

*Third*, this Court strives to be as consistent as possible in its rulings. This Court has twice decided to remove a named plaintiff hailing from a state that does not support a class-wide presumption of reliance. First, on this track, the Court determined that it could not infer class-wide reliance under Georgia law. **D.E. 4688** at 6. (Order Narrowing Plaintiffs' Certified Fraud Class to Exclude Georgia Purchasers). As a result, the Court not only narrowed the multistate fraud class to exclude Georgia purchasers, but it also removed Plaintiffs Gibson and Johnson as class representatives. *Id.* at 7. Likewise, on the MBUSA track, upon determining that North Carolina law does not permit a class-wide presumption of reliance, the Court found existing class representatives unfit to represent the unnamed class members from other states. **D.E. 4897** at 8. (Order Granting Defendant Mercedes-Benz's Motion for Reconsideration) ("Plaintiffs' request to certify their Multistate Fraud Class . . . is **DENIED** as both class representatives, Plaintiff Paulette Calhoun of Georgia and Plaintiff Daphne Bridges of North Carolina, hail from states where reliance is an individual issue."). The Court follows suit here.

For the foregoing reasons, this Court finds that Ms. O'Neal is not an adequate representative for the unnamed class members hailing from Colorado, Utah, West Virginia, and Wisconsin. Accordingly, the multistate fraud class is decertified. Plaintiffs asked for 60 days to find a new named plaintiff on June 19, 2026. It has been 73 days since that request. No additional time is warranted.

THE COURT has considered the motion, related responses, oral argument, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the Motion is **GRANTED**. The North Carolina statutory class and multistate fraud class are decertified. The only remaining claims on this track are the individual claims of Plaintiffs Gibson, Johnson, and O'Neal.

DONE AND ORDERED in Open Court at Miami, Florida, this 31st of August 2026.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record