**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

| | |
|---|---|
| **IN RE: TAKATA AIRBAG PRODUCT LIABILITY LITIGATION** | MDL No. 2599<br>Master File No. 15-MD-02599-MORENO |
| This Document Relates to FCA US LLC | |

**PLAINTIFFS' MOTION TO ALTER OR AMEND ORDER DECERTIFYING THE MUTLISTATE FRAUD CLASS**

Plaintiffs respectfully move to alter or amend the Court's August 31, 2026 Order decertifying the multistate fraud class (ECF No. 4933) to provide a reasonable period of time before decertification becomes effective so that Plaintiffs may notify remaining class members and afford them an opportunity to intervene or be substituted as class representatives. Plaintiffs' requested relief is exceedingly narrow. Plaintiffs do not ask the Court to revisit its determination that Laquintha O'Neal is not an adequate representative of the narrowed class. Plaintiffs ask only that the Court implement that determination in the manner required by binding Eleventh Circuit precedent, *Birmingham Steel Corp. v. Tennessee Valley Auth.*, 353 F.3d 1331 (11th Cir. 2003), which involved indistinguishable circumstances: preserve the certified class for a reasonable, defined period while class counsel notifies class members in Colorado, Utah, West Virginia, and Wisconsin and seeks a qualified substitute. Plaintiffs request forty-five (45) days from the date of the Court's resolution of this motion.

The plaintiffs in *Birmingham Steel* filed an identical motion ***after*** the district court ruled that the existing class representative was inadequate, just as Plaintiffs do here, and the Eleventh Circuit held that the district court abused its discretion by denying the motion. *Id.* at 1343. Plaintiffs

respectfully request that the Court adhere to *Birmingham Steel* and provide the relief that the Eleventh Circuit held is required.

**Background**

This Court certified the FCA multistate fraud class in June 2023. (ECF No. 4659.) After subsequent narrowing, the certified class included purchasers in North Carolina, Colorado, Utah, West Virginia, and Wisconsin, with Ms. O'Neal serving as the class representative. (ECF No. 4666, 4688.) FCA twice petitioned the Eleventh Circuit to review this Court's class-certification decisions, but the Eleventh Circuit denied both petitions. *See FCA US LLC v. Boyd*, No. 23-90027 (11th Cir. Nov. 1, 2023); *FCA US LLC v. Boyd*, No. 23-90017 (11th Cir. Oct. 5, 2023).

Almost three years after this Court's initial certification decision, on May 19, 2026, in the parallel Mercedes-Benz track, the Court held that North Carolina law does not permit a class-wide presumption of reliance. (ECF No. 4897.) The Court then directed briefing concerning the effect of that ruling on the FCA classes. (ECF No. 4909.)

On June 19, 2026, Plaintiffs argued that the proper course was to exclude unnamed North Carolina purchasers while retaining Ms. O'Neal as representative of the four-state class. (ECF No. 4915.) Plaintiffs alternatively requested, "[i]f the Court nonetheless concludes that the narrowed class cannot proceed with Ms. O'Neal as its representative," for the Court to provide "sufficient time for a class member from one of the four remaining states to intervene or be substituted as the class representative." *Id.* at 9. Plaintiffs repeated that request in their June 26 response and at the July 15 hearing. (ECF No. 4918 at 6–11.)

On August 31, 2026, the Court concluded that Ms. O'Neal could not adequately represent purchasers in Colorado, Utah, West Virginia, and Wisconsin, and decertified the multistate fraud class. (ECF No. 4933.) The Order declined to permit additional time for class counsel to contact

class members and identify a substitute class representative because Plaintiffs had requested sixty days on June 19 and seventy-three days had elapsed. *Id.* at 9. Until the August 31 Order, however, the Court had not determined that Ms. O'Neal was inadequate, and Plaintiffs' position remained that no substitution was necessary. The conditional need for a substitute therefore arose only when the Court ruled on August 31 that Ms. O'Neal could not represent the narrowed class.

**Legal Standard**

The Court has recognized that reconsideration may be granted to correct clear error or prevent manifest injustice. (ECF No. 4897.) This motion does not reargue the merits of the Court's rulings on North Carolina law or adequacy. It identifies a discrete legal and procedural error in the immediate decertification of a previously certified class without first affording the class the reasonable substitution period required by *Birmingham Steel Corp.*, 353 F.3d at 1333, and *Lynch v. Baxley*, 651 F.2d 387 (5th Cir. 1981).

**ARGUMENT**

The Court should amend the August 31 Order because *Birmingham Steel* requires a reasonable opportunity to substitute a new representative ***after*** a court determines that the existing representative is inadequate. The sixty days Plaintiffs previously requested were not an unconditional interval beginning on June 19, while Ms. O'Neal remained the certified representative and the adequacy issue remained undecided. The request was expressly alternative and conditional: if the Court concluded that Ms. O'Neal could not represent the narrowed four-state class, then the Court should allow sixty days for a class member to intervene or be substituted. (ECF No. 4915 at 10–12; ECF No. 4917 at 5–8.) The triggering event was, therefore, the Court's August 31 determination of inadequacy. Treating the preceding seventy-three days as the substitution period effectively required Plaintiffs to replace a representative before the Court had

decided that replacement was necessary. *Birmingham Steel*, 353 F.3d at 1340–43, squarely rejects that approach.

*Birmingham Steel* is controlling and unusually close on both posture and requested relief. There, the district court had certified a Rule 23(b)(3) class of approximately 400 industrial power customers and set the case for a bifurcated trial. 353 F.3d at 1333. After certification, the named representative filed for bankruptcy. *Id.* The defendant argued that the bankruptcy filing removed the representative from the class, making it an inadequate class representative, and thus moved for decertification. *Id.* The plaintiffs opposed and argued that the class representative remained adequate. *Id.* at 1333–34. At a hearing, class counsel focused on preserving the existing representative, expressed concern that locating a replacement would be difficult, and explained that substitution could require additional discovery and delay trial. *Id.* at 1334. Counsel nevertheless stated that, if the court ruled the representative inadequate, the law required a reasonable period for substitution. *Id.*

After the hearing, the district court held that the representative was inadequate and immediately decertified the class, reasoning that no motion to substitute a particular class member had been filed in the interim and that counsel had previously resisted the need for substitution. *Id.* at 1334–35. Six days after decertification, class counsel moved to alter or amend, requesting precisely what Plaintiffs request here: a delay of decertification until absent class members could be notified and given an opportunity to substitute one of their number as the class representative. *Id.* at 1335. The district court denied that relief because counsel had not sought substitution before decertification and had previously questioned whether a replacement could be found. *Id.*

The Eleventh Circuit vacated the district court's decision, "to allow a reasonable period of time for a member of the class to intervene or to be substituted as the class representative." *Id.* at

1343. The court grounded its decision in the settled principle that a certified class "acquires a legal status separate from that of the named plaintiffs." *Id.* at 1336 (citing *Sosna v. Iowa*, 419 U.S. 393, 399 (1975)). The inadequacy of the named plaintiff may require replacing that plaintiff, but it does not automatically extinguish the separately existing class when absent members retain "live claims." *Id.*

The court also relied on *Lynch*, 651 F.2d at 387, as "the most apt guidance." *Birmingham Steel*, 353 F.3d at 1339. *Lynch* held that a court errs by decertifying a certified class when the class representative has become inadequate without first allowing class members with live claims an opportunity to enter by amendment or intervention. 651 F.2d at 388. This is because the class survives the representative's loss of standing, and immediate dismissal needlessly wastes completed discovery and other litigation work. *Id.*

Applying those principles, *Birmingham Steel* held that the district court had abused its discretion by decertifying the class without giving counsel reasonable time to locate a substitute. 353 F.3d at 1333, 1342–43. Most important here, the Eleventh Circuit held that class counsel did not forfeit a substitution period by first arguing that the existing representative remained adequate or by failing to move to substitute a particular person before the court ruled on adequacy. *Id.* at 1341–42. The Eleventh Circuit explained that substitution was "clearly not class counsel's first choice," but counsel was entitled to defend the existing representative's adequacy and conditionally preserve the right to seek a substitute if that position failed. *Id.* at 1341. Given that posture, counsel "could have reasonably inferred that no such motion was necessary prior to a decision on defendant's decertification motion." *Id.* at 1342. The Eleventh Circuit, therefore, remanded with instructions to allow a reasonable period for substitution or intervention and

permitted renewed decertification only if no adequate representative appeared at the end of that period. *Id.* at 1343.

The posture and circumstances of *Birmingham Steel* are indistinguishable from those here, and thus require the same result. Plaintiffs did not ask the Court on June 19 to commence an immediate search while the Court considered whether Ms. O'Neal remained adequate. They argued that Ms. O'Neal could continue and, in the alternative, requested sixty days to find a substitute ***if*** the Court rejected that argument. *Birmingham Steel* holds that class counsel may reasonably await the adequacy ruling before a substitution period begins. The period cannot logically expire before the contingency that makes substitution necessary has occurred. Nor did the passage of time itself notify absent class members that their certified class faced immediate decertification or give them a meaningful opportunity to volunteer. Until August 31, the governing certification orders remained in place, Ms. O'Neal remained the designated representative, and no order authorized notice soliciting a replacement. In addition, given the Court's authority over communications with class members under Fed. R. Civ. P. 23(d), class counsel were reluctant to notify class members of the need for a substitute class representative before the Court ruled on the adequacy of Ms. O'Neal or authorized such outreach.

Judicial economy and the interests of absent class members also favor the narrow relief requested. *Birmingham Steel* emphasized that discovery had been completed, numerous pretrial motions had been resolved, and the case was ready for trial. 353 F.3d at 1339, 1342. It held that the "efficient administration of justice and the interests of the class were not served when the district court decertified the class without first giving class members an opportunity to intervene as the class representative." *Id.* at 1342. This action likewise has proceeded through years of fact and expert discovery, multiple rounds of class-certification briefing, appellate Rule 23(f) petitions,

and extensive merits proceedings. A forty-five-day substitution period preserves that substantial work. It does not reopen the Court's merits rulings or alter the four-state class definition. At most, it permits the focused proceedings necessary to determine whether a proposed substitute satisfies Rule 23.

Plaintiffs, therefore, request that the Court enter an Order delaying the effective date of decertification and providing class counsel forty-five (45) days from the date of resolution of this motion to search for a substitute class representative, exactly as *Birmingham Steel* directs. *Id.* at 1343. Indeed, this is the same relief that class counsel sought in *Birmingham Steel* and the Eleventh Circuit held that the district court erred in denying. *Id.* If a qualified purchaser in Colorado, Utah, West Virginia, or Wisconsin comes forward, Plaintiffs will promptly seek intervention or substitution. If none does, the Court may decertify at the end of the period.

**Conclusion**

Plaintiffs respectfully request that the Court alter or amend the August 31 Order decertifying the multistate FCA class to delay the effective date of decertification, so that Class Counsel can have forty-five (45) days from the date of the Order resolving this motion to contact members of the narrowed class and seek intervention or substitution of a qualified class representative during that period.

**Local Rule 7.1(a)(3) Certification**

I hereby certify that I conferred with counsel for FCA, who indicated that FCA will likely oppose the relief requested in this motion.

Dated: September 4, 2026

Respectfully submitted,

**PODHURST ORSECK, P.A.**

*/s/ Matthew P. Weinshall*
Peter Prieto (FBN 501492)
Matthew P. Weinshall (FBN 84783)
2525 Ponce de Leon
Suite 700
Coral Gables, FL 33134
Phone: (305) 358-2800
Fax: (305) 358-2382
Email: pprieto@podhurst.com
mweinshall@podhurst.com

***Chair Lead Counsel for Plaintiffs***

| | |
|---|---|
| **COLSON HICKS EIDSON**<br>Lewis S. "Mike" Eidson<br>mike@colson.com<br>Curtis Bradley Miner<br>curt@colson.com<br>255 Alhambra Circle, PH<br>Coral Gables, FL 33134<br>T: 305-476-7400<br><br>*Plaintiffs' Personal Injury Track Lead Counsel* | **SMITH LACIEN LLP**<br>Todd A. Smith<br>tsmith@smithlacien.com<br>70 W Madison St Suite 5770,<br>Chicago, IL 60602<br>(312) 509-8900<br><br>*Plaintiffs' Economic Damages Track Co-Lead Counsel* |
| **BOIES, SCHILLER & FLEXNER LLP**<br>David Boies, Esq.<br>Motty Shulman (Fla Bar. No. 175056)<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br>Fax: (914) 749-8300<br>Email: dboies@bsfllp.com<br>mshulman@bsfllp.com<br><br>Stephen N. Zack (Fla. Bar No. 145215)<br>100 Southeast 2nd Street, Suite 2800<br>Miami, FL 33131<br>Tel: (305) 539-8400<br>Fax: (305) 539-1307<br>Email: szack@bsfllp.com<br>mheise@bsfllp.com<br><br>*Plaintiffs' Economic Damages Track Co-Lead Counsel* | **LIEFF CABRASER HEIMANN & BERNSTEIN LLP**<br>Elizabeth Cabraser<br>ecabraser@lchb.com<br>275 Battery St., Suite 3000<br>San Francisco, CA 94111-3339<br>T: 415-956-1000<br><br>David Stellings<br>250 Hudson Street, 8th Floor<br>New York, NY 10012<br>212-355-9500<br>dstellings@lchb.com<br><br>*Plaintiffs' Steering Committee* |

| | |
|---|---|
| **CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO, PC**<br>James E. Cecchi<br>jcecchi@carellabyrne.com<br>5 Becker Farm Road<br>Roseland, NJ 07068-1739<br>T: 973 994-1700<br>f: 973 994-1744<br><br>*Plaintiffs' Steering Committee* | **BARON & BUDD, PC**<br>Roland Tellis<br>rtellis@baronbudd.com<br>David Fernandes<br>dfernandes@bardonbudd.com<br>Mark Pifko<br>mpifko@baronbudd.com<br>15910 Ventura Blvd.,<br>Suite 1600<br>Encino, CA 91436<br>T: 818-839-2333<br><br>J. Burton LeBlanc<br>9015 Bluebonnet Blvd.<br>Baton Rouge, LA 70810<br>T: 225-761-6463<br><br>*Plaintiffs' Steering Committee* |