**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE: TAKATA AIRBAG PRODUCT
LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:
ECONOMIC LOSS TRACK CASES
AGAINST FCA US LLC

| | |
|---|---|
| BRIDGET BOYD, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>FCA US LLC,<br><br>Defendant. | MDL No. 02599<br><br>Master File No.: 1:15-md-02599-FAM<br><br>S.D. Fla. Case No. 1:14-cv-24009-FAM |

**FCA US LLC'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ALTER OR AMEND THE COURT'S AUGUST 31, 2026 ORDER DECERTIFYING CLASSES IN NORTH CAROLINA AND TAGALONG STATES (D.E. 4933)**

Dated September 9, 2026

Scott M. Sarason
Florida Bar No. 0394718
ssarason@rumberger.com
RUMBERGER KIRK & CALDWELL
Brickell City Tower, Suite 3000
80 Southwest 8th Street
Miami, Florida 33130
Tel: (305) 995-5422
Fax: (786) 536-3446

Daniel T. Graham (*pro hac vice*)
dgraham@clarkhill.com
Paul C. Do (*pro hac vice*)
pdo@clarkhill.com
Jeffrey M. Sniadanko (*pro hac vice*)
jsniadanko@clarkhill.com
CLARK HILL PLC
130 E. Randolph Street, Suite 3900
Chicago, Illinois 60601
Tel: (312) 985-5945
Fax: (312) 985-5954

*Attorneys for FCA US LLC*

FCA US LLC ("FCA") responds in opposition to *Plaintiffs' Motion to Alter or Amend the August 31, 2026 Order Decertifying the Multistate Fraud Class* ("Plaintiffs' Motion") (**D.E. 4935**).

## INTRODUCTION

On August 31, 2026, this Court granted FCA's Motion to Amend or Alter Class Certification of the North Carolina class and four additional state classes moored to Laquintha O'Neal, as the sole named Plaintiff. **D.E. 4933** (the "Order Decertifying FCA Classes"). Rejecting Plaintiffs' interpretation of *Zantac* and their attempt to keep alive the four headless state classes, the Court explained that:

> Contrary to Plaintiffs' reading of *Zantac*, this Court concludes that the Eleventh Circuit did not provide any guidance as to whether, under Rule 23, a plaintiff—hailing for a state that is excluded from the class—can adequately represent unnamed class members whose claims arise under different states' laws. If it had provided such guidance, the opinion likely would have been published.

Plaintiffs now ask this Court for permission to give "notice" to the decertified classes in the headless states in search of a "new" named plaintiff to take O'Neal's place in the next "45 days". Plaintiffs' Motion at 1. Plaintiffs' request should be rejected.

First, there are *no* certified classes to give notice to. Second, attempting to "re-moor" the four headless decertified state classes with a substitute class member will require further discovery and merits briefing on whether he or she has any viable claim (all while summary judgment motion decisions are pending on the last three plaintiffs suing FCA hailing from Georgia and North Carolina). And, finally, Plaintiffs' attempt to persuade this Court that it should "recertify" the headless *Zantac* state classes as mandated by the *Bethlehem Steel* decision to allow them to now "issue notice" to putative class members in the un-moored *Zantac* states should be rejected. The unique circumstances presented in *Bethlehem Steel* and *Lynch* are inapposite to those presented here and no such mandate exists.

Plaintiffs' Motion to amend this Court's August 31st Order should be denied.

## ARGUMENT

Plaintiffs' Motion seeks to relitigate an issue already reconsidered by this Court: once this Court held that North Carolina law did not support a presumption of reliance, the laws of the four (4) headless states of Colorado, Utah, West Virginia, and Wisconsin (the "Tagalong States") were no longer moored to the laws of North Carolina. *See* Order Decertifying FCA Classes. As such,

the Tagalong States' laws were *substantially dissimilar* from those of North Carolina and no longer allowed as "*Zantac* claims", since North Carolina was the only remaining state with a named plaintiff who could bring class claims. *See id.* Once the *Zantac* claims were decertified, it was as if the putative claims of the Tagalong States classes did not exist. *See id.*

For consistency in this MDL, once decertified and no longer moored to an existing state with a named plaintiff capable of bringing representative putative class claims under Rule 23, all *Zantac* claims under the Tagalong States laws should be dismissed. *See* **D.E. 4920** (MBUSA's *Brief Regarding Mootness of Motion to Dismiss Supplement to the Second Amended Complaint*) (seeking dismissal of claims under Tagalong States laws with prejudice); *see also* **D.E. 4928** (July 16, 2025 *Order Dismissing Claims Without Prejudice*, dismissing claims under the same laws as the Tagalong States against MBUSA by agreement with Plaintiffs). Plaintiffs' Motion should be denied and any claims under the Tagalong States' laws dismissed *with prejudice*.

**I. The Court's August 31, 2026 Resolved the Tagalong States' Class Claims.**

Plaintiffs' Motion rehashes arguments previously raised in *Plaintiffs' Memorandum on Class Certification* (**D.E. 4915**) and in *Plaintiffs' Response to FCA's Motion to Alter or Amend Order on Plaintiffs' Motion for Class Certification* (**D.E. 4918**). Those arguments, and FCA's counterarguments in *FCA US LLC's Response to Plaintiffs' Memorandum on Class Certification* (**D.E. 4917**) were in the record that the Court considered when it issued its August 31, 2026 Order. *See* Order Decertifying FCA Classes at 1 (stating "The Court has considered *all* the relevant briefing and arguments made by both parties." (emphasis added).

In its Order, the Court first rejected that O'Neal could represent classes in the Tagalong States. Specifically, the Court first recognized that North Carolina law requires proof of reliance but then emphasized that it does not, contrary to Plaintiffs' assertion, "permit reliance to be established by inference when a person acts in a manner consistent with having relied upon a misleading statement, omission, or some combination." *See* Order Decertifying FCA Classes at 5. The Court then distinguished the North Carolina cases that Plaintiffs cited as only supporting that such allegations of reliance are *adequate to state a claim*. *See id.* at 5-6. Further, the "Court f[ound] that Ms. O'Neal's reliance cannot be inferred circumstantially." *Id*. at 6. In making its "determina[ation] that a reasonable jury *could not infer* that Ms. O'Neal relied on FCA's statements or omissions when deciding to purchase her vehicle," the Court rejected Plaintiffs' "commonsense proposition" that assumed "no purchaser would pay full price for a vehicle with a defect". *Id*. at 7

(emphasis added). Finally, and importantly, the Court considered the viability of the *Zantac* claims of the Tagalong States, despite O'Neal's inability to represent a class under North Carolina law. *See id*. at 8. It rejected that the "*Zantac* claim" classes could stand. *See id*.

Plaintiffs' Motion recharacterizes the Court's Order and deems the *Zantac* claims as sustained and viable classes that warrant allowing Plaintiffs to attempt to locate a new named plaintiff in a Tagalong State. Plaintiffs' Motion ignores the grounds that allowed the *Supplement to the Second Amended Consolidated Class Action Complaint* to introduce common law fraud claims under the laws of the new Tagalong States, as they were states that were "headless" and no named plaintiff had purchased a relevant vehicle. **D.E. 4521** (the "Supplement"). In the Supplement, the named Plaintiffs insisted that they were not asserting those claims on their own behalf. Rather, they stated the purpose of the Supplement was "to include allegations permitting the named Plaintiffs to represent, through a subsequent motion for class certification, absent class members whose claims fall under different states' laws." *Id.* at 1. That's it.

Here, class certification of the Tagalong States moored by O'Neal under North Carolina law was rejected. *See* Order Decertifying FCA Classes. When the Court granted Plaintiffs' Motion for Reconsideration of the Court's previous ruling that "[a] named plaintiff lacks standing to assert legal claims on behalf of a putative class pursuant to state law under which the named plaintiff's own claims do not arise" (**D.E. 4476** at 12 **(**citing D.E. 975 at 7)), the Court allowed Plaintiffs' filing the Supplement solely to "represent[] consumers who purchased vehicles in different states than the states of the named Plaintiffs" (**D.E. 4504**). Pursuant to the Supplement and the grounds for its filing, when O'Neal's representative capacity was rejected, as the sole remaining named plaintiff who could represent the Tagalong States' *Zantac* claims, those claims extinguished.

## II. This Court Should Not "Recertify" the Tagalong State Classes to Facilitate a Search For a New Named Plaintiff.

Despite that Plaintiffs' attempts to keep the Tagalong States' *Zantac* claims were denied (*see* Order Decertifying FCA Classes at 9), Plaintiffs' Motion renews that request by asking the Court "undo" its de-certification of the North Carolina and Tagalong State classes and grant an additional 45-days to provide notice and find new class representatives in the Tagalong States to intervene or substitute as a named plaintiff (*see* Plaintiffs' Motion). Plaintiffs' last attempt to retain any class of purchasers by urging the Court to deem the unmoored and erroneously certified classes of FCA vehicle purchasers in the Tagalong States separate and apart from the sole remaining

named Plaintiff that "hail[ed from a state]…where reliance is an individual issue" was rejected and it should be again. Order Decertifying FCA Classes at 9.

First, the authority for Plaintiffs' Motion is inapposite. Second, allowing the request will disrupt the current state of case to provide FCA with its procedural and discovery rights to ascertain whether each such proposed new named plaintiff can satisfy their Tagalong State fraud and/or consumer fraud-based claims. Finally, given the pendency of summary judgment motions as to those states' laws, such efforts might be futile. Plaintiffs' suggestion should be rejected.

A. Erroneously certified, purchasers in the Tagalong States never shared a "legal status separate from that of the Named Plaintiff."

As grounds for their extraordinary relief, Plaintiffs urge that recertifying the classes of purchasers of FCA vehicles in the Tagalong States through a new "class member from one of the four remaining states [being allowed] to intervene or be substituted as the class representative" is supported by "the Supreme Court's recognition that, 'once certified, a class acquires a legal status separate from that of the named plaintiffs.'" Plaintiffs' Motion at 2, 4-5 (quoting *Birmingham Steel Corp. v. Tennessee Valley Auth.*, 353 F.3d 1331, 1366 (11th Cir. 2003) (citing *Sosna v. Iowa,* 419 U.S. 393, 399 (1975)). Plaintiffs argue that the Eleventh Circuit precedent in *Birmingham Steel* applies here. *See id*. It does not.

1. *Upon reconsideration and denial of certification, the Tagalong State classes never had any live claims.*

First, Plaintiffs' invocation of *Birmingham Steel* ignores that this Court held that North Carolina law precludes any North Carolina named plaintiff from maintaining or representing any classes of common law fraud or consumer fraud purchasers against FCA, because of the individualized inquiry related to the element of reliance that cannot be presumed on a class-wide basis in order to satisfy predominance under Rule 23(b)(3). *See* Order Decertifying FCA Classes. By contrast, *Birmingham Steel*'s holding stands for the distinguishable proposition that when a class is *properly* certified under a named plaintiff who can no longer represent the class due to a "procedural defect" – Birmingham Steel's inadequacy arose upon filing bankruptcy expressly which did not fit within the class's definition – decertification was improper without first allowing the Plaintiffs an opportunity to replace that named plaintiff. As the Eleventh Circuit explained:

> We conclude that the district court abused its discretion by decertifying the class without permitting class counsel reasonable time to determine whether a new class representative could be substituted. We therefore remand the case to the district

> court for the purpose of allowing a reasonable period of time for another member of the class to offer itself as the class representative.
>
> …
>
> [A]bsent some special circumstance that would take this case out of the reach of the holding in *Lynch*, the latter case would indicate that the district court here erred by not giving counsel an opportunity to seek a new named plaintiff.

*Birmingham Steel Corp.*, 353 F.3d at 1339.

Similarly inapplicable, the holding in *Lynch* related to a class of involuntarily civilly committed persons certified under an Alabama statute that the district court held violated those involuntarily committed persons' due process rights, but despite that statute's subsequent repeal and replacement by new legislation, emergency detention provisions in the new law kept a subset of the original class's claims "alive." *Lynch v. Baxley*, 651 F.2d 387, 388 (5th Cir. 1981). Taking guidance from the Supreme Court's holding in *Kremens v. Bartley*, 431 U.S. 119 (1977), the former Fifth Circuit held that when the district court dismissed the entire case based on an assumption that none of the original class's members would have had standing for the a new class under the new law, it erred "without giving members of the original class with live claims an opportunity to 'become plaintiffs by amendment of the complaint or by intervention and thereby save the subclass action.'" *Id*. (quoting *Johnson v. American Credit Co. of Ga.*, 581 F.2d 526, 533 n.13 (5th Cir. 1978) and citing 7A, C. Wright & A. Miller, FED. PRAC. & PROCED., s 1790.)

Here, O'Neal did not suffer from any mere "procedural defect." She hails from a state where *no class can be certified* because of the individualized inquiry that is required to prove reliance, a requisite element of fraud under North Carolina law. *See* Order Decertifying FCA Classes at 5-9. As has been the holding from this Court throughout the class certification phase in this MDL, when a named Plaintiff hails from a state where no presumption or inference of reliance is allowed, no class can stand in that state or in any Tagalong States. *See* Order Decertifying FCA Classes at 8; *accord* **D.E. 4897** at 8; *see also* **D.E. 4688** at 6-7 (rejecting Georgia plaintiff-based representation of classes, including of *Zantac* claims in Tagalong States); Accordingly, there is no class claim – whether under North Carolina law or for *Zantac* claims under the Tagalong States' laws – that was ever "alive" to salvage. *See* Order Decertifying FCA Classes at 8-9. These results foreclose *Birmingham Steel*'s and *Lynch*'s applicability here.

2. *Unlike in Birmingham Steel, the decertified FCA classes were not provided class notice.*

In *Birmingham Steel*, a key factor in the Eleventh Circuit's analysis was that the unnamed class members were already on notice of their rights as members of the class to be decertified. *Birmingham Steel Corp.*, 353 F.3d at 1333 (reflecting the notice sent to potential class members explicitly excluded bankrupt class claims from the class if they were in bankruptcy). Here, no notice to Plaintiffs has been implemented in accordance with due process to absent members of the erroneously certified classes in North Carolina and the Tagalong States. On May 28, 2024, FCA provided Plaintiffs with FCA's Confidential – Subject to the Court's Protective Order "preliminary tranche of Class List Data" based on the Court's August 23, 2023 Order Narrowing Plaintiffs' Certified Fraud Class to Exclude Georgia Purchasers. **D.E. 4688**.

The Eleventh Circuit recognized the resultant impact from the lack of notice to absentee class members:

> Absentee class members will generally have had no knowledge of the suit until they receive the initial class notice. This will be their primary, if not exclusive, source of information for deciding how to exercise their rights under [R]ule 23.... Not only must the substantive claims be adequately described but the notice must also contain information reasonably necessary to make a decision to remain a class member and be bound by the final judgment or opt out of the action.

*Twigg v. Sears, Roebuck & Co.*, 153 F.3d 1222, 1227–28 (11th Cir. 1998) (quoting *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1103–05 (5th Cir.1977)).

Accordingly, contrary to the concerns implicated by the holding in *Birmingham Steel*, no absent FCA common law fraud or consumer fraud class members in the decertified Tagalong States are "aware" of any class claim against FCA, let alone one that should never have been certified in the first place as acknowledged by this Court's inquiry and its August 31, 2026 Order. *See* Order Decertifying FCA Classes.

3. *Unlike in Birmingham Steel and Lynch, after reconsideration and denial of class certification, the Court should reject attempting to name new plaintiffs to best serve the "efficient administration of justice."*

Plaintiffs' Motion argues that "allow[ing] a class member to intervene serves the interests of justice." Plaintiffs' Motion at 6. However, since "[t]he claims of the Colorado, Utah, West Virginia, and Wisconsin purchasers" should never have been certified (and are now decertified) and no class members were ever provided notice of the erroneous certification, the interests of

justice are, in fact, only met so long as the Court's Order Decertifying FCA Classes remains consistent with its MBUSA reconsideration ruling. *See* **D.E. 4897**. Further, contrary to Plaintiffs' assertion, this Court cannot reach whether each of the Tagalong States' laws allow for class-wide inferences or presumptions of reliance since they are unmoored from a named Plaintiff. *See* Order Decertifying FCA Classes at 8.

Thus, the interests of justice would be in fact frustrated if this Court were to "reconsider" its reconsideration, allow new parties to intervene or substitute, reopen discovery so the parties can ascertain whether newly introduced plaintiffs can adequately support the claims asserted in the Second Amended Complaint, and reargue and await ruling on class certification, among the myriad complications arising therefrom. *See* Plaintiffs' Motion at 6-7. Moreover, granting Plaintiffs the extraordinary relief they seek in the absence of a ruling on FCA's pending Motion for Summary Judgment, may well bar Plaintiffs' pursuit of their remaining claims under the laws of the states of the remaining named Plaintiffs and/or the laws of the Tagalong States, through a finding that they lack any injury or cognizable damages after FCA's recall remedy, offering or repairing their FCA vehicles' non-desiccated airbags for free.[1]

## III. Without a North Carolina named plaintiff as class representative, Plaintiffs' Supplemental claims for purchasers in the Tagalong States should instead be dismissed.

In granting partial reconsideration of the Court's ruling on summary judgment, the Court's December 21, 2022 Order revisited its March 11, 2016 Order (cited as D.E. 243) "[c]onsistent with *In re Zantac (Ranitidine) Prod Liab. Litig*." and allowed the named Plaintiffs to represent consumers who purchased vehicles in different states than the states of the named Plaintiffs." **D.E. 4504** (citing *In re Zantac*, Case No. 21-10335, 2022 WL 16729170 (11th Cir. Nov. 7, 2022).) Contrary to the premise of Plaintiffs' Motion, they never obtained carte blanche authority to find new named plaintiffs in any of the Tagalong States when the Court granted reconsideration of its earlier ruling with respect to standing. **D.E. 4504**. Instead, the only relief granted was that:

> the Court GRANTS Plaintiffs' motion to reconsider its prior ruling prohibiting [named] Plaintiffs from ***representing consumers*** who purchased vehicles in

[1] *Cf. Birmingham Steel Corp*., 353 F.3d at 1342 (decertification occurring after "discovery had been completed, numerous pretrial motions had been resolved, and the case was ready for trial"); and *Lynch*, 651 F.2d at 388 (decertification occurring after "[d]iscovery was carried out ... [and a] stipulation was entered into covering the evidence and the case submitted for decision on the evidence and briefs.)

different states than the states of the named Plaintiff.

*Id*. at 1. It did not create standing for any "new" plaintiffs hailing from the Tagalong States that might later be identified. In fact, upon the Court's subsequent denial of FCA's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiffs' Supplement to Second Amended Complaint (**D.E. 4643**), any ***named Plaintiff's*** assertion of representative standing for classes of purchasers in states that are not the state in which they reside and purchased their FCA class vehicle and that ***do not have a named Plaintiff to assert representative standing for that state***, would become an issue to be decided during class certification under Fed. R. Civ. P. 23.[2] By virtue of the Court's Order Decertifying FCA Classes, as well as all the Court's previous Orders narrowing classes, that issue has been decided and the *Zantac* class claims in the Tagalong States have been decertified. *See* Order Decertifying FCA Classes; *accord* **D.E. 4688** at 6-7 and **D.E. 4897** at 8. Accordingly, the Court should follow the same course of action as it did with respect to the Tagalong States classes after decertification as to MBUSA: dismissal of the *Zantac* claims. *See* **D.E. 4920**; **D.E. 4928**.

The Court's Order Decertifying FCA Classes granted FCA's Motion to Alter or Amend and rectified the Court's previous error of certification of North Carolina representative based claims, including the *Zantac* claims of the Tagalong States. Plaintiffs' Motion seeks to upend that finality. To maintain consistency in this Court's rulings in this MDL, the claims of the Tagalong States should remain decertified and be dismissed. *See* Order Decertifying FCA Classes; *accord* **D.E. 4928**.

## CONCLUSION

For the foregoing reasons and those set forth in FCA's Response to Plaintiffs' Memorandum on Class Certification, Plaintiffs' Motion to Alter or Amend should be denied, and grant FCA such other relief as this Court deems appropriate.

---

[2] In *In re Zantac*, the Court stated that "all circuits which have addressed whether a plaintiff can represent unnamed class members whose claims fall under different states' laws have concluded that it is a question that concerns Rule 12(b)(6) or Rule 23—not Article III." 2022 WL 16729170 at *6. Going further, the Eleventh Circuit Panel noted "[a] leading class action treatise is of the same view" *Id*. (citing William B. Rubenstein, 1 NEWBERG ON CLASS ACTIONS § 2:6 (5th ed. & Dec. 2021 update) which stated "when a class plaintiff shows individual standing, the court should proceed to Rule 23 criteria to determine whether, and to what extent, the plaintiff may serve in a representative capacity on behalf of the class.").

Dated: September 9, 2026

Respectfully submitted,

By: *<u>/s/ Scott M. Sarason</u>*

Scott M. Sarason
Florida Bar No. 0394718
ssarason@rumberger.com
RUMBERGER KIRK & CALDWELL
Brickell City Tower, Suite 3000
80 Southwest 8th Street
Miami, Florida 33130
Tel: (305) 995-5422
Fax: (786) 536-3446

By: *<u>/s/ Daniel T. Graham</u>*

Daniel T. Graham (*pro hac vice*)
dgraham@clarkhill.com
Paul C. Do *(pro hac vice)*
pdo@clarkhill.com
Jeffrey M. Sniadanko (*pro hac vice*)
jsniadanko@clarkhill.com
CLARK HILL PLC
130 E. Randolph Street, Suite 3900
Chicago, Illinois 60601
Tel: (312) 985-5945 (Graham)
Fax: (312) 985-5954 (Graham)

*Attorneys for FCA US LLC*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 9, 2026, a true and correct copy of the foregoing was filed via CM/ECF and served on all counsel of record via electronic notices generated by CM/ECF on September 9, 2026.

By: *<u>/s/ Scott M. Sarason</u>*