**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

| | |
|---|---|
| **IN RE: TAKATA AIRBAG PRODUCT LIABILITY LITIGATION** | MDL No. 2599 |
| | Master File No. 15-MD-02599-MORENO |
| This Document Relates to FCA US LLC | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO ALTER OR AMEND ORDER DECERTIFYING THE MULTISTATE FRAUD CLASS**

Plaintiffs respectfully request that this Court adhere to the Eleventh Circuit's controlling decision in *Birmingham Steel Corp. v. Tennessee Valley Authority*, 353 F.3d 1331 (11th Cir. 2003). Plaintiffs' motion to alter or amend the August 31 Order (ECF No. 4935) seeks the same limited relief that the Eleventh Circuit required in *Birmingham Steel*: a reasonable opportunity to replace an inadequate representative before decertifying a class that was certified for almost three years.

In response (ECF No. 4937), FCA focusses on this Court's determination that Laquintha O'Neal cannot adequately represent the narrowed class. But Plaintiffs' motion does not challenge that ruling. That adequacy determination is precisely what triggers *Birmingham Steel* and gives rise to Plaintiffs' request for forty-five days from the Court's resolution of this motion to find a qualified substitute class representative for purchasers in Colorado, Utah, West Virginia, and Wisconsin. Neither this Court nor the Eleventh Circuit, in twice rejecting FCA's interlocutory appeals, has ever questioned the prior rulings in this MDL that Colorado, Utah, West Virginia, and Wisconsin law permit a class-wide presumption of reliance, and that all other requirements of class certification under Rule 23—except for an adequate class representative, now that Ms. O'Neal has been deemed inadequate—are satisfied. So, the narrowed class's claims can proceed if an adequate class representative steps forward.

This is precisely the scenario that the Eleventh Circuit addressed in *Birmingham Steel*, 353 F.3d at 1331. FCA offers no principled distinction of *Birmingham Steel*. Instead, it recites irrelevant facts from the case that played no role in the court's decision, which itself applied a longstanding precedent from the former Fifth Circuit, *Lynch v. Baxley*, 651 F.2d 387 (5th Cir. 1981). Nor, tellingly, does FCA defend the decertification Order's stated rationale for denying Plaintiffs a reasonable amount of time to find a substitute class representative: that seventy-three days had elapsed since Plaintiffs briefed the adequacy of Ms. O'Neal in light of this Court's reconsideration of North Carolina law. That is presumably because *Birmingham Steel* forecloses such a rationale. Immediate decertification in these circumstances, without a reasonable opportunity to find a replacement class representative, is contrary to binding precedent. The Court, therefore, should grant Plaintiffs' motion.

## I. FCA Mischaracterizes The Court's August 31 Order.

FCA's lead argument in opposition mischaracterizes the August 31 Order. FCA contends that the Order "[r]esolved" the claims of purchasers in Colorado, Utah, West Virginia, and Wisconsin. (ECF No. 4937 at 2.) But that never happened. Rather, the Court held that North Carolina law does not permit a class-wide presumption of reliance and therefore excluded North Carolina purchasers. (ECF No. 4933 at 3–5.) As to the other four states, the Court identified the disputed issue as whether the class could remain certified with Ms. O'Neal as its representative. (*Id.* at 3–4.) Its conclusion was clear: "Ms. O'Neal is not an adequate representative for the unnamed class members hailing from Colorado, Utah, West Virginia, and Wisconsin. Accordingly, the multistate fraud class is decertified." (*Id.* at 9.) The Court never reached the merits of the unnamed class members' claims. It decided the adequacy of Ms. O'Neal as the class representative, nothing more.

Unsurprisingly, FCA cites no authority for the proposition that as soon as this Court reconsidered Ms. O'Neal's adequacy as the class representative, the claims of unnamed class members in Colorado, Utah, West Virginia, and Wisconsin were "extinguished." (ECF No. 4937.) That is because the proposition is contrary to the law. As the Eleventh Circuit recognized in *Birmingham Steel*, "once certified, a class acquires a legal status separate from that of the named plaintiffs." 353 F.3d at 1336 (citing *Sosna v. Iowa*, 419 U.S. 393, 399 (1975)). Even without Ms. O'Neal, the case "remains very much alive for the class of persons she ha[d] been certified to represent." *Sosna*, 419 U.S. at 401. FCA's observation that there is no longer a plaintiff named in the complaint to represent the live claims of the class (ECF No. 4937 at 2-3) simply restates the Court's adequacy determination, which Plaintiffs have not sought to relitigate, and is what happens whenever a court finds a representative in a previously certified class to be inadequate. Indeed, it is no different than what occurred in *Birmingham Steel*, 353 F.3d at 1336, and gave rise to a request to find a substitute class representative that the Eleventh Circuit held must be granted.

## II. *Birmingham Steel* Governs Here.

FCA offers no valid reason to distinguish *Birmingham Steel*. It first dismisses the class representative's bankruptcy in *Birmingham Steel*, which took the plaintiff out of the class and made it an inadequate representative, 353 F.3d at 1333–35, as a "procedural defect" and contrasts it with the North Carolina reliance ruling here, which likewise removed Ms. O'Neal and North Carolina purchasers from the class and made Ms. O'Neal an inadequate class representative. (ECF No. 4937 at 4–5.) But *Lynch*, upon which *Birmingham Steel* relied, confirms that the governing principle is not limited to FCA's made-up category of "procedural" defects. In *Lynch*, intervening legislation narrowed the class and left the existing representatives without standing. 651 F.2d at 387–88. The former Fifth Circuit still required time for an adequate representative with standing

to intervene on behalf of the narrowed class whose claims remained alive. *Id.* at 388–89. *Birmingham Steel* treated that decision as "the most apt guidance" even though bankruptcy and a post-certification change in the law are dissimilar inadequacy-causing events. 353 F.3d at 1339.

Neither *Birmingham Steel* nor *Lynch* suggests that the requirement to provide the class with an opportunity to find a substitute depends on the reason why a class representative becomes inadequate. The governing principle connecting *Birmingham Steel* and *Lynch* is that disqualifying the existing representative as inadequate does not resolve or preclude certification of the claims of the remaining class members, who must be given an opportunity to substitute an adequate representative. The pertinent inquiry is whether the defect that threatens decertification concerns the existing representative or forecloses the possibility of certifying and proceeding with the remaining class's claims regardless of who represents it. FCA identifies no reason why the claims of Colorado, Utah, West Virginia, and Wisconsin purchasers necessarily fail with Ms. O'Neal's representative capacity, nor can it. This Court has already ruled that all other requirements of Rule 23 are met and that the laws of Colorado, Utah, West Virginia, and Wisconsin all permit a class-wide presumption of reliance (ECF No. 4688 at 7 & n.2), so purchasers in those states need not face the reliance obstacle that made Ms. O'Neal inadequate.

Likewise, FCA's contention that the claims of purchasers in Colorado, Utah, West Virginia, and Wisconsin were never "alive" because the class was "erroneously certified" (ECF No. 4937 at 4–5) assumes the very consequence *Birmingham Steel* rejects. The August 31 Order acknowledges that the multistate class had been certified. (ECF No. 4933 at 1.) The Court's later adequacy determination does not magically mean that the other states' substantive claims never existed. FCA argues that the Court "cannot reach whether each of the Tagalong States' laws allow for class-wide inferences or presumptions of reliance" without a representative. (ECF No. 4937 at

7.) But that argument supplies no basis for preventing the class from finding a substitute representative in the first place.

Nor does FCA's observation that the class has already been decertified foreclose relief. (ECF No. 4937 at 1–3.) In *Birmingham Steel*, counsel filed a motion to alter or amend six days after decertification, just like Plaintiffs did here, accepting the ruling on the representative's inadequacy and asking that decertification be delayed so absent members could offer a substitute. 353 F.3d at 1335. The Eleventh Circuit vacated the decertification order and directed the district court to provide the class an opportunity to find another representative. *Id.* at 1343. Plaintiffs seek the same relief here.

FCA is also incorrect in contending that notice to class members was a "key factor" in *Birmingham Steel*. (ECF No. 4937 at 6.) The cited passage describes the notice's exclusion of bankrupt companies, which explained why Birmingham Steel ceased to qualify as a class member. 353 F.3d at 1333. The court did not make prior receipt of certification notice a condition of the right to a reasonable substitution opportunity. Its analysis rests on the class's separate legal status, the continued existence of absent members' claims, and the judicial work that immediate decertification would waste. *Id.* at 1336, 1339, 1342.

The opinion also separates the responsibility for giving notice from the question whether counsel must receive time to find a substitute. *Id.* at 1339. After explaining that notice of recruiting a replacement generally is counsel's task rather than the court's, it turns to the "central dispute" over a reasonable substitution period and resolves that issue by applying *Lynch*, without mentioning notice as a factor in its analysis. *Id.* at 1339.

FCA's position finds no support in *Twigg v. Sears, Roebuck & Co.*, 153 F.3d 1222, 1227–28 (11th Cir. 1998), either. The quoted excerpt from *Twigg* simply identifies the information that

a Court-directed notice must contain for class members to make informed opt-out decisions. (ECF No. 4937 at 6.) It supplies no rule allowing immediate decertification for inadequacy merely because initial notice has not issued. If anything, both *Birmingham Steel*, 353 F.3d at 1339, and *Twigg*, 153 F.3d at 1227–28, reinforce that notice to the class is a process that the Court directs, as Rule 23(c)(2) provides.

In addition, FCA's position is inconsistent with Supreme Court and Eleventh Circuit precedent identifying an order granting class certification, not class notice, as the key procedural event vesting a class with legal status. In *Sosna*, the Supreme Court held that "[w]hen the District Court certified the propriety of the class action, the class of unnamed persons described in the certification acquired a legal status separate from the interest asserted by [the named plaintiff]." 419 U.S. at 399. And in *In re Checking Account Overdraft Litig.*, 780 F.3d 1031 (11th Cir. 2015), the Eleventh Circuit held that "[c]ertification of a class is the critical act which reifies the unnamed class members and, critically, renders them subject to the court's power." *Id.* at 1037. This controlling authority forecloses FCA's effort to distinguish *Birmingham Steel* on notice grounds.

FCA's concerns about discovery and delay fare no better. (ECF No. 4937 at 3–4, 7.) *Birmingham Steel* involved an imminent trial that had been specially set for more than a year; counsel specifically warned that substitution would require discovery and postpone the trial. 353 F.3d at 1333–34, 1342. Even under those circumstances, the Eleventh Circuit held that the completed discovery and pretrial proceedings favored preserving the class through a reasonable period to find a substitute representative. *Id.* at 1342. *Lynch* likewise emphasized the waste of two years of discovery if a qualified representative received no opportunity to enter. 651 F.2d at 388 n.1. The substantial proceedings already completed here, stretching back a decade, support the same result.

Of course, FCA will have its opportunity to examine any proposed representative and challenge that person's claims under Rule 23. Plaintiffs' request is for forty-five days from the Court's resolution of this motion to identify a substitute and seek intervention or substitution, not to automatically deem an unidentified person adequate. Nor are FCA's pending summary-judgment arguments (ECF No. 4937 at 7), which in either event should be rejected, relevant to this class-certification issue. *See Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 457 (2016) ("When, as here, the concern about the proposed class is not that it exhibits some fatal dissimilarity but, rather, a fatal similarity—[an alleged] failure of proof as to an element of the plaintiffs' cause of action—courts should engage that question as a matter of summary judgment, not class certification.") (quotation marks omitted).

Finally, FCA's request to dismiss the remaining states' claims simply repeats its inaccurate contention that those claims ceased to exist when Ms. O'Neal was disqualified. (ECF No. 4937 at 2, 7–8.) *Birmingham Steel* and *Lynch* require an opportunity to address that absence of a representative. A purchaser seeking to intervene would have to establish that purchaser's own standing and qualifications. And an unchallenged dismissal in the MBUSA track, which FCA itself describes as without prejudice, does not establish a basis for the contested dismissal FCA requests here. Consistency in excluding North Carolina purchasers and disqualifying North Carolina representatives does not require denying the remaining FCA class the substitution procedure compelled by binding precedent.

## III. FCA Does Not Defend The Rationale Of The August 31 Order.

The August 31 Order declined to provide the class additional time to find a substitute class representative because Plaintiffs asked for 60 days to conduct a search, *if* the Court determined that Ms. O'Neal was inadequate, and 73 days had elapsed since Plaintiffs filed their brief, as

directed by the Court's prior Order. (ECF No. 4933 at 9.) FCA makes no effort to defend this rationale, presumably because it is inconsistent with *Birmingham Steel*.

In *Birmingham Steel*, class counsel defended the adequacy of the existing representative, questioned whether another member would volunteer, and warned that substitution would require discovery and delay trial. 353 F.3d at 1334. Counsel nevertheless stated at the hearing that, if the court found the representative inadequate, a reasonable substitution period was required, just as Plaintiffs requested here. *Id.* The district court later decertified the class, emphasizing that no motion to substitute had been filed, and denied the ensuing motion to alter or amend on the same basis. *Id.* at 1334–35.

The Eleventh Circuit vacated that decision. Defending the adequacy of the existing representative while conditionally requesting time for substitution did not forfeit the requested opportunity to find a substitute once the court ruled on adequacy. *Id.* at 1341–42. The court acknowledged that searching for a replacement while litigating adequacy might have saved the trial date, yet still required a substitution period. *Id.* at 1342 & n.9. Thus, the possibility that counsel could have proceeded earlier did not establish that counsel had already received the reasonable opportunity the circumstances and law required.

The same reasoning applies here. Plaintiffs expressly requested time to find a substitute representative in the alternative in their June 19 memorandum, repeated the request in their response to FCA's motion, and renewed it at the hearing. Until August 31, the Court had not decided that Ms. O'Neal could no longer represent the narrowed class. Counting the time spent awaiting that decision as the requested substitution period unfairly converts a conditional request into a deadline the Court never imposed.

## <u>Conclusion</u>

Plaintiffs respectfully request that the Court alter or amend the August 31 Order to defer decertification for forty-five days from the date of the Order resolving this motion, allowing Class Counsel to notify members in Colorado, Utah, West Virginia, and Wisconsin and seek intervention or substitution of a qualified representative. If no adequate representative appears within that period, the Court may again decertify the class, as *Birmingham Steel* directs. 353 F.3d at 1343.

Dated: September 11, 2026

Respectfully submitted,

**PODHURST ORSECK, P.A.**

*/s/ Matthew P. Weinshall*
Peter Prieto (FBN 501492)
Matthew P. Weinshall (FBN 84783)
2525 Ponce de Leon
Suite 700
Coral Gables, FL 33134
Phone: (305) 358-2800
Fax: (305) 358-2382
Email: pprieto@podhurst.com
mweinshall@podhurst.com

***Chair Lead Counsel for Plaintiffs***

| | |
|---|---|
| **COLSON HICKS EIDSON**<br>Lewis S. "Mike" Eidson<br>mike@colson.com<br>Curtis Bradley Miner<br>curt@colson.com<br>255 Alhambra Circle, PH<br>Coral Gables, FL 33134<br>T: 305-476-7400<br><br>*Plaintiffs' Personal Injury Track Lead Counsel* | **SMITH LACIEN LLP**<br>Todd A. Smith<br>tsmith@smithlacien.com<br>70 W Madison St Suite 5770,<br>Chicago, IL 60602<br>(312) 509-8900<br><br>*Plaintiffs' Economic Damages Track Co-Lead Counsel* |
| **BOIES, SCHILLER & FLEXNER LLP**<br>David Boies, Esq.<br>Motty Shulman (Fla Bar. No. 175056)<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br>Fax: (914) 749-8300<br>Email: dboies@bsfllp.com<br>mshulman@bsfllp.com<br><br>Stephen N. Zack (Fla. Bar No. 145215)<br>100 Southeast 2nd Street, Suite 2800<br>Miami, FL 33131<br>Tel: (305) 539-8400<br>Fax: (305) 539-1307<br>Email: szack@bsfllp.com<br>mheise@bsfllp.com<br><br>*Plaintiffs' Economic Damages Track Co-Lead Counsel* | **LIEFF CABRASER HEIMANN & BERNSTEIN LLP**<br>Elizabeth Cabraser<br>ecabraser@lchb.com<br>275 Battery St., Suite 3000<br>San Francisco, CA 94111-3339<br>T: 415-956-1000<br><br>David Stellings<br>250 Hudson Street, 8th Floor<br>New York, NY 10012<br>212-355-9500<br>dstellings@lchb.com<br><br>*Plaintiffs' Steering Committee* |

| | |
|---|---|
| **CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO, PC**<br>James E. Cecchi<br>jcecchi@carellabyrne.com<br>5 Becker Farm Road<br>Roseland, NJ 07068-1739<br>T: 973 994-1700<br>f: 973 994-1744<br><br>*Plaintiffs' Steering Committee* | **BARON & BUDD, PC**<br>Roland Tellis<br>rtellis@baronbudd.com<br>David Fernandes<br>dfernandes@bardonbudd.com<br>Mark Pifko<br>mpifko@baronbudd.com<br>15910 Ventura Blvd.,<br>Suite 1600<br>Encino, CA 91436<br>T: 818-839-2333<br><br>J. Burton LeBlanc<br>9015 Bluebonnet Blvd.<br>Baton Rouge, LA 70810<br>T: 225-761-6463<br><br>*Plaintiffs' Steering Committee* |